ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
  *edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
  *sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
  *bholly@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for DEFENDANT
CITY OF HESPERIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:19-cv-02298 JGB (KKx) |
| Plaintiff, | **DEFENDANT CITY OF HESPERIA'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **ROA: #1** |
| CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, | The Hon. Jesus B. Bernal |
| Defendants. | Trial Date:        N/A |

Defendant CITY OF HESPERIA ("Defendant" or "City") hereby responds to the allegations contained in the Complaint filed by Plaintiff UNITED STATES OF AMERICA ("Plaintiff") and each cause of action therein, solely on its own behalf, as follows:

## INTRODUCTION

1.    Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the Complaint calls for a legal

conclusion. The foregoing notwithstanding, Defendant admits that the statements of the second sentence of this paragraph regarding the procedural history prior to the filing of the Complaint are accurate.

2.     Defendant denies the allegations of paragraph 2 of the Complaint.

3.     Defendant denies the allegations of the first sentence of paragraph 3 of the Complaint to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendant admits the allegations of the second sentence of paragraph 3 of the Complaint, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendant denies the remaining allegations of paragraph 3 of the Complaint.

4.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 4 of the Complaint and on that basis denies those allegations.

5.     Defendant denies the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     Defendant alleges that 28 U.S.C. §§ 1131, 1345 and 42 U.S.C. §§3212(o), 3614(a) speak for themselves, and that to admit or deny the allegations of Paragraph 6 of the Complaint calls for a legal conclusion.  However, Defendant does not dispute that this Court has jurisdiction over this action.

7.     Defendant alleges that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 7 of the Complaint calls for a legal conclusion.  However, Defendant does not dispute that this action is properly venued in the Central District of California.

## DEFENDANTS

8.     Defendant admits the allegations of paragraph 8 of the Complaint.

9.     Defendant admits the allegations of paragraph 9 of the Complaint.

10.    Defendant admits the allegations of paragraph 10 of the Complaint.

11.     Defendant admits the allegations of paragraph 11 of the Complaint.

**FACTUAL ALLEGATIONS**

12.     Defendant admits the allegations of paragraph 12 of the Complaint.

13.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 13 of the Complaint and on that basis denies those allegations.

14.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 14 of the Complaint and on that basis denies those allegations.

15.     Defendant admits the allegations of paragraph 15 of the Complaint.

16.     Defendant admits the allegation of paragraph 16 of the Complaint in that the ordinance applied exclusively to rental properties.

      a.     Defendant admits the allegations of paragraph 16(a).

      b.     Defendant admits the allegations of paragraph 16(b).

      c.     Defendant admits the allegations of paragraph 16(c), except that the quoted language in the final sentence of paragraph 16(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

      d.     Defendant admits the allegations of paragraph 16(d).

      e.     Defendant admits the allegations of paragraph 16(e) in that the ordinance required all rental properties in the City to undergo annual exterior inspections and provided for the alleged fees, but denies that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

17.     Defendant admits the allegations of the first sentence of paragraph 17 of the Complaint. Defendant denies the allegations of the second sentence of paragraph 17 of the Complaint because, while many provisions of the amended ordinance are similar

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A W

to and/or unchanged from the original ordinance, substantive changes to the ordinance were made. Defendant admits the allegations of the third sentence of paragraph 17 of the Complaint.

18.     Defendant denies the allegations of paragraph 18 of the Complaint.

19.     Defendant denies the allegations of paragraph 19 of the Complaint.

20.     Defendant denies the allegations of the first sentence of paragraph 20 of the Complaint. Defendant denies the allegations of the second sentence of paragraph 20 of the Complaint. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 20 of the Complaint and on that basis denies those allegations.

a.     Defendant admits the allegations of paragraph 20(a) of the Complaint because the quoted language is accurate, although it is excerpted and stripped of context.

b.     Defendant admits the allegations of paragraph 20(b) of the Complaint because the quoted language is accurate, although it is excerpted and stripped of context.

c.     Defendant admits the allegations of paragraph 20(c) of the Complaint because the quoted language is accurate, although it is excerpted and stripped of context.

d.     Defendant admits the allegations of paragraph 20(d) of the Complaint because the quoted language is accurate, although it is excerpted and stripped of context.

e.     Defendant admits the allegations of the first sentence of paragraph 20(e) of the Complaint. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second and third sentences of paragraph 20(e) of the complaint, and on that basis denies those allegations. The foregoing notwithstanding, Defendant admits that an individual did speak at a hearing on the

ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

21.     Defendant admits the allegations of paragraph 21 of the Complaint.

22.     Defendant denies the allegations of the first sentence of paragraph 22 of the Complaint. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 22 regarding the demographics of renters in the City and on that basis denies those allegations.

23.     Defendant denies the allegations of the first sentence of paragraph 23 of the Complaint. Defendant admits the allegations of the second sentence of paragraph 23 to the extent that the quoted language therein, stripped of further context, is accurate. Defendant admits the allegations of the third sentence of paragraph 23 to the extent that the quoted language therein, stripped of further context, is accurate.

24.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 24 of the Complaint and on that basis denies those allegations.

25.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 25 of the Complaint and on that basis denies those allegations. Defendant admits the allegations of the second sentence of paragraph 25 of the Complaint. Defendant admits the allegations of the third sentence paragraph 25 of the Complaint in that then-Captain Bentsen made a presentation before the City Council in which he provided data related to crime and rental housing. Defendant denies the allegations of the fourth sentence of paragraph 25 of the Complaint.

a.     Defendant admits the allegations of the first sentence of paragraph 25(a) of the Complaint. Defendant lacks sufficient information or belief to form a basis as to the truth of the allegations of the second sentence of paragraph 25(a) regarding the necessity of further information, and on that basis denies those allegations.

b.      Defendant admits the allegations of the first sentence of paragraph 25(b) of the Complaint inasmuch as Bentsen did provide statistical information regarding multiple response forms. Defendant admits the allegations of the second sentence of paragraph 25(b) of the Complaint. Defendant admits those allegations of the third sentence of paragraph 25(b) alleging that the presentation by Bentsen did not include data for multiple responses involving alarm calls, but lacks sufficient information or belief to form a basis as to the truth of the allegations regarding whether alarm calls typically occurred at homes. Defendant admits the allegations of the fourth sentence of paragraph 25(b) of the Complaint.

c.      Defendant admits the allegations of paragraph 25(c) of the Complaint.

26.      Defendant admits the allegations of the first sentence paragraph 26 of the Complaint in that the Sheriff's Department had an internal unit to enforce the ordinance. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 26 of the Complaint regarding the establishment of the aforementioned unit prior to the ordinance's being enacted, and on that basis denies those allegations. Defendant admits that the Sheriff's Department licensed "easy-tracking" software, but Defendant is informed and believes, and on that basis alleges, that the Sheriff's Department licensed the alleged software more than a year before the ordinance at issue in the Complaint was passed. Defendant lacks sufficient information or belief to form a basis as to the accuracy of the quoted language contained in the second sentence of paragraph 26 and on that basis denies those allegations.

27.      Defendant admits the allegations of paragraph 27 of the Complaint, inasmuch as the quoted language is accurate, although excerpted and stripped of context. However, Defendant denies the allegations of paragraph 27 that Bentsen made any representations regarding whether the acts described in the language quoted therein would warrant eviction.

ALESHIRE&
WYNDER LLP
ATTORNEYS AT LAW

A|W

28.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 28 of the Complaint at this time, and on that basis denies those allegations. The foregoing notwithstanding, Defendant admits the allegations of the second sentence of paragraph 28 only inasmuch as an individual did state that the ordinance was "trampling on civil rights" during a hearing on the matter.

29.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 29 of the Complaint at this time because Defendant is unable to locate the alleged letter, and on that basis denies those allegations. Defendant admits the allegations of the second sentence of paragraph 29, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendant denies the allegations of the third sentence of paragraph 29 of the Complaint because Plaintiff has altered the quoted language, and as such it is not accurate.

30.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 30 of the Complaint at this time, and on that basis denies those allegations. However, Defendant did locate the letter alleged in the second sentence of paragraph 30 of the Complaint, and therefore admits the allegations of the second sentence of paragraph 30 of the Complaint.

31.     Defendant admits the allegations of paragraph 31 of the Complaint.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A/W

32.     Defendant admits the allegations of the first sentence of paragraph 32 of the Complaint. Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 32 of the Complaint at this time, and on that basis denies those allegations.

33.     Defendant denies the allegations of the first sentence of paragraph 33 of the Complaint. Defendant admits the allegations of the second sentence of paragraph 33 of the Complaint. Defendant denies the allegations of the third sentence of paragraph 33 of the Complaint because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

34.     Defendant denies the allegations of the first sentence of paragraph 34 of the Complaint. Defendant denies the allegations of the second sentence of paragraph 34 of the Complaint. Defendant admits the allegations of the third sentence of paragraph 34, to the extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

35.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the Complaint at this time, and on that basis denies those allegations.

36.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 36 of the Complaint and on that basis deny those allegations.

37.     Defendant denies the allegations of the first sentence of paragraph 37 of the Complaint. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the remaining allegations of Paragraph 37 and on that basis denies those allegations.

38.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 38 of the Complaint and on that basis denies those allegations.

39.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 39 of the Complaint and on that basis denies those allegations.

40.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 40 of the Complaint and on that basis denies those allegations.

41.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 41 of the Complaint and on that basis denies those allegations.

42.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 42 of the Complaint at this time, and on that basis denies those allegations.

43.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 43 of the Complaint and on that basis deny those allegations.

44.     Paragraph 44 of the Complaint contains no factual allegations regarding any act or omission of Defendant. To the extent that a response to paragraph 44 is

1  required, Defendant lacks sufficient knowledge or information to form a basis as to the
2  truth of the allegations of Paragraph 44 and on that basis deny those allegations.

3       45.   Defendant denies the allegations of the first sentence of paragraph 45 of
4  the Complaint. Despite a good faith effort to review its records and provide substantive
5  responses to the allegations of the Complaint, many of the citations, documents, and
6  facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted
7  individuals and organizations are frequently left unnamed in the Complaint, and
8  Defendant therefore lacks sufficient knowledge or information to form a basis as to the
9  truth of the remaining allegations of paragraph 45 of the Complaint at this time, and on
10 that basis denies those allegations.

11      46.   Defendant denies the allegations of paragraph 46 of the Complaint.

12      47.   Defendant lacks sufficient knowledge or information to form a basis as to
13 the truth of the allegations of paragraph 47 of the Complaint  and on that basis denies
14 those allegations.

15      48.   Defendant lacks sufficient knowledge or information to form a basis as to
16 the truth of the allegations of paragraph 48 of the Complaint and on that basis denies
17 those allegations.

18      49.   Defendant lacks sufficient knowledge or information to form a basis as to
19 the truth of the allegations of paragraph 49 of the Complaint and on that basis denies
20 those allegations.

21      50.   Defendant lacks sufficient knowledge or information to form a basis as to
22 the truth of the allegations of paragraph 50 of the Complaint and on that basis denies
23 those allegations.

24      51.   Defendant lacks sufficient knowledge or information to form a basis as to
25 the truth of the allegations of paragraph 51 of the Complaint and on that basis denies
26 those allegations.

27      52.   Defendant denies the allegations of paragraph 52 of the Complaint.

28      53.   Defendant admits the allegations of paragraph 53 of the Complaint.

ALESHIRE&
WYNDER LLP
ATTORNEYS AT LAW

A W

54.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 54 of the Complaint and on that basis denies those allegations.

55.     Despite a good faith effort to review its records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the Complaint at this time, and on that basis denies those allegations.

56.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 56 of the Complaint and on that basis denies those allegations.

57.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the other allegations of Paragraph 57 of the Complaint and on that basis denies those allegations.

58.     Defendant denies the allegations of paragraph 58 of the Complaint.

59.     Defendant denies the allegations of paragraph 59 of the Complaint.

60.     Defendant denies the allegations of paragraph 60 of the Complaint.

61.     Defendant denies the allegations of paragraph 61 of the Complaint.

62.     Defendant admits the allegations of paragraph 62 of the Complaint.

63.     Defendant admits the allegations of paragraph 63 of the Complaint in that HUD completed an investigation and prepared a final investigative report, but Defendant is informed and believes that HUD did not engage in a good faith attempt at conciliation, and therefore denies that HUD truly attempted conciliation.

64.     Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 64 of the Complaint and on that basis deny those allegations.

65.     Defendant admits the allegations of paragraph 65 of the Complaint.

66.     Defendant admits the allegations of paragraph 66 of the Complaint.

67.     Defendant admits the allegations of paragraph 67 of the Complaint.

68.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 68 of the Complaint and on that basis deny those allegations.

69.     This paragraph 69 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

70.     Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 70 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, Defendant responds that Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 70 of the Complaint and on that basis deny those allegations.

71.     Defendant denies allegations of paragraph 71 of the Complaint.

72.     Defendant denies allegations of paragraph 72 of the Complaint.

73.     Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 73 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, Defendant denies the allegations of paragraph 73 of the Complaint.

74.     Defendant denies the allegations of paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

75.     Defendant alleges the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the Complaint. Defendant reserves the right to add affirmative defenses to those stated hereinafter to

1  the extent that discovery, disclosures, or other evidence in the case raises such as proper

2  defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint in this matter was brought by HUD in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

### THIRD AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's Complaint, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

### FOURTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendant is informed and believes that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Parties Liable)

Defendant alleges that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendant and their employee(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability)

Defendant alleges that the damages asserted in the Complaint were proximately caused and contributed to by persons and/or entities other than the answering Defendant and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendant, if any, should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (No Unlawful Custom, Policy, or Practice)

Defendant alleges that it does not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

Plaintiff's Complaint is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Direct Threat to Health and Safety)

Defendant alleges that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires

that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

### TWELFTH AFFIRMATIVE DEFENSE
### (No Malice, Intent, Willful, or Reckless Disregard)

Defendant alleges that it has not engaged in intentional discrimination and its actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Objectively Reasonable Effort at Conciliation)

Defendant alleges that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

### PRAYER

WHEREFORE, Defendant prays for judgment or relief against Plaintiff as follows:

1.    That the claims against Defendant be dismissed, with prejudice, and that the Plaintiff take nothing;

2.    That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3.    For such other and further relief as this Court deems just and proper.

1  DATED:  January 30, 2020          ALESHIRE & WYNDER, LLP
2                                     ERIC L. DUNN
                                      STEPHEN R. ONSTOT
3                                     BRADEN J. HOLLY
4
5
6                                     By: _____
7                                          STEPHEN R. ONSTOT
                                           Attorneys for CITY OF HESPERIA
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

The City of Hesperia hereby demands a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  January 30, 2020                    ALESHIRE & WYNDER, LLP
                                            ERIC L. DUNN
                                            STEPHEN R. ONSTOT
                                            BRADEN J. HOLLY


By: _____
        STEPHEN R. ONSTOT
        Attorneys for CITY OF HESPERIA

1

## <u>PROOF OF SERVICE</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2361 Rosecrans Ave., Suite 475, El Segundo, CA 90245.

5
6

On January 30, 2020, I served true copies of the following document(s) described as **DEFENDANT CITY OF HESPERIA'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

7

William P. Barr                                    Attorneys for Plaintiff United States
Attorney General                                 of America

8

Assistant Attorney General
Sameena Shina Majeed

9

Chief, Housing and Civil Enforcement
Section

10

R. Tamar Hagler (CA State Bar No.
189441)

11

Deputy Chief, Housing and Civil
Enforcement Section

12

Megan K. Whyte De Vasquez (DC Bar
No. 1000419)

13

Trial Attorney
        U.S. Department of Justice

14

        Civil Rights Division
        Housing and Civil Enforcement

15

Section
        950 Pennsylvania Ave., NW –

16

4CON
        Washington, D.C. 20530

17

        Telephone: (202) 514-4713
        Facsimile: (202) 514-1116

18

        Email:
Megal.Whyte.de.Vasquez@usdoj.gov

19

NICOLA T. HANNA

20

United Sates Attorney
DAVID M. HARRIS

21

Chief, Civil Division
KAREN P. RUCKERT (CA State Bar

22

No. 315798)
Chief, Civil Rights Section, Civil

23

Division
MATTHEW NICKELL (CA State Bar

24

No. 304828)
Assistant United States Attorney

25

        Federal Building, Suite 7516
        300 North Los Angeles Street

26

        Los Angeles, California 90012
        Telephone: (213) 894-8805

27

        Facsimile: (213) 894-7819
        E-mail:

28



01071.0047/628727.1

-1-

Case No. 5:19-cv-02298

DEFENDANT CITY OF HESPERIA'S ANSWER TO COMPLAINT

1    Matthew.Nickell@usdoj.gov
     Attorneys for Plaintiff
2    United States of America

3

4        **BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Based on a court order
     or an agreement of the parties to accept service by e-mail or electronic transmission, I
5    caused the document(s) to be sent from e-mail address ecf.cacd.uscourts.gov to the
     persons at the e-mail addresses listed above Service List.  I did not receive, within a
6    reasonable time after the transmission, any electronic message or other indication that
     the transmission was unsuccessful.

7

8        I declare under penalty of perjury under the laws of the United States of America
     that the foregoing is true and correct and that I am employed in the office of a member
     of the bar of this Court at whose direction the service was made.

9

10       Executed on January 30, 2020, at El Segundo, California.

11

12                                                  *Claire Evans*

13                                        _____
                                          Claire Z. Evans
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28