ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
  *edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
  *sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
  *bholly@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>  Defendants. | Case No. 5:19-cv-02298 JGB (KKx)<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br>**ROA#: 1**<br><br>The Hon. Jesus B. Bernal<br><br>Trial Date:    N/A |

Defendants COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT[1] ("Defendants") hereby respond to the allegations contained in the Complaint filed by PLAINTIFF UNITED STATES OF AMERICA ("Plaintiff") and each cause of action thereafter as follows:

/ / /

/ / /

---

[1] The Sheriff's Department is erroneously sued herein as a separate legal entity when, in fact, it is a department of the County of San Bernardino, a municipal corporation.

01071.0047/628735.1                                              Case No. 5:19-cv-02298

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT ANSWER TO COMPLAINT

## INTRODUCTION

1. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, the Defendants admit that the statements of the second sentence of this paragraph regarding the procedural history prior to the filing of the Complaint are accurate.

2. Defendants deny the allegations of paragraph 2 of the Complaint.

3. Defendants deny the allegations of the first sentence of paragraph 3 of the Complaint to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendants admit the allegations of the second sentence of paragraph 3 of the Complaint, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendants deny the remaining allegations of paragraph 3 of the Complaint.

4. Defendants deny the allegations of paragraph 4 of the Complaint.

5. Defendants deny the allegations of paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants allege that 28 U.S.C. §§ 1131, 1345 and 42 U.S.C. §§3212(o), 3614(a) speak for themselves, and that to admit or deny the allegations of Paragraph 6 of the Complaint calls for a legal conclusion. However, the Defendants do not dispute that this Court has jurisdiction over this action.

7. Defendants allege that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 7 of the Complaint calls for a legal conclusion. However, Defendants do not dispute that this action is properly venued in the Central District of California.

///

## DEFENDANTS

8. Defendants admit the allegations of paragraph 8 of the Complaint.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

## FACTUAL ALLEGATIONS

12. Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 13 of the Complaint and on that basis deny those allegations.

14. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 14 of the Complaint and on that basis deny those allegations.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegation of paragraph 16 of the Complaint in that the ordinance applied exclusively to rental properties.

    a. Defendants admit the allegations of paragraph 16(a).

    b. Defendants admit the allegations of paragraph 16(b).

    c. Defendants admit the allegations of paragraph 16(c), except that the quoted language in the final sentence of paragraph 16(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

    d. Defendants admit the allegations of paragraph 16(d).

    e. Defendants admit the allegations of paragraph 16(e) in that the ordinance required all rental properties in the City to undergo annual exterior

inspections and provided for the alleged fees, but deny that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

17. Defendants admit the allegations of the first sentence of paragraph 17 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 17 of the Complaint because, while many provisions of the ordinance are similar or unchanged, substantive changes to the ordinance were made. Defendants admit the allegations of the third sentence of paragraph 17 of the Complaint.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of the first sentence of paragraph 20 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 20 of the Complaint. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 20 of the Complaint and on that basis deny those allegations.

   a. Defendants admit the allegations of paragraph 20(a) of the Complaint, because the quoted language is accurate, although it is excerpted and stripped of context.

   b. Defendants admit the allegations of paragraph 20(b) of the Complaint, because the quoted language is accurate, although it is excerpted and stripped of context.

   c. Defendants admit the allegations of paragraph 20(c) of the Complaint, because the quoted language is accurate, although it is excerpted and stripped of context.

   d. Defendants admit the allegations of paragraph 20(d) of the Complaint, because the quoted language is accurate, although it is excerpted and stripped of context.

   e. Defendants admit the allegations of the first sentence of paragraph 20(e) of the Complaint. Defendants lacks sufficient knowledge or information to form a

basis as to the truth of the allegations of the second and third sentences of paragraph 20(e) of the complaint, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit that an individual did speak at a hearing on the ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants deny the allegations of the first sentence of paragraph 22 of the Complaint. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of Paragraph 22 regarding the demographics of renters in the City of Hesperia and on that basis deny those allegations.

23. Defendants deny the allegations of the first sentence of paragraph 23 of the Complaint. Defendants admit the allegations of the second sentence of paragraph 23 to the extent that the quoted language therein, stripped of further context, is accurate. Defendants admit the allegations of the third sentence of paragraph 23 to the extent that the quoted language therein, stripped of further context, is accurate.

24. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendants therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 24 of the Complaint at this time, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit that they provided support and resources to the City of Hesperia ("City") in the preparation and implementation of the ordinance inasmuch as the Sheriff's Department was contracted to provide police services to the City prior to the enactment of the ordinance.

25. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 25 of the Complaint and on that basis deny those allegations. Defendants admit the allegations of the second

sentence of paragraph 25 of the Complaint. Defendants admit the allegations of the third sentence paragraph 25 of the Complaint in that then-Captain Bentsen made a presentation before the City Council in which he provided data related to crime and rental housing. Defendants deny the allegations of the fourth sentence of paragraph 25 of the Complaint.

      a.    Defendants admit the allegations of the first sentence of paragraph 25(a) of the Complaint. Defendants lack sufficient information or belief to form a basis as to the truth of the allegations of the second sentence of paragraph 25(a) regarding the necessity of further information, and on that basis deny those allegations.

      b.    Defendants admit the allegations of the first sentence of paragraph 25(b) of the Complaint. Defendants admit the allegations of the second sentence of paragraph 25(b) of the Complaint. Defendants admit those allegations of the third sentence of paragraph 25(b) alleging that the presentation by Bentsen did not include data for multiple responses involving alarm calls, but lack sufficient information or belief to form a basis as to the truth of the allegations regarding whether alarm calls typically occurred at homes. Defendants admit the allegations of the fourth sentence of paragraph 25(b) of the Complaint.

      c.    Defendants admit the allegations of paragraph 25(c) of the Complaint.

26.    Defendants admit the allegations of the first sentence paragraph 26 of the Complaint in that the Sheriff's Department had an internal unit to enforce the ordinance. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 26 of the Complaint regarding the establishment of the aforementioned unit prior to the ordinance's being enacted, and on that basis deny those allegations. Defendants admit that the Sheriff's Department licensed "easy-tracking" software, but Defendants are informed and believes, and on that basis allege, that the Sheriff's Department licensed the alleged software more than a year before the ordinance at issue in the Complaint was passed.

27. Defendants admit the allegations of paragraph 27 of the Complaint, inasmuch as the quoted language is accurate, although excerpted and stripped of context. However, Defendants deny the allegations of paragraph 27 that Bentsen made any representations regarding whether the acts described in the language quoted therein would warrant eviction.

28. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 28 of the Complaint at this time, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit the allegations of the second sentence of paragraph 28 only inasmuch as an individual did state that the ordinance was "trampling on civil rights" during a hearing on the matter

29. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 29 of the Complaint at this time because Defendants are unable to locate the alleged letter, and on that basis deny those allegations. Defendants admit the allegations of the second sentence of paragraph 29, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendants deny the allegations of the third sentence of paragraph 29 of the Complaint because Plaintiff has altered the quoted language, and as such it is not accurate.

30. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the

allegations of paragraph 30 of the Complaint at this time, and on that basis deny those allegations. However, Defendants did locate the letter alleged in the second sentence of paragraph 30 of the Complaint, and therefore admit the allegations of the second sentence of paragraph 30 of the Complaint.

31. Defendants admit the allegations of paragraph 31 of the Complaint.

32. Defendants admit the allegations of the first sentence of paragraph 32 of the Complaint. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 32 of the Complaint regarding the composition of the internal unit tasked with enforcing the ordinance, but admit that there was an internal unit tasked with enforcing the ordinance.

33. Defendants deny the allegations of the first sentence of paragraph 33 of the Complaint. Defendants admit the allegations of the second sentence of paragraph 33 of the Complaint. Defendants deny the allegations of the third sentence of paragraph 33 of the Complaint because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

34. Defendants deny the allegations of the first sentence of paragraph 34 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 34 of the Complaint. Defendants admit the allegations of the third sentence of paragraph 34, to the extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

35. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the Complaint at this time, and on that basis deny those allegations.

1  36. Defendants admit the allegations of the first sentence of paragraph 36 of the Complaint in that the ordinance did not require a conviction or court judgment prior to a determination that a tenant should be evicted under the ordinance, but lacks sufficient information or belief to form a basis as to the truth of the allegation that the Sheriff's Department "routinely" determined tenants should be evicted, and on that basis denies those allegations. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 36 of the Complaint at this time, and on that basis deny those allegations.

37. Defendants deny the allegations of the first sentence of paragraph 37 of the Complaint. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 37 of the Complaint at this time, and on that basis deny those allegations.

38. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 38 of the Complaint at this time, and on that basis deny those allegations.

/ / /

39. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 39 of the Complaint at this time, and on that basis deny those allegations.

40. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 40 of the Complaint at this time, and on that basis deny those allegations.

41. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 41 of the Complaint at this time, and on that basis deny those allegations.

42. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 42 of the Complaint and on that basis deny those allegations.

43. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 43 of the Complaint and on that basis deny those allegations.

/ / /

44. Paragraph 44 of the Complaint contains no factual allegations regarding any act or omission of Defendants. To the extent that a response to paragraph 44 is required, Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 44 and on that basis deny those allegations.

45. Defendants deny the allegations of the first sentence of paragraph 45 of the Complaint. Defendants deny the allegations of the second sentence of paragraph 45 of the Complaint to the extent that it alleges the Sheriff's Department threatened any fines beyond those authorized by the ordinance. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 45 of the Complaint at this time, and on that basis deny those allegations.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants admit the allegations of paragraph 47 of the Complaint to the extent that the Sheriff's Department did track enforcement of the ordinance, but at this time Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegation regarding the number of tenants identified, and on that basis deny those allegations.

48. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 48 of the Complaint and on that basis deny those allegations.

49. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 49 of the Complaint and on that basis deny those allegations.

/ / /

/ / /

50. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 50 of the Complaint and on that basis deny those allegations.

51. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 51 of the Complaint and on that basis deny those allegations.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants admit the allegations of paragraph 53 of the Complaint.

54. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 54 of the Complaint at this time, and on that basis deny those allegations.

55. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the Complaint at this time, and on that basis deny those allegations.

56. Despite a good faith effort to review records and provide substantive responses to the allegations of the Complaint, many of the citations, documents, and facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted individuals and organizations are frequently left unnamed in the Complaint, and Defendants therefore lack sufficient knowledge or information to form a basis as to the

1  truth of the allegations of paragraph 56 of the Complaint at this time, and on that basis
2  deny those allegations.

3      57.    Despite a good faith effort to review records and provide substantive
4  responses to the allegations of the Complaint, many of the citations, documents, and
5  facts alleged in the Complaint relate back to late 2015 or early 2016, and quoted
6  individuals and organizations are frequently left unnamed in the Complaint, and
7  Defendants therefore lack sufficient knowledge or information to form a basis as to the
8  truth of the allegations of paragraph 57 of the Complaint at this time, and on that basis
9  deny those allegations.

10      58.    Defendants deny the allegations of paragraph 58 of the Complaint.
11      59.    Defendants deny the allegations of paragraph 59 of the Complaint.
12      60.    Defendants deny the allegations of paragraph 60 of the Complaint.
13      61.    Defendants deny the allegations of paragraph 61 of the Complaint.
14      62.    Defendants admit the allegations of paragraph 62 of the Complaint.
15      63.    Defendants admit the allegations of paragraph 63 of the Complaint in that
16  HUD completed an investigation and prepared a final investigative report, but
17  Defendants are informed and believe that HUD did not engage in a good faith attempt
18  at conciliation, and therefore deny that HUD truly attempted conciliation.

19      64.    Defendants lack sufficient knowledge or information to form a basis as to
20  the truth of the allegations of paragraph 64 of the Complaint and on that basis deny
21  those allegations.

22      65.    Defendants admit the allegations of paragraph 65 of the Complaint.
23      66.    Defendants admit the allegations of paragraph 66 of the Complaint.
24      67.    Defendants admit the allegations of paragraph 67 of the Complaint.
25      68.    Defendants lack sufficient knowledge or information to form a basis as to
26  the truth of the allegations of paragraph 68 of the Complaint and on that basis deny
27  those allegations.
28  / / /

69. This paragraph 69 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

70. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of paragraph 70 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, Defendants respond that Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 70 and on that basis deny those allegations.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 73 of the complaint calls for a legal conclusion. The foregoing notwithstanding, Defendants deny the allegations of paragraph 73 of the Complaint.

74. Defendants deny the allegations of paragraph 74 of the Complaint.

## AFFIRMATIVE DEFENSES

75. Defendants allege the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the Complaint. Defendants reserve the right to add affirmative defenses to those stated hereinafter to the extent that discovery, disclosures, or other evidence in the case raises such as proper defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint brought by HUD in this matter was brought in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

## THIRD AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's Complaint, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants are informed and believe that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Parties Liable)

Defendants allege that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendants and their employee(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability)

Defendants allege that the damages asserted in the Complaint were proximately caused and contributed to by persons and/or entities other than the answering Defendants and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendants, if any, should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

### (No Unlawful Custom, Policy, or Practice)

Defendants allege that they do not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (ResJudicata/Collateral Estoppel)

Plaintiff's Complaint is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Direct Threat to Health and Safety)

Defendants allege that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

## TWELFTH AFFIRMATIVE DEFENSE

### (No Malice, Intent, Willful, or Reckless Disregard)

Defendants allege that they have not engaged in intentional discrimination and their actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

///



## THIRTEENTH AFFIRMATIVE DEFENSE

## (No Objectively Reasonable Effort at Conciliation)

Defendants allege that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

## FOURTEENTH AFFIRMATIVE DEFENSE

## (Qualified/Discretionary Immunity)

Plaintiff's Complaint is barred, in whole or in part, by the qualified and discretionary immunities afforded Defendants' employees.

## PRAYER

WHEREFORE, Defendants pray for judgment or relief against Plaintiff as follows:

1. That the claims against Defendants be dismissed, with prejudice, and that the Plaintiff take nothing;

2. 2. That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3. For such other and further relief as this Court deems just and proper.

DATED: January 30, 2020     ALESHIRE & WYNDER, LLP
                            ERIC L. DUNN
                            STEPHEN R. ONSTOT
                            BRADEN J. HOLLY

                            By: _____
                            STEPHEN R. ONSTOT
                            Attorneys for COUNTY OF SAN
                            BERNARDINO, and SAN BERNARDINO
                            COUNTY SHERIFF'S DEPARTMENT

# DEMAND FOR JURY TRIAL

The County of San Bernardino and the San Bernardino County Sheriff's Department hereby demand a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 30, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY

By: _____
STEPHEN R. ONSTOT
Attorneys for CITY OF HESPERIA

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2361 Rosecrans Ave., Suite 475, El Segundo, CA 90245.

On January 30, 2020, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

| | |
|---|---|
| William P. Barr<br>Attorney General<br>Assistant Attorney General<br>Sameena Shina Majeed<br>Chief, Housing and Civil Enforcement Section<br>R. Tamar Hagler (CA State Bar No. 189441)<br>Deputy Chief, Housing and Civil Enforcement Section<br>Megan K. Whyte De Vasquez (DC Bar No. 1000419)<br>Trial Attorney<br>    U.S. Department of Justice<br>    Civil Rights Division<br>    Housing and Civil Enforcement Section<br>    950 Pennsylvania Ave., NW – 4CON<br>    Washington, D.C. 20530<br>    Telephone: (202) 514-4713<br>    Facsimile: (202) 514-1116<br>    Email: Megal.Whyte.de.Vasquez@usdoj.gov | Attorneys for Plaintiff United States of America |

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805

Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff
United States of America

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2020, at El Segundo, California.

*Claire Evans*

Claire Z. Evans