ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
Trial Attorneys
        U.S. Department of Justice
        Civil Rights Division
        Housing and Civil Enforcement Section
        950 Pennsylvania Ave. NW – 4CON
        Washington, D.C. 20530
        Telephone: (202) 514-4713
        Facsimile: (202) 514-1116
        Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
        Federal Building, Suite 7516
        300 North Los Angeles Street
        Los Angeles, California 90012
        Telephone: (213) 894-8805
        Facsimile: (213) 894-7819
        E-mail: Matthew.Nickell@usdoj.gov

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:19-cv-02298 AB (SPx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| CITY OF HESPERIA, et al. | Honorable Sheri Pym |
| Defendants. | United States Magistrate Judge |

01071.0047/647400.1

1    **1.      A. PURPOSES AND LIMITATIONS**

2         Discovery in this action is likely to involve production of information covered by

3    the Privacy Act, 5 U.S.C. § 552a ("the Privacy Act"), as well as other confidential or

4    private information for which special protection from public disclosure may be warranted.

5    Accordingly, the parties to this civil action hereby stipulate to and petition the Court to

6    enter the following Protective Order. This Stipulated Protective Order does not confer

7    blanket heightened treatment as "CONFIDENTIAL" Information on all disclosures or

8    responses to discovery, and the protection it affords from full public disclosure and use

9    extends only to the limited information or items that are entitled to heightened protection

10   under applicable legal principles. The parties further acknowledge, as set forth in Section

11   12.3 below, that this Stipulated Protective Order does not entitle anyone to file confidential

12   information under seal; Civil Local Rule 79-5 and Section 12.3 of this Order set forth the

13   procedures that must be followed and the standards that will be applied when a party seeks

14   permission from the Court to file material under seal. Nothing in this Stipulated Protective

15   Order supersedes other applicable regulatory and statutory obligations requiring disclosure

16   of information. Nor does this Stipulated Protective Order supersede Federal Rule of Civil

17   Procedure 5.2 or Civil Local Rule 5.2-1 (requiring redactions when filing material with

18   the Court): the parties must comply with those separate requirements notwithstanding, and

19   in addition to, compliance with this Stipulated Protective Order. Nothing in this Stipulated

20   Protective Order creates or expands rights or obligations under the Privacy Act.

21        **B. GOOD CAUSE STATEMENT**

22        This action, in which the United States is a party, is likely to involve some or all

23   of the following: (a) information protected by the Privacy Act; personally identifiable

24   information ("PII"), including names, residential addresses, Social Security numbers,

25   taxpayer identification numbers, and personal phone numbers; (b) financial information;

26   (c) information about medical conditions or treatment; (d) records of law enforcement

27   activity, including calls for service and arrest records that identify by name, and/or by

28   other PII, persons alleged or implied to have committed criminal conduct, or witnesses

to, victims of, or persons who reported conduct to law enforcement; (e) PII of victims of domestic violence; (f) the identity of and contact information for persons the United States identifies in this Action as aggrieved under the Fair Housing Act, 42 U.S.C. § 3614; and (g) other information that is generally unavailable to the public. Disclosure and use of such information should be limited to what is reasonably necessary to prosecute, defend, and settle this Action or to enforce federal laws or other civil rights laws.

Accordingly, to expedite the flow of relevant information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to minimize or avoid unnecessary costs and burdens of discovery, to focus the parties' efforts on protecting the most sensitive non-public materials while affording sufficient protection for other materials, to ensure that the parties are permitted reasonably necessary uses of confidential material in preparation for and in the conduct of hearings and trial, to address the handling of confidential material at the end of this litigation, and to serve the ends of justice, a protective order for such information is justified in this case.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case or otherwise made public outside this case.

## C. SUMMARY OF TWO-TIERED APPROACH

As defined more specifically below (e.g., Sections 2.3, 2.6, and 7), this Stipulated Protective Order intends to and does create two tiers of confidentiality for materials in this case. First, due to the policy goals of the Privacy Act and the relative sensitivity of the information the Parties expect to exchange, all information produced or exchanged in the course of this litigation that contains sensitive information of the sort described in Section 1(B), above, shall not be used for any purpose other than prosecuting, defending, or settling this civil action or to enforce federal laws or other civil rights laws; it shall not be disclosed or distributed beyond those individuals who reasonably must receive the

information in order to prosecute, defend, or settle this litigation or to enforce federal laws or other civil rights laws, in a manner consistent with Federal Rule of Civil Procedure 1.

Second, particularly sensitive, private, or non-public information designated and marked as "CONFIDENTIAL" Information under this Stipulated Protective Order shall be more protected both in terms of who can access such information and how such information may be used in this matter (see, e.g., Section 7).

**2.     DEFINITIONS**

2.1     <u>Action</u>: this pending federal lawsuit.

2.2     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" Information under this Order or that challenges a Producing Party's failure to designate information that should be protected as "CONFIDENTIAL" Information under this Order.

2.3     <u>"CONFIDENTIAL" Information</u>: information (regardless of how it is generated, stored or maintained) or tangible things that are designated under Section 5 of this Order because they both qualify for protection under Federal Rule of Civil Procedure 26(c) and are particularly sensitive, private, or non-public to an extent that the Designating Party has a good faith reason to limit more strictly access and use to such material.

2.4     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staffs).

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" Information.

2.6     <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, electronically stored information, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this Action.

Some Discovery Material may be designated as "CONFIDENTIAL" Information, which is defined above.

  2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this Action.

  2.8 <u>House Counsel</u>: attorneys who are employees of a Party, except that U.S. Department of Justice personnel are considered Outside Counsel of Record, which is defined in Section 2.10, below. House Counsel does not include Outside Counsel of Record or any other outside counsel.

  2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action but who/that produces or discloses information to a Party or appears through counsel in this Action.

  2.10 <u>Outside Counsel of Record</u>: For Plaintiff the United States, Outside Counsel of Record refers to U.S. Department of Justice attorneys, staff, and contractors assigned to the United States' interests in connection with the facts underlying this Action, including their supervisors and in-house litigation support personnel.  For Defendants, Outside Counsel of Record refers to attorneys (including their support staff) who are not employees of a Defendant but are retained to represent or advise a Defendant and who have appeared in this Action or are affiliated with a law firm that has appeared on behalf of that Defendant.

  2.11 <u>Party</u>: any party named as a plaintiff or defendant in this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

  2.12 <u>PDF</u>: information in Portable Document Format.

  2.13 <u>Producing Party</u>: a Party or Non-Party that produces Discovery Material in this Action.

  2.14 <u>Professional Vendors</u>: persons or entities retained by a Party or Non-Party to provide ad hoc litigation support services in connection with this Action (e.g.,

photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party (including "CONFIDENTIAL" Information).

2.16   <u>TIFF</u>: information saved in Tagged Image File Format.

**3.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Discovery Material and "CONFIDENTIAL" Information (as defined above), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material or "CONFIDENTIAL" Information.

Any use of "CONFIDENTIAL" Information at hearings or at trial shall be governed by separate Orders. This Stipulated Protective Order does not govern the use of "CONFIDENTIAL" Information at hearings or at trial.

**4.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) expiration of a settlement agreement or consent order that resolved the claims in this Action.

**5.   DESIGNATING "CONFIDENTIAL" INFORMATION**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates "CONFIDENTIAL" Information under this Order must

take care to limit any such designation to specific Discovery Material that is particularly sensitive, private, or non-public, or otherwise qualifies under the appropriate standards. The Designating Party must designate for protection only those documents that contain such "CONFIDENTIAL" Information. A Designating Party may designate only a portion of a document as "CONFIDENTIAL" Information if it can do so without obscuring or degrading responsive information, including context or the relationship between documents or portions of Discovery Material.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated as "CONFIDENTIAL" Information do not qualify for such protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation and, unless otherwise agreed, the Designating Party must provide replacement copies to the Receiving Party that are free from any endorsement or markings that indicate the material is "CONFIDENTIAL" Information.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, "CONFIDENTIAL" Information that qualifies for protection under this Stipulation must be clearly so designated before or when the material is disclosed or produced.

Designation in conformity with this Order requires:

a. <u>Information in hard-copy paper, PDF, or TIFF format</u>: (but excluding transcripts of depositions or other pretrial proceedings, which are discussed in 5.2(c) below), the Producing Party must affix the phrase "CONFIDENTIAL – Subject to Protective Order" to each page of a document that contains "CONFIDENTIAL"

Information. If affixing such a label will obscure or alter relevant or otherwise responsive information, the Producing Party must notify the other Parties, it must propose a reasonable alternative form of production, and the Parties must meet-and-confer in good faith to facilitate production of the information as well as the protection required by this Order. If only a portion of the material in a document qualifies for such protection, the Producing Party may affix such phrase only to the page containing the "CONFIDENTIAL" Information and may clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" Information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also may clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.   <u>Information produced in native electronic form or that otherwise cannot feasibly be endorsed with a label</u>: for native electronic files or other Discovery Material that contain "CONFIDENTIAL" Information and that reasonably cannot be marked or endorsed with a label "CONFIDENTIAL – Subject to Protective Order," the Parties will meet-and-confer to consider and discuss reasonable options for the form of production that maintains the protections required by this Order. For example, the Parties in good faith should consider (a) changing the filename of native electronic files to include "CONFIDENTIAL –" as a prefix to the existing filename, and (b) producing native electronic files containing "CONFIDENTIAL" Information in separate electronic folders

adequately labeled to indicate the confidential nature of the contents and/or on separate media (e.g., DVD).

c.   Testimony given in deposition or in other pretrial proceedings: the Designating Party should make reasonable efforts to identify on the record testimony that included "CONFIDENTIAL" Information before the close of the deposition or other pretrial proceeding. Nonetheless, any Party or Non-Party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript and/or exhibits thereto as "CONFIDENTIAL" Information by writing to Outside Counsel of Record for the Parties (and any Non-Parties present at the deposition or appearing at the pretrial proceeding) and by coordinating the creation and distribution of replacement transcripts by the court reporter. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" Information must be separately bound by the court reporter and may not be disclosed except as permitted under this Stipulated Protective Order.

d.   Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the "CONFIDENTIAL" Information or item is stored the phrase "CONFIDENTIAL – Subject to Protective Order."

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified "CONFIDENTIAL" Information or items does not, standing alone, waive the Designating Party's right to secure such protection under this Order for such material. Absent other agreement or order, the Producing Party is responsible for providing replacement copies of the material, correctly designated. Upon notice from the Designating Party and until timely replacement, the Receiving Party must make reasonable efforts to ensure that the material is treated as "CONFIDENTIAL" Information in accordance with the provisions of this Order. Upon receipt of the replacement materials, the Receiving Party should return or destroy the material that was not properly endorsed or labeled, but nothing in this provision requires a Party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of

"CONFIDENTIAL" Information until it is overwritten or destroyed in the ordinary course of records management.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS OR LACK THEREOF**

6.1    <u>Timing of Challenges</u>. A Challenging Party may challenge a designation of confidentiality (or lack of such a designation) at any time that is consistent with the Court's Scheduling Order in this Action.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3    Where the dispute concerns Discovery Material that was designated as "CONFIDENTIAL" Information, the burden of persuasion shall be on the Designating Party. Where the dispute concerns Discovery Material that was not designated as "CONFIDENTIAL" Information, the burden of persuasion shall be on the Challenging Party that believes the material should be designated as such. Frivolous challenges by Challenging Parties or refusals to change by Producing Parties, or either of those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose such Party or Parties to sanctions. Unless and until the dispute is resolved, all parties shall treat the subject material as "CONFIDENTIAL" Information.

**7.    ACCESS TO AND USE OF DISCOVERY MATERIAL AND "CONFIDENTIAL" INFORMATION**

7.1    <u>Basic Principles</u>. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or to enforce federal laws or other civil rights laws. Due to the expected nature of the information that will be exchanged in this case and the fact that the Parties to this case are governmental entities employing many individuals who lack any reasonable need to access or use the Discovery Material, access to Discovery Material is limited as described in Section 7.2 below. Moreover, the subset of "CONFIDENTIAL" Information designated by a Producing Party

is even more limited in terms of who may access it and under what conditions. "CONFIDENTIAL" Information may be disclosed only to the categories of persons and under the conditions described in Section 7.3 below.

"CONFIDENTIAL" Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of Discovery Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose or make available Discovery Material only to:

a.   the Receiving Party's Outside Counsel of Record, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.   officials, employees, or other staff (including House Counsel) of the Receiving Party to whom disclosure of the particular Discovery Material to those particular individuals is reasonably necessary to prosecute, defend, or settle this Action. Specifically, Defendants and their Counsel acknowledge some of their employees' roles as active law enforcement officers in the City of Hesperia and San Bernardino County requires a diligent, prudent, and careful approach to disclosing information only to those who have a reasonable need to know the information;

c.   the Court, Court personnel and staff, and jurors;

d.   any Special Master, mediator, arbitrator, or settlement officer (including his/her/their support personnel) appointed by the Court or jointly selected by the Parties in connection with this litigation;

e.   court reporters and/or videographers retained in connection with this litigation, and their staff;

f.   Experts or other consultants to whom disclosure is reasonably necessary to prosecute, defend, or settle this Action;

g.   Professional Vendors, provided that, in addition to other requirements

in this Stipulation, Counsel for the Party or the Non-Party retaining such a vendor instructs it/them not to disclose any Discovery Material to third-parties, not to retain any copies, and to return all Discovery Material to the Counsel immediately upon completion of the performance of the necessary work;

h. witnesses, potential witnesses, and their counsel to whom disclosure is reasonably necessary; and

i. the author or recipient of, a person named or described in, or a custodian or other person who otherwise possessed or knew the particular Discovery Material that will be disclosed under this provision.

7.3 Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any "CONFIDENTIAL" Information only to:

a. the Receiving Party's Outside Counsel of Record;

b. the Receiving Party's House Counsel only if such disclosure is reasonably necessary for this Action;

c. the Defendants' then-current officers (e.g., City Manager, county Chief Executive Officer) or other decision-makers (e.g., members of the City Council, members of the county Board of Supervisors) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Nothing in this provision prevents the Parties from conferring and agreeing to treat and designate particular Discovery Material as "Attorney's Eyes Only," in which case, the Receiving Party's Outside Counsel of Record may not disclose such material, including to persons in this sub-provision;

d. the Court, Court personnel and staff, and jurors;

e. any Special Master, mediator, arbitrator, or settlement officer (including his/her/their support personnel) appointed by the Court or jointly selected by the Parties in connection with this litigation;

f. court reporters and/or videographers retained in connection with this

litigation, and their staff(s);

g.     Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h.     Professional Vendors, provided that, in addition to other requirements in this Stipulation, Counsel for the Party or the Non-Party retaining such a vendor instructs it/them not to disclose any "CONFIDENTIAL" Information to third-parties, not to retain any copies, and to immediately return all "CONFIDENTIAL" Information to the Counsel upon completion of the performance of the necessary work;

i.     witnesses, potential witnesses, and their counsel to whom disclosure is reasonably necessary, including during or in order to prepare for depositions or a hearing in this Action, unless otherwise agreed by the Designating Party or ordered by the Court; and

j.     the author or recipient of a document containing the "CONFIDENTIAL" Information, a person named or described in the "CONFIDENTIAL" Information, or a custodian or other person who otherwise possessed or knew the "CONFIDENTIAL" Information.

7.4     Prior to disclosing or displaying Discovery Material or "CONFIDENTIAL" Information to any individuals or firms described in 7.2(f), (g), (h), and (i) and/or 7.3(e), (f), (h), (i), and (j) above, Counsel shall inform the person of the confidential nature of the information and inform the person that this Court has prohibited their use of the information for any purpose other than this litigation and has prohibited their disclosure of the information to any other person or firm.

# 8.     "CONFIDENTIAL" INFORMATION SUBPOENAED, ORDERED PRODUCED IN OTHER LITIGATION, OR REQUESTED UNDER APPLICABLE PUBLIC RECORDS STATUTES

If a Party is served with a subpoena or a court order issued in other litigation, or a perfected request for public records (e.g., under the federal Freedom of Information Act or California Public Records Act), that compels disclosure of any information or items

designated in this Action as "CONFIDENTIAL" Information, that Party must:

a.    promptly notify the Designating Party and any Receiving Parties in writing and include a copy of the subpoena, court order, or public records request;

b.    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or who submitted the perfected request for public records, that some or all of the material is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order and shall "carbon copy" other Outside Counsel of Record; and

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "CONFIDENTIAL" Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with a subpoena, court order, or perfected request for public records shall not produce any "CONFIDENTIAL" Information before a determination by the court from which the subpoena or order issued, or—in the case of a public records request—a court of competent jurisdiction, unless the Party served with the subpoena has obtained the Designating Party's permission to produce it. The Designating Party shall bear the burden and expense of seeking protection of its "CONFIDENTIAL" Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or to violate applicable statutes.

**9.    A NON-PARTY'S "CONFIDENTIAL" INFORMATION SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" Information. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

1  seeking additional protections.

2  **10.    UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL**

3       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4  "CONFIDENTIAL" Information or other Discovery Material to any person or in any

5  circumstance not authorized under this Stipulated Protective Order, the Receiving Party

6  must immediately (a) notify in writing the Designating Party of the unauthorized

7  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

8  "CONFIDENTIAL" Information or other Discovery Material, (c) inform the person or

9  persons to whom unauthorized disclosures were made of all the terms of this Stipulated

10  Protective Order, and (d) request that such person or persons execute the

11  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12  **11.    NOTIFICATION AFTER PRODUCTION OF PRIVILEGED OR**

13         **OTHERWISE PROTECTED MATERIAL**

14       When a Producing Party gives notice to Receiving Parties that certain produced

15  Discovery Material is subject to a claim of privilege or other protection, the obligations of

16  the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

17  Nothing in this provision requires a party to delete manually any data from disaster

18  recovery or backup systems even if that data may contain copies or fragments of privileged

19  or protected material until it is overwritten or destroyed in the ordinary course of records

20  management. This provision is not intended to modify whatever procedure may be

21  established in an e-discovery order that provides for production without prior privilege

22  review. Pursuant to Federal Rule of Evidence 502(d) and (e), disclosure of material that is

23  subject to a claim of privilege or other protection does not operate as a waiver of such

24  privilege or protection in this Action or any other federal or state proceeding.

25  **12.    MISCELLANEOUS**

26       12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

27  person to seek its modification by the Court in the future.

28       12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

12.3    <u>Filing Discovery Material or "CONFIDENTIAL" Information</u>. In addition to the specific requirements of Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2-1, when filing Discovery Material in this Action, Outside Counsel of Record shall take reasonable steps to omit or to redact identifying information unless its open disclosure is necessary to the Court's consideration of the claims and defenses in this Action, or the particular issues the filing intends to address.  This shall include anonymizing the information and exhibits filed with the Court to the extent reasonably possible, and protecting wherever possible the personal, private, and sensitive information of persons identified in documents filed on the public record in this Action. This applies not only to exhibits but also to descriptions thereof in briefs and other filings drafted by Counsel. In addition, a Party that seeks to file under seal any "CONFIDENTIAL" Information must comply with Civil Local Rule 79-5. "CONFIDENTIAL" Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific material at issue. A Party that is contemplating filing "CONFIDENTIAL" Information in this Action, or discussing or referencing such material in court filings, shall confer with all Parties and the Designating Party to determine whether the confidential designation can be removed, whether the document can be redacted in a way to protect the "CONFIDENTIAL" Information in a public filing, or whether a motion to seal or stipulation and proposed order is warranted. All Parties and the Designating Party must engage in this discussion in good faith and attempt to avoid unnecessary delays or burdens on the Court. The filing Party must raise the issue as soon as practicable with all Parties and the Designating Party, and allow a reasonable time to meet-and-confer before an applicable filing deadline.

**13.    FINAL DISPOSITION**

Within 60 days after the termination of this Action (as described in Section 4 above),

including all appeals, each Receiving Party must return all "CONFIDENTIAL" Information to the Producing Party or destroy such material. This requirement includes copies, extracts from, and summaries of "CONFIDENTIAL" Information. Whether the "CONFIDENTIAL" Information is returned or destroyed, the Receiving Party must confirm in writing to the Designating Party (and, if they are not the same, the Producing Party) that it has complied with this provision.

Nothing in this Stipulated Protective Order requires a Receiving Party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of "CONFIDENTIAL" Information until it is overwritten or destroyed in the ordinary course of records management.

Notwithstanding this provision, this Stipulated Protective Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance. Moreover, Outside Counsel of Record are entitled to retain an archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; Expert reports (including drafts); attorney work product; and consultant and Expert work product, even if such materials contain "CONFIDENTIAL" Information. Any such archival copies that contain or constitute "CONFIDENTIAL" Information remain subject to this Stipulated Protective Order as set forth in Section 4 (Duration).

**14.   DISCLOSURE OF INFORMATION SUBJECT TO THE PRIVACY ACT**

During the course of this litigation, the United States will need to disclose documents or other information protected from disclosure by the Privacy Act. Such information may identify alleged victims, witnesses, and/or other individuals or otherwise intrude upon their privacy and confidentiality interests. Specifically, documents or other information may be produced that contain information subject to protection under the Privacy Act, 5 U.S.C. § 552a, such as "information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying

number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph . . . ." 5 U.S.C. § 552a(4). Notwithstanding and in addition to other potential exemptions or justifications for disclosing information protected by the Privacy Act, pursuant to 5 U.S.C. § 552a(b)(11), the United States is hereby authorized to disclose information protected by the Privacy Act in accordance with this Stipulated Protective Order without obtaining prior written consent of the individuals to whom the records pertain. Documents or other information may also be produced that contain information covered by Federal Rule of Civil Procedure 5.2 and Civil Local Rule 5.2-1.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

//

1   The confidentiality obligations imposed by this Order shall remain in effect until otherwise

2   agreed by the parties in writing, or a court orders otherwise.

3   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4   Dated: May 22, 2020

5

6   NICOLA T. HANNA                          ERIC S. DREIBAND
    United States Attorney                   Assistant Attorney General
    Central District of California           Civil Rights Division

7

8   DAVID M. HARRIS                          SAMEENA SHINA MAJEED
    Assistant United States Attorney         Chief, Housing and Civil
    Chief, Civil Division                    Enforcement Section

9

10  KAREN P. RUCKERT                         R. TAMAR HAGLER
    Assistant United States Attorney         Deputy Chief, Housing and Civil
    Chief, Civil Rights Section, Civil Division   Enforcement Section

11   /s/ Matthew Nickell                      /s/ Megan K. Whyte de Vasquez

12  MATTHEW NICKELL*                         MEGAN K. WHYTE DE VASQUEZ
    KATHERINE M. HIKIDA                      MICHELLE MCLEOD
13  Assistant United States Attorneys        CHRISTOPHER D. BELEN
    Civil Rights Section, Civil Division     Trial Attorneys
14                                           United States Department of Justice
    *I attest that all signatories listed, and on   Civil Rights Division
15  whose behalf this filing is submitted,   Housing and Civil Enforcement Section
    concur in this filing's content and have
16  authorized its filing.                   *Attorneys for the United States of America*

17

18  Dated: May 22, 2020

19  ALESHIRE & WYNDER, LLP

20   /s/ Stephen R. Onstot
    STEPHEN R. ONSTOT
21  ERIKA D. GREEN
    BRADEN J. HOLLY
22  *Attorneys for Defendants City of Hesperia, County of San*
    *Bernardino, and San Bernardino County Sheriff's Department*
23

24  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED,

25  DATED: May 27, 2020

26  _____

27  _____
    Honorable Sheri Pym
28  United States Magistrate Judge

01071.0047/647400.1                    19

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under

5  penalty of perjury that I have read in its entirety and understand the Stipulated Protective

6  Order that was issued by the United States District Court for the Central District of

7  California on [date] in the case of *United States v. City of Hesperia, County of San*

8  *Bernardino, and San Bernardino Sheriff's Department*, Case No. 5:19-cv-02298 AB (SPx)

9  ("the Protective Order"). I agree to comply with and to be bound by all the terms of the

10  Protective Order, and I understand and acknowledge that failure to so comply could expose

11  me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

12  not disclose in any manner any information or item that is subject to the Protective Order

13  to any person or entity except in strict compliance with the provisions of the Protective

14  Order.

15      I further agree to submit to the jurisdiction of the United States District Court for

16  the Central District of California for the purpose of enforcing the terms of the Stipulated

17  Protective Order, even if such enforcement proceedings occur after termination of this

18  action.

19

20  Date:

21  City and State where sworn and signed:

22  Printed name:

23  Signature:

24

25

26

27

28

01071.0047/647400.1

20