ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
  edunn@awattorneys.com
STEPHEN R. ONSTOT, State Bar No. 139319
  sonstot@awattorneys.com
BRADEN J. HOLLY, State Bar No. 312098
  bholly@awattorneys.com
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for DEFENDANT
CITY OF HESPERIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>       Defendants. | Case No. 5:19-cv-02298AB (SPx)<br><br>**DEFENDANT CITY OF HESPERIA'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>The Hon. Andre Birotte<br><br>Trial Date:      N/A |

Defendant CITY OF HESPERIA ("Defendant" or "City") hereby responds to the allegations contained in the First Amended Complaint ("FAC") filed by Plaintiff UNITED STATES OF AMERICA ("Plaintiff") and each cause of action therein, solely on its own behalf, as follows:

## INTRODUCTION

1. Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant admits that the statements of the second

sentence of this paragraph regarding the procedural history prior to the filing of the FAC are accurate.

2. Defendant denies the allegations of paragraph 2 of the FAC.

3. Defendant denies the allegations of paragraph 3 of the FAC.

4. Defendant denies the allegations of the first sentence of paragraph 4 of the Complaint to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendant admits the allegations of the second sentence of paragraph 4 of the FAC, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendant denies the remaining allegations of paragraph 3 of the FAC.

5. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 5 of the FAC and on that basis denies those allegations.

6. Defendant denies the allegations of paragraph 6 of the FAC.

## JURISDICTION AND VENUE

7. Defendant alleges that the statutes cited in paragraph of the FAC speak for themselves, and that to admit or deny the allegations of Paragraph 7 of the FAC calls for a legal conclusion. However, Defendant does not dispute that this Court has jurisdiction over this action.

8. Defendant alleges that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 8 of the FAC calls for a legal conclusion. However, Defendant does not dispute that this action is properly venued in the Central District of California.

## DEFENDANTS

9. Defendant admits the allegations of paragraph 9 of the FAC.

10. Defendant admits the allegations of paragraph 10 of the FAC.

11. Defendant lacks sufficient knowledge or information, based on the phrasing of paragraph 11, to form a basis as to the truth of paragraph 11, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

12. Defendant alleges that any contracts alleged in paragraph 12 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 12 of the FAC calls for a legal conclusion. Additionally, Defendant lacks sufficient knowledge or information, without the specific contracts in question being identified, to form a basis as to the truth of paragraph 12 of the FAC.

13. Defendant denies the allegations of paragraph 13 of the FAC. A county is not a municipal corporation, it is a legal subdivision of the State of California. (Cal. Const., art. XI, § 1; *Williams v. McClellan* (1953) 119 Cal.App.2d 138, 143.)

14. Defendant admits the allegations of paragraph 14 of the FAC.

15. Defendant admits the allegations of paragraph 15 of the FAC.

16. Defendant admits the allegations of paragraph 16 of the FAC.

**FACTUAL ALLEGATIONS**

17. Defendant admits the allegations of paragraph 17 of the FAC.

18. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 18 of the FAC and on that basis denies those allegations.

19. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 19 of the FAC and on that basis denies those allegations.

20. Defendant admits the allegations of paragraph 20 of the FAC.

21. Defendant admits the allegation of paragraph 21 of the FAC in that the ordinance applied exclusively to rental properties.

    a. Defendant admits the allegations of paragraph 21(a).

  b. Defendant admits the allegations of paragraph 21(b).

  c. Defendant admits the allegations of paragraph 21(c), except that the quoted language in the final sentence of paragraph 21(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

  d. Defendant admits the allegations of paragraph 21(d).

  e. Defendant admits the allegations of paragraph 21(e) in that the ordinance required all rental properties in the City to undergo annual exterior inspections and provided for the alleged fees, but denies that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

22. Defendant admits the allegations of the first sentence of paragraph 22 of the FAC. Defendant denies the allegations of the second sentence of paragraph 22 of the FAC because, while many provisions of the amended ordinance are similar to and/or unchanged from the original ordinance, substantive changes to the ordinance were made. Defendant admits the allegations of the third sentence of paragraph 22 of the FAC.

23. Defendant denies the allegations of paragraph 23 of the FAC.

24. Defendant denies the allegations of paragraph 24 of the FAC.

25. Defendant denies the allegations of the first sentence of paragraph 25 of the FAC. Defendant denies the allegations of the second sentence of paragraph 25 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 25 of the FAC and on that basis denies those allegations.

  a. Defendant admits the allegations of paragraph 25(a) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

   b. Defendant admits the allegations of paragraph 25(b) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

   c. Defendant admits the allegations of paragraph 25(c) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

   d. Defendant admits the allegations of paragraph 25(d) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

   e. Defendant admits the allegations of the first sentence of paragraph 25(e) of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second and third sentences of paragraph 25(e) of the FAC, and on that basis denies those allegations. The foregoing notwithstanding, Defendant admits that an individual did speak at a hearing on the ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

 26. Defendant admits the allegations of paragraph 26 of the FAC.

 27. Defendant denies the allegations of the first sentence of paragraph 22 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 27 regarding the demographics of renters in the City and on that basis denies those allegations.

 28. Defendant denies the allegations of the first sentence of paragraph 28 of the FAC. Defendant admits the allegations of the second sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate. Defendant admits the allegations of the third sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate.

/ / /

29. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 29 of the FAC and on that basis denies those allegations.

30. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 30 of the FAC and on that basis denies those allegations. Defendant admits the allegations of the second sentence of paragraph 30 of the FAC. Defendant admits the allegations of the third sentence paragraph 30 of the FAC in that then-Captain Bentsen made a presentation before the City Council in which he provided data related to crime and rental housing. Defendant denies the allegations of the fourth sentence of paragraph 30 of the FAC.

    a. Defendant admits the allegations of the first sentence of paragraph 30(a) of the FAC. Defendant lacks sufficient information or belief to form a basis as to the truth of the allegations of the second sentence of paragraph 30(a) regarding the necessity of further information, and on that basis denies those allegations.

    b. Defendant admits the allegations of the first sentence of paragraph 30(b) of the FAC inasmuch as Bentsen did provide statistical information regarding multiple response forms. Defendant admits the allegations of the second sentence of paragraph 30(b) of the FAC. Defendant admits those allegations of the third sentence of paragraph 30(b) alleging that the presentation by Bentsen did not include data for multiple responses involving alarm calls, but lacks sufficient information or belief to form a basis as to the truth of the allegations regarding whether alarm calls typically occurred at homes. Defendant admits the allegations of the fourth sentence of paragraph 30(b) of the FAC.

    c. Defendant admits the allegations of paragraph 30(c) of the FAC.

31. Defendant admits the allegations of the first sentence paragraph 31 of the FAC in that the Sheriff's Department had an internal unit to enforce the ordinance. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 31 of the FAC regarding the

1  establishment of the aforementioned unit prior to the ordinance's being enacted, and on
2  that basis denies those allegations. Defendant admits that the Sheriff's Department
3  licensed "easy-tracking" software, but Defendant is informed and believes, and on that
4  basis alleges, that the Sheriff's Department licensed the alleged software more than a
5  year before the ordinance at issue in the FAC was passed. Defendant lacks sufficient
6  information or belief to form a basis as to the accuracy of the quoted language
7  contained in the second sentence of paragraph 31 and on that basis denies those
8  allegations.

9      32.    Defendant admits the allegations of paragraph 32 of the FAC, inasmuch as
10  the quoted language is accurate, although excerpted and stripped of context. However,
11  Defendant denies the allegations of paragraph 32 that Bentsen made any representations
12  regarding whether the acts described in the language quoted therein would warrant
13  eviction.

14      33.    Despite a good faith effort to review its records and provide substantive
15  responses to the allegations of the FAC, the documents produced thus far in discovery
16  are voluminous and are still being reviewed, and Defendant therefore lacks sufficient
17  knowledge or information to form a basis as to the truth of the allegations of paragraph
18  33 of the FAC at this time, and on that basis denies those allegations. The foregoing
19  notwithstanding, Defendant admits the allegations of the second sentence of paragraph
20  33 only inasmuch as an individual did state that the ordinance was "trampling on civil
21  rights" during a hearing on the matter.

22      34.    Despite a good faith effort to review its records and provide substantive
23  responses to the allegations of the FAC, the documents produced thus far in discovery
24  are voluminous and are still being reviewed, and Defendant therefore lacks sufficient
25  knowledge or information to form a basis as to the truth of the allegations of the first
26  sentence of paragraph 34 of the FAC at this time because Defendant is unable to locate
27  the alleged letter prior to the deadline for the filing of this Answer, and on that basis
28  denies those allegations. Defendant admits the allegations of the second sentence of

paragraph 34, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendant denies the allegations of the third sentence of paragraph 34 of the FAC because Plaintiff has altered the quoted language, and as such it is not accurate.

35. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the FAC at this time, and on that basis denies those allegations. However, Defendant did locate the letter alleged in the second sentence of paragraph 35 of the FAC, and therefore admits the allegations of the second sentence of paragraph 35 of the FAC.

36. Defendant admits the allegations of paragraph 36 of the FAC.

37. Defendant admits the allegations of the first sentence of paragraph 37 of the FAC. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 37 of the FAC throughout the entire time since the enactment of the crime free ordinance, and on that basis denies those allegations.

38. Defendant denies the allegations of the first sentence of paragraph 38 of the FAC. Defendant admits the allegations of the second sentence of paragraph 38 of the FAC. Defendant denies the allegations of the third sentence of paragraph 38 of the FAC because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

39. Defendant denies the allegations of the first sentence of paragraph 39 of the FAC. Defendant denies the allegations of the second sentence of paragraph 39 of the FAC. Defendant admits the allegations of the third sentence of paragraph 39, to the

extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

40. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 40 of the FAC at this time, and on that basis denies those allegations.

41. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 41 of the FAC and on that basis deny those allegations.

42. Defendant denies the allegations of the first sentence of paragraph 42 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the remaining allegations of Paragraph 42 and on that basis denies those allegations.

43. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 43 of the FAC and on that basis denies those allegations.

44. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 44 of the FAC and on that basis denies those allegations.

45. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 45 of the FAC and on that basis denies those allegations.

46. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 44 of the FAC and on that basis denies those allegations.

/ / /

47. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 47 of the FAC at this time, and on that basis denies those allegations.

48. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 48 of the FAC and on that basis deny those allegations.

49. Paragraph 49 of the FAC contains no factual allegations regarding any act or omission of Defendant. To the extent that a response to paragraph 49 is required, Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 49 and on that basis denies those allegations.

50. Defendant denies the allegations of the first sentence of paragraph 50 of the FAC. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 50 of the FAC at this time, and on that basis denies those allegations.

51. Defendant denies the allegations of paragraph 51 of the FAC.

52. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 52 of the FAC and on that basis denies those allegations.

53. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 53 of the FAC and on that basis denies those allegations.

///

54. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 54 of the FAC and on that basis denies those allegations.

55. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the FAC and on that basis denies those allegations.

56. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 56 of the FAC and on that basis denies those allegations.

57. Defendant denies the allegations of paragraph 57 of the FAC.

58. Defendant admits the allegations of paragraph 58 of the FAC.

59. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 59 of the FAC and on that basis denies those allegations.

60. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 60 of the FAC at this time, and on that basis denies those allegations.

61. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 61 of the FAC and on that basis denies those allegations.

62. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the other allegations of Paragraph 62 of the FAC and on that basis denies those allegations.

63. Defendant denies the allegations of paragraph 63 of the FAC.

64. Defendant denies the allegations of paragraph 64 of the FAC.

65. Defendant denies the allegations of paragraph 65 of the FAC.

66. Defendant denies the allegations of paragraph 66 of the FAC.

67. Defendant admits the allegations of paragraph 67 of the FAC.

68. Defendant alleges that the documents alleged in paragraph 68 speak for themselves, and that to admit or deny the allegations of Paragraph 68 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 68 at this time, and on that basis denies those allegations,

69. Defendant alleges that paragraph 69 of the FAC contains no factual allegations regarding any act or omission of Defendant. Defendant further alleges that the statutes and regulations alleged in paragraph 69 speak for themselves, and that to admit or deny the allegations of Paragraph 69 of the FAC calls for a legal conclusion.

70. Defendant alleges that the documents alleged in paragraph 70 speak for themselves, and that to admit or deny the allegations of Paragraph 70 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 70 at this time, and on that basis denies those allegations,

71. Defendant admits the allegations of paragraph 71 of the FAC.

72. Defendant admits the allegations of paragraph 72 of the FAC in that HUD completed an investigation and prepared a final investigative report, but Defendant is informed and believes that HUD did not engage in a good faith attempt at conciliation, and therefore denies that HUD truly attempted conciliation.

/ / /

73. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 73 of the FAC and on that basis denies those allegations.

74. Defendant admits the allegations of paragraph 74 of the FAC.

75. Defendant admits the allegations of paragraph 75 of the FAC.

76. Defendant admits the allegations of paragraph 76 of the FAC.

77. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 77 of the FAC and on that basis deny those allegations.

78. Defendant admits the allegations of paragraph 78 of the FAC.

79. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 79 of the FAC and on that basis denies those allegations.

80. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 80 of the FAC and on that basis denies those allegations.

81. This paragraph 81 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

82. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 82 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant responds that Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 82 of the FAC and on that basis deny those allegations.

83. Defendant denies allegations of paragraph 83 of the FAC.

84. Defendant denies allegations of paragraph 84 of the FAC.

85. Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 85 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant denies the allegations of paragraph 85 of the FAC.

86. Defendant denies the allegations of paragraph 86 of the FAC.

87. This paragraph 87 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

88. Defendant lacks sufficient knowledge or information, based on the phrasing of paragraph 88, to form a basis as to the truth of paragraph 88, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

89. Defendant denies the allegations of paragraph 89 of the FAC.

90. Defendant denies the allegations of paragraph 90 of the FAC.

91. This paragraph 91 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

92. Defendant alleges that any contracts alleged in paragraph 92 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 92 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 92 at this time, and on that basis denies those allegations,

93. Defendant denies the allegations of paragraph 93 of the FAC.

94. Defendant denies the allegations of paragraph 94 of the FAC.

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the FAC. Defendant reserves the right to add affirmative defenses to those stated hereinafter to the extent that discovery, disclosures, or other evidence in the case raises such as proper defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's FAC, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's FAC is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint in this matter was brought by HUD in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

### THIRD AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiff's FAC, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

### FOURTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's FAC is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

## SIXTH AFFIRMATIVE DEFENSE
## (Statute of Limitations)

Defendant is informed and believes that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

## SEVENTH AFFIRMATIVE DEFENSE
## (Third Parties Liable)

Defendant alleges that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendant and their employee(s).

## EIGHTH AFFIRMATIVE DEFENSE
## (Apportionment of Liability)



Defendant alleges that the damages asserted in the FAC were proximately caused and contributed to by persons and/or entities other than the answering Defendant and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendant, if any, should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE
## (No Unlawful Custom, Policy, or Practice)

Defendant alleges that it does not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's FAC.

## TENTH AFFIRMATIVE DEFENSE
## (Res Judicata/Collateral Estoppel)

Plaintiff's FAC is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Direct Threat to Health and Safety)

Defendant alleges that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires

that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

## TWELFTH AFFIRMATIVE DEFENSE
### (No Malice, Intent, Willful, or Reckless Disregard)

Defendant alleges that it has not engaged in intentional discrimination and its actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Objectively Reasonable Effort at Conciliation)

Defendant alleges that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

## PRAYER

WHEREFORE, Defendant prays for judgment or relief against Plaintiff as follows:

1. That the claims against Defendant be dismissed, with prejudice, and that the Plaintiff take nothing;

2. That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3. For such other and further relief as this Court deems just and proper.

///
///
///
///
///

DATED: September 24, 2020  ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY


By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for CITY OF HESPERIA

## DEMAND FOR JURY TRIAL

The City of Hesperia hereby demands a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 24, 2020  ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY


By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for CITY OF HESPERIA

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **September 24, 2020**, I served true copies of the following document(s) described as **DEFENDANT CITY OF HESPERIA'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 24, 2020**, at Riverside, California.

/s/ Sandra D. McLeod
Sandra D McLeod



| | |
|---|---|
| 1  WILLIAM P. BAR<br>    Attorney General | Attorneys for Plaintiff<br>United States of America |
| 2  ERIC S. DREIBAND<br>    Assistant Attorney General | |
| 3  SAMEENA SHINA MAJEED<br>    Chief, Housing and Civil Enforcement Section | |
| 4  R. TAMAR HAGLER<br>    Deputy Chief, Housing and Civil Enforcement | |
| 5  Section<br>    MEGAN K. WHYTE DE VASQUEZ | |
| 6  MICHELLE A. MCLEOD<br>    CHRISTOPHER D. BELEN | |
| 7  Trial Attorneys | |

U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov