ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
  *edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
  *sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
  *bholly@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for COUNTY OF SAN
BERNARDINO, and SAN
BERNARDINO COUNTY SHERIFF'S
DEPARTMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:19-cv-02298 AB (SPx)<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>The Hon. Andre Birotte<br><br>Trial Date:          N/A |

Defendants COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT ("Defendants") hereby respond to the allegations contained in the First Amended Complaint ("FAC") filed by PLAINTIFF UNITED STATES OF AMERICA ("Plaintiff") and each cause of action thereafter as follows:

/ / /

ALESHIRE &
WYNDER, LLP
ATTORNEYS AT LAW

A&W

**INTRODUCTION**

1.  Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, the Defendants admit that the statements of the second sentence of this paragraph regarding the procedural history prior to the filing of the FAC are accurate.

2.  Defendants deny the allegations of paragraph 2 of the FAC.

3.  Defendants deny the allegations of paragraph 3 of the FAC.

4.  Defendants deny the allegations of the first sentence of paragraph 4 of the FAC to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendants admit the allegations of the second sentence of paragraph 4 of the FAC, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendants deny the remaining allegations of paragraph 4 of the FAC.

5.  Defendants deny the allegations of paragraph 5 of the FAC.

6.  Defendants deny the allegations of paragraph 6 of the FAC.

**JURISDICTION AND VENUE**

7.  Defendants allege that the statutes cited in paragraph of the FAC speak for themselves, and that to admit or deny the allegations of Paragraph 7 of the FAC calls for a legal conclusion.  However, the Defendants do not dispute that this Court has jurisdiction over this action.

8.  Defendants allege that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 8 of the FAC calls for a legal conclusion. However, Defendants do not dispute that this action is properly venued in the Central District of California.

**DEFENDANTS**

9. Defendants admit the allegations of paragraph 9 of the FAC.

10. Defendants admit the allegations of paragraph 10 of the FAC.

11. Defendants lack sufficient knowledge or information, based on the phrasing of paragraph 11, to form a basis as to the truth of paragraph 11, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

12. Defendants allege that any contracts alleged in paragraph 12 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 12 of the FAC calls for a legal conclusion. Additionally, Defendants lack sufficient knowledge or information to form a basis as to the truth of paragraph 12 of the FAC.

13. Defendants deny the allegations of paragraph 13 of the FAC. A county is not a municipal corporation, it is a legal subdivision of the State of California. (Cal. Const., art. XI, § 1; *Williams v. McClellan* (1953) 119 Cal.App.2d 138, 143.)

14. Defendants admit the allegations of paragraph 14 of the FAC.

15. Defendants admit the allegations of paragraph 15 of the FAC.

16. Defendants admit the allegations of paragraph 16 of the FAC.

**FACTUAL ALLEGATIONS**

17. Defendants admit the allegations of paragraph 17 of the FAC.

18. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 18 of the FAC and on that basis deny those allegations.

19. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 19 of the FAC and on that basis deny those allegations.

20. Defendants admit the allegations of paragraph 20 of the FAC.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

21.     Defendants admit the allegation of paragraph 21 of the FAC in that the ordinance applied exclusively to rental properties.

a.     Defendants admit the allegations of paragraph 21(a).

b.     Defendants admit the allegations of paragraph 21(b).

c.     Defendants admit the allegations of paragraph 21(c), except that the quoted language in the final sentence of paragraph 21(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

d.     Defendants admit the allegations of paragraph 21(d).

e.     Defendants admit the allegations of paragraph 21(e) in that the ordinance required all rental properties in the City to undergo annual exterior inspections and provided for the alleged fees, but deny that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

22.     Defendants admit the allegations of the first sentence of paragraph 22 of the FAC. Defendants deny the allegations of the second sentence of paragraph 22 of the FAC because, while many provisions of the ordinance are similar or unchanged, substantive changes to the ordinance were made. Defendants admit the allegations of the third sentence of paragraph 22 of the FAC.

23.     Defendants deny the allegations of paragraph 23 of the FAC.

24.     Defendants deny the allegations of paragraph 24 of the FAC.

25.     Defendants deny the allegations of the first sentence of paragraph 25 of the FAC. Defendants deny the allegations of the second sentence of paragraph 25 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 25 of the FAC and on that basis deny those allegations.

    a. Defendants admit the allegations of paragraph 25(a) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

    b. Defendants admit the allegations of paragraph 25(b) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

    c. Defendants admit the allegations of paragraph 25(c) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

    d. Defendants admit the allegations of paragraph 25(d) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

    e. Defendants admit the allegations of the first sentence of paragraph 25(e) of the FAC. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second and third sentences of paragraph 25(e) of the FAC, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit that an individual did speak at a hearing on the ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

  26. Defendants admit the allegations of paragraph 26 of the FAC.

  27. Defendants deny the allegations of the first sentence of paragraph 27 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of Paragraph 27 regarding the demographics of renters in the City of Hesperia and on that basis deny those allegations.

  28. Defendants deny the allegations of the first sentence of paragraph 28 of the FAC. Defendants admit the allegations of the second sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate.

1  Defendants admit the allegations of the third sentence of paragraph 28 to the extent that

2  the quoted language therein, stripped of further context, is accurate.

3       29.    Despite a good faith effort to review records and provide substantive

4  responses to the allegations of the FAC, the documents produced thus far in discovery

5  are voluminous and are still being reviewed, and Defendants therefore lacks sufficient

6  knowledge or information to form a basis as to the truth of the allegations of paragraph

7  29 of the FAC at this time, and on that basis deny those allegations. The foregoing

8  notwithstanding, Defendants admit that they provided support and resources to the City

9  of Hesperia ("City") in the preparation and implementation of the ordinance inasmuch

10  as the Sheriff's Department was contracted to provide police services to the City prior

11  to the enactment of the ordinance.

12       30.    Defendants lacks sufficient knowledge or information to form a basis as to

13  the truth of the allegations of the first sentence of paragraph 30 of the FAC and on that

14  basis deny those allegations. Defendants admit the allegations of the second sentence of

15  paragraph 30 of the FAC. Defendants admit the allegations of the third sentence

16  paragraph 30 of the FAC in that then-Captain Bentsen made a presentation before the

17  City Council in which he provided data related to crime and rental housing. Defendants

18  deny the allegations of the fourth sentence of paragraph 30 of the FAC.

19       a.    Defendants admit the allegations of the first sentence of paragraph

20  30(a) of the FAC. Defendants lack sufficient information or belief to form a basis as to

21  the truth of the allegations of the second sentence of paragraph 30(a) regarding the

22  necessity of further information, and on that basis deny those allegations.

23       b.    Defendants admit the allegations of the first sentence of paragraph

24  30(b) of the FAC. Defendants admit the allegations of the second sentence of paragraph

25  30(b) of the FAC. Defendants admit those allegations of the third sentence of paragraph

26  30(b) alleging that the presentation by Bentsen did not include data for multiple

27  responses involving alarm calls, but lack sufficient information or belief to form a basis

28  as to the truth of the allegations regarding whether alarm calls typically occurred at

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

1 | homes. Defendants admit the allegations of the fourth sentence of paragraph 30(b) of
2 | the FAC.

3 |        c.     Defendants admit the allegations of paragraph 30(c) of the FAC.

4 |     31.    Defendants admit the allegations of the first sentence paragraph 31 of the
5 | FAC in that the Sheriff's Department had an internal unit to enforce the ordinance.
6 | Defendants lack sufficient knowledge or information to form a basis as to the truth of
7 | the allegations of the first sentence of paragraph 31 of the FAC regarding the
8 | establishment of the aforementioned unit prior to the ordinance's being enacted, and on
9 | that basis deny those allegations. Defendants admit that the Sheriff's Department
10 | licensed "easy-tracking" software, but Defendants are informed and believes, and on
11 | that basis allege, that the Sheriff's Department licensed the alleged software more than
12 | a year before the ordinance at issue in the FAC was passed.

13 |     32.    Defendants admit the allegations of paragraph 32 of the FAC, inasmuch as
14 | the quoted language is accurate, although excerpted and stripped of context. However,
15 | Defendants deny the allegations of paragraph 32 that Bentsen made any representations
16 | regarding whether the acts described in the language quoted therein would warrant
17 | eviction.

18 |     33.    Despite a good faith effort to review records and provide substantive
19 | responses to the allegations of the FAC, the documents produced thus far in discovery
20 | are voluminous and are still being reviewed, and Defendants therefore lack sufficient
21 | knowledge or information to form a basis as to the truth of the allegations of paragraph
22 | 33 of the FAC at this time, and on that basis deny those allegations. The foregoing
23 | notwithstanding, Defendants admit the allegations of the second sentence of paragraph
24 | 33 only inasmuch as an individual did state that the ordinance was "trampling on civil
25 | rights" during a hearing on the matter

26 |     34.    Despite a good faith effort to review records and provide substantive
27 | responses to the allegations of the FAC, the documents produced thus far in discovery
28 | are voluminous and are still being reviewed, and Defendants therefore lack sufficient

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A|W

knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 34 of the FAC at this time because Defendants are unable to locate the alleged letter prior to the deadline for the filing of this Answer, and on that basis deny those allegations. Defendants admit the allegations of the second sentence of paragraph 34, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendants deny the allegations of the third sentence of paragraph 34 of the FAC because Plaintiff has altered the quoted language, and as such it is not accurate.

35.     Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the FAC at this time, and on that basis deny those allegations. However, Defendants did locate the letter alleged in the second sentence of paragraph 35 of the FAC, and therefore admit the allegations of the second sentence of paragraph 35 of the FAC.

36.     Defendants admit the allegations of paragraph 36 of the FAC.

37.     Defendants admit the allegations of the first sentence of paragraph 37 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 37 of the FAC regarding the composition of the internal unit tasked with enforcing the ordinance throughout the entire period relevant to this FAC, but admit that there was an internal unit tasked with enforcing the ordinance.

38.     Defendants deny the allegations of the first sentence of paragraph 38 of the FAC. Defendants admit the allegations of the second sentence of paragraph 38 of the FAC. Defendants deny the allegations of the third sentence of paragraph 38 of the FAC because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

39.    Defendants deny the allegations of the first sentence of paragraph 39 of the FAC. Defendants deny the allegations of the second sentence of paragraph 39 of the FAC. Defendants admit the allegations of the third sentence of paragraph 39, to the extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

40.    Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 40 of the FAC at this time, and on that basis deny those allegations.

41.    Defendants admit the allegations of the first sentence of paragraph 41 of the FAC in that the ordinance did not require a conviction or court judgment prior to a determination that a tenant should be evicted under the ordinance, but lacks sufficient information or belief to form a basis as to the truth of the allegation that the Sheriff's Department "routinely" determined tenants should be evicted, and on that basis denies those allegations. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 41 of the FAC at this time, and on that basis deny those allegations.

42.    Defendants deny the allegations of the first sentence of paragraph 42 of the FAC. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

1  knowledge or information to form a basis as to the truth of the remaining allegations of

2  paragraph 42 of the FAC at this time, and on that basis deny those allegations.

3      43.    Despite a good faith effort to review records and provide substantive

4  responses to the allegations of the FAC, the documents produced thus far in discovery

5  are voluminous and are still being reviewed, and quoted individuals and organizations

6  are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

7  knowledge or information to form a basis as to the truth of the allegations of paragraph

8  43 of the FAC at this time, and on that basis deny those allegations.

9      44.    Despite a good faith effort to review records and provide substantive

10  responses to the allegations of the FAC, the documents produced thus far in discovery

11  are voluminous and are still being reviewed, and quoted individuals and organizations

12  are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

13  knowledge or information to form a basis as to the truth of the allegations of paragraph

14  44 of the FAC at this time, and on that basis deny those allegations.

15      45.    Despite a good faith effort to review records and provide substantive

16  responses to the allegations of the FAC, the documents produced thus far in discovery

17  are voluminous and are still being reviewed, and quoted individuals and organizations

18  are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

19  knowledge or information to form a basis as to the truth of the allegations of paragraph

20  45 of the FAC at this time, and on that basis deny those allegations.

21      46.    Despite a good faith effort to review records and provide substantive

22  responses to the allegations of the FAC, the documents produced thus far in discovery

23  are voluminous and are still being reviewed, and quoted individuals and organizations

24  are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

25  knowledge or information to form a basis as to the truth of the allegations of paragraph

26  46 of the FAC at this time, and on that basis deny those allegations.

27  / / /

28

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

47.    Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 47 of the FAC and on that basis deny those allegations.

48.    Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 48 of the FAC and on that basis deny those allegations.

49.    Paragraph 49 of the FAC contains no factual allegations regarding any act or omission of Defendants. To the extent that a response to paragraph 49 is required, Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 49 and on that basis deny those allegations.

50.    Defendants deny the allegations of the first sentence of paragraph 45 of the FAC. Defendants deny the allegations of the second sentence of paragraph 45 of the FAC to the extent that it alleges the Sheriff's Department threatened any fines beyond those authorized by the ordinance. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 50 of the FAC at this time, and on that basis deny those allegations.

51.    Defendants deny the allegations of paragraph 51 of the FAC.

52.    Defendants admit the allegations of paragraph 52 of the FAC to the extent that the Sheriff's Department did track enforcement of the ordinance, but at this time Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegation regarding the number of tenants identified, and on that basis deny those allegations.

/ / /

53.     Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 53 of the FAC and on that basis deny those allegations.

54.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 54 of the FAC and on that basis deny those allegations.

55.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the FAC and on that basis deny those allegations.

56.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 56 of the FAC and on that basis deny those allegations.

57.     Defendants deny the allegations of paragraph 57 of the FAC.

58.     Defendants admit the allegations of paragraph 58 of the FAC.

59.     Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 59 of the FAC at this time, and on that basis deny those allegations.

60.     Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 60 of the FAC at this time, and on that basis deny those allegations.

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

61.     Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 61 of the FAC at this time, and on that basis deny those allegations.

62.     Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 62 of the FAC at this time, and on that basis deny those allegations.

63.     Defendants deny the allegations of paragraph 63 of the FAC.

64.     Defendants deny the allegations of paragraph 64 of the FAC.

65.     Defendants deny the allegations of paragraph 65 of the FAC.

66.     Defendants deny the allegations of paragraph 66 of the FAC.

67.     Defendants admit the allegations of paragraph 67 of the FAC.

68.     Defendants allege that the documents alleged in paragraph 68 speak for themselves, and that to admit or deny the allegations of Paragraph 68 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendants were unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 68 at this time, and on that basis deny those allegations,

69.     Defendants allege that paragraph 69 of the FAC contains no factual allegations regarding any act or omission of Defendants. Defendants further allege that the statutes and regulations alleged in paragraph 69 speak for themselves, and that to admit or deny the allegations of Paragraph 69 of the FAC calls for a legal conclusion.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

70.     Defendant alleges that the documents alleged in paragraph 70 speak for themselves, and that to admit or deny the allegations of Paragraph 70 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 70 at this time, and on that basis denies those allegations,

71.     Defendants admit the allegations of paragraph 71 of the FAC.

72.     Defendants admit the allegations of paragraph 72 of the FAC in that HUD completed an investigation and prepared a final investigative report, but Defendants are informed and believe that HUD did not engage in a good faith attempt at conciliation, and therefore deny that HUD truly attempted conciliation.

73.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 73 of the FAC and on that basis deny those allegations.

74.     Defendants admit the allegations of paragraph 74 of the FAC.

75.     Defendants admit the allegations of paragraph 75 of the FAC.

76.     Defendants admit the allegations of paragraph 76 of the FAC.

77.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 77 of the FAC and on that basis deny those allegations.

78.     Defendants admit the allegations of paragraph 78 of the FAC.

79.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 79 of the FAC and on that basis denies those allegations.

80.     Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 80 of the FAC and on that basis denies those allegations.

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

81.     This paragraph 81 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

82.     Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of paragraph 82 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendants respond that Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 82 and on that basis deny those allegations.

83.     Defendants deny the allegations of paragraph 83 of the FAC.

84.     Defendants deny the allegations of paragraph 84 of the FAC.

85.     Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 85 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendants deny the allegations of paragraph 85 of the FAC.

86.     Defendants deny the allegations of paragraph 86 of the FAC.

87.     This paragraph 87 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

88.     Defendants lack sufficient knowledge or information to form a basis as to the truth of paragraph 88, and on that basis deny those allegations.

89.     Defendants deny the allegations of paragraph 89 of the FAC.

90.     Defendants deny the allegations of paragraph 90 of the FAC.

91.     This paragraph 91 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

92.     Defendants allege that any contracts alleged in paragraph 92 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 92 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendants were unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 92 at this time, and on that basis deny those allegations.

93.     Defendants deny the allegations of paragraph 93 of the FAC.

94.     Defendants deny the allegations of paragraph 93 of the FAC.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the FAC. Defendants reserve the right to add affirmative defenses to those stated hereinafter to the extent that discovery, disclosures, or other evidence in the case raises such as proper defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's FAC, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's FAC is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint brought by HUD in this matter was brought in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

/ / /

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A|W

## THIRD AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiff's FAC, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

## FOURTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's FAC is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Defendants are informed and believe that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

## SEVENTH AFFIRMATIVE DEFENSE

### (Third Parties Liable)

Defendants allege that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendants and their employee(s).

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment of Liability)

Defendants allege that the  damages asserted in the FAC were proximately caused and contributed to by persons and/or entities other than the answering Defendants and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendants, if any, should be reduced accordingly.

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

## NINTH AFFIRMATIVE DEFENSE

### (No Unlawful Custom, Policy, or Practice)

Defendants allege that they do not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's FAC.

## TENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

Plaintiff's FAC is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Direct Threat to Health and Safety)

Defendants allege that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

## TWELFTH AFFIRMATIVE DEFENSE

### (No Malice, Intent, Willful, or Reckless Disregard)

Defendants allege that they have not engaged in intentional discrimination and their actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Objectively Reasonable Effort at Conciliation)

Defendants allege that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

/ / /

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Qualified/Discretionary Immunity)

Plaintiff's FAC is barred, in whole or in part, by the qualified and discretionary immunities afforded Defendants' employees.

## PRAYER

WHEREFORE, Defendants pray for judgment or relief against Plaintiff as follows:

1.      That the claims against Defendants be dismissed, with prejudice, and that the Plaintiff take nothing;

2.      That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3.      For such other and further relief as this Court deems just and proper.

DATED:  September 24, 2020        ALESHIRE & WYNDER, LLP
                                 ERIC L. DUNN
                                 STEPHEN R. ONSTOT
                                 BRADEN J. HOLLY


                                 By:    /s/ Stephen R. Onstot
                                        _____
                                        STEPHEN R. ONSTOT
                                        Attorneys for COUNTY OF SAN
                                        BERNARDINO, and SAN
                                        BERNARDINO COUNTY SHERIFF'S
                                        DEPARTMENT

## **DEMAND FOR JURY TRIAL**

The County of San Bernardino and the San Bernardino County Sheriff's Department hereby demand a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  September 24, 2020          ALESHIRE & WYNDER, LLP
                                   ERIC L. DUNN
                                   STEPHEN R. ONSTOT
                                   BRADEN J. HOLLY


                                   By:  _____/s/ Stephen R. Onstot_____
                                        STEPHEN R. ONSTOT
                                        Attorneys for COUNTY OF SAN
                                        BERNARDINO, and SAN
                                        BERNARDINO COUNTY SHERIFF'S
                                        DEPARTMENT



DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF
SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S
DEPARTMENT**

3

**Case No. 5:19-cv-02298**

4

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

5

6

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

7

8

On **September 24, 2020**, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

9

10

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

15

Executed on **September 24, 2020**, at Riverside, California.

16

17

/s/ Sandra D. McLeod
_____
Sandra D McLeod

18

19

20

21

22

23

24

25

26

27

28



| | | |
|---|---|---|
| 1 | WILLIAM P. BAR | Attorneys for Plaintiff |
| | Attorney General | United States of America |
| 2 | ERIC S. DREIBAND | |
| | Assistant Attorney General | |
| 3 | SAMEENA SHINA MAJEED | |
| | Chief, Housing and Civil Enforcement Section | |
| 4 | R. TAMAR HAGLER | |
| | Deputy Chief, Housing and Civil Enforcement | |
| 5 | Section | |
| | MEGAN K. WHYTE DE VASQUEZ | |
| 6 | MICHELLE A. MCLEOD | |
| | CHRISTOPHER D. BELEN | |
| 7 | Trial Attorneys | |

U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

01071.0047/671208.1

-2-

PROOF OF SERVICE

Case No. 5:19-cv-02298 AB(SPx)