ERIC S. DREIBAND
Assistant Attorney General for Civil Rights
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, et al.,<br>Defendants. | Case No. 5:19-CV-2298 AB (SPx)<br><br>**STIPULATION FOR REMOTE DEPOSITION OF WITNESSES**<br><br>Honorable Sheri Pym<br>United States Magistrate Judge |

Pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure, Plaintiff United States of America and Defendants City of Hesperia, County of San Bernardino, and San Bernardino County Sheriff's Department (each individually a "Party," and collectively, the "Parties") stipulate that the deposition of various witnesses (each a "Witness") will be taken by remote means on mutually agreed upon dates and times, with counsel for the Parties, the Witness, and the court reporting service all connecting from separate locations to minimize risks relating to COVID-19, for the safety and/or convenience of the Parties, counsel, the deponent, and as follows:

1. The depositions will be taken via Zoom operated by a court reporting service (the "Service"). To the extent practicable, the Parties will endeavor to use the same Service for all of the remote depositions taken in this case, but the selection of a Service by one Party does not obligate any other Party to select the same Service for future depositions. The Parties noticing depositions in this case agree to attempt in good faith to select and retain Service(s) that can meet the requirements of this Stipulation, unless the Parties stipulate to different provisions at a later date. The Party noticing the deposition will provide a copy of this Stipulation to the Service, and confirm that the Service can meet its requirements.

2. The Party noticing a deposition agrees to communicate in writing the following logistical information to all other Parties at least 5 business days before the deposition: contact information (phone and email address) for the Service where technical assistance can be obtained and where notice of technical difficulties must be directed; and an email address for the Service where each Party should send the names of persons attending the deposition. Unless the United States notifies Defendants otherwise in accordance with this paragraph, the Service selected by the United States for the depositions it takes is Ben Hyatt, 17835 Ventura Boulevard, Suite 310, Encino, CA 91316. Technical support can be obtained by calling Mitch Hyatt, 310.497.7006 or mhyatt@benhyatt.com. Persons attending the deposition will be identified by email at settings@benhyatt.com and mhyatt@benhyatt.com at least 24 hours prior to

the deposition (and no later than 9:30 am PDT on the Friday before a Monday deposition).

3. The deposition will not be recorded by video by the Service or any Party, Witness, or other attendee unless a video deposition has been properly noticed and a videographer has been separately arranged. The deposition may be recorded by audio by the Service only, for purposes of ensuring an accurate transcript. Any such recording will be destroyed once the final transcript has been issued.

4. The Parties agree to not use the chat feature to communicate with the Witness during the deposition, except to facilitate the display of exhibits, in which case any "chat" messages will be sent to "everyone."

5. At least two business days prior to the first deposition with a Service, at a mutually-agreeable time, the Parties (either jointly or separately) may connect to a test environment (the "Test Session") using instructions sent to them by email from the Service provider. The Service provider will demonstrate the features of the Service to the Parties, and the Parties will have an opportunity to test the features of the Service during the Test Session. If technical problems occur during the Test Session and cannot be resolved prior to the date and time of the deposition, the deposition may be postponed, by agreement of the Parties.

6. On the day of the deposition, the Witness, the attorney questioning the Witness, and the attorney defending the Witness will connect to the video feed by clicking on a link provided by the Service, and will connect to audio by dialing in by phone. The Witness will make reasonable efforts to connect to the remote deposition via a device with a screen large enough that s/he will be able to readily view exhibits during the deposition. The video and audio information will be emailed to the attendees by the Service at least 24 hours prior to the deposition. Attendees must not forward the link they receive by email (except as necessary to co-counsel, staff, or the Witness), or allow anyone else to use the link sent to them. Attendees who are not speaking may choose not to receive the video feed by dialing in by phone only.

7. Exhibits may be provided or shown through one or more of the following: (a) emailed to the Service, counsel for the Parties, counsel for the Witness (or, in the case of aggrieved persons, counsel for the United States), or if the Witness is not an aggrieved person and is not represented, directly to the Witness,[1] at least twelve hours prior to the deposition, provided that no email is larger than 25 MB and that no single document is split across multiple emails; (b) delivered by overnight delivery to the Service, all counsel, and the Witness, with or without each exhibit individually sealed to be opened during the deposition only and, if applicable, including explicit instructions in the package that the seal on the exhibit envelopes should not be broken until asked to during the deposition, sent via a method that may be tracked and that is scheduled to be delivered no later than 48 business hours prior to the start of the deposition; (c) shown to the Witness, all counsel, and the Service during the deposition using the "screen share" feature in Zoom; and/or (d) shown to the Witness, all counsel, and the Service during the deposition using the "chat" feature in Zoom. Within one business day of the conclusion of the deposition, counsel that took the deposition shall email to the Service, copying counsel for the Parties and the Witness, all documents marked as exhibits that were not provided in advance of the deposition, provided that no email is larger than 25 MB and that no single document is split across multiple emails. The same set of exhibits must be provided to each individual to whom they are sent, organized in the same fashion.

8. Regardless of the method used to provide or show exhibits to the Witness under paragraph 7, the Witness must be able to see a copy of each exhibit while being asked questions about that exhibit. Subject to paragraph 6, if any Witness cannot reasonably see an exhibit despite its being provided or shown in accordance with paragraph 7, counsel for the Parties shall meet and confer in an effort to resolve the issue, and the deposition may be postponed or held open until a time the Witness can

[1] Represented parties and Witnesses, and Aggrieved Persons whether represented or not, will be provided exhibits through counsel.

see the exhibit(s), by agreement of the parties. If the parties cannot agree as to postponing or holding the deposition open under this paragraph, they may contact the Court to resolve the issue.

9. Exhibits may be marked prior to the deposition. The Parties may agree to a uniform set of numbering in advance to be used for the remaining depositions in this case. The Party introducing any exhibit must ensure that all counsel in attendance at the deposition receive a copy of every exhibit.

10. Nothing in this stipulation alters any Party's obligations under the protective order entered in the matter, ECF No. 23. Should any exhibit contain confidential information under the terms of the Protective Order, the Party introducing the exhibit will take all necessary precautions to ensure the confidentiality of the exhibit and/or information contained therein.

11. Prior to administering the oath to the Witness, off the record, the court reporter will positively verify the identity of the Witness through photo identification acceptable to the Service, including a driver's license or other government issued identification card. The Parties agree to stipulate to the identity of the Witness, unless good cause exists for any Party to dispute the identity of the Witness. The Parties agree that, notwithstanding any state laws that may not permit a court reporter to administer an oath to a witness if they are not in the same location, the Witness will be bound by the oath and the deposition may be used as otherwise permitted by the Federal Rules of Civil Procedure.

12. During the deposition, the Witness, the attorney questioning the Witness, and the attorney defending the Witness, if any, must be on-camera at all times that the deposition is on the record without an artificial background as may be provided by Zoom. The court reporter may appear on camera at his or her discretion. Other attendees, including, but not limited to counsel who are neither questioning nor defending the Witness, must be identified at the outset of the deposition or when they join the deposition on the record but need not be on camera at all times. Other attendees

will not speak on the record or otherwise disrupt the deposition and must keep their phones and microphones on mute at all times while the deposition is on the record.

13. In the event of technological difficulties or other unforeseen interruptions affecting the Witness, the court reporter, the questioning attorney, or the defending attorney, the deposition shall be suspended for a reasonable period of time to address the issue. If these issues cannot be resolved, the Parties may agree to postpone the remainder of the deposition consistent with FRCP Rule 30(d). If the Parties do not agree as to whether the deposition should continue, they shall meet and confer in an effort to resolve the issue, and if they cannot agree, they may contact the Court to resolve the issue.

14. If technological difficulties or other interruptions affect other attendees (but not the Witness, the court reporter, the questioning attorney, or the defending attorney), the individual(s) encountering the problem will promptly provide notice to the Service via phone or email using the contact information provided under paragraph 2 and immediately attempt to reconnect. The deposition will continue, but objections to questions asked and answers provided while the individual(s) are disconnected are not waived, but must be asserted before the conclusion of the deposition or are waived.

15. While the deposition is on the record, no person may communicate with the Witness off the record (including by making verbal or non-verbal cues, passing notes, or sending emails, text messages, or other digital communications).

16. Because the introduction of exhibits may take longer by remote means, and because technical issues may delay or interrupt some of the questioning, the Party noticing the deposition will allow at least one hour for the Party defending the Witness, if any, to question the Witness and introduce exhibits on the record, after the Party noticing the deposition has completed its initial questioning of the Witness. In the event that progress at the deposition is slowed by technological limitations, consistent with FRCP Rule 30(d), the Parties may stipulate to extend the deposition or to resume the deposition at the earliest available mutually-agreed upon time and date.

17. The Party noticing the deposition will pay all fees and costs associated with the Service other than: (a) any per-participant fee for participants associated with any other Party other than the Witness and one attorney of record; (b) the transcript delivery fees and any expedited transcript fees for copies of the transcript and exhibits ordered by any other Party.

18. Nothing in this stipulation waives the rights of any Party to seek any appropriate relief from the Court.

19. Once the deposition begins, all Parties are to remain "on the record" unless counsel questioning the Witness and counsel defending the Witness agree to go "off the record."

20. Other than his or her attorney, or in the case of aggrieved persons, counsel for the United States, no one else is to be in the same room as the Witness while the deposition is on the record, unless otherwise agreed to by all Parties at the outset of the deposition. All persons in the same room as the Witness must remain on camera at all times the deposition is on the record unless otherwise agreed to in advance. If somebody enters the room while the deposition is ongoing, the Witness will immediately advise all counsel.

21. During the deposition, the Witness will not use, consult, or refer to any document or writing in any form including, but not limited to, handwriting, typewriting, transmitting by email or facsimile, and every other means of recording upon any tangible thing, any form or communication, including letters, words, pictures, sounds, or symbols, other than the exhibits he or she is given during the deposition. Nor will the Witness communicate with any person during the course of the deposition concerning the subject matter of this case, other than his or her counsel, or in the case of aggrieved persons, counsel for the United States. While the deposition is on the record, the Witness will not use a cell phone; tablet, laptop, or desktop computer; or any other electronic device to communicate with any person other than his or her counsel, or in the case of aggrieved persons, counsel for the United States. If a Witness needs

technical assistance during the course of the deposition, the individual providing the assistance will be announced at the earliest opportunity.

SO STIPULATED AND AGREED BY:

Dated: November 12, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL*
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division
United States Department of Justice

* I, Matthew Nickell, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER B. BELEN
Trial Attorneys
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

Dated: November 12, 2020

ALESHIRE & WYNDER, LLP

/s/ D. Dennis La
STEPHEN R. ONSTOT
D. DENNIS LA
ERIKA D. GREEN
BRADEN J. HOLLY

*Attorneys for Defendants City of Hesperia, County of San Bernardino, and San Bernardino County Sheriff's Department*