ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ABIGAIL A. NURSE (NY Bar No. 5244512)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
    U.S. Department of Justice, Civil Rights Division
    950 Pennsylvania Ave. NW – 4CON
    Washington, D.C. 20530
    Telephone: (202) 514-4713, Facsimile: (202) 514-1116
    E-mail: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805, Facsimile: (213) 894-7819
    E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HESPERIA, et al., <br><br> Defendants. | Case No. 5:19-CV-2298 AB (SPx) <br><br> **DECLARATION OF MATTHEW NICKELL IN SUPPORT OF STIPULATION TO EXTEND ALL REMAINING DEADLINES** <br><br> Complaint Filed: December 2, 2019 <br> Trial Date: September 21, 2021 <br><br> Honorable André Birotte Jr. <br> United States District Judge |

01071.0047/689846.1

# DECLARATION OF MATTHEW NICKELL

I, MATTHEW NICKELL, declare:

1. I am an Assistant United States Attorney for the Central District of California, and an attorney assigned to this matter. I make this Declaration based on my personal knowledge of the facts and circumstances set forth herein as well as my review of official files of the United States Attorney's Office for the Central District of California.

2. On April 23, 2020, the United States propounded requests for production on each of the three Defendants.

3. The parties held a conference under Fed. R. Civ. P. 26(f) on May 13, 2020.

4. Defendants served responses to the United States' requests for documents on June 26, 2020.

5. In several communications after serving the responses to the United States' requests for documents, including in a phone call on July 15, 2020 and in an email dated July 22, 2020, counsel for Defendants informed counsel for the United States that Defendants might have additional responsive documents, including in multiple filing cabinets, and indicated that they planned to provide supplemental responses after verifying what documents might have already been produced.

6. On October 30, 2020, counsel for the United States sent counsel for Defendants a letter regarding deficiencies in the County of San Bernardino's and San Bernardino County Sheriff Department's responses to the requests for production.

7. On November 2, 2020, counsel for the United States sent counsel for Defendants a letter regarding deficiencies in the City of Hesperia's responses to the requests for production.

8. The parties held a conference on November 6, 2020, during which counsel for Defendants again informed the United States that Defendants had multiple filing cabinets with additional responsive documents, and also stated that Defendants

had a database called Easy Tracking, which may contain relevant information that Defendants may not have been previously produced.

9. The parties held additional conferences regarding Defendants' responses to the requests for production on November 10, November 20, and November 30, 2020. During each of these conferences, counsel for Defendants provided information about responsive documents that they were in the process of identifying. During the November 20, 2020 conference, counsel for Defendants told the United States that there were approximately ten filing cabinets containing responsive documents, and agreed that the United States could inspect the cabinets and further agreed to provide the United States a sample of a few files from those cabinets so that the parties could determine the best way to provide any remaining contents.

10. The City produced supplemental responses to the United States' requests for production on November 13, 2020.

11. On November 14, 2020, Defendants sent a Rule 37 letter to the United States seeking supplemental disclosures and interrogatory responses for the identity of potential witnesses who may be used by the United States in this litigation or called upon at the time of trial. The United States provided a response to this letter as well as supplemental disclosures and interrogatory responses on December 11, 2020.

12. The County and Sheriff's Department produced supplemental responses on December 11, 2020.

13. On December 11, 2020, counsel for Defendants informed counsel for the United States that Defendants had conducted separate searches of the email accounts of certain custodians using search terms, and that they had identified additional emails that appeared potentially relevant to the claims and defenses in this case.

14. In a call on December 22, 2020, counsel for Defendants informed counsel for the United States that Defendants planned to produce by the end of the year certain additional potentially relevant emails they had identified after reviewing for privilege and responsiveness. However, in an email on December 28, 2020,

counsel for Defendants stated they would need additional time to complete this review.

15. Counsel for Defendants requested an additional 30 days to produce the additional potentially relevant emails that they have identified. The United States has conditionally agreed to extend this production deadline assuming that the discovery and other deadlines in this action are extended in accordance with the parties' stipulation.

16. On December 11, 2020, Defendants produced to the United States a copy of the data file for its Easy Tracking database. However, the United States' litigation support personnel have determined that the data file can only be opened with the Easy Tracking software, which counsel for Defendants have informed counsel for the United States is proprietary. Therefore, the United States currently has no way to view the file. The parties are currently conferring to identify a way for the United States to access the data. Defendants have indicated that they provided printouts of a couple of reports from the Easy Tracking database.

17. The parties are continuing to discuss data systems that Defendants have that might contain additional responsive documents, including with respect to arrest records, calls for service, summons and citations, and other police records.

18. The parties anticipate continuing to confer in January 2021 regarding the universe of data systems that might have responsive documents, and regarding their scope and relevancy.

19. The United States believes, and understands that counsel for Defendants also believe, that additional fact discovery must be completed before any experts they retain will have the data they need to perform full and accurate analyses related to the claims and defenses in this action.

20. Defendants have produced a sample of the documents that are in the ten filing cabinets that Defendants identified as containing responsive paper files. However, the parties are still conferring regarding a plan for producing the remainder

of the documents in those filing cabinets without undue expense and burden. This is complicated by the ongoing COVID-19 pandemic, which makes in-person visits by counsel infeasible at this time.

21. Along with other aspects of discovery, scheduling and conducting depositions has been, and the parties anticipate that it will continue to be, more difficult due to the COVID-19 pandemic.

22. The United States noticed a deposition for an employee of the City of Hesperia that was scheduled to occur on November 18, 2020. Two days before the deposition, Defendants informed the United States that this employee had contracted COVID-19, and thus needed to reschedule. Defendants understandably informed the United States they were reluctant to contact this individual about alternative dates until sufficient time had passed for him to recover. To date, the parties have not identified a new date for the deposition. The parties anticipate there may be additional delays scheduling depositions with other deponents due to the pandemic.

23. Defendants have indicated they plan to schedule depositions for various witnesses identified in the United States' supplemental disclosures and interrogatory responses served on December 11, 2020. The United States also plans to schedule additional depositions early in 2021.

24. In light of past delays, logistical challenges, and anticipated future delays caused by the ongoing COVID-19 pandemic, and in order to enable the parties to continue working collaboratively to resolve ongoing discovery disputes, the parties agree that extending all pending litigation and discovery dates in this action by six months is warranted.

25. This is the first continuance the parties have sought in this matter pertaining to discovery, pre-trial, and trial deadlines.

26. The parties agree that no prejudice will result if the Court grants the stipulated extension. The stipulated extension is not sought for any improper purpose, or to cause unnecessary delay.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 31, 2020 at Los Angeles, California.

                    /s/ Matthew Nickell_____
                    MATTHEW NICKELL