PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
AURORA BRYANT (LA Bar No. 33447)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ABIGAIL A. NURSE (NY Bar No. 5244512)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 616-2602, Facsimile: (202) 514-1116
E-mail: Aurora.Bryant@usdoj.gov
TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, et al.,<br>Defendants. | Case No. 5:19-CV-2298 AB (SPx)<br><br>**DECLARATION OF MATTHEW NICKELL IN SUPPORT OF PLAINTIFF UNITED STATES' MOTION TO COMPEL DEFENDANTS' DISCOVERY RESPONSES**<br><br>Honorable Sheri Pym<br>United States Magistrate Judge |

# DECLARATION OF MATTHEW NICKELL

I, MATTHEW NICKELL, declare:

1. I am an Assistant United States Attorney for the Central District of California, and an attorney assigned to this matter. I make this Declaration based on my personal knowledge of the facts and circumstances set forth herein as well as my review of official files of the United States Attorney's Office for the Central District of California.

2. On June 3, 2020, the Court filed a scheduling order in this action, ECF No. 26. Attached hereto as **Exhibit 1** is a true and accurate copy of ECF No. 26. On January 5, 2021, the Court entered an order granting the parties' stipulation to extend all remaining deadlines in this action, ECF No. 40. Attached hereto as **Exhibit 2** is a true and accurate copy of ECF No. 40. Under the Court's January 5, 2021 order, the current fact discovery cut-off date is November 8, 2021, and the current trial date is March 22, 2022.

3. On September 10, 2020, the United States filed its First Amended Complaint and Demand for Jury Trial, ECF No. 31, which is the currently operative complaint in this action. Attached hereto as **Exhibit 3** is a true and accurate copy of ECF No. 31.

4. On September 24, 2020, Defendant City of Hesperia ("City") filed an Answer to the First Amended Complaint, ECF No. 32. Attached hereto as **Exhibit 4** is a true and accurate copy of ECF No. 32.

5. On September 24, 2020, Defendants County of San Bernardino ("County"), and San Bernardino Sheriff's Department ("Sheriff") filed a single Answer to the First Amended Complaint, ECF No. 33. Attached hereto as **Exhibit 5** is a true and accurate copy of ECF No. 33.

6. On April 23, 2020, the United States propounded its first sets of Requests for Production directed to each of the Defendants individually. Attached hereto as **Exhibit 6** is a true and accurate copy of the United States' First Set of Requests for

Production Directed to the City. Attached hereto as **Exhibit 7** is a true and accurate copy of the United States' First Set of Requests for Production Directed to the County. Attached hereto as **Exhibit 8** is a true and accurate copy of the United States' First Set of Requests for Production Directed to the Sheriff.

7. Based on the parties' agreement to extend Defendants' deadline to respond, on June 26, 2020, each Defendant served responses to the United States' first sets of Requests for Production. Attached hereto as **Exhibit 9** is a true and accurate copy of the City's June 26, 2020 Responses to the United States' First Set of Requests for Production. Attached hereto as **Exhibit 10** is a true and accurate copy of the County's June 26, 2020 Responses to the United States' First Set of Requests for Production. Attached hereto as **Exhibit 11** is a true and accurate copy of Sheriff's June 26, 2020 Responses to the United States' First Set of Requests for Production.

8. The City provided supplemental responses—but no additional documents—on November 13, 2020, and on April 9, 2021, it produced additional documents (all emails), but no accompanying supplemental responses. The County produced a set of supplemental responses on December 11, 2020 and produced additional documents in several batches between November 6, 2020 and February 10, 2021. Attached hereto as **Exhibit 12** is a true and accurate copy of the City's November 13, 2020 Supplemental Responses to the United States' First Set of Requests for Production. Attached hereto as **Exhibit 13** is a true and accurate copy of the County's December 11, 2020 Supplemental Responses to the United States' First Set of Requests for Production.

9. On October 14, 2020, the United States propounded its first sets of Interrogatories on Defendants City, County, and Sheriff. Attached hereto as **Exhibit 14** is a true and accurate copy of the United States' First Set of Interrogatories to the City. Attached hereto as **Exhibit 15** is a true and accurate copy of the United States' First Set of Interrogatories to the County. Attached hereto as **Exhibit 16** is a true and accurate copy of the United States' First Set of Interrogatories to the Sheriff.

10. Based on the parties' agreement to extend Defendants' deadline to answer, on November 30, 2020, each Defendant served answers to the United States' first sets of Interrogatories. Attached hereto as **Exhibit 17** is a true and accurate copy of the City's Responses to the United States' First Set of Interrogatories to the City. Attached hereto as **Exhibit 18** is a true and accurate copy of the County's Responses to the United States' Interrogatories to the County. Attached hereto as **Exhibit 19** is a true and accurate copy of the Sheriff's Responses to the United States' Interrogatories to the Sheriff.

11. Defendants did not provide much of the requested data concerning police activity and residential property.

12. The United States sent letters to Defendants describing deficiencies in their discovery responses in accordance with Local Rule 37-1. These included an October 30, 2020 letter to the County and Sheriff's Department regarding deficiencies in their responses to Requests for Production; a November 2, 2020 letter to the City regarding deficiencies in its responses to Requests for Production; and two letters—one to the City, and the other to the County and Sheriff—regarding deficiencies in their Interrogatory responses on February 11, 2021. The letters stated that Defendants had inappropriately raised boilerplate objections in response to every single request and interrogatory, and that they had made unsupported claims of privilege in response to most requests and interrogatories. Furthermore, the letters stated that Defendants had failed to provide responsive, non-privileged documents and information in response to requests concerning core issues in this case, such as police activity and residential property data relevant to assess Defendants' purported rationale for the Crime Free Rental Housing Program (the "Program"), which the City enacted in November 2015, and whether Defendants disparately enforced the Program against African-American and Latino renters. Attached hereto as **Exhibit 20** is a true and accurate copy of the United States' October 30, 2020 Local Rule 37-1 letter to the County and Sheriff concerning their responses to Requests for Production. Attached

hereto as **Exhibit 21** is a true and accurate copy of the United States' November 2, 2020 Local Rule 37-1 letter to the City concerning its responses to Requests for Production. Attached hereto as **Exhibit 22** is a true and accurate copy of the United States' February 11, 2021 Local Rule 37-1 letter to the County and Sheriff regarding their Interrogatory responses. Attached hereto as **Exhibit 23** is a true and accurate copy of the United States' February 11, 2021 Local Rule 37-1 letter to City regarding its Interrogatory responses.

13.     In accordance with Local Rule 37-1, the parties engaged in a meet-and-confer process regarding the Defendants' deficient responses to the United States' first sets of Requests for Production and the United States' first sets of Interrogatories. This included multiple meetings held between November 2020 and March 2021 that covered the issues outlined in the United States' October 30, 2020 and November 2, 2020 letters regarding responses to its Requests for Production, and a meeting on February 22, 2021 to discuss issues outlined in the United States' February 11, 2021 letters regarding responses to its Interrogatories. In the process of conducting these meetings, the parties resolved many of the issues the United States outlined in its deficiency letters. However, other issues were left unresolved.

14.     On February 24, 2021, the United States took the deposition of Nils Bentsen. Mr. Bentsen is currently the City Manager for the City. Mr. Bentsen previously was the Captain overseeing the Sheriff's Hesperia station when the City enacted the Program in November 2015, which is a key subject of this civil action. The City enacted the Program after and based on a presentation by Mr. Bentsen to the City Council, which included data points about crime in the City. A true and accurate copy of a version of the PowerPoint presentation Mr. Bentsen gave to the City Council, as produced by Defendants, is attached hereto as **Exhibit 24**.

15.     During Mr. Bentsen's deposition on February 24, 2021, several of his answers confirmed that Defendants failed to provide complete responses to the United States' discovery requests about the crime-related data points that the Sheriff

generated to support and justify the City's enactment of its crime free rental housing program. Attached hereto as **Exhibit 25** is a true and accurate copy of relevant excerpts from the transcript of Mr. Bentsen's deposition (pages 85–86 of his deposition transcript). As shown in Exhibit 25, Mr. Bentsen testified that individuals in a "crime analysis" office within the Sheriff's Department helped prepare the data in his presentation to the City Council. *See* Exhibit 25 at 85:1–86:6. Mr. Bentsen testified that approximately four individuals from that office helped prepare the data, but he could not remember their names. *See id.* at 86:1–4. He also testified that there were additional "clerical staff" involved in providing the numbers. *See id.* at 85:12–24. Interrogatory No. 4 directed to the Sheriff asked for the identities of "all persons involved in identifying and compiling the data or information or performing the analyses" relating to the Sheriff's recommendation that the City develop the Program. The Sheriff's answer only identified one individual: "former Captain Nils Bentsen."

16.     Defendants did not produce any data, summary, or analysis related to the three data points that Mr. Bentsen or any other individuals used to generate the data points that served as support for the Program. All they produced were some summary figures in three Excel files. These files contained no formulas or information about the source or calculations that resulted in the numbers provided. Images of all of the content from these Excel files is shown below; beyond the figures in these Excel files and the PowerPoint discussed above (Exhibit 24), no additional data, summary, or analysis was produced.

//

//

//

//

//

//

//

| | A | B | C | D |
|---|---|---|---|---|
| 1 | | Total CFS | | |
| 2 | All Other | 66.60% | | |
| 3 | At Rentals | 33.30% | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | | Other | Rentals | Column1 |
| 2 | Other 1 | 1 | | |
| 3 | Rental Property 9 | 9 | | |
| 4 | | | | |
| 5 | | | | |

| | A | B | C | D |
|---|---|---|---|---|
| 1 | | Column2 | Column3 | Column1 |
| 2 | Rentals 80% | 80% | | |
| 3 | All Others 20% | 20% | | |
| 4 | | | | |

17.     In addition, Defendants have not provided the data the United States sought through its Requests for Production related to police activity data and residential property data in Hesperia, including calls for service, citations and summonses, arrest and incident reports, homicide records, documents reflecting whether residential properties are owner-occupied or rentals, and documents tracking alleged criminal activity, nuisances, calls for service, and other Sheriff's Department activity by property address. In failing to provide this data, Defendants have asserted that the information requested is beyond the scope of this action. They have not provided specific or sufficient information to show that producing the requested data would be burdensome.

18.     Months after the United States served its April 23, 2020 Requests for Production, Defendants provided some limited information about data systems likely to contain responsive police activity and residential property data but still did not produce most of the data sought. For example, on a call on November 20, 2020, Defendants for the first time mentioned two data systems that Sheriff's Department staff access for criminal background information, CII and CLETS. On November 30, 2020, Defendants mentioned another system called JMS. In a call on January 12, 2021, Defendants stated that Sheriff's Department staff who enforced the Program used a database called PIMS—which was maintained by County staff outside the Sheriff's Department—to determine whether residential properties in Hesperia were

rental properties. Defendants also stated that the Sheriff's Department uses law enforcement dispatch software produced by a company called Tiburon to input and receive information about Sheriff's Department activities, including for 911 calls, but did not identify the name of the software or the range of data available in that system.

19.     The United States has repeatedly told Defendants that, if Defendants provided information about the data systems where the requested police activity and residential property data was stored and generated, this could enable the United States to determine whether there are ways to narrow its requests or identify efficient ways to export the data they contain. Defendants have declined to provide additional information about these data systems despite the United States' repeated requests. In addition, Defendants' counsel rejected numerous requests to arrange for Defendants' IT personnel to have informal discussions with the United States' IT personnel about the relevant data systems, including the format of the data they contain and potential export options.

20.     The United States has also suggested that Defendants consider options such as using screen-sharing so Defendants could demonstrate for the United States' IT personnel the key features of some of their software or data systems, including their options for searching, sorting, and exporting responsive data. However, Defendants have also declined this proposal.

21.     In a final attempt to avert the need to bring the data issues before the Court, the United States proposed taking early, partial depositions of the County and Sheriff's Department under Federal Rule of Civil Procedure 30(b)(6) to inquire further about Defendants' data systems and explore options for obtaining responsive data efficiently and with minimal burden. On February 3, 2021, at Defendants' request, the United States sent proposed notices of depositions that outlined with specificity the topics that the United States intended to inquire about so that Defendants could adequately prepare their chosen deponents. Attached hereto as **Exhibit 26** is a true and accurate copy of the February 3, 2020 draft Rule 30(b)(6) notice directed to the

County. Attached hereto as **Exhibit 27** is a true and accurate copy of the February 3, 2020 draft Rule 30(b)(6) notice directed to the Sheriff. However, after an intervening call and emails between the parties, on a February 22, 2021 call and in subsequent communications on February 24 and March 2, 2021, Defendants raised objections to many of the topics in the United States' proposed Rule 30(b)(6) notice, said that they would not be willing to stipulate to a bifurcated deposition if that deposition would cover information they objected to, and took the position that they would only proffer or prepare a witness to cover the information that was not subject to their objections. Because of the scope and breadth of the objections over topics the United States views as necessary to obtain the relevant information, the United States does not believe this would be a productive avenue to obtain information about the requested data.

22.     The City and County both produced privilege logs with their June 26, 2020 responses to the United States' Requests for Production. The Sheriff never produced its own privilege log.

23.     The United States' October 30, 2020 letter to the County and its November 2, 2020 letter to the City identified deficiencies in each of those Defendants' privilege logs. The letters noted that, according to the privilege logs, the City and County were withholding responsive email communications between City attorneys and Sheriff's staff even though they preceded the Program's adoption and thus appear not to have been covered by the privileges claimed. In addition, the letters noted that the City and County had asserted other privileges without support and fully withheld communications between non-attorney staff forwarding or allegedly discussing attorney communications with other non-attorneys, which, at most, should have been partially redacted. Counsel for the United States discussed those deficiencies with Defendants' counsel during meet-and-confer meetings in November 2020.

24.     On November 13, 2020, the City provided a revised privilege log that appeared intended to replace its original June 26, 2020 privilege log, which included

the entries from the June 26, 2020 log as well as some additional ones. Attached as **Exhibit 28** is a true and accurate copy of the City's November 13, 2020 revised privilege log. In addition, on April 9, 2021, the City provided a supplemental privilege log that added new entries supplementing the November 13, 2020 revised privilege log. Attached hereto as **Exhibit 29** is a true and accurate copy of the City's April 9, 2021 supplemental privilege log.

25. The County has never updated or supplemented its June 26, 2020 privilege log. Attached here to as **Exhibit 30** is a true and accurate copy of the County's June 26, 2020 privilege log.

26. The parties filed a Stipulated Protective Order in this action on May 22, 2020, which the Court entered as an order on May 27, 2020, ECF No. 23. Attached here to as **Exhibit 31** is a true and accurate copy of the Stipulated Protective Order as entered by the Court. The Stipulated Protective Order contains procedures for the protection of confidential or sensitive information.

I declare under penalty of perjury that the foregoing is true and accurate.

Executed on April 14, 2021 at Los Angeles, California.

MATTHEW NICKELL

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 1 of 18 Page ID #:176

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, et al.,

Defendants.

Case No. 5:19-cv-02298 AB (SPx)

**ORDER RE: JURY/COURT TRIAL**

**I. SCHEDULE**

**II. TRIAL PREPARATION**

**III. CONDUCT OF ATTORNEYS AND PARTIES**

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 2 of 18 Page ID #:177

## I. SCHEDULE

The Scheduling Order governing this case is set forth in the Schedule of Pretrial and Trial Dates chart below. Whether this is a jury trial or court trial is indicated in the upper right hand box. If the parties wish to set additional dates, they may file a Stipulation and Proposed Order so seeking. This may be especially appropriate in class actions, patent cases, or cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").

Please refer to the Court's Standing Order for requirements for specific motions, discovery, certain types of filings, courtesy copies, emailing signature items to chambers, alternative dispute resolution, and other matters pertaining to all cases.

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 3 of 18 Page ID #:178

## JUDGE ANDRÉ BIROTTE JR.
## SCHEDULE OF PRETRIAL AND TRIAL DATES

| Trial and Final Pretrial Conference Dates | | Court Order mm/dd/yyyy |
|---|---|---|
| Trial | | 09/21/2021 at 8:30 a.m.<br>☒ Jury Trial<br>☐ Court Trial<br>10 Day(s) |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine | | 09/03/2021 at 11:00 a.m. |
| **Event** [1]<br>***Note:*** Hearings shall be on Fridays at 10:00 a.m.<br>Other dates can be any day of the week. | **Weeks Before FPTC** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings/Add Parties *[Friday]* | | 10/02/2020 |
| Non-Expert Discovery Cut-Off | 17 | 05/07/2021 |
| Expert Disclosure (Initial) | | 03/01/2021 |
| Expert Disclosure (Rebuttal) | | 03/22/2021 |
| Expert Discovery Cut-Off | 12[2] | 06/11//2021 |
| Last Date to ***Hear*** Motions *[Friday]*<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 06/25/2021 |
| Deadline to Complete Settlement Conference [L.R. 16-15] | 10 | 04/16/2021<br>☒ 1. Magistrate Judge<br>☐ 2. Court's Mediation Panel<br>☐ 3. Private Mediation |
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 08/13/2021 |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 08/20/2021 |

**[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

**[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 4 of 18 Page ID #:179

**A. Deadlines for Motions.**

All motions must be noticed to be *heard* on or before their respective deadlines. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

**B. Discovery Cut-Off and Discovery Disputes**

1. Discovery Cut-off: The cut-off date for discovery *is not* the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, must be completed. Thus, written discovery must be served, and depositions must begin, sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge via motion practice responses deemed to be deficient. Given the requirements to meet and confer and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

2. Expert Discovery: All expert disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

3. Discovery Disputes: Counsel must use best efforts to resolve discovery problems among themselves in a courteous, reasonable and professional manner. Counsel must adhere to the Civility and Professionalism Guidelines at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines .

4. Discovery Motions: Discovery motions are handled by the Magistrate Judge assigned to the case. Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 5 of 18 Page ID #:180

motion is granted.

**C. Law and Motion and Local Rule 7-3**

The Court reminds the parties of their obligation under Local Rule 7-3 to meet and confer to attempt to resolve disputes before filing a motion. This Court also requires the parties to meet and confer on any other request for relief (except those identified in Local Rules 7-3 and 16-12) .

Please see the Standing Order for specific instructions regarding Motions to Dismiss, Motions to Amend, Motions for Summary Judgment, and other requests.

**D. Settlement Conference/Alternative Dispute Resolution Procedures**

Pursuant to Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. The Scheduling Order indicates the procedure the parties shall use. If the parties prefer an ADR procedure other than the one ordered by the Court, they shall file a Stipulation and Proposed Order. This request will not necessarily be granted.

Counsel shall file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions, and any help the Court may provide with regard to settlement negotiations, by 7 days after the settlement conference. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

**E. Final Pretrial Conference/Proposed Final Pretrial Conference Order**

The Court has set a Final Pretrial Conference ("FPTC") pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16-8. **THE COURT REQUIRES STRICT COMPLIANCE WITH FED. R. CIV. P. 16 AND 26, AND LOCAL RULE 16.** Each party appearing in this action must be represented at the FPTC by the lead trial counsel for that party. Counsel must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 6 of 18 Page ID #:181

The parties must file a proposed Proposed Final Pretrial Conference Order ("Proposed FPTCO") 2 weeks (14 days) before the FPTC. The parties must adhere to this deadline so chambers can prepare. A template for the Proposed FPTCO is available on Judge Birotte's webpage. The parties MUST use this template.

In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

The parties must attempt to agree on and set forth as many uncontested facts as possible. The Court will usually read the uncontested facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will shorten the trial and increase jury understanding of the case.

In drafting the factual issues in dispute, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

The parties shall email the Proposed FPTCO in Microsoft Word format to chambers at AB_Chambers@cacd.uscourts.gov .

**II. TRIAL PREPARATION**

**THE PARTIES MUST STRICTLY COMPLY WITH LOCAL RULE 16.** Pursuant to Local Rule 16-2, lead trial counsel for each party are required to meet and confer in person 40 days in advance to prepare for the FPTC. Please review Local Rule 16-2. This Order sets forth some requirements different from or in addition to

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 7 of 18 Page ID #:182

those set out in Local Rule 16. The Court may take the FPTC off calendar or impose other sanctions for failure to comply with these requirements.

**A. Schedule for Filing Pretrial Documents for Jury and Court Trials**

All pretrial document copies shall be delivered to the Court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner). Except for motions in limine, oppositions, the Joint Status Report Regarding Settlement, and Declarations containing direct testimony, **Counsel shall email all of the above, including any amended documents, in Microsoft Word format to AB_Chambers@cacd.uscourts.gov** .

The schedule for filing pretrial documents is as follows:

♦ At least **3 weeks (21 days)** before the Final Pretrial Conference:

- Motions in Limine
- Memoranda of Contentions of Fact and Law
- Witness Lists
- Joint Exhibit List
- Joint Status Report Regarding Settlement
- Proposed Findings of Fact and Conclusions of Law *(court trial only)*
- Declarations containing Direct Testimony *(court trial only)*

♦ At least **2 weeks (14 days)** before the Final Pretrial Conference:

- Oppositions to Motions in Limine
- Joint Proposed Final Pretrial Conference Order
- Joint/Agreed Proposed Jury Instructions *(jury trial only)*
- Disputed Proposed Jury Instructions *(jury trial only)*
- Joint Proposed Verdict Forms *(jury trial only)*
- Joint Statement of the Case *(jury trial only)*
- Proposed Additional Voir Dire Questions, if any *(jury trial only)*
- Evidentiary Objections to Declarations of Direct *Testimony (court trial only)*

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 8 of 18 Page ID #:183

**1. Motions in Limine**

Motions in limine will be heard and ruled on at the FPTC. The Court may rule on motions in limine orally only instead of in writing. All motions in limine must be filed at least 3 weeks (21 days) before the final pretrial conference; oppositions must be filed at least 2 weeks (14 days) before the final pretrial conference; there will be no replies. Motions in limine and oppositions must not exceed 10 pages in length.

Before filing a motion in limine, counsel **must** meet and confer to determine whether opposing counsel intends to introduce the disputed evidence and to attempt to reach an agreement that would obviate the motion. Motions in limine should address specific issues (e.g., not "to exclude all hearsay"). Motions in limine should not be disguised motions for summary adjudication of issues. The Court may strike excessive or unvetted motions in limine.

**2. Witness Lists**

Witness Lists must be filed 3 weeks (21 days) before the FPTC. They must be in the format specified in Local Rule 16-5, and must also include for each witness (i) a brief description of the testimony, (ii) what makes the testimony unique, and (iii) a time estimate in hours for direct and cross-examination (separately stated). Please follow the template posted to Judge Birotte's webpage. Any Amended Witness List must be filed by 12:00 p.m. (noon) the Friday before trial.

**3. Joint Exhibit List**

The Joint Exhibit List must be filed 3 weeks (21 days) before the FPTC. It must be in the format specified in Local Rule 16-6, and shall include an additional column stating any objections to authenticity and/or admissibility, and the reasons for the objections. Please follow the template posted to Judge Birotte's webpage. Any Amended Joint Exhibit List must be filed by 12:00 p.m. (noon) the Friday before trial.

**4. Jury Instructions** ***(jury trial only)***

Jury instructions must be filed no later than 2 weeks (14 days) prior to the FPTC. The parties shall make every attempt to agree upon jury instructions before

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 9 of 18 Page ID #:184

submitting proposals to the Court. **The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law.** The parties shall meet and confer on jury instructions according to the following schedule:

- *4 weeks (28 days) before FPTC*: Counsel shall exchange proposed jury instructions (general and special)
- *3 weeks (21 days) before FPTC*: Counsel shall exchange any objections to the instructions
- *Until 2 weeks (14 days) before FPTC*: Counsel shall meet and confer with the goal of reaching an agreement on one set of Joint/Agreed Jury Instructions.
- *2 weeks (14 days) before FPTC*: counsel shall file their (1) Joint/Agreed Proposed Jury Instructions and their (2) Disputed Jury Instructions.

If the parties disagree on any proposed jury instructions, they shall file: (i) **1 set** of Joint/Agreed Proposed Jury Instructions to which all parties agree; and (ii) **1 set** of Disputed Jury Instructions, which shall include a "redline" of any disputed language and/or the factual or legal basis for each party's position as to each disputed instruction. Where appropriate, the disputed instructions shall be organized by subject, so that instructions that address the same or similar issues are presented sequentially. If there are excessive or frivolous disagreements over jury instructions or the special verdict form, the Court will order the parties to further meet and confer before trial and/or during trial until they substantially narrow their disagreements.

***Sources***: When the *Manual of Model Jury Instructions for the Ninth Circuit* provides an applicable jury instruction, the parties should submit the most recent version, modified and supplemented to fit the circumstances of this case. Where California law applies, counsel should use the current edition of the *Judicial Council of California Civil Jury Instructions* ("CACI"). If neither applies, counsel should consult the current edition of O'Malley, et al., *Federal Jury Practice and Instructions*. Counsel may submit alternatives to these instructions only if there is a

Case 5:19-cv-02298-AB-SP Document 28 Filed 06/03/20 Page 10 of 18 Page ID #:183

reasoned argument that they do not properly state the law or that they are incomplete. The Court seldom if ever gives instructions derived solely from cases.

***Format***: Each requested instruction shall (1) cite the authority or source of the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered, (5) cover only one subject or principle of law, and (6) not repeat principles of law contained in any other requested instruction. If a standard instruction has blanks or offers options (i.e. "he/she"), the parties must fill in the blanks or make the appropriate selections in their proposed instructions.

***Index***: The Proposed Instructions must have an index that includes the following for each instruction, as illustrated in the example below:

- the number of the instruction;
- the title of the instruction;
- the source of the instruction and any relevant case citations; and
- the page number of the instruction.

***Example:***

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15.U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

During the trial and before closing argument, the Court will meet with counsel to settle the instructions, and counsel will have an opportunity to make a further record concerning their objections.

**5. Joint Verdict Forms *(jury trial only)***

The parties shall make every attempt to agree upon a verdict form before submitting proposals to the Court. Counsel shall file a proposed verdict form(s) no later than 2 weeks (14 days) before the FPTC. If the parties are unable to agree on a verdict form, the parties shall file one document titled "Competing Verdict Forms" which shall include: (i) the parties' respective proposed verdict form; (ii) a "redline"

of any disputed language; and (iii) the factual or legal basis for each party's respective position if the entire form is being disputed.

**6. Joint Statement of the Case** ***(jury trial only)***

By 2 weeks (14 days) before the FPTC, counsel must file a Joint Statement of the Case for the Court to read to the panel of prospective jurors before commencement of voir dire. This should be a brief neutral statement. no more than one page long.

**7. Voir Dire** ***(jury trial only)***

The Court will conduct the voir dire. The Court asks prospective jurors basic questions (jurors' place of residence, employment, whether familiar with the parties or counsel, etc.), and may ask additional case-specific questions. By 2 weeks (14 days) before the FPTC, counsel may, but are not required to, file proposed case-specific voir dire questions for the Court's consideration.

Generally, a jury consists of eight jurors. In most cases, the Court seats 16 prospective jurors in the jury box and conducts its initial voir dire. Each side has 3 peremptory challenges. If 16 jurors are seated in the box and all 6 peremptory challenges are exercised, the remaining 8 jurors will constitute the jury panel. If fewer than 6 peremptory challenges are exercised, the 8 jurors in the lowest numbered seats will be the jury. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all 6 peremptory challenges are exercised, the Court may decide to proceed with 6 or 7 jurors.

**8. Proposed Findings of Fact and Conclusions of Law** ***(court trial only)***

For any trial requiring findings of fact and conclusions of law, counsel for each party shall, no later than 3 weeks (21 days) before the FPTC, file and serve on opposing counsel its Proposed Findings of Fact and Conclusions of Law in the format specified in Local Rule 52-3.

The parties may submit Supplemental Proposed Findings of Fact and Conclusions of Law during the trial. Once trial concludes, the Court may order the

Case 5:19-cv-02298-AB-SP Document 28 Filed 06/03/20 Page 12 of 18 Page ID #:187

parties to file Revised Proposed Findings of Fact and Conclusions of Law.

**9. Declarations for Direct Testimony (*court trial only)***

When ordered by the Court in a particular case, each party shall, at least 3 weeks (21 days) before the FPTC, file declarations containing the direct testimony of each witness whom that party intends to call at trial. If such declarations are filed, each party shall file any evidentiary objections to the declaration(s) submitted by any other party by 2 weeks (14 days) before the FPTC. Such objections shall be submitted in the following three-column format: (i) the left column should contain a verbatim quote of each statement objected to (including page and line number); (ii) the middle column should set forth a concise objection (e.g., hearsay, lacks foundation, etc.) with a citation to the Fed. R. Evid. or, where applicable, a case citation; and (iii) the right column should provide space for the court's ruling on the objection. The Court anticipates issuing its ruling on the objections the same date as the FPTC.

**B. Trial Exhibits**

Trial exhibits that consist of documents must be submitted to the Court in three-ring binders. Counsel shall submit to the Court **1 original set of exhibit binders,** and **2 copies**: the original set shall be for the witnesses, and the 2 copies are for the Court. All exhibits must be placed in three-ring binders indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered 1, 2, 3, etc., ***not*** 1.1, 1.2, etc. The defendant's exhibit numbers shall not duplicate plaintiff's numbers. For all 3 sets of binders, the spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

- The ***original set of exhibits*** shall have official exhibit tags (yellow tags for plaintiff's exhibits, and blue tags for defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag. Tags may be obtained from the Clerk's Office, or counsel may print their own exhibit tags using Forms G-14A and G-14B on the "Court Forms" section of the Court's website.

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 13 of 18 Page ID #:188

- The ***2 sets of copies of the exhibits*** shall ***not*** have official exhibit tags but must be indexed with tabs or dividers on the right side.

Counsel will review the exhibit list and the exhibit binders with the Courtroom Deputy Clerk ("CRD") before the admitted exhibits are given to the jury.

The Court provides audio/visual equipment for use during trial. More information is available at http://www.cacd.uscourts.gov/clerk-services/courtroom-technology . The Court does not permit exhibits to be "published" by passing them up and down the jury box. Exhibits may be displayed briefly using the screens in the courtroom, unless the process becomes too time-consuming.

Counsel must meet and confer not later than 10 days before trial to stipulate as far as possible to foundation, to waiver of the best evidence rule, and to exhibits that may be received into evidence at the start of the trial. The exhibits to be so received will be noted on the Court's copy of the exhibit list.

**C. Materials to Present on First Day of Trial**

Counsel must present these materials to the CRD on the ***first day of trial***:

1. The **3 sets of exhibit binders** (1 original, 2 copies) described above.
2. Any **deposition transcripts** to be used at trial, either as evidence or for impeachment. These lodged depositions are for the Court's use; counsel must use their own copies during trial.

**D. Court Reporter**

Any party requesting special court reporter services for any hearing (i.e., real time transmission, daily transcripts) shall notify the court reporter at least 2 weeks before the hearing date.

**E. Jury Trial**

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 4:30 p.m., with a 1-hour lunch break. Counsel must appear at 8:30 a.m. to discuss preliminary matters with the Court The Court will call a jury panel only when it is satisfied that the matter is ready for trial. Jury selection usually takes

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 14 of 18 Page ID #:185

only a few hours. Counsel should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Fridays are usually reserved for the Court's calendar, so generally there will not be trial on Fridays. Therefore, during the first week, trial days are generally Tuesday through Thursday. After the first week, trial days are generally Monday through Thursday. Trial days are from 9:00 a.m. to approximately 4:30 p.m., with two 15-minute breaks and a 1-hour lunch break.

## III. CONDUCT OF ATTORNEYS AND PARTIES

### A. Meeting and Conferring Throughout Trial

The parties **<u>must</u>** meet and confer on an ongoing basis throughout trial on all issues as they come up. The Court will not resolve any issue during trial unless and until the parties have attempted to resolve it themselves. The Court strictly enforces this rule.

### B. Opening Statements, Examining Witnesses, and Summation

Counsel must use the lectern. Counsel must not consume time by writing out words, drawing charts or diagrams, etc. Counsel may prepare such materials in advance. The Court will establish and enforce time limits for opening statements and closing arguments, and for examination of witnesses.

### C. Objections to Questions

Counsel must not use objections to make a speech, recapitulate testimony, or attempt to guide the witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal ground of objection. If counsel wishes to argue an objection further, counsel must ask for permission to do so.

### D. General Decorum

1. Counsel must not approach the CRD or the witness box without specific permission and must return to the lectern when the purpose for approaching has been accomplished.

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 15 of 18 Page ID #:190

2. Counsel must rise when addressing the Court, and when the Court or the jury enters or leaves the courtroom, unless directed otherwise.

3. Counsel must address all remarks to the Court. Counsel must not address the CRD, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the Court. Counsel must ask the Court's permission to speak with opposing counsel.

4. Counsel must not address or refer to witnesses or parties by first names alone, with the exception of witnesses under 14 years old.

5. Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable.

6. While Court is in session, counsel must not leave counsel table to confer with any person in the back of the courtroom without the Court's permission.

7. Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

8. Counsel must never talk to jurors at all, and must not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation can be overheard by jurors. Counsel should admonish their clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyer, only one may conduct the direct or cross-examination of a particular witness, or make objections as to that witness.

**E. Promptness of Counsel and Witnesses**

1. Promptness is expected from counsel and witnesses. Once counsel are engaged in trial, this trial is counsel's first priority. The Court will not delay the trial or inconvenience jurors.

2. If a witness was on the stand at a recess or adjournment, counsel

who called the witness shall ensure the witness is back on the stand and ready to proceed when trial resumes.

3. Counsel must notify the CRD in advance if any witness should be accommodated based on a disability or for other reasons.

4. No presenting party may be without witnesses. If a party's remaining witnesses are not immediately available and there is more than a brief delay, the Court may deem that party to have rested.

5. The Court attempts to cooperate with professional witnesses and generally accommodates them by permitting them to be called out of sequence. Counsel must anticipate any such possibility and discuss it with opposing counsel. If there is an objection, counsel must confer with the Court in advance.

**F. Exhibits**

1. Each counsel must keep counsel's own list of exhibits and must note when each has been admitted into evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the CRD and must return them before leaving the courtroom at the end of the session.

3. An exhibit not previously marked must, at the time of its first mention, be accompanied by a request that it be marked for identification. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

4. Counsel must advise the CRD of any agreements with respect to the proposed exhibits and as to those exhibits that may be received without further motion to admit.

5. When referring to an exhibit, counsel must refer to its exhibit number. Witnesses should be asked to do the same.

6. Counsel must not ask witnesses to draw charts or diagrams, or ask the Court's permission for a witness to do so. Any graphic aids must be fully

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 17 of 18 Page ID #:192

prepared before the court session starts.

**G. Depositions**

1. In using depositions of an adverse party for impeachment, counsel may adhere to either one of the following procedures:

a. If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel shall first state the page and line where the reading begins and the page and line where the reading ends, and allow time for any objection. Counsel may then read the portions of the deposition into the record.

b. If counsel wishes to ask the witness further questions on the subject matter, the deposition shall be placed in front of the witness and the witness told to read the relevant pages and lines silently. Then counsel may either ask the witness further questions on the matter and thereafter read the quotations, or read the quotations and thereafter ask further questions. Counsel should have an extra copy of the deposition for this purpose.

2. Where a witness is absent and the witness's testimony is offered by deposition, counsel may (a) have a reader occupy the witness chair and read the testimony of the witness while the examining lawyer asks the questions, or (b) have counsel read both the questions and the answers.

**H. Using Numerous Answers to Interrogatories and Requests for Admission**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel.

**I. Advance Notice of Unusual or Difficult Issues**

If any counsel anticipate that a difficult question of law or evidence will

Case 5:19-cv-02298-AB-SP Document 26 Filed 06/03/20 Page 18 of 18 Page ID #:193

necessitate legal argument requiring research or briefing, counsel **must** give the Court advance notice. Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed in advance. Counsel must also advise the CRD at the end of each trial day of any issues that must be addressed outside the presence of the jury so that there is no interruption of the trial. **THE COURT WILL NOT KEEP JURORS WAITING.**

**Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.**

**IT IS SO ORDERED.**

Dated: June 3, 2020

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, et al.<br>Defendants. | Case No. 5:19-cv-02298 AB (SPx)<br>**~~[PROPOSED]~~ ORDER GRANTING STIPULATION TO EXTEND ALL REMAINING DEADLINES**<br>Honorable André Birotte Jr.<br>United States District Judge |

**[PROPOSED] ORDER**

Having considered the Parties' Stipulation to Extend All Remaining Deadlines, and good cause appearing,

IT IS HEREBY ORDERED that the Parties' Stipulation to Extend All Remaining Deadlines is GRANTED. The remaining deadlines in this action are hereby adjusted as follows:

/ /

/ /

/ /

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Fact Discovery Cut-Off | May 7, 2021 | November 8, 2021 |
| Initial Expert Exchange | March 1, 2021 | September 1, 2021 |
| Rebuttal Expert Exchange | March 22, 2021 | September 22, 2021 |
| Expert Cut-off | June 11, 2021 | December 13, 2021 |
| Motion Hearing Cut-Off | June 25, 2021 | December 17, 2021 |
| ADR Cut-Off | April 16, 2021 | October 15, 2021 |
| Trial Filings (first round) | August 13, 2021 | February 11, 2022 |
| Trial Filings (second round) | August 20, 2021 | February 18, 2022 |
| Final Pre-Trial Conference | September 3, 2021 | March 4, 2022 at 11:00 a.m. |
| Trial Date<br>Trial Estimate 10-15 days | September 21, 2021 at 8:30 a.m. | March 22, 2022 at 8:30 a.m. |

IT IS SO ORDERED.

Dated: January 05, 2021

The Honorable André Birotte Jr.
United States District Judge

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 1 of 22 Page ID #:225

WILLIAM P. BARR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-cv-02298 AB (SPx)

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Hon. André Birotte, Jr.
United States District Judge

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 2 of 22 Page ID #:230

# FIRST AMENDED COMPLAINT

Plaintiff, the United States of America ("United States"), alleges as follows:

## I. INTRODUCTION

1. The United States brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA"). The United States brings this action pursuant to 42 U.S.C. § 3612(o) following an investigation and charge of discrimination by the Department of Housing and Urban Development ("HUD") and an election by Defendant City of Hesperia ("Hesperia" or the "City") to proceed in federal district court.

2. The United States also brings this action pursuant to 42 U.S.C. § 3614(a), because Defendants Hesperia, the County of San Bernardino, California ("San Bernardino County" or the "County"), and the San Bernardino County Sheriff's Department (the "Sheriff's Department"), a law enforcement agency that is part of the County, separately and collectively have engaged in a pattern or practice of discrimination against residents and prospective residents of Hesperia because of race and national origin. This discrimination denied rights to a group of persons and such denial raises an issue of general public importance under 42 U.S.C. § 3614(a).

3. The United States also brings this action pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7; the Title VI implementing regulation issued by HUD, 24 C.F.R. Part 1; and Title VI contractual assurances, because Defendant Hesperia discriminated against residents and prospective residents of Hesperia on the grounds of race and national origin.

4. In November 2015, the City—with substantial support from the Sheriff's Department, which provides the City's local police services—enacted an ordinance mandating that rental property owners evict their tenants if the Sheriff's Department notified them that a tenant engaged in any purported criminal activity on or near the property. The ordinance also mandated criminal background checks and Sheriff's Department screenings for tenants, and annual inspections of rental properties by the

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 3 of 22 Page ID #:231

Sheriff's Department. Although the City purportedly enacted the ordinance to reduce crime, its true purpose was to address a so-called "demographical problem" by driving African American and Hispanic or Latino ("Latino") renters from their homes and from Hesperia and by deterring other African Americans and Latinos from moving to the City.

5. The Sheriff's Department, which the City tasked with enforcing the ordinance, exercised its substantial discretion to target African American and Latino renters, as well as renters who lived in majority-minority areas of Hesperia. It demanded evictions of entire families for conduct involving one tenant or even guests or estranged family members, evictions of victims of domestic violence, and evictions in the absence of concrete evidence of criminal activity. It also threatened and took action against housing providers that failed to evict tenants under the ordinance's strictures.

6. Defendants enacted and enforced the ordinance with the intent and effect of disproportionately impacting African American and Latino renters.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, 42 U.S.C. §§ 3612(o), 3614(a), 42 U.S.C. §§ 2000d to 2000d-7, 24 C.F.R. § 1.8(a), and 28 C.F.R. § 42.108.

8. Venue is proper under 28 U.S.C. § 1391(b) because conduct giving rise to the United States' allegations occurred in the Central District of California, and Defendants are located in the Central District of California.

## III. DEFENDANTS

9. Hesperia is a municipal corporation located in the County of San Bernardino, California, which is in the Central District of California.

10. Hesperia is governed by a five-member City Council and a City Manager whom the City Council appoints.

11. The City's programs and activities receive federal financial assistance, including from HUD.

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 4 of 22 Page ID #:232

12. As a recipient of federal funds, the City is responsible for ensuring—and it has made contractual assurances that it will ensure—that the programs or activities to which it distributes those funds, including programs administered by the City Council and Sheriff's Department, comply with federal law.

13. San Bernardino County is a municipal corporation located in the Central District of California.

14. The County is governed by a five-member Board of Supervisors and a Chief Executive Officer whom the Board of Supervisors appoints.

15. The Sheriff's Department is a law enforcement agency funded and operated by San Bernardino County.

16. Hesperia contracts with San Bernardino County for law enforcement services. Pursuant to that contract, the Sheriff's Department provides local police services to the City.

## IV. FACTUAL ALLEGATIONS

### A. The City—with substantial support from the Sheriff's Department—enacted the mandatory eviction ordinance to address a perceived "demographical problem": the growing population of African American and Latino renters in Hesperia.

*1. Changing Demographics in Hesperia*

17. Hesperia is located north of the Los Angeles National Forest in the Victor Valley region of the Mojave Desert in San Bernardino County.

18. The African American and Latino population in Hesperia grew rapidly in the late 20th and early 21st centuries while the percentage of non-Hispanic white residents declined. In 1990, non-Hispanic white residents were 76.8% of the City's population, but by 2000, this had dropped to 62.4%. By 2010, Hesperia's non-Hispanic white population was 41.1%. According to Census Bureau estimates, the percentage of non-Hispanic whites in Hesperia had further declined to 35.8% by 2016.

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 5 of 22 Page ID #:255

19. The number of Latino residents in Hesperia rose by 140% between 2000 and 2010, from 18,400 to 44,091. The number of African American residents rose by 103% during the same period, from 2,388 to 4,853. According to the 2010 Census, the City was 5.4% African American and 48.9% Latino.

*2. Overview of the Ordinance*

20. On November 17, 2015, Hesperia enacted ordinance no. 2015-12, entitled "An Ordinance of the City Council of the City of Hesperia, California, Requiring the Registration and Regulation of Housing Rental Businesses for Crime Free Rental Housing." The ordinance went into effect on January 1, 2016, and remained in effect until on or about July 18, 2017.

21. The ordinance applied exclusively to rental properties. It contained four core requirements relevant to the United States' claims.

a. First, it required all owners of rental property in the City to register their properties and pay an annual fee, and it imposed fines for failure to register those properties. Under the City fee schedule for the ordinance, an owner had to pay a $350 fine for failing to register a single-family rental property, and a fine of $50 per unit for failing to register a multifamily property. The ordinance also made the failure to register or to comply with the provisions of the ordinance a misdemeanor.

b. Second, it required owners to submit the names of all adult tenancy applicants to the Sheriff's Department for a background screening. In addition, it required owners to use a commercially available service to conduct a criminal background check of their tenants, at the owners' expense. The City fee schedule for the ordinance imposed a $250 fine for an owner's failure to screen a tenant or applicant.

c. Third, it required all owners to incorporate a "Crime Free Lease Addendum" into all new and renewed residential leases. The City Council approved the addendum. The addendum mandated that if any occupant, guest, or "other person under the [occupant's] control" engaged in a single instance of any criminal activity "on or near" the property or, in the case of drug crimes, "at any location," this "w[ould] result in a

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 6 of 22 Page ID #:234

Three-Day Notice to Quit." Neither the ordinance nor the addendum required a conviction or other criminal disposition, or even an arrest, to trigger the three-day notice. The addendum allowed landlords to serve the three-day notice requiring that "every member of . . . [the] household . . . shall vacate the premises within three days."

d. The City fee schedule for the ordinance imposed a $500 fine on owners for failure to initiate an eviction in accordance with the addendum, as well as a $250 fine for failure to incorporate the addendum in a lease.

e. Fourth, the ordinance required all rental properties in the City to undergo annual police inspections for items related to actual or potential criminal activity, for example, whether poor lighting or landscaping offered places for individuals to hide. The City fee schedule for the ordinance provided a $100 fee for each reinspection and a $400 fine for failing to make any required corrections.

22. The City amended the ordinance as of July 18, 2017, during HUD's investigation. The language of the ordinance changed, but the components of the crime-free rental housing program implemented under the original ordinance remain largely the same, although certain provisions are no longer mandatory. The current City fee schedule provides for many of the same fines under the amended ordinance as it did under the original ordinance.

*3. The City's Enactment of the Ordinance*

23. The ordinance's stated rationale was a purported connection between rental properties and increased "illegal activity" and "law enforcement calls for service." However, statements by City and Sheriff's Department officials leading up to the enactment of the ordinance belie this rationale.

24. Instead, statements by City and Sheriff's Department officials indicate that the ordinance was enacted with discriminatory intent and with the purpose of evicting and deterring African American and Latino renters from living in Hesperia.

25. In City Council hearings prior to the ordinance's enactment, the Mayor, Mayor Pro Tem, and other City Councilmembers made numerous statements that

Case 5:19-cv-02298-AB-SP Document 31 Filed 09/10/20 Page 7 of 22 Page ID #:235

demonstrate the City enacted the ordinance to reverse perceived "demographic" changes in Hesperia. During hearings, City officials focused on the places from which renters had moved when discussing the need to expel the perceived newcomers from Hesperia. Although approximately three-quarters of new Hesperia residents between 2012 and 2016 moved there from other parts of San Bernardino County, City Councilmembers focused many of their statements on purported newcomers from Los Angeles County, whose population in 2016 was estimated to be only 26.7% non-Hispanic white. For example:

a. City Councilmember Russ Blewett stated the purpose of the ordinance was "to correct a demographical problem." He stated he "could care less" that landlords and organizations including "the Apartment House Association, and the Building Industry, and the Board of Realtors" disagreed with him about the ordinance, and stated that the City needed to "improve our demographic." Blewett also stated that "those kind of people" the ordinance would target were "no addition and of no value to this community, period," and that he wanted to "get them the hell out of our town," adding "I want their butt kicked out of this community as fast as I can possibly humanly get it done."

b. The Mayor, Eric Schmidt, stated "I can't get over the fact that we're allowing . . . people from LA County" to "mov[e] into our neighborhoods because it's a cheap place to live and it's a place to hide." He also stated that "the people that aggravate us aren't from here," and that they "come from somewhere else with their tainted history."

c. Mayor Pro Tem Bill Holland stated "[w]e are surgically going after those elements that create an inordinate amount of problems in every single neighborhood," and "[y]ou are trying to eliminate them, you are trying to pluck them out and make them go somewhere else." He also stated that the ordinance's purpose was to get each landlord "to rid his rental . . . of that blight," similar to "call[ing] an exterminator out to kill roaches, same difference."

d. City Councilmember Mike Leonard stated that "we've had a lot of people from over the hill move up here that are not very friendly people," and "we need to work on getting them out of here." He also stated "[w]e need to get [the ordinance]

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 8 of 22 Page ID #:238

going because we are falling further and further behind on our ability to cut down some of our problem areas."

e. During a hearing on the proposed ordinance, Mayor Schmidt asked a property manager what percentage of his renters came from outside San Bernardino County. The property manager testified that people were moving from specific parts of Los Angeles County—all of which were well known as having significant minority populations, including the "323 area code" (which is concentrated in central Los Angeles city) and the cities of Compton, Inglewood, Long Beach, and Los Angeles. According to Census estimates, in 2016 the non-Hispanic white population in Compton was 1.1%; in Inglewood, it was 3.7%; in Long Beach, it was 27.7%; and in Los Angeles, it was 28.5%.

26. Captain Nils Bentsen from the Sheriff's Department, who later became Hesperia's City Manager, was present at the hearings during which the statements described in Paragraph 20 were made.

27. Captain Bentsen and the City Councilmembers described Hesperia's renters—a group in which African American and Latino individuals are overrepresented in comparison to their share of homeowners—as dangerous because they were "anti-social" and "victimized" homeowners. According to 2016 Census estimates, 58% of renter households in Hesperia were African American or Latino, compared to just 44% of homeowner households.

28. Captain Bentsen and the City Councilmembers also disparaged Hesperia's Housing Choice ("Section 8") Voucher holders—three-quarters of whom were African American or Latino. For example, Councilmember Leonard stated the ordinance would "straighten . . . out" Hesperia's "issues with a lot of Section 8 housing," and told the other Councilmembers "[y]ou just pay more taxes to support these people that are sucking up the Section 8 housing," and added "[w]e need to get them out." Captain Bentsen compared the ordinance to his previous efforts evicting people in "a Section 8 house" where "it took us years to . . . find some criminal charges [and] arrest the people."

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 9 of 22 Page ID #:237

*4. The Sheriff's Department's Involvement in the Creation and Enactment of the Ordinance*

29. The Sheriff's Department provided significant support and resources to help the City create and prepare to implement the ordinance before it was enacted.

30. According to Hesperia's City Manager at the time, Mike Podegracz, Captain Bentsen was the "driving force" behind the ordinance. Bentsen testified in uniform before the City Council over six months before the ordinance's enactment "to see if the Council [was] willing to establish a mandatory [crime free rental] program." In his testimony, he cited data that he claimed showed a nexus between rental properties and increased crime. However, these data were misleading and incomplete, and he provided no testimony demonstrating that any of the data points were appropriate measures of crime rates:

a. First, Bentsen claimed that in 2014 one-third of 911 calls in the City came from rental properties. But he failed to exclude from his data those 911 calls that were unrelated to criminal activity, and did not provide any additional data about the remaining 911 calls to enable the decision makers to determine whether the proportion of 911 calls coming from rental properties was disproportionate to the percentage of occupied housing units that were rental units (which was approximately 37% in 2014), and if so, by how much;

b. Second, Bentsen cited the proportion of "multiple response" citations that the Sheriff's Department issued at rental properties. According to Bentsen, the Sheriff's Department issued "multiple response" forms when its officers had responded multiple times to a particular residence, including for loud music. Although Bentsen claimed that 80% of "multiple responses" from law enforcement were for rental properties, he omitted from his count those "multiple responses" involving alarm calls, which typically occurred at homes. Bentsen also did not testify about the circumstances in which the Sheriff's Department issued "multiple response" forms; and

c. Finally, Bentsen asserted that nine of the ten homicides in Hesperia from 2012 through 2014 occurred at rental properties. He presented no statistics for other

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 10 of 22 Page ID #:238

types of crime, however, claiming that it would be "very difficult" and take "a lot of time" to compile the data necessary to determine whether crime rates for any other offenses vary depending on whether a property is owner- or renter-occupied. He asserted that he presented only data on homicides because that information "was an easier one for me to pull up because we don't have that many homicides, thank God."

31. The Sheriff's Department began planning for an internal unit to enforce the ordinance before it was enacted. For instance, the Sheriff's Department "purchased Crime Free tracking software that allows the Sheriff's Department to quickly determine if a prospective tenant has been in violation of the Crime Free program anywhere in San Bernardino County."

32. Captain Bentsen testified to the City Council that, "[u]nder Crime Free, you don't have to be convicted of a crime" to be evicted, and that "misdemeanor crimes [that are] mostly going unprosecuted . . . a good example is disturbances," could be enough to warrant eviction.

*5. Opposition to the Ordinance's Enactment and Enforcement*

33. The City enacted the ordinance despite objections from members of the community to many of its provisions. For example, the director of a property management company stated during a hearing that the ordinance was "trampling on civil rights." In addition, a group of realtors sent a letter to the City stating that, by "[t]aking the time of a Sheriff's Deputy to inspect a property," the ordinance would "keep[] that deputy from being able to actively protect the public from crimes." The realtors also suggested that the ordinance's purported crime-reduction objective would better be achieved if the City "could utilize existing data to identify where there have been higher incidents of crime, and could focus on addressing that issue in those areas."

34. Defendants also disregarded a fair housing organization's letter stating that the ordinance "undermines law enforcement efforts, imposes unfair burdens on owners, conflicts with the City's fair housing obligations, and creates devastating effects on Hesperia residents who are most in need of law enforcement services." Councilmember

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 11 of 22 Page ID #:239

Blewett stated in response, "I don't care what fair housing says about" the people the ordinance targeted. Councilmember Paul Russ stated, "maybe we should go down to [the fair housing organization's offices] and start poking our noses in your business."

35. Housing-related organizations continued raising civil rights and other objections after enforcement began. For instance, the California Apartment Association wrote the City that "many key provisions of the ordinance are unconstitutional, inconsistent with state law and subject owners to the risk of significant liability for fair housing violations and wrongful eviction." Another housing provider expressed concerns about the legality of the screening form and the addendum based on fair housing, civil, and privacy laws, and in advocating for revisions to those forms, told the Sheriff's Department that her company was "not willing to subject our clients or ourselves to the legal exposure the current documents represent." One housing provider stated that the ordinance "exposes landlords to significant civil liability," "does not provide tenants with adequate procedural protections, and also discriminates against renters and those the City has determined to be 'undesirable.'"

**B. The Sheriff's Department—with the City's knowledge and assent—enforced the ordinance intentionally to evict and deny housing to African American and Latino renters.**

*1. The City Granted Discretion to the Sheriff's Department*

36. Captain Bentsen testified to the City Council that the ordinance was designed to be "lighter on the requirements and more heavy on the enforcement."

37. The City tasked its "police department" and "Chief of Police"—i.e., the Sheriff's Department and a designated Sheriff's Captain—with enforcing the ordinance. Enforcement was specifically handled by a special Crime Free Housing Team within the Sheriff's Department comprising a deputy, a service specialist, and an office specialist.

38. The ordinance made the Sheriff's Department the only entity with discretion to decide whether the ordinance required an eviction. It made the Sheriff's Department responsible for maintaining a "crime free" database and for sending crime notifications to

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 12 of 22 Page ID #:240

property owners. If the Sheriff's Department staff sent a crime notification to owners about their property, the ordinance mandated that the owners begin an eviction process.

39. The Sheriff's Department exercised discretion in all aspects of enforcing the ordinance. Neither the ordinance nor the City provided much guidance to the Sheriff's Department regarding enforcement. The ordinance explicitly gave "discretion" to the "Chief of Police"—i.e., Sheriff's Department staff—to determine whether and what "evidence and documents" would be sent to housing providers notifying them to evict a tenant.

40. Sheriff's Department staff stated that the ordinance was applied on a "case-by-case basis *of course*" (emphasis added), and that they "handl[ed] each situation differently" and applied "more of a 'spirit of the law' determination" than a fixed set of rules.

*2. Harsh Enforcement*

41. Under the ordinance, the Sheriff's Department routinely determined that tenants should be evicted despite the absence of any conviction or court judgment. Sheriff's Department staff stated that "a copy of the call [to 911] for service," a "negative Law Enforcement action [as opposed to a] conviction of a crime," or a "multiple response citation," which could be issued if the Sheriff's Department responded to a property multiple times for "noise disturbances" such as "loud music," could all trigger eviction.

42. Even conduct that was legal under California state law could justify an eviction. Sheriff's Department staff explained to a housing provider, "even if your tenant has a [medical] marijuana card . . . they will be in violation of the Crime Free Program [even though a]s the police, we can't arrest someone for smoking marijuana who has a card."

43. Sheriff's Department staff pressured property owners to ensure evictions took place and dedicated or offered to dedicate significant attention and resources to assist. For example, after a landlord served a notice to vacate on the landlord's tenants, Sheriff's Department staff told the landlord that "if they end up fighting it and going to court, we'd

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 13 of 22 Page ID #:241

be happy to accompany you." Sheriff's Department staff also offered to "speak to any problem tenants about their better options if they refuse to move after an arrest occurs."

44. Sheriff's Department staff provided legal advice to owners to assist with evictions. For example, a Deputy Sheriff informed one landlord that "[i]f a tenant is evicted and you do not want them on the property, as long as you notify them they are not welcome we can move forward with a citizen's arrest," and "I would document the date and time they were advised not to return to the property."

45. The Sheriff's Department also encouraged owners to use extra-judicial tactics to eject tenants from their homes. Sheriff's Department staff told a housing provider to use "whatever method fits the situation" to evict tenants, "as long as [the tenants] leave." Sheriff's Department staff encouraged the use of threats of eviction to get tenants to vacate through a "voluntary move," "especially after explaining that an official eviction could have a negative impact on their credit."

46. The Sheriff's Department encouraged housing providers to evict entire households when one member of the household engaged in purported criminal activity. For example, a staff member told a housing provider, "[n]ot sure which one [of your tenants] was arrested, but under the new City Ordinance any arrest on the premises means the whole house is subject to eviction anyway." Sheriff's Department staff also demanded the eviction of an elderly Latino couple who lived in a majority-minority Census block after their adult son, who did not live with them, was arrested.

47. The Sheriff's Department also notified landlords to begin evictions of victims of domestic violence even though the ordinance contained language purporting to protect them. For example, one woman was evicted together with her three children from a majority-minority Census block after she called 911 to report that her husband was beating her with a television cable. Sheriff's Department staff explained to another landlord that, under the ordinance, the Sheriff's Department "would be notifying you to begin eviction on the entire household" of a domestic violence victim "if the victim ends up allowing [the abuser] back in, and the problems persist." Also, the Sheriff's Department told the landlord

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/18/20 Page 14 of 22 Page ID #:242

of an African American domestic violence victim that the victim "is allowing the problem to continue," and that the landlord could "warn [her] that if she allows [her husband] back in, and the problem persists, she would be subject to eviction."

48. Residents reported to HUD that they were scared to call the police due to the fear of eviction.

49. Evicting crime victims who called 911 undercuts Defendants' assertion that a principal purpose of the ordinance was to reduce crime and make neighborhoods safer.

50. Defendants retaliated against housing providers that hesitated to evict tenants as demanded by the Sheriff's Department. If owners did not begin evictions, the Sheriff's Department threatened them with fines. When a property management company raised concern about the ordinance's legality, the Sheriff's Department emailed the company's clients to inform them the company was noncompliant with the ordinance, and thus the City could fine the clients.

51. The City failed to exercise meaningful oversight over the Sheriff's Department in its enforcement of the ordinance.

52. The Sheriff's Department tracked the progress of the eviction campaign it directed with a document listing more than 250 people it had targeted for eviction and the status of their housing.

*3. Disproportionate Enforcement Against African American and Latino Renters and Renters in Majority-Minority Neighborhoods*

53. During its investigation, HUD obtained an "eviction tracking spreadsheet" from the Sheriff's Department purporting to list those residents and households that the Sheriff's Department had targeted for eviction in 2016 and the status of their housing. Based on an analysis of the residents on the spreadsheet whose race and national origin could be identified, HUD determined that African American and Latino renters were significantly more likely to be evicted under the ordinance than non-Hispanic white renters. Specifically, HUD determined that African American renters were almost four

times as likely as non-Hispanic white renters to be evicted because of the ordinance, and Latino renters were 29% more likely than non-Hispanic white renters to be evicted.

54. The Sheriff's Department's data further show that 96.3% of individuals and 96.9% of households evicted under the ordinance had been evicted from majority-minority Census blocks, even though only 79% of rental households in Hesperia are located in majority-minority Census blocks.

55. HUD further determined from the Sheriff's Department data that of the Census blocks in Hesperia with at least 25% renters and at least four rental units, 24% were majority-white, but only 2.5% of evictions occurred in those blocks.

56. Moreover, HUD's analysis showed that the rate of evictions under the ordinance increased in relation to the percentage of minorities residing in the Census block. The higher the concentration of minority population in an area, the more likely households in that neighborhood were to be evicted under the ordinance.

57. Defendants intended this disproportionate enforcement to drive African American and Latino renters out of their homes and out of Hesperia.

*4. The Sheriff's Department's Screening Process*

58. The ordinance, on its face, did not require housing providers to deny housing to applicants whom the Sheriff's Department "flagged" through the background screening process as having previously "violated rules of the Crime Free Rental Housing Program."

59. However, the Sheriff's Department warned landlords about renting to tenants flagged during the screening process. For example, Sheriff's Department staff described such tenants as "potential future violators" to one housing provider, and cautioned another, "[y]ou just have to keep the consequences in mind along with the knowledge that you're renting to a previously bothersome tenant."

60. Defendants also threatened some housing providers if they rented to tenants flagged through screenings. For example, the City informed a couple who owned four rental properties in Hesperia that they could be fined if they leased to applicants who were

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 16 of 22 Page ID #:244

flagged during the screening process. The couple denied the housing application of at least one Latino tenant because of the Sheriff's Department's screening.

61. Sheriff's Department's screening reports generally did not provide information about why an applicant was flagged, and some housing providers simply denied housing to every applicant the Sheriff's Department flagged.

62. The Sheriff's Department flagged at least 75 tenancy applicants during its screening process.

**C. Defendants' actions were taken with intent to discriminate, and had the effect of discriminating, against African American and Latino individuals.**

63. Defendants intended for the enactment and enforcement of the ordinance to drive African American and Latino renters out of their homes and out of Hesperia, and to discourage African American and Latino applicants from moving to Hesperia.

64. The Sheriff's Department—with the City's knowledge and assent— enforced the ordinance in a harsh and arbitrary manner with the intent and effect of disproportionately evicting African American and Latino renters, as well as renters who lived in majority-minority neighborhoods.

65. Defendants' discriminatory conduct resulted in particularly harsh consequences for African American and Latino renters and renters in majority-minority areas because of race and national origin. Because of the Defendants' intentional race and national origin discrimination, African American and Latino renters were significantly more likely than non-Hispanic white renters to lose their homes because of the ordinance.

66. As a result of Defendants' conduct as set forth above, many African American and Latino renters were unable to live in Hesperia because of their race or national origin.

**D. Defendant Hesperia is a recipient of federal financial assistance.**

67. At all relevant times described in this Complaint, Defendant Hesperia has been and continues to be a recipient of federal financial assistance from HUD.

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/15/20 Page 17 of 22 Page ID #:245

68. As a condition of receiving federal financial assistance, Defendant Hesperia, through its authorized representatives, certified that it agreed to comply with all requirements imposed by Title VI and HUD's regulation implementing Title VI.

69. Title VI and HUD's implementing regulation prohibit discrimination, directly or through contractual or other arrangements, on the grounds of race, color, or national origin in any of a grant recipient or subrecipient's operations.

70. Defendant Hesperia is responsible for ensuring that subsequent recipients, subgrantees, and contractors comply with the requirements of Title VI and its implementing regulation.

## V. HUD ADMINISTRATIVE PROCESS

71. On June 2, 2016, HUD's Assistant Secretary for Fair Housing and Equal Opportunity timely filed a complaint against Hesperia with HUD under 42 U.S.C. § 3610(a)(1)(A)(iii) alleging that the conduct described in paragraphs 1–66 above violated the Fair Housing Act, 42 U.S.C. §§ 3601–3631 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7. The Assistant Secretary filed a First Amended Complaint on November 17, 2016, adding the County and Sheriff's Department as respondents.

72. In accordance with 42 U.S.C. §§ 3610(a) and (b), HUD conducted and completed an investigation of the complaint, attempted conciliation, and prepared a final investigative report.

73. Based on the information gathered in its investigation, HUD determined, under 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that Defendants had engaged in illegal discriminatory housing practices in violation of the FHA.

74. On October 16, 2019, the Secretary of HUD issued a charge of discrimination under 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in unlawful discrimination in violation of the FHA.

75. On November 1, 2019, Hesperia filed a notice of election to have the case heard in a civil action pursuant to 42 U.S.C. § 3612(a).

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 18 of 22 Page ID #:246

76. On November 4, 2019, an Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on the charge of discrimination.

77. Following Hesperia's notice of election, the Secretary authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

78. On February 27, 2020, HUD notified the City that the City had failed to comply with Title VI and its implementing regulation, and that HUD would refer the Title VI matter to DOJ for enforcement if compliance could not be achieved by voluntary means.

79. On April 9, 2020, HUD, concluding that it was unable to resolve the Title VI allegations voluntarily, referred the Title VI matter to DOJ for enforcement pursuant to 24 C.F.R. § 1.8(a) and 28 C.F.R. § 50.3.

80. The United States has determined that all administrative requirements have been exhausted and that securing compliance cannot be achieved by voluntary means.

## VI. FIRST CLAIM FOR RELIEF:
## DEFENDANTS' VIOLATIONS OF THE FAIR HOUSING ACT

81. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1–80 above.

82. The rental properties the ordinance affected are all dwellings within the meaning of 42 U.S.C. § 3602(b).

83. The conduct of Defendants described above constitutes:

a. A denial of housing or otherwise making housing unavailable because of race and national origin, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

b. Discrimination in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race and national origin, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and

      Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 19 of 22 Page ID #:247

c. Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

84. The conduct of Defendants described above constitutes:

a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); and

b. A denial to a group of persons of rights granted by the Fair Housing Act, which raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

85. Persons who were victims of Defendants' discriminatory practices, as well as individuals or entities that were injured by the discrimination against those victims, are aggrieved persons as defined in 42 U.S.C. § 3602(i), and may have suffered damages as a result of Defendants' conduct.

86. Defendants' conduct was malicious, intentional, willful, and/or taken with reckless disregard for the rights of others.

## VII. SECOND CLAIM FOR RELIEF:
## DEFENDANT HESPERIA'S VIOLATION OF TITLE VI

87. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1–80 above.

88. Defendant Hesperia receives federal financial assistance for its programs and activities, including from HUD.

89. Defendant Hesperia has intentionally discriminated against residents and prospective residents of Hesperia on the grounds of race and national origin.

90. Defendant Hesperia's intentional discrimination against individuals on the grounds of race and national origin violates Title VI and HUD's implementing regulation.

/ /

/ /

Case 5:19-cv-02298-AB-SP Document 31 Filed 05/13/20 Page 20 of 22 Page ID #:248

## VIII. THIRD CLAIM FOR RELIEF:
## DEFENDANT HESPERIA'S VIOLATION OF TITLE VI ASSURANCES

91. The United States re-alleges and herein incorporates by reference the allegations set forth in paragraphs 1–80 above.

92. Defendant Hesperia signed contractual assurance agreements with the United States that all of its programs and activities receiving federal financial assistance would be conducted in compliance with all the requirements of Title VI and HUD's implementing regulation.

93. Defendant Hesperia's intentional discrimination against individuals on the grounds of race and national origin violates Title VI and its implementing regulation.

94. Defendant Hesperia therefore has violated its Title VI contractual assurances.

## IX. RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendants' conduct violated the Fair Housing Act and Defendant Hesperia's conduct violated Title VI of the Civil Rights Act of 1964;

2. Enjoins Defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them from:

a. Denying housing, or otherwise making housing unavailable because of race, in violation of 42 U.S.C. § 3604(a);

b. Discriminating in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race in violation 42 U.S.C. § 3604(b); or

c. Coercing, intimidating, threatening, or interfering with a person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other person in the exercise or enjoyment of, a right granted or protected by Section 804 of the Fair Housing Act, in violation of 42 U.S.C. § 3617;

4. Enjoins Defendants from failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory or otherwise unlawful conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' discriminatory or otherwise unlawful conduct;

5. Requires such action by Defendants as may be necessary to restore all persons aggrieved by Defendants' discriminatory housing practices to the position they would have occupied but for such discriminatory conduct;

6. Awards appropriate monetary damages to all persons harmed by Defendants' discriminatory conduct, as authorized by 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), 3614(d)(1)(B), and 42 U.S.C. §§ 2000d to 2000d-7; and

7. Assesses civil penalties against Defendants under 42 U.S.C. § 3614(d)(1)(C) in order to vindicate the public interest.

The United States prays for such additional relief as the interests of justice may require.

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

Case 5:19-cv-02298-AB-SP Document 31 Filed 09/10/20 Page 22 of 22 Page ID #:250

**DEMAND FOR JURY TRIAL**

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 10, 2020

Respectfully submitted,

WILLIAM P. BARR
Attorney General

NICOLA T. HANNA
United States Attorney
Central District of California

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

/s/ Karen P. Ruckert
KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ R. Tamar Hagler
R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER B. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

/s/ Anna Medina
ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for DEFENDANT
CITY OF HESPERIA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-cv-02298AB (SPx)

**DEFENDANT CITY OF HESPERIA'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The Hon. Andre Birotte

Trial Date: N/A

Defendant CITY OF HESPERIA ("Defendant" or "City") hereby responds to the allegations contained in the First Amended Complaint ("FAC") filed by Plaintiff UNITED STATES OF AMERICA ("Plaintiff") and each cause of action therein, solely on its own behalf, as follows:

**INTRODUCTION**

1. Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant admits that the statements of the second

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

sentence of this paragraph regarding the procedural history prior to the filing of the FAC are accurate.

2. Defendant denies the allegations of paragraph 2 of the FAC.

3. Defendant denies the allegations of paragraph 3 of the FAC.

4. Defendant denies the allegations of the first sentence of paragraph 4 of the Complaint to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendant admits the allegations of the second sentence of paragraph 4 of the FAC, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendant denies the remaining allegations of paragraph 3 of the FAC.

5. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 5 of the FAC and on that basis denies those allegations.

6. Defendant denies the allegations of paragraph 6 of the FAC.

**JURISDICTION AND VENUE**

7. Defendant alleges that the statutes cited in paragraph of the FAC speak for themselves, and that to admit or deny the allegations of Paragraph 7 of the FAC calls for a legal conclusion. However, Defendant does not dispute that this Court has jurisdiction over this action.

8. Defendant alleges that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 8 of the FAC calls for a legal conclusion. However, Defendant does not dispute that this action is properly venued in the Central District of California.

**DEFENDANTS**

9. Defendant admits the allegations of paragraph 9 of the FAC.

10. Defendant admits the allegations of paragraph 10 of the FAC.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

11. Defendant lacks sufficient knowledge or information, based on the phrasing of paragraph 11, to form a basis as to the truth of paragraph 11, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

12. Defendant alleges that any contracts alleged in paragraph 12 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 12 of the FAC calls for a legal conclusion. Additionally, Defendant lacks sufficient knowledge or information, without the specific contracts in question being identified, to form a basis as to the truth of paragraph 12 of the FAC.

13. Defendant denies the allegations of paragraph 13 of the FAC. A county is not a municipal corporation, it is a legal subdivision of the State of California. (Cal. Const., art. XI, § 1; *Williams v. McClellan* (1953) 119 Cal.App.2d 138, 143.)

14. Defendant admits the allegations of paragraph 14 of the FAC.

15. Defendant admits the allegations of paragraph 15 of the FAC.

16. Defendant admits the allegations of paragraph 16 of the FAC.

## FACTUAL ALLEGATIONS

17. Defendant admits the allegations of paragraph 17 of the FAC.

18. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 18 of the FAC and on that basis denies those allegations.

19. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 19 of the FAC and on that basis denies those allegations.

20. Defendant admits the allegations of paragraph 20 of the FAC.

21. Defendant admits the allegation of paragraph 21 of the FAC in that the ordinance applied exclusively to rental properties.

a. Defendant admits the allegations of paragraph 21(a).

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

b. Defendant admits the allegations of paragraph 21(b).

c. Defendant admits the allegations of paragraph 21(c), except that the quoted language in the final sentence of paragraph 21(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

d. Defendant admits the allegations of paragraph 21(d).

e. Defendant admits the allegations of paragraph 21(e) in that the ordinance required all rental properties in the City to undergo annual exterior inspections and provided for the alleged fees, but denies that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

22. Defendant admits the allegations of the first sentence of paragraph 22 of the FAC. Defendant denies the allegations of the second sentence of paragraph 22 of the FAC because, while many provisions of the amended ordinance are similar to and/or unchanged from the original ordinance, substantive changes to the ordinance were made. Defendant admits the allegations of the third sentence of paragraph 22 of the FAC.

23. Defendant denies the allegations of paragraph 23 of the FAC.

24. Defendant denies the allegations of paragraph 24 of the FAC.

25. Defendant denies the allegations of the first sentence of paragraph 25 of the FAC. Defendant denies the allegations of the second sentence of paragraph 25 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 25 of the FAC and on that basis denies those allegations.

a. Defendant admits the allegations of paragraph 25(a) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

b. Defendant admits the allegations of paragraph 25(b) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

c. Defendant admits the allegations of paragraph 25(c) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

d. Defendant admits the allegations of paragraph 25(d) of the FAC because the quoted language is accurate, although it is excerpted and stripped of context.

e. Defendant admits the allegations of the first sentence of paragraph 25(e) of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second and third sentences of paragraph 25(e) of the FAC, and on that basis denies those allegations. The foregoing notwithstanding, Defendant admits that an individual did speak at a hearing on the ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

26. Defendant admits the allegations of paragraph 26 of the FAC.

27. Defendant denies the allegations of the first sentence of paragraph 22 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 27 regarding the demographics of renters in the City and on that basis denies those allegations.

28. Defendant denies the allegations of the first sentence of paragraph 28 of the FAC. Defendant admits the allegations of the second sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate. Defendant admits the allegations of the third sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate.

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

29. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 29 of the FAC and on that basis denies those allegations.

30. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 30 of the FAC and on that basis denies those allegations. Defendant admits the allegations of the second sentence of paragraph 30 of the FAC. Defendant admits the allegations of the third sentence paragraph 30 of the FAC in that then-Captain Bentsen made a presentation before the City Council in which he provided data related to crime and rental housing. Defendant denies the allegations of the fourth sentence of paragraph 30 of the FAC.

a. Defendant admits the allegations of the first sentence of paragraph 30(a) of the FAC. Defendant lacks sufficient information or belief to form a basis as to the truth of the allegations of the second sentence of paragraph 30(a) regarding the necessity of further information, and on that basis denies those allegations.

b. Defendant admits the allegations of the first sentence of paragraph 30(b) of the FAC inasmuch as Bentsen did provide statistical information regarding multiple response forms. Defendant admits the allegations of the second sentence of paragraph 30(b) of the FAC. Defendant admits those allegations of the third sentence of paragraph 30(b) alleging that the presentation by Bentsen did not include data for multiple responses involving alarm calls, but lacks sufficient information or belief to form a basis as to the truth of the allegations regarding whether alarm calls typically occurred at homes. Defendant admits the allegations of the fourth sentence of paragraph 30(b) of the FAC.

c. Defendant admits the allegations of paragraph 30(c) of the FAC.

31. Defendant admits the allegations of the first sentence paragraph 31 of the FAC in that the Sheriff's Department had an internal unit to enforce the ordinance. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 31 of the FAC regarding the

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

establishment of the aforementioned unit prior to the ordinance's being enacted, and on that basis denies those allegations. Defendant admits that the Sheriff's Department licensed "easy-tracking" software, but Defendant is informed and believes, and on that basis alleges, that the Sheriff's Department licensed the alleged software more than a year before the ordinance at issue in the FAC was passed. Defendant lacks sufficient information or belief to form a basis as to the accuracy of the quoted language contained in the second sentence of paragraph 31 and on that basis denies those allegations.

32. Defendant admits the allegations of paragraph 32 of the FAC, inasmuch as the quoted language is accurate, although excerpted and stripped of context. However, Defendant denies the allegations of paragraph 32 that Bentsen made any representations regarding whether the acts described in the language quoted therein would warrant eviction.

33. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 33 of the FAC at this time, and on that basis denies those allegations. The foregoing notwithstanding, Defendant admits the allegations of the second sentence of paragraph 33 only inasmuch as an individual did state that the ordinance was "trampling on civil rights" during a hearing on the matter.

34. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 34 of the FAC at this time because Defendant is unable to locate the alleged letter prior to the deadline for the filing of this Answer, and on that basis denies those allegations. Defendant admits the allegations of the second sentence of

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

paragraph 34, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendant denies the allegations of the third sentence of paragraph 34 of the FAC because Plaintiff has altered the quoted language, and as such it is not accurate.

35. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the FAC at this time, and on that basis denies those allegations. However, Defendant did locate the letter alleged in the second sentence of paragraph 35 of the FAC, and therefore admits the allegations of the second sentence of paragraph 35 of the FAC.

36. Defendant admits the allegations of paragraph 36 of the FAC.

37. Defendant admits the allegations of the first sentence of paragraph 37 of the FAC. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 37 of the FAC throughout the entire time since the enactment of the crime free ordinance, and on that basis denies those allegations.

38. Defendant denies the allegations of the first sentence of paragraph 38 of the FAC. Defendant admits the allegations of the second sentence of paragraph 38 of the FAC. Defendant denies the allegations of the third sentence of paragraph 38 of the FAC because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

39. Defendant denies the allegations of the first sentence of paragraph 39 of the FAC. Defendant denies the allegations of the second sentence of paragraph 39 of the FAC. Defendant admits the allegations of the third sentence of paragraph 39, to the

extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

40. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 40 of the FAC at this time, and on that basis denies those allegations.

41. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 41 of the FAC and on that basis deny those allegations.

42. Defendant denies the allegations of the first sentence of paragraph 42 of the FAC. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the remaining allegations of Paragraph 42 and on that basis denies those allegations.

43. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 43 of the FAC and on that basis denies those allegations.

44. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 44 of the FAC and on that basis denies those allegations.

45. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 45 of the FAC and on that basis denies those allegations.

46. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 44 of the FAC and on that basis denies those allegations.

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

47. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 47 of the FAC at this time, and on that basis denies those allegations.

48. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 48 of the FAC and on that basis deny those allegations.

49. Paragraph 49 of the FAC contains no factual allegations regarding any act or omission of Defendant. To the extent that a response to paragraph 49 is required, Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 49 and on that basis denies those allegations.

50. Defendant denies the allegations of the first sentence of paragraph 50 of the FAC. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 50 of the FAC at this time, and on that basis denies those allegations.

51. Defendant denies the allegations of paragraph 51 of the FAC.

52. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 52 of the FAC and on that basis denies those allegations.

53. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 53 of the FAC and on that basis denies those allegations.

/ / /

54. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 54 of the FAC and on that basis denies those allegations.

55. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the FAC and on that basis denies those allegations.

56. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 56 of the FAC and on that basis denies those allegations.

57. Defendant denies the allegations of paragraph 57 of the FAC.

58. Defendant admits the allegations of paragraph 58 of the FAC.

59. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 59 of the FAC and on that basis denies those allegations.

60. Despite a good faith effort to review its records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendant therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 60 of the FAC at this time, and on that basis denies those allegations.

61. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 61 of the FAC and on that basis denies those allegations.

62. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the other allegations of Paragraph 62 of the FAC and on that basis denies those allegations.

63. Defendant denies the allegations of paragraph 63 of the FAC.

64. Defendant denies the allegations of paragraph 64 of the FAC.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

65. Defendant denies the allegations of paragraph 65 of the FAC.

66. Defendant denies the allegations of paragraph 66 of the FAC.

67. Defendant admits the allegations of paragraph 67 of the FAC.

68. Defendant alleges that the documents alleged in paragraph 68 speak for themselves, and that to admit or deny the allegations of Paragraph 68 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 68 at this time, and on that basis denies those allegations,

69. Defendant alleges that paragraph 69 of the FAC contains no factual allegations regarding any act or omission of Defendant. Defendant further alleges that the statutes and regulations alleged in paragraph 69 speak for themselves, and that to admit or deny the allegations of Paragraph 69 of the FAC calls for a legal conclusion.

70. Defendant alleges that the documents alleged in paragraph 70 speak for themselves, and that to admit or deny the allegations of Paragraph 70 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 70 at this time, and on that basis denies those allegations,

71. Defendant admits the allegations of paragraph 71 of the FAC.

72. Defendant admits the allegations of paragraph 72 of the FAC in that HUD completed an investigation and prepared a final investigative report, but Defendant is informed and believes that HUD did not engage in a good faith attempt at conciliation, and therefore denies that HUD truly attempted conciliation.

/ / /

73. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 73 of the FAC and on that basis denies those allegations.

74. Defendant admits the allegations of paragraph 74 of the FAC.

75. Defendant admits the allegations of paragraph 75 of the FAC.

76. Defendant admits the allegations of paragraph 76 of the FAC.

77. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 77 of the FAC and on that basis deny those allegations.

78. Defendant admits the allegations of paragraph 78 of the FAC.

79. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 79 of the FAC and on that basis denies those allegations.

80. Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 80 of the FAC and on that basis denies those allegations.

81. This paragraph 81 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

82. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 82 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant responds that Defendant lacks sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 82 of the FAC and on that basis deny those allegations.

83. Defendant denies allegations of paragraph 83 of the FAC.

84. Defendant denies allegations of paragraph 84 of the FAC.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

85. Defendant alleges that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 85 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendant denies the allegations of paragraph 85 of the FAC.

86. Defendant denies the allegations of paragraph 86 of the FAC.

87. This paragraph 87 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

88. Defendant lacks sufficient knowledge or information, based on the phrasing of paragraph 88, to form a basis as to the truth of paragraph 88, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

89. Defendant denies the allegations of paragraph 89 of the FAC.

90. Defendant denies the allegations of paragraph 90 of the FAC.

91. This paragraph 91 merely re-alleges and re-incorporates all preceding paragraphs, and Defendant therefore re-asserts its responses in each of the preceding paragraphs in this Answer.

92. Defendant alleges that any contracts alleged in paragraph 92 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 92 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 92 at this time, and on that basis denies those allegations,

93. Defendant denies the allegations of paragraph 93 of the FAC.

94. Defendant denies the allegations of paragraph 94 of the FAC.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

## AFFIRMATIVE DEFENSES

Defendant alleges the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the FAC. Defendant reserves the right to add affirmative defenses to those stated hereinafter to the extent that discovery, disclosures, or other evidence in the case raises such as proper defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiff's FAC, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's FAC is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint in this matter was brought by HUD in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

### THIRD AFFIRMATIVE DEFENSE

**(Mootness)**

Plaintiff's FAC, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

### FOURTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

### FIFTH AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiff's FAC is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant is informed and believes that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Third Parties Liable)**

Defendant alleges that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendant and their employee(s).

**EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment of Liability)**

Defendant alleges that the damages asserted in the FAC were proximately caused and contributed to by persons and/or entities other than the answering Defendant and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendant, if any, should be reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(No Unlawful Custom, Policy, or Practice)**

Defendant alleges that it does not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's FAC.

**TENTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

Plaintiff's FAC is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Direct Threat to Health and Safety)**

Defendant alleges that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Malice, Intent, Willful, or Reckless Disregard)**

Defendant alleges that it has not engaged in intentional discrimination and its actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Objectively Reasonable Effort at Conciliation)**

Defendant alleges that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

**PRAYER**

WHEREFORE, Defendant prays for judgment or relief against Plaintiff as follows:

1. That the claims against Defendant be dismissed, with prejudice, and that the Plaintiff take nothing;

2. That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3. For such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: September 24, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY

By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for CITY OF HESPERIA

**DEMAND FOR JURY TRIAL**

The City of Hesperia hereby demands a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 24, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY

By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for CITY OF HESPERIA

**PROOF OF SERVICE**

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **September 24, 2020**, I served true copies of the following document(s) described as **DEFENDANT CITY OF HESPERIA'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 24, 2020**, at Riverside, California.

/s/ Sandra D. McLeod
Sandra D McLeod



WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

A&W ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:19-cv-02298 AB (SPx)<br><br>**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>The Hon. Andre Birotte<br><br>Trial Date: N/A |

Defendants COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT ("Defendants") hereby respond to the allegations contained in the First Amended Complaint ("FAC") filed by PLAINTIFF UNITED STATES OF AMERICA ("Plaintiff") and each cause of action thereafter as follows:

/ / /

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

## INTRODUCTION

1. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3631 (the "Fair Housing Act" or "FHA") and 42 U.S.C. § 3612(o) speak for themselves, and that to admit or deny the allegations of Paragraph 1 of the Complaint calls for a legal conclusion. The foregoing notwithstanding, the Defendants admit that the statements of the second sentence of this paragraph regarding the procedural history prior to the filing of the FAC are accurate.

2. Defendants deny the allegations of paragraph 2 of the FAC.

3. Defendants deny the allegations of paragraph 3 of the FAC.

4. Defendants deny the allegations of the first sentence of paragraph 4 of the FAC to the extent that it alleges that the ordinance at issue required the eviction of any and all tenants upon notification of criminal activity by the Sheriff's Department. Defendants admit the allegations of the second sentence of paragraph 4 of the FAC, in that the ordinance mandated Sheriff's Department screenings for tenants and annual exterior inspections of rental properties. Defendants deny the remaining allegations of paragraph 4 of the FAC.

5. Defendants deny the allegations of paragraph 5 of the FAC.

6. Defendants deny the allegations of paragraph 6 of the FAC.

## JURISDICTION AND VENUE

7. Defendants allege that the statutes cited in paragraph of the FAC speak for themselves, and that to admit or deny the allegations of Paragraph 7 of the FAC calls for a legal conclusion. However, the Defendants do not dispute that this Court has jurisdiction over this action.

8. Defendants allege that 28 U.S.C. § 1391(b) speaks for itself, and that to admit or deny the allegations of Paragraph 8 of the FAC calls for a legal conclusion. However, Defendants do not dispute that this action is properly venued in the Central District of California.

## DEFENDANTS

9. Defendants admit the allegations of paragraph 9 of the FAC.

10. Defendants admit the allegations of paragraph 10 of the FAC.

11. Defendants lack sufficient knowledge or information, based on the phrasing of paragraph 11, to form a basis as to the truth of paragraph 11, as the FAC does not specify what City programs or activities receive federal financial assistance. However, the City does not dispute that some of its programs and activities receive federal financial assistance.

12. Defendants allege that any contracts alleged in paragraph 12 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 12 of the FAC calls for a legal conclusion. Additionally, Defendants lack sufficient knowledge or information to form a basis as to the truth of paragraph 12 of the FAC.

13. Defendants deny the allegations of paragraph 13 of the FAC. A county is not a municipal corporation, it is a legal subdivision of the State of California. (Cal. Const., art. XI, § 1; *Williams v. McClellan* (1953) 119 Cal.App.2d 138, 143.)

14. Defendants admit the allegations of paragraph 14 of the FAC.

15. Defendants admit the allegations of paragraph 15 of the FAC.

16. Defendants admit the allegations of paragraph 16 of the FAC.

## FACTUAL ALLEGATIONS

17. Defendants admit the allegations of paragraph 17 of the FAC.

18. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 18 of the FAC and on that basis deny those allegations.

19. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 19 of the FAC and on that basis deny those allegations.

20. Defendants admit the allegations of paragraph 20 of the FAC.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

21. Defendants admit the allegation of paragraph 21 of the FAC in that the ordinance applied exclusively to rental properties.

a. Defendants admit the allegations of paragraph 21(a).

b. Defendants admit the allegations of paragraph 21(b).

c. Defendants admit the allegations of paragraph 21(c), except that the quoted language in the final sentence of paragraph 21(c) is not a wholly accurate quote of the language contained in the addendum, which specifies that "every member of OCCUPANT/RESIDENT's household, or a guest or other person(s) under OCCUPANT/RESIDENT's control shall vacate said premises within three days, all in accordance with California Law."

d. Defendants admit the allegations of paragraph 21(d).

e. Defendants admit the allegations of paragraph 21(e) in that the ordinance required all rental properties in the City to undergo annual exterior inspections and provided for the alleged fees, but deny that the ordinance provided specific criteria, such as lighting and landscaping, to be inspected.

22. Defendants admit the allegations of the first sentence of paragraph 22 of the FAC. Defendants deny the allegations of the second sentence of paragraph 22 of the FAC because, while many provisions of the ordinance are similar or unchanged, substantive changes to the ordinance were made. Defendants admit the allegations of the third sentence of paragraph 22 of the FAC.

23. Defendants deny the allegations of paragraph 23 of the FAC.

24. Defendants deny the allegations of paragraph 24 of the FAC.

25. Defendants deny the allegations of the first sentence of paragraph 25 of the FAC. Defendants deny the allegations of the second sentence of paragraph 25 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the third sentence of paragraph 25 of the FAC and on that basis deny those allegations.

a. Defendants admit the allegations of paragraph 25(a) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

b. Defendants admit the allegations of paragraph 25(b) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

c. Defendants admit the allegations of paragraph 25(c) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

d. Defendants admit the allegations of paragraph 25(d) of the FAC, because the quoted language is accurate, although it is excerpted and stripped of context.

e. Defendants admit the allegations of the first sentence of paragraph 25(e) of the FAC. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the second and third sentences of paragraph 25(e) of the FAC, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit that an individual did speak at a hearing on the ordinance and state that people were moving from parts of Los Angeles County which he identified by the 323 area code.

26. Defendants admit the allegations of paragraph 26 of the FAC.

27. Defendants deny the allegations of the first sentence of paragraph 27 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of Paragraph 27 regarding the demographics of renters in the City of Hesperia and on that basis deny those allegations.

28. Defendants deny the allegations of the first sentence of paragraph 28 of the FAC. Defendants admit the allegations of the second sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Defendants admit the allegations of the third sentence of paragraph 28 to the extent that the quoted language therein, stripped of further context, is accurate.

29. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendants therefore lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 29 of the FAC at this time, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit that they provided support and resources to the City of Hesperia ("City") in the preparation and implementation of the ordinance inasmuch as the Sheriff's Department was contracted to provide police services to the City prior to the enactment of the ordinance.

30. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 30 of the FAC and on that basis deny those allegations. Defendants admit the allegations of the second sentence of paragraph 30 of the FAC. Defendants admit the allegations of the third sentence paragraph 30 of the FAC in that then-Captain Bentsen made a presentation before the City Council in which he provided data related to crime and rental housing. Defendants deny the allegations of the fourth sentence of paragraph 30 of the FAC.

a. Defendants admit the allegations of the first sentence of paragraph 30(a) of the FAC. Defendants lack sufficient information or belief to form a basis as to the truth of the allegations of the second sentence of paragraph 30(a) regarding the necessity of further information, and on that basis deny those allegations.

b. Defendants admit the allegations of the first sentence of paragraph 30(b) of the FAC. Defendants admit the allegations of the second sentence of paragraph 30(b) of the FAC. Defendants admit those allegations of the third sentence of paragraph 30(b) alleging that the presentation by Bentsen did not include data for multiple responses involving alarm calls, but lack sufficient information or belief to form a basis as to the truth of the allegations regarding whether alarm calls typically occurred at

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

homes. Defendants admit the allegations of the fourth sentence of paragraph 30(b) of the FAC.

c. Defendants admit the allegations of paragraph 30(c) of the FAC.

31. Defendants admit the allegations of the first sentence paragraph 31 of the FAC in that the Sheriff's Department had an internal unit to enforce the ordinance. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 31 of the FAC regarding the establishment of the aforementioned unit prior to the ordinance's being enacted, and on that basis deny those allegations. Defendants admit that the Sheriff's Department licensed "easy-tracking" software, but Defendants are informed and believes, and on that basis allege, that the Sheriff's Department licensed the alleged software more than a year before the ordinance at issue in the FAC was passed.

32. Defendants admit the allegations of paragraph 32 of the FAC, inasmuch as the quoted language is accurate, although excerpted and stripped of context. However, Defendants deny the allegations of paragraph 32 that Bentsen made any representations regarding whether the acts described in the language quoted therein would warrant eviction.

33. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 33 of the FAC at this time, and on that basis deny those allegations. The foregoing notwithstanding, Defendants admit the allegations of the second sentence of paragraph 33 only inasmuch as an individual did state that the ordinance was "trampling on civil rights" during a hearing on the matter

34. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendants therefore lack sufficient

knowledge or information to form a basis as to the truth of the allegations of the first sentence of paragraph 34 of the FAC at this time because Defendants are unable to locate the alleged letter prior to the deadline for the filing of this Answer, and on that basis deny those allegations. Defendants admit the allegations of the second sentence of paragraph 34, inasmuch as the quoted language is accurate, although incomplete and stripped of context. Defendants deny the allegations of the third sentence of paragraph 34 of the FAC because Plaintiff has altered the quoted language, and as such it is not accurate.

35. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 35 of the FAC at this time, and on that basis deny those allegations. However, Defendants did locate the letter alleged in the second sentence of paragraph 35 of the FAC, and therefore admit the allegations of the second sentence of paragraph 35 of the FAC.

36. Defendants admit the allegations of paragraph 36 of the FAC.

37. Defendants admit the allegations of the first sentence of paragraph 37 of the FAC. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of the second sentence of paragraph 37 of the FAC regarding the composition of the internal unit tasked with enforcing the ordinance throughout the entire period relevant to this FAC, but admit that there was an internal unit tasked with enforcing the ordinance.

38. Defendants deny the allegations of the first sentence of paragraph 38 of the FAC. Defendants admit the allegations of the second sentence of paragraph 38 of the FAC. Defendants deny the allegations of the third sentence of paragraph 38 of the FAC because the ordinance did not mandate that owners begin an eviction process as to any and all tenants.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

39. Defendants deny the allegations of the first sentence of paragraph 39 of the FAC. Defendants deny the allegations of the second sentence of paragraph 39 of the FAC. Defendants admit the allegations of the third sentence of paragraph 39, to the extent that the ordinance gave the Chief of Police discretion to determine what evidence and documents to provide to the extent permitted under relevant state and federal law.

40. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 40 of the FAC at this time, and on that basis deny those allegations.

41. Defendants admit the allegations of the first sentence of paragraph 41 of the FAC in that the ordinance did not require a conviction or court judgment prior to a determination that a tenant should be evicted under the ordinance, but lacks sufficient information or belief to form a basis as to the truth of the allegation that the Sheriff's Department "routinely" determined tenants should be evicted, and on that basis denies those allegations. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 41 of the FAC at this time, and on that basis deny those allegations.

42. Defendants deny the allegations of the first sentence of paragraph 42 of the FAC. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient

knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 42 of the FAC at this time, and on that basis deny those allegations.

43. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 43 of the FAC at this time, and on that basis deny those allegations.

44. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 44 of the FAC at this time, and on that basis deny those allegations.

45. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 45 of the FAC at this time, and on that basis deny those allegations.

46. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 46 of the FAC at this time, and on that basis deny those allegations.

/ / /

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

47. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 47 of the FAC and on that basis deny those allegations.

48. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 48 of the FAC and on that basis deny those allegations.

49. Paragraph 49 of the FAC contains no factual allegations regarding any act or omission of Defendants. To the extent that a response to paragraph 49 is required, Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 49 and on that basis deny those allegations.

50. Defendants deny the allegations of the first sentence of paragraph 45 of the FAC. Defendants deny the allegations of the second sentence of paragraph 45 of the FAC to the extent that it alleges the Sheriff's Department threatened any fines beyond those authorized by the ordinance. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the remaining allegations of paragraph 50 of the FAC at this time, and on that basis deny those allegations.

51. Defendants deny the allegations of paragraph 51 of the FAC.

52. Defendants admit the allegations of paragraph 52 of the FAC to the extent that the Sheriff's Department did track enforcement of the ordinance, but at this time Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegation regarding the number of tenants identified, and on that basis deny those allegations.

/ / /

53. Defendants lacks sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 53 of the FAC and on that basis deny those allegations.

54. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 54 of the FAC and on that basis deny those allegations.

55. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 55 of the FAC and on that basis deny those allegations.

56. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 56 of the FAC and on that basis deny those allegations.

57. Defendants deny the allegations of paragraph 57 of the FAC.

58. Defendants admit the allegations of paragraph 58 of the FAC.

59. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 59 of the FAC at this time, and on that basis deny those allegations.

60. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 60 of the FAC at this time, and on that basis deny those allegations.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

61. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 61 of the FAC at this time, and on that basis deny those allegations.

62. Despite a good faith effort to review records and provide substantive responses to the allegations of the FAC, the documents produced thus far in discovery are voluminous and are still being reviewed, and quoted individuals and organizations are frequently left unnamed in the FAC, and Defendants therefore lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 62 of the FAC at this time, and on that basis deny those allegations.

63. Defendants deny the allegations of paragraph 63 of the FAC.

64. Defendants deny the allegations of paragraph 64 of the FAC.

65. Defendants deny the allegations of paragraph 65 of the FAC.

66. Defendants deny the allegations of paragraph 66 of the FAC.

67. Defendants admit the allegations of paragraph 67 of the FAC.

68. Defendants allege that the documents alleged in paragraph 68 speak for themselves, and that to admit or deny the allegations of Paragraph 68 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendants were unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 68 at this time, and on that basis deny those allegations,

69. Defendants allege that paragraph 69 of the FAC contains no factual allegations regarding any act or omission of Defendants. Defendants further allege that the statutes and regulations alleged in paragraph 69 speak for themselves, and that to admit or deny the allegations of Paragraph 69 of the FAC calls for a legal conclusion.

70. Defendant alleges that the documents alleged in paragraph 70 speak for themselves, and that to admit or deny the allegations of Paragraph 70 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendant was unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 70 at this time, and on that basis denies those allegations,

71. Defendants admit the allegations of paragraph 71 of the FAC.

72. Defendants admit the allegations of paragraph 72 of the FAC in that HUD completed an investigation and prepared a final investigative report, but Defendants are informed and believe that HUD did not engage in a good faith attempt at conciliation, and therefore deny that HUD truly attempted conciliation.

73. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 73 of the FAC and on that basis deny those allegations.

74. Defendants admit the allegations of paragraph 74 of the FAC.

75. Defendants admit the allegations of paragraph 75 of the FAC.

76. Defendants admit the allegations of paragraph 76 of the FAC.

77. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 77 of the FAC and on that basis deny those allegations.

78. Defendants admit the allegations of paragraph 78 of the FAC.

79. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 79 of the FAC and on that basis denies those allegations.

80. Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of Paragraph 80 of the FAC and on that basis denies those allegations.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

81. This paragraph 81 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

82. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(b) (the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of paragraph 82 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendants respond that Defendants lack sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 82 and on that basis deny those allegations.

83. Defendants deny the allegations of paragraph 83 of the FAC.

84. Defendants deny the allegations of paragraph 84 of the FAC.

85. Defendants allege that Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C.§ 3602(i)(the "Fair Housing Act" or "FHA") speaks for itself, and that to admit or deny the allegations of Paragraph 85 of the FAC calls for a legal conclusion. The foregoing notwithstanding, Defendants deny the allegations of paragraph 85 of the FAC.

86. Defendants deny the allegations of paragraph 86 of the FAC.

87. This paragraph 87 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

88. Defendants lack sufficient knowledge or information to form a basis as to the truth of paragraph 88, and on that basis deny those allegations.

89. Defendants deny the allegations of paragraph 89 of the FAC.

90. Defendants deny the allegations of paragraph 90 of the FAC.

91. This paragraph 91 merely re-alleges and re-incorporates all preceding paragraphs, and Defendants therefore re-assert their responses in each of the preceding paragraphs in this Answer.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

92. Defendants allege that any contracts alleged in paragraph 92 of the FAC speak for themselves, and that to admit or deny the allegations of paragraph 92 of the FAC calls for a legal conclusion. Additionally, the documents produced thus far in discovery exceed 60,000 pages, and Defendants were unable to perform a sufficient review of all potentially relevant documents to gain sufficient knowledge or information to form a basis as to the truth of the allegations of paragraph 92 at this time, and on that basis deny those allegations.

93. Defendants deny the allegations of paragraph 93 of the FAC.

94. Defendants deny the allegations of paragraph 93 of the FAC.

**AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses as to each and every claim for relief and as to each and every allegation set forth in the FAC. Defendants reserve the right to add affirmative defenses to those stated hereinafter to the extent that discovery, disclosures, or other evidence in the case raises such as proper defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's FAC, and each cause of action alleged therein, fails to set forth facts sufficient to state a claim against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's FAC is barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in prosecuting the instant action. The original complaint brought by HUD in this matter was brought in 2016, and in the intervening time HUD failed to actively pursue the matter, resulting in the loss of valuable evidence and an inability to locate necessary witnesses.

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**THIRD AFFIRMATIVE DEFENSE**

**(Mootness)**

Plaintiff's FAC, in whole or in part, is moot in light of the 2017 amendment to the ordinance at issue herein, making any alleged violations not "ongoing."

**FOURTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiff lacks standing to bring this action based on alleged violations that are not ongoing.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff's FAC is barred, in whole or in part, due to Plaintiff's waiver of causes of action alleged herein.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendants are informed and believe that Plaintiff failed to comply with the applicable statute(s) of limitation, including, but not limited to, 28 U.S.C. § 1658 and 42 U.S.C. § 3610.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Third Parties Liable)**

Defendants allege that the acts and omissions complained of are those of individuals and/or entities other than the answering Defendants and their employee(s).

**EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment of Liability)**

Defendants allege that the damages asserted in the FAC were proximately caused and contributed to by persons and/or entities other than the answering Defendants and the liability of parties, named or unnamed, should be apportioned according to their relative degree of fault, if any, and the resulting liability of the answering Defendants, if any, should be reduced accordingly.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**NINTH AFFIRMATIVE DEFENSE**

**(No Unlawful Custom, Policy, or Practice)**

Defendants allege that they do not have any unlawful custom, policy, or practice relevant to the allegations in Plaintiff's FAC.

**TENTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

Plaintiff's FAC is barred, in whole or in part, due to res judicata and/or collateral estoppel arising from prior related litigation.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Direct Threat to Health and Safety)**

Defendants allege that the challenged action falls under the direct threat exception of 42 U.S.C. § 3604(F)(9), which states, "Nothing in this subsection requires that a dwelling be made available to an individual whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial damage to the property of others."

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Malice, Intent, Willful, or Reckless Disregard)**

Defendants allege that they have not engaged in intentional discrimination and their actions were not done with malice, willfulness, or reckless disregard to the rights of any person.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Objectively Reasonable Effort at Conciliation)**

Defendants allege that HUD failed to engage in an objectively reasonable effort at conciliation as required by the Fair Housing Amendments Act. (*Kelly v. Secretary, U.S. Dept. of Housing and Urban Development* (6th Cir. 1993) 3 F.3d 951, 954.)

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Qualified/Discretionary Immunity)**

Plaintiff's FAC is barred, in whole or in part, by the qualified and discretionary immunities afforded Defendants' employees.

**PRAYER**

WHEREFORE, Defendants pray for judgment or relief against Plaintiff as follows:

1. That the claims against Defendants be dismissed, with prejudice, and that the Plaintiff take nothing;

2. That any relief be offset by relief afforded to other persons and entities that brought suit in cooperation with Plaintiff on the same grounds alleged by Plaintiff herein.

3. For such other and further relief as this Court deems just and proper.

DATED: September 24, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY

By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW
A&W

01071.0047/671208 1

-19-

Case No. 5:19-cv-02298

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT

Ex. 5
Page 091

**DEMAND FOR JURY TRIAL**

The County of San Bernardino and the San Bernardino County Sheriff's Department hereby demand a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: September 24, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY

By: /s/ Stephen R. Onstot
STEPHEN R. ONSTOT
Attorneys for COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

01071.0047/671208 1
-20-
Case No. 5:19-cv-02298
DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT
Ex. 5
Page 092

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **September 24, 2020**, I served true copies of the following document(s) described as **DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **September 24, 2020**, at Riverside, California.

/s/ Sandra D. McLeod
Sandra D McLeod

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW



WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

Attorneys for Plaintiff
United States of America

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713 | Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805 | Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT CITY OF HESPERIA**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA
**RESPONDING PARTY:** CITY OF HESPERIA
**SET NUMBER:** ONE

**TO DEFENDANT CITY OF HESPERIA AND ITS ATTORNEY OF RECORD:**

Pursuant to Rules 26(d)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("United States") requests that Defendant City of Hesperia ("Defendant") produce copies of the documents, electronically stored information ("ESI"), and tangible things requested below (collectively, "documents"), along with written responses to each Request for Production below as required by Rule 34, within thirty (30) days after the parties' first Rule 26(f) conference.

**INSTRUCTIONS**

1. The United States requests that Defendant serve the responses required by Rule 34 by sending them via email to the undersigned counsel for the United States.

2. The United States requests that Defendant serve copies of the requested documents by sending them to the undersigned counsel for the United States via electronic file transfer (instructions to be provided separately by counsel for the United States).

3. The United States reminds Defendant of the form and manner required by Local Rule 34-2 of the Local Rules of the United States District Court for the Central District of California, which includes that "[t]he party responding or objecting to requests for production shall quote each request for production in full immediately preceding the statement of any answer or objection thereto."

4. All documents shall be produced in accordance with Attachment A to these Requests, which describes the form of production as well as provides for the protected use of confidential and sensitive information that may need to be produced. If, before Defendant produces documents responsive to these Requests, the parties stipulate to forms and methods of production, or if the Court enters an order governing those issues in this case, then Defendant must follow the provisions of that stipulation or order that supersede

Attachment A. Similarly, if the Court enters a confidentiality order before Defendant produces documents responsive to these Requests, then Defendant must follow the provisions of such an order that supersede Attachment A.

5. If any documents requested herein have been lost or destroyed, such documents shall be identified by author, date, and subject matter. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6. If you withhold or redact any document under a claim of privilege, clearly state that in the responses to the corresponding Request and provide a privilege log that separately states the following with respect to information withheld under a claim of privilege:

a. The type of communication, information, or document to which a claim of privilege is being asserted (i.e., letter, memorandum, etc.);

b. The nature or basis of any claim of privilege;

c. The date of the document;

d. The name, business address, and present position of the originator or author of the document;

e. The position(s) of the originator or author of the document at the time(s) the communication was made or the document was prepared;

f. The name, business address, and present position of each recipient of the communication or document;

g. The position(s) of each recipient at the time(s) the communication or document was prepared and the time it was received;

h. The number of pages in the document;

i. A general description of the subject matter of the communication or document; and

j. To which of these Requests such document is responsive.

The privilege log should be served with the responses to these Requests, or, if that is not feasible, on a specified date within a reasonable time after the responses are served, but not more than twenty-one (21) days after responses are served.

7. If Defendant cannot produce some of the documents responsive to these Requests within thirty (30) days after the parties' first Rule 26(f) conference, Defendant nonetheless must serve responses to these Requests and produce any other responsive documents within those thirty (30) days, specifying the date—within a reasonable time—when the rest of the production will occur.

## DEFINITIONS

1. Unless otherwise specified, the Requests below seek all responsive information from January 1, 2014 to the present.

2. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases, hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social media content and activity, and audio/video surveillance or recording systems.

3. **Communications**. The term "communications" means and refers to transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of the form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

4. **Document**. The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms. "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include

without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs.   "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or other otherwise.

5.     **Person or individual**.  As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

6.     **Referring or Relating To**.  "Refer to" or "relate to" mean all information and all facts and/or documents that directly, indirectly, or in any way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter specified in the Request.

7.     **You or Defendant**.  The terms "you" or "Defendant" mean and refer to Defendant City of Hesperia, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

8.     **City or Hesperia**.  The terms "City" and/or "Hesperia" mean and refer to named Defendant City of Hesperia (California).

9.     **County or San Bernardino County**.  The terms "County" and/or "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

10.     **2015 Ordinance, 2017 Ordinance, and Ordinances**.  The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12.  The term "2017 Ordinance" means and refers to Hesperia Ordinance No. 2017-13.  The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

11. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

12. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

13. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

14. **Residential owner-occupied property**. The term "residential owner-occupied" means and refers to a residential property that the City and/or the Sheriff believed or deemed to be non-rental housing, regardless of whether the legal owner used the property as his or her primary residence.

15. **Non-residential property**. The term "non-residential" means and refers to a property that the City and/or the Sheriff believed or deemed to be used for something other than human habitation, including exclusively for commercial or industrial use.-**And, or, and and/or**. The use of "and," "or," or "and/or" in these Requests shall be construed to make the Request as inclusive as possible or otherwise call for the broadest response.

16. References to the singular include the plural, and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

### REQUEST FOR PRODUCTION NO. 2

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 3**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 4**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 5**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**REQUEST FOR PRODUCTION NO. 6**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 7**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 8**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**REQUEST FOR PRODUCTION NO. 9**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**REQUEST FOR PRODUCTION NO. 10**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 11**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 12**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 13**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 14**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 15**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**REQUEST FOR PRODUCTION NO. 16**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**REQUEST FOR PRODUCTION NO. 17**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**REQUEST FOR PRODUCTION NO. 18**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 19**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 20**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 21**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 22**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing

program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**REQUEST FOR PRODUCTION NO. 23**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**REQUEST FOR PRODUCTION NO. 24**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**REQUEST FOR PRODUCTION NO. 25**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**REQUEST FOR PRODUCTION NO. 26**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**REQUEST FOR PRODUCTION NO. 27**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**REQUEST FOR PRODUCTION NO. 28**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**REQUEST FOR PRODUCTION NO. 29**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**REQUEST FOR PRODUCTION NO. 30**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**REQUEST FOR PRODUCTION NO. 31**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and

background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**REQUEST FOR PRODUCTION NO. 32**

Documents relating to meetings (including, but not limited to, official Council meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Council members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**REQUEST FOR PRODUCTION NO. 33**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**REQUEST FOR PRODUCTION NO. 34**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**REQUEST FOR PRODUCTION NO. 35**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 36**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 37**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**REQUEST FOR PRODUCTION NO. 38**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the City of Hesperia related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**REQUEST FOR PRODUCTION NO. 39**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against City of Hesperia alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**REQUEST FOR PRODUCTION NO. 40**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 41**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

Dated: April 23, 2020

Respectfully,

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for the United States of America*

**ATTACHMENT A**

**TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO CITY OF HESPERIA**

Defendant City of Hesperia's production of documents, electronically stored information ("ESI"), and tangible things requested in the United States' First Set of Requests for Production ("Requests") shall be produced as set forth in the Requests and as further specified below.

**1. Form of Production**

a. ESI and hard copy paper documents must be produced in "load ready" format as specified herein.

b. Each hard copy paper document must be scanned as a single electronic image file.

c. ESI must be processed with eDiscovery software that extracts metadata and text and converts the document to an image format that accurately represents the full contents of the document.

d. Black and white images shall be scanned or converted to single page Tagged Image File Format ("TIFF"), using CCITT Group IV compression at 300 d.p.i. and that accurately reflects the full and complete information contained in the original document. One image file shall represent one page of the document. Color images shall be produced as JPEG files at 300 d.p.i. using a high quality setting.

e. For ESI and scanned hard copy paper documents, the text of all pages in the document must be saved as one file. If the extracted text of a native document does not

exist or does not represent the entire document, Optical Character Recognition ("OCR")

will be provided instead.  OCR is searchable text generated for scanned documents or

native files that is in ASCII format, where all pages in the document will be represented

in one file.

f.      Metadata must be preserved and produced for the fields listed in Table 1

below.

g.      Deduplication will be used to remove exact duplicate documents from the

production.  The Parties agree to use MD-5 hash values for deduplication and calculate

those values for all ESI at the time of collection or processing.

h.      Use of Search Criteria to Identify ESI:  It is the responsibility of the

Defendant to a discovery request to identify and produce responsive information

including ESI.  Defendant should contact counsel for the United States to meet and

confer if Defendant believes that the use of keyword search criteria or analytic tools

should be used to identify responsive ESI.

i.      All productions will provide a consistent load file with the same number

and order of fields regardless of the types of documents in the production.

j.      All images (*e.g.*, TIFF, JPEG) will be produced in a directory labeled

IMAGES.  Subdirectories may be created so that one directory does not contain more

than 5000 files.

k. All native files (with the proper Windows-associated extension) will be produced in a directory labeled NATIVE. Subdirectories may be created so that one directory does not contain more than 5000 files.

l. An image cross reference file (a file in Concordance Opticon/Relativity .log format that contains Bates Numbers, paths to images, and document break indicators for all ESI in each production) and a load file containing all required metadata fields will be produced in a directory labeled DATA.

m. All extracted text and/or OCR will be produced in a directory labeled TEXT. The parties agree to provide a text file for all documents, even if the size of the file is zero. Subdirectories may be created so that one directory does not contain more than 5000 files.

n. Except for native files, Defendant will produce responsive documents Bates-stamped with a prefix to indicate the party producing the documents (*i.e.*, CITY____). For native files, which cannot be Bates-stamped, the Parties will rename the file as [Document Identification Number].[extension] with a placeholder image in the production containing the name of the file before it was changed.

o. Specifications for Specific File Types:

i. Text messages will require counsel to meet-and-confer before Defendant collects or prepares to produce the responsive messages. Defendant should contact counsel for the United States to meet-and-confer and should be prepared to discuss the expected number of devices, expected volume (number of

messages and/or conversations), the mobile operating systems involved and approximate age, and available collection tools.

ii. Audio files and video files shall be produced as native files unless the native form is a proprietary format, in which case the file(s) should be converted into a non-proprietary format that can be played using Windows Media Player. For each audio or video file, a placeholder image containing the file name shall be included in the production.

iii. Excel or other types of spreadsheets shall be produced as native files with all cells unlocked. For each Excel or spreadsheet file, a placeholder image containing the file name shall be included in the production.

iv. PowerPoint files shall be produced as both (1) as color images with extracted text and (2) as native files with all notes unaltered and viewable. For each PowerPoint, a placeholder image containing the file name shall be included in the production.

v. Social media content (including comments, “likes,” sharing, and other interactions with the post(s)) should be produced as individual images with extracted text, including information about the participants and the date and time of the communications.

vi. For production of tangible things and production of information from a structured database, proprietary software, or vendor-managed software, the parties will meet-and-confer before making any production to attempt to agree on

a reasonable and proportional form of production that maintains the integrity of the tangible things or documents.

vii. Oversized documents (*e.g.*, maps, architectural, engineering, or zoning plans) must be produced as JPEG images or in hard copy paper form so as to retain the resolution and scale of the original document.

**2. <u>Production Specifications</u>**

a. Productions will be clearly labeled and/or in folders to indicate (a) the name of the Defendant producing the documents, (b) the date of the production, and (c) the Bates-range.

b. If Defendant needs to redact a portion of a document for which only a native file would be produced, Defendant will request a meet-and-confer with counsel for the United States regarding production of the redacted document.

c. Defendant must remove all encryption or password protection for all ESI produced. In the alternative, Defendant must provide passwords or assistance needed to open encrypted files.

**Table 1 – Metadata Fields**

| Field Name | Definition | Include for Emails and Text Messages | Include for other electronic files | Include for Paper documents |
|---|---|---|---|---|
| **Begin_Bates** | Bates number for the first image of a | Y | Y | Y |

| | document (or the Bates number of the placeholder page for a native document). | | | |
|---|---|---|---|---|
| **End_Bates** | Bates number for the last image of a document (or the Bates number of the placeholder page for a native document). | Y | Y | Y |
| **Begin_Attach** | Only for document families,[1] provide Bates number for the first image of the first attachment or embedded file. Leave this field blank if there is no document family. | Y | Y | Y |
| **End_Attach** | Only for document families, provide Bates number for the last image of the last attachment or embedded file. Leave this field blank if there is | Y | Y | Y |

[1] Document Family means a group of related documents, including: (1) paper documents that were grouped together or physically attached by clips, staples, binding, folder, etc.; (2) email with its attachment(s); and (3) files with embedded documents

| | | | | |
|---|---|---|---|---|
| | no document family. | | | |
| **Parent ID** | Bates number of the parent document (filled in only for "child" documents). | Y | Y | Y |
| **PgCount** | The number of images produced for this document (1 for placeholder). | Y | Y | Y |
| **All Custodians** | Name of all custodians who had a copy of the document before deduplication. | Y | Y | Y |
| **From** | "From" field in email. | Y | | |
| **To** | "To" field in email. | Y | | |
| **CC** | "CC" field in email. | Y | | |
| **BCC** | "BCC" field in email. | Y | | |
| **Subject** | "Subject" field in email. | Y | | |
| **Attachments** | File names of the attachments. | Y | | |
| **DateSent** | DateSent field from email. Include both date and time (format: 9/28/2012 1:16 PM or | Y | | |

| | | | | |
|---|---|---|---|---|
| | 9/28/2012 13:16:34). | | | |
| **Redacted** | "Yes" if the document has been redacted. | Y | Y | Y |
| **Confidential** | Confidential Designation (if any). | Y | Y | Y |
| **MD5Hash** | The MD5 hash value calculated when the file was collected or processed. | Y | Y | |
| **Orig_File Paths** | Path to location from which original file was collected. If production was deduplicated, include all file paths from which original files were collected. | Y | Y | |
| **Prod_FilePath** | The path to the native file on the production media. | | Y | |
| **Native_filename** | Original name of the native file when the file was collected or processed. | Y | Y | |
| **Text File Path** | Path to the text file on the production media. | Y | Y | Y |
| **Date File Created** | The date the ESI was created. | | Y | |

| **Date File Last Modified** | The date the ESI was last modified. | | Y | |
|---|---|---|---|---|

**3. Protections for confidential or sensitive information**

Counsel for the United States is prepared to discuss the possibility of jointly proposing a confidentiality order that would govern the parties' discovery productions in this litigation. Unless and until the Court enters such an order (or counsel for the United States otherwise agrees in writing), it is Defendant's obligation to respond to the Requests and to seek timely and appropriate relief to protect its interests regarding information that is responsive to the Requests.

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MICHAEL CEBALLOS | 11/24/1974 | B3505673 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| DEBBIE CEBALLOS | 11/4/1974 | A6668175 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| SANDRA O'KEEFE | 9/26/1953 | E0269683 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| PHILLIP O'KEEFE | 09/301962 | B5891311 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| ELI REYES | 1/18/1986 | D6195835 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | IN VIOLATION |
| SONIA TORRES-REYES | 7/2/1990 | E3192573 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | APPROVED |
| ARLETTE LANDA | 3/16/1980 | B9551735 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| JESUS ARELLANO | 11/19/1983 | D3031222 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| CHRISTOPHER COFFEE | 5/14/1971 | A5181934 | MILANO REALTY | 1/8/2016 | 1/8/2016 | IN VIOLATION |
| TENNILLE RAMOS GARCIA | 12/5/1977 | B3309137 | MILANO REALTY | 1/8/2016 | 1/8/2016 | APPROVED |
| TIMOTHY CRUM | 6/29/1951 | A0066346 | MESA PROPERTIES | 1/11/2016 | 1/12/2016 | APPROVED |
| VICKIE C. CRUM | 1/15/1954 | N3379892 | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| JASON M. DAVIS | 5/19/1977 | S062180017 MO | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| LASHEA HUMES | 6/20/1993 | F2874532 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | APPROVED |
| KEATON DAVIS | 2/18/1992 | F1559468 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | IN VIOLATION |
| KYLE O. CRUM | 12/15/1995 | F5613355 | MESA PROPERTIES | 1/13/2016 | 1/13/2016 | APPROVED |
| LEE WILLIAMS | 6/8/1988 | D9197358 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| SHAMONIQUE GRAY | 11/30/1993 | F2504807 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| LISA ALSTON | 1/31/1985 | D8693057 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| KEENAN ALSTON | 12/13/1982 | D3689603 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| LAJAMI HICKS | 7/9/1987 | D6949106 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | IN VIOLATION |
| RANDALL FLEMING | 10/1/1978 | B6766469 | DON MOWERY | 1/12/2016 | 1/19/2016 | APPROVED |
| SHARRIEF MUHAMMAD | 7/1/1972 | B8795906 | JUAN LIU | 1/17/2016 | 1/19/2016 | APPROVED |
| JAVASIA MUHAMMAD | 9/1/1971 | A4695894 | JUAN LIU | 1/15/2016 | 1/19/2016 | IN VIOLATION |
| RYAN LEASTMAN | 1/21/1991 | D02944225 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| STEFANI (DOLAN) LEASTMAN | 11/29/1990 | D05041816 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| AGUSTIN AZPERICUENTA | 9/18/1995 | F5256458 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| JOALY PLASCENCIA | 8/20/1994 | F6933592 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| TOMMY ROWLAND | 3/7/1950 | S0487604 | CENTURY 21 ROSE PROPERTY | 1/14/2019 | 1/19/2016 | APPROVED |
| ROXANNE ROWLAND | 1/5/1953 | N0077688 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| MICHAEL LITTLE | 6/4/1972 | A8070085 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| AUTUMN NICOLE OHMER | 12/3/1989 | D8767592 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| LARRY MICHAEL SMITH JR | 3/20/1972 | A7276073 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | IN VIOLATION |
| SAVANNAH ASHLEY GRAY | 10/26/1993 | `F3021654 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| APRIL LYNN WEBSTER | 5/19/1985 | D5451911 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ANNETTE LOUISE TARBET | 12/31/1956 | N7906448 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| STEVEN JAMES TARBET | 11/18/1954 | N2011091 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| THERESA LAWTON | 3/30/1968 | C6578367 | UPWARD PROPERTY MGT | 1/19/2016 | 1/20/2016 | APPROVED |
| J. CRUZ PEREZ MORA | 5/31/1984 | Y3347336 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| LILIANA SALCIDO | 2/4/1979 | D7276605 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| GLENN A. SMART | 11/16/1953 | D1540060 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MARY C. JACKSON | 7/2/1955 | N4331274 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MANUEL LAUREANO | 9/1/1978 | B7940065 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JAMIE B LAUREANO | 10/14/1981 | B8083607 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JOEL CARL RIVERA | 9/28/1946 | K0697028 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CARLOS ARIAS | 12/19/1993 | E1901190 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CLEMENTINA LUNA | 11/23/1958 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JEANETTE LUNA | 9/27/1997 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA LARA | 2/23/1958 | D5063140 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA OLMOS | 7/5/1993 | F7585776 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| YADIRA CIRIACO | 7/21/1995 | F6882897 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| FRANCISCO JAVIER LOPEZ | 11/3/1996 | F5400431 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| WENDY GOMEZ | 11/5/1987 | D6424536 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| PABLO GOMEZ | 12/9/1987 | D8353319 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| BARBARA ANN ALEXANDER | 7/21/1952 | E0329492 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| JOETTE LINDA CARRILLO | 9/14/1987 | D2729125 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| VICTORIA SHANELL BURDEN | 3/1/1993 | F1697525 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| ALEJANDRINA ESTELE JOHNSON | 7/3/1976 | B5629911 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| DAIONE KENNETH JOHNSON | 10/1/1958 | N5780979 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| JAMES RIOS | 1/3/1986 | X1011597 | | 1/1/1900 | 1/29/2016 | IN VIOLATION |
| CHRISTINE MARIE DEMOSE | 3/15/1985 | D3815785 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| CHRISTINA LYNN CHRISTIANSEEN | 3/12/1970 | U6087641 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| LATANYA FENNELL-LOGAN | 5/10/1965 | C1866584 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| LATANEISHA WILKES | 8/21/1991 | E1670633 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| MARIA DEJESUS PEREZ | 6/4/1970 | A1816591 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| UNIQUE SHANTE WATKINS | 2/25/1988 | D7295355 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| BRITTEN MIKI RICHARDSON | 5/27/1987 | D6465478 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| DON BUSH | 11/6/1992 | E3192183 | DON MOWERY | 2/2/2016 | 2/3/2016 | APPROVED |
| MARIA C. GONZALEZ | 7/15/1969 | C2443819 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| ASUNCION MILLO | 12/21/1940 | N3169357 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MANUEL MILLO | 5/15/1962 | F8352816 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| GARY BOWERS | 8/9/1947 | K0861127 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| SHARON BOWERS | 1/11/1979 | S0012200 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOSEPH WARE-BOWERS | 4/22/1991 | E3257396 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOEL BERBERENA | 10/28/1979 | Y2087822 | REAL LIVING PROPERTIES | 2/3/2016 | 2/3/2016 | APPROVED |
| NINOTCHKA RIVERA TORRES | 9/4/1991 | 38196978 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GEORGE O. DIAZ | 5/30/1984 | 38197019 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GLENN ANDRE BULLOCK JR | 3/7/1975 | B5587424 | RIM PROPERTIES | 2/5/2015 | 2/5/2016 | APPROVED |
| STEPHEN CANEZ | 7/15/1972 | A3771427 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| WILLIAM MILLER | 8/5/1953 | E0772006 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CYNTHIA ANN WELCH | 5/21/1962 | C1457119 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CLEMENTE RUBIO | 11/23/1943 | C2786421 | LARRY SCOTT | 2/5/2016 | 2/16/2016 | APPROVED |
| ROSA NELLY RUBIO | 11/20/1944 | C6108953 | LARRY SCOTT | 2/5/2016 | 2/6/2016 | APPROVED |
| DENNIS COLLINS | 9/30/1995 | B7271507 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| CHANDRA WILLIAMS | 6/11/1961 | C0193247 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| YOLANDA MARIE ESPITIA | 12/20/1974 | A9450184 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| JOSEPH AUGUSTIN ESPITA | 7/7/1976 | B4714768 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| WILLIAM DAVID SHIRLEY | 1/22/1983 | D7102552 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| MONICA GOMEZ | 9/10/1982 | D2852826 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| EDUARDO OSORIO | 8/25/1982 | D4435928 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/11/2016 | 2/11/2016 | APPROVED |
| SUMMER MARIE PIMENTEL SHANKLES | 9/28/1985 | B3797212 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BLAKE VASQUEZ | 7/1/1988 | E1185781 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BRANDON MCINTIRE | 10/10/1983 | E1675752 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| JASON PELAEZ | 12/5/1979 | Y3214587 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| ANGELA MCINTIRE | 8/9/1991 | E1184321 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| KARIN LEE BENNET | 5/1/1979 | B9129104 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| MARCOS A. BARELA | 6/16/1982 | D2165720 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| SEAN EDMISTON | 7/10/1986 | D4951692 | | 2/13/2016 | 2/15/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| SERENA EDMISTON | 11/15/1984 | D6047018 | | 2/13/2016 | 2/15/2016 | APPROVED |
| MUNICA HERNANDEZ | 1/15/1982 | B7985773 | | 2/13/2016 | 2/15/2016 | APPROVED |
| TRACIE-ANNE OPIE | 5/10/1990 | E1361465 | | 2/13/2016 | 2/15/2016 | APPROVED |
| KEVIN CASTLE | 9/6/1983 | E1186356 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ERIC ROMERO | 10/9/1984 | D5235399 | | 2/13/2016 | 2/15/2016 | APPROVED |
| LIZA SERRATO | 10/28/1983 | D2559079 | | 2/13/2016 | 2/15/2016 | APPROVED |
| INEZ SIBLEY | 12/16/1957 | N8348463 | | 2/13/2016 | 2/15/2016 | APPROVED |
| BERNICE SIBLEY | 8/21/1959 | D1908752 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ESTELLA JONES | 11/30/1970 | B8415568 | | 2/13/2016 | 2/15/2016 | APPROVED |
| JOHN A. MILLER | 10/15/1968 | U6008587 | | 2/13/2016 | 2/15/2016 | APPROVED |
| GABRIELLE N. LOPEZ | 1/17/1994 | F3261452 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| NOE LOPEZ | 6/19/1979 | F4684092 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| ANITA MICHELLE DUNN | 3/27/1972 | D05326750 AZ | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ESTESLLE JONES | 11/30/1970 | B8415568 | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ALACIA JOLENE MILLS | 3/24/1987 | D6867531 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DANIEL ANTHONY KOSCIELNIAK | 7/3/2006 | D6868706 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| JAMES D. JOHNSON | 10/16/1985 | D59275458 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| BAILEY CORDLE | 10/21/1987 | 16901785 TX | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| IVAN KHANINE | 8/11/1984 | D5105732 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DOMINIQUE DEVEN LOCKE | 12/13/1985 | D7408242 | RIM PROPERTIES - DESERT SPRINGS | 2/17/2016 | 2/18/2016 | IN VIOLATION |
| TONICIEA YAMISSSE DAVIS | 5/2/1987 | D5155698 | RIM PROPERTIES- DESERT SPRINGS | 2/17/2016 | 2/18/2016 | APPROVED |
| MARTHA ELLEN ALCANTAR | 9/12/1956 | N7017004 | BEACON PROPERTY MANAGEMENT | 2/17/2016 | 2/18/2016 | APPROVED |
| JULIE ELIZABETH NIVELA | 2/21/1978 | B7459869 | RIM PROERTIES - DESERT ROSE | 2/17/2016 | 2/18/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ELENA MEDINA | 5/15/1996 | F2531349 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | IN VIOLATION |
| KEVIN ENRIQUE SOTO | 6/14/1995 | F5732188 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | APPROVED |
| JENNIFER KENNEDY | 4/19/1996 | F7657354 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| ADOLFO ROJO | 11/4/1994 | F7244337 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| RAFAEL ROJO CARDENAS | 6/25/1967 | Y2736162 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| HECTOR E ARCE | 7/28/1980 | D1729263 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| ELIAS ARCE | 5/1/1978 | B6124461 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| JUSTINE D CUSHING | 9/24/1990 | D9135110 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| WENDY L McCANN | 11/27/1961 | N8943113 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| ALEJANDRO SOTO | 1/3/1990 | E3029410 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| TRAYSHAWN ANTHONY TRAYLOR RILEY | 2/15/1991 | D7295567 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| ANDREA HICKS | 11/5/1959 | C0237883 | RIM PROPERTIES | 2/22/2016 | 2/22/2016 | APPROVED |
| ROBERT A BUSTOSS | 9/23/1995 | F4607259 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| SAUNSARAE LALEATHA WELLS | 9/19/1989 | E2995999 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| DAWNISHA WARREN | 12/16/1988 | E1106739 | RIM PROPERTIES | 2/23/2016 | 2/23/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | SHEAR PROPERTY RENTALS | 2/24/2016 | 2/24/2016 | APPROVED |
| TANYA RENEE SQUIRE | 7/27/1987 | D9961933 | RIM PROPERTEIS | 2/25/2016 | 2/26/2016 | APPROVED |
| DANIEL ROJAS LUCERO | 8/20/1985 | D4499719 | RIM PROPERTIES | 2/25/2016 | 2/26/2016 | APPROVED |
| HILLARY RAE STEWART | 11/7/1977 | B5143968 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| JASMINE ZAKIYA OGBONNA | 3/29/1993 | F1616387 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| SCOTT VINCENT GRISSOM | 3/7/1991 | D9729127 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| STEVEN CATCHING | 5/2/1967 | C4570079 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| CELESTE J. BROWN-OSBORNE | 3/11/1989 | D9038714 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| FRANCHESCA RAMOS | 8/23/1994 | F2122359 | CAPITAL DEVELOPMENT | 2/29/2016 | 3/1/2016 | IN VIOLATION |
| NICOLE THOMAS | 12/15/1982 | D1354270 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| CHAD GROSS | 12/30/1986 | D4951479 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| KORTNEY GROSS | 2/27/1987 | D5666747 | RIM PROPERTIES | 2/29/2016 | 2/19/2016 | APPROVED |
| JUDY S HANSON | 9/24/1939 | G0157312 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| JOSHUA GIESE | 1/1/1985 | D5594528 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| MARQUES CHATMAN | 9/29/1981 | D3083225 | RIM PROERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| CHRISTIAN LA FLEUR | 11/11/1972 | A6588166 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| ANDREA NUNEZ | 7/11/1978 | B8568520 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| SINUHE R. FLORES | 4/18/1988 | D8639221 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| SAMANTHA FLORES | 10/28/1990 | F3193367 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| ANTOINETTE SALDANA | 9/22/1993 | F3212790 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ERIK PUENTES | 2/26/1994 | E2130147 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| JOSEY BETTS | 1/20/1995 | F3506562 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ANDREW McKINLEY | 7/1/1995 | F5673570 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| WALTER GONZALEZ | 1/11/1982 | D1869391 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| RIKKI DUPLESIS | 8/15/1990 | E2962036 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| DOLORES ROSALES | 4/3/1955 | N2102419 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| DESAREE LEVA-ROSALES | 1/18/1986 | D2729143 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| REGINA ROSALES | 1/22/1979 | B8781391 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| IRENE CASTRO ORTIZ | 4/29/1980 | B9516708 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| SANTA OCEGUEDA | 2/22/1987 | D9294089 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| JOSHUA DELEON | 2/20/1985 | D6038389 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MANUEL FLORES | 5/17/1987 | D6360487 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| AMBER VANTRECE | 4/25/1976 | A8428484 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DAVID VANTRECE | 4/17/1953 | N3361410 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DANELLE MONIQUE DAVIS | 8/18/1985 | D06594077 AZ | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MYINDI LINDBERG | 10/17/1977 | F7726580 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| JOSHUA PRUIKSMA | 10/23/1978 | B9068009 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| RYAN NORDLIE | 1/26/1978 | B5440227 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | IN VIOLATION |
| FREDDY HARTWELL | 4/4/1994 | F4808107 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| MARIELLE ALEJANDRA HARTWELL | 9/25/1995 | F6955682 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ERIC RAYMOND VALAZQUEZ | 7/12/1988 | D9894119 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| FELICIA A ORNELAS | 4/9/1990 | E3029160 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| EMMANUEL ROMERO | 8/24/1980 | D6055804 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ALEJANDRA PARRA | 7/13/1982 | F5227779 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ANDREW GABRIEL MICHEL | 4/28/1991 | F1538748 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JESSICA GEORGGINA MARTINEZ | 6/17/1991 | F6953069 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| MARLENE SANTA CRUZ | 11/11/1987 | D9996338 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JENNIFER JOHNSON | 12/4/1982 | D1513012 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| MARTHA E GONZALEZ (TORRES) | 5/7/1966 | A1408464 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| KRISTEN DEBONDT | 8/19/1992 | E2721027 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ELIJAH McLELLAN | 3/8/2016 | F2287163 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| JOSEPH FRANCO | 1/7/1992 | F3192007 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROBERT GAJUS | 2/3/1995 | F4606359 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| AMANDA LEANN BURNS | 9/30/1995 | F4883421 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| VANESSA ALCALA | 10/1/1992 | E3192654 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROGELIO ALCALA | 10/7/1953 | N9970906 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| TOMAS LYNE ALEJOS | 6/11/1997 | Y3191473 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| VANESSA MONIQUE BRISENO | 2/15/1994 | F15642174 | VIP MANAGEMENT | 3/9/2016 | 3/9/2016 | APPROVED |
| TOMASA MENDEZ | 3/7/1966 | F4823679 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| ESTEBAN MENDEZ | 11/8/1962 | C5740606 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| JOSE SARAVIA | 8/23/1985 | Y2116899 | RIM PROPERTIES | 3/9/2016 | 3/9/2016 | APPROVED |
| JAMIE CARRILLO | 7/5/1985 | D6047197 | JUANITA DAWN GLOVER | 3/8/2016 | 3/9/2016 | APPROVED |
| RYAN N. DOBOS | 8/10/1982 | D1513105 | JUANITA DAWN GLOVER | 3/8/2016 | 9/9/2016 | APPROVED |
| MARIA GUADALUPE LARA | 6/22/1966 | C6352943 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| CHRISTOPHER ANTHONY PALAIOS | 4/16/1990 | D2844786 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| YADIRA CARDONA | 1/23/1989 | F1357655 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| ELIZABETH LARA | 7/8/1992 | E3194039 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| FINEHAS MUNOZ | 5/26/1992 | E3191767 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| OTICIA WYSINGER | 9/2/1985 | D6628871 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| NICHOLE JOHNSON | 3/23/1989 | D8354430 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| EUGENE FRASER | 12/27/1987 | D9141534 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | IN VIOLATION |
| SHANTA NICOLE LUCAS | 10/31/1986 | D8105988 | RIM PROPERTIES | 3/11/2016 | 3/11/2016 | IN VIOLATION |
| JENNIE ELLIS | 1/13/1987 | 23739368 NC | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| MARY GREENE | 10/4/1962 | U5171900 | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| VALYSSA L BONILLA | 8/12/1993 | F4647685 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| MICHAEL P MCORMOND | 3/10/1963 | N9333405 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| CHRISTOPHER L VONDERAHE | 5/21/1993 | F3394709 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| SOLEDAD CASTILLO | 5/29/1992 | F2101953 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | APPROVED |
| ANGEL ALMANZA | 7/30/1991 | F1426897 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | IN VIOLATION |
| HARRY D SHERLOCK | 7/22/1932 | K0407429 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| LEAH A SHERLOCK | 12/11/1964 | C3121761 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| YVONNNE GONZALEZ | 12/13/1954 | N3255791 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| CORIE BATES | 5/20/1974 | A9273531 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| ANTHONY GONZALES | 6/9/1967 | C5565538 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| MARY K GONZALES | 7/30/1970 | A4990016 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| DESIREE VASQUEZ | 6/23/1989 | E2096527 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| ROBERT GARCIA | 7/22/1980 | D2045549 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| CHRISTINE CHARLEBOIS | 9/8/1975 | B4653566 | INVESTMENT CONCEPTS INC | 3/17/2016 | 3/17/2016 | APPROVED |
| CATHY AITHER | 12/10/1965 | C2914217 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ALEXANDER DE LA ROSA | 8/28/1973 | A5382170 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |
| ROBYN DE ARRUDA | 6/15/1990 | F7325287 | JOSE MADERA | 3/14/2016 | 3/18/2016 | APPROVED /FAIL FAX |
| HARVEY RAY ABNEY JR | 1/14/1981 | B6702826 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ANGEL CHAVEZ | 10/21/1976 | B6537259 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| JESSICA CHAVEZ | 10/6/1982 | D2727958 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ASHLEY DOTTER | 8/30/1983 | D4298264 | VIP MANAGEMENT | 3/17/2016 | 3/18/2016 | APPROVED |
| DOROTHY DORENE GALLARDO | 1/23/1961 | N9796389 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| BELIT ZONOBIA LIVINGSTON | 6/1/1987 | D8693577 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| JERRY T MEDEIROS | 9/7/1966 | C2704369 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| MICHEALA MEDEIROS | 1/27/1967 | A7458496 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| KAREN M BELMAN | 2/28/1987 | D8993533 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| JESSICA M LICEA | 1/20/1986 | D5096234 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| RICHARD CORTEZ | 3/12/1985 | D4285057 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| MARCO A CEDILLO | 4/10/2016 | NONE/ GREEN CARD | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| BRITTNEY GIDDERY | 9/19/1988 | D9197325 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| GILBERTO RODRIGUEZ | 06/0/62 | G463280622300 FL | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| SHANE K SHAVER | 7/3/1965 | C4489598 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| RACHEL PORI | `08/24/50 | 8/24/1950 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| DESIREE BROWN | 7/16/1981 | D2672471 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| NATASHA GLOSTON | 6/23/1977 | B6761837 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| PEARL HOWARD | 10/7/1992 | 0200879727 NV | VIP MANAGEMENT | 3/22/2016 | 3/22/2016 | APPROVED |
| ROSALIE OCEQUEDA | 7/28/1963 | 1705068124 NV | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| JOHN URCIEL | 7/28/1972 | 1705067976 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| CRISTIAN ROJA | 3/22/1995 | F6970781 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DREW PIFER | 5/25/1996 | F7648535 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DAVID MORRISON | 1/30/1955 | N0330513 | GONZALO LUNA | 3/23/2016 | 3/23/2016 | APPROVED |
| TRUDIE GILLIAM | 8/22/1955 | N4246949 | GABOR BESZE | 3/19/2016 | 3/22/2016 | APPROVED |
| BRIDGETT PURCELL | 5/25/1977 | B3969252 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| KAMONTA POLK | 12/17/1975 | B5518316 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| GERE RIDEOUT | 4/12/1978 | B4597326 | RIM PROPERTIES | 3/24/2016 | 3/24/2016 | APPROVED |

## CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| | | | | | | |
|---|---|---|---|---|---|---|
| RALPH RODRIGUEZ | 7/24/1990 | E2234698 | BLUESTAR PROPERTIES | 3/24/2016 | 3/25/2016 | APPROVED |
| TAYLOR HOLM | 1/1/1990 | D8382561 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JEFFREY ANTHONY HOLM | 10/13/1989 | E2057397 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JOSEPH RODRIGUEZ | 9/10/1989 | D9294447 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |
| ALBA GONZALEZ | 10/10/1992 | F2537794 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |

Ex. 6
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 9 of 27
Page 127

# TENANT EVICTIONS / VIOLATORS

| TENANTS NAME | DOB | PROPERTY ADDRESS | DR # | DATE OF INCIDENT | DATE COMPLETE | OTHER/NOTES |
|---|---|---|---|---|---|---|
| THOMAS ROBERTSON | 9/23/1994 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARRESt/WILL NOT RESPOND |
| MARCEDIE RIGGENS | 7/8/1995 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARREST /WILL NOT RESPOND |
| XIUQIU HUANG | 7/18/1977 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| SHIQUAN DONG | 11/10/1973 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| CHARLES BALDERRAMA | 3/25/1975 | 16016 PINE STREET | 191600194 | 1/8/2016 | 2/15/2016 | EVICTED/CONFIRMED 03/05/16 |
| SAMANTHA VELASQUEZ | 4/2/1993 | 14238 ROSEWOOD DRIVE | HE160110159 | 1/11/2016 | 1/11/2016 | VOLUNTARY MOVE |
| SHALANNA GUTIERREZ | 2/6/1983 | 9919 TOPAZ AVENUE #157 | 191600536 | 1/22/2016 | | VOLUNTARY MOVE |
| SAVANAH MAYER | 8/16/1996 | 16599 MUSCATEL STREET #222 | HE160270103 | 1/27/2016 | | WARR ARR / WILL NOT RESPOND |
| DONALD PETTERSON | 12/29/1983 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| KIMBERLY ANN NEAL | 7/16/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| CHRISTOPHER WHARRY | 9/10/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| REGINA SIMMS | 11/12/1990 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| AARON DONTE JONES | 1/15/1991 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| TAYONA WHARRY | 10/24/1986 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| NORMAN ROBERTS | 6/13/1960 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| ANTHONY GIBBINS | 7/19/1973 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| DAVID TIFPETT | 2/15/1982 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| TERESA RUST | 6/2/1969 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| VALERIE PARRA | 9/16/1973 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| THOMAS ANTHONY MARTINEZ | 6/14/1989 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| MARISSA MARTINEZ | 10/17/1996 | 8809 C AVENUE #146 | 611600022 | 2/15/2016 | 3/1/2016 | VOLUNTARY MOVE |
| JOSEPH SEVERSON | 6/11/1977 | 15166 SEQUOIA STREET #6 | 191601096 | 2/14/2016 | 3/31/2016 | VOLUNTARY MOVE |
| JAMES RIOS | 11/15/1986 | 13211 LA CRESCENTA | 191600699 | 1/29/2016 | | ARREST/SHARON GREEN HOUSE |
| NATHANIAL NEWBEGINNIN | 1/24/1996 | 9124 SEAL BEACH | 191601223 | 1/20/2016 | | ARREST/UTL OWNER |
| MARCO MARTINEZ | 5/3/1985 | 8956 G AVENUE #26 | 191601146 | 2/16/2016 | | EVICTION |
| ASHLEY BROWN | 9/10/1988 | 9670 SAN PABLOE AVENUE | 191601197 | 2/18/2016 | | REFUSED |
| DENNIS ALLERA | 1/19/1948 | 17562 SEQUOIA STREET #3 | 191601440 | 2/27/2016 | 2/27/2016 | VOLUNTARY MOVE |
| DEVONNE LEE | 12/15/1982 | 16552 WILLOW ST #1 | MUTIPLE CALLS | 3/9/2016 | | EVICTION TO START 04/2016 |
| PAUL BLACK | 7/9/1949 | 17426 SEQUOIA STREET #10 | 191601762 | 3/10/2016 | | EVICTION FILED / 03/10/16 |
| MARK MURRAY | 5/8/1969 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| RICHARD GERG | 6/9/1951 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| THOMAS MARTINEZ | 6/14/1989 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |

# TENANT EVICTIONS / VIOLATORS

| JOEL FOX | 10/3/1990 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |
|---|---|---|---|---|---|---|
| RUBEN SAENZ | 11/19/1996 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY .MOVE |
| ROBERT BENITEZ | 10/1/1981 | 16024 YUCCA STREET #C | HE16030126 | 3/23/2016 | 3/23/2016 | VOLUNTARY MOVE |
| DAVID CAPPS | 7/24/1975 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| EDMOND VICKERS | 9/16/1953 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| DAVID JOJOLA | 9/8/1980 | 18200 HERCULES STREET | 191601908 | 3/15/2016 | 3/25/2016 | 30 DAY NOTICE |

# CERTIFIED LETTERS

| NAME | ADDRESS | TRACKING NUMBER | DATE MAILED | DATE RETURNED | OTHER/ NOTES |
|---|---|---|---|---|---|
| GENE MAH | 291 CORAL VIEW ST, MONTEREY PARK, CA 91755 | 8359 | 2/1/2016 | 2/8/2016 | |
| ELAINE F;. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8342 | 2/1/2016 | 2/11/2016 | |
| DAVID W. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8335 | 2/1/2016 | 2/11/2016 | |
| SANTA FE HESEPRIA AR LP | 151 KALMUS DRIVE #J-5 | 8366 | 2/18/2016 | | |
| C/O ANDREW OR JAYNE TRICINELLA TRUSTEE | 7185 SVL BOX | 8373 | 2/18/2016 | | |
| C/O MARIA CORCHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 8397 | 2/19/2016 | | |
| C/O JULIE ANN MACAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 8603 | 2/19/2016 | | UNDELIVERABLE |
| C/O GOURI KAR & SWAYAM PATI TRUSTEE | 345 BREA HILLS AVENUE, BREA, CA 92823 | 8380 | 2/19/2016 | | |
| C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY, CA 92307 | 8502 | 2/19/2016 | | |
| LAN ETAL NGUYEN / THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 8410 | 2/22/2016 | | |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 8427 | 2/22/2016 | | |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 8434 | 2/24/2006 | | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, C A 92345 | 8441 | 2/24/2016 | | |
| CALDRON FAMILY TRUST C/O HECTOR & LUZ CALDERON TRUSTEES | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 8458 | 2/24/2016 | | |
| COBBLESTONE INVESTMENTS LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 8496 | 3/2/2016 | | |
| DAVID O. MacLACHLAN TR DONALD H. MacLACHLAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 4782 | 3/9/2016 | | |
| HORTENSIA DELGADO / MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 4898 | 3/9/2016 | | |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 4904 | 3/9/2016 | | |
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 4799 | 3/23/2016 | | |
| ESSANCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 4805 | 3/23/2016 | | |
| JESUS & NADIA MARENTES | 12505 BEVERLY BLVD, WITTIER, CA 90501 | 4812 | 3/23/2016 | | |
| MICHAEL & ELIZABETH POLEN | 15519 SITTING BULL, VICTORVILLE, CA 92395 | 4911 | 3/24/2016 | | |
| SAN REMO HESPERIA II LIMITED PARTNERSHIP | 3990 RUFFIN ROAD, STE 100, SAN DIEGO, CA 92123 | 4829 | 3/24/2016 | | |

# CERTIFIED LETTERS

| | | | | | |
|---|---|---|---|---|---|
| FORREST J McKINLEY | 1186 CENTER STREET, RIVERSIDE, CA 92507 | 4836 | 3/24/2016 | | |
| ROBERTO & CYNTHIA GARCIA | 17936 DEODAR STREET, HESPERIA, CA 92345 | 4843 | 3/24/2016 | | |
| CARL & ROXANNE SPEER | 13095 OLATHE ROAD, APPLE VALLEY, CA 92308 | 4850 | 3/24/2016 | | |

Ex. 6
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 13 of 21
Page 131

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | NOTES |
|---|---|---|---|---|
| CEMS INVESTMENT LLC | 5051 SULTANA AVENUE, TEMPLE CITY, CA 91780 | 14057 KATELYN STREET | 12/28/2015 | |
| JOSEPH & MARY SUDIMACK | 350 S JACKSON STREET #442, DENVER, CO 89209 | 18825 RANCHERO ROAD | 12/28/2015 | |
| APPLETREES APPLESEEDS PROPERTIES LLC / C/O LINA ZHU | 638 LINDERO CANYON ROAD #508, OAK PARK, CA 91377 | 18781 JUNIPER STREET | 1/7/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 1/7/2016 | |
| LA PAZ HOLDINGS LLC | 8939 EIGHTH AVENUE, HESPERIA, CA 92345 | 16284 JUNIPER STREET | 1/7/2016 | |
| BREAKTHROUGH JOULE LTD | 3848 CAMPUS DRIVE STE 201, NEWPORT BEACH, CA 92660 | 7981 GAYLOP AVENUE | 1/8/2016 | |
| ASHRAF TADROS OR MARYAN TADROS | 13043 LEAWOOD STREET, VICTORVILLE, CA 92393 | 13135 MODESTO COURT | 1/8/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 1/12/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16016 PINE STREET | 1/13/2016 | |
| GENE & IRENE MAH | 291 CORAL VIEW STREET, MONTEREY PARK, CA 91755 | 13211 LA CRESCENTA STREE | 1/14/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 1/15/2016 & 02/18/2016 | |
| YUSUF ELSAHRGTY C/O ASEM ELSAHRGTY | 21017 GRANITE WELLS DRIVE, WALNUT, CA 91789 | 16110 SPRUCE STREET | 1/19/2016 | |
| II ZHANG | 634 HERITAGE COURT, AZUSA, CA 91702 | 17169 DONERT STREET | 1/22/2016 | |
| RAMON & GLORIA MUNOZ | 6463 ELMHURST AVENUE, RANCHO CUCAMONGA, CA 91737 | 16052 JUNIPER STREET | 2/1/2016 | |
| JAN COSLEY | 17222 MAIN STREET, HESPERIA, CA 92345 | 16448 SPRUCE STREET | 2/1/2016 | |
| GENSHENG JAMES TAN & MAY MAIYI XU | 30032 AVENIDA CLASSICA, RANCHO PALOS VERDES, CA | 16412 JUNIPER STREET | 2/1/2016 | |
| DOUGLAS & ALICIA TAYLOR | 5728 BUENA SUERTE ROAD, YUCCA VALLEY, CA 92284 | 16292 CHESTNUT STREET | 2/1/2016 | |
| RUBEN & ELSA ARBUES LIVING TRUST C/O R A ARBUES & E M A ARBUES | 21520 G YOURBA LINDA BLVD. #225, YORBA LINDA, 92887 | 9269 SECOND AVENUE | 2/1/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 2/1/2016 | |
| CLEARY TRUST C/O JOHN CAPITELI | 9487 COMPASS POINT DRIVE SOUTH, SAN DIEGO, CA 92126 | 17806 WESTLAWN STREET | 2/4/2016 | |
| SONJA OLIEKAN-PARDU | P.O. BOX 400549, HESPERIA, CA 92345 | 14106 DARTMOUTH STREET | 2/4/2016 | |
| RUDOLF ZEN | 555 SALVATIERRA WALK #203, STANFORD, CA 94305 | 17775 CHESTNUT STREET | 2/5/2016 | |
| ARTHUR OR MARGARITA ESTRADA | P.O. BOX 370, CHINO, CA 91708 | 15408 PALM STREET | 2/8/2016 | |
| CORRALES FAMILY TRUSTD C/O ALFREDO OR ELYDIA CORRALES | 918 SUNKIST AVENUE, LA PUENTE, CA 91746 | 18200 HERCULES STREET | 2/8/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JAYVEE HOPITALITY INC | 14427 S. BERENDO AVENUE #1, GARDENA, CA 90247-2658 | 16024 YUCCA STREET | 2/11/2016 | |
| PIZANO FAMILY TRUST C/O LUIS PIZANO | 315 S. MAIN STREET, SANTA ANA, CA 92701 | 9669 CHOICEANA AVENUE | 2/16/2016 | |
| EFREN RODRIGUEZ | 3638 8TH STREET, SAN MARCOS, CA 92078 | 19287 LINDAY STREET | 2/16/2016 | |
| NICK BENETOS | 15679 BEAR VALLEY ROAD, HESPERIA, CA 92345 | 16632 SEQUOIA AVENUE | 2/16/2016 | |
| RUDOLPH OR PATSEY FOISY | 10864 EIGHTH AVENUE, HESPERIA,CA 92345 | 16688 SEQUOIA AVENUE | 2/16/2016 | |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 16067 ORANGE STREET | 2/16/2016 | |
| MARZVANIAN TATEVOS | 14610 MANZANO ROAD, VICTORVILLE, CA 92392 | 14245 SULTANA STREET | 2/18/2016 | |
| CONCEPCION RIVERA | 2877 WINCHESTER ROAD, BULLHEAD, AZ 86442 | 9150 ORANGELEAF COURT | 2/18/2016 | |
| HALLICK LIVING TRUST | 4267 MARINA CITY DRIVE #404, MARINA DEL REY, CA 90292 | 14062 KATELYN STREET | 2/18/2016 | |
| SANTA FE HESPERIA AR LP | 151 KALMUS DRIVE #J-5, COSTA MESA, CA 92626 | 16576 SULTANA STREET | 2/18/2016 | ??? |
| TRICINELLA P & JK JT LIVING TRUST C/O ANDREW P & JAYNE K TRICINELLA TRUSTEE | 7185 SVL BOX, VICTORVILLE, CA 92395 | 12033 COTTONWOOD AVENUE | 2/18/2016 | |
| MINDY KUM | 6906 PHELAN ROAD, PHELAN, CA 92371 | 18440 VALENCIA STREET | 2/18/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 2/18/2016 | |
| DRAPER FAMILY TRUST C/O HELEN SMITH-DRAPER | 860 HURON DRIVE, CLAREMONT, CA 91711 | 16210 OLIVE STREET | 2/18/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 2/18/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 2/18/2016 | |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| NANCY McAFEE-LEBRUN J REV-TR C/O JULIE ANN McAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 11927 FIRST AVENUE | 2/22/2016 | |
| MARIA CORCHIS SEPARATE PROP TR C/OMARIA CORSHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 11938 FIRST AVENUE | 2/22/2016 | I/P |
| RUDOLF ZEN | 3488 QUARRY PARK DRIVE, SAN JOSE, CA 95136 | 17775 CHESTNUT STREET | 2/22/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| LAN NGUYEN ETAL C/O THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 11901 FIRST AVENUE | 2/22/2016 | |
| JOHN DE LAO | 10688 KIAVAN ROAD, APPLE VALLEY, CA 92308 | 10001 OAKWOOD AVENUE | 2/22/2016 | |
| LOIS E PALMER LIVING TRUST C/O LOIS PALMER | 2130 SUNSET DRIVE #131, VISTA, CA 92081 | 10789 BANNING AVENUE | 2/22/2016 | **MAIL 3/18** |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 11868 FIRST AVENUE | 2/22/2016 | **MAIL 2/26** |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| OSCAR OR EVANGELINA AGUILERA | 8636 SAN CARLOS AVENUE, SOUTH GATE, CA 90280 | 17592 LEMON STREET | 2/22/2016 | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, CA 92345 | 16446-16448 SPRUCE STREE | 2/23/2016 | **I/P** |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 16329 SMOKE TREE STREET | 2/23/2016 | |
| ANDREW OR ROSLYN NATKER | 1501 N. BUNDY DRIVE, LOS ANGELES, CA 90049 | 13066 MURRIETA COURT | 2/23/2016 | **I/P** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/23/2016 | **MAIL 3/18** |
| JACOBSON, JEFFREY D OR QI BIN YING | 35 EAST ALEGRIA AVENUE, SIERRA MADRE, CA 91024 | 13985 SPRUCE STREET | 2/23/2016 | **EMAIL 3/2** |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 15935 WALNUT AVENUE | 2/23/2016 | **H/D 03/2** |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 15215 ORANGE STREET | 2/25/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16111 ORANGE STREET | 2/25/2016 | |
| BETH OR PAUL FLEMMING | 20250 PAHUTE ROAD, APPLE VALLEY, CA 92308 | 16175 LIVE OAK STREET | 2/25/2016 | |
| HUYNH NGOC OR THU THANH NGUYEN | 9411 GRACKLE AVENUE, FOUNTAIN VALLEY, CA 92708 | 14050 GOLD STREET | 2/29/2016 | |
| LEGACY REAL ESTATE | 16392 MARUFFA CIRCLE, HUNTINGTON BEACH, CA 92649 | 8633 D AVENUE | 2/29/2016 | |
| YACHIYO WADA TRUST C/O YACHIYO HANEY TRUSTEE | 801 INDEPENDENCE AVENUE #28, CANOGA PARK, CA 91304 | 17934 CAPRI STREET | 2/29/2016 | **EMAIL 3/3** |
| MARC D MATTHEWS | 8070 SVL BOX, VICTORVILLE, CA 92395-5164 | 8695 C AVENUE | 2/29/2016 | |
| SULTANA 6 LP | 1667 E LINCOLN AVENUE, ORANGE, CA 92685 | 16805 SULTANA STREET | 2/29/2016 | |
| BRADLEY S THOMPSON AMY L KUPULA-THOMPSON | P.O. BOX 4822, CARSON CITY, NV 89702 | 16837 SULTANA STREET | 2/29/2016 | **MAIL 3/18** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| ANTONIO A RABOR TR VENERANDA S RABOR TR | 20262 CHICKASAW ROAD, APPLE VALLEY, CA 92307 | 18183 BEAR VALLEY ROAD | 2/29/2016 | |
| NHAN KHAI HOANG | 16041 JENNER STREET, WESTMINSTER, CA 92683 | 18137 BEAR VALLEY ROAD | 2/29/2016 | |
| CHARLES R DENNEY TR / JOAN A DENNEY T | 3235 E PALAMYRA, ORANGE, CA 92869 | 18075 BEAR VALLEY ROAD | 2/29/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, TORRANCE, CA 90501 | 18545 TALISMAN STREET | 2/29/2016 | |
| RTED AMERICA LLC | P.O. BOX 18528, IRVINE, CA 92623 | 17644 SEAFORTH STREET | 2/29/2016 | |
| STEPHEN H CHRISTENSEN REV TR C/O STEPHEN H CHRISTENSEN | 285 W 24TH STREET, UPLAND, CA 91784 | 11797 HEMLOCK AVENUE | 2/29/2016 | |
| LINDA CHOU I-WEN | 11535 BALSAM AVENUE, HESPERIA, CA 92345 | 10780 THIRD AVENUE | 2/29/2016 | |
| MEI-HIU CHEN CHANG CHIU LIN CHEN | 846 GLENWICK AVENUE, WALNUT, CA 91789 | 10990 BALSAM AVENUE | 2/29/2016 | |
| MIDNITOL FAMILY LIMITED PARTNERSHIP C/O JAY JONES AND DESIREE PATNO | 34 EXECUTIVE PARK #60, IRVINE, CA 92614 | 18103 CAPRI STREET | 2/29/2016 | |
| SAM NAIZI | 18187 TOPSANNA ROAD, APPLE VALLEY, CA 92308 | 14000 JUNIPER STREET | 2/29/2016 | |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| WILLS, HORST & MARIA TRUST C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY , CA 92307 | 8896 I AVENUE | 2/29/2016 | |
| MAVERICK PROPERTIES C/O G.J. HOLWERDA | 1217 PASEO DEL MAR, SAN PEDRO, CA 90731 | 17562 SEQUOIA STREET | 2/29/2016 | |
| TERRY ANKEMAN | 19199 TECUMSEH ROAD, APPLE VALLEY, CA 92307 | 16317 CHESTNUT STREET | 3/3/2016 | **EMAIL 3/** |
| ENRIQUE OR CELIA ULLOA | 16113 HERCULES STREET, HESPERIA, CA 92345 | 15838 SEQUOIA AVENUE | 3/4/2016 | |
| JOHN F BICKHAM | 13047 DUSTY ROAD, VIC TORVILLE, CA 92392 | 8807 LASSEN AVENUE | 3/4/2016 | **EMAIL 3/23** |
| ESPOLT FAMILY TRUST | 6823 SVL BOX, VICTORVILLE, CA 92395 | 9390 BUCKTHORN AVENUE | 3/4/2016 | |
| GONZALO OR LIVIER LUNA | 15371 LIVE OAK STREET, HESPERIA, CA 92345 | 15360 MOJAVE STREET | 3/4/2016 | |
| WON SOEK OR SOOK LEE | 13865 ROSESMARY STREET, HESPERIA, CA 92345 | 9095 EIGHTH AVENUE | 3/4/2016 | |
| MURPHY FAMILY TRUST C/O CLAUDIA L MURPHY REVOCABLE TR | 1608 HAMILTON LANE, ESCONDIDO, CA 92029 | 19236 LINDSAY STREET | 3/4/2016 | |
| MARION T TONGATE TRUST | 16625 JOSHUA STREET, HESPERIA, CA 92345 | 16885 PALM STREET | 3/4/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 3/4/2016 | |
| C/O DAVID KNIGHT & AGNES KNIGHT TRUSTEES | 3719 LOMINA AVENUE, LONG BEACH, CA 90808-2117 | 9735 PYRITE AVENUE | 3/7/2016 | |
| FLOENCIO V & MARIA GARCIA TRUST C/O FLOENCIO V & MARIA LUISA GARCIA | 771 S EUCLID STREET, LA HABRA, CA 90631 | 16516 LIVE OAK STR4EET | 3/7/2016 | |
| GURSHARAN SINGH SANDHU & RAJINDER KAUR | 2855 SINGINGWOOD DRIVE. CORONA, CA 92882 | 13047 RANCHO BERNARDO STREET | 3/7/2016 | **EMAIL 3/23** |

# NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| C/O ANTHONY SR & CHRISTINE CHIRCO TRUSTEE | 19030 PIMLICO ROAD, APPLE VALLEY, CA 92308 | 15952 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID O MacLACHIAN TR DONALDA H MacLACHIAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 16153 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| CRISMAN LIVING TRUST C/O ROBERT & VIRGIAN CRIMSON TRUSTEES | 3645 DENVER AVENUE, LONG BEACH, CA 90810 | 16485 PINE STREET | 3/7/2016 | |
| HORTENCIA & MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 16131 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 8135 LANGDON AVENUE | 3/7/2016 | |
| J A CARR | P.O. BOX 4606, CARLSBAD, CA 92018 | 16511 VERDE STREET | 3/7/2016 | |
| ROBERT NICORIEI | 3848 HALLADAY AVENUE, RIVERSIDE, CA 92503 | 16417 MANZANITA STREET | 3/7/2016 | |
| ISIDORO JIMENEZ | 13333 PARAMOUNT BOULEVARD #B, SOUTH GATE, CA 90280 | 10730 HESPERIA ROAD | 3/7/2016 | |
| NAFIZ & AMINUM N HAFIZ | 352 CASTLETON STREET, CAMARILLO, CA 93012 | 16422 JUNIPER STREET | 3/7/2016 | |
| CRC INVESTMENTS LLC | 12056 CORALWOOD COURT, ALTA LOMA, CA 91737 | 15972 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID SHEK | 12023 JADE ROAD, VICTORVILLE, CA 92392 | 16210 SEQUOIA AVENUE | 3/7/2016 | |
| SEQUOIA APARTMENTS LLC | P.O. 8940, REDLANDS, CA 92375 | 16194 SEQUOIA AVENUE | 3/7/2016 | |
| VALLEY FIFTH LLC | P.O. BOX 216006, ESCONDIDO, CA 91426 | 12052-12072 FIFTH AVENUE | 3/7/2016 | **EMAIL 3/23** |
| C/O QUANG VAN AND DEONNE MONG OANH HO | 22571 LAKE FOREST LANE, LAKE FOREST, CA 92630 | 13901 NETTLE STREET | 3/10/2016 | |
| LUCIANO PEREZ MARTINEZ | 1955 CLARK MOUNTAIN ROAD, SAN BERNARDINO, CA 92410 | 9870 ELEVENTH AVENUE | 3/9/2016 | |
| ARROSIG PROPERTIES LLC | 12485 INDIAN RIVER DRIVE, APPLE VALLEY, CA 92308 | 16230 SEQUOIA AVENUE | 3/9/2016 | **EMAIL 3/25** |
| CHANG SUB YUM REV TR C/O CHANG SUB AND GRACE M YUM | 4418 BEVERLY BOULEVARD, LOS ANGELES, CA 90004 | 14727 RANCHERO ROAD | 3/9/2016 | |
| EDGARDO RAMIREZ | 10570 NEVADA ROAD, PHELAN, CA 92371 | 17392 SEQUOIA AVENUE | 3/9/2016 | |
| MARIA RODRIGUEZ SANDOV AL | 335 SOLDANO AVENUE, AZUSA, CA 91702 | 17098 BIRCH STREET | 3/9/2016 | |
| PATRICIA F OR JOHN A RAMMING | P.O. BOX 294121, PHELAN, CA 92371 | 15499 LARCH STREET | 3/9/2016 | |
| MARIO E OR JOANNA L MARQUEZ | 12761 BRIDGEWATER DRIVE, CORONA, CA 92880 | 16411 CHESTNUT STREET | 3/9/2016 | |
| CVCR PROPERTIES LLC | 16 HIGH BLUFF, LAGUNA NIGUEL, CA 92677 | 8442 ROOSEVELT COURT | 3/9/2016 | **EMAIL 3/17** |
| AHMED FAMILY TRUST C/O IQBAL AND MEHNAZ AHMED | P.O. BOX 8181, LA VERNE, CA 91750 | 16020 JUNIPER STREET | 3/9/2016 | |
| THOMAS J BRYANT | 20572 OCOTILLO WAY, APPLE VALLEY, CA 92308 | 12020 /12024 ELEVENTH AV | 3/9/2016 | |
| MAIDA, MUNEM ETAL MAIDA, MAIDA | 13302 RANCHERO ROAD, OAK HILLS, CA 92344 | 12071 ELEVENTH AVENUE | 3/9/2016 | |
| MICHAEL S VU | 13127 OATMAN DRIVE, RANCHO CUCAMONGA, CA 91739 | 15746 SEQUOIA AVENUE | 3/9/2016 | |

# NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| CLAYLES SEQUOIA LLC C/O CLAY MATTHEWS JR | 6068 CANTEBURY DRIVE, AGOURA HILLS, CA 91301 | 15776/15766 SEQUOIA AVE | 3/9/2016 | |
| BLANQUEL FAMILY TRUST C/O JESUS B AND LUCIA BLANQUEL | 1945 S ALMOND COURT, ONTARIO, CA 91762 | 15808 SEQUOIA AVENUE | 3/9/2016 | **EMAIL 3/23** |
| ANA ADELA DERAS | P.O. BOX 1195, SOUTH GATE, CA 90280 | 16873 SEQUOIA AVENUE | 3/9/2016 | |
| CWL DEVELOPMENT LLC | 1142 S DIAMOND BAR BLVD, DIAMOND BAR, CA 91765 | 15573 RIVERSIDE STREET | 3/10/2016 | **I/P** |
| ANTHONY & DEBRA ECKLOFF | 10919 S GROVEDALE, WHITTIER, CA 90603 | 10394 SIXTH AVENUE | 3/10/2016 | **MAIL** |
| GENE & HELEN BATY | 626 N DEARBORN SP 19, REDLANDS, CA 92374 | 9159 PEACH AVENUE | 3/10/2016 | |
| JACQUELINE RODRIGUEZ | 10647 CHESTERFIELD STREET, ADELANTO, CA 92301 | 18789 WESTLAWN STREET | 3/10/2016 | |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 16179 SPRUCE STREET | 3/10/2016 | **MAIL** |
| CINDY DANG | 2859 S EUCLID AVENUE, ONTARIO, CA 91762-6643 | 11090 FIFTH AVENUE | 3/11/2016 | **MAIL** |
| MIGUEL A RAMIREZ & EDELMIRA SOTO | 14455 CEDAR STREET, HESPERIA, CA 92345 | 19101 LINDSAY STREET | 3/11/2016 | |
| BING & CHEN GUO | 20510 E MEGHAN COURT, WALNUT, CA 91789 | 9670 SAN PABLO AVENUE | 3/14/2016 | |
| NOE GODINEZ & MARIA T A GONZALEZ | 16040 SYCAMORE STREET, HESPERIA, CA 92345 | 16435 ORANGE STREET | 3/14/2016 | **MAIL** |
| CALLO TRUST C/O SCOTT SNIDER | 1816 SANTO DOMING, CAMARILLO, CA 93012 | 17408 SEQUOIA AVENUE | 3/14/2016 | **MAIL** |
| YOO JIN CHONG | 8050 RIGGINS ROAD, PHELAN, CA 92371 | 9019 FREMONT COURT | 3/14/2016 | **MAIL** |
| MARTIN C COUSINO | 4516 SAN BAS AVENUE, WOODLAND HILLS, CA 91364 | 17477 SEQUOIA AVENUE | 3/14/2016 | **MAIL** |
| DANIELLA FOOT LLC | 42200 MORAGA ROAD, TEMECULA, CA 92591 | 11875 A AVENUE | 3/14/2016 | **MAIL** |
| OLEO LAND LLC | 23805 HAWTHORNE BLVD, TORRANCE, CA 90505 | 9162 & 9166 G AVENUE | 3/14/2016 | **MAIL** |
| MATTHEW L ROOT | P.O. BOX 721792, PINON HILLS, CA 92372 | 9120 TO 9124 G AVENUE | 3/14/2016 | **MAIL** |
| MELODEE'S TRUST C/O MOLODEE DAVID | 7423 CAMBRIDGE COURT, FONTANA, CA 92326 | 9090 G AVENUE | 3/14/2016 | **MAIL** |
| RIGOBERTO QUEZADA | 861 E COLUMBIA AVENUE, POMONA, CA 91767 | 16340 OLIVE STREET | 3/14/2016 | **MAIL** |
| CITY OF FONTANA C/O STRADLING YOCCA CARLSON & RAUTH | 660 NEWPORT CENTER DR #1600, NEWPORT BEACH, CA 92660 | 16404,16416,16428 & 16440 ORANGE STREET | 3/14/2016 | **MAIL** |
| FEBRONIO & MARIA GARCIA REV TRUST C/O FEBRONIO & MARIA GARCIA | 14332 LA HABRA ROAD, VICTORVILLE, CA 92392 | 11933 & 11947 A AVENUE | 3/14/2016 | **MAIL** |
| FOREST R & JUDITH A BELLAMY FAMILY TR C/O JUDITH A BELLAMY | 5092 CASPIAN CIRCLE, HUNTINGTON BEACH, CA 92649 | 11917 A AVENUE | 3/14/2016 | **MAIL** |
| CAPREZ FAMILY TRUST C/O CONRAD F & KENNA S CAPREZ TR | 902 CUYLER AVENUE, PLACENTIA, CA 92870 | 16746 LIME STREET | 3/14/2016 | **MAIL** |
| WILLIAM JOSEPH TORRRES SOLONGO BATSUKH | 265 KELLER STREET, MONTEREY PARK, CA 91755 | 9168 G AVENUE | 3/14/2016 | **MAIL** |
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, WHITTIER, CA 90501 | 18545 TALISMAN STREET | 3/23/2016 | **MAIL** |
| ESSENCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 12034-12048 I AVENUE | 3/23/2016 | **MAIL** |

# NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 16837 SULTANAN STREET | 3/23/2016 | **MAIL** |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | PHONE NUMBER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713 | Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805 | Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT COUNTY OF SAN BERNARDINO**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA

**RESPONDING PARTY:** COUNTY OF SAN BERNARDINO

**SET NUMBER:** ONE

**TO DEFENDANT COUNTY OF SAN BERNARDINO AND ITS ATTORNEY OF RECORD:**

Pursuant to Rules 26(d)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("United States") requests that Defendant County of San Bernardino ("Defendant") produce copies of the documents, electronically stored information ("ESI"), and tangible things requested below (collectively, "documents"), along with written responses to each Request for Production below as required by Rule 34, within thirty (30) days after the parties' first Rule 26(f) conference.

## INSTRUCTIONS

1.  The United States requests that Defendant serve the responses required by Rule 34 by sending them via email to the undersigned counsel for the United States.

2.  The United States requests that Defendant serve copies of the requested documents by sending them to the undersigned counsel for the United States via electronic file transfer (instructions to be provided separately by counsel for the United States).

3.  The United States reminds Defendant of the form and manner required by Local Rule 34-2 of the Local Rules of the United States District Court for the Central District of California, which includes that "[t]he party responding or objecting to requests for production shall quote each request for production in full immediately preceding the statement of any answer or objection thereto."

4.  All documents shall be produced in accordance with Attachment A to these Requests, which describes the form of production as well as provides for the protected use of confidential and sensitive information that may need to be produced.  If, before Defendant produces documents responsive to these Requests, the parties stipulate to forms and methods of production, or if the Court enters an order governing those issues in this

case, then Defendant must follow the provisions of that stipulation or order that supersede Attachment A.  Similarly, if the Court enters a confidentiality order before Defendant produces documents responsive to these Requests, then Defendant must follow the provisions of such an order that supersede Attachment A.

5.     If any documents requested herein have been lost or destroyed, such documents shall be identified by author, date, and subject matter.  If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6.     If you withhold or redact any document under a claim of privilege, clearly state that in the responses to the corresponding Request and provide a privilege log that separately states the following with respect to information withheld under a claim of privilege:

a.     The type of communication, information, or document to which a claim of privilege is being asserted (i.e., letter, memorandum, etc.);

b.     The nature or basis of any claim of privilege;

c.     The date of the document;

d.     The name, business address, and present position of the originator or author of the document;

e.     The position(s) of the originator or author of the document at the time(s) the communication was made or the document was prepared;

f.     The name, business address, and present position of each recipient of the communication or document;

g.     The position(s) of each recipient at the time(s) the communication or document was prepared and the time it was received;

h.     The number of pages in the document;

i. A general description of the subject matter of the communication or document; and

j. To which of these Requests such document is responsive.

The privilege log should be served with the responses to these Requests, or, if that is not feasible, on a specified date within a reasonable time after the responses are served, but not more than twenty-one (21) days after responses are served.

7. If Defendant cannot produce some of the documents responsive to these Requests within thirty (30) days after the parties' first Rule 26(f) conference, Defendant nonetheless must serve responses to these Requests and produce any other responsive documents within those thirty (30) days, specifying the date—within a reasonable time—when the rest of the production will occur.

**DEFINITIONS**

1. Unless otherwise specified, the Requests below seek all responsive information from January 1, 2014 to the present.

2. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases, hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social media content and activity, and audio/video surveillance or recording systems.

3. **Communications**. The term "communications" means and refers to transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of the form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

4. **Document**. The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms. "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs. "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or other otherwise.

5. **Person or individual**. As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

6. **Referring or Relating To**. "Refer to" or "relate to" mean all information and all facts and/or documents that directly, indirectly, or in any way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter specified in the Request.

7. **You or Defendant**. The terms "you" or "Defendant" mean and refer to Defendant County of San Bernardino, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

8. **City or Hesperia**. The terms "City" and/or "Hesperia" mean and refer to named Defendant City of Hesperia (California).

9. **County or San Bernardino County**. The terms "County" and/or "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

10. **2015 Ordinance, 2017 Ordinance, and Ordinances**. The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12. The term "2017

Ordinance" means and refers to Hesperia Ordinance No. 2017-13. The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

11. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

12. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

13. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

14. **Residential owner-occupied property**. The term "residential owner-occupied" means and refers to a residential property that the City and/or the Sheriff believed or deemed to be non-rental housing, regardless of whether the legal owner used the property as his or her primary residence.

15. **Non-residential property**. The term "non-residential" means and refers to a property that the City and/or the Sheriff believed or deemed to be used for something other than human habitation, including exclusively for commercial or industrial use.-**And, or, and and/or**. The use of "and," "or," or "and/or" in these Requests shall be construed to make the Request as inclusive as possible or otherwise call for the broadest response.

16. References to the singular include the plural, and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 2**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 3**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 4**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 5**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**REQUEST FOR PRODUCTION NO. 6**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 7**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 8**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**REQUEST FOR PRODUCTION NO. 9**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**REQUEST FOR PRODUCTION NO. 10**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 11**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 12**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 13**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in

Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 14**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 15**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**REQUEST FOR PRODUCTION NO. 16**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**REQUEST FOR PRODUCTION NO. 17**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing

program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**REQUEST FOR PRODUCTION NO. 18**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 19**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 20**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 21**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 22**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including

the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**REQUEST FOR PRODUCTION NO. 23**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**REQUEST FOR PRODUCTION NO. 24**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**REQUEST FOR PRODUCTION NO. 25**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**REQUEST FOR PRODUCTION NO. 26**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**REQUEST FOR PRODUCTION NO. 27**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**REQUEST FOR PRODUCTION NO. 28**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**REQUEST FOR PRODUCTION NO. 29**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**REQUEST FOR PRODUCTION NO. 30**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**REQUEST FOR PRODUCTION NO. 31**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and

background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**REQUEST FOR PRODUCTION NO. 32**

Documents relating to meetings (including, but not limited to, official Board meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**REQUEST FOR PRODUCTION NO. 33**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**REQUEST FOR PRODUCTION NO. 34**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**REQUEST FOR PRODUCTION NO. 35**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 36**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 37**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**REQUEST FOR PRODUCTION NO. 38**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**REQUEST FOR PRODUCTION NO. 39**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station.  Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**REQUEST FOR PRODUCTION NO. 40**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 41**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

Respectfully,

Dated: April 23, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for the United States of America*

**ATTACHMENT A**

**TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO COUNTY OF SAN BERNARDINO**

Defendant County of San Bernardino's production of documents, electronically stored information ("ESI"), and tangible things requested in the United States' First Set of Requests for Production ("Requests") shall be produced as set forth in the Requests and as further specified below.

**1. Form of Production**

a. ESI and hard copy paper documents must be produced in "load ready" format as specified herein.

b. Each hard copy paper document must be scanned as a single electronic image file.

c. ESI must be processed with eDiscovery software that extracts metadata and text and converts the document to an image format that accurately represents the full contents of the document.

d. Black and white images shall be scanned or converted to single page Tagged Image File Format ("TIFF"), using CCITT Group IV compression at 300 d.p.i. and that accurately reflects the full and complete information contained in the original document. One image file shall represent one page of the document. Color images shall be produced as JPEG files at 300 d.p.i. using a high quality setting.

e. For ESI and scanned hard copy paper documents, the text of all pages in the document must be saved as one file. If the extracted text of a native document does not

exist or does not represent the entire document, Optical Character Recognition ("OCR") will be provided instead.  OCR is searchable text generated for scanned documents or native files that is in ASCII format, where all pages in the document will be represented in one file.

      f.     Metadata must be preserved and produced for the fields listed in Table 1 below.

      g.     Deduplication will be used to remove exact duplicate documents from the production.  The Parties agree to use MD-5 hash values for deduplication and calculate those values for all ESI at the time of collection or processing.

      h.     Use of Search Criteria to Identify ESI:  It is the responsibility of the Defendant to a discovery request to identify and produce responsive information including ESI.  Defendant should contact counsel for the United States to meet and confer if Defendant believes that the use of keyword search criteria or analytic tools should be used to identify responsive ESI.

      i.     All productions will provide a consistent load file with the same number and order of fields regardless of the types of documents in the production.

      j.     All images (*e.g.*, TIFF, JPEG) will be produced in a directory labeled IMAGES.  Subdirectories may be created so that one directory does not contain more than 5000 files.

k.     All native files (with the proper Windows-associated extension) will be produced in a directory labeled NATIVE.  Subdirectories may be created so that one directory does not contain more than 5000 files.

l.     An image cross reference file (a file in Concordance Opticon/Relativity .log format that contains Bates Numbers, paths to images, and document break indicators for all ESI in each production) and a load file containing all required metadata fields will be produced in a directory labeled DATA.

m.     All extracted text and/or OCR will be produced in a directory labeled TEXT.  The parties agree to provide a text file for all documents, even if the size of the file is zero. Subdirectories may be created so that one directory does not contain more than 5000 files.

n.     Except for native files, Defendant will produce responsive documents Bates-stamped with a prefix to indicate the party producing the documents (*i.e.*, COUNTY____).  For native files, which cannot be Bates-stamped, the Parties will rename the file as [Document Identification Number].[extension] with a placeholder image in the production containing the name of the file before it was changed.

o.     Specifications for Specific File Types:

i.     Text messages will require counsel to meet-and-confer before Defendant collects or prepares to produce the responsive messages.  Defendant should contact counsel for the United States to meet-and-confer and should be prepared to discuss the expected number of devices, expected volume (number of

messages and/or conversations), the mobile operating systems involved and approximate age, and available collection tools.

ii. Audio files and video files shall be produced as native files unless the native form is a proprietary format, in which case the file(s) should be converted into a non-proprietary format that can be played using Windows Media Player. For each audio or video file, a placeholder image containing the file name shall be included in the production.

iii. Excel or other types of spreadsheets shall be produced as native files with all cells unlocked. For each Excel or spreadsheet file, a placeholder image containing the file name shall be included in the production.

iv. PowerPoint files shall be produced as both (1) as color images with extracted text and (2) as native files with all notes unaltered and viewable. For each PowerPoint, a placeholder image containing the file name shall be included in the production.

v. Social media content (including comments, "likes," sharing, and other interactions with the post(s)) should be produced as individual images with extracted text, including information about the participants and the date and time of the communications.

vi. For production of tangible things and production of information from a structured database, proprietary software, or vendor-managed software, the parties will meet-and-confer before making any production to attempt to agree on

a reasonable and proportional form of production that maintains the integrity of the tangible things or documents.

vii. Oversized documents (*e.g.*, maps, architectural, engineering, or zoning plans) must be produced as JPEG images or in hard copy paper form so as to retain the resolution and scale of the original document.

**2. Production Specifications**

a. Productions will be clearly labeled and/or in folders to indicate (a) the name of the Defendant producing the documents, (b) the date of the production, and (c) the Bates-range.

b. If Defendant needs to redact a portion of a document for which only a native file would be produced, Defendant will request a meet-and-confer with counsel for the United States regarding production of the redacted document.

c. Defendant must remove all encryption or password protection for all ESI produced. In the alternative, Defendant must provide passwords or assistance needed to open encrypted files.

**Table 1 – Metadata Fields**

| Field Name | Definition | Include for Emails and Text Messages | Include for other electronic files | Include for Paper documents |
|---|---|---|---|---|
| **Begin_Bates** | Bates number for the first image of a | Y | Y | Y |

| | | | | |
|---|---|---|---|---|
| | document (or the Bates number of the placeholder page for a native document). | | | |
| **End_Bates** | Bates number for the last image of a document (or the Bates number of the placeholder page for a native document). | Y | Y | Y |
| **Begin_Attach** | Only for document families,[1] provide Bates number for the first image of the first attachment or embedded file. Leave this field blank if there is no document family. | Y | Y | Y |
| **End_Attach** | Only for document families, provide Bates number for the last image of the last attachment or embedded file. Leave this field blank if there is | Y | Y | Y |

[1] Document Family means a group of related documents, including: (1) paper documents that were grouped together or physically attached by clips, staples, binding, folder, etc.; (2) email with its attachment(s); and (3) files with embedded documents

| | | | | |
|---|---|---|---|---|
| | no document family. | | | |
| **Parent ID** | Bates number of the parent document (filled in only for “child” documents). | Y | Y | Y |
| **PgCount** | The number of images produced for this document (1 for placeholder). | Y | Y | Y |
| **All Custodians** | Name of all custodians who had a copy of the document before deduplication. | Y | Y | Y |
| **From** | “From” field in email. | Y | | |
| **To** | “To” field in email. | Y | | |
| **CC** | “CC” field in email. | Y | | |
| **BCC** | “BCC” field in email. | Y | | |
| **Subject** | “Subject” field in email. | Y | | |
| **Attachments** | File names of the attachments. | Y | | |
| **DateSent** | DateSent field from email. Include both date and time (format: 9/28/2012 1:16 PM or | Y | | |

| | | | | |
|---|---|---|---|---|
| | 9/28/2012 13:16:34). | | | |
| **Redacted** | "Yes" if the document has been redacted. | Y | Y | Y |
| **Confidential** | Confidential Designation (if any). | Y | Y | Y |
| **MD5Hash** | The MD5 hash value calculated when the file was collected or processed. | Y | Y | |
| **Orig_File Paths** | Path to location from which original file was collected. If production was deduplicated, include all file paths from which original files were collected. | Y | Y | |
| **Prod_FilePath** | The path to the native file on the production media. | | Y | |
| **Native_filename** | Original name of the native file when the file was collected or processed. | Y | Y | |
| **Text File Path** | Path to the text file on the production media. | Y | Y | Y |
| **Date File Created** | The date the ESI was created. | | Y | |

| **Date File Last Modified** | The date the ESI was last modified. | | Y | |
|---|---|---|---|---|

**3. <u>Protections for confidential or sensitive information</u>**

Counsel for the United States is prepared to discuss the possibility of jointly proposing a confidentiality order that would govern the parties' discovery productions in this litigation. Unless and until the Court enters such an order (or counsel for the United States otherwise agrees in writing), it is Defendant's obligation to respond to the Requests and to seek timely and appropriate relief to protect its interests regarding information that is responsive to the Requests.

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MICHAEL CEBALLOS | 11/24/1974 | B3505673 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| DEBBIE CEBALLOS | 11/4/1974 | A6668175 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| SANDRA O'KEEFE | 9/26/1953 | E0269683 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| PHILLIP O'KEEFE | 09/301962 | B5891311 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| ELI REYES | 1/18/1986 | D6195835 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | IN VIOLATION |
| SONIA TORRES-REYES | 7/2/1990 | E3192573 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | APPROVED |
| ARLETTE LANDA | 3/16/1980 | B9551735 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| JESUS ARELLANO | 11/19/1983 | D3031222 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| CHRISTOPHER COFFEE | 5/14/1971 | A5181934 | MILANO REALTY | 1/8/2016 | 1/8/2016 | IN VIOLATION |
| TENNILLE RAMOS GARCIA | 12/5/1977 | B3309137 | MILANO REALTY | 1/8/2016 | 1/8/2016 | APPROVED |
| TIMOTHY CRUM | 6/29/1951 | A0066346 | MESA PROPERTIES | 1/11/2016 | 1/12/2016 | APPROVED |
| VICKIE C. CRUM | 1/15/1954 | N3379892 | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| JASON M. DAVIS | 5/19/1977 | S062180017 MO | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| LASHEA HUMES | 6/20/1993 | F2874532 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | APPROVED |
| KEATON DAVIS | 2/18/1992 | F1559468 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | IN VIOLATION |
| KYLE O. CRUM | 12/15/1995 | F5613355 | MESA PROPERTIES | 1/13/2016 | 1/13/2016 | APPROVED |
| LEE WILLIAMS | 6/8/1988 | D9197358 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| SHAMONIQUE GRAY | 11/30/1993 | F2504807 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| LISA ALSTON | 1/31/1985 | D8693057 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| KEENAN ALSTON | 12/13/1982 | D3689603 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| LAJAMI HICKS | 7/9/1987 | D6949106 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | IN VIOLATION |
| RANDALL FLEMING | 10/1/1978 | B6766469 | DON MOWERY | 1/12/2016 | 1/19/2016 | APPROVED |
| SHARRIEF MUHAMMAD | 7/1/1972 | B8795906 | JUAN LIU | 1/17/2016 | 1/19/2016 | APPROVED |
| JAVASIA MUHAMMAD | 9/1/1971 | A4695894 | JUAN LIU | 1/15/2016 | 1/19/2016 | IN VIOLATION |
| RYAN LEASTMAN | 1/21/1991 | D02944225 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| STEFANI (DOLAN) LEASTMAN | 11/29/1990 | D05041816 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| AGUSTIN AZPERICUENTA | 9/18/1995 | F5256458 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| JOALY PLASCENCIA | 8/20/1994 | F6933592 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| TOMMY ROWLAND | 3/7/1950 | S0487604 | CENTURY 21 ROSE PROPERTY | 1/14/2019 | 1/19/2016 | APPROVED |
| ROXANNE ROWLAND | 1/5/1953 | N0077688 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| MICHAEL LITTLE | 6/4/1972 | A8070085 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| AUTUMN NICOLE OHMER | 12/3/1989 | D8767592 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| LARRY MICHAEL SMITH JR | 3/20/1972 | A7276073 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | IN VIOLATION |
| SAVANNAH ASHLEY GRAY | 10/26/1993 | `F3021654 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| APRIL LYNN WEBSTER | 5/19/1985 | D5451911 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ANNETTE LOUISE TARBET | 12/31/1956 | N7906448 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| STEVEN JAMES TARBET | 11/18/1954 | N2011091 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| THERESA LAWTON | 3/30/1968 | C6578367 | UPWARD PROPERTY MGT | 1/19/2016 | 1/20/2016 | APPROVED |
| J. CRUZ PEREZ MORA | 5/31/1984 | Y3347336 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| LILIANA SALCIDO | 2/4/1979 | D7276605 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| GLENN A. SMART | 11/16/1953 | D1540060 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MARY C. JACKSON | 7/2/1955 | N4331274 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MANUEL LAUREANO | 9/1/1978 | B7940065 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JAMIE B LAUREANO | 10/14/1981 | B8083607 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JOEL CARL RIVERA | 9/28/1946 | K0697028 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CARLOS ARIAS | 12/19/1993 | E1901190 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CLEMENTINA LUNA | 11/23/1958 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JEANETTE LUNA | 9/27/1997 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA LARA | 2/23/1958 | D5063140 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA OLMOS | 7/5/1993 | F7585776 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| YADIRA CIRIACO | 7/21/1995 | F6882897 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| FRANCISCO JAVIER LOPEZ | 11/3/1996 | F5400431 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| WENDY GOMEZ | 11/5/1987 | D6424536 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| PABLO GOMEZ | 12/9/1987 | D8353319 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| BARBARA ANN ALEXANDER | 7/21/1952 | E0329492 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| JOETTE LINDA CARRILLO | 9/14/1987 | D2729125 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| VICTORIA SHANELL BURDEN | 3/1/1993 | F1697525 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| ALEJANDRINA ESTELE JOHNSON | 7/3/1976 | B5629911 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| DAIONE KENNETH JOHNSON | 10/1/1958 | N5780979 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| JAMES RIOS | 1/3/1986 | X1011597 | | 1/1/1900 | 1/29/2016 | IN VIOLATION |
| CHRISTINE MARIE DEMOSE | 3/15/1985 | D3815785 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| CHRISTINA LYNN CHRISTIANSEEN | 3/12/1970 | U6087641 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| LATANYA FENNELL-LOGAN | 5/10/1965 | C1866584 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| LATANEISHA WILKES | 8/21/1991 | E1670633 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| MARIA DEJESUS PEREZ | 6/4/1970 | A1816591 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| UNIQUE SHANTE WATKINS | 2/25/1988 | D7295355 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| BRITTEN MIKI RICHARDSON | 5/27/1987 | D6465478 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| DON BUSH | 11/6/1992 | E3192183 | DON MOWERY | 2/2/2016 | 2/3/2016 | APPROVED |
| MARIA C. GONZALEZ | 7/15/1969 | C2443819 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| ASUNCION MILLO | 12/21/1940 | N3169357 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MANUEL MILLO | 5/15/1962 | F8352816 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| GARY BOWERS | 8/9/1947 | K0861127 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| SHARON BOWERS | 1/11/1979 | S0012200 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOSEPH WARE-BOWERS | 4/22/1991 | E3257396 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOEL BERBERENA | 10/28/1979 | Y2087822 | REAL LIVING PROPERTIES | 2/3/2016 | 2/3/2016 | APPROVED |
| NINOTCHKA RIVERA TORRES | 9/4/1991 | 38196978 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GEORGE O. DIAZ | 5/30/1984 | 38197019 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GLENN ANDRE BULLOCK JR | 3/7/1975 | B5587424 | RIM PROPERTIES | 2/5/2015 | 2/5/2016 | APPROVED |
| STEPHEN CANEZ | 7/15/1972 | A3771427 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| WILLIAM MILLER | 8/5/1953 | E0772006 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CYNTHIA ANN WELCH | 5/21/1962 | C1457119 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CLEMENTE RUBIO | 11/23/1943 | C2786421 | LARRY SCOTT | 2/5/2016 | 2/16/2016 | APPROVED |
| ROSA NELLY RUBIO | 11/20/1944 | C6108953 | LARRY SCOTT | 2/5/2016 | 2/6/2016 | APPROVED |
| DENNIS COLLINS | 9/30/1995 | B7271507 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| CHANDRA WILLIAMS | 6/11/1961 | C0193247 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| YOLANDA MARIE ESPITIA | 12/20/1974 | A9450184 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| JOSEPH AUGUSTIN ESPITA | 7/7/1976 | B4714768 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| WILLIAM DAVID SHIRLEY | 1/22/1983 | D7102552 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| MONICA GOMEZ | 9/10/1982 | D2852826 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| EDUARDO OSORIO | 8/25/1982 | D4435928 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/11/2016 | 2/11/2016 | APPROVED |
| SUMMER MARIE PIMENTEL SHANKLES | 9/28/1985 | B3797212 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BLAKE VASQUEZ | 7/1/1988 | E1185781 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BRANDON MCINTIRE | 10/10/1983 | E1675752 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| JASON PELAEZ | 12/5/1979 | Y3214587 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| ANGELA MCINTIRE | 8/9/1991 | E1184321 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| KARIN LEE BENNET | 5/1/1979 | B9129104 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| MARCOS A. BARELA | 6/16/1982 | D2165720 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| SEAN EDMISTON | 7/10/1986 | D4951692 | | 2/13/2016 | 2/15/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| SERENA EDMISTON | 11/15/1984 | D6047018 | | 2/13/2016 | 2/15/2016 | APPROVED |
| MUNICA HERNANDEZ | 1/15/1982 | B7985773 | | 2/13/2016 | 2/15/2016 | APPROVED |
| TRACIE-ANNE OPIE | 5/10/1990 | E1361465 | | 2/13/2016 | 2/15/2016 | APPROVED |
| KEVIN CASTLE | 9/6/1983 | E1186356 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ERIC ROMERO | 10/9/1984 | D5235399 | | 2/13/2016 | 2/15/2016 | APPROVED |
| LIZA SERRATO | 10/28/1983 | D2559079 | | 2/13/2016 | 2/15/2016 | APPROVED |
| INEZ SIBLEY | 12/16/1957 | N8348463 | | 2/13/2016 | 2/15/2016 | APPROVED |
| BERNICE SIBLEY | 8/21/1959 | D1908752 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ESTELLA JONES | 11/30/1970 | B8415568 | | 2/13/2016 | 2/15/2016 | APPROVED |
| JOHN A. MILLER | 10/15/1968 | U6008587 | | 2/13/2016 | 2/15/2016 | APPROVED |
| GABRIELLE N. LOPEZ | 1/17/1994 | F3261452 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| NOE LOPEZ | 6/19/1979 | F4684092 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| ANITA MICHELLE DUNN | 3/27/1972 | D05326750 AZ | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ESTESLLE JONES | 11/30/1970 | B8415568 | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ALACIA JOLENE MILLS | 3/24/1987 | D6867531 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DANIEL ANTHONY KOSCIELNIAK | 7/3/2006 | D6868706 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| JAMES D. JOHNSON | 10/16/1985 | D59275458 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| BAILEY CORDLE | 10/21/1987 | 16901785 TX | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| IVAN KHANINE | 8/11/1984 | D5105732 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DOMINIQUE DEVEN LOCKE | 12/13/1985 | D7408242 | RIM PROPERTIES - DESERT SPRINGS | 2/17/2016 | 2/18/2016 | IN VIOLATION |
| TONICIEA YAMISSSE DAVIS | 5/2/1987 | D5155698 | RIM PROPERTIES- DESERT SPRINGS | 2/17/2016 | 2/18/2016 | APPROVED |
| MARTHA ELLEN ALCANTAR | 9/12/1956 | N7017004 | BEACON PROPERTY MANAGEMENT | 2/17/2016 | 2/18/2016 | APPROVED |
| JULIE ELIZABETH NIVELA | 2/21/1978 | B7459869 | RIM PROERTIES - DESERT ROSE | 2/17/2016 | 2/18/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ELENA MEDINA | 5/15/1996 | F2531349 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | IN VIOLATION |
| KEVIN ENRIQUE SOTO | 6/14/1995 | F5732188 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | APPROVED |
| JENNIFER KENNEDY | 4/19/1996 | F7657354 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| ADOLFO ROJO | 11/4/1994 | F7244337 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| RAFAEL ROJO CARDENAS | 6/25/1967 | Y2736162 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| HECTOR E ARCE | 7/28/1980 | D1729263 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| ELIAS ARCE | 5/1/1978 | B6124461 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| JUSTINE D CUSHING | 9/24/1990 | D9135110 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| WENDY L McCANN | 11/27/1961 | N8943113 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| ALEJANDRO SOTO | 1/3/1990 | E3029410 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| TRAYSHAWN ANTHONY TRAYLOR RILEY | 2/15/1991 | D7295567 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| ANDREA HICKS | 11/5/1959 | C0237883 | RIM PROPERTIES | 2/22/2016 | 2/22/2016 | APPROVED |
| ROBERT A BUSTOSS | 9/23/1995 | F4607259 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| SAUNSARAE LALEATHA WELLS | 9/19/1989 | E2995999 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| DAWNISHA WARREN | 12/16/1988 | E1106739 | RIM PROPERTIES | 2/23/2016 | 2/23/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | SHEAR PROPERTY RENTALS | 2/24/2016 | 2/24/2016 | APPROVED |
| TANYA RENEE SQUIRE | 7/27/1987 | D9961933 | RIM PROPERTEIS | 2/25/2016 | 2/26/2016 | APPROVED |
| DANIEL ROJAS LUCERO | 8/20/1985 | D4499719 | RIM PROPERTIES | 2/25/2016 | 2/26/2016 | APPROVED |
| HILLARY RAE STEWART | 11/7/1977 | B5143968 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| JASMINE ZAKIYA OGBONNA | 3/29/1993 | F1616387 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| SCOTT VINCENT GRISSOM | 3/7/1991 | D9729127 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| STEVEN CATCHING | 5/2/1967 | C4570079 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| CELESTE J. BROWN-OSBORNE | 3/11/1989 | D9038714 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| FRANCHESCA RAMOS | 8/23/1994 | F2122359 | CAPITAL DEVELOPMENT | 2/29/2016 | 3/1/2016 | IN VIOLATION |
| NICOLE THOMAS | 12/15/1982 | D1354270 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| CHAD GROSS | 12/30/1986 | D4951479 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| KORTNEY GROSS | 2/27/1987 | D5666747 | RIM PROPERTIES | 2/29/2016 | 2/19/2016 | APPROVED |
| JUDY S HANSON | 9/24/1939 | G0157312 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| JOSHUA GIESE | 1/1/1985 | D5594528 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| MARQUES CHATMAN | 9/29/1981 | D3083225 | RIM PROERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| CHRISTIAN LA FLEUR | 11/11/1972 | A6588166 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| ANDREA NUNEZ | 7/11/1978 | B8568520 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| SINUHE R. FLORES | 4/18/1988 | D8639221 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| SAMANTHA FLORES | 10/28/1990 | F3193367 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| ANTOINETTE SALDANA | 9/22/1993 | F3212790 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ERIK PUENTES | 2/26/1994 | E2130147 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| JOSEY BETTS | 1/20/1995 | F3506562 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ANDREW McKINLEY | 7/1/1995 | F5673570 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| WALTER GONZALEZ | 1/11/1982 | D1869391 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| RIKKI DUPLESIS | 8/15/1990 | E2962036 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| DOLORES ROSALES | 4/3/1955 | N2102419 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| DESAREE LEVA-ROSALES | 1/18/1986 | D2729143 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| REGINA ROSALES | 1/22/1979 | B8781391 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| IRENE CASTRO ORTIZ | 4/29/1980 | B9516708 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| SANTA OCEGUEDA | 2/22/1987 | D9294089 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| JOSHUA DELEON | 2/20/1985 | D6038389 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MANUEL FLORES | 5/17/1987 | D6360487 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| AMBER VANTRECE | 4/25/1976 | A8428484 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DAVID VANTRECE | 4/17/1953 | N3361410 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DANELLE MONIQUE DAVIS | 8/18/1985 | D06594077 AZ | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MYINDI LINDBERG | 10/17/1977 | F7726580 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| JOSHUA PRUIKSMA | 10/23/1978 | B9068009 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| RYAN NORDLIE | 1/26/1978 | B5440227 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | IN VIOLATION |
| FREDDY HARTWELL | 4/4/1994 | F4808107 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| MARIELLE ALEJANDRA HARTWELL | 9/25/1995 | F6955682 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ERIC RAYMOND VALAZQUEZ | 7/12/1988 | D9894119 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| FELICIA A ORNELAS | 4/9/1990 | E3029160 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| EMMANUEL ROMERO | 8/24/1980 | D6055804 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ALEJANDRA PARRA | 7/13/1982 | F5227779 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ANDREW GABRIEL MICHEL | 4/28/1991 | F1538748 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JESSICA GEORGGINA MARTINEZ | 6/17/1991 | F6953069 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| MARLENE SANTA CRUZ | 11/11/1987 | D9996338 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JENNIFER JOHNSON | 12/4/1982 | D1513012 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| MARTHA E GONZALEZ (TORRES) | 5/7/1966 | A1408464 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| KRISTEN DEBONDT | 8/19/1992 | E2721027 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ELIJAH McLELLAN | 3/8/2016 | F2287163 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| JOSEPH FRANCO | 1/7/1992 | F3192007 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROBERT GAJUS | 2/3/1995 | F4606359 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| AMANDA LEANN BURNS | 9/30/1995 | F4883421 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| VANESSA ALCALA | 10/1/1992 | E3192654 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROGELIO ALCALA | 10/7/1953 | N9970906 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| TOMAS LYNE ALEJOS | 6/11/1997 | Y3191473 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| VANESSA MONIQUE BRISENO | 2/15/1994 | F15642174 | VIP MANAGEMENT | 3/9/2016 | 3/9/2016 | APPROVED |
| TOMASA MENDEZ | 3/7/1966 | F4823679 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| ESTEBAN MENDEZ | 11/8/1962 | C5740606 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| JOSE SARAVIA | 8/23/1985 | Y2116899 | RIM PROPERTIES | 3/9/2016 | 3/9/2016 | APPROVED |
| JAMIE CARRILLO | 7/5/1985 | D6047197 | JUANITA DAWN GLOVER | 3/8/2016 | 3/9/2016 | APPROVED |
| RYAN N. DOBOS | 8/10/1982 | D1513105 | JUANITA DAWN GLOVER | 3/8/2016 | 9/9/2016 | APPROVED |
| MARIA GUADALUPE LARA | 6/22/1966 | C6352943 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| CHRISTOPHER ANTHONY PALAIOS | 4/16/1990 | D2844786 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| YADIRA CARDONA | 1/23/1989 | F1357655 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| ELIZABETH LARA | 7/8/1992 | E3194039 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| FINEHAS MUNOZ | 5/26/1992 | E3191767 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| OTICIA WYSINGER | 9/2/1985 | D6628871 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| NICHOLE JOHNSON | 3/23/1989 | D8354430 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| EUGENE FRASER | 12/27/1987 | D9141534 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | IN VIOLATION |
| SHANTA NICOLE LUCAS | 10/31/1986 | D8105988 | RIM PROPERTIES | 3/11/2016 | 3/11/2016 | IN VIOLATION |
| JENNIE ELLIS | 1/13/1987 | 23739368 NC | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| MARY GREENE | 10/4/1962 | U5171900 | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| VALYSSA L BONILLA | 8/12/1993 | F4647685 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| MICHAEL P MCORMOND | 3/10/1963 | N9333405 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| CHRISTOPHER L VONDERAHE | 5/21/1993 | F3394709 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| SOLEDAD CASTILLO | 5/29/1992 | F2101953 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | APPROVED |
| ANGEL ALMANZA | 7/30/1991 | F1426897 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | IN VIOLATION |
| HARRY D SHERLOCK | 7/22/1932 | K0407429 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| LEAH A SHERLOCK | 12/11/1964 | C3121761 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| YVONNNE GONZALEZ | 12/13/1954 | N3255791 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| CORIE BATES | 5/20/1974 | A9273531 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| ANTHONY GONZALES | 6/9/1967 | C5565538 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| MARY K GONZALES | 7/30/1970 | A4990016 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| DESIREE VASQUEZ | 6/23/1989 | E2096527 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| ROBERT GARCIA | 7/22/1980 | D2045549 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| CHRISTINE CHARLEBOIS | 9/8/1975 | B4653566 | INVESTMENT CONCEPTS INC | 3/17/2016 | 3/17/2016 | APPROVED |
| CATHY AITHER | 12/10/1965 | C2914217 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ALEXANDER DE LA ROSA | 8/28/1973 | A5382170 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |
| ROBYN DE ARRUDA | 6/15/1990 | F7325287 | JOSE MADERA | 3/14/2016 | 3/18/2016 | APPROVED /FAIL FAX |
| HARVEY RAY ABNEY JR | 1/14/1981 | B6702826 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ANGEL CHAVEZ | 10/21/1976 | B6537259 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| JESSICA CHAVEZ | 10/6/1982 | D2727958 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ASHLEY DOTTER | 8/30/1983 | D4298264 | VIP MANAGEMENT | 3/17/2016 | 3/18/2016 | APPROVED |
| DOROTHY DORENE GALLARDO | 1/23/1961 | N9796389 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| BELIT ZONOBIA LIVINGSTON | 6/1/1987 | D8693577 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| JERRY T MEDEIROS | 9/7/1966 | C2704369 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| MICHEALA MEDEIROS | 1/27/1967 | A7458496 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| KAREN M BELMAN | 2/28/1987 | D8993533 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| JESSICA M LICEA | 1/20/1986 | D5096234 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| RICHARD CORTEZ | 3/12/1985 | D4285057 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| MARCO A CEDILLO | 4/10/2016 | NONE/ GREEN CARD | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| BRITTNEY GIDDERY | 9/19/1988 | D9197325 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| GILBERTO RODRIGUEZ | 06/0/62 | G463280622300 FL | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| SHANE K SHAVER | 7/3/1965 | C4489598 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| RACHEL PORI | `08/24/50 | 8/24/1950 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| DESIREE BROWN | 7/16/1981 | D2672471 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| NATASHA GLOSTON | 6/23/1977 | B6761837 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| PEARL HOWARD | 10/7/1992 | 0200879727 NV | VIP MANAGEMENT | 3/22/2016 | 3/22/2016 | APPROVED |
| ROSALIE OCEQUEDA | 7/28/1963 | 1705068124 NV | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| JOHN URCIEL | 7/28/1972 | 1705067976 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| CRISTIAN ROJA | 3/22/1995 | F6970781 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DREW PIFER | 5/25/1996 | F7648535 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DAVID MORRISON | 1/30/1955 | N0330513 | GONZALO LUNA | 3/23/2016 | 3/23/2016 | APPROVED |
| TRUDIE GILLIAM | 8/22/1955 | N4246949 | GABOR BESZE | 3/19/2016 | 3/22/2016 | APPROVED |
| BRIDGETT PURCELL | 5/25/1977 | B3969252 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| KAMONTA POLK | 12/17/1975 | B5518316 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| GERE RIDEOUT | 4/12/1978 | B4597326 | RIM PROPERTIES | 3/24/2016 | 3/24/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| | | | | | | |
|---|---|---|---|---|---|---|
| RALPH RODRIGUEZ | 7/24/1990 | E2234698 | BLUESTAR PROPERTIES | 3/24/2016 | 3/25/2016 | APPROVED |
| TAYLOR HOLM | 1/1/1990 | D8382561 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JEFFREY ANTHONY HOLM | 10/13/1989 | E2057397 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JOSEPH RODRIGUEZ | 9/10/1989 | D9294447 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |
| ALBA GONZALEZ | 10/10/1992 | F2537794 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |

Ex. 7
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 172

# TENANT EVICTIONS / VIOLATORS

| TENANTS NAME | DOB | PROPERTY ADDRESS | DR # | DATE OF INCIDENT | DATE COMPLETE | OTHER/NOTES |
|---|---|---|---|---|---|---|
| THOMAS ROBERTSON | 9/23/1994 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARRESt/WILL NOT RESPOND |
| MARCEDIE RIGGENS | 7/8/1995 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARREST /WILL NOT RESPOND |
| XIUQIU HUANG | 7/18/1977 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| SHIQUAN DONG | 11/10/1973 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| CHARLES BALDERRAMA | 3/25/1975 | 16016 PINE STREET | 191600194 | 1/8/2016 | 2/15/2016 | EVICTED/CONFIRMED 03/05/16 |
| SAMANTHA VELASQUEZ | 4/2/1993 | 14238 ROSEWOOD DRIVE | HE160110159 | 1/11/2016 | 1/11/2016 | VOLUNTARY MOVE |
| SHALANNA GUTIERREZ | 2/6/1983 | 9919 TOPAZ AVENUE #157 | 191600536 | 1/22/2016 | | VOLUNTARY MOVE |
| SAVANAH MAYER | 8/16/1996 | 16599 MUSCATEL STREET #222 | HE160270103 | 1/27/2016 | | WARR ARR / WILL NOT RESPOND |
| DONALD PETTERSON | 12/29/1983 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| KIMBERLY ANN NEAL | 7/16/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| CHRISTOPHER WHARRY | 9/10/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| REGINA SIMMS | 11/12/1990 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| AARON DONTE JONES | 1/15/1991 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| TAYONA WHARRY | 10/24/1986 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| NORMAN ROBERTS | 6/13/1960 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| ANTHONY GIBBINS | 7/19/1973 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| DAVID TIFPETT | 2/15/1982 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| TERESA RUST | 6/2/1969 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| VALERIE PARRA | 9/16/1973 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| THOMAS ANTHONY MARTINEZ | 6/14/1989 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| MARISSA MARTINEZ | 10/17/1996 | 8809 C AVENUE #146 | 611600022 | 2/15/2016 | 3/1/2016 | VOLUNTARY MOVE |
| JOSEPH SEVERSON | 6/11/1977 | 15166 SEQUOIA STREET #6 | 191601096 | 2/14/2016 | 3/31/2016 | VOLUNTARY MOVE |
| JAMES RIOS | 11/15/1986 | 13211 LA CRESCENTA | 191600699 | 1/29/2016 | | ARREST/SHARON GREEN HOUSE |
| NATHANIAL NEWBEGINNIN | 1/24/1996 | 9124 SEAL BEACH | 191601223 | 1/20/2016 | | ARREST/UTL OWNER |
| MARCO MARTINEZ | 5/3/1985 | 8956 G AVENUE #26 | 191601146 | 2/16/2016 | | EVICTION |
| ASHLEY BROWN | 9/10/1988 | 9670 SAN PABLOE AVENUE | 191601197 | 2/18/2016 | | REFUSED |
| DENNIS ALLERA | 1/19/1948 | 17562 SEQUOIA STREET #3 | 191601440 | 2/27/2016 | 2/27/2016 | VOLUNTARY MOVE |
| DEVONNE LEE | 12/15/1982 | 16552 WILLOW ST #1 | MUTIPLE CALLS | 3/9/2016 | | EVICTION TO START 04/2016 |
| PAUL BLACK | 7/9/1949 | 17426 SEQUOIA STREET #10 | 191601762 | 3/10/2016 | | EVICTION FILED / 03/10/16 |
| MARK MURRAY | 5/8/1969 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| RICHARD GERG | 6/9/1951 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| THOMAS MARTINEZ | 6/14/1989 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |

# TENANT EVICTIONS / VIOLATORS

| | | | | | | |
|---|---|---|---|---|---|---|
| JOEL FOX | 10/3/1990 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |
| RUBEN SAENZ | 11/19/1996 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY .MOVE |
| ROBERT BENITEZ | 10/1/1981 | 16024 YUCCA STREET #C | HE16030126 | 3/23/2016 | 3/23/2016 | VOLUNTARY MOVE |
| DAVID CAPPS | 7/24/1975 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| EDMOND VICKERS | 9/16/1953 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| DAVID JOJOLA | 9/8/1980 | 18200 HERCULES STREET | 191601908 | 3/15/2016 | 3/25/2016 | 30 DAY NOTICE |

# CERTIFIED LETTERS

| NAME | ADDRESS | TRACKING NUMBER | DATE MAILED | DATE RETURNED | OTHER/ NOTES |
|---|---|---|---|---|---|
| GENE MAH | 291 CORAL VIEW ST, MONTEREY PARK, CA 91755 | 8359 | 2/1/2016 | 2/8/2016 | |
| ELAINE F;. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8342 | 2/1/2016 | 2/11/2016 | |
| DAVID W. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8335 | 2/1/2016 | 2/11/2016 | |
| SANTA FE HESEPRIA AR LP | 151 KALMUS DRIVE #J-5 | 8366 | 2/18/2016 | | |
| C/O ANDREW OR JAYNE TRICINELLA TRUSTEE | 7185 SVL BOX | 8373 | 2/18/2016 | | |
| C/O MARIA CORCHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 8397 | 2/19/2016 | | |
| C/O JULIE ANN MACAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 8603 | 2/19/2016 | | UNDELIVERABLE |
| C/O GOURI KAR & SWAYAM PATI TRUSTEE | 345 BREA HILLS AVENUE, BREA, CA 92823 | 8380 | 2/19/2016 | | |
| C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY, CA 92307 | 8502 | 2/19/2016 | | |
| LAN ETAL NGUYEN / THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 8410 | 2/22/2016 | | |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 8427 | 2/22/2016 | | |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 8434 | 2/24/2006 | | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, C A 92345 | 8441 | 2/24/2016 | | |
| CALDRON FAMILY TRUST C/O HECTOR & LUZ CALDERON TRUSTEES | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 8458 | 2/24/2016 | | |
| COBBLESTONE INVESTMENTS LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 8496 | 3/2/2016 | | |
| DAVID O. MacLACHLAN TR DONALD H. MacLACHLAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 4782 | 3/9/2016 | | |
| HORTENSIA DELGADO / MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 4898 | 3/9/2016 | | |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 4904 | 3/9/2016 | | |
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 4799 | 3/23/2016 | | |
| ESSANCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 4805 | 3/23/2016 | | |
| JESUS & NADIA MARENTES | 12505 BEVERLY BLVD, WITTIER, CA 90501 | 4812 | 3/23/2016 | | |
| MICHAEL & ELIZABETH POLEN | 15519 SITTING BULL, VICTORVILLE, CA 92395 | 4911 | 3/24/2016 | | |
| SAN REMO HESPERIA II LIMITED PARTNERSHIP | 3990 RUFFIN ROAD, STE 100, SAN DIEGO, CA 92123 | 4829 | 3/24/2016 | | |

# CERTIFIED LETTERS

| | | | | | |
|---|---|---|---|---|---|
| FORREST J McKINLEY | 1186 CENTER STREET, RIVERSIDE, CA 92507 | 4836 | 3/24/2016 | | |
| ROBERTO & CYNTHIA GARCIA | 17936 DEODAR STREET, HESPERIA, CA 92345 | 4843 | 3/24/2016 | | |
| CARL & ROXANNE SPEER | 13095 OLATHE ROAD, APPLE VALLEY, CA 92308 | 4850 | 3/24/2016 | | |

Ex. 7
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 13 of 21
Page 176

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | NOTES |
|---|---|---|---|---|
| CEMS INVESTMENT LLC | 5051 SULTANA AVENUE, TEMPLE CITY, CA 91780 | 14057 KATELYN STREET | 12/28/2015 | |
| JOSEPH & MARY SUDIMACK | 350 S JACKSON STREET #442, DENVER, CO 89209 | 18825 RANCHERO ROAD | 12/28/2015 | |
| APPLETREES APPLESEEDS PROPERTIES LLC / C/O LINA ZHU | 638 LINDERO CANYON ROAD #508, OAK PARK, CA 91377 | 18781 JUNIPER STREET | 1/7/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 1/7/2016 | |
| LA PAZ HOLDINGS LLC | 8939 EIGHTH AVENUE, HESPERIA, CA 92345 | 16284 JUNIPER STREET | 1/7/2016 | |
| BREAKTHROUGH JOULE LTD | 3848 CAMPUS DRIVE STE 201, NEWPORT BEACH, CA 92660 | 7981 GAYLOP AVENUE | 1/8/2016 | |
| ASHRAF TADROS OR MARYAN TADROS | 13043 LEAWOOD STREET, VICTORVILLE, CA 92393 | 13135 MODESTO COURT | 1/8/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 1/12/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16016 PINE STREET | 1/13/2016 | |
| GENE & IRENE MAH | 291 CORAL VIEW STREET, MONTEREY PARK, CA 91755 | 13211 LA CRESCENTA STREE | 1/14/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 1/15/2016 & 02/18/2016 | |
| YUSUF ELSAHRGTY C/O ASEM ELSAHRGTY | 21017 GRANITE WELLS DRIVE, WALNUT, CA 91789 | 16110 SPRUCE STREET | 1/19/2016 | |
| II ZHANG | 634 HERITAGE COURT, AZUSA, CA 91702 | 17169 DONERT STREET | 1/22/2016 | |
| RAMON & GLORIA MUNOZ | 6463 ELMHURST AVENUE, RANCHO CUCAMONGA, CA 91737 | 16052 JUNIPER STREET | 2/1/2016 | |
| JAN COSLEY | 17222 MAIN STREET, HESPERIA, CA 92345 | 16448 SPRUCE STREET | 2/1/2016 | |
| GENSHENG JAMES TAN & MAY MAIYI XU | 30032 AVENIDA CLASSICA, RANCHO PALOS VERDES, CA | 16412 JUNIPER STREET | 2/1/2016 | |
| DOUGLAS & ALICIA TAYLOR | 5728 BUENA SUERTE ROAD, YUCCA VALLEY, CA 92284 | 16292 CHESTNUT STREET | 2/1/2016 | |
| RUBEN & ELSA ARBUES LIVING TRUST C/O R A ARBUES & E M A ARBUES | 21520 G YOURBA LINDA BLVD. #225, YORBA LINDA, 92887 | 9269 SECOND AVENUE | 2/1/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 2/1/2016 | |
| CLEARY TRUST C/O JOHN CAPITELI | 9487 COMPASS POINT DRIVE SOUTH, SAN DIEGO, CA 92126 | 17806 WESTLAWN STREET | 2/4/2016 | |
| SONJA OLIEKAN-PARDU | P.O. BOX 400549, HESPERIA, CA 92345 | 14106 DARTMOUTH STREET | 2/4/2016 | |
| RUDOLF ZEN | 555 SALVATIERRA WALK #203, STANFORD, CA 94305 | 17775 CHESTNUT STREET | 2/5/2016 | |
| ARTHUR OR MARGARITA ESTRADA | P.O. BOX 370, CHINO, CA 91708 | 15408 PALM STREET | 2/8/2016 | |
| CORRALES FAMILY TRUSTD C/O ALFREDO OR ELYDIA CORRALES | 918 SUNKIST AVENUE, LA PUENTE, CA 91746 | 18200 HERCULES STREET | 2/8/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JAYVEE HOPITALITY INC | 14427 S. BERENDO AVENUE #1, GARDENA, CA 90247-2658 | 16024 YUCCA STREET | 2/11/2016 | |
| PIZANO FAMILY TRUST C/O LUIS PIZANO | 315 S. MAIN STREET, SANTA ANA, CA 92701 | 9669 CHOICEANA AVENUE | 2/16/2016 | |
| EFREN RODRIGUEZ | 3638 8TH STREET, SAN MARCOS, CA 92078 | 19287 LINDAY STREET | 2/16/2016 | |
| NICK BENETOS | 15679 BEAR VALLEY ROAD, HESPERIA, CA 92345 | 16632 SEQUOIA AVENUE | 2/16/2016 | |
| RUDOLPH OR PATSEY FOISY | 10864 EIGHTH AVENUE, HESPERIA,CA 92345 | 16688 SEQUOIA AVENUE | 2/16/2016 | |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 16067 ORANGE STREET | 2/16/2016 | |
| MARZVANIAN TATEVOS | 14610 MANZANO ROAD, VICTORVILLE, CA 92392 | 14245 SULTANA STREET | 2/18/2016 | |
| CONCEPCION RIVERA | 2877 WINCHESTER ROAD, BULLHEAD, AZ 86442 | 9150 ORANGELEAF COURT | 2/18/2016 | |
| HALLICK LIVING TRUST | 4267 MARINA CITY DRIVE #404, MARINA DEL REY, CA 90292 | 14062 KATELYN STREET | 2/18/2016 | |
| SANTA FE HESPERIA AR LP | 151 KALMUS DRIVE #J-5, COSTA MESA, CA 92626 | 16576 SULTANA STREET | 2/18/2016 | ??? |
| TRICINELLA P & JK JT LIVING TRUST C/O ANDREW P & JAYNE K TRICINELLA TRUSTEE | 7185 SVL BOX, VICTORVILLE, CA 92395 | 12033 COTTONWOOD AVENUE | 2/18/2016 | |
| MINDY KUM | 6906 PHELAN ROAD, PHELAN, CA 92371 | 18440 VALENCIA STREET | 2/18/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 2/18/2016 | |
| DRAPER FAMILY TRUST C/O HELEN SMITH-DRAPER | 860 HURON DRIVE, CLAREMONT, CA 91711 | 16210 OLIVE STREET | 2/18/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 2/18/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 2/18/2016 | |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| NANCY McAFEE-LEBRUN J REV-TR C/O JULIE ANN McAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 11927 FIRST AVENUE | 2/22/2016 | |
| MARIA CORCHIS SEPARATE PROP TR C/OMARIA CORSHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 11938 FIRST AVENUE | 2/22/2016 | **I/P** |
| RUDOLF ZEN | 3488 QUARRY PARK DRIVE, SAN JOSE, CA 95136 | 17775 CHESTNUT STREET | 2/22/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| LAN NGUYEN ETAL C/O THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 11901 FIRST AVENUE | 2/22/2016 | |
| JOHN DE LAO | 10688 KIAVAN ROAD, APPLE VALLEY, CA 92308 | 10001 OAKWOOD AVENUE | 2/22/2016 | |
| LOIS E PALMER LIVING TRUST C/O LOIS PALMER | 2130 SUNSET DRIVE #131, VISTA, CA 92081 | 10789 BANNING AVENUE | 2/22/2016 | **MAIL 3/18** |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 11868 FIRST AVENUE | 2/22/2016 | **MAIL 2/26** |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| OSCAR OR EVANGELINA AGUILERA | 8636 SAN CARLOS AVENUE, SOUTH GATE, CA 90280 | 17592 LEMON STREET | 2/22/2016 | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, CA 92345 | 16446-16448 SPRUCE STREE | 2/23/2016 | **I/P** |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 16329 SMOKE TREE STREET | 2/23/2016 | |
| ANDREW OR ROSLYN NATKER | 1501 N. BUNDY DRIVE, LOS ANGELES, CA 90049 | 13066 MURRIETA COURT | 2/23/2016 | **I/P** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/23/2016 | **MAIL 3/18** |
| JACOBSON, JEFFREY D OR QI BIN YING | 35 EAST ALEGRIA AVENUE, SIERRA MADRE, CA 91024 | 13985 SPRUCE STREET | 2/23/2016 | **EMAIL 3/2** |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 15935 WALNUT AVENUE | 2/23/2016 | **H/D 03/2** |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 15215 ORANGE STREET | 2/25/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16111 ORANGE STREET | 2/25/2016 | |
| BETH OR PAUL FLEMMING | 20250 PAHUTE ROAD, APPLE VALLEY, CA 92308 | 16175 LIVE OAK STREET | 2/25/2016 | |
| HUYNH NGOC OR THU THANH NGUYEN | 9411 GRACKLE AVENUE, FOUNTAIN VALLEY, CA 92708 | 14050 GOLD STREET | 2/29/2016 | |
| LEGACY REAL ESTATE | 16392 MARUFFA CIRCLE, HUNTINGTON BEACH, CA 92649 | 8633 D AVENUE | 2/29/2016 | |
| YACHIYO WADA TRUST C/O YACHIYO HANEY TRUSTEE | 801 INDEPENDENCE AVENUE #28, CANOGA PARK, CA 91304 | 17934 CAPRI STREET | 2/29/2016 | **EMAIL 3/3** |
| MARC D MATTHEWS | 8070 SVL BOX, VICTORVILLE, CA 92395-5164 | 8695 C AVENUE | 2/29/2016 | |
| SULTANA 6 LP | 1667 E LINCOLN AVENUE, ORANGE, CA 92685 | 16805 SULTANA STREET | 2/29/2016 | |
| BRADLEY S THOMPSON AMY L KUPULA-THOMPSON | P.O. BOX 4822, CARSON CITY, NV 89702 | 16837 SULTANA STREET | 2/29/2016 | **MAIL 3/18** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| ANTONIO A RABOR TR VENERANDA S RABOR TR | 20262 CHICKASAW ROAD, APPLE VALLEY, CA 92307 | 18183 BEAR VALLEY ROAD | 2/29/2016 | |
| NHAN KHAI HOANG | 16041 JENNER STREET, WESTMINSTER, CA 92683 | 18137 BEAR VALLEY ROAD | 2/29/2016 | |
| CHARLES R DENNEY TR / JOAN A DENNEY T | 3235 E PALAMYRA, ORANGE, CA 92869 | 18075 BEAR VALLEY ROAD | 2/29/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, TORRANCE, CA 90501 | 18545 TALISMAN STREET | 2/29/2016 | |
| RTED AMERICA LLC | P.O. BOX 18528, IRVINE, CA 92623 | 17644 SEAFORTH STREET | 2/29/2016 | |
| STEPHEN H CHRISTENSEN REV TR C/O STEPHEN H CHRISTENSEN | 285 W 24TH STREET, UPLAND, CA 91784 | 11797 HEMLOCK AVENUE | 2/29/2016 | |
| LINDA CHOU I-WEN | 11535 BALSAM AVENUE, HESPERIA, CA 92345 | 10780 THIRD AVENUE | 2/29/2016 | |
| MEI-HIU CHEN CHANG CHIU LIN CHEN | 846 GLENWICK AVENUE, WALNUT, CA 91789 | 10990 BALSAM AVENUE | 2/29/2016 | |
| MIDNITOL FAMILY LIMITED PARTNERSHIP C/O JAY JONES AND DESIREE PATNO | 34 EXECUTIVE PARK #60, IRVINE, CA 92614 | 18103 CAPRI STREET | 2/29/2016 | |
| SAM NAIZI | 18187 TOPSANNA ROAD, APPLE VALLEY, CA 92308 | 14000 JUNIPER STREET | 2/29/2016 | |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| WILLS, HORST & MARIA TRUST C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY , CA 92307 | 8896 I AVENUE | 2/29/2016 | |
| MAVERICK PROPERTIES C/O G.J. HOLWERDA | 1217 PASEO DEL MAR, SAN PEDRO, CA 90731 | 17562 SEQUOIA STREET | 2/29/2016 | |
| TERRY ANKEMAN | 19199 TECUMSEH ROAD, APPLE VALLEY, CA 92307 | 16317 CHESTNUT STREET | 3/3/2016 | **EMAIL 3/** |
| ENRIQUE OR CELIA ULLOA | 16113 HERCULES STREET, HESPERIA, CA 92345 | 15838 SEQUOIA AVENUE | 3/4/2016 | |
| JOHN F BICKHAM | 13047 DUSTY ROAD, VIC TORVILLE, CA 92392 | 8807 LASSEN AVENUE | 3/4/2016 | **EMAIL 3/23** |
| ESPOLT FAMILY TRUST | 6823 SVL BOX, VICTORVILLE, CA 92395 | 9390 BUCKTHORN AVENUE | 3/4/2016 | |
| GONZALO OR LIVIER LUNA | 15371 LIVE OAK STREET, HESPERIA, CA 92345 | 15360 MOJAVE STREET | 3/4/2016 | |
| WON SOEK OR SOOK LEE | 13865 ROSESMARY STREET, HESPERIA, CA 92345 | 9095 EIGHTH AVENUE | 3/4/2016 | |
| MURPHY FAMILY TRUST C/O CLAUDIA L MURPHY REVOCABLE TR | 1608 HAMILTON LANE, ESCONDIDO, CA 92029 | 19236 LINDSAY STREET | 3/4/2016 | |
| MARION T TONGATE TRUST | 16625 JOSHUA STREET, HESPERIA, CA 92345 | 16885 PALM STREET | 3/4/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 3/4/2016 | |
| C/O DAVID KNIGHT & AGNES KNIGHT TRUSTEES | 3719 LOMINA AVENUE, LONG BEACH, CA 90808-2117 | 9735 PYRITE AVENUE | 3/7/2016 | |
| FLOENCIO V & MARIA GARCIA TRUST C/O FLOENCIO V & MARIA LUISA GARCIA | 771 S EUCLID STREET, LA HABRA, CA 90631 | 16516 LIVE OAK STR4EET | 3/7/2016 | |
| GURSHARAN SINGH SANDHU & RAJINDER KAUR | 2855 SINGINGWOOD DRIVE. CORONA, CA 92882 | 13047 RANCHO BERNARDO STREET | 3/7/2016 | **EMAIL 3/23** |

Ex. 7

## NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| C/O ANTHONY SR & CHRISTINE CHIRCO TRUSTEE | 19030 PIMLICO ROAD, APPLE VALLEY, CA 92308 | 15952 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID O MacLACHIAN TR DONALDA H MacLACHIAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 16153 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| CRISMAN LIVING TRUST C/O ROBERT & VIRGIAN CRIMSON TRUSTEES | 3645 DENVER AVENUE, LONG BEACH, CA 90810 | 16485 PINE STREET | 3/7/2016 | |
| HORTENCIA & MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 16131 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 8135 LANGDON AVENUE | 3/7/2016 | |
| J A CARR | P.O. BOX 4606, CARLSBAD, CA 92018 | 16511 VERDE STREET | 3/7/2016 | |
| ROBERT NICORIEI | 3848 HALLADAY AVENUE, RIVERSIDE, CA 92503 | 16417 MANZANITA STREET | 3/7/2016 | |
| ISIDORO JIMENEZ | 13333 PARAMOUNT BOULEVARD #B, SOUTH GATE, CA 90280 | 10730 HESPERIA ROAD | 3/7/2016 | |
| NAFIZ & AMINUM N HAFIZ | 352 CASTLETON STREET, CAMARILLO, CA 93012 | 16422 JUNIPER STREET | 3/7/2016 | |
| CRC INVESTMENTS LLC | 12056 CORALWOOD COURT, ALTA LOMA, CA 91737 | 15972 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID SHEK | 12023 JADE ROAD, VICTORVILLE, CA 92392 | 16210 SEQUOIA AVENUE | 3/7/2016 | |
| SEQUOIA APARTMENTS LLC | P.O. 8940, REDLANDS, CA 92375 | 16194 SEQUOIA AVENUE | 3/7/2016 | |
| VALLEY FIFTH LLC | P.O. BOX 216006, ESCONDIDO, CA 91426 | 12052-12072 FIFTH AVENUE | 3/7/2016 | **EMAIL 3/23** |
| C/O QUANG VAN AND DEONNE MONG OANH HO | 22571 LAKE FOREST LANE, LAKE FOREST, CA 92630 | 13901 NETTLE STREET | 3/10/2016 | |
| LUCIANO PEREZ MARTINEZ | 1955 CLARK MOUNTAIN ROAD, SAN BERNARDINO, CA 92410 | 9870 ELEVENTH AVENUE | 3/9/2016 | |
| ARROSIG PROPERTIES LLC | 12485 INDIAN RIVER DRIVE, APPLE VALLEY, CA 92308 | 16230 SEQUOIA AVENUE | 3/9/2016 | **EMAIL 3/25** |
| CHANG SUB YUM REV TR C/O CHANG SUB AND GRACE M YUM | 4418 BEVERLY BOULEVARD, LOS ANGELES, CA 90004 | 14727 RANCHERO ROAD | 3/9/2016 | |
| EDGARDO RAMIREZ | 10570 NEVADA ROAD, PHELAN, CA 92371 | 17392 SEQUOIA AVENUE | 3/9/2016 | |
| MARIA RODRIGUEZ SANDOV AL | 335 SOLDANO AVENUE, AZUSA, CA 91702 | 17098 BIRCH STREET | 3/9/2016 | |
| PATRICIA F OR JOHN A RAMMING | P.O. BOX 294121, PHELAN, CA 92371 | 15499 LARCH STREET | 3/9/2016 | |
| MARIO E OR JOANNA L MARQUEZ | 12761 BRIDGEWATER DRIVE, CORONA, CA 92880 | 16411 CHESTNUT STREET | 3/9/2016 | |
| CVCR PROPERTIES LLC | 16 HIGH BLUFF, LAGUNA NIGUEL, CA 92677 | 8442 ROOSEVELT COURT | 3/9/2016 | **EMAIL 3/17** |
| AHMED FAMILY TRUST C/O IQBAL AND MEHNAZ AHMED | P.O. BOX 8181, LA VERNE, CA 91750 | 16020 JUNIPER STREET | 3/9/2016 | |
| THOMAS J BRYANT | 20572 OCOTILLO WAY, APPLE VALLEY, CA 92308 | 12020 /12024 ELEVENTH AV | 3/9/2016 | |
| MAIDA, MUNEM ETAL MAIDA, MAIDA | 13302 RANCHERO ROAD, OAK HILLS, CA 92344 | 12071 ELEVENTH AVENUE | 3/9/2016 | |
| MICHAEL S VU | 13127 OATMAN DRIVE, RANCHO CUCAMONGA, CA 91739 | 15746 SEQUOIA AVENUE | 3/9/2016 | |

## NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| CLAYLES SEQUOIA LLC C/O CLAY MATTHEWS JR | 6068 CANTEBURY DRIVE, AGOURA HILLS, CA 91301 | 15776/15766 SEQUOIA AVE | 3/9/2016 | |
| BLANQUEL FAMILY TRUST C/O JESUS B AND LUCIA BLANQUEL | 1945 S ALMOND COURT, ONTARIO, CA 91762 | 15808 SEQUOIA AVENUE | 3/9/2016 | **EMAIL 3/23** |
| ANA ADELA DERAS | P.O. BOX 1195, SOUTH GATE, CA 90280 | 16873 SEQUOIA AVENUE | 3/9/2016 | |
| CWL DEVELOPMENT LLC | 1142 S DIAMOND BAR BLVD, DIAMOND BAR, CA 91765 | 15573 RIVERSIDE STREET | 3/10/2016 | **I/P** |
| ANTHONY & DEBRA ECKLOFF | 10919 S GROVEDALE, WHITTIER, CA 90603 | 10394 SIXTH AVENUE | 3/10/2016 | **MAIL** |
| GENE & HELEN BATY | 626 N DEARBORN SP 19, REDLANDS, CA 92374 | 9159 PEACH AVENUE | 3/10/2016 | |
| JACQUELINE RODRIGUEZ | 10647 CHESTERFIELD STREET, ADELANTO, CA 92301 | 18789 WESTLAWN STREET | 3/10/2016 | |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 16179 SPRUCE STREET | 3/10/2016 | **MAIL** |
| CINDY DANG | 2859 S EUCLID AVENUE, ONTARIO, CA 91762-6643 | 11090 FIFTH AVENUE | 3/11/2016 | **MAIL** |
| MIGUEL A RAMIREZ & EDELMIRA SOTO | 14455 CEDAR STREET, HESPERIA, CA 92345 | 19101 LINDSAY STREET | 3/11/2016 | |
| BING & CHEN GUO | 20510 E MEGHAN COURT, WALNUT, CA 91789 | 9670 SAN PABLO AVENUE | 3/14/2016 | |
| NOE GODINEZ & MARIA T A GONZALEZ | 16040 SYCAMORE STREET, HESPERIA, CA 92345 | 16435 ORANGE STREET | 3/14/2016 | **MAIL** |
| CALLO TRUST C/O SCOTT SNIDER | 1816 SANTO DOMING, CAMARILLO, CA 93012 | 17408 SEQUOIA AVENUE | 3/14/2016 | **MAIL** |
| YOO JIN CHONG | 8050 RIGGINS ROAD, PHELAN, CA 92371 | 9019 FREMONT COURT | 3/14/2016 | **MAIL** |
| MARTIN C COUSINO | 4516 SAN BAS AVENUE, WOODLAND HILLS, CA 91364 | 17477 SEQUOIA AVENUE | 3/14/2016 | **MAIL** |
| DANIELLA FOOT LLC | 42200 MORAGA ROAD, TEMECULA, CA 92591 | 11875 A AVENUE | 3/14/2016 | **MAIL** |
| OLEO LAND LLC | 23805 HAWTHORNE BLVD, TORRANCE, CA 90505 | 9162 & 9166 G AVENUE | 3/14/2016 | **MAIL** |
| MATTHEW L ROOT | P.O. BOX 721792, PINON HILLS, CA 92372 | 9120 TO 9124 G AVENUE | 3/14/2016 | **MAIL** |
| MELODEE'S TRUST C/O MOLODEE DAVID | 7423 CAMBRIDGE COURT, FONTANA, CA 92326 | 9090 G AVENUE | 3/14/2016 | **MAIL** |
| RIGOBERTO QUEZADA | 861 E COLUMBIA AVENUE, POMONA, CA 91767 | 16340 OLIVE STREET | 3/14/2016 | **MAIL** |
| CITY OF FONTANA C/O STRADLING YOCCA CARLSON & RAUTH | 660 NEWPORT CENTER DR #1600, NEWPORT BEACH, CA 92660 | 16404,16416,16428 & 16440 ORANGE STREET | 3/14/2016 | **MAIL** |
| FEBRONIO & MARIA GARCIA REV TRUST C/O FEBRONIO & MARIA GARCIA | 14332 LA HABRA ROAD, VICTORVILLE, CA 92392 | 11933 & 11947 A AVENUE | 3/14/2016 | **MAIL** |
| FOREST R & JUDITH A BELLAMY FAMILY TR C/O JUDITH A BELLAMY | 5092 CASPIAN CIRCLE, HUNTINGTON BEACH, CA 92649 | 11917 A AVENUE | 3/14/2016 | **MAIL** |
| CAPREZ FAMILY TRUST C/O CONRAD F & KENNA S CAPREZ TR | 902 CUYLER AVENUE, PLACENTIA, CA 92870 | 16746 LIME STREET | 3/14/2016 | **MAIL** |
| WILLIAM JOSEPH TORRRES SOLONGO BATSUKH | 265 KELLER STREET, MONTEREY PARK, CA 91755 | 9168 G AVENUE | 3/14/2016 | **MAIL** |
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, WHITTIER, CA 90501 | 18545 TALISMAN STREET | 3/23/2016 | **MAIL** |
| ESSENCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 12034-12048 I AVENUE | 3/23/2016 | **MAIL** |

## NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 16837 SULTANAN STREET | 3/23/2016 | **MAIL** |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | PHONE NUMBER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Ex. 7
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 21 of 21
Page 184

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713 | Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805 | Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA

**RESPONDING PARTY:** SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**SET NUMBER:** ONE

**TO DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT AND ITS ATTORNEY OF RECORD:**

Pursuant to Rules 26(d)(2) and 34 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("United States") requests that Defendant San Bernardino County Sheriff's Department ("Defendant") produce copies of the documents, electronically stored information ("ESI"), and tangible things requested below (collectively, "documents"), along with written responses to each Request for Production below as required by Rule 34, within thirty (30) days after the parties' first Rule 26(f) conference.

**INSTRUCTIONS**

1. The United States requests that Defendant serve the responses required by Rule 34 by sending them via email to the undersigned counsel for the United States.

2. The United States requests that Defendant serve copies of the requested documents by sending them to the undersigned counsel for the United States via electronic file transfer (instructions to be provided separately by counsel for the United States).

3. The United States reminds Defendant of the form and manner required by Local Rule 34-2 of the Local Rules of the United States District Court for the Central District of California, which includes that "[t]he party responding or objecting to requests for production shall quote each request for production in full immediately preceding the statement of any answer or objection thereto."

4. All documents shall be produced in accordance with Attachment A to these Requests, which describes the form of production as well as provides for the protected use of confidential and sensitive information that may need to be produced. If, before

Defendant produces documents responsive to these Requests, the parties stipulate to forms and methods of production, or if the Court enters an order governing those issues in this case, then Defendant must follow the provisions of that stipulation or order that supersede Attachment A. Similarly, if the Court enters a confidentiality order before Defendant produces documents responsive to these Requests, then Defendant must follow the provisions of such an order that supersede Attachment A.

5. If any documents requested herein have been lost or destroyed, such documents shall be identified by author, date, and subject matter. If any of the requested documents cannot be produced in full, produce them to the extent possible, specifying the reasons for your inability to produce the remainder and stating whatever information, knowledge, or belief you have concerning the unproduced portion.

6. If you withhold or redact any document under a claim of privilege, clearly state that in the responses to the corresponding Request and provide a privilege log that separately states the following with respect to information withheld under a claim of privilege:

a. The type of communication, information, or document to which a claim of privilege is being asserted (i.e., letter, memorandum, etc.);

b. The nature or basis of any claim of privilege;

c. The date of the document;

d. The name, business address, and present position of the originator or author of the document;

e. The position(s) of the originator or author of the document at the time(s) the communication was made or the document was prepared;

f. The name, business address, and present position of each recipient of the communication or document;

g. The position(s) of each recipient at the time(s) the communication or document was prepared and the time it was received;

h. The number of pages in the document;

i. A general description of the subject matter of the communication or document; and

j. To which of these Requests such document is responsive.

The privilege log should be served with the responses to these Requests, or, if that is not feasible, on a specified date within a reasonable time after the responses are served, but not more than twenty-one (21) days after responses are served.

7. If Defendant cannot produce some of the documents responsive to these Requests within thirty (30) days after the parties' first Rule 26(f) conference, Defendant nonetheless must serve responses to these Requests and produce any other responsive documents within those thirty (30) days, specifying the date—within a reasonable time—when the rest of the production will occur.

## DEFINITIONS

1. Unless otherwise specified, the Requests below seek all responsive information from January 1, 2014 to the present.

2. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases, hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social media content and activity, and audio/video surveillance or recording systems.

3. **Communications**. The term "communications" means and refers to transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of the form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

4.    **Document**.  The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms.  "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs.   "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or other otherwise.

5.    **Person or individual**.  As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

6.    **Referring or Relating To**.  "Refer to" or "relate to" mean all information and all facts and/or documents that directly, indirectly, or in any way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter specified in the Request.

7.    **You or Defendant**.  The terms "you" or "Defendant" mean and refer to Defendant San Bernardino Sheriff's Department, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

8.    **City or Hesperia**.  The terms "City" and/or "Hesperia" mean and refer to named Defendant City of Hesperia (California).

9.    **County or San Bernardino County**.  The terms "County" and/or "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

10. **2015 Ordinance, 2017 Ordinance, and Ordinances**. The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12. The term "2017 Ordinance" means and refers to Hesperia Ordinance No. 2017-13. The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

11. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

12. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

13. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

14. **Residential owner-occupied property**. The term "residential owner-occupied" means and refers to a residential property that the City and/or the Sheriff believed or deemed to be non-rental housing, regardless of whether the legal owner used the property as his or her primary residence.

15. **Non-residential property**. The term "non-residential" means and refers to a property that the City and/or the Sheriff believed or deemed to be used for something other than human habitation, including exclusively for commercial or industrial use.-**And, or, and and/or**. The use of "and," "or," or "and/or" in these Requests shall be construed to make the Request as inclusive as possible or otherwise call for the broadest response.

16. References to the singular include the plural, and vice versa.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 2**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 3**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 4**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 5**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**REQUEST FOR PRODUCTION NO. 6**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 7**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**REQUEST FOR PRODUCTION NO. 8**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**REQUEST FOR PRODUCTION NO. 9**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**REQUEST FOR PRODUCTION NO. 10**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 11**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 12**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 13**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in

Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 14**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**REQUEST FOR PRODUCTION NO. 15**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**REQUEST FOR PRODUCTION NO. 16**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**REQUEST FOR PRODUCTION NO. 17**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing

program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**REQUEST FOR PRODUCTION NO. 18**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 19**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 20**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**REQUEST FOR PRODUCTION NO. 21**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**REQUEST FOR PRODUCTION NO. 22**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including

the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**REQUEST FOR PRODUCTION NO. 23**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**REQUEST FOR PRODUCTION NO. 24**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**REQUEST FOR PRODUCTION NO. 25**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**REQUEST FOR PRODUCTION NO. 26**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**REQUEST FOR PRODUCTION NO. 27**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**REQUEST FOR PRODUCTION NO. 28**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**REQUEST FOR PRODUCTION NO. 29**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**REQUEST FOR PRODUCTION NO. 30**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for the County's Board and/or the City's Council members, audio and/or video of the County's Board and/or the City's Council meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**REQUEST FOR PRODUCTION NO. 31**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for the County's Board and/or the City's Council members, audio and/or video of the County's Board and/or the City's Council meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**REQUEST FOR PRODUCTION NO. 32**

Documents relating to meetings (including, but not limited to, official County Board and/or City Council meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for the County's Board and/or the City's Council members, notes taken, and communications about the crime free rental housing program relating to the particular meeting.  As defined, drafts and non-final or non-duplicate versions must be produced.

**REQUEST FOR PRODUCTION NO. 33**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**REQUEST FOR PRODUCTION NO. 34**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program,

the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**REQUEST FOR PRODUCTION NO. 35**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 36**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

**REQUEST FOR PRODUCTION NO. 37**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**REQUEST FOR PRODUCTION NO. 38**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the Sheriff's Department related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**REQUEST FOR PRODUCTION NO. 39**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the Sheriff's Department alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**REQUEST FOR PRODUCTION NO. 40**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**REQUEST FOR PRODUCTION NO. 41**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

Respectfully,

Dated: April 23, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for the United States of America*

**ATTACHMENT A**

**TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

Defendant San Bernardino County Sheriff's Department's production of documents, electronically stored information ("ESI"), and tangible things requested in the United States' First Set of Requests for Production ("Requests") shall be produced as set forth in the Requests and as further specified below.

**1. Form of Production**

a. ESI and hard copy paper documents must be produced in "load ready" format as specified herein.

b. Each hard copy paper document must be scanned as a single electronic image file.

c. ESI must be processed with eDiscovery software that extracts metadata and text and converts the document to an image format that accurately represents the full contents of the document.

d. Black and white images shall be scanned or converted to single page Tagged Image File Format ("TIFF"), using CCITT Group IV compression at 300 d.p.i. and that accurately reflects the full and complete information contained in the original document. One image file shall represent one page of the document. Color images shall be produced as JPEG files at 300 d.p.i. using a high quality setting.

e.    For ESI and scanned hard copy paper documents, the text of all pages in the document must be saved as one file.  If the extracted text of a native document does not exist or does not represent the entire document, Optical Character Recognition ("OCR") will be provided instead.  OCR is searchable text generated for scanned documents or native files that is in ASCII format, where all pages in the document will be represented in one file.

f.    Metadata must be preserved and produced for the fields listed in Table 1 below.

g.    Deduplication will be used to remove exact duplicate documents from the production.  The Parties agree to use MD-5 hash values for deduplication and calculate those values for all ESI at the time of collection or processing.

h.    Use of Search Criteria to Identify ESI:  It is the responsibility of the Defendant to a discovery request to identify and produce responsive information including ESI.  Defendant should contact counsel for the United States to meet and confer if Defendant believes that the use of keyword search criteria or analytic tools should be used to identify responsive ESI.

i.    All productions will provide a consistent load file with the same number and order of fields regardless of the types of documents in the production.

j.    All images (*e.g.*, TIFF, JPEG) will be produced in a directory labeled IMAGES.  Subdirectories may be created so that one directory does not contain more than 5000 files.

k.      All native files (with the proper Windows-associated extension) will be produced in a directory labeled NATIVE.  Subdirectories may be created so that one directory does not contain more than 5000 files.

l.      An image cross reference file (a file in Concordance Opticon/Relativity .log format that contains Bates Numbers, paths to images, and document break indicators for all ESI in each production) and a load file containing all required metadata fields will be produced in a directory labeled DATA.

m.      All extracted text and/or OCR will be produced in a directory labeled TEXT.  The parties agree to provide a text file for all documents, even if the size of the file is zero. Subdirectories may be created so that one directory does not contain more than 5000 files.

n.      Except for native files, Defendant will produce responsive documents Bates-stamped with a prefix to indicate the party producing the documents (*i.e.*, SHERIFF____).  For native files, which cannot be Bates-stamped, the Parties will rename the file as [Document Identification Number].[extension] with a placeholder image in the production containing the name of the file before it was changed.

o.      Specifications for Specific File Types:

i.      Text messages will require counsel to meet-and-confer before Defendant collects or prepares to produce the responsive messages.  Defendant should contact counsel for the United States to meet-and-confer and should be prepared to discuss the expected number of devices, expected volume (number of

messages and/or conversations), the mobile operating systems involved and approximate age, and available collection tools.

ii. Audio files and video files shall be produced as native files unless the native form is a proprietary format, in which case the file(s) should be converted into a non-proprietary format that can be played using Windows Media Player. For each audio or video file, a placeholder image containing the file name shall be included in the production.

iii. Excel or other types of spreadsheets shall be produced as native files with all cells unlocked. For each Excel or spreadsheet file, a placeholder image containing the file name shall be included in the production.

iv. PowerPoint files shall be produced as both (1) as color images with extracted text and (2) as native files with all notes unaltered and viewable. For each PowerPoint, a placeholder image containing the file name shall be included in the production.

v. Social media content (including comments, "likes," sharing, and other interactions with the post(s)) should be produced as individual images with extracted text, including information about the participants and the date and time of the communications.

vi. For production of tangible things and production of information from a structured database, proprietary software, or vendor-managed software, the parties will meet-and-confer before making any production to attempt to agree on

a reasonable and proportional form of production that maintains the integrity of the tangible things or documents.

vii.     Oversized documents (*e.g.*, maps, architectural, engineering, or zoning plans) must be produced as JPEG images or in hard copy paper form so as to retain the resolution and scale of the original document.

**2. <u>Production Specifications</u>**

a.     Productions will be clearly labeled and/or in folders to indicate (a) the name of the Defendant producing the documents, (b) the date of the production, and (c) the Bates-range.

b.     If Defendant needs to redact a portion of a document for which only a native file would be produced, Defendant will request a meet-and-confer with counsel for the United States regarding production of the redacted document.

c.     Defendant must remove all encryption or password protection for all ESI produced.  In the alternative, Defendant must provide passwords or assistance needed to open encrypted files.

**Table 1 – Metadata Fields**

| Field Name | Definition | Include for Emails and Text Messages | Include for other electronic files | Include for Paper documents |
|---|---|---|---|---|
| **Begin_Bates** | Bates number for the first image of a | Y | Y | Y |

| | | | | |
|---|---|---|---|---|
| | document (or the Bates number of the placeholder page for a native document). | | | |
| **End_Bates** | Bates number for the last image of a document (or the Bates number of the placeholder page for a native document). | Y | Y | Y |
| **Begin_Attach** | Only for document families,[1] provide Bates number for the first image of the first attachment or embedded file. Leave this field blank if there is no document family. | Y | Y | Y |
| **End_Attach** | Only for document families, provide Bates number for the last image of the last attachment or embedded file. Leave this field blank if there is | Y | Y | Y |

[1] Document Family means a group of related documents, including: (1) paper documents that were grouped together or physically attached by clips, staples, binding, folder, etc.; (2) email with its attachment(s); and (3) files with embedded documents

| | | | | |
|---|---|---|---|---|
| | no document family. | | | |
| **Parent ID** | Bates number of the parent document (filled in only for "child" documents). | Y | Y | Y |
| **PgCount** | The number of images produced for this document (1 for placeholder). | Y | Y | Y |
| **All Custodians** | Name of all custodians who had a copy of the document before deduplication. | Y | Y | Y |
| **From** | "From" field in email. | Y | | |
| **To** | "To" field in email. | Y | | |
| **CC** | "CC" field in email. | Y | | |
| **BCC** | "BCC" field in email. | Y | | |
| **Subject** | "Subject" field in email. | Y | | |
| **Attachments** | File names of the attachments. | Y | | |
| **DateSent** | DateSent field from email. Include both date and time (format: 9/28/2012 1:16 PM or | Y | | |

| | | | | |
|---|---|---|---|---|
| | 9/28/2012 13:16:34). | | | |
| **Redacted** | "Yes" if the document has been redacted. | Y | Y | Y |
| **Confidential** | Confidential Designation (if any). | Y | Y | Y |
| **MD5Hash** | The MD5 hash value calculated when the file was collected or processed. | Y | Y | |
| **Orig_File Paths** | Path to location from which original file was collected. If production was deduplicated, include all file paths from which original files were collected. | Y | Y | |
| **Prod_FilePath** | The path to the native file on the production media. | | Y | |
| **Native_filename** | Original name of the native file when the file was collected or processed. | Y | Y | |
| **Text File Path** | Path to the text file on the production media. | Y | Y | Y |
| **Date File Created** | The date the ESI was created. | | Y | |

| **Date File Last Modified** | The date the ESI was last modified. | | Y | |
|---|---|---|---|---|

**3. Protections for confidential or sensitive information**

Counsel for the United States is prepared to discuss the possibility of jointly proposing a confidentiality order that would govern the parties' discovery productions in this litigation. Unless and until the Court enters such an order (or counsel for the United States otherwise agrees in writing), it is Defendant's obligation to respond to the Requests and to seek timely and appropriate relief to protect its interests regarding information that is responsive to the Requests.

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MICHAEL CEBALLOS | 11/24/1974 | B3505673 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| DEBBIE CEBALLOS | 11/4/1974 | A6668175 | MESA PROPERTIES | 12/31/2015 | 1/1/2016 | APPROVED |
| SANDRA O'KEEFE | 9/26/1953 | E0269683 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| PHILLIP O'KEEFE | 09/301962 | B5891311 | SHEAR PROPERTY RENTALS | 1/4/2016 | 1/5/2016 | APPROVED |
| ELI REYES | 1/18/1986 | D6195835 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | IN VIOLATION |
| SONIA TORRES-REYES | 7/2/1990 | E3192573 | MESA PROPERTIES | 1/6/2016 | 1/6/2016 | APPROVED |
| ARLETTE LANDA | 3/16/1980 | B9551735 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| JESUS ARELLANO | 11/19/1983 | D3031222 | BLUESTAR PROPERTIES | 1/7/2016 | 1/8/2016 | APPROVED |
| CHRISTOPHER COFFEE | 5/14/1971 | A5181934 | MILANO REALTY | 1/8/2016 | 1/8/2016 | IN VIOLATION |
| TENNILLE RAMOS GARCIA | 12/5/1977 | B3309137 | MILANO REALTY | 1/8/2016 | 1/8/2016 | APPROVED |
| TIMOTHY CRUM | 6/29/1951 | A0066346 | MESA PROPERTIES | 1/11/2016 | 1/12/2016 | APPROVED |
| VICKIE C. CRUM | 1/15/1954 | N3379892 | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| JASON M. DAVIS | 5/19/1977 | S062180017 MO | MESA PROPERTIES | 1/12/2016 | 1/13/2016 | APPROVED |
| LASHEA HUMES | 6/20/1993 | F2874532 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | APPROVED |
| KEATON DAVIS | 2/18/1992 | F1559468 | BLUESTAR PROPERTIES | 1/11/2016 | 1/13/2016 | IN VIOLATION |
| KYLE O. CRUM | 12/15/1995 | F5613355 | MESA PROPERTIES | 1/13/2016 | 1/13/2016 | APPROVED |
| LEE WILLIAMS | 6/8/1988 | D9197358 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| SHAMONIQUE GRAY | 11/30/1993 | F2504807 | SHEAR PROPERTY RENTALS | 1/13/2016 | 1/13/2016 | APPROVED |
| LISA ALSTON | 1/31/1985 | D8693057 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| KEENAN ALSTON | 12/13/1982 | D3689603 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | APPROVED |
| LAJAMI HICKS | 7/9/1987 | D6949106 | VIP MANAGEMENT | 1/15/2016 | 1/15/2016 | IN VIOLATION |
| RANDALL FLEMING | 10/1/1978 | B6766469 | DON MOWERY | 1/12/2016 | 1/19/2016 | APPROVED |
| SHARRIEF MUHAMMAD | 7/1/1972 | B8795906 | JUAN LIU | 1/17/2016 | 1/19/2016 | APPROVED |
| JAVASIA MUHAMMAD | 9/1/1971 | A4695894 | JUAN LIU | 1/15/2016 | 1/19/2016 | IN VIOLATION |
| RYAN LEASTMAN | 1/21/1991 | D02944225 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| STEFANI (DOLAN) LEASTMAN | 11/29/1990 | D05041816 AZ | VIP MANAGEMENT | 1/19/2016 | 1/19/2016 | APPROVED |
| AGUSTIN AZPERICUENTA | 9/18/1995 | F5256458 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| JOALY PLASCENCIA | 8/20/1994 | F6933592 | RAYAN WHITTAKER | 1/19/2016 | 1/19/2016 | APPROVED |
| TOMMY ROWLAND | 3/7/1950 | S0487604 | CENTURY 21 ROSE PROPERTY | 1/14/2019 | 1/19/2016 | APPROVED |
| ROXANNE ROWLAND | 1/5/1953 | N0077688 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| MICHAEL LITTLE | 6/4/1972 | A8070085 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| AUTUMN NICOLE OHMER | 12/3/1989 | D8767592 | CENTURY 21 ROSE PROPERTY | 1/14/2016 | 1/19/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| LARRY MICHAEL SMITH JR | 3/20/1972 | A7276073 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | IN VIOLATION |
| SAVANNAH ASHLEY GRAY | 10/26/1993 | `F3021654 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| APRIL LYNN WEBSTER | 5/19/1985 | D5451911 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ANNETTE LOUISE TARBET | 12/31/1956 | N7906448 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| STEVEN JAMES TARBET | 11/18/1954 | N2011091 | ALL AMERICAN REAL ESTATE | 1/19/2016 | 1/20/2016 | APPROVED |
| THERESA LAWTON | 3/30/1968 | C6578367 | UPWARD PROPERTY MGT | 1/19/2016 | 1/20/2016 | APPROVED |
| J. CRUZ PEREZ MORA | 5/31/1984 | Y3347336 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| LILIANA SALCIDO | 2/4/1979 | D7276605 | PROVEST PROPERTY MANAGEMENT | 1/21/2016 | 1/22/2016 | APPROVED |
| GLENN A. SMART | 11/16/1953 | D1540060 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MARY C. JACKSON | 7/2/1955 | N4331274 | LARRY SCOTT | 1/21/2016 | 1/22/2016 | APPROVED |
| MANUEL LAUREANO | 9/1/1978 | B7940065 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JAMIE B LAUREANO | 10/14/1981 | B8083607 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JOEL CARL RIVERA | 9/28/1946 | K0697028 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CARLOS ARIAS | 12/19/1993 | E1901190 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| CLEMENTINA LUNA | 11/23/1958 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| JEANETTE LUNA | 9/27/1997 | NONE | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA LARA | 2/23/1958 | D5063140 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| GUADALUPE LUNA OLMOS | 7/5/1993 | F7585776 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| YADIRA CIRIACO | 7/21/1995 | F6882897 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| FRANCISCO JAVIER LOPEZ | 11/3/1996 | F5400431 | CENTURY 21 ROSE PROPERTY | 1/22/2016 | 1/23/2016 | APPROVED |
| WENDY GOMEZ | 11/5/1987 | D6424536 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| PABLO GOMEZ | 12/9/1987 | D8353319 | ALL AMERICAN REAL ESTATE | 1/25/2016 | 1/26/2016 | APPROVED |
| BARBARA ANN ALEXANDER | 7/21/1952 | E0329492 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| JOETTE LINDA CARRILLO | 9/14/1987 | D2729125 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| VICTORIA SHANELL BURDEN | 3/1/1993 | F1697525 | MILANO REALTY | 1/28/2016 | 1/28/2016 | APPROVED |
| ALEJANDRINA ESTELE JOHNSON | 7/3/1976 | B5629911 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| DAIONE KENNETH JOHNSON | 10/1/1958 | N5780979 | SHEAR PROPERTY RENTALS | 1/28/2016 | 1/28/2016 | APPROVED |
| JAMES RIOS | 1/3/1986 | X1011597 | | 1/1/1900 | 1/29/2016 | IN VIOLATION |
| CHRISTINE MARIE DEMOSE | 3/15/1985 | D3815785 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| CHRISTINA LYNN CHRISTIANSEEN | 3/12/1970 | U6087641 | DESERT LUNA APARTMENTS | 2/1/2016 | 2/1/2016 | APPROVED |
| LATANYA FENNELL-LOGAN | 5/10/1965 | C1866584 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| LATANEISHA WILKES | 8/21/1991 | E1670633 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| MARIA DEJESUS PEREZ | 6/4/1970 | A1816591 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| UNIQUE SHANTE WATKINS | 2/25/1988 | D7295355 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| BRITTEN MIKI RICHARDSON | 5/27/1987 | D6465478 | RIM PROPERTIES | 2/2/2016 | 2/2/2016 | APPROVED |
| DON BUSH | 11/6/1992 | E3192183 | DON MOWERY | 2/2/2016 | 2/3/2016 | APPROVED |
| MARIA C. GONZALEZ | 7/15/1969 | C2443819 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| ASUNCION MILLO | 12/21/1940 | N3169357 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| MANUEL MILLO | 5/15/1962 | F8352816 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| GARY BOWERS | 8/9/1947 | K0861127 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| SHARON BOWERS | 1/11/1979 | S0012200 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOSEPH WARE-BOWERS | 4/22/1991 | E3257396 | LARRY SCOTT | 2/3/2016 | 2/3/2016 | APPROVED |
| JOEL BERBERENA | 10/28/1979 | Y2087822 | REAL LIVING PROPERTIES | 2/3/2016 | 2/3/2016 | APPROVED |
| NINOTCHKA RIVERA TORRES | 9/4/1991 | 38196978 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GEORGE O. DIAZ | 5/30/1984 | 38197019 TX | COLDWELL BANKER | 2/4/2016 | 2/4/2016 | APPROVED |
| GLENN ANDRE BULLOCK JR | 3/7/1975 | B5587424 | RIM PROPERTIES | 2/5/2015 | 2/5/2016 | APPROVED |
| STEPHEN CANEZ | 7/15/1972 | A3771427 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| WILLIAM MILLER | 8/5/1953 | E0772006 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CYNTHIA ANN WELCH | 5/21/1962 | C1457119 | RIM PROPERTIES | 2/5/2016 | 2/5/2016 | APPROVED |
| CLEMENTE RUBIO | 11/23/1943 | C2786421 | LARRY SCOTT | 2/5/2016 | 2/16/2016 | APPROVED |
| ROSA NELLY RUBIO | 11/20/1944 | C6108953 | LARRY SCOTT | 2/5/2016 | 2/6/2016 | APPROVED |
| DENNIS COLLINS | 9/30/1995 | B7271507 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| CHANDRA WILLIAMS | 6/11/1961 | C0193247 | RIM PROPERTIES | 2/5/2016 | 2/6/2016 | IN VIOLATION |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| YOLANDA MARIE ESPITIA | 12/20/1974 | A9450184 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| JOSEPH AUGUSTIN ESPITA | 7/7/1976 | B4714768 | KATHERINE SANTIFER | 2/8/2016 | 2/8/2016 | APPROVED |
| WILLIAM DAVID SHIRLEY | 1/22/1983 | D7102552 | RIM PROPERTIES | 2/8/2016 | 2/8/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/10/2016 | 2/10/2016 | APPROVED |
| MONICA GOMEZ | 9/10/1982 | D2852826 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| EDUARDO OSORIO | 8/25/1982 | D4435928 | ADRIANA VEJAN | 2/11/2016 | 2/11/2016 | APPROVED |
| PAULINE MEDINA | 12/9/1979 | B8587113 | RIM PROPERTIES | 2/11/2016 | 2/11/2016 | APPROVED |
| SUMMER MARIE PIMENTEL SHANKLES | 9/28/1985 | B3797212 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BLAKE VASQUEZ | 7/1/1988 | E1185781 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| BRANDON MCINTIRE | 10/10/1983 | E1675752 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| JASON PELAEZ | 12/5/1979 | Y3214587 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| ANGELA MCINTIRE | 8/9/1991 | E1184321 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| KARIN LEE BENNET | 5/1/1979 | B9129104 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| MARCOS A. BARELA | 6/16/1982 | D2165720 | RIM PROPERTIES | 2/12/2016 | 2/12/2016 | APPROVED |
| SEAN EDMISTON | 7/10/1986 | D4951692 | | 2/13/2016 | 2/15/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| SERENA EDMISTON | 11/15/1984 | D6047018 | | 2/13/2016 | 2/15/2016 | APPROVED |
| MUNICA HERNANDEZ | 1/15/1982 | B7985773 | | 2/13/2016 | 2/15/2016 | APPROVED |
| TRACIE-ANNE OPIE | 5/10/1990 | E1361465 | | 2/13/2016 | 2/15/2016 | APPROVED |
| KEVIN CASTLE | 9/6/1983 | E1186356 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ERIC ROMERO | 10/9/1984 | D5235399 | | 2/13/2016 | 2/15/2016 | APPROVED |
| LIZA SERRATO | 10/28/1983 | D2559079 | | 2/13/2016 | 2/15/2016 | APPROVED |
| INEZ SIBLEY | 12/16/1957 | N8348463 | | 2/13/2016 | 2/15/2016 | APPROVED |
| BERNICE SIBLEY | 8/21/1959 | D1908752 | | 2/13/2016 | 2/15/2016 | APPROVED |
| ESTELLA JONES | 11/30/1970 | B8415568 | | 2/13/2016 | 2/15/2016 | APPROVED |
| JOHN A. MILLER | 10/15/1968 | U6008587 | | 2/13/2016 | 2/15/2016 | APPROVED |
| GABRIELLE N. LOPEZ | 1/17/1994 | F3261452 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| NOE LOPEZ | 6/19/1979 | F4684092 | PROVEST PROPERTY MANAGEMENT | 2/13/2016 | 2/15/2016 | APPROVED |
| ANITA MICHELLE DUNN | 3/27/1972 | D05326750 AZ | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ESTESLLE JONES | 11/30/1970 | B8415568 | RIM PROPERTIES | 2/15/2016 | 2/16/2016 | APPROVED |
| ALACIA JOLENE MILLS | 3/24/1987 | D6867531 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DANIEL ANTHONY KOSCIELNIAK | 7/3/2006 | D6868706 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| JAMES D. JOHNSON | 10/16/1985 | D59275458 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| BAILEY CORDLE | 10/21/1987 | 16901785 TX | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| IVAN KHANINE | 8/11/1984 | D5105732 | RIM PROPERTIES | 2/16/2016 | 2/16/2016 | APPROVED |
| DOMINIQUE DEVEN LOCKE | 12/13/1985 | D7408242 | RIM PROPERTIES - DESERT SPRINGS | 2/17/2016 | 2/18/2016 | IN VIOLATION |
| TONICIEA YAMISSSE DAVIS | 5/2/1987 | D5155698 | RIM PROPERTIES- DESERT SPRINGS | 2/17/2016 | 2/18/2016 | APPROVED |
| MARTHA ELLEN ALCANTAR | 9/12/1956 | N7017004 | BEACON PROPERTY MANAGEMENT | 2/17/2016 | 2/18/2016 | APPROVED |
| JULIE ELIZABETH NIVELA | 2/21/1978 | B7459869 | RIM PROERTIES - DESERT ROSE | 2/17/2016 | 2/18/2016 | APPROVED |
| RAYMOND JOSEPH MARTINEZ | 1/3/1989 | E1670741 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ASHLEY DYANIK COURVOISIER | 6/15/1988 | F1836240 | RIM PROPERTIES | 2/17/2016 | 2/18/2016 | APPROVED |
| ELENA MEDINA | 5/15/1996 | F2531349 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | IN VIOLATION |
| KEVIN ENRIQUE SOTO | 6/14/1995 | F5732188 | VIP MANAGEMENT | 2/19/2016 | 2/20/2016 | APPROVED |
| JENNIFER KENNEDY | 4/19/1996 | F7657354 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| ADOLFO ROJO | 11/4/1994 | F7244337 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| RAFAEL ROJO CARDENAS | 6/25/1967 | Y2736162 | ROBERT HEYMAN | 2/22/2016 | 2/22/2016 | APPROVED |
| HECTOR E ARCE | 7/28/1980 | D1729263 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| ELIAS ARCE | 5/1/1978 | B6124461 | CENTURY 21 ROSE PROPERTY | 2/22/2016 | 2/22/2016 | APPROVED |
| JUSTINE D CUSHING | 9/24/1990 | D9135110 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |

Ex. 8

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| WENDY L McCANN | 11/27/1961 | N8943113 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| ALEJANDRO SOTO | 1/3/1990 | E3029410 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| TRAYSHAWN ANTHONY TRAYLOR RILEY | 2/15/1991 | D7295567 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| ANDREA HICKS | 11/5/1959 | C0237883 | RIM PROPERTIES | 2/22/2016 | 2/22/2016 | APPROVED |
| ROBERT A BUSTOSS | 9/23/1995 | F4607259 | PROVEST PROPERTY MANAGEMENT | 2/22/2016 | 2/22/2016 | APPROVED |
| SAUNSARAE LALEATHA WELLS | 9/19/1989 | E2995999 | DESERT LUNA APARTMENTS | 2/22/2016 | 2/22/2016 | APPROVED |
| DAWNISHA WARREN | 12/16/1988 | E1106739 | RIM PROPERTIES | 2/23/2016 | 2/23/2016 | APPROVED |
| STEVEN RAMON GARCIA | 11/19/1967 | C6035325 | SHEAR PROPERTY RENTALS | 2/24/2016 | 2/24/2016 | APPROVED |
| TANYA RENEE SQUIRE | 7/27/1987 | D9961933 | RIM PROPERTEIS | 2/25/2016 | 2/26/2016 | APPROVED |
| DANIEL ROJAS LUCERO | 8/20/1985 | D4499719 | RIM PROPERTIES | 2/25/2016 | 2/26/2016 | APPROVED |
| HILLARY RAE STEWART | 11/7/1977 | B5143968 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| JASMINE ZAKIYA OGBONNA | 3/29/1993 | F1616387 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| SCOTT VINCENT GRISSOM | 3/7/1991 | D9729127 | SHEAR PROPERTY RENTALS | 2/26/2016 | 2/26/2016 | APPROVED |
| STEVEN CATCHING | 5/2/1967 | C4570079 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| CELESTE J. BROWN-OSBORNE | 3/11/1989 | D9038714 | RIM PROPERTIES | 2/26/2016 | 2/26/2016 | APPROVED |
| FRANCHESCA RAMOS | 8/23/1994 | F2122359 | CAPITAL DEVELOPMENT | 2/29/2016 | 3/1/2016 | IN VIOLATION |
| NICOLE THOMAS | 12/15/1982 | D1354270 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| CHAD GROSS | 12/30/1986 | D4951479 | RIM PROPERTIES | 2/29/2016 | 2/29/2016 | APPROVED |
| KORTNEY GROSS | 2/27/1987 | D5666747 | RIM PROPERTIES | 2/29/2016 | 2/19/2016 | APPROVED |
| JUDY S HANSON | 9/24/1939 | G0157312 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| JOSHUA GIESE | 1/1/1985 | D5594528 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| MARQUES CHATMAN | 9/29/1981 | D3083225 | RIM PROERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| CHRISTIAN LA FLEUR | 11/11/1972 | A6588166 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| ANDREA NUNEZ | 7/11/1978 | B8568520 | RIM PROPERTIES | 3/2/2016 | 3/2/2016 | APPROVED |
| SINUHE R. FLORES | 4/18/1988 | D8639221 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| SAMANTHA FLORES | 10/28/1990 | F3193367 | COLDWELL BANKER | 3/2/2016 | 3/2/2016 | APPROVED |
| ANTOINETTE SALDANA | 9/22/1993 | F3212790 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ERIK PUENTES | 2/26/1994 | E2130147 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| JOSEY BETTS | 1/20/1995 | F3506562 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| ANDREW McKINLEY | 7/1/1995 | F5673570 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| WALTER GONZALEZ | 1/11/1982 | D1869391 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |
| RIKKI DUPLESIS | 8/15/1990 | E2962036 | VIP MANAGEMENT | 3/3/2016 | 3/3/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| DOLORES ROSALES | 4/3/1955 | N2102419 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| DESAREE LEVA-ROSALES | 1/18/1986 | D2729143 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| REGINA ROSALES | 1/22/1979 | B8781391 | RIM PROPERTIES | 3/3/2016 | 3/4/2016 | APPROVED |
| IRENE CASTRO ORTIZ | 4/29/1980 | B9516708 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| SANTA OCEGUEDA | 2/22/1987 | D9294089 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| JOSHUA DELEON | 2/20/1985 | D6038389 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MANUEL FLORES | 5/17/1987 | D6360487 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| AMBER VANTRECE | 4/25/1976 | A8428484 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DAVID VANTRECE | 4/17/1953 | N3361410 | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | APPROVED |
| DANELLE MONIQUE DAVIS | 8/18/1985 | D06594077 AZ | RIM PROPERTIES | 3/4/2016 | 3/4/2016 | IN VIOLATION |
| MYINDI LINDBERG | 10/17/1977 | F7726580 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| JOSHUA PRUIKSMA | 10/23/1978 | B9068009 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | APPROVED |
| RYAN NORDLIE | 1/26/1978 | B5440227 | RIM PROPERTIES | 3/5/2016 | 3/5/2016 | IN VIOLATION |
| FREDDY HARTWELL | 4/4/1994 | F4808107 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| MARIELLE ALEJANDRA HARTWELL | 9/25/1995 | F6955682 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ERIC RAYMOND VALAZQUEZ | 7/12/1988 | D9894119 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| FELICIA A ORNELAS | 4/9/1990 | E3029160 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| EMMANUEL ROMERO | 8/24/1980 | D6055804 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ALEJANDRA PARRA | 7/13/1982 | F5227779 | RIM PROPERTIES | 3/7/2016 | 3/9/2016 | APPROVED |
| ANDREW GABRIEL MICHEL | 4/28/1991 | F1538748 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JESSICA GEORGGINA MARTINEZ | 6/17/1991 | F6953069 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| MARLENE SANTA CRUZ | 11/11/1987 | D9996338 | SALLY GRIFFIN | 3/7/2016 | 3/9/2016 | APPROVED |
| JENNIFER JOHNSON | 12/4/1982 | D1513012 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| MARTHA E GONZALEZ (TORRES) | 5/7/1966 | A1408464 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| KRISTEN DEBONDT | 8/19/1992 | E2721027 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ELIJAH McLELLAN | 3/8/2016 | F2287163 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| JOSEPH FRANCO | 1/7/1992 | F3192007 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROBERT GAJUS | 2/3/1995 | F4606359 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| AMANDA LEANN BURNS | 9/30/1995 | F4883421 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| VANESSA ALCALA | 10/1/1992 | E3192654 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| ROGELIO ALCALA | 10/7/1953 | N9970906 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |
| TOMAS LYNE ALEJOS | 6/11/1997 | Y3191473 | RIM PROPERTIES | 3/8/2016 | 3/9/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| VANESSA MONIQUE BRISENO | 2/15/1994 | F15642174 | VIP MANAGEMENT | 3/9/2016 | 3/9/2016 | APPROVED |
| TOMASA MENDEZ | 3/7/1966 | F4823679 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| ESTEBAN MENDEZ | 11/8/1962 | C5740606 | HECTOR AVILA | 3/9/2016 | 3/9/2016 | APPROVED |
| JOSE SARAVIA | 8/23/1985 | Y2116899 | RIM PROPERTIES | 3/9/2016 | 3/9/2016 | APPROVED |
| JAMIE CARRILLO | 7/5/1985 | D6047197 | JUANITA DAWN GLOVER | 3/8/2016 | 3/9/2016 | APPROVED |
| RYAN N. DOBOS | 8/10/1982 | D1513105 | JUANITA DAWN GLOVER | 3/8/2016 | 9/9/2016 | APPROVED |
| MARIA GUADALUPE LARA | 6/22/1966 | C6352943 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| CHRISTOPHER ANTHONY PALAIOS | 4/16/1990 | D2844786 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| YADIRA CARDONA | 1/23/1989 | F1357655 | JIA ZHONG | 3/7/2016 | 3/10/2016 | APPROVED / WAIT REG |
| ELIZABETH LARA | 7/8/1992 | E3194039 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| FINEHAS MUNOZ | 5/26/1992 | E3191767 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| OTICIA WYSINGER | 9/2/1985 | D6628871 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| NICHOLE JOHNSON | 3/23/1989 | D8354430 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | APPROVED |
| EUGENE FRASER | 12/27/1987 | D9141534 | RIM PROPERTIES | 3/10/2016 | 3/10/2016 | IN VIOLATION |
| SHANTA NICOLE LUCAS | 10/31/1986 | D8105988 | RIM PROPERTIES | 3/11/2016 | 3/11/2016 | IN VIOLATION |
| JENNIE ELLIS | 1/13/1987 | 23739368 NC | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| MARY GREENE | 10/4/1962 | U5171900 | RIM PROPERTIES | 3/11/2016 | 3/12/2016 | APPROVED |
| VALYSSA L BONILLA | 8/12/1993 | F4647685 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| MICHAEL P MCORMOND | 3/10/1963 | N9333405 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| CHRISTOPHER L VONDERAHE | 5/21/1993 | F3394709 | CENTURY 21 ROSE PROPERTY | 3/14/2016 | 3/14/2016 | APPROVED |
| SOLEDAD CASTILLO | 5/29/1992 | F2101953 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | APPROVED |
| ANGEL ALMANZA | 7/30/1991 | F1426897 | COLDWELL BANKER | 3/14/2016 | 3/14/2016 | IN VIOLATION |
| HARRY D SHERLOCK | 7/22/1932 | K0407429 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| LEAH A SHERLOCK | 12/11/1964 | C3121761 | ALL AMERICAN REAL ESTATE | 3/14/2016 | 3/14/2016 | APPROVED |
| YVONNNE GONZALEZ | 12/13/1954 | N3255791 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| CORIE BATES | 5/20/1974 | A9273531 | RIM PROPERTIES | 3/15/2016 | 3/15/2016 | APPROVED |
| ANTHONY GONZALES | 6/9/1967 | C5565538 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| MARY K GONZALES | 7/30/1970 | A4990016 | CENTURY 21 ROSE PROPERTY | 3/15/2016 | 3/15/2016 | APPROVED |
| DESIREE VASQUEZ | 6/23/1989 | E2096527 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| ROBERT GARCIA | 7/22/1980 | D2045549 | RIM PROPERTIES | 3/16/2016 | 3/16/2016 | APPROVED |
| CHRISTINE CHARLEBOIS | 9/8/1975 | B4653566 | INVESTMENT CONCEPTS INC | 3/17/2016 | 3/17/2016 | APPROVED |
| CATHY AITHER | 12/10/1965 | C2914217 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| TENANTS NAME | DOB | CDL / ID | OWNER / MANAGEMENT CO. | DATE RECEIVED | DATE SCREENED | APPROVAL/ IN VIOLATION |
|---|---|---|---|---|---|---|
| ALEXANDER DE LA ROSA | 8/28/1973 | A5382170 | RIM PROPERTIES | 3/17/2016 | 3/17/2016 | APPROVED |
| ROBYN DE ARRUDA | 6/15/1990 | F7325287 | JOSE MADERA | 3/14/2016 | 3/18/2016 | APPROVED /FAIL FAX |
| HARVEY RAY ABNEY JR | 1/14/1981 | B6702826 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ANGEL CHAVEZ | 10/21/1976 | B6537259 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| JESSICA CHAVEZ | 10/6/1982 | D2727958 | RIM PROPERTIES | 3/17/2016 | 3/18/2016 | APPROVED |
| ASHLEY DOTTER | 8/30/1983 | D4298264 | VIP MANAGEMENT | 3/17/2016 | 3/18/2016 | APPROVED |
| DOROTHY DORENE GALLARDO | 1/23/1961 | N9796389 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| BELIT ZONOBIA LIVINGSTON | 6/1/1987 | D8693577 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| JERRY T MEDEIROS | 9/7/1966 | C2704369 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| MICHEALA MEDEIROS | 1/27/1967 | A7458496 | RIM PROPERTIES | 3/18/2016 | 3/19/2016 | APPROVED |
| KAREN M BELMAN | 2/28/1987 | D8993533 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| JESSICA M LICEA | 1/20/1986 | D5096234 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| RICHARD CORTEZ | 3/12/1985 | D4285057 | CENTURY 21 ROSE PROPERTY | 3/21/2016 | 3/21/2016 | APPROVED |
| MARCO A CEDILLO | 4/10/2016 | NONE/ GREEN CARD | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| BRITTNEY GIDDERY | 9/19/1988 | D9197325 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| GILBERTO RODRIGUEZ | 06/0/62 | G463280622300 FL | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| SHANE K SHAVER | 7/3/1965 | C4489598 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| RACHEL PORI | `08/24/50 | 8/24/1950 | RIM PROPERTIES | 3/21/2016 | 3/21/2016 | APPROVED |
| NASIR S RAY | 1/17/1997 | Y2165713 | BEACON PROPERTY MANAGEMENT | 3/21/2016 | 3/21/2016 | APPROVED |
| DESIREE BROWN | 7/16/1981 | D2672471 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| NATASHA GLOSTON | 6/23/1977 | B6761837 | RIM PROPERTIES | 3/22/2016 | 3/22/2016 | APPROVED |
| PEARL HOWARD | 10/7/1992 | 0200879727 NV | VIP MANAGEMENT | 3/22/2016 | 3/22/2016 | APPROVED |
| ROSALIE OCEQUEDA | 7/28/1963 | 1705068124 NV | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| JOHN URCIEL | 7/28/1972 | 1705067976 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| CRISTIAN ROJA | 3/22/1995 | F6970781 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DREW PIFER | 5/25/1996 | F7648535 | RIM PROPERTIES | 3/23/2016 | 3/23/2016 | APPROVED |
| DAVID MORRISON | 1/30/1955 | N0330513 | GONZALO LUNA | 3/23/2016 | 3/23/2016 | APPROVED |
| TRUDIE GILLIAM | 8/22/1955 | N4246949 | GABOR BESZE | 3/19/2016 | 3/22/2016 | APPROVED |
| BRIDGETT PURCELL | 5/25/1977 | B3969252 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| KAMONTA POLK | 12/17/1975 | B5518316 | GABOR BESZE | 3/19/2016 | 3/23/2016 | APPROVED |
| GERE RIDEOUT | 4/12/1978 | B4597326 | RIM PROPERTIES | 3/24/2016 | 3/24/2016 | APPROVED |

# CRIME FREE RENTAL HOUSING TENANT SCREENINGS

| | | | | | | |
|---|---|---|---|---|---|---|
| RALPH RODRIGUEZ | 7/24/1990 | E2234698 | BLUESTAR PROPERTIES | 3/24/2016 | 3/25/2016 | APPROVED |
| TAYLOR HOLM | 1/1/1990 | D8382561 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JEFFREY ANTHONY HOLM | 10/13/1989 | E2057397 | JANET HARRIS | 3/25/2016 | 3/25/2016 | APPROVED |
| JOSEPH RODRIGUEZ | 9/10/1989 | D9294447 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |
| ALBA GONZALEZ | 10/10/1992 | F2537794 | VIP MANAGEMENT | 3/25/2016 | 3/25/2016 | APPROVED |

Ex. 8
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 9 of 27
Page 217

# TENANT EVICTIONS / VIOLATORS

| TENANTS NAME | DOB | PROPERTY ADDRESS | DR # | DATE OF INCIDENT | DATE COMPLETE | OTHER/NOTES |
|---|---|---|---|---|---|---|
| THOMAS ROBERTSON | 9/23/1994 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARRESt/WILL NOT RESPOND |
| MARCEDIE RIGGENS | 7/8/1995 | 16599 MUSCATEL STREET #240 | 191509482 | 1/4/2016 | | ARREST /WILL NOT RESPOND |
| XIUQIU HUANG | 7/18/1977 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| SHIQUAN DONG | 11/10/1973 | 7981 GAYLOP AVENUE | HE160070067 | 1/7/2016 | 1/7/2016 | VOLUNTARY MOVE |
| CHARLES BALDERRAMA | 3/25/1975 | 16016 PINE STREET | 191600194 | 1/8/2016 | 2/15/2016 | EVICTED/CONFIRMED 03/05/16 |
| SAMANTHA VELASQUEZ | 4/2/1993 | 14238 ROSEWOOD DRIVE | HE160110159 | 1/11/2016 | 1/11/2016 | VOLUNTARY MOVE |
| SHALANNA GUTIERREZ | 2/6/1983 | 9919 TOPAZ AVENUE #157 | 191600536 | 1/22/2016 | | VOLUNTARY MOVE |
| SAVANAH MAYER | 8/16/1996 | 16599 MUSCATEL STREET #222 | HE160270103 | 1/27/2016 | | WARR ARR / WILL NOT RESPOND |
| DONALD PETTERSON | 12/29/1983 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| KIMBERLY ANN NEAL | 7/16/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| CHRISTOPHER WHARRY | 9/10/1989 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| REGINA SIMMS | 11/12/1990 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| AARON DONTE JONES | 1/15/1991 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| TAYONA WHARRY | 10/24/1986 | 8890 G AVENUE | 191509792+9790 | 12/31/2015 | UNKNOWN | VOLUNTARY MOVE |
| NORMAN ROBERTS | 6/13/1960 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| ANTHONY GIBBINS | 7/19/1973 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| DAVID TIFPETT | 2/15/1982 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| TERESA RUST | 6/2/1969 | 16350 ADELIA STREET | 181600797 | 2/4/2016 | 2/10/2016 | 3 DAY NOTICE/MOVED |
| VALERIE PARRA | 9/16/1973 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| THOMAS ANTHONY MARTINEZ | 6/14/1989 | 16041 ORANGE STREET #A | 191601057 | 2/13/2016 | 2/21/2016 | VOLUNTARY MOVE |
| MARISSA MARTINEZ | 10/17/1996 | 8809 C AVENUE #146 | 611600022 | 2/15/2016 | 3/1/2016 | VOLUNTARY MOVE |
| JOSEPH SEVERSON | 6/11/1977 | 15166 SEQUOIA STREET #6 | 191601096 | 2/14/2016 | 3/31/2016 | VOLUNTARY MOVE |
| JAMES RIOS | 11/15/1986 | 13211 LA CRESCENTA | 191600699 | 1/29/2016 | | ARREST/SHARON GREEN HOUSE |
| NATHANIAL NEWBEGINNIN | 1/24/1996 | 9124 SEAL BEACH | 191601223 | 1/20/2016 | | ARREST/UTL OWNER |
| MARCO MARTINEZ | 5/3/1985 | 8956 G AVENUE #26 | 191601146 | 2/16/2016 | | EVICTION |
| ASHLEY BROWN | 9/10/1988 | 9670 SAN PABLOE AVENUE | 191601197 | 2/18/2016 | | REFUSED |
| DENNIS ALLERA | 1/19/1948 | 17562 SEQUOIA STREET #3 | 191601440 | 2/27/2016 | 2/27/2016 | VOLUNTARY MOVE |
| DEVONNE LEE | 12/15/1982 | 16552 WILLOW ST #1 | MUTIPLE CALLS | 3/9/2016 | | EVICTION TO START 04/2016 |
| PAUL BLACK | 7/9/1949 | 17426 SEQUOIA STREET #10 | 191601762 | 3/10/2016 | | EVICTION FILED / 03/10/16 |
| MARK MURRAY | 5/8/1969 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| RICHARD GERG | 6/9/1951 | 18192 SYCAMORE STREET | 191602052 | 3/21/2016 | | EVICTION |
| THOMAS MARTINEZ | 6/14/1989 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |

# TENANT EVICTIONS / VIOLATORS

| | | | | | | |
|---|---|---|---|---|---|---|
| JOEL FOX | 10/3/1990 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY MOVE |
| RUBEN SAENZ | 11/19/1996 | 16067 ORANGE STREET | 191601057 | 2/13/2016 | 2/13/2016 | VOLUNTARY .MOVE |
| ROBERT BENITEZ | 10/1/1981 | 16024 YUCCA STREET #C | HE16030126 | 3/23/2016 | 3/23/2016 | VOLUNTARY MOVE |
| DAVID CAPPS | 7/24/1975 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| EDMOND VICKERS | 9/16/1953 | 18200 HERCULES STREET | 191600885 | 2/6/2016 | 3/25/2016 | 30 DAY NOTICE |
| DAVID JOJOLA | 9/8/1980 | 18200 HERCULES STREET | 191601908 | 3/15/2016 | 3/25/2016 | 30 DAY NOTICE |

# CERTIFIED LETTERS

| NAME | ADDRESS | TRACKING NUMBER | DATE MAILED | DATE RETURNED | OTHER/ NOTES |
|---|---|---|---|---|---|
| GENE MAH | 291 CORAL VIEW ST, MONTEREY PARK, CA 91755 | 8359 | 2/1/2016 | 2/8/2016 | |
| ELAINE F;. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8342 | 2/1/2016 | 2/11/2016 | |
| DAVID W. HUANG | 17545 MONETTE CIRCLE, YORBA LINDA, CA 92886 | 8335 | 2/1/2016 | 2/11/2016 | |
| SANTA FE HESEPRIA AR LP | 151 KALMUS DRIVE #J-5 | 8366 | 2/18/2016 | | |
| C/O ANDREW OR JAYNE TRICINELLA TRUSTEE | 7185 SVL BOX | 8373 | 2/18/2016 | | |
| C/O MARIA CORCHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 8397 | 2/19/2016 | | |
| C/O JULIE ANN MACAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 8603 | 2/19/2016 | | UNDELIVERABLE |
| C/O GOURI KAR & SWAYAM PATI TRUSTEE | 345 BREA HILLS AVENUE, BREA, CA 92823 | 8380 | 2/19/2016 | | |
| C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY, CA 92307 | 8502 | 2/19/2016 | | |
| LAN ETAL NGUYEN / THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 8410 | 2/22/2016 | | |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 8427 | 2/22/2016 | | |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 8434 | 2/24/2006 | | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, C A 92345 | 8441 | 2/24/2016 | | |
| CALDRON FAMILY TRUST C/O HECTOR & LUZ CALDERON TRUSTEES | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 8458 | 2/24/2016 | | |
| COBBLESTONE INVESTMENTS LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 8496 | 3/2/2016 | | |
| DAVID O. MacLACHLAN TR DONALD H. MacLACHLAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 4782 | 3/9/2016 | | |
| HORTENSIA DELGADO / MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 4898 | 3/9/2016 | | |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 4904 | 3/9/2016 | | |
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 4799 | 3/23/2016 | | |
| ESSANCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 4805 | 3/23/2016 | | |
| JESUS & NADIA MARENTES | 12505 BEVERLY BLVD, WITTIER, CA 90501 | 4812 | 3/23/2016 | | |
| MICHAEL & ELIZABETH POLEN | 15519 SITTING BULL, VICTORVILLE, CA 92395 | 4911 | 3/24/2016 | | |
| SAN REMO HESPERIA II LIMITED PARTNERSHIP | 3990 RUFFIN ROAD, STE 100, SAN DIEGO, CA 92123 | 4829 | 3/24/2016 | | |

# CERTIFIED LETTERS

| | | | | | |
|---|---|---|---|---|---|
| FORREST J McKINLEY | 1186 CENTER STREET, RIVERSIDE, CA 92507 | 4836 | 3/24/2016 | | |
| ROBERTO & CYNTHIA GARCIA | 17936 DEODAR STREET, HESPERIA, CA 92345 | 4843 | 3/24/2016 | | |
| CARL & ROXANNE SPEER | 13095 OLATHE ROAD, APPLE VALLEY, CA 92308 | 4850 | 3/24/2016 | | |

Ex. 8
April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 13 of 21
Page 221

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | NOTES |
|---|---|---|---|---|
| CEMS INVESTMENT LLC | 5051 SULTANA AVENUE, TEMPLE CITY, CA 91780 | 14057 KATELYN STREET | 12/28/2015 | |
| JOSEPH & MARY SUDIMACK | 350 S JACKSON STREET #442, DENVER, CO 89209 | 18825 RANCHERO ROAD | 12/28/2015 | |
| APPLETREES APPLESEEDS PROPERTIES LLC / C/O LINA ZHU | 638 LINDERO CANYON ROAD #508, OAK PARK, CA 91377 | 18781 JUNIPER STREET | 1/7/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 1/7/2016 | |
| LA PAZ HOLDINGS LLC | 8939 EIGHTH AVENUE, HESPERIA, CA 92345 | 16284 JUNIPER STREET | 1/7/2016 | |
| BREAKTHROUGH JOULE LTD | 3848 CAMPUS DRIVE STE 201, NEWPORT BEACH, CA 92660 | 7981 GAYLOP AVENUE | 1/8/2016 | |
| ASHRAF TADROS OR MARYAN TADROS | 13043 LEAWOOD STREET, VICTORVILLE, CA 92393 | 13135 MODESTO COURT | 1/8/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 1/12/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16016 PINE STREET | 1/13/2016 | |
| GENE & IRENE MAH | 291 CORAL VIEW STREET, MONTEREY PARK, CA 91755 | 13211 LA CRESCENTA STREE | 1/14/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 1/15/2016 & 02/18/2016 | |
| YUSUF ELSAHRGTY C/O ASEM ELSAHRGTY | 21017 GRANITE WELLS DRIVE, WALNUT, CA 91789 | 16110 SPRUCE STREET | 1/19/2016 | |
| II ZHANG | 634 HERITAGE COURT, AZUSA, CA 91702 | 17169 DONERT STREET | 1/22/2016 | |
| RAMON & GLORIA MUNOZ | 6463 ELMHURST AVENUE, RANCHO CUCAMONGA, CA 91737 | 16052 JUNIPER STREET | 2/1/2016 | |
| JAN COSLEY | 17222 MAIN STREET, HESPERIA, CA 92345 | 16448 SPRUCE STREET | 2/1/2016 | |
| GENSHENG JAMES TAN & MAY MAIYI XU | 30032 AVENIDA CLASSICA, RANCHO PALOS VERDES, CA | 16412 JUNIPER STREET | 2/1/2016 | |
| DOUGLAS & ALICIA TAYLOR | 5728 BUENA SUERTE ROAD, YUCCA VALLEY, CA 92284 | 16292 CHESTNUT STREET | 2/1/2016 | |
| RUBEN & ELSA ARBUES LIVING TRUST C/O R A ARBUES & E M A ARBUES | 21520 G YOURBA LINDA BLVD. #225, YORBA LINDA, 92887 | 9269 SECOND AVENUE | 2/1/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 2/1/2016 | |
| CLEARY TRUST C/O JOHN CAPITELI | 9487 COMPASS POINT DRIVE SOUTH, SAN DIEGO, CA 92126 | 17806 WESTLAWN STREET | 2/4/2016 | |
| SONJA OLIEKAN-PARDU | P.O. BOX 400549, HESPERIA, CA 92345 | 14106 DARTMOUTH STREET | 2/4/2016 | |
| RUDOLF ZEN | 555 SALVATIERRA WALK #203, STANFORD, CA 94305 | 17775 CHESTNUT STREET | 2/5/2016 | |
| ARTHUR OR MARGARITA ESTRADA | P.O. BOX 370, CHINO, CA 91708 | 15408 PALM STREET | 2/8/2016 | |
| CORRALES FAMILY TRUSTD C/O ALFREDO OR ELYDIA CORRALES | 918 SUNKIST AVENUE, LA PUENTE, CA 91746 | 18200 HERCULES STREET | 2/8/2016 | |

## NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JAYVEE HOPITALITY INC | 14427 S. BERENDO AVENUE #1, GARDENA, CA 90247-2658 | 16024 YUCCA STREET | 2/11/2016 | |
| PIZANO FAMILY TRUST C/O LUIS PIZANO | 315 S. MAIN STREET, SANTA ANA, CA 92701 | 9669 CHOICEANA AVENUE | 2/16/2016 | |
| EFREN RODRIGUEZ | 3638 8TH STREET, SAN MARCOS, CA 92078 | 19287 LINDAY STREET | 2/16/2016 | |
| NICK BENETOS | 15679 BEAR VALLEY ROAD, HESPERIA, CA 92345 | 16632 SEQUOIA AVENUE | 2/16/2016 | |
| RUDOLPH OR PATSEY FOISY | 10864 EIGHTH AVENUE, HESPERIA,CA 92345 | 16688 SEQUOIA AVENUE | 2/16/2016 | |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 16067 ORANGE STREET | 2/16/2016 | |
| MARZVANIAN TATEVOS | 14610 MANZANO ROAD, VICTORVILLE, CA 92392 | 14245 SULTANA STREET | 2/18/2016 | |
| CONCEPCION RIVERA | 2877 WINCHESTER ROAD, BULLHEAD, AZ 86442 | 9150 ORANGELEAF COURT | 2/18/2016 | |
| HALLICK LIVING TRUST | 4267 MARINA CITY DRIVE #404, MARINA DEL REY, CA 90292 | 14062 KATELYN STREET | 2/18/2016 | |
| SANTA FE HESPERIA AR LP | 151 KALMUS DRIVE #J-5, COSTA MESA, CA 92626 | 16576 SULTANA STREET | 2/18/2016 | ??? |
| TRICINELLA P & JK JT LIVING TRUST C/O ANDREW P & JAYNE K TRICINELLA TRUSTEE | 7185 SVL BOX, VICTORVILLE, CA 92395 | 12033 COTTONWOOD AVENUE | 2/18/2016 | |
| MINDY KUM | 6906 PHELAN ROAD, PHELAN, CA 92371 | 18440 VALENCIA STREET | 2/18/2016 | |
| SALAZAR LIVING TRUST C/O SERAFIN SALAZAR | 14804 SULTANA STREET, HESPERIA, CA 92345 | 16040 SEQUOIA STREET | 2/18/2016 | |
| DRAPER FAMILY TRUST C/O HELEN SMITH-DRAPER | 860 HURON DRIVE, CLAREMONT, CA 91711 | 16210 OLIVE STREET | 2/18/2016 | |
| SAUL OR ALBERT RAIGOSA | 15499 PAINTER DRIVE, CHINO HILLS, CA 91709 | 7559 HASTINGS AVENUE | 2/18/2016 | |
| RAMIREZ FAMILY TRUST C/O VIDAL & FIDELA RAMIREZ TRUSTEE | 8569 MAPLE STREET, HESPERIA, CA 92345 | 16210 ORANGE STREET | 2/18/2016 | |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| NANCY McAFEE-LEBRUN J REV-TR C/O JULIE ANN McAFEE SUCC TRUSTEE | 4907 VISTA DEL MAR AVENUE, BAKERSFIELD, CA 93311 | 11927 FIRST AVENUE | 2/22/2016 | |
| MARIA CORCHIS SEPARATE PROP TR C/OMARIA CORSHIS TRUSTEE | 1423 EAST DELTA PLACE, ANAHEIM, CA 92805 | 11938 FIRST AVENUE | 2/22/2016 | I/P |
| RUDOLF ZEN | 3488 QUARRY PARK DRIVE, SAN JOSE, CA 95136 | 17775 CHESTNUT STREET | 2/22/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| LAN NGUYEN ETAL C/O THIEN PHAN | 1209 EAST 7TH STREET, LONG BEACH, CA 90813 | 11901 FIRST AVENUE | 2/22/2016 | |
| JOHN DE LAO | 10688 KIAVAN ROAD, APPLE VALLEY, CA 92308 | 10001 OAKWOOD AVENUE | 2/22/2016 | |
| LOIS E PALMER LIVING TRUST C/O LOIS PALMER | 2130 SUNSET DRIVE #131, VISTA, CA 92081 | 10789 BANNING AVENUE | 2/22/2016 | **MAIL 3/18** |
| WILLIAM WADE BLEISTEIN | 911 MONACO CIRCLE, MESQUITE, NV 89027 | 11868 FIRST AVENUE | 2/22/2016 | **MAIL 2/26** |
| YOUNG CHOI II | 8957 SVL BOX, VICTORVILLE, CA 92395 | 10786 ARABIAN COURT | 2/22/2016 | |
| OSCAR OR EVANGELINA AGUILERA | 8636 SAN CARLOS AVENUE, SOUTH GATE, CA 90280 | 17592 LEMON STREET | 2/22/2016 | |
| JAN COSLEY | 15366 LIVE OAK STREET, HESPERIA, CA 92345 | 16446-16448 SPRUCE STREE | 2/23/2016 | **I/P** |
| SMOKETREE ENT TRUST | 17341 RANCHERO ROAD, RIVERSIDE, CA 92504 | 16329 SMOKE TREE STREET | 2/23/2016 | |
| ANDREW OR ROSLYN NATKER | 1501 N. BUNDY DRIVE, LOS ANGELES, CA 90049 | 13066 MURRIETA COURT | 2/23/2016 | **I/P** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/23/2016 | **MAIL 3/18** |
| JACOBSON, JEFFREY D OR QI BIN YING | 35 EAST ALEGRIA AVENUE, SIERRA MADRE, CA 91024 | 13985 SPRUCE STREET | 2/23/2016 | **EMAIL 3/2** |
| CALDERON FAMILY TRUST C/O HECTOR OR LUZ CALDERON | 7405 DAYTON AVENUE, HESPERIA, CA 92345 | 15935 WALNUT AVENUE | 2/23/2016 | **H/D 03/2** |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 15215 ORANGE STREET | 2/25/2016 | |
| McCOY LIVING TRUST C/O ESTER & DARIN McCOY TRUSTEE | 6838 BERGANO PLACE, ALTA LOMA, CA 91701 | 16111 ORANGE STREET | 2/25/2016 | |
| BETH OR PAUL FLEMMING | 20250 PAHUTE ROAD, APPLE VALLEY, CA 92308 | 16175 LIVE OAK STREET | 2/25/2016 | |
| HUYNH NGOC OR THU THANH NGUYEN | 9411 GRACKLE AVENUE, FOUNTAIN VALLEY, CA 92708 | 14050 GOLD STREET | 2/29/2016 | |
| LEGACY REAL ESTATE | 16392 MARUFFA CIRCLE, HUNTINGTON BEACH, CA 92649 | 8633 D AVENUE | 2/29/2016 | |
| YACHIYO WADA TRUST C/O YACHIYO HANEY TRUSTEE | 801 INDEPENDENCE AVENUE #28, CANOGA PARK, CA 91304 | 17934 CAPRI STREET | 2/29/2016 | **EMAIL 3/3** |
| MARC D MATTHEWS | 8070 SVL BOX, VICTORVILLE, CA 92395-5164 | 8695 C AVENUE | 2/29/2016 | |
| SULTANA 6 LP | 1667 E LINCOLN AVENUE, ORANGE, CA 92685 | 16805 SULTANA STREET | 2/29/2016 | |
| BRADLEY S THOMPSON AMY L KUPULA-THOMPSON | P.O. BOX 4822, CARSON CITY, NV 89702 | 16837 SULTANA STREET | 2/29/2016 | **MAIL 3/18** |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| ANTONIO A RABOR TR VENERANDA S RABOR TR | 20262 CHICKASAW ROAD, APPLE VALLEY, CA 92307 | 18183 BEAR VALLEY ROAD | 2/29/2016 | |
| NHAN KHAI HOANG | 16041 JENNER STREET, WESTMINSTER, CA 92683 | 18137 BEAR VALLEY ROAD | 2/29/2016 | |
| CHARLES R DENNEY TR / JOAN A DENNEY T | 3235 E PALAMYRA, ORANGE, CA 92869 | 18075 BEAR VALLEY ROAD | 2/29/2016 | |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | DATE MAILED | |
|---|---|---|---|---|
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, TORRANCE, CA 90501 | 18545 TALISMAN STREET | 2/29/2016 | |
| RTED AMERICA LLC | P.O. BOX 18528, IRVINE, CA 92623 | 17644 SEAFORTH STREET | 2/29/2016 | |
| STEPHEN H CHRISTENSEN REV TR C/O STEPHEN H CHRISTENSEN | 285 W 24TH STREET, UPLAND, CA 91784 | 11797 HEMLOCK AVENUE | 2/29/2016 | |
| LINDA CHOU I-WEN | 11535 BALSAM AVENUE, HESPERIA, CA 92345 | 10780 THIRD AVENUE | 2/29/2016 | |
| MEI-HIU CHEN CHANG CHIU LIN CHEN | 846 GLENWICK AVENUE, WALNUT, CA 91789 | 10990 BALSAM AVENUE | 2/29/2016 | |
| MIDNITOL FAMILY LIMITED PARTNERSHIP C/O JAY JONES AND DESIREE PATNO | 34 EXECUTIVE PARK #60, IRVINE, CA 92614 | 18103 CAPRI STREET | 2/29/2016 | |
| SAM NAIZI | 18187 TOPSANNA ROAD, APPLE VALLEY, CA 92308 | 14000 JUNIPER STREET | 2/29/2016 | |
| COBBLESTONE INVESTMENT LLC | 10410 LOWER AZUSA ROAD #201, EL MONTE, CA 91731 | 12034-12048 I AVENUE | 2/29/2016 | **MAIL 3/18** |
| WILLS, HORST & MARIA TRUST C/O MARIA WILLS | P.O. BOX 1942, APPLE VALLEY , CA 92307 | 8896 I AVENUE | 2/29/2016 | |
| MAVERICK PROPERTIES C/O G.J. HOLWERDA | 1217 PASEO DEL MAR, SAN PEDRO, CA 90731 | 17562 SEQUOIA STREET | 2/29/2016 | |
| TERRY ANKEMAN | 19199 TECUMSEH ROAD, APPLE VALLEY, CA 92307 | 16317 CHESTNUT STREET | 3/3/2016 | **EMAIL 3/9** |
| ENRIQUE OR CELIA ULLOA | 16113 HERCULES STREET, HESPERIA, CA 92345 | 15838 SEQUOIA AVENUE | 3/4/2016 | |
| JOHN F BICKHAM | 13047 DUSTY ROAD, VIC TORVILLE, CA 92392 | 8807 LASSEN AVENUE | 3/4/2016 | **EMAIL 3/23** |
| ESPOLT FAMILY TRUST | 6823 SVL BOX, VICTORVILLE, CA 92395 | 9390 BUCKTHORN AVENUE | 3/4/2016 | |
| GONZALO OR LIVIER LUNA | 15371 LIVE OAK STREET, HESPERIA, CA 92345 | 15360 MOJAVE STREET | 3/4/2016 | |
| WON SOEK OR SOOK LEE | 13865 ROSESMARY STREET, HESPERIA, CA 92345 | 9095 EIGHTH AVENUE | 3/4/2016 | |
| MURPHY FAMILY TRUST C/O CLAUDIA L MURPHY REVOCABLE TR | 1608 HAMILTON LANE, ESCONDIDO, CA 92029 | 19236 LINDSAY STREET | 3/4/2016 | |
| MARION T TONGATE TRUST | 16625 JOSHUA STREET, HESPERIA, CA 92345 | 16885 PALM STREET | 3/4/2016 | |
| VMJ INVESTMENTS LLC C/O DIVYESH BHAKTA | 1554 BARTON ROAD #300, REDLANDS, CA 92373 | 16272 CHESTNUT | 3/4/2016 | |
| C/O DAVID KNIGHT & AGNES KNIGHT TRUSTEES | 3719 LOMINA AVENUE, LONG BEACH, CA 90808-2117 | 9735 PYRITE AVENUE | 3/7/2016 | |
| FLOENCIO V & MARIA GARCIA TRUST C/O FLOENCIO V & MARIA LUISA GARCIA | 771 S EUCLID STREET, LA HABRA, CA 90631 | 16516 LIVE OAK STR4EET | 3/7/2016 | |
| GURSHARAN SINGH SANDHU & RAJINDER KAUR | 2855 SINGINGWOOD DRIVE. CORONA, CA 92882 | 13047 RANCHO BERNARDO STREET | 3/7/2016 | **EMAIL 3/23** |

## NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| C/O ANTHONY SR & CHRISTINE CHIRCO TRUSTEE | 19030 PIMLICO ROAD, APPLE VALLEY, CA 92308 | 15952 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID O MacLACHIAN TR DONALDA H MacLACHIAN TR | 10161 BROADVIEW PLACE, SANTA ANA, CA 92705 | 16153 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| CRISMAN LIVING TRUST C/O ROBERT & VIRGIAN CRIMSON TRUSTEES | 3645 DENVER AVENUE, LONG BEACH, CA 90810 | 16485 PINE STREET | 3/7/2016 | |
| HORTENCIA & MARCELA DELGADO | 215 VIA MONTENEGRO, ANAHEIM HILLS, CA 92807 | 16131 BEAR VALLEY ROAD | 3/7/2016 | **EMAIL 3/16** |
| LEONARD MARSH | 11340 CINERARIA ROAD, VICTORVILLE, CA 92392 | 8135 LANGDON AVENUE | 3/7/2016 | |
| J A CARR | P.O. BOX 4606, CARLSBAD, CA 92018 | 16511 VERDE STREET | 3/7/2016 | |
| ROBERT NICORIEI | 3848 HALLADAY AVENUE, RIVERSIDE, CA 92503 | 16417 MANZANITA STREET | 3/7/2016 | |
| ISIDORO JIMENEZ | 13333 PARAMOUNT BOULEVARD #B, SOUTH GATE, CA 90280 | 10730 HESPERIA ROAD | 3/7/2016 | |
| NAFIZ & AMINUM N HAFIZ | 352 CASTLETON STREET, CAMARILLO, CA 93012 | 16422 JUNIPER STREET | 3/7/2016 | |
| CRC INVESTMENTS LLC | 12056 CORALWOOD COURT, ALTA LOMA, CA 91737 | 15972 SEQUOIA AVENUE | 3/7/2016 | |
| DAVID SHEK | 12023 JADE ROAD, VICTORVILLE, CA 92392 | 16210 SEQUOIA AVENUE | 3/7/2016 | |
| SEQUOIA APARTMENTS LLC | P.O. 8940, REDLANDS, CA 92375 | 16194 SEQUOIA AVENUE | 3/7/2016 | |
| VALLEY FIFTH LLC | P.O. BOX 216006, ESCONDIDO, CA 91426 | 12052-12072 FIFTH AVENUE | 3/7/2016 | **EMAIL 3/23** |
| C/O QUANG VAN AND DEONNE MONG OANH HO | 22571 LAKE FOREST LANE, LAKE FOREST, CA 92630 | 13901 NETTLE STREET | 3/10/2016 | |
| LUCIANO PEREZ MARTINEZ | 1955 CLARK MOUNTAIN ROAD, SAN BERNARDINO, CA 92410 | 9870 ELEVENTH AVENUE | 3/9/2016 | |
| ARROSIG PROPERTIES LLC | 12485 INDIAN RIVER DRIVE, APPLE VALLEY, CA 92308 | 16230 SEQUOIA AVENUE | 3/9/2016 | **EMAIL 3/25** |
| CHANG SUB YUM REV TR C/O CHANG SUB AND GRACE M YUM | 4418 BEVERLY BOULEVARD, LOS ANGELES, CA 90004 | 14727 RANCHERO ROAD | 3/9/2016 | |
| EDGARDO RAMIREZ | 10570 NEVADA ROAD, PHELAN, CA 92371 | 17392 SEQUOIA AVENUE | 3/9/2016 | |
| MARIA RODRIGUEZ SANDOV AL | 335 SOLDANO AVENUE, AZUSA, CA 91702 | 17098 BIRCH STREET | 3/9/2016 | |
| PATRICIA F OR JOHN A RAMMING | P.O. BOX 294121, PHELAN, CA 92371 | 15499 LARCH STREET | 3/9/2016 | |
| MARIO E OR JOANNA L MARQUEZ | 12761 BRIDGEWATER DRIVE, CORONA, CA 92880 | 16411 CHESTNUT STREET | 3/9/2016 | |
| CVCR PROPERTIES LLC | 16 HIGH BLUFF, LAGUNA NIGUEL, CA 92677 | 8442 ROOSEVELT COURT | 3/9/2016 | **EMAIL 3/17** |
| AHMED FAMILY TRUST C/O IQBAL AND MEHNAZ AHMED | P.O. BOX 8181, LA VERNE, CA 91750 | 16020 JUNIPER STREET | 3/9/2016 | |
| THOMAS J BRYANT | 20572 OCOTILLO WAY, APPLE VALLEY, CA 92308 | 12020 /12024 ELEVENTH AV | 3/9/2016 | |
| MAIDA, MUNEM ETAL MAIDA, MAIDA | 13302 RANCHERO ROAD, OAK HILLS, CA 92344 | 12071 ELEVENTH AVENUE | 3/9/2016 | |
| MICHAEL S VU | 13127 OATMAN DRIVE, RANCHO CUCAMONGA, CA 91739 | 15746 SEQUOIA AVENUE | 3/9/2016 | |

# NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| CLAYLES SEQUOIA LLC C/O CLAY MATTHEWS JR | 6068 CANTEBURY DRIVE, AGOURA HILLS, CA 91301 | 15776/15766 SEQUOIA AVE | 3/9/2016 | |
| BLANQUEL FAMILY TRUST C/O JESUS B AND LUCIA BLANQUEL | 1945 S ALMOND COURT, ONTARIO, CA 91762 | 15808 SEQUOIA AVENUE | 3/9/2016 | EMAIL 3/23 |
| ANA ADELA DERAS | P.O. BOX 1195, SOUTH GATE, CA 90280 | 16873 SEQUOIA AVENUE | 3/9/2016 | |
| CWL DEVELOPMENT LLC | 1142 S DIAMOND BAR BLVD, DIAMOND BAR, CA 91765 | 15573 RIVERSIDE STREET | 3/10/2016 | I/P |
| ANTHONY & DEBRA ECKLOFF | 10919 S GROVEDALE, WHITTIER, CA 90603 | 10394 SIXTH AVENUE | 3/10/2016 | MAIL |
| GENE & HELEN BATY | 626 N DEARBORN SP 19, REDLANDS, CA 92374 | 9159 PEACH AVENUE | 3/10/2016 | |
| JACQUELINE RODRIGUEZ | 10647 CHESTERFIELD STREET, ADELANTO, CA 92301 | 18789 WESTLAWN STREET | 3/10/2016 | |
| DONNA HERNDON | 15810 EL CENTRO ROAD, HESPERIA, CA 92345 | 16179 SPRUCE STREET | 3/10/2016 | MAIL |
| CINDY DANG | 2859 S EUCLID AVENUE, ONTARIO, CA 91762-6643 | 11090 FIFTH AVENUE | 3/11/2016 | MAIL |
| MIGUEL A RAMIREZ & EDELMIRA SOTO | 14455 CEDAR STREET, HESPERIA, CA 92345 | 19101 LINDSAY STREET | 3/11/2016 | |
| BING & CHEN GUO | 20510 E MEGHAN COURT, WALNUT, CA 91789 | 9670 SAN PABLO AVENUE | 3/14/2016 | |
| NOE GODINEZ & MARIA T A GONZALEZ | 16040 SYCAMORE STREET, HESPERIA, CA 92345 | 16435 ORANGE STREET | 3/14/2016 | MAIL |
| CALLO TRUST C/O SCOTT SNIDER | 1816 SANTO DOMING, CAMARILLO, CA 93012 | 17408 SEQUOIA AVENUE | 3/14/2016 | MAIL |
| YOO JIN CHONG | 8050 RIGGINS ROAD, PHELAN, CA 92371 | 9019 FREMONT COURT | 3/14/2016 | MAIL |
| MARTIN C COUSINO | 4516 SAN BAS AVENUE, WOODLAND HILLS, CA 91364 | 17477 SEQUOIA AVENUE | 3/14/2016 | MAIL |
| DANIELLA FOOT LLC | 42200 MORAGA ROAD, TEMECULA, CA 92591 | 11875 A AVENUE | 3/14/2016 | MAIL |
| OLEO LAND LLC | 23805 HAWTHORNE BLVD, TORRANCE, CA 90505 | 9162 & 9166 G AVENUE | 3/14/2016 | MAIL |
| MATTHEW L ROOT | P.O. BOX 721792, PINON HILLS, CA 92372 | 9120 TO 9124 G AVENUE | 3/14/2016 | MAIL |
| MELODEE'S TRUST C/O MOLODEE DAVID | 7423 CAMBRIDGE COURT, FONTANA, CA 92326 | 9090 G AVENUE | 3/14/2016 | MAIL |
| RIGOBERTO QUEZADA | 861 E COLUMBIA AVENUE, POMONA, CA 91767 | 16340 OLIVE STREET | 3/14/2016 | MAIL |
| CITY OF FONTANA C/O STRADLING YOCCA CARLSON & RAUTH | 660 NEWPORT CENTER DR #1600, NEWPORT BEACH, CA 92660 | 16404,16416,16428 & 16440 ORANGE STREET | 3/14/2016 | MAIL |
| FEBRONIO & MARIA GARCIA REV TRUST C/O FEBRONIO & MARIA GARCIA | 14332 LA HABRA ROAD, VICTORVILLE, CA 92392 | 11933 & 11947 A AVENUE | 3/14/2016 | MAIL |
| FOREST R & JUDITH A BELLAMY FAMILY TR C/O JUDITH A BELLAMY | 5092 CASPIAN CIRCLE, HUNTINGTON BEACH, CA 92649 | 11917 A AVENUE | 3/14/2016 | MAIL |
| CAPREZ FAMILY TRUST C/O CONRAD F & KENNA S CAPREZ TR | 902 CUYLER AVENUE, PLACENTIA, CA 92870 | 16746 LIME STREET | 3/14/2016 | MAIL |
| WILLIAM JOSEPH TORRRES SOLONGO BATSUKH | 265 KELLER STREET, MONTEREY PARK, CA 91755 | 9168 G AVENUE | 3/14/2016 | MAIL |
| JESUS OR NADIA MARENTES | 12505 BEVERELY BOULEVARD, WHITTIER, CA 90501 | 18545 TALISMAN STREET | 3/23/2016 | MAIL |
| ESSENCE BUSINESS GROUP | 1015 FREEMONT AVENUE, SOUTH PASADENA, CA 91030 | 12034-12048 I AVENUE | 3/23/2016 | MAIL |

# NON- REGISTATION LETTERS SENT

| | | | | |
|---|---|---|---|---|
| BRADLEY THOMPSON & AMY KUMPULA THOMPSON | 1358 SARATOGA , MINDEN, NV 89423-9013 | 16837 SULTANAN STREET | 3/23/2016 | **MAIL** |

# NON- REGISTATION LETTERS SENT

| OWNER NAME | OWNER ADDRESS | PROPERTY ADDRESS | PHONE NUMBER |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

April 23, 2020 ATTACHMENT B TO U.S. FIRST SET OF REQUESTS FOR PRODUCTION Page 21 of 21

Ex. 8
Page 229

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br>Defendants. | Case No. 5:19-cv-02298 AB(SPx)<br>**CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE**<br>The Hon. Andre Birotte, Jr.<br>Trial Date: N/A |

PROPOUNDING PARTY: DEFENDANT, UNITED STATES OF AMERICA

RESPONDING PARTY: PLAINTIFF, CITY OF HESPERIA

SET NO.: ONE

Defendant, CITY OF HESPERIA ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Requests for Production of Documents, Set One, as follows:

/ / /

01071.0047/643753 1

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 230

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A&W

## PRELIMINARY STATEMENT

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein, and Responding Party reserves the right to supplement these responses accordingly.

01071.0047/643753 1

-2-

Case No. 5:19-cv-02298 AB(SPx)

Ex 9
Page 231

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643753 1

-3-

Case No. 5:19-cv-02298 AB(SPx)

Ex 9
Page 232

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

## GENERAL OBJECTIONS

Responding Party asserts the following general objections shall apply to the Requests in their entirety and which shall be incorporated into the responses of the Responding Party in each separate Request.

1. Responding Party objects to the Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, the joint-defense privilege, the attorney work-product doctrine, the official information privilege and the deliberative process privilege, the constitutional or statutory rights of privacy of any third party or any other legally cognizable and applicable privilege or immunities against disclosure. To the extent that Responding Party inadvertently discloses any information that may arguably be protected from discovery under the aforementioned privileges, doctrines and immunities, such inadvertent disclosure is not intended to and will not constitute a waiver of any applicable privileges, rights, or statutory protections. To the extent that any documents are withheld from production pursuant to any such privileges, rights or statutory protections, Responding Party will produce a privilege log.

2. Responding Party's responses to the Requests are limited to the issues of this case, Responding Party objects to the Requests insofar as they request information not concerning the issues in this case or communications involving counsel, on the grounds that such Requests seek privileged documents, are irrelevant and or constitute an undue burden on the Responding Party.

3. Responding Party further objects to the Requests to the extent (i) they call for confidential and proprietary information; (ii) they require a legal conclusion; (iii) they seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence; (iv) they contain terms that are vague and ambiguous; (v) they are not reasonably limited in scope or time and (vi) they may invade the right to privacy of third parties.

4. All responses are made without waiver and with preservation of:

01071.0047/643753 1

-4-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 233

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

a. All questions or objections as to competency, relevancy, materiality, privilege and admissibility of the responses and production and the subject matter thereof as evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

b. The right to object to the use of any such responses and production or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

c. The right to object on any ground at any time to any demand, request, or interrogatory for further responses to these or any other discovery requests or proceedings involved or related to the subject matter of the information or documents provided or the discovery to which these responses are provided; and

d. The right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

Each of these General Objections is by this reference incorporated fully in that individual response set forth below, and each individual response is made subject to and without waiver of such General Objections. Responding Party does not waive any of these General Objections in response to any specific Request propounded, and any specific objection made by Responding Party in no respect limits or modifies the General Objections stated herein. To the extent that specific objections are cited herein in response to Plaintiff's Request, those specific objections are provided out of an abundance of caution and because they are believed to be particularly applicable to such Request. Such specific objections shall not constitute a waiver of any of the Preliminary Statement and General Objections.

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce copies of all responsive documents in its possession.

Discovery is ongoing and Responding Party reserves the right to supplement this response if additional responsive documents are later discovered.

**REQUEST FOR PRODUCTION NO. 2:**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party because Responding Party does not keep a separate roster of employees at the Hesperia Station of the Sheriff's Department.

/ / /

/ / /

01071.0047/643753 1

-6-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 235

Responding Party does, however, keep a roster of employees that includes any employees at the Hesperia station of the Sheriff's Department, and Responding Party will produce this document.

**REQUEST FOR PRODUCTION NO. 3:**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643753 1

-7-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 236

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 5:**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].) Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.)

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643753 1

-8-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 237

**REQUEST FOR PRODUCTION NO. 6:**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party.

**REQUEST FOR PRODUCTION NO. 7:**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643753 1 -9- Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 238

Responding Party because Responding Party does not keep a separate roster of employees at the Hesperia Station of the Sheriff's Department.

**REQUEST FOR PRODUCTION NO. 8:**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party.

**REQUEST FOR PRODUCTION NO. 9:**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed.

/ / /

/ / /

01071.0047/643753 1

-10-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 239

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 10:**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

/ / /

/ / /

/ / /

01071.0047/643753 1

-11-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 240

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy

01071.0047/643753 1
-12-
Case No. 5:19-cv-02298 AB(SPx)
Ex 9
Page 241
CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party. Responding Party is informed and believes that any documents responsive to this request would be in the possession of the San Bernardino County Sheriff's Department.

/ / /

/ / /

/ / /

01071.0047/643753 1

-13-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 242

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 14:**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed. Responding Party is informed and believes that any documents responsive to this request would be in the possession of the San Bernardino County Sheriff's Department.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes

01071.0047/643753 1 -14- Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 243

that responsive documents are not in the possession, custody, or control of the Responding Party.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643753 1

-15-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 9
Page 244

**<u>REQUEST FOR PRODUCTION NO. 17</u>:**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 17</u>:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 18:**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed. Responding Party is informed and believes that any documents responsive to this request would be in the possession of the San Bernardino County Sheriff's Department.

**REQUEST FOR PRODUCTION NO. 19:**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed.

/ / /

01071.0047/643753 1

-17-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 246

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**REQUEST FOR PRODUCTION NO. 20:**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 21:**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

The foregoing objects notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 22:**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing  program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Responding Party will produce copies of all responsive, non-privileged documents in its possession.

**REQUEST FOR PRODUCTION NO. 24:**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:




Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Responding Party will produce copies of all responsive, non-privileged documents in its possession.

**REQUEST FOR PRODUCTION NO. 25:**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

01071.0047/643753 1 -21- Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 250

**REQUEST FOR PRODUCTION NO. 26:**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643753 1

-22-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 251

**REQUEST FOR PRODUCTION NO. 27:**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

Responding Party will produce copies of all responsive, non-privileged documents in its possession.

**REQUEST FOR PRODUCTION NO. 29:**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

01071.0047/643753 1

-24-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 253

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social

media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 32:**

Documents relating to meetings (including, but not limited to, official Council meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Council members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

/ / /

01071.0047/643753 1

-26-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 9
Page 255

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 33:**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

/ / /

/ / /

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

01071.0047/643753 1

-27-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 256

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.) Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643753 1

-28-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 257

**REQUEST FOR PRODUCTION NO. 35:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.) Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

01071.0047/643753 1

-29-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 258

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.) Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

The foregoing objections notwithstanding, Responding Party is not presently aware of any privileged documents that are responsive to this request, and Responding Party will produce copies of all responsive documents in its possession.

**REQUEST FOR PRODUCTION NO. 37:**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the City of Hesperia related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.) Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

/ / /

/ / /

/ / /

01071.0047/643753 1

-31-

Case No. 5:19-cv-02298 AB(SPx)

Ex 9
Page 260

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 39:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against City of Hesperia alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party objects to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379.) Responding Party objects to the extent that this request may require the production of documents subject to the joint defense privilege. (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)

The foregoing objections notwithstanding, Responding Party will produce copies of all non-privileged responsive documents in its possession.

/ / /

/ / /

/ / /

/ / /

/ / /

01071.0047/643753 1

-32-

Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9
Page 261

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

**<u>REQUEST FOR PRODUCTION NO. 40</u>:**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 40</u>:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed.

**<u>REQUEST FOR PRODUCTION NO. 41</u>:**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643753 1 -33- Case No. 5:19-cv-02298 AB(SPx)

CITY OF HESPERIA'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex 9 Page 262

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections, Responding Party responds as follows:

Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of the Responding Party, were inadvertently destroyed, or never existed. Emails sent to this email address are automatically forwarded to San Bernardino County staff and are not maintained or reviewed by any employees of the City.

DATED: June 26, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY
ERIKA D GREEN

By: ______________________
BRADEN J. HOLLY
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On June 26, 2020, I served true copies of the following document(s) described as **CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Aleshire & Wynder, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Riverside, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 26, 2020, at Riverside, California.

Sandra D McLeod

WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    950 Pennsylvania Ave., NW – 4CON
    Washington, D.C. 20530
    Telephone: (202) 514-4713
    Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov



ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-cv-02298 AB(SPx)

**COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE**

The Hon. Andre Birotte, Jr.

Trial Date: N/A

PROPOUNDING PARTY: DEFENDANT, UNITED STATES OF AMERICA

RESPONDING PARTY: PLAINTIFF, COUNTY OF SAN BERNARDINO

SET NO.: ONE

Defendant, COUNTY OF SAN BERNARDINO ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Requests for Production of Documents, Set One, as follows:

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein.

01071.0047/643765 1 -2- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE
Ex 10
Page 267

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643765 1 -3- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 268

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A&W

**GENERAL OBJECTIONS**

Responding Party asserts the following general objections shall apply to the Requests in their entirety and which shall be incorporated into the responses of the Responding Party in each separate Request.

1. Responding Party objects to the Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, the joint-defense privilege, the attorney work-product doctrine, the official information privilege and the deliberative process privilege, the constitutional or statutory rights of privacy of any third party or any other legally cognizable and applicable privilege or immunities against disclosure. To the extent that Responding Party inadvertently discloses any information that may arguably be protected from discovery under the aforementioned privileges, doctrines and immunities, such inadvertent disclosure is not intended to and will not constitute a waiver of any applicable privileges, rights, or statutory protections. To the extent that any documents are withheld from production pursuant to any such privileges, rights or statutory protections, Responding Party will produce a privilege log.

2. Responding Party's responses to the Requests are limited to the issues of this case, Responding Party objects to the Requests insofar as they request information not concerning the issues in this case or communications involving counsel, on the grounds that such Requests seek privileged documents, are irrelevant and or constitute an undue burden on the Responding Party.

3. Responding Party further objects to the Requests to the extent (i) they call for confidential and proprietary information; (ii) they require a legal conclusion; (iii) they seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence; (iv) they contain terms that are vague and ambiguous; (v) they are not reasonably limited in scope or time and (vi) they may invade the right to privacy of third parties.

/ / /

01071.0047/643765 1

-4-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 269

4. All responses are made without waiver and with preservation of:

a. All questions or objections as to competency, relevancy, materiality, privilege and admissibility of the responses and production and the subject matter thereof as evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

b. The right to object to the use of any such responses and production or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

c. The right to object on any ground at any time to any demand, request, or interrogatory for further responses to these or any other discovery requests or proceedings involved or related to the subject matter of the information or documents provided or the discovery to which these responses are provided; and

d. The right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

5. Responding Party objects to the extent that the requests seek production of documentation or conversion into a file format which goes beyond what's required by the Federal Rules of Civil Procedure.

Each of these General Objections is by this reference incorporated fully in that individual response set forth below, and each individual response is made subject to and without waiver of such General Objections. Responding Party does not waive any of these General Objections in response to any specific Request propounded, and any specific objection made by Responding Party in no respect limits or modifies the General Objections stated herein. To the extent that specific objections are cited herein in response to Plaintiff's Request, those specific objections are provided out of an abundance of caution and because they are believed to be particularly applicable to such Request. Such specific objections shall not constitute a waiver of any of the Preliminary Statement and General Objections.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1 -5- Case No. 5:19-cv-02298 AB(SPx)

Ex 10
Page 270

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and seeks documentation that is not relevant to the claims in this matter or proportional to the needs of the case.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all documents within its possession that is responsive to this request. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 2:**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome because this request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's constitutional rights to

01071.0047/643765 1 -6- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE
Ex 10
Page 271

privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Specifically, the request seeks six years of rosters for which there is a daily sheet for every shift amounting to the production of thousands of documents which is beyond the scope permitted by Rule 26(b) and substantially burdensome on Responding Party.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Aside from the daily sheets for each shift, which are extremely burdensome to produce, Responding Party was unable to locate "rosters" within its possession listing employees at the Hesperia Station. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 3:**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague, ambiguous and facially overbroad as to "other documents" and to the extent that the request seeks the production of documents that are irrelevant to claims and/or defenses in this matter, nonproportional to the needs of the case, subject to attorney-client and attorney work-product privileges, and documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Specifically,

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1 -7- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 272

the request seeks six years of rosters for which there is a daily roster for every shift amounting to the production of thousands of documents and documents pertaining to the County's crime free multifamily housing program which is not at issue in this case and rendering the request beyond the scope permitted by Rule 26(b).

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Aside from the daily sheets for each shift, which are extremely burdensome to produce, Responding Party was unable to locate "rosters" within its possession listing employees at the Hesperia Station, but will produce copies of documentation that Responding Party was able to locate identifying the Hesperia Station Crime Free Team. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 4:**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1

-8-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 273

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 5:**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 6:**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague, ambiguous and overbroad as it is unclear what this request seeks with reference to "guidance documents," and fails to specify the type of call, and may require the production of documents subject to attorney-client and attorney work-product privileges. The request is overbroad to the extent that policies and procedures on how to respond to a call would include every policy, or POST training module in the County because the request fails to specify what type of 911 call for which documents are being requested rendering the request beyond the scope permitted by Rule 26(b).

This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad request.

**REQUEST FOR PRODUCTION NO. 7:**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague, ambiguous and overbroad as it is unclear what this request seeks with reference to "guidance documents," and may require the production of documents subject to attorney-client and attorney work-product privileges. This request is overbroad in that it seeks documents that are not related to the claims and/or defenses in this suit rendering the request beyond the scope permitted by Rule 26(b). This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession, but limited to inspections made pursuant to the Hesperia Crime Free program. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643765 1

-10-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 275

**REQUEST FOR PRODUCTION NO. 8:**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 9:**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague and ambiguous as to "premise history data" and may require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks documentation for an unlimited time period and potentially all residential properties in the City for which Responding Party lacks the resources to obtain and compile such a voluminous request, rendering this request

01071.0047/643765 1

-11-

Case No. 5:19-cv-02298 AB(SPx)

Ex. 10
Page 276

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 10:**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague and ambiguous as to "multiple response forms," and may require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party objects to the extent that this request is overbroad and unduly burdensome because it seeks documentation for an unlimited time period and seeks compilation of specific data which is not kept within Responding Party's usual course of business, and seeks documentation that is not rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request that is within its



possession but limited to a reasonable time period. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 11:**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks all calls received by the Sheriff's Department for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request, but cannot fully comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643765 1 -13- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 278

**REQUEST FOR PRODUCTION NO. 12:**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks all citations and summons issued by the Sheriff's Department for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. Responding Party lacks the resources to gather, obtain and provide at least 32 years of citations issued for all and any criminal violations in Hesperia.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**<u>REQUEST FOR PRODUCTION NO. 13</u>:**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks all documentation about arrests for an unlimited time period rendering this voluminous request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges. Responding Party lacks the resources to gather, obtain and provide at least 32 years of arrest reports, incident reports, charging statements issued for arrests in Hesperia. Finally, Responding Party objects to the extent that this request seeks documents related to ongoing investigations, which can impair or compromise the investigation.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

01071.0047/643765 1

-15-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 280

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 14:**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome because it seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce documents responsive to this request limited to what is kept within the normal course of business, but cannot fully comply with such an overbroad and

burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 15:**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome because it seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce documents responsive to this request limited to what is kept within the normal course of business, but cannot fully comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 16:**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. The request is also vague and ambiguous as to what is meant by CFMHP reports and CPRA history reports, as Responding Party does not know what is being requested. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply because this request is extremely overbroad, burdensome and unintelligible. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 17:**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a

01071.0047/643765 1

-18-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 283

"future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The General Objections are hereby incorporated by reference as if set forth in full herein. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is not presently aware of any privileged documents that are responsive to this request, and will produce copies of all responsive documents within its possession.

**REQUEST FOR PRODUCTION NO. 18:**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request requires the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 19:**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request requires the production of documents containing confidential and proprietary information.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 20:**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request may also require the production

01071.0047/643765 1 -20- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE
Ex 10
Page 285

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not within its possession, custody, or control. Responding Party refers Propounding Party to the City of Hesperia and/or Data Ticket who may have responsive documents pertaining to this request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 21:**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seek confidential and proprietary information which is not relevant to issues in this case.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1 -21- Case No. 5:19-cv-02298-AB(SPx)
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE
Ex. 10 Page 286

documents are not within its possession, custody, or control. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 22:**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. Responding Party also objects to the extent that this request seeks documentation and communications subject to the attorney-client and work product privileges.

Responding Party responds as follows: Responding Party will produce copies of all non-privileged responsive documents within its possession and in the format for which they have been preserved. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party responds as follows: Responding Party is not presently aware of any privileged documents that are responsive to this request, and will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement this response pursuant to Rule 26(e)

**REQUEST FOR PRODUCTION NO. 24:**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request within its

01071.0047/643765 1 -23- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 288

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

possession. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 25:**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is not presently aware of any privileged documents that are responsive to this request, and will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 26:**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding

01071.0047/643765 1 -24- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 289

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 27:**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of all responsive documents within its possession. Responding Party reserves the right to supplement this response pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 28:**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643765 1

-25-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 290

period and seeks all communications between deputies and all personnel from the Probation Department for every topic rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with this overbroad and unduly burdensome request.

**REQUEST FOR PRODUCTION NO. 29:**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that these documents are equally available to Propounding Party.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request that are within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes,

01071.0047/643765 1 -26- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 291

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not within its possession, custody, or control. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643765 1 -27- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 292

documents are not within its possession, custody, or control. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 32:**

Documents relating to meetings (including, but not limited to, official Board meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request overbroad as it seeks documents related to all meetings and seeks the production of documents subject to attorney-client and attorney work-product privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 33:**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome as it seeks documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce all documents responsive to this request limited to 2014-present. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The General Objections are hereby incorporated by reference as if set forth in full herein. This request seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request that are within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 35:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

The General Objections are hereby incorporated by reference as if set forth in full herein.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of documents responsive to this request that are within its possession. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome because this request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter and rendering the request

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1 -30- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE
Ex. 10
Page 295

beyond the scope set forth in Rule 26(b). Specifically, the County's crime free multifamily housing program is not relevant to this litigation. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

**REQUEST FOR PRODUCTION NO. 37:**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is overbroad and unduly burdensome because it seeks the production of crime reports generated by the Sheriff's Department for all of the county and each city within which are not relevant to the claims and/or defenses in this matter, and rendering this request beyond the scope set forth in Rule 26(b). This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party cannot comply with such an overbroad and burdensome request. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program and/or the County's crime free multifamily housing

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643765 1 -31- Case No. 5:19-cv-02298 AB(SPx)
Ex. 10
Page 296
COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's and/or employee's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege. Specifically, this request seeks confidential personnel records, official confidential information subject to public interest privilege and complaints which are not related to the issues in this case. The County's crime free multifamily housing program is not relevant to this litigation.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of the HUD complaints which are related to the claims and/or issues in this case. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 39:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against County alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The General Objections are hereby incorporated by reference as if set forth in full herein. This request is unduly burdensome as it seeks documentation for an unlimited time period for which Responding Party lacks the resources to obtain, rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. Responding Party further objects to the extent that this request seeks the production of documents that are overbroad and irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's and/or employee's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege. Specifically, this request seeks confidential personnel records, official confidential information subject to public interest privilege and complaints which are not related to the issues in this case.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party will produce copies of the HUD complaints which are related to the claims and/or issues in this case. Responding Party reserves the right to supplement its production pursuant to Rule 26(e).

**REQUEST FOR PRODUCTION NO. 40:**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Responding Party objects to the extent that this request is vague and

01071.0047/643765 1

-33-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10 Page 298

ambiguous as to "similar documents" because Responding Party does not understand what "similar documents" it should produce.

Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of Responding Party.

**REQUEST FOR PRODUCTION NO. 41:**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The General Objections are hereby incorporated by reference as if set forth in full herein. Subject to and without waiving the foregoing objections and pursuant to the scope set forth in Rule 26(b), Responding Party responds as follows: Responding Party is unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not in the possession, custody, or control of Responding Party.

DATED: June 26, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY
ERIKA D GREEN

By: [signature]

ERIKA D GREEN
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

01071.0047/643765 1

-34-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE

Ex. 10
Page 299

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W



# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **June 26, 2020**, I served true copies of the following document(s) described as **COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE; PRIVILEGE LOG** on the interested parties in this action as follows:

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Aleshire & Wynder, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Riverside, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 26, 2020**, at Riverside, California.

Sandra D McLeod

WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br>Defendants. | Case No. 5:19-cv-02298 AB(SPx)<br>**COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION**<br>The Hon. Andre Birotte, Jr.<br>Trial Date: N/A |

PROPOUNDING PARTY: DEFENDANT, UNITED STATES OF AMERICA

RESPONDING PARTY: PLAINTIFF, COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT

SET NO.: ONE

Defendant, COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF

01071.0047/643908.1 BJH Case No. 5:19-cv-02298 AB(SPx)
Ex. 11
Page 302
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

AMERICA ("Propounding Party" or "Plaintiff") Requests for Production of Documents, Set One, as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents and lead to additions, changes,

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643908.1 BJH -2- Case No. 5:19-cv-02298 AB(SPx)
Ex. 11
Page 303
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

and variations from the responses contained herein.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

/ / /

/ / /

01071.0047/643908.1 BJH -3- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11 Page 304

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

## GENERAL OBJECTIONS

Responding Party asserts the following general objections shall apply to the Requests in their entirety and which shall be incorporated into the responses of the Responding Party in each separate Request.

1. Responding Party objects to the Requests insofar as they seek the disclosure of information protected by the attorney-client privilege, the joint-defense privilege, the attorney work-product doctrine, the official information privilege and the deliberative process privilege, the constitutional or statutory rights of privacy of any third party or any other legally cognizable and applicable privilege or immunities against disclosure. To the extent that Responding Party inadvertently discloses any information that may arguably be protected from discovery under the aforementioned privileges, doctrines and immunities, such inadvertent disclosure is not intended to and will not constitute a waiver of any applicable privileges, rights, or statutory protections. To the extent that any documents are withheld from production pursuant to any such privileges, rights or statutory protections, Responding Party will produce a privilege log.

2. Responding Party's responses to the Requests are limited to the issues of this case, Responding Party objects to the Requests insofar as they request information not concerning the issues in this case or communications involving counsel, on the grounds that such Requests seek privileged documents, are irrelevant and or constitute an undue burden on the Responding Party.

3. Responding Party further objects to the Requests to the extent (i) they call for confidential and proprietary information; (ii) they require a legal conclusion; (iii) they seek information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence; (iv) they contain terms that are vague and ambiguous; (v) they are not reasonably limited in scope or time and (vi) they may invade the right to privacy of third parties.

4. All responses are made without waiver and with preservation of:

a. All questions or objections as to competency, relevancy, materiality, privilege and admissibility of the responses and production and the subject matter thereof as evidence for any purpose and in any further proceeding in this action (including the trial of this action) and in any other action or matter;

b. The right to object to the use of any such responses and production or the subject matter thereof, on any ground in any further proceeding in this action (including the trial of this action) and in any other action or matter;

c. The right to object on any ground at any time to any demand, request, or interrogatory for further responses to these or any other discovery requests or proceedings involved or related to the subject matter of the information or documents provided or the discovery to which these responses are provided; and

d. The right at any time to review, correct, add to, supplement or clarify any of the responses contained herein.

5. Responding Party objects to the extent that the requests seek production of documentation or conversion into a file format which goes beyond what's required by the Federal Rules of Civil Procedure.

Each of these General Objections is by this reference incorporated fully in that individual response set forth below, and each individual response is made subject to and without waiver of such General Objections. Responding Party does not waive any of these General Objections in response to any specific Request propounded, and any specific objection made by Responding Party in no respect limits or modifies the General Objections stated herein. To the extent that specific objections are cited herein in response to Plaintiff's Request, those specific objections are provided out of an abundance of caution and because they are believed to be particularly applicable to such Request. Such specific objections shall not constitute a waiver of any of the Preliminary Statement and General Objections.

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

**RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 2:**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 3:**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 5:**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**REQUEST FOR PRODUCTION NO. 6:**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 7:**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 8:**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 9:**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 10:**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 12:**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

01071.0047/643908.1 BJH

-10-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 311

**REQUEST FOR PRODUCTION NO. 13:**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

01071.0047/643908.1 BJH

-11-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 312

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 15:**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 17:**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

01071.0047/643908.1 BJH
-13-
Case No. 5:19-cv-02298 AB(SPx)
Ex. 11
Page 314
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 18:**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 19:**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 20:**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
01071.0047/643908.1 BJH -14- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION
Ex. 11
Page 315

redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 21:**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 22:**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643908.1 BJH

-15-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 316

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 24:**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San

01071.0047/643908.1 BJH -16- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 317

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 25:**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 26:**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

01071.0047/643908.1 BJH -17- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 318

**REQUEST FOR PRODUCTION NO. 27:**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 29:**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including

01071.0047/643908.1 BJH -18- Case No. 5:19-cv-02298 AB(SPx)
Ex. 11
Page 319
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for the County's Board and/or the City's Council members, audio and/or video of the County's Board and/or City's Council meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for the County's Board and/or City's

01071.0047/643908.1 BJH -19- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION
Ex. 11
Page 320

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Council members, audio and/or video of the County's Board and/or City's Council meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 32:**

Documents relating to meetings (including, but not limited to, official County Board and/or City Council meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for the County's Board and/or the City's Council members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643908.1 BJH -20- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11 Page 321

**<u>REQUEST FOR PRODUCTION NO. 33</u>:**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33</u>:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate..

**<u>REQUEST FOR PRODUCTION NO. 34</u>:**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34</u>:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643908.1 BJH -21- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 322

**REQUEST FOR PRODUCTION NO. 35:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 37:**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/643908.1 BJH -22- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11 Page 323

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the Sheriff's Department related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against Sheriff's Department alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San

01071.0047/643908.1 BJH -23- Case No. 5:19-cv-02298 AB(SPx)
Ex. 11
Page 324
COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 40:**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

**REQUEST FOR PRODUCTION NO. 41:**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Because the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/643908.1 BJH -24- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION

Ex. 11
Page 325

DATED: June 26, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
BRADEN J. HOLLY
ERIKA D GREEN

By: [signature]

ERIKA D GREEN
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **June 26, 2020**, I served true copies of the following document(s) described as **COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action as follows:

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Aleshire & Wynder, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Riverside, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 26, 2020**, at Riverside, California.

Sandra D McLeod

A&W ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov



ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
D. DENNIS LA, State Bar No. 237927
*dla@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:19-cv-02298 AB(SPx)<br><br>**CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE**<br><br>The Hon. Andre Birotte, Jr.<br><br>Trial Date: September 21, 2021 |

PROPOUNDING PARTY: DEFENDANT, UNITED STATES OF AMERICA

RESPONDING PARTY: PLAINTIFF, CITY OF HESPERIA

SET NO.: ONE

Defendant, CITY OF HESPERIA ("Responding Party" or "Defendant") hereby supplements its responses to Plaintiff UNITED STATES OF AMERICA



(“Propounding Party” or “Plaintiff”) Requests for Production of Documents, Set One, as follows:

**PRELIMINARY STATEMENT**

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party’s knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents and lead to additions, changes,

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/681062 1 -2- Case No. 5:19-cv-02298 AB(SPx)
DEFENDANT CITY OF HESPERIA’S SUPPLEMENTAL RESPONSES TO PLAINTIFF’S REQUESTS FOR PRODUCTION, SET ONE
Ex. 12
Page 330

and variations from the responses contained herein, and Responding Party reserves the right to supplement these responses accordingly.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY001303-001305.

**REQUEST FOR PRODUCTION NO. 2:**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY001304-1305 comprising rosters of all employees of Responding Party.

**REQUEST FOR PRODUCTION NO. 3:**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; and (c) "assigned to implement or enforce aspects" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY001304-1305 comprising rosters of all employees of Responding Party.

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 4:**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

01071.0047/681062 1 -5- Case No. 5:19-cv-02298 AB(SPx)
DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 12
Page 333

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].); and (f) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000313-000324, CITY001287-001288, CITY001306-001312, DEF000248-000273, DEF000284-000299, and DEF000369-000383.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 6:**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/681062 1 -7- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 12 Page 335

Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (f) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

All indices or lists of call codes used in the Sheriff's Department call history logs.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) "communications about the 'premise history' system" is vague and ambiguous; and (c) the Request lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objection, Responding Party

responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000186 and CITY001289-001302.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for

service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY001289-001302.

**REQUEST FOR PRODUCTION NO. 12:**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/681062 1 -10- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 12 Page 338

Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF000227-000247, DEF000427-000442, DEF000937-000962, DEF001123-001131, DEF001154-001172.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/681062 1 -13- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex. 12 Page 341

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000472, CITY00766-00772, CITY000838-00839, CITY001236-001240, CITY001286-001302, DEF000164-169, DEF000427-000442, DEF000937-000962, DEF001123-001131, DEF001154-001172, and DEF001587-001591.

**REQUEST FOR PRODUCTION NO. 17:**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000075-262, CITY000284-285, CITY001289-001302, DEF000737, DEF000804, and DEF001587-001591.

**REQUEST FOR PRODUCTION NO. 18:**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; and (b) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/681062 1

-16-

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 12
Page 344

**REQUEST FOR PRODUCTION NO. 20:**

All documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using "Data Ticket" either by you or on your behalf.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000074-000262, CITY000325-000341, CITY000620-000631, CITY000754-000755, CITY001145-1170, CITY001194-1208, CITY001226-001236, DEF000360-000387, DEF0001090, and DEF001109-00118.

**REQUEST FOR PRODUCTION NO. 21:**

Information about your use of "Data Ticket," including contracts or other agreements for its purchase or licensing, billing, list(s) of users, manuals and training materials, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; and (b) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000072-000074, DEF000360-000387, DEF0001090, and DEF001109-00118.

**REQUEST FOR PRODUCTION NO. 22:**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (c) the Request lacks foundation and assumes disputed facts; (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000381-001289, DEF000074-001586.

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000074-000262, CITY000325-000341, CITY000620-000631, CITY000754-000755, CITY001145-1170, CITY001194-1208, CITY001226-001236, DEF000227-000247, DEF000427-000467, DEF000937-000962, DEF001123-001131, and DEF001154-001172.

**REQUEST FOR PRODUCTION NO. 24:**

Documents relating to hearings or appeals of citations issued to property

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000395-000577, CITY000621-000762, CITY000862-001228, DEF000227-000247, DEF000427-000467, DEF000937-000962, and DEF001123-001131, DEF001154-001172.

**REQUEST FOR PRODUCTION NO. 25:**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000395-000577, CITY000621-000762, CITY000862-001228, DEF000205, DEF000227-000247, DEF000427-000467, DEF000937-000962, DEF001123-001131, DEF001154-001172.

**REQUEST FOR PRODUCTION NO. 26:**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

01071.0047/681062 1

-21-

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 12
Page 349

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000001-000044, CITY000263-000380, CITY000618, DEF00738, DEF000803-000808, DEF001385-1386, and DEF001518-1532.

**REQUEST FOR PRODUCTION NO. 27:**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF001588-001592.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000384-001288 and DEF000086-001517.

**REQUEST FOR PRODUCTION NO. 29:**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. Responding Party objects on the grounds that the Request is compound.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000384-001288 and DEF000086-001517.

**REQUEST FOR PRODUCTION NO. 30:**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000001-000043, DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

01071.0047/681062 1 -24- Case No. 5:19-cv-02298-AB(SPx)
DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 12
Page 352

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Council members, audio and/or video of your Council's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000001-000043, DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 32:**

Documents relating to meetings (including, but not limited to, official Council meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof,

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Council members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000001-000043, DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 33:**

All versions of contracts or agreements between (a) the City and (b) either the County or the Sheriff's Department regarding the provision of policing services to or in the City.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; and (b) "regarding the provision of policing services to or in the City" is vague and ambiguous.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000045-CITY000072.

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY000001-000043 and DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 35:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (e) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 36:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing

program, including the statistical information and other data used to generate such reports or assessments.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request lacks foundation and assumes disputed facts; (d) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); and (g) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 37:**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the City of Hesperia related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request lacks foundation and assumes disputed facts; (d) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); (g) insofar as the Request requires the production of documents subject to the deliberative process privilege, such records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379); and (h) insofar as the Request requires the production of documents subject to the joint defense privilege, such records are privileged (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped

01071.0047/681062 1 -30- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex. 12 Page 358

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

CITY000001-000043, CITYCITY000349-000353, CITY000471-000482, CITY000705-000719, CITY000805-000840, CITY001270-001288, DEF000392-413, DEF000599-000612, DEF000693-000721, DEF001211-001240, and DEF001549-0001591.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against City of Hesperia alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request lacks foundation and assumes disputed facts; (d) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution]); (g) insofar as the Request requires the production of documents subject to the deliberative process privilege, such records are privileged (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F.Supp.3d 368, 379); and (h) insofar as the Request requires the production of documents subject to the joint defense privilege, such records are privileged (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant previously produced all non-privileged responsive

01071.0047/681062 1 -31- Case No. 5:19-cv-02298-AB(SPx)
DEFENDANT CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex 12
Page 359

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

documents in its possession, custody, or control including documents bates stamped CITY000001-000043, CITYCITY000349-000353, CITY000471-000482, CITY000705-000719, CITY000805-000840, CITY001270-001288, DEF000392-413, DEF000599-000612, DEF000693-000721, DEF001211-001240, and DEF001549-0001591.

**REQUEST FOR PRODUCTION NO. 40:**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Responding Party is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 41:**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Responding Party is unable to comply with this Request after a diligent search as no responsive document is in its possession, custody, or control.

DATED: November 13, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
D. DENNIS LA
BRADEN J. HOLLY
ERIKA D GREEN

By: ______________________
BRADEN J. HOLLY
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On November 13, 2020, I served true copies of the following document(s) described as **CITY OF HESPERIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement
Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
    U.S. Department of Justice
    Civil Rights Division
    Housing and Civil Enforcement Section
    950 Pennsylvania Ave., NW – 4CON
    Washington, D.C. 20530
    Telephone: (202) 514-4713
    Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
Central District of California
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Assistant United States Attorney
Civil Rights Section
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-8805
    Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email:  katherine.hikida@usdoj.gov

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address bholly@awattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.



I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 13, 2020, at Riverside, California.

Braden J. Holly

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
D. DENNIS LA, State Bar No. 237927
*dla@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br>Defendants. | Case No. 5:19-cv-02298 AB(SPx)<br>**DEFENDANT COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE**<br>The Hon. Andre Birotte, Jr. |

PROPOUNDING PARTY: DEFENDANT, UNITED STATES OF AMERICA

RESPONDING PARTY: PLAINTIFF, COUNTY OF SAN BERNARDINO

SET NO.: ONE (SUPPLEMENTAL)

Defendant, COUNTY OF SAN BERNARDINO ("Responding Party" or "Defendant") hereby supplements its responses to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Requests for Production of Documents, Set One, as follows:

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

## PRELIMINARY STATEMENT

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

/ / /

/ / /

A&W ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/679702.3 EDG -3- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 13 Page 366

**SUPPLEMENTAL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Your organizational chart(s), including position titles and the names of individuals who occupied them at any time, from January 1, 2014 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request is overbroad and disproportionate violating Federal Rule of Civil Procedure ("FRCP") 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY002424-COUNTY002432.

**REQUEST FOR PRODUCTION NO. 2:**

Rosters for all employees at the Hesperia station of the Sheriff's Department, including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1); and (c) "Rosters" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant is unable to comply with this Request after a diligent search as no responsive document, *i.e.,* "Rosters" is in its possession, custody, or control.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 3:**

Rosters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) "Rosters" is vague and ambiguous; and (d) "assigned to implement or enforce aspects" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY002261-COUNTY002262.

**REQUEST FOR PRODUCTION NO. 4:**

All versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped



COUNTY001939 - COUNTY002390, COUNTY009136 - COUNTY009148, COUNTY013384 - COUNTY013385, and COUNTY013387.

**REQUEST FOR PRODUCTION NO. 5:**

All training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets, presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (f) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY001939 - COUNTY002390, COUNTY009136 - COUNTY009169, COUNTY013384 - COUNTY013385, COUNTY013387, DEF000248 - 000273, DEF000284 - 000299, and DEF000369 - 000383.

/ / /

/ / /

/ / /

/ / /



**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

All manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6</u>:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY002406, COUNTY009169, and supplemental production COUNTY013300 - COUNTY013301.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

All manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia.

**<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (e) insofar as the discovery violates third parties' constitutional rights to



privacy afforded by the United States and California Constitutions, the records are privileged; and (f) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY002419 - COUNTY002421, and supplemental production COUNTY013300 - COUNTY013301.

**REQUEST FOR PRODUCTION NO. 8:**

"Premise history" data for all residential rental properties in Hesperia and communications about the "premise history" system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) "communications about the 'premise history' system" is vague and ambiguous; (c) the Request lacks foundation and assumes disputed facts; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY009170-COUNTY13299.

**REQUEST FOR PRODUCTION NO. 9:**

Sheriff's "multiple response forms" for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a)

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/679702.3 EDG
-8-
Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 13
Page 371

residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped CITY001289-CITY01302.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed

01071.0047/679702.3 EDG -9- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 13
Page 372

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY009170-COUNTY13299, and supplemental production COUNTY013302-COUNTY013383.

**REQUEST FOR PRODUCTION NO. 11:**

Citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant hereby supplements its production and produces all non-privileged responsive documents in its possession, custody, or control bates stamped COUNTY013302-COUNTY013383 and COUNTY013388-COUNTY013389. Defendant also produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, which are bates stamped COUNTY013390-COUNTY013394.

**REQUEST FOR PRODUCTION NO. 12:**

Documents and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant hereby supplements its production and produces all

01071.0047/679702.3 EDG -11- Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 13
Page 374

non-privileged responsive documents in its possession, custody, or control bates stamped COUNTY013302-COUNTY013383.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant hereby supplements its production and produces all non-privileged responsive documents in its possession, custody, or control bates stamped COUNTY013302-COUNTY013383.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data.




**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection.  Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY001022, COUNTY006563 - COUNTY006569, and COUNTY006579 - COUNTY006594.

**REQUEST FOR PRODUCTION NO. 15:**

Documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly "crime analysis" reports and other monthly call logs, "CFMHP reports," "CPRA history reports," and call for service reports.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objection.  Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (d) the Request lacks foundation and assumes disputed facts; (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (f)



insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY009170 - COUNTY13385, COUNTY006564 - COUNTY006596, DEF000164-169, DEF000427-000442, DEF000937-000962, DEF001123-001131, DEF001154-001172, and DEF001587-001591.

**REQUEST FOR PRODUCTION NO. 16:**

Documents and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY006564-COUNTY006596, COUNTY013388-COUNTY013389, DEF000737, DEF000804, and DEF001587-001591.

**REQUEST FOR PRODUCTION NO. 17:**

Data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (d) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY006564-COUNTY006596, COUNTY013386, and COUNTY013388-COUNTY013389. Defendant also duplicated the Easy Tracking database produced herewith as COUNTY013395.

**REQUEST FOR PRODUCTION NO. 18:**

Information about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection.  Responding Party objects on the grounds that: (a) the Request is compound; and (b) the Request seeks discovery that comprises confidential information and/or proprietary information.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY006597, COUNTY001048, COUNTY013386, and DEF000074-001586. Defendant also duplicated the Easy Tracking database produced herewith as COUNTY013395.

**REQUEST FOR PRODUCTION NO. 19:**

Communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing  program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection.  Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (c) the Request lacks foundation and assumes disputed facts; (d) insofar as

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

A&W

the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (e) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY001238-COUNTY001560 and COUNTY006598-COUNTY009135. Defendant also produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, produced herewith as COUNTY013390-COUNTY013394. Defendant also ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions.

**REQUEST FOR PRODUCTION NO. 20:**

Documents relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY006564-COUNTY006596, COUNTY001561-COUNTY001938, COUNTY013388-COUNTY013389, DEF000227-000247, DEF000427-000467, DEF000937-000962, DEF001123-001131, and DEF001154-001172. Defendant also produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, produced herewith as COUNTY013390-COUNTY013394. Defendant also ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions.

**REQUEST FOR PRODUCTION NO. 21:**

Documents relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive

01071.0047/679702.3 EDG

-18-

Case No. 5:19-cv-02298 AB(SPx)

Ex. 13

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Page 381

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

documents in its possession, custody, or control including documents bates stamped COUNTY001545, COUNTY001561-COUNTY00193, COUNTY013388-COUNTY013389, DEF000227-000247, DEF000427-000467, DEF000937-000962, and DEF001123-001131, DEF001154-001172.

**REQUEST FOR PRODUCTION NO. 22:**

Documents showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including document bates stamped COUNTY001939.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/679702.3 EDG

-19-

Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex. 13 Page 382

**REQUEST FOR PRODUCTION NO. 23:**

Documents relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY001940-COUNTY001951, COUNTY006581, COUNTY009136, DEF00738, DEF000803-000808, DEF001385-1386, and DEF001518-1532. Defendant also produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, produced herewith as COUNTY013390-COUNTY013394. Defendant also ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 24:**

Data and documents relating to evictions, "voluntary move outs," or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY001952-COUNTY002260, COUNTY006564-COUNTY006596, and DEF001588-001592. Defendant also produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, produced herewith as COUNTY013390-COUNTY013394. Defendant also ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions. Defendant further duplicated the Easy Tracking database produced herewith as COUNTY013395.

**REQUEST FOR PRODUCTION NO. 25:**

All communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant hereby produces several folders contained in physical file cabinets at the Hesperia Police Station, per the parties' meet and confer, produced herewith as COUNTY013390-COUNTY013394. Defendant also ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions.

**REQUEST FOR PRODUCTION NO. 26:**

Your press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

officials, officers, and employees' accounts regarding the crime free rental housing program.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection. Responding Party objects on the grounds that the Request is compound.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF000086-001517.

**REQUEST FOR PRODUCTION NO. 27:**

Documents relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/679702.3 EDG -23- Case No. 5:19-cv-02298-AB(SPx)

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex. 13 Page 386

DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 28:**

Documents relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 29:**

Documents relating to meetings (including, but not limited to, official Board meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or

submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (c) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY002263-COUNTY002265, DEF000639-000647, DEF000677-000684, DEF000711-DEF000713, DEF000778-000785, DEF000857-000881, DEF001449-001460, and DEF001542-001591.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/679702.3 EDG -25- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 13 Page 388

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**REQUEST FOR PRODUCTION NO. 30:**

All documents, including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; and (d) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Objection. Responding Party objects on the grounds that: (a) the Request is compound; (b) the Request lacks foundation and assumes disputed facts; (c) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (d) insofar as the discovery

01071.0047/679702.3 EDG
-26-
Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 13
Page 389

violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; and (e) insofar as the Request requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF001542-001591.

**REQUEST FOR PRODUCTION NO. 32:**

Documents relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; and (b) the Request is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant hereby supplements its production and produces all non-privileged responsive documents in its possession, custody, or control bates stamped COUNTY013302-COUNTY013383.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit.

01071.0047/679702.3 EDG -27- Case No. 5:19-cv-02298 AB(SPx)

COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE

Ex 13 Page 390

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request lacks foundation and assumes disputed facts; (d) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; (g) insofar as the Request requires the production of documents subject to the deliberative process privilege, such records are privileged; and (h) insofar as the Request requires the production of documents subject to the joint defense privilege, such records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF000392-413, DEF000599-000612, DEF000693-000721, DEF001211-001240, and DEF001549-0001591.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against County alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Objection. Responding Party objects on the grounds that: (a) the Request seeks documents that are not reasonably calculated to lead to admissible evidence; (b) the Request is compound; (c) the Request lacks foundation and assumes disputed

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/679702.3 EDG
-28-
Case No. 5:19-cv-02298 AB(SPx)
COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION, SET ONE
Ex. 13
Page 391

facts; (d) the Request is overbroad and disproportionate violating FRCP 26(b)(1); (e) insofar as the Request seeks documents protected by the attorney-client privilege and/or the work-product privilege, the records are privileged; (f) insofar as the discovery violates third parties' constitutional rights to privacy afforded by the United States and California Constitutions, the records are privileged; (g) insofar as the Request requires the production of documents subject to the deliberative process privilege, such records are privileged; and (h) insofar as the Request requires the production of documents subject to the joint defense privilege, such records are privileged.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped DEF000392-413, DEF000599-000612, DEF000693-000721, DEF001211-001240, and DEF001549-0001591.

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

**REQUEST FOR PRODUCTION NO. 35:**

All maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection. Responding Party objects on the grounds that: (a) the Request lacks foundation and assumes disputed facts; and (b) "similar documents" is vague and ambiguous.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant has produced all non-privileged responsive documents in its possession, custody, or control including documents bates stamped COUNTY006579.

**REQUEST FOR PRODUCTION NO. 36:**

All emails sent to and from the email address CrimeFreeRental@cityofhesperia.us, as well as any saved drafts and contact list(s).

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Objection. Responding Party objects on the grounds that the Request lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objection, Responding Party responds as follows: Defendant ran search terms on email accounts of individuals identified in response to the Interrogatories who performed Crime Free Ordinance duties, per the parties' meet and confer. The search resulted in approximately 30,000 files which will be produced no later than December 18, 2020, after they are reviewed for privileges and other necessary redactions.

DATED: December 11, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
D. DENNIS LA
BRADEN J. HOLLY
ERIKA D GREEN

By: /s/ D. Dennis La
D. DENNIS LA
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **December 11, 2020**, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S SUPPLEMENTAL RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION, SET ONE** on the interested parties in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dla@awattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **December 11, 2020**, at Riverside, California.

/s/ D. Dennis La
D. Dennis La

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW



ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

Attorneys for Plaintiff United States of America

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF HESPERIA**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA
**RESPONDING PARTY:** CITY OF HESPERIA
**SET NUMBER:** ONE

**TO DEFENDANT CITY OF HESPERIA AND ITS ATTORNEY OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("Plaintiff") requests that Defendant City of Hesperia ("Defendant") answer the following interrogatories within 30 days after the service of this document. Plaintiff requests that Defendant serve its response, in writing and under oath, in the manner and form as provided in and within the time specified by Rule 33.

**INSTRUCTIONS**

1. The United States requests that Defendant serve the responses required by Rule 33 by sending them via email to the undersigned counsel for the United States in accordance with the parties' agreement to serve pleadings in this case by email.

2. The United States requests that Defendant respond in the form and manner required by Local Rule 33-2 of the Local Rules of the United States District Court for the Central District of California, and further requests that Defendant handle all responses including private or confidential information in accordance with the Stipulated Protective Order entered as an order of the Court on June 3, 2020. *See* ECF No. 23.

3. Defendant must answer these interrogatories not only by supplying information that is within Defendant's actual knowledge, but also by supplying information held by Defendant's attorneys and others assisting in the litigation, as well as information "available to" Defendant through reasonable efforts taken to obtain the information. *See* Fed. R. Civ. P. 26(b).

4. Your answers to these interrogatories must be verified, dated, and signed by the Defendant.

5. Please note that "[a] single question asking for several bits of information relating to the same topic counts as one interrogatory." William W. Schwarzer et al.,

California Practice Guide: Civil Procedure Before Trial ¶ 11:1689 (9th ed. & Supp. 2014); *see also, e.g.*, *Dang v. Cross*, No. 00-13001, 2002 WL 432197, at *3 (C.D. Cal. Mar. 18, 2002) ("Interrogatories which include subparts are treated as one interrogatory if the 'subparts . . . are logically or factually subsumed within and necessarily related to the primary question.'" (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998))).

6.     If you maintain that any document or record requested or related to the subject matter of an interrogatory has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

7.     If you object to any aspect of an interrogatory, describe specifically your objection and its basis in your response. If any information is withheld under a claim of privilege, state the privilege you claim applies and provide sufficient information to allow a reasonable assessment of the assertion of privilege.

8.     If any of these interrogatories cannot be answered in full, please answer to the fullest extent possible.

9.     References to the singular include the plural and vice versa.

10.    These interrogatories are to be regarded as continuing and you are requested to provide by way of supplementary responsive answers such additional information as may hereafter be obtained by you or any person on your behalf, stating the basis upon which you know that the prior responses or answers were incomplete, incorrectly made or whether correctly made but no longer true. *See* Fed. R. Civ. P. 26(e).

11.    No agreement, understanding, or stipulation by the Department of Justice or any of its representatives purporting to modify, limit, or otherwise vary these interrogatories shall be valid or binding on the Department of Justice unless confirmed or acknowledged in writing (or made of record in open court) by a duly authorized representative thereof.

## DEFINITIONS

1. Unless otherwise specified, the Interrogatories below seek all responsive information from January 1, 2014, to the present.

2. **Communications**. The term "communications" means and refers to the transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

3. **Document**. The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms. "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs. "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or otherwise.

4. **Employee**. "Employee" or "employees" refers to all individuals employed by the City of Hesperia, San Bernardino County Sheriff's Department, and San Bernardino County, including, but not limited to, temporary workers.

5. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases, hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social

media content and activity, and audio/video surveillance or recording systems.

6. **Identify or Identity**. As used herein, "identify" and "identity" mean:

a. When used in reference to a person, the person's full name, last known business and residence address, last known phone numbers (work, home, and mobile), email address, employer, job title, dates of agency or employment (if applicable), a brief description of the services rendered (if applicable), and the reason for termination of agency or employment (if applicable);

b. When used in reference to a business entity, the entity's name, business address and telephone number, the structure of the business (corporation, partnership, sole proprietorship, etc.), and a brief description of the nature of the business;

c. When used in reference to a document, the type of document (e.g., letter, memorandum, facsimile, chart, etc.), the date of creation, author, identity of all recipient(s), content of each such document, its present location or custodian, and, if produced in connection with this case, its identifier or Bates number. If any such document was, but is no longer, in the Defendant's possession or subject to his control, state additionally the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof;

d. When used in connection with a data system, "identify" or "identity" means that you should set forth the name, manufacturer or developer, and administrator(s) of the data system at all times relevant to this case.

7. **Person or individual**. As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

8. **Referring to or Relating to**. "Referring to" or "relating to" mean in whole or in part, pertaining to, supporting, respecting, regarding, describing, defining, referring to, evidencing, containing, embodying, stating, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or in any way logically or factually

connected to the subject matter specified in the request.

9. **You or Defendant**. The terms "you" or "Defendant" mean and refer to Defendant City of Hesperia, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

10. **City of Hesperia**. The terms "City" and "Hesperia" mean and refer to named Defendant City of Hesperia (California).

11. **County or San Bernardino County**. The terms "County" and "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

12. **2015 Ordinance, 2017 Ordinance, and Ordinances**. The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12. The term "2017 Ordinance" means and refers to Hesperia Ordinance No. 2017-13. The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

13. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

14. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

15. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

16. **And, or, and and/or**. The use of "and," "or," or "and/or" in these Interrogatories shall be construed to make the Interrogatory as inclusive as possible or otherwise call for the broadest response.

17. References to the singular include the plural, and vice versa.

/ /

/ /

## INTERROGATORIES

**INTERROGATORY NO. 1**

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

**INTERROGATORY NO. 2**

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

**INTERROGATORY NO. 3**

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**INTERROGATORY NO. 4**

Please state all facts relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making that decision, all persons involved in identifying and compiling the data or information or performing the analyses relating to that decision, and all persons responsible for making that decision.

**INTERROGATORY NO. 5**

Please state all facts relating to each change you made to the crime free rental housing program through the adoption and implementation of the 2017 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making those changes, all persons involved in identifying and compiling the data or information or performing the analyses relating to those changes, and all persons responsible for making those changes.

**INTERROGATORY NO. 6**

Please describe any verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents, that you provided to the County and/or the Sheriff's Department, or that the County and/or the Sheriff's Department provided to you, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**INTERROGATORY NO. 7**

Please describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which person(s)  made the determinations, the period in which those person(s) made the determinations, describing what factors were used to make such determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s).

**INTERROGATORY NO. 8**

Please identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity.

**INTERROGATORY NO. 9**

For each individual or entity listed in your response to Interrogatory No. 8, please identify any and all other property owners, property managers, property management

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance.

Respectfully,

October 14, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER B. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES TO DEFENDANT COUNTY OF SAN BERNARDINO**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA
**RESPONDING PARTY:** COUNTY OF SAN BERNARDINO
**SET NUMBER:** ONE

**TO DEFENDANT COUNTY OF SAN BERNARDINO AND ITS ATTORNEY OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("Plaintiff") requests that Defendant County of San Bernardino ("Defendant") answer the following interrogatories within 30 days after the service of this document. Plaintiff requests that Defendant serve its response, in writing and under oath, in the manner and form as provided in and within the time specified by Rule 33.

## INSTRUCTIONS

1. The United States requests that Defendant serve the responses required by Rule 33 by sending them via email to the undersigned counsel for the United States in accordance with the parties' agreement to serve pleadings in this case by email.

2. The United States requests that Defendant respond in the form and manner required by Local Rule 33-2 of the Local Rules of the United States District Court for the Central District of California, and further requests that Defendant handle all responses including private or confidential information in accordance with the Stipulated Protective Order entered as an order of the Court on June 3, 2020. *See* ECF No. 23.

3. Defendant must answer these interrogatories not only by supplying information that is within Defendant's actual knowledge, but also by supplying information held by Defendant's attorneys and others assisting in the litigation, as well as information "available to" Defendant through reasonable efforts taken to obtain the information. *See* Fed. R. Civ. P. 26(b).

4. Your answers to these interrogatories must be verified, dated, and signed by the Defendant.

5. Please note that "[a] single question asking for several bits of information

relating to the same topic counts as one interrogatory." William W. Schwarzer et al., California Practice Guide: Civil Procedure Before Trial ¶ 11:1689 (9th ed. & Supp. 2014); *see also, e.g.*, *Dang v. Cross*, No. 00-13001, 2002 WL 432197, at *3 (C.D. Cal. Mar. 18, 2002) ("Interrogatories which include subparts are treated as one interrogatory if the 'subparts . . . are logically or factually subsumed within and necessarily related to the primary question.'" (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998))).

6. If you maintain that any document or record requested or related to the subject matter of an interrogatory has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

7. If you object to any aspect of an interrogatory, describe specifically your objection and its basis in your response. If any information is withheld under a claim of privilege, state the privilege you claim applies and provide sufficient information to allow a reasonable assessment of the assertion of privilege.

8. If any of these interrogatories cannot be answered in full, please answer to the fullest extent possible.

9. References to the singular include the plural and vice versa.

10. These interrogatories are to be regarded as continuing and you are requested to provide by way of supplementary responsive answers such additional information as may hereafter be obtained by you or any person on your behalf, stating the basis upon which you know that the prior responses or answers were incomplete, incorrectly made or whether correctly made but no longer true. *See* Fed. R. Civ. P. 26(e).

11. No agreement, understanding, or stipulation by the Department of Justice or any of its representatives purporting to modify, limit, or otherwise vary these interrogatories shall be valid or binding on the Department of Justice unless confirmed or acknowledged in writing (or made of record in open court) by a duly authorized representative thereof.

## DEFINITIONS

1. Unless otherwise specified, the Interrogatories below seek all responsive information from January 1, 2014, to the present.

2. **Communications**. The term "communications" means and refers to the transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

3. **Document**. The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms. "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs. "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or otherwise.

4. **Employee**. "Employee" or "employees" refers to all individuals employed by the City of Hesperia, San Bernardino County Sheriff's Department, and San Bernardino County, including, but not limited to, temporary workers.

5. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases, hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social

media content and activity, and audio/video surveillance or recording systems.

6. **Identify or Identity**. As used herein, "identify" and "identity" mean:

a. When used in reference to a person, the person's full name, last known business and residence address, last known phone numbers (work, home, and mobile), email address, employer, job title, dates of agency or employment (if applicable), a brief description of the services rendered (if applicable), and the reason for termination of agency or employment (if applicable);

b. When used in reference to a business entity, the entity's name, business address and telephone number, the structure of the business (corporation, partnership, sole proprietorship, etc.), and a brief description of the nature of the business;

c. When used in reference to a document, the type of document (e.g., letter, memorandum, facsimile, chart, etc.), the date of creation, author, identity of all recipient(s), content of each such document, its present location or custodian, and, if produced in connection with this case, its identifier or Bates number. If any such document was, but is no longer, in the Defendant's possession or subject to his control, state additionally the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof;

d. When used in connection with a data system, "identify" or "identity" means that you should set forth the name, manufacturer or developer, and administrator(s) of the data system at all times relevant to this case.

7. **Person or individual**. As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

8. **Referring to or Relating to**. "Referring to" or "relating to" mean in whole or in part, pertaining to, supporting, respecting, regarding, describing, defining, referring to, evidencing, containing, embodying, stating, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or in any way logically or factually

connected to the subject matter specified in the request.

9. **You or Defendant**. The terms "you" or "Defendant" mean and refer to Defendant County of San Bernardino, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

10. **City of Hesperia**. The terms "City" and "Hesperia" mean and refer to named Defendant City of Hesperia (California).

11. **County or San Bernardino County**. The terms "County" and "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

12. **2015 Ordinance, 2017 Ordinance, and Ordinances**. The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12. The term "2017 Ordinance" means and refers to Hesperia Ordinance No. 2017-13. The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

13. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

14. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

15. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

16. **And, or, and and/or**. The use of "and," "or," or "and/or" in these Interrogatories shall be construed to make the Interrogatory as inclusive as possible or otherwise call for the broadest response.

17. References to the singular include the plural, and vice versa.

/ /

/ /

**INTERROGATORIES**

**INTERROGATORY NO. 1**

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

**INTERROGATORY NO. 2**

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

**INTERROGATORY NO. 3**

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**INTERROGATORY NO. 4**

Please describe any verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents that the City and/or the Sheriff's Department provided to you, or that you provided to the City and/or the Sheriff's Department, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

Respectfully,

October 14, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER B. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-CV-2298 AB (SPx)

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES TO DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

Honorable André Birotte Jr.
United States District Judge

**PROPOUNDING PARTY:** UNITED STATES OF AMERICA

**RESPONDING PARTY:** SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**SET NUMBER:** ONE

**TO DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT AND ITS ATTORNEY OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("Plaintiff") requests that Defendant San Bernardino County Sheriff's Department ("Defendant") answer the following interrogatories within 30 days after the service of this document. Plaintiff requests that Defendant serve its response, in writing and under oath, in the manner and form as provided in and within the time specified by Rule 33.

**INSTRUCTIONS**

1. The United States requests that Defendant serve the responses required by Rule 33 by sending them via email to the undersigned counsel for the United States in accordance with the parties' agreement to serve pleadings in this case by email.

2. The United States requests that Defendant respond in the form and manner required by Local Rule 33-2 of the Local Rules of the United States District Court for the Central District of California, and further requests that Defendant handle all responses including private or confidential information in accordance with the Stipulated Protective Order entered as an order of the Court on June 3, 2020. *See* ECF No. 23.

3. Defendant must answer these interrogatories not only by supplying information that is within Defendant's actual knowledge, but also by supplying information held by Defendant's attorneys and others assisting in the litigation, as well as information "available to" Defendant through reasonable efforts taken to obtain the information. *See* Fed. R. Civ. P. 26(b).

4. Your answers to these interrogatories must be verified, dated, and signed by

the Defendant.

5.    Please note that "[a] single question asking for several bits of information relating to the same topic counts as one interrogatory." William W. Schwarzer et al., California Practice Guide: Civil Procedure Before Trial ¶ 11:1689 (9th ed. & Supp. 2014); *see also, e.g.*, *Dang v. Cross*, No. 00-13001, 2002 WL 432197, at *3 (C.D. Cal. Mar. 18, 2002) ("Interrogatories which include subparts are treated as one interrogatory if the 'subparts . . . are logically or factually subsumed within and necessarily related to the primary question.'" (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 444 (C.D. Cal. 1998))).

6.    If you maintain that any document or record requested or related to the subject matter of an interrogatory has been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

7.    If you object to any aspect of an interrogatory, describe specifically your objection and its basis in your response. If any information is withheld under a claim of privilege, state the privilege you claim applies and provide sufficient information to allow a reasonable assessment of the assertion of privilege.

8.    If any of these interrogatories cannot be answered in full, please answer to the fullest extent possible.

9.    References to the singular include the plural and vice versa.

10.    These interrogatories are to be regarded as continuing and you are requested to provide by way of supplementary responsive answers such additional information as may hereafter be obtained by you or any person on your behalf, stating the basis upon which you know that the prior responses or answers were incomplete, incorrectly made or whether correctly made but no longer true. *See* Fed. R. Civ. P. 26(e).

11.    No agreement, understanding, or stipulation by the Department of Justice or any of its representatives purporting to modify, limit, or otherwise vary these interrogatories shall be valid or binding on the Department of Justice unless confirmed or

acknowledged in writing (or made of record in open court) by a duly authorized representative thereof.

**DEFINITIONS**

1. Unless otherwise specified, the Interrogatories below seek all responsive information from January 1, 2014, to the present.

2. **Communications**. The term "communications" means and refers to the transmission of information from one individual or entity to another, whether formal or informal, written or oral, including correspondence such as letters and email (regardless of form or media, or whether it was sent or received using official or non-official accounts or services) as well as audio and/or video recordings of, transcripts of, or notes about those communications.

3. **Document**. The terms "document" or "documents" have the meaning of those terms under Fed. R. Civ. P. 34 and case law defining those terms. "Document" and "documents" refer to and include ESI, communications, writings, recordings, photographs, originals and duplicates (as defined in Fed. R. Evid. 1001) and shall include without limitation written statements, notes, memoranda, studies, reports, analyses, diaries, chronologies, messages, contracts, invoices, bills, publications, books, magazines, newspapers, booklets, logs, calendars, bulletins, notices, instructions, minutes, complaints, questionnaires, surveys, maps, charts, and graphs. "Document" and "documents" include their attachments or exhibits, as well as drafts and all non-identical copies, whether different by reason of notations made on such copies or otherwise.

4. **Employee**. "Employee" or "employees" refers to all individuals employed by the City of Hesperia, San Bernardino County Sheriff's Department, and San Bernardino County, including, but not limited to, temporary workers.

5. **ESI**. The term "ESI" refers to electronically stored information. As used herein, it has the full meaning of that term under Fed. R. Civ. P. 26 and 34 and applicable case law, and it includes data or information retrievable from any source on or through which electronic data is created or retained. For example, ESI includes email, databases,

hard drives, flash/removable drives, servers, networks, CDs, DVDs, disks, software, computers, tablets, cellphones and other mobile devices, text messaging services, social media content and activity, and audio/video surveillance or recording systems.

6. **Identify or Identity**. As used herein, "identify" and "identity" mean:

a. When used in reference to a person, the person's full name, last known business and residence address, last known phone numbers (work, home, and mobile), email address, employer, job title, dates of agency or employment (if applicable), a brief description of the services rendered (if applicable), and the reason for termination of agency or employment (if applicable);

b. When used in reference to a business entity, the entity's name, business address and telephone number, the structure of the business (corporation, partnership, sole proprietorship, etc.), and a brief description of the nature of the business;

c. When used in reference to a document, the type of document (e.g., letter, memorandum, facsimile, chart, etc.), the date of creation, author, identity of all recipient(s), content of each such document, its present location or custodian, and, if produced in connection with this case, its identifier or Bates number. If any such document was, but is no longer, in the Defendant's possession or subject to his control, state additionally the approximate date it was lost, discarded, or destroyed, and the identity of each person having knowledge of the contents thereof;

d. When used in connection with a data system, "identify" or "identity" means that you should set forth the name, manufacturer or developer, and administrator(s) of the data system at all times relevant to this case.

7. **Person or individual**. As used herein, "person" and "individual" mean and include, in the plural as well as the singular and the masculine as well as the feminine, any natural person, firm, association, partnership, corporation, governmental agency, or other entity, and all agents or representatives of that person(s).

8. **Referring to or Relating to**. "Referring to" or "relating to" mean in whole or in part, pertaining to, supporting, respecting, regarding, describing, defining, referring

to, evidencing, containing, embodying, stating, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or in any way logically or factually connected to the subject matter specified in the request.

9. **You or Defendant**. The terms "you" or "Defendant" mean and refer to Defendant San Bernardino County Sheriff's Department, including any present or former attorneys, agents, representatives, or persons acting or purporting to act on behalf of the responding party.

10. **City of Hesperia**. The terms "City" and "Hesperia" mean and refer to named Defendant City of Hesperia (California).

11. **County or San Bernardino County**. The terms "County" and "San Bernardino County" mean and refer to named Defendant San Bernardino County (California).

12. **2015 Ordinance, 2017 Ordinance, and Ordinances**. The term "2015 Ordinance" means and refers to Hesperia Ordinance No. 2015-12. The term "2017 Ordinance" means and refers to Hesperia Ordinance No. 2017-13. The term "Ordinances" means and refers to both the 2015 Ordinance and the 2017 Ordinance.

13. **Crime free rental housing program**. The term "crime free rental housing program" means and refers to the Defendants' implementation and enforcement of the Ordinances in Hesperia.

14. **Sheriff's Department or Sheriff**. The terms "Sheriff's Department" or "Sheriff" mean and refer to the San Bernardino County Sheriff's Department, its officials, officers, employees, contractors, and other agents or representatives.

15. **County's crime free multifamily housing program**. The term "County's crime free multifamily housing program" refers to the Sheriff's Crime Free Multifamily Housing Program (a.k.a. Crime Free Multi-Housing Program).

16. **And, or, and and/or**. The use of "and," "or," or "and/or" in these Interrogatories shall be construed to make the Interrogatory as inclusive as possible or otherwise call for the broadest response.

17. References to the singular include the plural, and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

### INTERROGATORY NO. 2

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

### INTERROGATORY NO. 3

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**INTERROGATORY NO. 4**

Please state all facts relating to your suggestion or recommendation that the City of Hesperia develop the crime free rental housing program and enact the 2015 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making that decision, all persons involved in identifying and compiling the data or information or performing the analyses relating to that decision, and all persons responsible for making that decision.

**INTERROGATORY NO. 5**

Please describe any verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents that the City and/or the County provided to you, or that you provided to the City and/or the County, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**INTERROGATORY NO. 6**

Please describe specifically all ways that persons enforcing the crime free rental housing program learn or have learned about arrests, calls for service, and other police involvement related to properties in Hesperia, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed.

**INTERROGATORY NO. 7**

Please describe specifically all ways that you determine or have determined whether arrests, calls for service, and other police involvement implicate or have implicated the crime free rental housing program, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed.

**INTERROGATORY NO. 8**

Please describe all verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, or other documents listing or describing circumstances under which an arrest, call for service, or other police activity implicate or

have implicated the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**INTERROGATORY NO. 9**

Please describe specifically all ways that persons enforcing the crime free rental housing program determine or have determined whether a tenant had "previously violated rules of the Crime Free Rental Housing Program" when completing a tenant screening under the crime free rental housing program, including but not limited to identifying all sources consulted, to include all data systems used or accessed; all facts and/or factors that would result in determining a tenant had "previously violated rules of the Crime Free Rental Housing Program"; and all arrests, charges, convictions, or crimes that would not result in determining a tenant "previously violated rules of the Crime Free Rental Housing Program."

**INTERROGATORY NO. 10**

Please describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which persons(s) made the determinations, the period in which those person(s) made the determinations, describing what factors were used to make such determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s).

**INTERROGATORY NO. 11**

Please identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity.

**INTERROGATORY NO. 12**

For each individual or entity listed in your response to Interrogatory No. 11, please identify any and all other property owners, property managers, property management

companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance.

Respectfully,

October 14, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER B. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination
and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance
Section

*Attorneys for the United States of America*

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
D. DENNIS LA, State Bar No. 237927
*dla@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendants. | Case No. 5:19-cv-02298 AB(SPx)<br><br>**DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**<br><br>The Hon. Andre Birotte, Jr.<br><br>Trial Date: N/A |

PROPOUNDING PARTY: PLAINTIFF, UNITED STATES OF AMERICA

RESPONDING PARTY: DEFENDANT, CITY OF HESPERIA

SET NO.: ONE



ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Defendant, CITY OF HESPERIA ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and

analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of Federal Rule of Civil Procedure ("FRCP") 33(a); (b) it lacks foundation and assumes disputed facts; (c) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence; (d) it is overbroad and disproportionate violating FRCP 26(b)(1); and (e) Interrogatory seeks records that are not in the control or custody of Responding Party.

/ / /

/ / /

Subject to and without waiving the foregoing objections, Responding Party responds as follows: the City did not and does not use specific "data systems, software, or databases" to track evictions, criminal charges, or other crimes in connection with the Crime Free Ordinance. The City does not issue citations or notices to rental property owners under the Ordinance. After a citation is issued by the Sheriff's Department to a rental property owner or management company, it is submitted to the Citation Processing Center website for a third party Data Ticket (Revenue Experts). Upon information and belief, Data Ticket sends out notices, applies any late fees that may be set forth in a fee schedule. If the party who received the citation pays, the payment is reported to the City, reconciled by the finance department and entered as payment for the Crime Free Department. Every month, Data Ticket sends the City invoices, and then the accounts are reconciled with issued citations and funds are distributed to appropriate accounts. Tina Bulgarelli's only involvement with sums collected for Crime Free Citations is receiving the invoices and revenue reports from Data Ticket, writing an account number on them, and sending them back to the finance department. Moneys collected on citations for violations of the Crime Free Ordinance are ultimately deposited into the Sheriff's Department's GL revenue account. If the party does not pay, the citation is either sent to the Franchise Tax Board for collection through personal income taxes, or sent to collections. If the individual appeals, Data Ticket schedules the hearing and there is a pool of independent hearing officers that hear the case and decide on the matter, who then gives notice of the decision to the City and party who received the citation.

Unrelated to the Crime Free Ordinance, the City uses a land management database (TrakiT) to generally track police calls for incidents related to loud music, parties, false alarms or other disturbances of the peace. Where multiple reports are made on a specific property, a police Multiple Response record may be generated which is stored in TrakiT.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/682958.3 YDL -5- Case No. 5:19-cv-02298-AB(SPx)

DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex. 17
Page 428

**INTERROGATORY NO. 2:**

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "who are or were involved in" and "roles with respect to the Ordinances" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers to its initial disclosures containing this information, as well as documents produced in response to Propounding Party's Request for Production No. 3 pursuant to FRCP 33(d). Defendant further identifies the following city employees in connection with the enactment of the Ordinance before it was amended: Eric Schmidt (Mayor); Bill Holland (Mayor Pro Tem); Mike Podegracz (City Manager); Russ Blewett (City Council Member); Mike Leonard (City Council Member); Paul Russ (City Council Member; Tina Bulgarelli (Administrative Analyst); and Nils Bentsen (Police Chief). Defendant further identifies the following city employees in connection with the enactment of the amended Ordinance: Paul Russ (Mayor); Russ Blewett (Mayor Pro Tem); Larry Bird (City Council Member); Bill Holland (City Council Member); Rebekah

01071.0047/682958.3 YDL
-6-
Case No. 5:19-cv-02298-AB(SPx)
Ex 17
Page 429
DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

Swanson (City Council Member); Tina Bulgarelli (Administrative Analyst); Scott Priester (Director of Development Services – Retired); and Nils Bentsen (City Manager).

**INTERROGATORY NO. 3:**

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "that assist or have assisted in" and "description of that individual's or entity's role and relationship to you" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers to its initial disclosures containing this information, as well as documents produced in response to Propounding Party's Request for Production No. 3 pursuant to FRCP 33(d). Defendant further identifies the following city employees in connection with the enactment of the amended Ordinance: Paul Russ (Mayor); Russ Blewett (Mayor Pro Tem); Larry Bird (City Council Member); Bill Holland (City Council Member); Rebekah Swanson (City

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW



Council Member); Tina Bulgarelli (Administrative Analyst); and Nils Bentsen (City Manager).

**INTERROGATORY NO. 4:**

Please state all facts relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making that decision, all persons involved in identifying and compiling the data or information or performing the analyses relating to that decision, and all persons responsible for making that decision.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance" is vague and ambiguous; (c) the Interrogatory lacks foundation and assumes disputed facts; (d) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (e) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: the Crime Free Ordinance was designed for the purpose of addressing crime and illegal activity within the city limits of Hesperia. Defendant further refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, and CITY0012 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 5:**

Please state all facts relating to each change you made to the crime free rental housing program through the adoption and implementation of the 2017 Ordinance,

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making those changes, all persons involved in identifying and compiling the data or information or performing the analyses relating to those changes, and all persons responsible for making those changes.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: on or about July 18, 2017, the Hesperia City Council voted to amend the Ordinance and to make it nonmandatory. Defendant identifies the following city employees in connection with the enactment of the amended Ordinance: Paul Russ (Mayor); Russ Blewett (Mayor Pro Tem); Larry Bird (City Council Member); Bill Holland (City Council Member); Rebekah Swanson (City Council Member); Tina Bulgarelli (Administrative Analyst); and Nils Bentsen (City Manager). Defendant further refers Propounding Party to documents bates stamped CITY0012 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 6:**

Please describe any verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents, that you provided to the County and/or the Sheriff's Department, or that the County and/or the Sheriff's Department provided to you, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

changed over time, please describe all changes and provide the date each change occurred.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, no "verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents" were given to and/or by the City responsive to this Interrogatory. Defendant further refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, and CITY0012 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 7:**

Please describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which person(s) made the determinations, the period in which those person(s) made the determinations, describing what factors were used to make such determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s).

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) it is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: after a citation is issued to a rental property owner or management company, it is submitted to the Citation Processing Center website for a third party Data Ticket (Revenue Experts). Upon information and belief, Data Ticket sends out notices, applies any late fees that may be set forth in a fee schedule. If the party who received the citation pays, the payment is reported to the City, reconciled by the finance department and entered as payment for the Crime Free Department. Every month, Data Ticket sends the City invoices, and then the accounts are reconciled with issued citations and funds are distributed to appropriate accounts. Tina Bulgarelli's only involvement with sums collected for Crime Free Citations is receiving the invoices and revenue reports from Data Ticket, writing an account number on them, and sending them back to the finance department. Moneys collected on citations for violations of the Crime Free Ordinance are ultimately deposited into the Sheriff's Department's GL revenue account and the citation is satisfied. If the party does not pay, the citation is either sent to the Franchise Tax Board for collection through personal income taxes, or sent to collections. If the individual appeals, Data Ticket schedules the hearing and there is a pool of independent hearing officers that hear the case and decide on the matter, who then gives notice of the decision to the City and party who received the citation.

**INTERROGATORY NO. 8:**

Please identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to documents bates stamped CITY00001102-1126 and DEF000937-974 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 9:**

For each individual or entity listed in your response to Interrogatory No. 8, please identify any and all other property owners, property managers, property management companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records not in the control or custody of Responding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, the City did not notify or "plan to notify" any third party concerning a citation issued under the Ordinance.

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/682958.3 YDL -12- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex. 17 Page 435

DATED: November 30, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
D. DENNIS LA
BRADEN J. HOLLY
ERIKA D GREEN

By: /s/ Braden J. Holly
BRADEN J. HOLLY
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

01071.0047/682958.3 YDL

-13-

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 17
Page 436

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I have read the foregoing DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES and know its contents.

I am an administrative analyst employed by a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 24 2020, at Hesperia, California.

Tina Bulgarelli
Print Name of Signatory

Signature

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **November 30, 2020**, I served true copies of the following document(s) described as **DEFENDANT CITY OF HESPERIA'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address smcleod@awattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 30, 2020**, at Riverside, California.

Sandra D McLeod



WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
D. DENNIS LA, State Bar No. 237927
*dla@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-cv-02298 AB(SPx)

**DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

The Hon. Andre Birotte, Jr.

Trial Date: September 21, 2021

PROPOUNDING PARTY: PLAINTIFF, UNITED STATES OF AMERICA

RESPONDING PARTY: DEFENDANT, COUNTY OF SAN BERNARDINO

SET NO.: ONE

01071.0047/675416.3 EDG

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 18
Page 440

Defendant, COUNTY OF SAN BERNARDINO ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/675416.3 EDG -3- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex. 18 Page 442

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of Federal Rule of Civil Procedure ("FRCP") 33(a); (b) it seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) the Interrogatory lacks foundation and assumes disputed facts; and (d) the Interrogatory is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: the San Bernardino County Sheriff's Department uses the Crime Free Easy Tracking Software. Upon information and belief, Microsoft Excel

spreadsheets were created by an unknown county employee to store information in connection with the Crime Free Housing Program.

**INTERROGATORY NO. 2:**

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "who are or were involved in" and "roles with respect to the Ordinances" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers to its initial disclosures containing this information, as well as documents produced in response to Propounding Party's Request for Production No. 3 pursuant to FRCP 33(d). Defendant further identifies the following county employees: Katherine Herbert (Sheriff's Services Specialist and subsequently Dispatcher II); Cathy Green (Office Specialist); David Curtis (Deputy Sheriff); Chris Crosswhite, (Detective and subsequently as deputy); Brandon Jett (Sheriff's Services Specialist); Edgar Moran (Sheriff's Services Specialist); Evan Todd (Deputy Sheriff); Kristen Miller (Office Specialist); Joseph Necochea

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

(Detective and subsequently Deputy); and Nils Bentsen (Sheriff's Captain and subsequently City Manager).

**INTERROGATORY NO. 3:**

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "that assist or have assisted in" and "description of that individual's or entity's role and relationship to you" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers to its initial disclosures containing this information pursuant to FRCP 33(d). Defendant further refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, and CITY0012 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 4:**

Please describe any verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents that the City and/or the Sheriff's Department provided to you, or that you provided

01071.0047/675416.3 EDG -6- Case No. 5:19-cv-02298 AB(SPx)
DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES
Ex. 18
Page 445

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

to the City and/or the Sheriff's Department, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, no "verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents" were given to the City and/or the Sheriff's Department responsive to this Interrogatory. Defendant further refers Propounding Party to documents bates stamped CITY0007, DEF000682-000683, CITY0012, COUNTY002363-COUNTY002417, and COUNTY009136-COUNTY009168 as responsive to this Interrogatory pursuant to FRCP 33(d).

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

01071.0047/675416.3 EDG

-7-

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex. 18
Page 446

DATED: November 30, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
D. DENNIS LA
BRADEN J. HOLLY
ERIKA D GREEN

By: /s/ Erika D. Green
ERIKA D. GREEN
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

01071.0047/675416.3 EDG

-8-

Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 18
Page 447

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I have read the foregoing **COUNTY OF SAN BERNARDINO RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** and know its contents.

I am SERGEANT (title) a duly authorized representative of the County of San Bernardino, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 25, 2020, at San Bernardino, California.

SEAN STRUEBING
Print Name of Signatory

[signature]
Signature

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **November 30 , 2020**, I served true copies of the following document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO'S RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address smcleod@awattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 30**, **2020**, at Riverside, California.

Sandra D McLeod



WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
     U.S. Department of Justice
     Civil Rights Division
     Housing and Civil Enforcement Section
     950 Pennsylvania Ave., NW – 4CON
     Washington, D.C. 20530
     Telephone: (202) 514-4713
     Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-8805
     Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email:  katherine.hikida@usdoj.gov




ALESHIRE & WYNDER, LLP
ERIC L. DUNN, State Bar No. 176851
*edunn@awattorneys.com*
STEPHEN R. ONSTOT, State Bar No. 139319
*sonstot@awattorneys.com*
D. DENNIS LA, State Bar No. 237927
*dla@awattorneys.com*
BRADEN J. HOLLY, State Bar No. 312098
*bholly@awattorneys.com*
ERIKA D. GREEN, State Bar No. 285370
*egreen@awattorneys.com*
3880 Lemon Street, Suite 520
Riverside, California 92501
Telephone: (951) 241-7338
Facsimile: (951) 300-0985

Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT,

Defendants.

Case No. 5:19-cv-02298 AB(SPx)

**DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES**

The Hon. Andre Birotte, Jr.

Trial Date: N/A

PROPOUNDING PARTY: PLAINTIFF, UNITED STATES OF AMERICA

RESPONDING PARTY: DEFENDANT, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT

SET NO.: ONE

01071.0047/675358.2 EDG

Case No. 5:19-cv-02298 AB(SPx)

Ex. 19
Page 451

DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Defendant, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT ("Responding Party" or "Defendant") responds to Plaintiff UNITED STATES OF AMERICA ("Propounding Party" or "Plaintiff") Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

The following statements and general objections apply to and are in addition to any specific objections made in responses to any particular Request, and apply not only to the responses made herein, but also to any additional or supplemental responses provided to the Requests, and shall be incorporated by reference as though fully set forth in all of the responses appearing on the following pages. The responses are made solely for the purpose of this legal action and are based on information presently available to Responding Party.

1. These answers and objections are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety, admissibility and all other objections and grounds that would require the exclusion of any statement herein if any request were asked of or if any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved and may be interposed at the time of trial.

2. While these responses are based upon diligent exploration and investigation by Responding Party and its counsel, they reflect the current state of Responding Party's knowledge respecting the matters about which inquiry is made. Responding Party have not yet fully completed the investigation of the facts relating to this case, have not yet interviewed all witnesses, have not yet fully completed discovery and have not yet completed their preparation for trial in this case. Accordingly, all of the responses contained herein are based solely upon information and documents that are presently available to or specifically known by Responding Party and disclose those contentions that presently occur to Responding Party. It is anticipated that further discovery, independent investigation, legal research and

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

analysis will supply additional facts and documents and lead to additions, changes, and variations from the responses contained herein.

3. The following responses are given without prejudice to the right to produce evidence or witnesses that Responding Party may later discover, subject to any duty to supplement contained in the Federal Rules of Civil Procedure. The information contained herein remains preliminary and, in making these responses, Responding Party reserves the right to amend, supplement, delete, alter, modify or otherwise change any answer herein as further discovery may make appropriate and when Responding Party has ascertained all relative facts. The responses contained herein are made in good faith attempt to supply as much factual information and as much specification of legal contention as is presently known and should in no way prejudice Responding Party in relation to further discovery and proceedings.

4. The responses are based on the information presently available to Responding Party and no incidental or implied admissions are intended herein. The fact that Responding Party has answered or responded to all or part of any request should not be taken as an admission that Responding Party accepts or admits the existence of any fact set forth or assumed by such request, or that such response constitutes admissible evidence.

5. Discovery will continue as long as permitted by statute or stipulation by the parties, and the investigation of responding party's attorneys and agents will continue to and through the middle of this action. Responding party specifically reserves the right at the time of trial to introduce any evidence from any source which may hereafter be discovered in testimony from any witness whose identity may hereafter be discovered.

If any information has unintentionally been omitted from these responses, Responding Party reserves the right to apply for relief so as to permit the insertion of the omitted data from these responses.

A&W ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

Subject to and without waiving any of the foregoing, Responding Party makes the following responses:

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Please identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of Federal Rule of Civil Procedure ("FRCP") 33(a); (b) it seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) the Interrogatory lacks foundation and assumes disputed facts; and (d) the Interrogatory is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: the San Bernardino County Sheriff's Department uses the Crime Free Easy Tracking Software. Upon information and belief, Microsoft Excel

spreadsheets were also created by unknown county employees to store information in connection with the Crime Free Housing Program. Unrelated to the Crime Free Ordinance, in the normal course of business, Defendant uses Tiburon to input and receive dispatch/911 information. Tiburon also gives access to State of California databases such as CLETS and CII.

**INTERROGATORY NO. 2:**

Please identify all employees and contractors of the Defendants who are or were involved in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including their names, titles, current employment (if known), and roles with respect to the Ordinances.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "who are or were involved in" and "roles with respect to the Ordinances" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to its initial disclosures containing this information, as well as documents produced in response to Propounding Party's Request for Production No. 3 pursuant to FRCP 33(d). Defendant further identifies the following county employees: Katherine Herbert (Sheriff's Services Specialist and subsequently Dispatcher II); Cathy Green (Office Specialist); David Curtis (Deputy Sheriff); Chris Crosswhite, (Detective and

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW
A&W

subsequently as deputy); Brandon Jett (Sheriff's Services Specialist); Edgar Moran (Sheriff's Services Specialist); Evan Todd (Deputy Sheriff); Kristen Miller (Office Specialist); Joseph Necochea (Detective and subsequently Deputy); and Nils Bentsen (Sheriff's Captain and subsequently City Manager).

**INTERROGATORY NO. 3:**

Please identify all persons (individuals and entities other than those identified in Response to Interrogatory No. 2) that assist or have assisted in the development, drafting, enactment, implementation, advertisement, training, enforcement, and/or amendment of the Ordinances, including for each the name of the individual or entity; the period in which that individual or entity provided the assistance; and a description of that individual's or entity's role and relationship to you.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "that assist or have assisted in" and "description of that individual's or entity's role and relationship to you" are vague and ambiguous; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to its initial disclosures containing this information pursuant to FRCP 33(d). Defendant further refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, and CITY0012 as responsive to this Interrogatory pursuant to FRCP 33(d).

/ / /

/ / /

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

A&W

**INTERROGATORY NO. 4:**

Please state all facts relating to your suggestion or recommendation that the City of Hesperia develop the crime free rental housing program and enact the 2015 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making that decision, all persons involved in identifying and compiling the data or information or performing the analyses relating to that decision, and all persons responsible for making that decision.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance" is vague and ambiguous; (c) the Interrogatory lacks foundation and assumes disputed facts; (d) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (e) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, the crime free rental housing program was recommended by former Captain Nils Bentsen. Defendant further refers Propounding Party to documents bates stamped COUNTY002375, COUNTY002376, CITY 0007, CITY0012, CITY000034-CITY000042, CITY000593, CITY000594, CITY000609, CITY000616, and DEF000682-000683, as well as Propounding Party's production consisting of US00000652, US00000651, US00000650, US00000648 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 5:**

Please describe any verbal or written policies, orders, procedures, training,

01071.0047/675358.2 EDG -7- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 19
Page 457

instructions, guidance, memoranda, limitations to discretion, or other documents that the City and/or the County provided to you, or that you provided to the City and/or the County, regarding implementation or enforcement of the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, no "verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, limitations to discretion, or other documents" were given to the City and/or the County responsive to this Interrogatory. Defendant further refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, CITY0012, COUNTY002363-COUNTY002417, and COUNTY009136-COUNTY009168 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 6:**

Please describe specifically all ways that persons enforcing the crime free rental housing program learn or have learned about arrests, calls for service, and other police involvement related to properties in Hesperia, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed.

/ / /

01071.0047/675358.2 EDG -8- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 19
Page 458

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); (d) "persons enforcing the crime free rental housing program" and "all ways…that persons…learn or have learned" are vague and ambiguous; (e) "other police involvement related to properties in Hesperia" is vague and ambiguous; and (f) the Interrogatory lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, Defendant does not "learn about arrests, calls for service, and other police involvement related to properties in Hesperia" in one specific manner. Information regarding tenant properties is primarily reported by community members. Defendant does not cross-reference or specifically check "arrests, calls for service, and other police involvement related to properties in Hesperia" in connection with whether the property is owner-occupied or a rental property.

**INTERROGATORY NO. 7:**

Please describe specifically all ways that you determine or have determined whether arrests, calls for service, and other police involvement implicate or have implicated the crime free rental housing program, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) it is overbroad and disproportionate violating FRCP

01071.0047/675358.2 EDG -9- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 19
Page 459

26(b)(1); (d) "all ways…that you determine or have determined" and "implicate or have implicated the crime free rental housing program" are vague and ambiguous; (e) and (f) the Interrogatory lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: upon information and belief, Defendant does not cross-reference or check "whether arrests, calls for service, and other police involvement" implicate the Crime Free Ordinance. Defendant may come to "determine" the status of a rental property under the Ordinance upon an incident at or investigation of a specific property unrelated to its enforcement, including through police officers' patrol of neighborhoods in the normal course of business. Defendant may also come to "determine" the status of a rental property through communications with rental property owners, management companies, or other third parties about the Ordinance including registration, tenant screenings, or other information provided when requested of Defendant.

**INTERROGATORY NO. 8:**

Please describe all verbal or written policies, orders, procedures, training, instructions, guidance, memoranda, or other documents listing or describing circumstances under which an arrest, call for service, or other police activity implicate or have implicated the crime free rental housing program. To the extent any of these changed over time, please describe all changes and provide the date each change occurred.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW A&W

Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to documents bates stamped CITY 0007, DEF000682-000683, CITY0012, COUNTY002363-COUNTY002417, and COUNTY009136-COUNTY009168 as responsive to this Interrogatory pursuant to FRCP 33(d).

**INTERROGATORY NO. 9:**

Please describe specifically all ways that persons enforcing the crime free rental housing program determine or have determined whether a tenant had "previously violated rules of the Crime Free Rental Housing Program" when completing a tenant screening under the crime free rental housing program, including but not limited to identifying all sources consulted, to include all data systems used or accessed; all facts and/or factors that would result in determining a tenant had "previously violated rules of the Crime Free Rental Housing Program"; and all arrests, charges, convictions, or crimes that would not result in determining a tenant "previously violated rules of the Crime Free Rental Housing Program."

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) "all ways that persons…determine or have determined" is vague and ambiguous; and (c) the Interrogatory lacks foundation and assumes disputed facts.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant only issues citations to rental property owners and management companies and only for violations of the registration requirement pursuant to the effective Ordinance. Defendant does not issue citations to tenants nor "determine" if s/he has violated the Ordinance. Upon request of a rental property owner or manager, Defendant provides a screening service to provide basic publicly

ALESHIRE & WYNDER LLP
ATTORNEYS AT LAW
A&W

available information concerning a prospective tenant. Defendant may access CLETS and Jail Information Management System to screen potential tenants.

**INTERROGATORY NO. 10:**

Please describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which persons(s) made the determinations, the period in which those person(s) determinations, describing what factors were used to make such determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s).

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) it is overbroad and disproportionate violating FRCP 26(b)(1).

Subject to and without waiving the foregoing objections, Responding Party responds as follows: after Defendant sends correspondence to a rental property owner or manager and issues a citation under the Ordinance, it does not take any further enforcement action. Defendant does not decide "whether and when to levy or to waive fines under the crime free rental housing program…"

**INTERROGATORY NO. 11:**

Please identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

01071.0047/675358.2 EDG -12- Case No. 5:19-cv-02298 AB(SPx)

DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSE TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES

Ex 19 Page 462

failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to documents bates stamped CITY00001102-1126 and DEF000937-974 as responsive to this Interrogatory pursuant to FRCP 33(d). Defendant further refers Propounding Party to COUNTY006582 and COUNTY006565 pursuant to FRCP 33(d).

**INTERROGATORY NO. 12:**

For each individual or entity listed in your response to Interrogatory No. 11, please identify any and all other property owners, property managers, property management companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. Responding Party objects on the grounds that: (a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Defendant refers Propounding Party to documents bates stamped CITY00001102-1126 and DEF000937-974 as responsive to this Interrogatory

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW

pursuant to FRCP 33(d). Defendant further refers Propounding Party to COUNTY006582 and COUNTY006565 pursuant to FRCP 33(d).

DATED: November 30, 2020

ALESHIRE & WYNDER, LLP
ERIC L. DUNN
STEPHEN R. ONSTOT
D. DENNIS LA
BRADEN J. HOLLY
ERIKA D GREEN

By: /s/ Erika D. Green
ERIKA D. GREEN
Attorneys for CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT




# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I have read the foregoing **SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** and know its contents.

I am SERGEANT (title) a duly authorized representative of the County of San Bernardino, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 25, 2020, at San Bernardino, California.

SEAN STRUEBING
Print Name of Signatory

[signature]
Signature

ALESHIRE & WYNDER LLP ATTORNEYS AT LAW



# PROOF OF SERVICE

**UNITED STATES OF AMERICA vs. CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**
**Case No. 5:19-cv-02298**

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Riverside, State of California. My business address is 3880 Lemon Street, Suite 520, Riverside, CA 92501.

On **November 30, 2020**, I served true copies of the following document(s) described as **DEFENDANT SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address smcleod@awattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 30, 2020**, at Riverside, California.

Sandra D. McLeod

Sandra D McLeod



WILLIAM P. BAR
Attorney General
ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ
MICHELLE A. MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave., NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megal.Whyte.de.Vasquez@usdoj.gov
Email: michelle.mcleod@usdoj.gov
Email: christopher.belen@usdoj.gov

Attorneys for Plaintiff
United States of America

NICOLA T. HANNA
United Sates Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL
Assistant United States Attorney
KATHERINE M. HIKIDA
Civil Rights Section
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
Email: Matthew.Nickell@usdoj.gov
Email: katherine.hikida@usdoj.gov

ALESHIRE &
WYNDER LLP
ATTORNEYS AT LAW

A&W

**U.S. Department of Justice**

United States Attorney's Office
Central District of California

*U.S. Mail* *Federal Building, Suite 7516*
*300 North Los Angeles Street*
*Los Angeles, CA, 90012*

*Telephone* *(213) 894-8805*
*Facsimile* *(213) 894-7819*

Civil Rights Division
Housing and Civil Enforcement Section

*U.S. Mail* *950 Pennsylvania Avenue, NW - 4CON*
*Washington, DC 20530*

*Overnight* *150 M Street, NE*
*Washington, DC 20002*

*Telephone (202) 514-4713*
*Facsimile (202) 514-1116*

October 30, 2020

**VIA ELECTRONIC MAIL ONLY**

Mr. Stephen R. Onstot, Esq.
Ms. Erika D. Green, Esq.
Mr. Braden J. Holly, Esq.
Aleshire & Wynder, LLP
3800 Lemon Street, Suite 550
Riverside, California 92501
sonstot@awattorneys.com
egreen@awattorneys.com
bholly@awattorneys.com

Re: *United States v. City of Hesperia, et al.*, Case No. 5:19-CV-2298 AB (SPx)

Dear Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 37(a) and Local Rule 37-1 to address significant deficiencies in Defendant San Bernardino County's objections and responses to the United States' First Set of Requests for Production of Documents ("Requests").[1] As part of our good-faith effort to confer and resolve these discovery issues without court intervention, we outline below the deficiencies in the County's responses.

I. Improper Form of Production

First, we address the format of the documents the County produced, which is inconsistent with both the form of production requested by the United States and the requirements of Federal

[1] This letter also serves to address the deficiencies in Defendant San Bernardino County Sheriff's Department's responses. In response to each of the Requests, the Sheriff's Department stated "[b]ecause the Sheriff's Department and County of San Bernardino are essentially the same entity and the requests for production to each entity are identical, to avoid redundancy the Sheriff's Department refers Propounding Party to the County of San Bernardino's response to this request, which includes Sheriff Department-specific information, where appropriate." This should not be construed as an acquiescence to the County's position that the Sheriff's Department and the County "are essentially the same entity." The United States continues to dispute this position.

Rule of Civil Procedure 34. The United States requested that responsive documents be produced "in accordance with Attachment A" which detailed, among other things, that the County produce electronically-stored information ("ESI") and hard copy paper documents in an industry-standard load-ready format—image files plus cross-referenced extracted text and metadata—for many data types, produce other identified data types in native electronic file format, and meet-and-confer before production of remaining file types that require additional, technical discussion. *See* Requests, Attachment A.[2]

The County did not produce responsive documents in the format specified by Attachment A. Of the 28,898 documents produced by the County, only 668 were produced in native format. The remaining documents were produced as PDFs, including converted Word documents and e-mail files, which essentially removed all of the documents' metadata. The County provided no justification and stated only that it "objects [to the form of production requested by the United States] to the extent that the requests seek production of documentation or conversion into a file format which goes beyond what's required by the Federal Rules of Civil Procedure." San Bernardino County's Responses to United States' First Set of Requests for Production ("County's Responses") at p. 5. As you know, Federal Rule of Civil Procedure 34(b) "permits the requesting party to designate the form or forms in which it wants electronically stored information produced." Fed. R. Civ. P. 34(b) advisory committee's note (2006). And while Rule 34 allows the responding party to object to the form that the requesting party specifies, it must do so with particularity: stating why it cannot produce the information in the requested format <u>and</u> proposing an alternative format, which must comply with Rule 34's requirements. Fed. R. Civ. P. 34(b)(2)(D). The County did not object with any specificity, it did not specify an alternative form of production, and it produced many of the files in an altered and/or degraded form compared to how the information was ordinarily maintained. The County cannot simply ignore the United States' requested format and produce in an unstated, degraded format of its own choosing. *Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ*., No. 2:11-cv-3471, 2017 WL 445722, at *5 (E.D. Cal. Feb. 2, 2017).

Additionally, the County failed to produce responsive documents in a manner "required by the Federal Rules of Civil Procedure" as stated in its responses. County's Responses at p. 5. At a minimum, the County is required to produce ESI in the form it is "ordinarily maintained" or in a reasonably usable form, Fed. R. Civ. P. 34(b)(2)(E), which would be the ESI's native file format (defined as the electronic format in which such documents are ordinarily created, viewed, modified and maintained) and in a manner that preserves all metadata. As outlined above, the County's production does not meet these minimum requirements. The County's production in response to Request No. 7 is one of many examples: a 111-page PDF named "training materials" by some unknown person at an unknown time, yet it appears to include more than 50 discrete documents and files, many different types of ESI (converted and combined into the single PDF, removing any metadata), and no way to discern the relation, if any, between the formerly separate documents. The County's failure to adequately specify its objection and its limitations (if any), and failure to state an alternative form of production deprives the United States of understanding the full extent of what information and/or usability was lost. Therefore, we

[2] The United States made several requests as to its preferred form of production. The complete list, which was wholly ignored by the County, can be found in Attachment A of the Requests. *See* Requests, Attachment A.

request that the County reproduce documents that it previously produced as aggregated into large, single PDFs, curing that problem by producing documents separately (*i.e.*, "as ordinarily maintained") and in a way that does not destroy or obscure document unitization and/or relationships among documents. Also, we request that the County reproduce all documents that it converted from native formats into PDF files, either in accordance with Attachment A or in their native formats. If the County is unable to comply with Attachment A, it must state why with specificity and propose an alternative form in order to allow the parties to engage in a dialogue, minimize disagreements, and hopefully come to an agreement as to the form of production.[3] *Morgan Hill Concerned Parents Assoc.*, 2017 WL 445722, at *3.

II. Use of Boilerplate Objections

Second, the County asserted improper boilerplate objections in two different ways. At the beginning of its responses, the County asserted "general objections" without any identified connection to a particular Request and without any of the specificity required by the Federal Rules of Civil Procedure. This is insufficient and/or improper, especially given the 2015 amendments to the Federal Rules. *E.g.*, *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020); *Pangborn v. L.A. Cnty. Deputy Sheriffs Lieutenant Baudino*, No. CV 15-6812 AB (JC), 2018 WL 6265055, at *3 (C.D. Cal. 2018) ("[D]efendants' general objections (contained in their 'Preliminary Statement(s)' which have been incorporated into all of the discovery responses in issue) are overruled because such general and boilerplate objections are improper. Such general objections do not explain or analyze on an individualized basis, why each particular discovery request is objectionable, and thus are inadequate.") (internal citation omitted). The "general objections" even go so far as to say that the "specific objections" are "provided out of an abundance of caution," and that the "general objections" govern because they cannot be deemed to be modified or limited by the "specific objections." That incorrectly turns Rule 34 on its head. In addition to their lack of specificity, "general objections" 1, 2, 3, and 5 all hinge on conditional phrases such as "insofar as" and "to the extent that." That practice has been criticized widely, and the 2015 amendments to Rule 34 aimed to stop the use of that obstructive practice by requiring parties to state and support their specific, known objections, and also to state what responsive information they are withholding or what they are not searching for based on their objections. *See* Fed. R. Civ. P. 34 advisory committee's note (2015).

---

[3] Since serving the Requests on April 23, 2020, and in the two intervening months until the County was required to respond on June 26, the United States emailed counsel on at least seven occasions asking to discuss the United States' production specifications and the County's data systems. *See* Emails from Counsel for the United States to Counsel for the County (May 15, 2020, May 21, 2020, June 2, 2020, June 3, 2020, June 11, 2020, June 16, 2020, and June 23, 2020). These requests were largely ignored, despite the Federal Rules' encouragement of cooperation, discussion, and early engagement on these types of issues. *E.g.*, Fed. R. Civ. P. 34 advisory committee's note 2006; *id.* advisory committee's note (2015). On the two occasions that we were able to confer, counsel was generally unprepared to discuss any specifics about the County's data systems. We sent you a draft proposed ESI stipulation that addressed, in part, production formats, in a further attempt to avoid unnecessary disputes during discovery, and we asked repeatedly for your feedback and any edits you had. When we did not receive any redlines from you, we incorporated what you said during the two conversations we did have and, on June 25, 2020, we sent an updated draft to you. We followed-up again on July 23, 2020. As of today, we still have not heard anything further from you about alternative production specifications or any edits to the proposed ESI stipulation. In any future discussions about the United States' production preferences and the County's data systems, we again request that counsel make available someone from the County who is familiar with these systems to facilitate the expedient production of discoverable information.

But even where the County objected to individual Requests, it nonetheless improperly used boilerplate, unspecific language in response to twenty-three of the United States' document Requests, including that the Requests are "unduly burdensome," "overbroad," "vague," "nonproportional to the needs of the case," or "irrelevant." *Ann Chae v. SLM Corp.*, No. CV-07-2319, 2008 WL 11343020, at *3 (C.D. Cal. Feb. 22, 2018) ("Generally, there is no merit to defendants' general or boilerplate objections of 'vague, overbroad [and] unduly burdensome,' and the Court disapproves of them." (quoting *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 1888 (C.D. Cal. 2006))). These conclusory objections are not sufficiently specific to demonstrate why the requested discovery is objectionable, and the County must detail how each Request is burdensome, overbroad, vague, nonproportional to the needs of the case, or irrelevant and support those statements with evidence showing the exact nature of the burden. Fed. R. Civ. P. 34 advisory committee's note (2015) ("Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity."); Fed. R. Civ. P. 26 advisory committee's note (2015) ("Nor is the [2015] change [to the Rule] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.* No. CV-16-300, 2017 WL 3275615, at *6-7 (C.D. Cal. Feb. 14, 2017) ("[Defendant's] assertion of undue burden and lack of proportionality, without more, are insufficient under FRCP 26."); *Blagman v. Apple Inc.*, No. CV-13-8496, 2014 WL 12607841, at *3 (C.D. Cal. Jan. 6, 2014) ("For a burdensomeness argument to be sufficiently specific to prevail, it must be based on affidavits or other evidence showing the exact nature of the burden.") (citations omitted); *Garber,* 234 F.R.D. at 188 (noting that general or boilerplate objections must be supported); *Ramirez v. County of Los Angeles, et al.*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (rejecting boilerplate objections as "too general to merit consideration" and deeming them waived). Additionally, the County must also state whether any responsive documents are being withheld based on its objections. Fed. R. Civ. P. 34(b)(2(C); *Grodzitsky v. Am. Honda Motor Co., Inc*., No. CV-12-1142, 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017) ("The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection.").

Accordingly, we request that the County withdraw its boilerplate objections and provide full and complete responses to Request for Production Nos. 1, 2, 3, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 22, 28, 30, 32, 36, 37, 38, 39, and 40 <u>or</u> (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

III. <u>Deficient Privilege Log</u>

Third, the County's privilege log fails to provide even the minimal information necessary to assess the privileges or immunities asserted. Under the Federal Rules, the County's privilege log must set forth facts sufficient to establish each element of the privilege or immunity that is claimed, so that the United States and the Court can make an independent determination as to their applicability. Fed. R. Civ. P. 26(b)(5)(A)(ii); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 644 (C.D. Cal. July 2005). "[T]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked

and grounds thereof." *In re Banc of Cal. Sec. Litig.*, No. SA-CV-17-00118, 2019 WL 3017676, at *1 (C.D. Cal. Feb. 11, 2019). The County's privilege log does not include much of this information, and—as a result—the United States is unable to assess the claimed privileges or immunities.

Likewise, the County has provided no information about whether there are documents attached to the emails listed in the privilege log. As a result, the United States is unable to determine whether there are documents containing underlying factual information that would not be subject to any privilege claims. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981); *see also O'Connor v. Boeing North Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. April 1999) (citations omitted) (requiring email attachments or enclosures to be listed separately); *Jones v. Boeing Co.*, 163 F.R.D. 15, 18 (D. Kan. 1995) (holding that "a showing of privilege as to each document" is required).

In its responses to the Requests, the County also cites a number of other privileges and immunities as the basis for withholding responsive documents, including "constitutional rights to privacy," "official information privilege," "law enforcement privilege," "investigatory files privilege," and "public interest privileges." But the County's privilege log does not include any documents withheld on those bases.[4] Either the language about those privileges in the County's responses is inapplicable boilerplate or the privilege log must identify the allegedly privileged documents. As outlined above, the Federal Rules require the County to record these documents on a privilege log in a manner sufficient to allow the United States and the Court to determine the applicability of each claimed privilege or immunity. Fed. R. Civ. P. 26(b)(5)(A)(ii). Therefore, we request that the County amend its privilege log to (1) include all documents withheld on the basis of privilege or immunity, (2) provide the information necessary for the United States and the Court to assess the applicability of the claimed privilege or immunity for each document withheld, and (3) separately list each attachment or enclosure.

IV. Evasive or Incomplete Responses

Fourth, it appears that many of the County's responses are evasive or incomplete and fail to provide all of the information responsive to the United States' Requests. The Federal Rules and the courts prohibit evasive and incomplete answers and they are treated as a failure to disclose, answer, or respond. *See, e.g.*, Fed. R. Civ. P. 37(a)(4); *Harden v. Darden Rests. Inc.*, No. CV-17-5298, 2019 WL 3021221, at *3 (C.D. Cal. April 18, 2009). It appears that the County did not conduct a diligent search or make a reasonable effort to obtain responsive documents, because the County did not provide any documents for 16 of the Requests and provided incomplete responses to 20 others. *See* Fed. R. Civ. P. 26(g) ("By signing [a discovery response or objection], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry…"); *Kaur v. Alameida*, No. CV-F-05-276, 2007 WL 1449723, at *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct an additional search for responsive documents and reminding defendants and counsel "of their duty

[4] The County's privilege log includes 154 entries and each of those entries cites the work product and the attorney-client privileges. The other privileges cited by the County are not included on this privilege log as required by the Federal Rules.

under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

In response to many of the Requests, the County made a passing reference that it would produce responsive information "within its possession." That stands out not only because it is insufficient under the Federal Rules, but also because the County referenced the correct, broader standard in response to other Requests. The County is responsible to produce all non-privileged responsive information that is within its "possession, custody, or control." Fed. R. Civ. P. 34. Thus, even if a piece of information is not strictly within the County's "possession," the County is still responsible to search for and produce non-privileged responsive information within its "custody" or its "control." "Control" for this purpose includes "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). "Thus, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007) (internal quotations and citations omitted). If the County limited its search and would-be production to a narrower selection of content within its "possession" only, then the County must supplement its production to satisfy its obligations under Rules 26 and 34.

Additionally, the United States requested responsive documents from January 1, 2014 to the present. Requests at p. 4. The County failed to produce any documents dated later than 2017 for 39 of the 41 Requests.

The County provides no objections and fails to cite any privilege that would justify its materially incomplete responses, which include:

1. Request for Production No. 1

This Request seeks the County's "organizational chart(s), including position titles and names of individuals who occupied them at any time, from January 1, 2014 to the present."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and seeks documentation that is not relevant to the claims in this matter or proportional to the needs of the case," but the County did not say it was withholding any documents on the basis of this objection. County's Responses at p. 6. The County stated that it would provide documents responsive to this Request, but none were provided in the County's production. The County also failed to specify a reasonable time after its production deadline when it would produce the responsive information. *See* Fed. R. Civ. P. 34(b)(2)(B).

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of overbreadth, relevance, and proportionality. This request is not overbroad. The organizational structure of the County, which would include persons

employed by the County during the time period when the challenged ordinances were created, enacted, and enforced is plainly relevant to this litigation. *Hill v. Asset Acceptance, LLC*, No. 13-CV-1718, 2014 WL 3014945, at *14 (S.D. Cal. July 3, 2014) (ordering defendant to produce all of its organizational charts because the request was relevant and appropriate). Further, "[d]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler v. Riverside County*, No. CV-14-1616, 2016 WL 11525311, at *2 (C.D. Cal. March 16, 2016) (citations omitted). Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow and incorrect interpretation of what is relevant. And the County cannot merely state that the Request "is not…proportional to the needs of the case." Without sufficient support, the County's assertion of lack of proportionality is improper. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Moreover, the County said that it would produce "copies of all documents within its possession that is [sic] responsive to" Request No. 1, but the County failed to do so. The County also failed to meet Rule 34's requirement to specify in its responses a "reasonable time" after the deadline when it would produce this responsive information. The production deadline passed more than two months ago, and any unstated "reasonable time" has passed.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

2. Request for Production No. 2

This Request seeks "[r]osters for all employees at the Hesperia station of the Sheriff's Department including all position titles and names of individuals who occupied them at any time from January 1, 2014 to the present."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and unduly burdensome because this request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." County's Responses at pp. 6-7. In support of its objection, the County stated that "the request seeks six years of rosters for which there is a daily sheet for every shift amounting to the production of thousands of documents…." *Id.* The County did not provide any documents in response to this Request. The County's response indicates—but does not say explicitly—that it was withholding responsive information ("daily sheets for each shift") on the basis of its objection(s).

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of overbreadth, burdensomeness, and proportionality.

This Request is simple and straightforward, and it is not overbroad. Hesperia station employees provide police services to the City of Hesperia, and their duties include police services related to the crime-free rental housing program. Their identities are plainly relevant to this litigation, and that relevance is what any alleged burden must be weighed against. This Request does not seek six years of daily shift logs, but rather seeks documents showing the names and titles of persons working at the Hesperia station since January 1, 2014. We do not believe that the "daily sheets" are the only source for responsive information (*e.g.*, personnel records, public information resources about staff at the Hesperia station), and we are available to discuss possible alternatives. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Simply because the responsive documents are voluminous does not make producing them unduly burdensome. *Alexander v. Rizzo*, 50 F.R.D. 374, 376 (E.D. Pa. 1970) (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours). Without more, the County's assertion of "extreme" burden or lack of proportionality is insufficiently supported. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Additionally, the County's assertion that this Request "seeks documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions" is misplaced. County's Responses at pp. 6-7. First, it is unclear what constitutional right would allow the County to conceal in this litigation who has worked on its behalf at the Hesperia station during the requested time period, and the County's boilerplate assertion provides no support for this claim. Second, courts have consistently held that "for a federal civil rights case, federal law controls the issues of privilege and privacy rights." *Curtin v. County of Orange*, No. SA-CV-16591, 2017 WL 5593025, at *2 (C.D. Cal. Mar. 13, 2017); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) ("[D]efendants primarily object to plaintiff's document requests by claiming third party privacy rights under the California Constitution, California statutes and California law. However, such reliance is misplaced since plaintiff's claims are under federal law and, as discussed above, federal common law privileges apply.").

Under federal law, privacy interests may be considered, but they "must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations." *Keith H.*, 228 F.R.D. at 657 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). In balancing these interests, "great weight . . . is afforded to federal civil rights laws." *Soto*, 162 F.R.D. at 617. The federal right to privacy protects an individual's reasonable expectation of privacy against a "serious invasion." *Mintz v. Mark Bartelstein & Ass'n, Inc.*, 906 F. Supp. 3d 1017, 1032 (C.D. Cal. 2012); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d

589, 606 (9th Cir. 2020) ("Actionable invasions of privacy must be highly offensive to a reasonable person, and sufficiently serious and unwarranted so as to constitute an egregious breach of social norms.") (internal quotation marks omitted).  Providing Hesperia station employees' names and position titles in this litigation would not constitute a "serious invasion" of their privacy and this information is not constitutionally protected.  *Mintz,* 906 F. Supp. 3d at 1032.

Moreover, even if the County was protecting legitimate privacy interests, the Stipulated Protective Order in this case specifically provides procedures for the protection of confidential or sensitive information.  *See* ECF No. 23; *Curtin*, No. SA-CV-16591, 2017 WL 5593025, at *5 (C.D. Cal. Mar. 13, 2017) ("[T]he protective order previously issued in this case strikes the appropriate balance between the need for the information and the privacy interests of defendant or third parties.  Defendant's objections based on privacy concerns are overruled."); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (ordering defendants to produce responsive documents containing sensitive or personal information using the procedures set out in the protective order entered in the case).

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

3.   Request for Production No. 3

This Request seeks "[r]osters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia."

(a)   County's Objections and Responses

The County objected on the grounds that the "request is vague, ambiguous and facially overbroad as to "other documents" and to the extent that the request seeks the production of documents that are irrelevant to claims and/or defenses in this matter, nonproportional to the needs of the case, subject to attorney client and attorney work-product privileges, and documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  County's Responses at pp. 7-8.  In support of its objection, the County stated that "the request seeks six years of rosters for which there is a daily sheet for every shift amounting to the production of thousands of documents and documents pertaining to the County's crime free multifamily housing program which is not at issue in this case and rendering the request beyond the scope permitted by Rule 26(b)."  *Id*. at 8.  The County did not provide any documents in response to this Request.  The County's response indicated—but does not say explicitly—that it was withholding responsive information ("daily sheets for each shift") on the basis of its objection(s).

(b)   Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness, ambiguity, overbreadth, and proportionality. This Request contains no vague or ambiguous language.  Its meaning is clear.  The County

cannot "conjure up ambiguity where there is none." *Gibson Brands Inc. v. John Hornby Skewes & Co*., No. CV-14-0609, 2015 WL 12681376, at *2 (C.D. Cal. July 20, 2015). To the extent the County does not understand the phrase "other documents," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014). It cannot simply withhold responsive documents. *Id.*

Moreover, the assertion that a request for documents about the County's crime free multifamily housing program is overbroad or beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This program was in place in Hesperia prior to—and appears to have provided, in many ways, a blueprint for—the enactment of the City of Hesperia's crime-free rental housing program. The County enforced its program through the San Bernardino Sheriff's Department, the same entity that enforced the City of Hesperia's crime free rental housing program. For those reasons (and others), the County's program is relevant, but Request No. 4 is further limited to individuals assigned to implement or enforce the County's program in Hesperia. Information about the enforcement of the County's crime free multifamily housing program in Hesperia is relevant to the claims and possible defenses in this litigation, which is clearly permissible under Rule 26. "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler,* 2016 WL 11525311, at *2. Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. And the County cannot merely state that the Request "is not…proportional to the needs of the case." Without sufficient support, the County's assertion of lack of proportionality is improper. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted. The United States also incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

4. Request for Production No. 5

This Request seeks "[a]ll training and workshop materials, including but not limited to curricula, speaker information and credentials, flyers, notices, advertisements, sign-in sheets,

presentation materials (e.g., PowerPoint slides), handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia and/or the County's crime free multifamily housing program."

(a) County's Objections and Responses

The County did not provide any specific objections to this Request and stated that it would "produce copies of all responsive documents within its possession." County's Responses at p. 9.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County failed to include complete information regarding training and workshop curricula, speaker information and credentials, sign-in sheets, handouts, audio or video files, and attendance records related to the crime free rental housing program in Hesperia. The County did not produce responsive information for the requested time period—January 1, 2014 to the present. Additionally, the response does not include any information about the County's crime free multifamily housing program. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis v. L.A. Travelodge W. P'ship, LP*, No. CV-08-8279, 2009 WL 5470094, at *2 (C.D. Cal. June 10, 2009).

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

5. Request for Production No. 6

This Request seeks "[a]ll manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia."

(a) County's Objections and Responses

The County objected on the grounds that the "request is vague, ambiguous and overbroad as it is unclear what this request seeks with reference to 'guidance documents,' and fails to specify the type of call, and may require the production of documents subject to attorney-client and attorney work-product privileges. The request is overbroad to the extent that policies and procedures on how to respond to a call would include every policy, or POST training module in the County because the request fails to specify what type of 911 call for which documents are being requested rendering the request beyond the scope permitted by Rule 26(b)." County's Responses at pp. 6-7. The County further stated that "[t]his overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County did not specify what, if any, documents

were withheld on the basis of its "overbroad" objection, and the County provided only one document in response to this Request.

(b) Deficiencies in County's Response

The documents that were produced in response to this Request are materially incomplete. The County produced only a three-page list of "common call types" that links codes (e.g. W991) to types of police calls for service (e.g. 911 call from a cellular phone). The County failed to produce any manuals, policies, procedures, or other guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia. The assertion that the request is overbroad or beyond the scope of Rule 26(b) is plainly incorrect. The requested documentation is highly relevant because law enforcement response to 911 calls and calls for service were central to the enactment and enforcement of the City of Hesperia's crime-free rental housing program. *See* Compl. (ECF No. 1) at 8-13; First Am. Compl. (ECF No. 31) at 9-14. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness, ambiguity, and overbreadth. This Request contains no vague or ambiguous language. Its meaning is clear. The County cannot "conjure up ambiguity where there is none." *Gibson Brands Inc.*, 2015 WL 12681376, at *2. To the extent the County does not understand the phrase "guidance documents," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller*, 303 F.R.D. at 488. It cannot simply withhold responsive documents. *Id*. Without more information, the County cannot tactically use its unique understanding and asymmetrical information about the full range of "type[s] of 911 call[s]," "POST training module[s]," and existing "guidance documents" to claim that the Request as drafted was "vague, ambiguous, and overbroad."

The County cannot claim that Request No. 6 is "overbroad" and then not produce the subset of information that it agrees is appropriate (*i.e.*, not overly broad). Rule 34 requires that a responding party, even if it objects to the scope of a request, must specify the part that is objectionable but also "permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(B). "Overbroad" is an objection to the outer boundaries of the request; the County cannot use that objection to refuse to produce core, responsive materials. "An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad. Examples would be a statement that the responding party will limit the search to documents or electronically-stored information created within a given period of time prior to the events in suit, or to specified sources. When there is such an objection, the statement of what has been withheld can properly identify as matters 'withheld' anything beyond the scope of the search specified in the objection." Fed. R. Civ. P. 24 advisory committee's note (2015).

Nor can the County argue in good faith that there are not some parts (if not all) of this Request's tailored call for "[a]ll manuals, policies, procedures, or guidance documents related to law enforcement responses to 911 calls or other calls for service at residential properties in Hesperia" which are relevant to this litigation.  Indeed, the County conceded as much by producing one lone document in response to Request No. 6.  The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.  If the County is able to demonstrate that producing these documents is unduly burdensome, the United States remains willing to meet and confer about the appropriate subset of documents necessary for our review.

Finally, the United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request.  The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

6.   Request for Production No. 7

This Request seeks "[a]ll manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia."

(a)   County's Objections and Responses

The County objected on the grounds that the "request is vague, ambiguous and overbroad as it is unclear what this request seeks with reference to 'guidance documents,' and may require the production of documents subject to attorney-client and attorney work-product privileges. This request is overbroad in that it seeks documents that are not related to the claims and/or defenses in this suit rendering the request beyond the scope permitted by Rule 26(b)."  County's Responses at p. 7.  The County further objected that the "overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges."  *Id*.  The County stated that it would "produce copies of all responsive documents within its possession, but limited to inspections made pursuant to the Hesperia Crime Free program."

(b)   Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete.  The County produced the ordinance amended by the City on July 18, 2017, a Crime Prevention Through Environmental Design inspection form, and a 111-page aggregate PDF that contains a

number of individual documents, most of which appear to be non-responsive to this Request. The County failed to produce any manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness, ambiguity, and overbreadth. This Request contains no vague or ambiguous language. Its meaning is clear. The County cannot "conjure up ambiguity where there is none." *Gibson Brands Inc.*, 2015 WL 12681376, at *2. To the extent the County does not understand the phrase "guidance documents," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller*, 303 F.R.D. at 488. It cannot simply withhold responsive documents. *Id*.

The assertion that the requested documents are overbroad or beyond the scope of Rule 26(b) is plainly incorrect. The United States alleges, *inter alia*, that the City of Hesperia's crime-free rental housing program was enforced in a harsh and arbitrary manner with the intent and effect of disproportionately evicting African-American and Latino renters, as well as renters who lived in majority-minority neighborhoods. *See* Compl. at 14-16; First Am. Compl. at 14-16. This enforcement included searches or inspections at residential properties in Hesperia. Information on how these searches or inspections were supposed to occur is relevant to the claims and possible defenses in this litigation, which is clearly permissible under Rule 26. Fed. R. Civ. P. 26(b)(1). Moreover, "[d]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler*, 2016 WL 11525311, at *2. Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

7.  Request for Production No. 9

This Request seeks "'[p]remise history' data for all residential properties in Hesperia and communications about the 'premise history' system relating to the crime free rental housing program, including information about the race of the individual(s) residing there, the property address, and the parcel number."

(a)  County's Objections and Responses

The County objected on the grounds that the "request is vague and ambiguous as to 'premise history data' and may require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." County's Responses at p. 9.  The County further objected that the "request is overbroad and unduly burdensome as it seeks documentation for an unlimited time period and potentially all residential properties in the City for which Responding Party lacks the resources to obtain and compile such a voluminous request rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case."  *Id*.  The County did not provide any documents in response to this Request, nor did the County say that it was withholding any documents.

(b)  Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness, ambiguity, overbreadth, burdensomeness, and proportionality.  This Request contains no vague or ambiguous language.  Its meaning is clear. The County cannot "conjure up ambiguity where there is none."  *Gibson Brands Inc.*, 2015 WL 12681376, at *2.  To the extent the County does not understand the phrase "premise history data," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding."  *Heller*, 303 F.R.D. at 488.  It cannot simply withhold responsive documents.  *Id*.  However, to assist the County, attached to this letter are emails between County and Sheriff's Department employees discussing "premise history" data.  *See* Attachment 1.

The assertion that a request for premise history data for residential properties in Hesperia, and for communications about the premise history system relating to the crime free rental housing program, is overbroad or beyond the scope of Rule 26(b) or disproportionate is plainly incorrect.  This documentation is highly relevant because representations about law enforcement response to 911 calls and calls for service were central to the enactment and enforcement of the City of Hesperia's crime-free rental housing program.  *See* Compl. at 8-14; First Am. Compl. at 9-14.  This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1).  The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.  The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state

the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Moreover, the County's assertion that the Request seeks documentation for an unlimited time period is plainly incorrect. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. That error undercuts the County's unsupported objections based on burden or overbreadth. The County's utterly unsupported statement that it "lacks the resources to obtain and compile such a voluminous request" is inappropriate. Simply because the responsive documents are voluminous does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours). But the County does not attempt to state what the volume is, let alone offer any description of the burden or resources necessary to respond. Without adequate support, this objection fails to meet the requirements of Rule 34, and the County deprives the United States (and the Court) of the ability to assess the objection, to respond, or to discuss possible options.

Finally, the United States also incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

8.  Request for Production No. 10

This Request seeks "[s]heriff's 'multiple response forms' for locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those forms relating to (a) residential owner-occupied properties, (b) residential rental properties, (c) nonresidential properties, and (d) no specific property address (e.g., roadways)."

(a)  County's Objections and Responses

The County objected on the grounds that the "request is vague and ambiguous as to 'multiple response forms,' and may require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." County's Responses at p. 12. The County further objected that the "request is overbroad and unduly burdensome because it seeks documentation for an unlimited time period and seeks compilation of specific data which is not kept within Responding Party's usual course of business, and seeks documentation that is not [sic] rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case." *Id.* The County said that it would "produce copies of documents responsive to this request that is [sic] within its possession but limited to a reasonable period of time." *Id.* at 12-13. The County did not specify

what it meant by "limited to a reasonable period of time," and it did not provide any documents in response to this Request. The County also failed to specify a reasonable time after its production deadline when it would produce the responsive information. *See* Fed. R. Civ. P. 34(b)(2)(B).

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness, ambiguity, overbreadth, burdensomeness, and proportionality. This Request contains no vague or ambiguous language. Its meaning is clear. The County cannot "conjure up ambiguity where there is none." *Gibson Brands Inc.*, 2015 WL 12681376, at *2. To the extent the County does not understand the phrase "multiple response forms" it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller*, 303 F.R.D. at 488. It cannot simply withhold responsive documents. *Id*. However, to assist the County, attached to this letter is a 2014 staff report describing the "Police Multiple Disturbance Response Program" and the "1,050 properties that have received a response since program inception …." *See* Attachment 2. The United States also incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

Moreover, the Request is not overbroad. As addressed above, the United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. And the United States is not requesting that the County compile any data. Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Even if the responsive documents are voluminous, that does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours).

The assertion that sheriff's multiple response forms for locations in Hesperia are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is highly relevant because multiple response forms issued in Hesperia were one of the data points used to justify the need for a crime free rental housing program, and multiple response forms could serve as the basis for evictions (formal or informal) under Hesperia's crime free rental housing program. *See* Compl. at 9, 12; First Am. Compl. at 9, 12. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. Moreover, the County has failed to show how this clearly relevant information is outweighed for purposes of proportionality. The United States requests that the County withdraw its boilerplate objections

and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, despite its litany of objections, the County's response states that it will produce responsive information albeit "limited to a reasonable time period." County's Responses at pp. 12-13. The County failed to specify what that "reasonable time period" would be or what information it would withhold, as was required by Rule 34. Nor did the County produce any information responsive to Request No. 10 and, thus, the United States cannot attempt to decipher or deduce what the County's response means. The County's statement is especially problematic here because that caveat is preceded by the County's erroneous statement that Request No. 10 seeks information for an "unlimited time period." *Id.* at 12. As the instructions make clear, this Request seeks documents from "January 1, 2014 to the present." Requests at p. 4. That is a "reasonable time period" in light of the claims and defenses in this case, as the County effectively acknowledged when it proposed producing all responsive information from "2014-present" in response to Request No. 33.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

9. Request for Production No. 11

This Request seeks "Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) nonresidential properties, and (d) no specific property address (e.g., roadways)."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and unduly burdensome as it seeks all calls received by the Sheriff's Department for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 13. The County further objected that the "request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County provided some responsive documents, but its response did not describe what subset it would produce or what it would withhold. *Id.*; *see* Fed. R. Civ. P. 34 advisory committee's note (2015) (quoted above in relevant part). The County also stated that it "cannot fully comply with such an overbroad and burdensome Request." County's Responses at p. 13.

(b) Deficiencies in County's Response

The documents that were produced in response to this Request are materially incomplete. The County produced a few statistical reports related to calls for service dated August 3, 2016, a PDF entitled "Monthly Reports to Landlords (Box 3)" that appears to aggregate numerous converted emails and their attachments, and folders with Sheriff's Department documents pertaining to specific individuals that HUD had requested during its investigation. The County failed to produce any other documents or data showing calls for service by the Sheriff at locations in Hesperia, and it did not include this information from January 1, 2014 to the present as requested. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth, burdensomeness, and proportionality. The Request is not overbroad. The County's assertion that the Request seeks documentation for an unlimited time period is plainly incorrect. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. And the United States is not requesting that the County compile any data. Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Even if the responsive documents are voluminous, that does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours).

The assertion that documents and data showing calls for service by the Sheriff's Department at locations in Hesperia are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is highly relevant because calls for service by the Sheriff's Department at locations in Hesperia were one of the data points used to justify the need for a crime free rental housing program in Hesperia, and calls for service could serve as the basis for evictions (formal or informal) under Hesperia's crime free rental housing program. *See* Compl. at 8-9, 12-15; First Am. Compl. at 9, 12-15. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's

constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b. The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

10. Request for Production No. 12

This Request seeks "[c]itations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways)."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and unduly burdensome as it seeks all citations and summons issued by the Sheriff's Department for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 14. The County further stated that it "lacks the resources to gather, obtain and provide at least 32 years of citations issued for all and any criminal violations in Hesperia." *Id*. Despite saying that it "cannot fully comply with such an overbroad and burdensome Request," *id.*, the County's production included documents that it labeled as responsive to Request No. 12. The County's response did not specify what it would withhold on the basis of its various objections, nor did it identify the types of responsive documents that it would produce.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete and non-responsive. The County produced approximately 50 citations/appeals files, seemingly from Data Ticket, as well as a spreadsheet listing approximately 600 citations with the range of citation numbers CF00001-CF01200. These citations all appear to be civil violations, not criminal violations, and thus are non-responsive. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth, burdensomeness, and proportionality.  The Request is not overbroad or unduly burdensome.  The County's assertion that the Request seeks documentation for an unlimited time period and requires the county to "obtain and provide at least 32 years of citations …" is plainly incorrect.  The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present."  *See* Requests at p. 4.  And the United States is not requesting that the County compile any data.  Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request.  If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists.  Simply because the responsive documents are voluminous does not make producing them unduly burdensome.  *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours).

The assertion that citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia or to residents of Hesperia are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect.  This documentation is highly relevant because a purported connection between rental housing and increased illegal activity was used to justify the need for a crime free rental housing program in Hesperia, and citations or summonses issued by the Sheriff for criminal violations occurring in Hesperia or to residents of Hesperia could serve as the basis for evictions (formal or informal) under Hesperia's crime free rental housing program.  *See* Compl. at 5, 8-9, 12-15; FAC at 6, 9-10, 12-15.  This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1).  The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.  The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States also incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

11.  <u>Request for Production No. 13</u>

This Request seeks "[d]ocuments and data about arrests—including arrest reports, incident reports, charging statements, probable cause affidavits, audio and video recordings, and other arrest records— occurring in Hesperia and/or arrests of individuals then-residing in

Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those documents relating to arrests occurring at or of individuals residing in (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways)."

(a) County's Objections and Responses

The County objected on the grounds that the Request is "overbroad and unduly burdensome as it seeks all documentation about arrests for an unlimited time period rendering this voluminous request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 15. The County further objected that the "request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges. Responding Party lacks the resources to gather, obtain and provide at least 32 years of arrest reports, incident reports, charging statements issued for arrests in Hesperia. Finally, Responding Party objects to the extent that this request seeks documents related to ongoing investigations, which can impair or compromise the investigation." *Id*. at 15-16. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth, burdensomeness, and proportionality. The Request is not overbroad or unduly burdensome. The County's assertion that the Request seeks documentation for an unlimited time period and requires the County to "obtain and provide at least 32 years of arrest reports, incident reports, [and] charging statements …" is plainly incorrect. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. And the United States is not requesting that the County compile any data. Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Simply because the responsive documents are voluminous does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours).

The assertion that documents and data about arrests occurring in Hesperia or arrests of individuals then-residing in Hesperia are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is highly relevant because arrests occurring in Hesperia or

of individuals who resided in Hesperia could serve as the basis for evictions (formal or informal) under Hesperia's crime free rental housing program. *See* Compl. at 5, 12-13; First Am. Compl. at 5-6, 12-13. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Moreover, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b. The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Finally, to the extent the County is concerned that the production of certain documents would impair or compromise an ongoing investigation, the United States is willing to meet and confer with the County to discuss those documents and the appropriateness of their production.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

12. Request for Production No. 14

This Request seeks "[d]ocuments and data sufficient to show the date and location of homicides in Hesperia from January 1, 2010 to present, and the home address of alleged perpetrators of those homicides, including the property address(es) and parcel number(s), separately producing or identifying homicides occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways)."

(a) County's Objections and Responses

The County objected on the grounds that the Request is "overbroad and unduly burdensome because it seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County Responses at p. 16. The County further objected that the "request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential

information subject to public interest privileges." *Id*. Nonetheless, the County said it would "produce documents responsive to this request limited to what is kept within the normal course of business," *id.*, but the County did not describe what limitations the "normal course of business" would impose. Yet, the County did not provide any documents in response to this Request, nor did the County specify a reasonable time after its production deadline when it would produce the responsive information as required by Fed. R. Civ. P. 34(b)(2)(B).

       (b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth and burdensomeness. The Request is not overbroad or unduly burdensome. The United States is not requesting that the County compile any data. Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Moreover, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b. The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Finally, the County said that it would produce responsive documents that are "kept within the normal course of business," but it failed to do so. County's Responses at p. 16. The County also failed to meet Rule 34's requirement to specify in its responses a "reasonable time" after the deadline when it would produce this responsive information. The production deadline passed more than two months ago, and any unstated "reasonable time" has passed.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

    13. Request for Product No. 15

This Request seeks "[d]ocuments and data classifying or identifying properties in Hesperia by address as (a) residential owner-occupied properties, (b) residential rental properties, and (c) non-residential properties, including maps, zoning data, geographic information system (GIS) data, utilities data, and/or tax assessment data."

(a) County's Objections and Responses

The County objected on the grounds that the Request is "overbroad and unduly burdensome because it seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 17. The County provided only one document in response to this Request.

(b) Deficiencies in County's Response

The County's response to this Request is materially incomplete. The County produced only one document, which appears to be a list of multifamily rental properties in Hesperia with contact information. The County provided no other documents or data classifying or identifying properties in Hesperia as residential owner-occupied, residential rental, or non-residential, nor information about properties that were not multifamily rental properties. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth and burdensomeness. The Request is not overbroad or unduly burdensome. The United States is not requesting that the County compile any data. Rather, the United States requested that the County separately identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Even if the responsive documents are voluminous, that does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours). The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

14. Request for Production No. 16

This Request seeks "[d]ocuments reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly 'crime analysis' reports and other monthly call logs, 'CFMHP reports,' 'CPRA history reports,' and calls for service reports."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and unduly burdensome as it seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. This Request also seeks a compilation of specific data which is not kept within Responding Party's usual course of business. This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 18. The County also objected on the grounds that the request is "vague and ambiguous as to what is meant by CFMHP reports and CPRA history reports, as Responding Party does not know what is being requested. This overbroad request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections of overbreadth, burdensomeness, proportionality, vagueness, and ambiguity. The Request is not overbroad or unduly burdensome. The County's assertion that the Request seeks documentation for an unlimited time period is plainly incorrect. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. And the United States is not requesting that the County compile any data. Rather, the United States requested that the County identify and produce documents that are responsive to each of the enumerated categories or subcategories in the Request. If it is more convenient for the County to create a document with this information, the United States will accept that, otherwise the County is required to provide the information as it exists. Even if the responsive documents are voluminous, that does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours).

Moreover, this Request contains no vague or ambiguous language. Its meaning is clear. The County cannot "conjure up ambiguity where there is none." *Gibson Brands Inc.* 2015 WL 12681376, at *2. To the extent the County does not understand the phrases "CFMHP reports" or "CPRA history reports," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller*, 303

F.R.D. at 488. It cannot simply withhold responsive documents. *Id*. However, to assist the County in locating responsive documents, attached to this letter are documents that show County employees using the phrases Crime Free Multi-Housing Program or "CFMHP" reports and California Public Records Act or "CPRA" history reports. *See* Attachment 3.

The assertion that documents reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is highly relevant because this activity was used to justify the need for a crime free rental housing program in Hesperia, and it could serve as the basis for evictions (formal or informal) under Hesperia's crime free rental housing program. *See* Compl. at 5, 8-9, 12-15; First Am. Compl. at 5-6, 9-10, 12-15. The documents requested would show what information was known and tracked concerning the properties where enforcement of the ordinance did and did not occur. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

15. Request for Production No. 17

This Request seeks "[d]ocuments and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a 'future-cite list,' evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated)."

(a) <u>County's Objections and Responses</u>

The County objected on the grounds that the Request "seeks a compilation of specific data which is not kept within Responding Party's usual course of business.  This request may also require the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…."  County's Responses at p. 19.  The County stated that it would produce copies of all responsive documents within its possession.  *Id*.

(b) <u>Deficiencies in County's Response</u>

The documents produced in response to this Request are materially incomplete.  The County produced only fourteen documents that aggregate several months of notices to landlords, registration forms, and tenant screening forms.  It did not include this information from January 1, 2014 to the present as requested.  The County also failed to produce spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, un-registered properties or owners, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a "future-cite list," voluntary moves, inspections, training class contacts, citations, appeals, or the most recent version of the Excel spreadsheet attached as Attachment B to the Requests.  This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced.  *Davis*, 2009 WL 5470094, at *2.

Contrary to the County's assertions, the United States is not requesting that the County compile any data.  Rather, the United States requested that the County identify and produce documents and data that are responsive to each of the enumerated categories or subcategories in the Request.  If it is more convenient for the County to create a document with this information, the United States is willing to discuss alternative formats, otherwise the County is required to provide the information as it exists.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.  The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

16. <u>Request for Production No. 18</u>

This Request seeks "[d]ata, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases or software either by you or on your behalf."

(a) County's Objections and Responses

The County objected on the grounds that the "request requires the production of documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 19. The County stated that it would produce copies of all responsive documents within its possession. *Id*.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete and largely non-responsive. The County produced only eleven documents that aggregate several months of notices to landlords, registration forms, and tenant screening forms. It did not include this information from January 1, 2014 to the present as requested. The County also failed to produce any "data, documents, or other information related to Hesperia's crime free rental housing program created in, stored in, or generated using the crime free "Easy Tracking" software or any similar databases," which is what was requested. In other words, it appears that the County limited its production to some documents that formed the source for data "created in, stored in, or generated using" the Easy Tracking software or database. As stated (and as we highlighted during the Rule 26(f) process and calls relating to our proposed ESI stipulation), the Easy Tracking data itself is responsive and should be produced. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

17. Request for Production No. 19

This Request seeks "[i]nformation about your use of the "Easy Tracking" software or any similar databases or software, including contracts or other agreements for its purchase or use, billing, list(s) of users, manuals and training materials, and communications."

(a) County's Objections and Responses

The County objected on the grounds that the "request requires the production of documents containing confidential and proprietary information." County's Responses at p. 20. The County stated that it would produce copies of all responsive documents within its possession. *Id*.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced only one document: a billing invoice for the Easy Tracking software for the period 9/8/2014-10/31/2015. The County failed to produce any "contracts or other agreements, list(s) of users, manuals and training materials, and communications" regarding the Easy Tracking software, or any other billing invoices. The County did not produce any documents regarding its use of any similar databases or software. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "confidential and proprietary information." Any such information produced in response to this Request would be covered by the Stipulated Protective Order in this case which specifically provides procedures for the protection confidential or sensitive information. ECF No. 23.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

18. Request for Production No. 22

This Request seeks " [c]ommunications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program, including notifications about calls for service, arrests, criminal activity, nuisances, disturbances, and responses thereto; monthly reports; relating to tenant screenings; relating to training; relating to property registration (including the online registration feature); relating to leases and/or the crime free lease addendum; relating to move-out or eviction or threat thereof; relating to inspections or searches of property; relating to the enactment of the Ordinances (including the drafting of the Ordinances, the reasons for the Ordinances, or potential concerns raised concerning the Ordinances); relating to the description of the crime free rental housing program and its requirements; relating to fines and fees imposed under the Ordinances or appeals of such fines and fees; and relating to the legality or enforceability of the Ordinances."

(a) County's Objections and Responses

The County objected on the grounds that the "Request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time period rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. Responding Party also objects to the extent that this request seeks documentation and communications subject to the attorney-client and work product privileges." County's Responses at p. 22. The County stated that it would produce copies of all responsive documents within its possession "in the format in which they have been preserved." *Id.*

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County provided email communications to or from four individuals—Katherine Herbert, Karen Hunt, Joseph Necochea, and Paula Raihle—for a period of about one year (December 2015 to December 2016). Based on the emails produced (which demonstrate that email was at least one of the primary modes of communication), it is difficult to believe that these email communications are the full complement of emails sent to or from property owners, property managers, or tenants during the time period requested by the United States (January 1, 2014 to the present). *See* Requests at p. 4.

In response to the United States' First Set of Requests for Production to the City, the City produced emails between its staff and Sheriff's Department employees regarding enforcement of the crime free housing program from after December 2016. These emails also show that various Sheriff's Department employees besides the four employees named above helped to enforce the program after December 2016, including but not limited to Brandon Jett, Cathy Green, David Curtis, and Edgar Moran. Furthermore, the City production shows that owners were still receiving citations related to the program at least through March 2020, which demonstrates that enforcement continued at least until then. The County must produce all communications with property managers, owners, and tenants related to the program sought by this Request. The County also failed to include any non-email communications with property owners, property managers, or tenants including letters, citations, forms, audio or video recordings, and notes or transcripts of in-person or phone communications. *Id*. (defining communications).[5] This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of burdensomeness, overbreadth, and proportionality. The County's assertion that the Request seeks documentation for an unlimited time period is plainly incorrect. The United States limited the time period for responsive documents for this Request "from January 1, 2014 to the present." *See* Requests at p. 4. The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

[5] If the County acknowledges that other responsive communications occurred between January 1, 2014 and the present, but believes that it currently does not have them "within its possession," it is required to inform the United States and explain the location of these responsive documents. Moreover, if the County is unable to produce responsive information in native format rather than "in the format in which [it has] been preserved," as the County noted in response to this Request, it is also required to explain this limitation.

Finally, the assertion that communications with property owners, property managers, or tenants of properties in Hesperia relating to the crime free rental housing program are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is highly relevant because such communications show that the crime free rental housing program was enacted despite objections from members of the community, and because the enforcement of the crime free rental housing program occurred almost entirely through such communications. *See* Compl. at 6-7, 10-16; First Am. Compl. at 7-8, 10-16. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under Federal Rule of Civil Procedure 26(b)(1). The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

19.  Request for Production No. 23

This Request seeks "[d]ocuments relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications."

(a)  County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession. County's Responses at p. 23.

(b)  Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced approximately 50 citations/appeals files, seemingly all from Data Ticket, as well as a spreadsheet listing approximately 600 citations with the range of citation numbers CF00001-CF01200. The County failed to produce any other responsive documents from their own files, including for the more than 550 other citations listed on the spreadsheet. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

20. Request for Production No. 24

This Request seeks "[d]ocuments relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including appeal packets or files, data and documents tracking or listing hearings and/or appeals (including all versions of lists maintained by Tina Bulgarelli), appeals decisions, and communications."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession. County's Responses at pp. 23-24.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced approximately 50 citations/appeals files, seemingly all from Data Ticket, as well as a spreadsheet listing approximately 600 citations with the range of citation numbers CF00001-CF01200. The County failed to produce any other documents or communications "relating to hearings or appeals of citations issued to property owners and property managers relating to Hesperia's crime free rental housing program." This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

21. Request for Production No. 25

This Request seeks "[d]ocuments showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession. County's Responses at pp. 23-24.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced only a fee schedule for the crime free rental housing program. The County did not include any "[d]ocuments showing monetary fines or other penalties imposed, paid, or waived relating to, both individually and compilations, summaries, or reports." This incomplete

response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced.  *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

22. Request for Production No. 26

This Request seeks "[d]ocuments relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession.  County's Responses at pp. 24-25.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete and largely non-responsive.  The County produced only twelve documents that aggregate several months of notices to landlords, registrations, and tenant screenings.  It did not include this information from January 1, 2014 to the present as requested.  The County also failed to produce any documents regarding "internal standards or procedures, documents showing the actions you took to screen, and further action you and/or the property owners or managers took thereafter." This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced.  *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

23. Request for Production No. 27

This Request seeks "[d]ata and documents relating to evictions, 'voluntary move outs,' or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession. County's Responses at p. 25.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County provided email communications to or from four individuals—Katherine Herbert, Karen Hunt, Joseph Necochea, and Paula Raihle—for a period of about one year (December 2015 to December 2016). These emails include some communications with property owners or property managers regarding evictions, "voluntary move outs," or notices to cure or to vacate. It also includes some police or incident reports and some statistical information. However, the County did not include this information for the majority of the time period requested by the United States (January 1, 2014 to present). *See* Requests at p. 4. As discussed above for Request No. 22, the City's production included many emails between City staff and Sheriff's Department employees—including multiple individuals besides the four named above—which show that enforcement of the program continued for years after December 2016. *See supra* Part IV.18.b. Moreover, the County did not include tracking information or lists, property and resident information, reports showing counts of evictions, "voluntary move outs," or notices to cure or to vacate, court filings or documents relating to court proceedings, notices, postings, settlement agreements dispatch logs, audio and video recordings of Sheriff's Department activity. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

24. Request for Production No. 28

This Request seeks "[a]ll communications between Defendants' personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections."

(a) County's Objections and Responses

The County objected on the grounds that the "request is overbroad and unduly burdensome as it potentially seeks all documentation for an unlimited time period and seeks all communications between deputies and all personnel from the Probation Department for every topic rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case." County's Response's at pp. 25-26. The County further objects that the "request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of overbreadth, burdensomeness, and proportionality. This Request is not overbroad or unduly burdensome. Contrary to the County's assertion, the Request does not seek documentation for an unlimited time period. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." Moreover, the United States is seeking communications between a specific a limited group of persons: the personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department. The County's objection does not argue that much of the communications between these two groups of personnel would be *unrelated to* the core, defining mission of one of the groups—the crime free rental housing program personnel. Plus, it is that same core, defining mission that is at the center of this litigation. Thus, unless the County provides new information indicating that much of the communications between these two groups of personnel was *unrelated* to implementing or enforcing the program that is at the center of this litigation, the County's "overbroad" argument is meritless. The County's boilerplate, unsupported statement about burden is insufficient, and the County's objection makes no attempt to demonstrate the burden associated with responding to the Request. Even if the responsive communications are voluminous, that does not make producing them unduly burdensome. *Alexander*, 50 F.R.D. at 376 (discovery ordered to proceed in civil rights case against city police department where information sought was obviously necessary, even though defendants asserted that completion would require hundreds of employees to spend many years of man hours). That said, the United States is willing to work with the County to develop a search methodology for email communications if this would expedite and narrow the County's search.

Moreover, the assertion that communications between Defendant's personnel working on the crime free rental housing program and personnel from the San Bernardino County Probation Department, including regarding probation checks, property searches, and inspections, are beyond the scope of Rule 26(b) or disproportionate is plainly incorrect. This documentation is relevant because of the roles played by the two groups of personnel: one implements and enforces the crime free rental housing program with a focus on identifying persons with criminal backgrounds or allegedly engaging in criminal activity, and the other has authority over and frequent contact with some individuals who have been convicted of crimes in the past. This information is relevant to the claims and possible defenses in this litigation and discovery on this topic is permissible under the Federal Rule of Civil Procedure 26(b)(1). The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents

withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

25. Request for Production No. 29

This Request seeks "[y]our press releases, public statements and interviews (including written statements as well as audio and video recordings), content in newsletters (including the "Hesperia Horizon"), content that was posted previously on your website or social media accounts but which is no longer available publicly, and social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program."

(a) County's Objections and Responses

The County objected on the grounds that the Request seeks "documents [that] are equally available to Propounding Party." County's Responses at p. 26. The County did not identify which portions of responsive information are equally available to the United States. Nonetheless, the County said that it would produce "copies of documents responsive to this request that are within its possession." However, the County did not provide any documents in response to this Request by the production deadline, and it did not state in its response a time when it would produce them.

(b) Deficiencies in County's Response

The County is required to provide responsive documents to this Request. "An objection that documents are equally available to the requesting party is inappropriate. *Miller v. White*, No. CV-14-7543, 2020 WL 4001624, at *6 (C.D. Cal. May 27, 2020); *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (finding objections that certain discovery requests seek information equally available to other party are insufficient to resist a discovery request). Moreover, the documents requested are not "equally available" to the United States because the County is in the best position to know when and where the requested documents were made publicly available, and if there are responsive documents that are no longer publicly available. The Request also seeks "content that was posted previously on your website or social media accounts but which is no longer available publicly," which is not available to the United States. Finally, this Request seeks "social media activity (including posts, likes, shares, and comments) on your accounts and/or your officials, officers, and employees' accounts regarding the crime free rental housing program." This information—including knowledge about what accounts exist and have responsive content, as well as content on accounts that are not fully accessible to all members of the public—is not equally available to the United States. As noted above, the County's obligation under the Federal Rules extends not only to content "within its possession," but also content within its "control." *Hill*, 242 F.R.D. at 560 ("[A] party responding to a Rule 34 production request is

under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control.").

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

26. Request for Production No. 30

This Request seeks "[d]ocuments relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it is "unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not within its possession, custody, or control." County's Responses at p. 27. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The County is obligated to conduct a diligent search or make a reasonable effort to obtain documents responsive to the United States' requests. *See Kaur*, 2007 WL 1449723, at *2 (ordering defendants to conduct an additional search for responsive documents and reminding defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents"). It is inconceivable "that responsive documents are not within [the County's] possession, custody, or control." Captain Nils Bentsen from the Sheriff's Department "was the 'driving force' behind the [crime-free rental housing] program" and his testimony to the City Council cited crime data and statistics that were central to the enactment of the 2015 Ordinance. Compl. at 8-9; First Am. Compl. at 9-10. Further, the Sheriff's Department, which provides local police services to the City of Hesperia under a contract with the County, is responsible, in part, for the enforcement of the 2015 Ordinance. Any documents (as described in the Request) reviewed, relied on, presented by, disseminated by, or provided to Captain Bentsen, Sheriff's Department employees, or County employees are responsive to this request.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

27. Request for Production No. 31

This Request seeks "[d]ocuments relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it is "unable to comply with this request because following a diligent search and reasonable inquiry, Responding Party is informed and believes that responsive documents are not within its possession, custody, or control." County's Responses at pp. 27-28. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The County is obligated to conduct a diligent search or make a reasonable effort to obtain documents responsive to the United States' requests. *See Kaur*, 2007 WL 1449723, at *2 (ordering defendants to conduct an additional search for responsive documents and reminding defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents"). The Sheriff's Department, which provides local police services to the City of Hesperia under a contract with the County, was responsible, in part, for the design and enforcement of the 2015 Ordinance, which was amended to become the 2017 Ordinance. To the extent any data was considered as part of the amendment process, the Sheriff's Department necessarily would have been involved in gathering that data. In addition, the Sheriff's Department played a significant role in the design of the 2015 Ordinance as well as its enforcement, so it is unlikely that the Sheriff's Department played no role in its amendment. As such, it is unlikely that there are no responsive documents within the County's possession, custody, or control. Any documents (as described in the Request) reviewed, relied on, or disseminated to or by Sheriff's Department employees or County employees are responsive to this request.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

28. Request for Production No. 32

This Request seeks "[d]ocuments relating to meetings (including, but not limited to, official Board meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental

housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced."

(a) County's Objections and Responses

The County objected on the grounds that the "request [is] overbroad as it seeks documents related to all meetings and seeks the production of documents subject to attorney-client and attorney work-product privileges." County's Responses at p. 29. The County stated that it would produce copies of all responsive documents within its possession. *Id*.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced three emails and two attached flyers related to crime-free rental housing program training sessions. The response did not include agendas, minutes, audio or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental housing program relating to the particular meetings as requested. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objection on the basis of overbreadth. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

29. Request for Production No. 34

This Request seeks "[a]ll documents including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and

workpapers (including drafts and markups), and communications about the recommendation and its basis."

(a) County's Objections and Responses

The County objected on the grounds that the "request seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." County's Responses at p. 29. The County stated that it would produce copies of all responsive documents within its possession. *Id*.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced 46 emails (converted to PDFs) and their attachments, as well as seven other documents. The County failed to produce any other "documents including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis." This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

30. Request for Production No. 35

This Request seeks "[d]ocuments relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request and stated that it would produce copies of all responsive documents within its possession. County's Responses at p. 30.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County provided reports for a one-year period with aggregate data regarding tenant screenings, active registrations, arrests, searches, and evictions. The response did not include these reports from January 1, 2014 to the present as requested by the United States nor did it include the "data used to generate such reports or assessments." This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

31. Request for Production No. 36

This Request seeks "[d]ocuments relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments."

(a) County's Objections and Responses

The County objected on the grounds that this "request is overbroad and unduly burdensome because this request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter and rendering the request beyond the scope set forth in Rule 26(b). Specifically, the County's crime free multifamily housing program is not relevant to this litigation." County's Responses at pp. 30-31. The County further objects that the Request "seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of overbreadth, burdensomeness, and relevance. The assertion that documents about the effectiveness of the County's crime free multifamily housing program is beyond the scope of Rule 26(b) is plainly incorrect. This program was in place in Hesperia prior to—and appears to have provided, in many ways, a blueprint for—the enactment of the City of Hesperia's crime-free rental housing program. The City enacted its more robust crime-free rental housing program based in part on "problems" with other crime free programs that were identified by the Sheriff's Department captain who was the "driving force" behind the City's crime-free rental housing program—the same Sheriff's Department captain whose staff had been implementing the County's Crime Free Multi-Housing Program in Hesperia up to that time. Compl. at 8; First Am. Compl. at 9. Information about the effectiveness of the County's crime free multifamily housing program is relevant to the claims and possible defenses in this litigation, which is clearly permissible under Rule 26. "Discovery is not limited to issues raised

by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler,* 2016 WL 11525311, at *2. Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

32. Request for Production No. 37

This Request seeks "[d]ocuments relating to annual crime reports produced by the Sheriff's Department from 2014 through to the present, including (as defined above) all versions, drafts, and communications."

(a) County's Objections and Responses

The County objected on the grounds that this "request is overbroad and unduly burdensome because it seeks the production of crime reports generated by the Sheriff's Department for all of the county and each city within which are not relevant to the claims and/or defenses in this matter, and rendering this request beyond the scope set forth in Rule 26(b)." County's Responses at p. 31. The County further objects that the "request also seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege, and official confidential information subject to public interest privileges." *Id*. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of overbreadth, burdensomeness, and relevance. The assertion that the requested documents are overbroad and beyond the scope of Rule 26(b) is incorrect. The City of Hesperia's crime-free rental housing program was purportedly enacted to reduce crime, *see* Compl. at 2; First Am. Compl. at 3, and it relied on a data that showed a supposed connection between rental properties and increased "illegal activity" and "law enforcement calls for service." *Id*. at 6. The United States has alleged that that rationale is pretextual, and that the City sought to intentionally evict and deny housing to African-American and Latino renters. *Id.*

Annual crime reports from the County and its subdivisions will, among other things, allow the United States to compare changes in crime statistics in the City of Hesperia to changes in crime in other cities in the County.  This is plainly relevant to the claims and possible defenses in this litigation and within the scope of Rule 26(b).  "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  *Butler,* 2016 WL 11525311, at *2.  Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.

Moreover, the County cannot claim that Request No. 37 is "overbroad" and then not produce the subset of information that it agrees is appropriate (*i.e.*, not overly broad).  Rule 34 requires a responding party, even if it objects to the scope of a request, to specify the part that is objectionable but also "permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(B).  "Overbroad" is an objection to the outer boundaries of the request; the County cannot use that objection to refuse also to produce core, responsive materials.  "An objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad.  Examples would be a statement that the responding party will limit the search to documents or electronically stored information created within a given period of time prior to the events in suit, or to specified sources.  When there is such an objection, the statement of what has been withheld can properly identify as matters 'withheld' anything beyond the scope of the search specified in the objection."  Fed. R. Civ. P. 24 advisory committee's note (2015).  The County cannot argue in good faith in this litigation that there are not some parts (if not all) of Request No. 37's call for "annual crime reports" that are appropriate.  For example, the County cannot argue in good faith that any crime reports from the relevant time period (and related documents) that included information about or referenced the City of Hesperia would be "overbroad" in light of the claims and defenses in this case.  Rule 34 required the County to lodge its objection but also produce what is appropriately requested.  The County failed to do so.  The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States incorporates its arguments in *supra* Part III with respect to the privileges and immunities the County has asserted in response to this Request.  The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

33. Request for Production No. 38

This Request seeks "[a]ll documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit."

(a) County's Objections and Responses

The County objected on the grounds that this "request seeks the production of documents that are irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's and/or employee's constitutional rights to privacy afforded by the United States and California Constitutions." County's Responses at p. 32. The County also objects that the Request "seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege. Specifically, this request seeks confidential personnel records, official confidential information subject to public interest privilege and complaints which are not related to the issues in this case." *Id*. The County also asserts that its crime free multifamily housing program is not relevant to this litigation. *Id*. The County produced some documents in response to this Request.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced documents related only to complaints filed with United States Department of Housing and Urban Development ("HUD"), and which HUD referred to DOJ in connection with this lawsuit. The County failed to produce any information about any other complaints, grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program or the County's crime free multifamily housing program. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of relevance and proportionality. The assertion that the requested documents are irrelevant or disproportionate is incorrect. The United States alleges, *inter alia*, that the City of Hesperia's "crime-free rental housing" program was enacted and enforced to intentionally evict and deny housing to African-American and Latino renters. *See* Compl. at 11; First Am. Compl. at 11. The County's crime free multifamily housing program was in place in Hesperia prior to—and appears to have provided, in many ways, a blueprint for—the enactment of the City of Hesperia's crime-free rental housing program. Documents that relate to complaints, grievances, administrative claims, or lawsuits filed against the County related to the crime free rental housing program or the County's crime free multifamily housing program are plainly relevant. Among many other reasons, other complaints are highly relevant to identify potential aggrieved persons or other witnesses and to rebut

Defendants' defenses. "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler,* 2016 WL 11525311, at *2. Nor has the County offered any information about how that clear relevance is outweighed for purposes of proportionality. Thus, the County cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.

The United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b. The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

34. Request for Production No. 39

This Request seeks "[a]ll documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the County alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits."

(a) County's Objections and Responses

The County objected on the grounds that the "request is unduly burdensome as it seeks documentation for an unlimited time period for which Responding Party lacks the resources to obtain, rendering this request beyond the scope and limit of Rule 26(b) and disproportionate to the needs of this case. Responding Party further objects to the extent that this request seeks the production of documents that are overbroad and irrelevant to the claims and/or defenses in this matter, nonproportional to the needs of the case, and seeks documents that violate a third party's and/or employee's constitutional rights to privacy afforded by the United States and California Constitutions…." County's Responses at p. 33. The County further objects that the Request "seeks documents subject to the official information privilege, law enforcement privilege, and documentation subject to investigatory files privilege. Specifically, this request seeks confidential personnel records, official confidential information subject to public interest privilege and complaints which are not related to the issues in this case." *Id.* The County produced some documents in response to this Request.

(b) Deficiencies in County's Response

The documents produced in response to this Request are materially incomplete. The County produced documents related only to complaints filed with HUD, and which HUD referred to DOJ in connection with this lawsuit. This incomplete response is essentially a failure to disclose and the County could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2. The assertion that the requested documents are beyond the scope of Rule 26(b) or disproportionate is incorrect. The United States alleges, *inter alia*, that the Sheriff's Department—with the City's and County's knowledge and assent—enforced the "crime-free rental housing" program to intentionally evict and deny housing to African-American and Latino renters. *See* Compl. at 11; First Am. Compl. at 11. Documents that relate to complaints, grievances, administrative claims, or lawsuits filed against the County alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station are plainly relevant. "Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." *Butler,* 2016 WL 11525311, at *2. The County has failed to state how this clear relevance is outweighed for purposes of proportionality, and it cannot unilaterally limit the discovery sought in this litigation based on its narrow interpretation of what is relevant.

Moreover, the United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of burdensomeness, proportionality, overbreadth, and relevance. The County's assertion that the Request seeks documentation for an unlimited time period is plainly incorrect. The United States limited the time period for responsive documents for this Request to "January 1, 2014 to the present." *See* Requests at p. 4. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Finally, the United States incorporates its arguments above for Request No. 2 with respect to the County's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b. The United States also incorporates its arguments in *supra* Part III with respect to the many privileges and immunities the County has asserted in response to this Request. The United States further reiterates that the County is required to (1) state whether it is withholding responsive documents on the basis of a claimed privilege or immunity, (2) include all documents withheld on a privilege log, and (3) include the information necessary for the United States and the Court to assess the privileges or immunities asserted.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

35. Request for Production No. 40

This Request seeks "[a]ll maps or similar documents used to log or track data for any purpose related to the crime free rental housing program in Hesperia."

(a) County's Objections and Responses

The County objected on the grounds that this "request is vague and ambiguous as to 'similar documents'" because Responding Party does not understand what 'similar documents' it should produce. County's Responses at pp. 33-34. The County did not provide any documents in response to this Request.

(b) Deficiencies in County's Response

The United States incorporates its arguments in *supra* Part II with respect to the County's boilerplate objections on the basis of vagueness and ambiguity. This Request contains no vague or ambiguous language. Its meaning is clear. The County cannot "conjure up ambiguity where there is none." *Gibson Brands Inc.,* 2015 WL 12681376, at *2. To the extent the County does not understand the phrase "similar documents," it must "explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding." *Heller* 303 F.R.D. at 488. It cannot simply withhold responsive documents. *Id*. It is difficult to believe that the County has no documents that "log or track data for any purpose related to the crime free rental housing program in Hesperia," including, for example, to track the efficacy of the program. The United States requests that the County withdraw its boilerplate objections and provide full and complete responses to this Request, or else (1) state the grounds for its objections with specificity and supporting evidence and (2) state whether any responsive materials are being withheld on the basis of the objections.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

36. Request for Production No. 41

This Request seeks "[a]ll emails sent to and from the email address CrimeFreeRental@ cityofhesperia.us, as well as any saved drafts and contact list(s)."

(a) County's Objections and Responses

The County did not cite any specific objections to this Request, but stated that responsive documents are not in its possession, custody, or control. County's Responses at p. 34.

(b) Deficiencies in County's Response

The City of Hesperia's responses—signed by counsel who is also counsel of record for the County—state that emails sent to CrimeFreeRental@cityofhesperia.us were "automatically forwarded to San Bernardino County staff and are not maintained or reviewed by any employees

of the City." Despite the County's assertions, these documents appear to be in the County's possession, custody, or control. The County has a duty to conduct complete searches of its records to find all responsive documents. *HM Elecs., Inc. v. R.F. Tech., Inc.,* No. 12-CV02884, 2015 WL 2714908, at *20 (S.D. Cal. August 7, 2015) (imposing sanctions against a party that had certified that no responsive documents existed, when it was later revealed that such responsive documents did, in fact, exist), *vacated on other grounds*, 171 F. Supp. 3d 1020, 1034 (S.D. Cal. 2016).

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

V. Failure to Supplement

Finally, on a July 15, 2020, call, counsel for the County stated that it needed to supplement this production after locating "cabinets of documents" that were responsive to the United States' Requests. To date, the County has not provided any additional documents. The County must supplement its response in a timely manner after it learns that its responses are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1); *see also The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SA-CV-08-1339, 2010 WL 4590766, at *25 (C.D. Cal. Oct. 8, 2010). The United States requests that the County immediately provide these supplemental documents.

To resolve these issues and avoid the unnecessary involvement of the Court, we ask that the County (1) produce all documents responsive to each of the Requests (2) in the format requested by the United States, and (3) produce a proper privilege log, as outlined above, by **November 13, 2020**. Please also consider this letter a request to confer in accordance with Local Rule 37-1 which requires the parties to discuss these discovery disputes within 10 days of the date of this letter. We are available for a phone conference on **November 4, 2020 from 10 a.m. to 1 p.m. PST, or on November 6, 2020 from 9 to 10 a.m. or from 12 to 1 p.m. PST**. If these times do not work for you, please let us know what date and time you are available to meet. We look forward to your prompt response.

Respectfully,

Nicola T. Hanna
United States Attorney

[signature]

Assistant U.S. Attorney
Civil Rights Section, Civil Division

Sameena Shina Majeed
Chief

[signature]

Trial Attorney
Housing and Civil Enforcement Section

Attachments

# Attachment 1

**From:** Herbert, Katherine
**To:** Ramirez, Rosalva
**Subject:** RE: Crime free hesperia!!!!!!!
**Date:** Friday, April 29, 2016 4:14:00 PM

Lame, Friday should be a day of preparation for a weekend of rest!!

All of the supervisors in dispatch are allowed to enter them, so maybe it's a supervisory thing. Last time I spoke to one of them, they said it was tedious and took awhile… So if I'm supposed to fax over five pages of premise histories that need to be entered, so be it!!! Hahaha. Thanks for trying though.

Let's get together soon, and also after the baby is here.. We will have something for you that you will need. ☺

SHERIFF'S SERVICE SPECIALIST K. HERBERT
CRIME FREE RENTAL HOUSING PROGRAM

**SAN BERNARDINO COUNTY SHERIFF'S DEPT**
**HESPERIA SHERIFF'S STATION**
DESK: 760/947-1500 [ext. 4501]
CELL: 442/800-3779
FAX: 760/949-1566

---

**From:** Ramirez, Rosalva
**Sent:** Friday, April 29, 2016 3:57 PM
**To:** Herbert, Katherine <kherbert@SBCSD.ORG>
**Subject:** RE: Crime free hesperia!!!!!!!

Hey Lady! Thanks all is well over here, just been swamped running queries that are RUSH RUSH on a Friday!!! [sigh]

I know it! (Baby in less than 3.5 months, YIKES!!!!!!!...........ready or not LOL)

About the premise history deal, remember I mentioned that I had spoken to Dan Watters (TSD/RMS guy)? Well, when I mentioned it he said "he knew exactly what I was referring to" and that the reason that it hasn't been implemented or "allowed" is because the RMS team hasn't established written policy regarding it (data entry, permissions, etc). Sorry I don't have

more info than that, but I threw it out there again today after I saw your email and for some reason there is some hesitance (not sure why).

P.S. I miss you too!!! I shall come visit or we can set something up soon! Time is flying!!!

~*Rosie*

---

**From:** Herbert, Katherine
**Sent:** Friday, April 29, 2016 9:04 AM
**To:** Ramirez, Rosalva <rxramirez@SBCSD.ORG>
**Subject:** Crime free hesperia!!!!!!!

Hey lady (and Xander)!!!! I hope you all are doing well and getting ready for baby time, it's going to be here before you know it!

I was wondering about the premise history access yesterday for my Crime Free properties, did you happen to hear anything about it yet? Turns out, that certain supervisor that was supposed to be looking into it may not be working for the department anymore… So I might actually be able to get access this time! haha.

And have I mentioned that I miss you!! Come visit me soon. ☺

**Sheriff's Service Specialist K. Herbert**
Crime Free Rental Housing Program

**San Bernardino County Sheriff's Dept**
**Hesperia Sheriff's Station**
Desk: 760/947-1500 [ext. 4501]
Cell: 442/800-3779
Fax: 760/949-1566

**To:** Ramirez, Rosalva
**Cc:** Martinez, Jeremy
**Subject:** RE: Crime free hesperia!!!!!!!
**Date:** Wednesday, May 4, 2016 9:35:34 AM

Good morning Rosie,

I spoke to Sgt Martinez this morning about the premise history access. He said our captain wants us to have the access since we'll be updating it periodically. If they can't make that happen for us, would someone actually be willing to enter in all of the information as I accumulate it? I want to add something like "Crime Free Member" so we can track which properties are registered, any security guard information, plus the on-site manager's or emergency contact information. I have three pages of apartment complexes and a couple single-family homes so far.

SHERIFF'S SERVICE SPECIALIST K. HERBERT
CRIME FREE RENTAL HOUSING PROGRAM

**SAN BERNARDINO COUNTY SHERIFF'S DEPT**
**HESPERIA SHERIFF'S STATION**
DESK: 760/947-1500 [ext. 4501]
CELL: 442/800-3779
FAX: 760/949-1566

---

**From:** Ramirez, Rosalva
**Sent:** Friday, April 29, 2016 3:57 PM
**To:** Herbert, Katherine <kherbert@SBCSD.ORG>
**Subject:** RE: Crime free hesperia!!!!!!!

Hey Lady! Thanks all is well over here, just been swamped running queries that are RUSH RUSH on a Friday!!! [sigh]

I know it! (Baby in less than 3.5 months, YIKES!!!!!!!............ready or not LOL)

About the premise history deal, remember I mentioned that I had spoken to Dan Watters (TSD/RMS guy)? Well, when I mentioned it he said "he knew exactly what I was referring to" and that the reason that it hasn't been implemented or "allowed" is because the RMS team hasn't established written policy regarding it (data entry, permissions, etc). Sorry I don't have

more info than that, but I threw it out there again today after I saw your email and for some reason there is some hesitance (not sure why).

P.S. I miss you too!!! I shall come visit or we can set something up soon! Time is flying!!!

*~Rosie*

---

**From:** Herbert, Katherine
**Sent:** Friday, April 29, 2016 9:04 AM
**To:** Ramirez, Rosalva <rxramirez@SBCSD.ORG>
**Subject:** Crime free hesperia!!!!!!!

Hey lady (and Xander)!!!! I hope you all are doing well and getting ready for baby time, it's going to be here before you know it!

I was wondering about the premise history access yesterday for my Crime Free properties, did you happen to hear anything about it yet? Turns out, that certain supervisor that was supposed to be looking into it may not be working for the department anymore… So I might actually be able to get access this time! haha.

And have I mentioned that I miss you!! Come visit me soon. ☺

**Sheriff's Service Specialist K. Herbert**
Crime Free Rental Housing Program

**San Bernardino County Sheriff's Dept**
**Hesperia Sheriff's Station**
Desk: 760/947-1500 [ext. 4501]
Cell: 442/800-3779
Fax: 760/949-1566

**Attachment 2**

City of Hesperia
STAFF REPORT

**DATE:** September 16, 2014

**TO:** Mayor and Council Members

**FROM:** Mike Podegracz, City Manager

**BY:** Scott Priester, Director of Development Services
Nils Bentsen, Police Captain
Tina Bulgarelli, Administrative Analyst

**SUBJECT:** Crime Free Housing Program Discussion

---

## RECOMMENDED ACTION

It is recommended that the City Council provide direction to staff concerning the possible establishment of a mandatory Crime Free Housing program in the City.

## BACKGROUND

Police Department staff is proposing the initiation of a mandatory crime free housing program. Currently Police operates a voluntary crime free multi-housing program for multi-family (2 or more) unit residences in the City. Police staff believes that by making changes to the current program, a larger number of properties can be encouraged to participate and a more effective approach to the program can be adopted which would ultimately lead to a reduction in crime within the City.

## ISSUES/ANALYSIS

The Police Department is one of the City's divisions responsible for the health, welfare, and safety of the citizens of Hesperia. Balancing the need for police presence with police resources, the City has employed several programs to help keep these costs down by adopting fine schedules that help control noise, disturbances, and crime. 1) The current crime free multi-housing program (CFMHP) allows for evictions based on violations, offers training for managers and owners on responding to crime at their properties and contact between owners and the Police Department; 2) The Police Multiple Disturbance Response Program which allows for the Police Department to respond to and fine residents and businesses for repeated loud parties and boisterous out-of-control gatherings, and false alarms, which drain police resources and; 3) The City also had a Rental Housing Certification program from 2007-2012, which included an annual inspection of each rental property in the City for code violations and smoke detector compliance. These are discussed below:

**1. <u>Crime Free Multi-Housing Program</u>**
The Crime Free Multi-Housing program has 23 multi-family properties registered. The managers of these properties have completed the Crime Free Managers Training Course and have periodic contact with the Police Department to obtain calls for service records at their properties. The owners have the ability to choose to initiate an eviction if a tenant violates the crime free program.

**2. Police Multiple Disturbance Response Program**

The Police Multiple Response Program was adopted in 2007. This is established in Hesperia Municipal Code Chapter 1.12.130.16. This program was implemented to deal with the high number of calls for service for loud parties or music, neighborhood disturbances from boisterous, large gatherings and false alarms at businesses that were sapping police resources. With the program, properties are allowed one warning when police respond to the residence for loud music, parties, boisterous disruptive gatherings, or disturbing the peace. The Police can also respond to businesses and residences for false alarms, unfounded 911 calls, off-highway vehicle use and other municipal code violations that cause noise or disturbances. After an initial warning the property is placed on probation for a period of three years. During that time, if the property receives any further responses a fine schedule allows the City to recoup the costs of police response through a sliding scale which becomes incrementally larger as more responses are recorded at a property. There are currently 1,050 properties that have received a response since program inception, 530 of those properties are rentals, or a little more than ½ of all registrants. Of the 530 properties, 114 have required more than one response by Police. The rest of the registered properties are owner-occupied or businesses that received false alarm response(s).

Staff believes that this program can be an asset to the Crime Free Housing Program in that properties that receive a Police Response can be cross-referenced to ensure that they have a valid rental agreement with the Police Department. Additionally, the presence of a Crime Free Housing agreement may reduce the number of service calls for disturbing the peace and other disruptions to neighborhoods as a result of a more stringent screening process for tenants.

**3. Rental Housing Certification Program**

The Rental Housing Certification Program was adopted by the City Council in May 2007 under Hesperia Municipal Code Chapter 5.06.010. This program was originally adopted as a way to identify and track rental properties within the City for blight, group home activity, and code violations. It was also a way for the City to reduce the staff time necessary for Code Enforcement to pursue out-of-town owners of rental properties with code violations by performing an annual inspection under the auspice that an annual inspection would encourage owners to maintain their properties on a more regular basis, thereby reducing the number of violations over time. The program was moved to the Building and Safety division in 2008 with inspections performed by Community Development Technicians. As an additional facet, in 2009, the City Council also adopted the Smoke Detector Certification program wherein owners of rentals could certify that each rental unit had working smoke detectors as part of their yearly inspection, further reducing staff time to track and certify smoke detectors as required by State law.

The program, at its height, included 899 single-family residences and 198 multi-family properties comprising 2,315 units. Of these properties, 1,072 had owners who did not reside within the City. Approximately 1,380 inspections were performed annually. Inspections addressed such issues as property maintenance, trash and debris, inoperative vehicles, and lack of maintenance on the home such as the need for a new roof or paint. Internal inspections were performed as requested by tenants to address indoor maintenance concerns. The success of the program was due in large part to the time and effort it saved in Code Enforcement costs as the program was operated through Building and Safety, and smaller code issues were handled through annual inspections, increasing overall property maintenance.

The program operated as adopted from 2007 through 2011. In December 2011, several revisions to the program were submitted to Council, including a change in language to include re-naming the program to align it with neighboring cities, a change in wording to mandate that all properties where the owner did not reside in the home were certified each year, and several changes dealing with the way corrections were handled by the City and the inspection procedures for the program. In January 2012, the City Council directed staff to return with more information on the program and offer options for each change. The item was re-introduced to the Council in March 2012 and included the options requested and additional information on the program itself. After review in March, and May 2012, the City Council decided to eliminate the program. On June 19, 2012 the Ordinance and program was repealed by the City Council.

**Proposed Crime Free Housing Program (CFHP)**

Major facets of the proposed Crime Free Housing Program are discussed below:

**A. Registration Procedures**

The single largest change to the existing Crime Free Multi-Housing Program is the recommendation to require mandatory registration for all rental properties. Property owners will be required to register online through a City portal. This can be achieved through ETrakiT, an existing online payment/registration portal available through the TrakiT system. Staff is recommending charging a fee of $65 per property for registration of Single Family Residences and two-dwelling apartments and $65 per property plus $4 per unit for apartment complexes (greater than 2 units). This registration would be due annually from each property owner, similar to the defunct Rental Housing Certification Program.

The following fees are proposed for the program:

1. Single Family and 2-unit Multi-Family Registration — $65/property
2. Multi-Family (3 or more units) Registration — $65/property + $4 per unit

**B. Program Details**

The suggested program would contain several mandatory measures for registrants. These are listed below:

1. Compliance with Crime Free Multi-Housing and a current Crime Free Multi-Housing contract on file with the Police Department;
2. Each rental contract shall contain a Crime Free contract;
3. Each renter shall be checked through a tenant screening service which also must check Rental Reporting Database, Credit Report, National Criminal Background Check, Social Security Number Validation, and ID Mismatch;
4. Mandatory eviction for persons who commit serious violations of the program or who are charged with a crime that occurs on the property;
5. Mandatory eviction for persons who commit crimes that can be directly linked back to the residence (i.e. being arrested for theft and storing the stolen property at the residence);
6. Penalties for not purchasing a license;
7. Penalties for not starting an eviction within ten days of tenant violation when required by the Police;

The main goal of the program is to reduce crime by removing persons who engage in criminal behavior from residences, thereby reducing the time the Police spend in dealing with these persons and reducing the overall criminal element within the City.

Staff believes that having these mandatory measures built into the program will increase the effectiveness of the program, and reduce crime in the City. Property owners will benefit from having a way to legitimately evict tenants who commit crimes at their residences and having a more stringent screening process for potential tenants.

**C. Penalties for Violations**

Staff anticipates operating the program through yearly registration. Failure to register the property would incur penalties for the owner. These penalties will increase incrementally based upon the size of the property and level of compliance with the program. For example, a 100-unit apartment complex that is not registered could incur a fine of up to $1,000 for failure to participate, under the auspice that larger properties could potentially incur more service time from Police if they are not participating in the program and screening their tenants.

Tenant violations could also incur penalties. Each property owner will be responsible for enforcing the crime free rules and mandatory measures. If necessary, due to violations, the Police could require that the owner evict the tenant who is in violation. Violations of the Crime Free housing agreement would be assessed based upon severity, with penalties assessed according to the severity level as deemed appropriate by the Police. Penalties would range from fines to mandatory eviction. Mandatory eviction would be enforceable on any program violation deemed severe by Police. In those cases the owner would have ten days within which to begin the eviction process on the violating tenant. Should the owner refuse to evict the tenant or does not make progress in the eviction process, fines could be leveraged against the owner for refusal to comply with the program statutes. The suggested penalties for the program are listed below:

| | |
|---|---|
| 1. Failure to Register Property Annually 1-99 units | $500/occurrence |
| 2. Failure to Register Property Annually 100 + units | $1,000/occurrence |
| 3. Crime Free Housing Violation-Minimum to Moderate | 1st-$100/2nd-$200/3rd+$500 |
| 4. Crime Free Housing Violation-Severe | $500 + possible eviction |
| 5. Crime Free Housing Violation with criminal activity | Eviction |
| 6. Appeal of Violation | $25 non-refundable |

All penalties are subject to the discretion of the Police Department

**D. Appeals**

Any assessed penalty would be appealable by either the tenant or the owner and the hearing would be held by a third party hearing officer as with all other Municipal Code violations. The City fee schedule already contains a fee for appeals, currently $25 per appeal.

**Steps to Implementation**

Introducing a program of this magnitude will require several layers of community outreach. Staff proposes the following steps to notifying the community of the proposed program and offering education on crime free housing after adoption:

**Prior to City Council Potential Consideration/Adoption**

1. Present the item to the City Council Advisory Committee during the planning phases to gain insight into community concerns and help mold the ordinance to serve the community most efficiently.
2. In anticipation of the City Council Advisory Committee meeting, advertise the meeting in the newspaper, in addition to the required public hearing advertisement (two different local newspapers, possibly).
3. Invite the local real estate/property manager representatives to participate in the planning and implementation process to gain feedback from local stakeholders.
4. Present the item at a Public Hearing before the City Council.

**Following Adoption (Contingent on Adoption)**

1. Present the item in the Horizon newsletter on at least two occasions to ensure that local property owners are aware of new regulations and have adequate time to respond and register.
2. Prepare a mass mailing to all out-of-state property owners using the City's available property assessment records to ensure they are aware of new regulations.
3. Hold at least two workshops on Crime Free Housing to educate owners, managers, and tenants about expectations of the City and Police Department. Make the workshops available via the internet so that out-of-town property owners can watch via live feed.
4. Prepare educational materials that can be handed out at the public counter at City Hall such as brochures about Crime Free Housing and the program in general.
5. Offer multiple opportunities for managers and owners to attend any required training sessions at a convenient location in the City, consider having two locations one for the east side of town and one for the west side.
6. All records will be kept in the City's land management system, TrakiT, and access will be provided to Police staff.
7. An application for online registration will be built and registration will be available online via ETrakiT, the City's online portal through TrakiT.
8. Continue to offer education courses on an annual or bi-annual basis so that new owners can be educated.

If adopted, staff will likely recommend a grace period of one year from adoption to allow all property owners ample time to register their properties and receive any training that may be necessary to comply with the program.

**FISCAL IMPACT**

Staff believes, based on data from the County gathered in 2007 at the start of the Rental Housing Certification program that the City has approximately 5,500 rental units. In order to administer this program effectively, the Police Department anticipates the addition of two additional deputy positions with vehicles who would work the program as their sole responsibility, and two office personnel to administer paperwork, schedule appeal hearings, and manage the day to day operations.

Data from 2012 indicates that there were 899 single family residences registered as rentals. There were 2,315 multi-family units at 198 properties. Using these figures the anticipated revenue from the program would be approximately 80,630 which would help fund the deputy and office personnel. Using the approximate figure of 5,500 units the expected revenue could be as much as $357,500 at a rate of $65 per property, which does not include the additional $4 per

Page 6 of 6
Staff Report to the City Council
Possible Crime Free Housing Program Implementation
September 16, 2014

unit for apartments. These approximate figures do not include any potential fine amounts that may be assessed.

**ALTERNATIVE(S)**

1. Provide alternative direction to staff.

**ATTACHMENT(S)**

Ex. 20-2
Page 528

# Attachment 3

**From:** Hunt, Karen
**To:** Necochea, Joseph
**Subject:** FW: CPRA - Hesperia Crime Free Rental Program
**Date:** Wednesday, June 1, 2016 2:57:00 PM
**Attachments:** Crime Free CPRA Call History-13211 La Crescenta.pdf
image001.png

---

*Karen Hunt* ☺
Public & Media Relations Officer
760-947-1549
Hesperia Sheriff's Station
San Bernardino County Sheriff's Dept.

---

**From:** Smith-Kelly, Michelle
**Sent:** Wednesday, June 01, 2016 1:46 PM
**To:** Torres, Cesia <ctorres@SBCSD.ORG>
**Cc:** Hunt, Karen <khunt@sbcsd.org>
**Subject:** RE: CPRA - Hesperia Crime Free Rental Program

Hi Again,

Karen confirmed this is a single family residence that we don't generate CFMHP reports for, so I have attached a the standard CPRA call history report for this residence from 1/1/16-5/31/16. ☺ If you need anything else, let me know.

Thanks,

Michelle Kelly, CCIA/GPA
Crime Analysis Supervisor
Criminal Intelligence Division / LEINC
San Bernardino Co. Sheriff-Coroner's Department
(909) 387-3485
mkelly@sbcsd.org

Law Enforcement Intelligence Network Center (LEINC)
Requests: 909-387-3727
intel@sbcsd.org -or- leinc@sbcsd.org

---

 

**From:** Smith-Kelly, Michelle
**Sent:** Wednesday, June 01, 2016 12:13 PM
**To:** Torres, Cesia <ctorres@SBCSD.ORG>
**Cc:** Hunt, Karen <khunt@sbcsd.org>
**Subject:** RE: CPRA - Hesperia Crime Free Rental Program

The Crime Free Rental (CFMHP) program has been around for many years. Any property that signs up and stays on the program gets a call history report built for that property. It is now an automated report that runs monthly and we transfer them to the appropriate station's shared drive. I believe these reports are shared with the property managers/owners as part of the program.

Hesperia has approximately 60 automated reports. It is the station's responsibility to notify us if any of the properties have been removed or added so we are not running/storing unnecessary reports or making sure we build new ones when appropriate. I am looking back at the January – May reports and I don't see one for 13211 La Crescenta St. They are also listed as the name of the apartment complex, mobile home park, etc., but this address looks like a single-family dwelling. I assuming that Deputy Necochea was trying to get the owners of this rental property on the CFMHP, but I am waiting for a call back from Karen Hunt to clarify.

If this is the case, there is a potential problem in the wording of the letter because the CFMHP report in not necessarily "criminal activity", but rather, any call-for-service (that could be non-criminal in nature) at that location. I ran this address from 1/1/16-5/31/16 and there are 25 CFS resulting in 1 DR. There are some follow-ups, vehicle checks, info calls, etc. It does look like Probation has done 18 home checks resulting in 1 prisoner transport most likely resulting in probation compliance, probation violation or drug paraphernalia.

I am wondering if the CPRA is requesting a CFS report on the address like we normally process as a result of the CFMHP letter as I only saw 2 pages of the PDF referencing 58 pages?

Thanks,



Michelle Kelly, CCIA/GPA
Crime Analysis Supervisor
Criminal Intelligence Division / LEINC
San Bernardino Co. Sheriff-Coroner's Department
(909) 387-3485
mkelly@sbcsd.org

Law Enforcement Intelligence Network Center (LEINC)
Requests:  909-387-3727
intel@sbcsd.org -or- leinc@sbcsd.org



---

**From:** Torres, Cesia
**Sent:** Wednesday, June 01, 2016 11:00 AM
**To:** Smith-Kelly, Michelle <mkelly@sbcsd.org>
**Subject:** CPRA - Hesperia Crime Free Rental Program

Good morning Michelle,
We have received the attached PRA request. Is there any way we can track crime stats for rental properties in the City of Hesperia?
(Jan. 1, 2016 – present)

Thank you in advance for your help.

**Cesia Torres**
County Counsel Paralegal to Sheriff's Department

**U.S. Department of Justice**

United States Attorney's Office
Central District of California

*U.S. Mail* *Federal Building, Suite 7516*
*300 North Los Angeles Street*
*Los Angeles, CA, 90012*

*Telephone* *(213) 894-8805*
*Facsimile* *(213) 894-7819*

Civil Rights Division
Housing and Civil Enforcement Section

*U.S. Mail* *950 Pennsylvania Avenue, NW - 4CON*
*Washington, DC 20530*

*Overnight* *150 M Street, NE*
*Washington, DC 20002*

*Telephone* *(202) 514-4713*
*Facsimile* *(202) 514-1116*

November 2, 2020

**VIA ELECTRONIC MAIL ONLY**

Mr. Stephen R. Onstot, Esq.
Mr. Braden J. Holly, Esq.
Ms. Erika D. Green, Esq.
Aleshire & Wynder, LLP
3800 Lemon Street, Suite 550
Riverside, California 92501
sonstot@awattorneys.com
bholly@awattorneys.com
egreen@awattorneys.com

Re: *United States v. City of Hesperia, et al.*, Case No. 5:19-CV-2298 AB (SPx)

Dear Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 37(a) and Local Rule 37-1 to address significant deficiencies in Defendant City of Hesperia's objections and responses to the United States' First Set of Requests for Production of Documents ("Requests"). As part of our good-faith effort to confer and resolve these discovery issues without court intervention, we outline below the deficiencies in the City's responses.

I. Improper Form of Production

First, we address the format of the documents the City produced, which is inconsistent with both the form of production requested by the United States and the requirements of Federal Rule of Civil Procedure 34. The United States requested that responsive documents be produced "in accordance with Attachment A" which detailed, among other things, that the City produce electronically stored information ("ESI") and hard copy paper documents in an industry-standard load-ready format—image files plus cross-referenced extracted text and metadata—for many data types, produce other identified data types in native electronic file format, and meet-and-

confer before production of remaining file types that require additional, technical discussion. *See* Requests, Attachment A.[1]

Many of the documents the City produced did not comply with the format specified by Attachment A. Of the 1,679 documents produced by the City in response to the Requests for Production, only 843—roughly half—were produced in native format. Most of the remaining documents were produced as PDFs including many documents that appear to have been converted from their native formats, which essentially removed all of the documents' metadata. The City provided no justification and did not object to the form of production requested by the United States. As you know, Federal Rule of Civil Procedure 34(b) "permits the requesting party to designate the form or forms in which it wants electronically stored information produced." Fed. R. Civ. P. 34(b) advisory committee's note (2006). And while Rule 34 allows the responding party to object to the form that the requesting party specifies, it must do so with particularity: stating why it cannot produce the information in the requested format and proposing an alternative format, which must comply with Rule 34's requirements. Fed. R. Civ. P. 34(b)(2)(D). The City did not object, it did not specify an alternative form of production, and it produced many of the files in an altered and/or degraded form compared to how the information was ordinarily maintained. The City cannot simply ignore the United States' requested format and produce in an unstated, degraded format of its own choosing. *Morgan Hill Concerned Parents Assoc. v. Cal. Dep't of Educ*., No. 2:11-cv-3471, 2017 WL 445722, at *5 (E.D. Cal. Feb. 2, 2017).

Additionally, the City failed to produce responsive documents in a manner required by the Federal Rules of Civil Procedure. At a minimum, the City is required to produce ESI in the form it is "ordinarily maintained" or in a reasonably usable form, Fed. R. Civ. P. 34(b)(2)(E), which would be in the ESI's native file format (defined as the electronic format in which such documents are ordinarily created, viewed, modified and maintained) and in a manner that preserves all metadata. As outlined above, the City's production does not meet these minimum requirements. Plus, the City's failure to object, failure to specify its objection and its limitations (if any), and failure to state an alternative form of production deprives the United States of understanding the full extent of what information and/or usability was lost. Therefore, we request that the City reproduce all documents that it converted from native formats into PDF files, either in accordance with Attachment A or in their native formats. And we request that all documents produced after the date of this letter be produced either in accordance with Attachment A or in their native formats. If the City is unable to comply with Attachment A, it must state why with specificity and propose an alternative form in order to allow the parties to engage in a dialogue, minimize disagreements, and hopefully come to an agreement as to the form of production.[2] *Morgan Hill Concerned Parents Assoc.*, 2017 WL 445722, at *3.

---

[1] The United States made several requests as to its preferred form of production. The complete list, which was wholly ignored by the City, can be found in Attachment A of the Requests. *See* Requests, Attachment A.

[2] Since serving the Requests on April 23, 2020, and in the two intervening months until the City was required to respond on June 26, the United States emailed counsel on at least seven occasions asking to discuss the United States' production specifications and the City's data systems. *See* Emails from Counsel for the United States to Counsel for the City (May 15, 2020, May 21, 2020, June 2, 2020, June 3, 2020, June 11, 2020, June 16, 2020, and June 23, 2020). These requests were largely ignored, despite the Federal Rules' encouragement of cooperation,

II. Use of Boilerplate Objections

Second, the City asserted improper boilerplate objections in two different ways. At the beginning of its responses, the City asserted "general objections" without any identified connection to a particular Request and without any of the specificity required by the Federal Rules.

This is insufficient and/or improper, especially given the 2015 amendments to the Federal Rules. *E.g.*, *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020); *Pangborn v. Los Angeles Cnty. Deputy Sheriffs Lieutenant Baudino*, No. CV 15-6812 AB (JC), 2018 WL 6265055, at *3 (C.D. Cal. 2018) ("[D]efendants' general objections (contained in their 'Preliminary Statement(s)' which have been incorporated into all of the discovery responses in issue) are overruled because such general and boilerplate objections are improper. Such general objections do not explain or analyze on an individualized basis, why each particular discovery request is objectionable, and thus are inadequate.") (internal citation omitted). The "general objections" even go so far as to say that the "specific objections" are "provided out of an abundance of caution," and that the "general objections" govern because they cannot be deemed to be modified or limited by the "specific objections." That incorrectly turns Rule 34 on its head.

In addition to their lack of specificity, the "general objections" hinge on conditional phrases such as "insofar as" and "to the extent that." That practice has been criticized widely, and the 2015 amendments to Rule 34 aimed to stop the use of that obstructive practice by requiring parties to state and support their specific, known objections, and also to state what responsive information they are withholding or what they are not searching for based on their objections. *See* Fed. R. Civ. P. 34 advisory committee's note (2015).

But even where the City objected to individual Requests, it nonetheless used boilerplate, unspecific language, which is improper. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) ("objections [that] are general or boilerplate objections . . . are not proper objections"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections.") (quoting *Paulsen v. Case Corp.*, 168 F.R.D. 285, 289 (C.D. Cal. 1996)). And just like the "general objections," the responses to many individual requests object "*to the extent that* this request *may* require the production of documents subject to" the asserted privileges or immunities. City of Hesperia's Responses to United States of America's First Set of Requests for Production, Set One, at pp. 7, 8, 9, 11, 12, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28,

---

discussion, and early engagement on these types of issues. *E.g.*, Fed. R. Civ. P. 34 advisory committee's note 2006; *id.* advisory committee's note (2015). On the two occasions that we were able to confer, counsel was generally unprepared to discuss any specifics about the City's data systems. We sent you a draft proposed ESI stipulation that addressed, in part, production formats, in a further attempt to avoid unnecessary disputes during discovery, and we asked repeatedly for your feedback and any edits you had. When we did not receive any redlines from you, we incorporated what you said during the two conversations we did have and, on June 25, 2020, we sent an updated draft to you. We followed-up again on July 23, 2020. As of today, we still have not heard anything further from you about alternative production specifications or any edits to the proposed ESI stipulation. In any future discussions about the United States' production preferences and the City's data systems, we again request that counsel make available someone from the City who is familiar with these systems to facilitate the expedient production of discoverable information.

30, 31, 32 (emphasis added). These conclusory objections are not sufficiently specific to demonstrate why the requested discovery is objectionable; the City must detail how each Request is objectionable and support those statements with evidence. Fed. R. Civ. P. 34 advisory committee's note (2015) ("Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity.").

Additionally, the City must also state whether any responsive documents are being withheld based on its objections. Fed. R. Civ. P. 34(b)(2(C); *Grodzitsky v. Am. Honda Motor Co., Inc*., No. CV-12-1142, 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017) ("The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection."). In response to some individual Requests, the City states that it "is not presently aware of any privileged documents that are responsive to this request," while in other responses the City is silent as to whether documents are being withheld. But even for the requests stating the City is "not presently aware" of any responsive, privileged documents, it is not clear whether that statement extends to the objections the City raises that are not "privileges." None of the City's responses state whether it is withholding any documents on the basis of any of the privileges or immunities asserted. This is especially important here, where the City did not identify the request to which documents were responsive.

Accordingly, we request that the City withdraw its boilerplate objections and provide full and complete responses to all of the Requests, not limited to those addressed specifically *infra* Part IV. If the City wishes to apply specific objections to any specific Requests, for each such Request it must (1) state the grounds for its objections with specificity and supporting evidence, (2) state whether responsive documents are not being searched for, and (3) state whether any responsive materials are being withheld on the basis of the objections.

III. Deficient Privilege Log

Third, many of the entries on the City's privilege log fail to provide the information necessary to assess the privileges or immunities asserted. Under the Federal Rules, the City's privilege log must set forth facts sufficient to establish each element of the privilege or immunity that is claimed, so that the United States and the Court can make an independent determination as to their applicability. Fed. R. Civ. P. 26(b)(5)(A)(ii); *In re Syncor ERISA Litig.*, 229 F.R.D. 636, 644 (C.D. Cal. July 2005). "[T]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof." *In re Banc of Cal. Sec. Litig.*, No. SA-CV-17-00118, 2019 WL 3017676, at *1 (C.D. Cal. Feb. 11, 2019).

For example, the entries on the City's privilege log asserting the deliberative process privilege fail to provide even the minimal information necessary to assess the assertion of that privilege. For the deliberative process privilege to apply, the City must show that the disclosure would not only hamper the deliberative process, but also that the public interest in nondisclosure clearly outweighs the public interest in disclosure. *See Citizens for Open Gov't v. City of Lodi,* 205 Cal. App. 4th 296, 306–07 (2012) (noting that the burden is on the entity claiming the

privilege to make this comparative showing, and finding that general assertions that disclosure would hamper candid dialogue is insufficient); *see also Golden Door Props., LLC v. Superior Ct. of San Diego Cty.*, 52 Cal. App. 5th 837 (2020), as modified on denial of reh'g (Aug. 25, 2020) (finding that public agency's general invocation of a "chilling effect" on "back and forth exchanges" between consultants and staff was inadequate where the agency failed to provide specific explanations for the 1,900 documents at issue). The privilege also would not apply to documents generated after City Council's enactment of the ordinance in 2015, unless they specifically related to the decision to amend the ordinance in 2017. *See Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (deliberative process privilege requires a document to "be both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated") (internal quotations omitted). Furthermore, where the deliberative process itself is at issue—as it is here, where the United States has alleged the crime free housing program was enacted with discriminatory intent—then the public interest is more likely to weigh in favor of disclosure. *See Thomas v. Cate*, 715 F. Supp. 2d 1012, 1028 (E.D. Cal. 2010), *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010); *see also Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258, 268 (D.D.C. 1995); *Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 139 F.R.D. 295, 299 (S.D.N.Y. 1991); *United States v. AT&T*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981); *United States v. Proctor & Gamble Co.*, 25 F.R.D. 485, 490–91 (D.N.J. 1960). The City has not attempted to make the showing required here; the privilege log simply lists "deliberative process privilege" next to 14 documents it has refused to produce, without any additional information. As a result, the United States is unable to assess whether the deliberative process privilege applies to any of those documents.

Similarly, the entries on the City's privilege log asserting the joint defense privilege fail to provide the information necessary to assess the applicability of the privilege. "Generally, to rely on the joint-defense privilege, a party must establish three elements: '(1) [T]he communications were made in the course of a joint defense effort, (2) the statements were designed to further the effort, and (3) the privilege has not been waived.'" *Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1275 (C.D. Cal. 2007) (citation omitted). The City has not attempted to make a showing that the joint defense applies; the privilege log simply lists "joint defense privilege" next to 16 documents it has refused to produce, without any additional information. As a result, the United States is unable to assess whether the joint defense privilege applies to any of those documents.

Further, in its responses to a number of the Requests, the City objected on the basis of "constitutional or statutory rights of privacy." But despite its assertions, the City's privilege log does not include documents withheld on the basis of the asserted "constitutional or statutory rights of privacy." Either the language about that privilege or immunity in the City's responses is inapplicable boilerplate, or the privilege log must identify the allegedly privileged documents.

Likewise, the City has provided no information about whether there are documents attached to the emails listed in the privilege log. In addition, the privilege log indicates that the City withheld emails between non-lawyers that forwarded allegedly privileged communications, but it does not produce the factual contents of those emails between non-lawyers nor provide any information to support that those communications are also privileged. Even if the documents contained privileged contents that could be shielded from disclosure, the City is still required to

produce the factual contents of those documents and bears the burden of showing that all segregable factual portions of the documents have been appropriately segregated and disclosed. *See Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008) ("Factual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are 'so interwoven with the deliberative material that [they are] not [segregable].'") (quoting *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000)). The City's log entries are deficient to make this showing, so the United States is unable to determine whether there are documents containing underlying factual information that would not be subject to any privilege claims. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981); *see also O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 280 (C.D. Cal. Apr. 1999) (citations omitted) (requiring email attachments or enclosures to be listed separately); *Jones v. Boeing Co.*, 163 F.R.D. 15, 18 (D. Kan. 1995) (holding that "a showing of privilege as to each document" is required).

As outlined above, the Federal Rules require the City to record these documents on a privilege log in a manner sufficient to allow the United States and the Court to determine the applicability of each claimed privilege or immunity. Fed. R. Civ. P. 26(b)(5)(A)(ii). Therefore, we request that the City amend its privilege log to (1) include all documents withheld on the basis of privilege or immunity, (2) provide the information necessary for the United States and the Court to assess the applicability of the claimed privilege or immunity for each document withheld, and (3) separately list each attachment or enclosure.

IV. Evasive or Incomplete Responses

Fourth, it appears that many of the City's responses are evasive or incomplete and fail to provide all of the information responsive to the United States' Requests. The Federal Rules and the courts prohibit evasive and incomplete answers and they are treated as a failure to disclose, answer, or respond. *See, e.g.*, Fed. R. Civ. P. 37(a)(4); *Harden v. Darden Rests. Inc.*, No. CV-17-5298, 2019 WL 3021221, at *3 (C.D. Cal. Apr. 18, 2009). It appears that the City did not conduct a diligent search or make a reasonable effort to obtain all responsive documents, because it appears that the City did not provide any documents for many of the Requests and provided incomplete responses to many others.[3] *See* Fed. R. Civ. P. 26(g) ("By signing [a discovery response or objection], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . "); *Kaur v. Alameida*, No. CV-F-05-276, 2007 WL 1449723, at *2 (E.D. Cal. May 15, 2007) (ordering defendants to conduct an additional search for responsive documents and reminding defendants and counsel "of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort to obtain responsive documents").

[3] The City did not specifically identify which of the documents it produced were intended to be responsive to which Requests. Therefore, it is difficult to determine the number of Requests to which responsive material was provided. However, the City indicated it was unable to find responsive documents for 13 Requests. It stated that it "will produce" responsive, non-privileged documents for 28 Requests, but did not specify for how many of these it was providing responsive documents at the time of its June 26, 2020 production, or for how many it was withholding responsive documents based on privilege or other grounds. Counsel indicated in a July 20, 2020 email that all responsive "non-privileged and non-confidential documents" had been provided, but noted that supplemental responses and a supplemental privilege log would be provided at a later date. As of the date of this letter, no supplemental information has been provided.

In response to many of the Requests, the City made a passing reference that it would produce responsive information "within its possession." That stands out not only because it is insufficient under the Federal Rules, but also because the City referenced the correct, broader standard in response to other Requests. The City is responsible to produce all non-privileged responsive information that is within its "possession, custody, or control." Fed. R. Civ. P. 34. Thus, even if a piece of information is not strictly within the City's "possession," the City is still responsible to search for and produce non-privileged responsive information within its "custody" or its "control." "Control" for this purpose includes "the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999). "Thus, a party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007) (internal quotations and citations omitted). If the City limited its search and would-be production to a narrower selection of content within its "possession" only, then the City must supplement its production to satisfy its obligations under Rules 26 and 34.

In response to Requests 9, 14, 18, 19, 37, and 40, the City stated that responsive documents "are not in the possession, custody, or control of the [City], **were inadvertently destroyed**, or never existed." (emphasis added). Please explain the non-specific statement that responsive information may have been "inadvertently destroyed." It is not sufficient to drop an ambiguous hint that the City's destruction—inadvertent or otherwise—is one possible option for the present lack of responsive information. *See* Requests at p. 3. As requested in Instruction 5 to the Requests, if the City has any information concerning whether responsive information did or should have existed but it no longer does, it should identify each of those documents by author, date, and subject matter. *See id.* The City should also identify any applicable retention schedules or other cause for the "inadvertent" destruction of each, and the timing of such destruction.

Additionally, the United States requested responsive documents from January 1, 2014 to the present. Requests at p. 4. The City produced very few documents dated later than 2017 for most of the Requests, even though Ordinance No. 2017-13 is still in effect and some of the documents provided show that the City continued enforcing the crime free rental housing program at least through March 2020.

The City fails to provide adequate objections or claims of privilege that would justify its materially incomplete responses, which include:

1. Request for Production No. 3

This Request seeks "[r]osters or other documents showing individuals who, at any time from January 1, 2014 to the present, were assigned to implement or enforce aspects of the Ordinances, the crime free rental housing program, or the County's crime free multifamily housing program for properties in Hesperia."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 7. The City stated that it would provide all documents responsive to this Request in its possession.

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.

In addition, the City failed to provide documents responsive to this Request. The City provided a single staffing roster, which appears to be responsive to Request No. 1, which sought the names and titles of all City employees from January 1, 2014 to the present. That roster—which includes 389 names—does not indicate anywhere which of the staff were or have been assigned to implement or enforce aspects of the ordinances or the crime free program, which is what Request No. 3 seeks. Therefore, that roster is not an adequate response to this Request. No other roster or other documents were provided, nor did the City state that it was withholding any documents on the basis of an objection (as required by Rule 34).

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

2. Request for Production No. 4

This Request seeks "[a]ll versions of manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free rental housing program in Hesperia."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; *Griswold v. State of Connecticut* (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." City's Responses at p. 7. The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id* at 8.

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which the City incorporates by reference to its general objections. The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

In addition, the City's claim that documents such as "manuals, policies, procedures, forms, and guidance documents related to the crime free rental housing program" could be subject to attorney-client or attorney work-product privileges does not stand to reason. Courts construe the attorney-client privilege narrowly to protect only communications between attorneys and their clients that are made in confidence for the purpose of obtaining legal advice, which would not apply to most, if not all, of these documents. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (recognizing that the privilege "contravene[s] the fundamental principle that the public has a right to every man's evidence," holding that "we construe [the attorney-client privilege] narrowly to serve its purposes") (internal quotations omitted); *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (setting forth eight-part test to determine if documents are covered by the privilege, and noting that the privilege is strictly construed). In addition, most, if not all, of the requested documents would not have been prepared in anticipation of litigation for a party to that litigation, and thus would not be work product. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (holding that, "to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared 'by or for another party or by or for that other party's representative.") (citing *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (internal quotations omitted)). Therefore, neither the attorney-client privilege nor the work product doctrine applies.

Additionally, the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions" is misplaced. City's Responses at p. 7. First, it is unclear what constitutional right would allow the City to conceal in this litigation manuals, handbooks, policies, procedures, forms, and guidance documents relating to the publicly-known crime free rental housing program in Hesperia, and the City's boilerplate assertion provides no support for this claim. Second, courts have consistently held that "for a federal civil rights case, federal law controls the issues of privilege and privacy rights." *Curtin v. County of Orange*, No. SA-CV-16591, 2017 WL 5593025, at *2 (C.D. Cal. Mar. 13, 2017); *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 657 (C.D. Cal. 2005) ("[D]efendants primarily object to plaintiff's document requests by claiming third party privacy rights under the California Constitution, California statutes and California law. However, such reliance is misplaced since plaintiff's claims are under federal law and, as discussed above, federal common law privileges apply.").

Under federal law, privacy interests may be considered, but they "must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations." *Keith H.*, 228 F.R.D. at 657 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). In balancing these interests, "great weight . . . is afforded to federal civil rights laws." *Soto*, 162 F.R.D. at 617. The federal right to privacy protects an individual's reasonable expectation of privacy against a "serious invasion." *Mintz v. Mark Bartelstein & Ass'n, Inc.*, 906 F. Supp. 3d 1017, 1032 (C.D. Cal. 2012); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 606 (9th Cir. 2020) ("Actionable invasions of privacy must be highly offensive to a reasonable person, and sufficiently serious and unwarranted so as to constitute an egregious breach of social norms.") (internal quotation marks omitted). Providing manuals, handbooks, policies, procedures, forms, and guidance documents related to the crime free program could not

reasonably constitute a "serious invasion" of anyone's privacy rights, and thus this information is not constitutionally protected. *Mintz,* 906 F. Supp. 3d at 1032.

Moreover, even if the City were protecting legitimate privacy interests, the Stipulated Protective Order in this case specifically provides procedures for the protection of confidential or sensitive information. *See* ECF No. 23; *Curtin*, No. SA-CV-16591, 2017 WL 5593025, at *5 (C.D. Cal. Mar. 13, 2017) ("[T]he protective order previously issued in this case strikes the appropriate balance between the need for the information and the privacy interests of defendant or third parties. Defendant's objections based on privacy concerns are overruled."); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (ordering defendants to produce responsive documents containing sensitive or personal information using the procedures set out in the protective order entered in the case).

Finally, the documents produced in response to this Request are materially incomplete. The City produced copies of the ordinance as enacted in 2015 and amended in 2017, as well as registration, inspection, and screening forms. The City does not appear to have produced any manuals, policies, procedures, or guidance documents related to other aspects of the crime free program, including but not limited to how to implement the crime free program's registration, tenant screening, crime notification, property inspection, and compliance requirements. This incomplete response is essentially a failure to disclose and the City could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

3. Request for Production No. 7

This Request seeks "manuals, policies, procedures, or guidance documents related to conducting searches or inspections at residential properties in Hesperia."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 9. In addition, the City stated that it was "unable to comply with this request because following a diligent search and reasonable inquiry, [the City] is informed and believes that responsive documents are not in the possession, custody, or control of the [City] because [the City] does not keep a separate roster of employees at the Hesperia Station of the Sheriff's Department." *Id.* at pp. 9-10.

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which it incorporates by reference to its general objections.

In addition, the City's response—that it does not have responsive documents in its possession, custody, or control because it does not "keep a separate roster of employees at the Hesperia Station of the Sheriff's Department"—is not responsive to this request, which seeks "manuals, policies, procedures, or guidance documents related to conducting searches or

inspections at residential properties in Hesperia," not employee rosters.  The City should have responsive documents because, for example, the Defendants have indicated through their initial disclosures and elsewhere that Code Enforcement personnel who worked for the City played a role in enforcement and implementation of the crime free program.  Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

4.  Request for Production No. 11

This Request seeks "Documents and data showing calls for service by the Sheriff at locations in Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying calls for service at (a) residential owner-occupied properties, (b) residential rental properties, (c) nonresidential properties, and (d) no specific property address (e.g., roadways)."

(a)  City's Objections and Responses

The City incorporated its general objections in its response to this Request.  City's Responses at p. 12.  In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)."  *Id.*  The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession."  *Id.*

(b)  Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.  The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted.  The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents and data showing calls for service by the Sheriff at locations in Hesperia."  To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity.  *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided.  We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so.  If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents.  *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as

they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.")  Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

     5.   Request for Production No. 12

This Request seeks "[c]itations or summonses issued by the Sheriff for criminal violations occurring in Hesperia and/or to residents of Hesperia including information about the race of the individual(s) involved, the property address, and the parcel number, separately producing or identifying those citations or summonses issued to a resident of or for a violation occurring at (a) residential owner-occupied properties, (b) residential rental properties, (c) non-residential properties, and (d) no specific property address (e.g., roadways)."

     (a)  City's Objections and Responses

The City incorporated its general objections in its response to this Request.  City's Responses at p. 12.  In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)."  *Id.* at pp. 12-13.  The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession."  *Id.* at p. 13.

     (b)  Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.  The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted.  The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "[c]itations or summonses issued by the Sheriff."  To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity.  *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided.  We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so.  If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the

categories in the request.") Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

6. Request for Production No. 16

This Request seeks "[d]ocuments reporting or tracking, by address of a property, information relating to criminal activity, nuisance activity, Sheriff's activity, or calls for service at properties in Hesperia, including monthly 'crime analysis' reports and other monthly call logs, 'CFMHP reports,' 'CPRA history reports,' and call for service reports."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 15. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents reporting or tracking" the specific information requested. To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided. We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so. If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.") Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

7. Request for Production No. 17

This Request seeks "[d]ocuments and data used to track information related to the crime free rental housing program in Hesperia, including but not limited to spreadsheets and lists of all residential rental properties, contacts or owner's agents at residential rental properties, registered properties or owners, un-registered properties or owners, tenant screenings, individuals deemed to be in violation of the Ordinances or the crime free rental housing program, individuals tracked for allegedly causing public nuisances, a 'future-cite list,' evictions or voluntary moves, inspections, training class contacts, citations, appeals, and the most recent version of the Excel spreadsheet attached hereto as Attachment B (including information indicating the date when it was last updated)."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 16. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents and data used to track information related to the crime free rental housing program in Hesperia." To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part IV.1.b.

In addition, the City has not materially complied with this Request. The City failed to indicate which documents, if any, from its June 26, 2020 production were intended to be responsive. The production included eight spreadsheets which perhaps were intended to be responsive. These included a spreadsheet with engineering cost analyses that does not appear to be responsive; a list of 18 properties; two spreadsheets with information about citations issued to owners under the crime free program; a list of employees with access to the software that tracked

citations; and three spreadsheets with some basic statistics about rental properties in Hesperia, which appear to be incomplete.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

8. Request for Production No. 20

This Request seeks "documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using 'Data Ticket' either by you or on your behalf."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 18. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents or other information…created in, stored in, or generated by or using Data Ticket." To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

In addition, the City's response to this request is materially incomplete. One of the documents produced by the City is a spreadsheet listing about 600 citations the City has issued related to the crime free program. However, the citation numbers appear to go to at least 1200, which suggests that many—and perhaps even half—of the citations are missing. The City must produce all documents or other information related to the crime free rental housing program that were created in, stored in, or generated by or using 'Data Ticket,' even if some citations were ultimately waived or otherwise inactivated.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce the outstanding documents.

9. Request for Production No. 23

This Request seeks "[d]ocuments relating to citations issued to property owners and property managers relating to Hesperia's crime free rental housing program, including those documents constituting or showing the citations, data and documents tracking and listing citations (including all such lists maintained by Tina Bulgarelli), and communications."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 20. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City stated that it "will produce copies of all responsive, non-privileged documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

In addition, the documents produced in response to this Request are materially incomplete. The City did not state whether it was withholding documents in response to this request. It also did not indicate which documents, if any, from the production were intended to be responsive to this request. The only documents that appear to be responsive to this Request are those produced in the "Data Ticket Files" folder. *See supra* Part IV.8.a. The City does not appear to have produced any other "citations issued to property owners and property managers." And as discussed in *supra* Part IV.8.b, the Data Ticket citations spreadsheet produced by the City shows that many citations were issued for which no corresponding citation documents were provided, including hundreds of citations issued between 2018 and 2020. This incomplete response is essentially a failure to disclose and the City could be subject to sanctions by the Court if responsive documents are not produced. *Davis*, 2009 WL 5470094, at *2.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

10. Request for Production No. 25

This Request seeks "[d]ocuments showing monetary fines or other penalties imposed, paid, or waived relating to the crime free rental housing program, both individually and compilations, summaries, or reports."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 21. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents showing monetary fines or other penalties." To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

In addition, the documents produced in response to this Request are materially incomplete. The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive. The only documents that appear to be responsive to this Request are those produced in the "Data Ticket Files" folder. The Defendants also produced with their initial disclosures some citation appeal files and emails related to appeals which appear to be responsive to this Request, but even that supplementation does not cure the deficiencies in the City's response.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

11. Request for Production No. 26

This Request seeks "[d]ocuments relating to screening of tenants or applicants for housing in Hesperia relating to the crime free rental housing program, including

communications, internal standards or procedures, requests for screening from property owners or managers, documents and information provided by property owners or managers, documents showing the actions you took to screen, the results of your screening, your response to the property owner or manager, and further action you and/or the property owners or managers took thereafter."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 22. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. Without more, the City's assertions of the attorney-client privilege and attorney work product doctrine seem inapposite for "documents related to screening of tenants or applicants." To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity. *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided. The Defendants produced some documents related to screenings with their initial disclosures, but even that supplementation does not cure the deficiencies in the City's response. We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so. If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.") Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

12. Request for Production No. 27

This Request seeks "[d]ata and documents relating to evictions, 'voluntary move outs,' or notices to cure or to vacate relating to the crime free rental housing program, including all tracking information or lists, property and resident information, reports or statistical information showing counts of each at a given time, court filings or documents relating to court proceedings, notices, postings, settlement agreements, police or incident reports, dispatch logs, audio and video recordings of Sheriff's Department activity, and communications."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request.  City's Responses at p. 23.  In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)."  *Id.*  The City further responded "[t]he foregoing objections notwithstanding," it was "not presently aware of any privileged documents that are responsive to this request," and that the City "will produce copies of all responsive documents in its possession."  *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.  The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted.  Without more, the City's assertions of the attorney-client privilege and attorney work product seem inapposite for "data and documents relating to evictions, 'voluntary move outs,' or notices to cure or vacate."  To the extent the City is withholding any responsive documents, it must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or immunity.  *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided.  We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so.  If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents.  *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.")  Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

13. <u>Request for Production No. 30</u>

This Request seeks "[d]ocuments relating to the design and enactment of the 2015 Ordinance, including analyses, memoranda, notes, communications, reports, meeting minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media activity, statements or information provided by the public, and all documents considered during the process of enacting the 2015 Ordinance."

(a) <u>City's Objections and Responses</u>

The City incorporated its general objections in its response to this Request. City's Responses at p. 25. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) <u>Deficiencies in City's Response</u>

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City did not state whether it was withholding privileged responsive documents. Nonetheless, the City's privilege log indicates that it is withholding emails from 2015 that appear to be responsive to this request. Its basis for withholding these emails appears to be that those emails contain "legal advice" or "legal advice and analysis re: crime free ordinance." By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. As stated above in *supra* Part III, the City failed to make any showing to support its assertion of the deliberative process privilege, and these entries are not sufficient to support the assertions of the attorney-client privilege or work product doctrine either, particularly where—as here—many of the emails appear to include as a recipient an individual who was not a City employee. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("voluntarily disclosing privileged documents to third parties will generally destroy the [attorney-client] privilege"). In addition, it is unclear how the work product doctrine could apply to communications concerning the ordinance before its enactment, which were unlikely to be conducted in anticipation of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d at 907. The City must include sufficient information in its

privilege log to allow the United States to assess its claims of privilege or immunity or else produce the withheld documents. *See supra* Part III.

In addition, the City's response to this request is materially incomplete. The City did not state whether it was withholding non-privileged responsive documents, or indicate which produced documents were responsive to this Request. The only documents that appear to be responsive to this request are City Council agendas and meeting minutes, copies of the ordinance, and public hearing notices; and from the initial disclosures, a handful of PowerPoint presentations and a few spreadsheets with sparse, unlabeled, and incomplete information. The City did not produce any other documents created by or for, reviewed by, relied on, or disseminated by or to the City Council from January 1, 2014 to the present, including virtually any documents related to the crime data and statistics that purportedly were central to the enactment of the 2015 Ordinance. *See* Compl. (ECF No. 1) at 6–9; First Am. Compl. (ECF No. 31) at 6–10.

Because the County has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

14. <u>Request for Production No. 31</u>

This Request seeks "[d]ocuments relating to the design and enactment of the 2017 Ordinance, including analyses, memoranda, notes, communications, reports, minutes, agenda, packets and background materials prepared for your Board members, audio and/or video of your Board's meetings and any transcripts thereof, news reports, social media, statements or information provided by the public, and all documents considered during the process of enacting the 2017 Ordinance."

(a) <u>City's Objections and Responses</u>

The City incorporated its general objections in its response to this Request. City's Responses at p. 26. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) <u>Deficiencies in City's Response</u>

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's privilege log indicates that it is withholding emails from 2017, but the descriptions provided are insufficiently detailed to determine which of these may be responsive to this request. In addition, the City's basis for withholding many of these emails appears to be that those emails contain "legal advice" or "legal analysis" related to the crime free ordinance. By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or else produce the withheld documents. *See supra* Part III.

In addition, the City's response to this request is materially incomplete. The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive. The only documents that appear to be responsive to this request are the 2017 Ordinance itself and two sets of meeting agendas and minutes. The City did not produce any other documents related to the design and enactment of the 2017 Ordinance and the rationale for its adoption. Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

15. <u>Request for Production No. 32</u>

This Request seeks "[d]ocuments relating to meetings (including, but not limited to, official Board meetings) in which the crime free rental housing program in Hesperia was discussed, including agendas, minutes, audio and/or video recordings and any transcripts thereof, advertisements or notices in any media (including social media), statements or submissions by the public (related to the crime free rental housing program), packets and background materials prepared for your Board members, notes taken, and communications about the crime free rental housing program relating to the particular meeting. As defined, drafts and non-final or non-duplicate versions must be produced."

(a) <u>City's Objections and Responses</u>

The City incorporated its general objections in its response to this Request. City's Responses at p. 27. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) <u>Deficiencies in City's Response</u>

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The

United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The descriptions provided in the City's privilege log are insufficiently detailed to determine which documents may be responsive to this request. In addition, the City's basis for withholding many of these documents appears to be that they contain "legal advice" or "legal analysis" related to the crime free ordinance. By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege. *See supra* Part III.

In addition, the City's response to this request is materially incomplete. The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive. The only documents that appear to be responsive to this request are City Council agendas and meeting minutes, copies of the ordinance, and public hearing notices. The City did not produce any other responsive documents, including notes taken and notices in social media. Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

16. <u>Request for Production No. 34</u>

This Request seeks "[a]ll documents including data, information, and analyses, relating to Nils Bentsen's recommendation that the City adopt a crime free rental housing program, including analyses and reports created to assess the need for the crime free rental housing program, the data and documents used to generate such analyses and reports, notes and workpapers (including drafts and markups), and communications about the recommendation and its basis."

(a) <u>City's Objections and Responses</u>

The City incorporated its general objections in its response to this Request. City's Responses at p. 28. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City also objected "to the extent that this request may require the production of documents subject to the joint defense privilege." (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City's privilege log indicates that it is withholding emails from 2015 that appear to be responsive to this request. Its basis for withholding these emails appears to be that those emails contain "legal advice" or "legal advice and analysis re: crime free ordinance." By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. As stated above in *supra* Part III, the City failed to make any showing to support its assertions of the deliberative process or joint defense privileges, and these entries are sufficient to support the assertions of the attorney-client privilege or work product doctrine, particularly where—as here—many of the emails appear to include as a recipient an individual who was not a City employee. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012) ("voluntarily disclosing privileged documents to third parties will generally destroy the [attorney-client] privilege"). In addition, it is unclear how the work product doctrine could apply to communications concerning the ordinance before its enactment, which were unlikely to be conducted in anticipation of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d at 907. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege or else produce the withheld documents. *See supra* Part III.

In addition, the City's response to this request is materially incomplete. The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive. The only documents that appear to be responsive to this request are City Council agendas and meeting minutes, copies of the ordinance, and public hearing notices. The City did not produce any other documents that include data, information, and analyses related to Nils Bentsen's recommendation that the City adopt a crime free rental housing program.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

17. Request for Production No. 35

This Request seeks "[d]ocuments relating to reports (periodic or ad hoc), audits, analyses, or assessments of the crime free rental housing program in Hesperia after its adoption, including the statistical information and other data used to generate such reports or assessments."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 29. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and]

documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City also objected "to the extent that this request may require the production of documents subject to the joint defense privilege." (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) <u>Deficiencies in City's Response</u>

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The descriptions provided in the City's privilege log are insufficiently detailed to determine which documents may be responsive to this request. In addition, the City's basis for withholding many of these documents appears to be that they contain "legal advice" or "legal analysis" related to the crime free ordinance. By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege. *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided. We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so. If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.") Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

18. <u>Request for Production No. 36</u>

This Request seeks "[d]ocuments relating to reports (periodic or ad hoc), audits, analyses, or assessments of the effectiveness of the County's crime free multifamily housing program, including the statistical information and other data used to generate such reports or assessments."

(a) <u>City's Objections and Responses</u>

The City incorporated its general objections in its response to this Request. City's Responses at p. 30. In addition, the City objected "to the extent that this request may require the

production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City also objected "to the extent that this request may require the production of documents subject to the joint defense privilege." (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The descriptions provided in the City's privilege log are insufficiently detailed to determine which documents may be responsive to this request. In addition, the City's basis for withholding many of these documents appears to be that they contain "legal advice" or "legal analysis" related to the crime free ordinance. By itself, this is insufficient to demonstrate the existence of any of the privileges asserted by the City. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege. *See supra* Part III.

The City failed to specify which documents, if any, from its production were intended to be responsive to this Request, and it does not appear that any responsive documents were provided. We ask that the City confirm in writing that, despite its response, it did not produce any documents responsive to this request and that, at present, it does not expect to do so. If the City did provide documents responsive to this Request, it should provide the document IDs of all responsive documents. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.") Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

19. Request for Production No. 38

This Request seeks "[a]ll documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the City of Hesperia related to the crime free rental housing program and/or the County's crime free multifamily housing program. Responsive information includes all responses to such complaints, grievances, claims, or lawsuit."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 31. In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)." *Id.* The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege. (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)" *Id.* The City also objected "to the extent that this request may require the production of documents subject to the joint defense privilege." (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)" *Id.* The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections. The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions." *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted. The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege. *See supra* Part III.

In addition, the documents produced in response to this Request are materially incomplete. The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive. The only documents that appear to be responsive to this request are documents related to a lawsuit filed by the Victor Valley Family Resource Center, complaints filed with HUD in connection with this action, and eviction actions brought against tenants. The City did not produce any other responsive documents, including any other complaints it received from property owners, managers, or tenants concerning the crime free program.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

20. Request for Production No. 39

This Request seeks "[a]ll documents that relate to complaints (formal or informal) made to, or grievances, administrative claims, or lawsuits filed against the City of Hesperia alleging discrimination or other civil rights violations either in Hesperia or involving personnel who worked at the Sheriff's Hesperia station. Responsive information also includes all responses to such complaints, grievances, claims, or lawsuits."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request.  City's Responses at p. 32.  In addition, the City objected "to the extent that this request may require the production of documents subject to attorney-client and attorney work-product privileges, [and] documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions (Cal. Const. Art. 1, § 1; Griswold v. State of Connecticut (1965) 381 U.S. 479, 484 [right to privacy is guaranteed by the U.S. Constitution].)."  *Id.*  The City also objected "to the extent that this request may require the production of documents subject to the deliberative process privilege.  (*Desert Survivors v. US Department of the Interior* (N.D. Cal. 2017) 231 F. Supp. 3d 368, 379.)"  *Id.*  The City also objected "to the extent that this request may require the production of documents subject to the joint defense privilege."  (*U.S. v. Schwimmer* (2d Cir. 1989) 892 F.2d 237, 243.)"  *Id.*  The City further responded "[t]he foregoing objections notwithstanding," it "will produce copies of all non-privileged responsive documents in its possession."  *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.  The United States incorporates its arguments above for Request No. 4 with respect to the City's assertion that this Request seeks "documents that violate a third party's constitutional rights to privacy afforded by the United States and California Constitutions."  *See supra* Part IV.2.b.

The United States also incorporates its arguments in *supra* Part III with respect to the privileges and immunities the City has asserted.  The City must include sufficient information in its privilege log to allow the United States to assess its claims of privilege.  *See supra* Part III.

In addition, the documents produced in response to this Request are materially incomplete.  The City did not state whether it was withholding documents in response to this request, or indicate what documents were intended to be responsive.  The only documents that appear to be responsive to this request are documents related to a lawsuit filed by the Victor Valley Family Resource Center and complaints filed with HUD in connection with this action.  The City did not produce any other responsive documents, including any other complaints about discrimination or civil rights violations in Hesperia or involving personnel who worked at the Sheriff's Hesperia station.

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

21. Request for Production No. 41

This Request seeks "[a]ll emails sent to and from the email address CrimeFreeRental@ cityofhesperia.us, as well as any saved drafts and contact list(s)."

(a) City's Objections and Responses

The City incorporated its general objections in its response to this Request. City's Responses at p. 34. In addition, the City stated it was "unable to comply with this request because following a diligent search and reasonable inquiry," the City "is informed and believes that responsive documents are not in the possession, custody, or control of [the City], were inadvertently destroyed, or never existed." *Id.* The City further stated that "[e]mails sent to this email address are automatically forwarded to San Bernardino County staff and are not maintained or reviewed by any employees of the City." *Id.*

(b) Deficiencies in City's Response

The United States incorporates its arguments in *supra* Part II with respect to the City's boilerplate objections, which are incorporated here by reference to the general objections.

In addition, the City's response is inadequate. The City's assertion that emails sent to CrimeFreeRental@cityofhesperia.us "are not maintained or reviewed by any employees of the City" does not mean that they are not in the City's possession, custody, or control. Because the email address ends in "@cityofhesperia.us," emails sent to that account passed through, and should exist on, the City's servers. Moreover, the County—represented by the same counsel of record as the counsel who signed the City's discovery responses—certified in its discovery responses that "following a diligent search and reasonable inquiry," such emails are not "in the possession, custody, or control of" the County or the Sheriff's Department. The City has a duty to conduct complete searches of its records to find all responsive documents. *HM Elecs., Inc. v. R.F. Tech., Inc.,* No. 12-CV02884, 2015 WL 2714908, at *20 (S.D. Cal. August 7, 2015) (imposing sanctions against a party that had certified that no responsive documents existed, when it was later revealed that such responsive documents did, in fact, exist), *vacated on other grounds*, 171 F. Supp. 3d 1020, 1034 (S.D. Cal. 2016).

Because the City has provided no legitimate basis for withholding documents responsive to this Request, it is required to produce this information.

V. Failure to Supplement

Finally, in an email dated July 20, 2020, counsel for the City stated that it needed to supplement this production with documents counsel was "not able to review prior to the deadline for the City to respond" to these Requests. To date, the City has not provided any additional documents. The City must supplement its response in a timely manner after it learns that its responses are incomplete or incorrect. Fed. R. Civ. P. 26(e)(1); *see also The Sunrider Corp. v. Bountiful Biotech Corp.*, No. SA-CV-08-1339, 2010 WL 4590766, at *25 (C.D. Cal. October 8, 2010). The United States requests that the City immediately provide these supplemental documents.

To resolve these issues and avoid the unnecessary involvement of the Court, we ask that the City (1) produce all documents responsive to each of the Requests, (2) in the format requested by the United States, and (3) produce a proper privilege log, as outlined above, by **November 16, 2020**. Please also consider this letter a request to confer in accordance with Local Rule 37-1 which requires the parties to discuss these discovery disputes within 10 days of the

date of this letter. We are available for a phone conference on **November 4, 2020 from 10 a.m. to 1 p.m. PST, or on November 6, 2020 from 9 to 10 a.m. or from 12 to 1 p.m. PST**. If these times do not work for you, please let us know what date and time you are available to meet. We look forward to your prompt response.

Respectfully,

Nicola T. Hanna
United States Attorney

Assistant U.S. Attorney
Civil Rights Section, Civil Division

Sameena Shina Majeed
Chief

Trial Attorney
Housing and Civil Enforcement Section

**U.S. Department of Justice**

United States Attorney's Office
Central District of California

*U.S. Mail* *Federal Building, Suite 7516*
*300 North Los Angeles Street*
*Los Angeles, CA, 90012*

*Telephone* *(213) 894-8805*
*Facsimile* *(213) 894-7819*

Civil Rights Division
Housing and Civil Enforcement Section

*U.S. Mail* *950 Pennsylvania Avenue, NW - 4CON*
*Washington, DC 20530*

*Overnight* *150 M Street, NE*
*Washington, DC 20002*

*Telephone (202) 514-4713*
*Facsimile (202) 514-1116*

February 11, 2021

**VIA ELECTRONIC MAIL ONLY**

Mr. Stephen R. Onstot, Esq.
Mr. D. Dennis La, Esq.
Ms. Erika D. Green, Esq.
Mr. Braden J. Holly, Esq.
Aleshire & Wynder, LLP
3800 Lemon Street, Suite 550
Riverside, California 92501
sonstot@awattorneys.com
dla@awattorneys.com
egreen@awattorneys.com
bholly@awattorneys.com

Re: *United States v. City of Hesperia, et al.*, Case No. 5:19-CV-2298 AB (SPx)

Dear Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 37(a) and Local Rule 37-1 to address particular deficient aspects of the responses provided on November 30, 2020, by Defendant County of San Bernardino ("County") and Defendant San Bernardino County Sheriff's Department ("Sheriff's Department") to the United States' First Set of Interrogatories directed to those Defendants ("Responses"). Although the United States served both Defendants with separate First Sets of Interrogatories, all the deficiencies that appear in the County's Responses also appear in the Sheriff's Department's Responses, so this letter considers both sets of Responses together. As part of our good-faith effort to confer and resolve these discovery issues without court intervention, we outline below the deficiencies in Defendants' responses to these Interrogatories.

I. Deficiencies Across Multiple Interrogatories (both County and Sheriff's Department)

1. Improper Use of Boilerplate Objections

Defendants assert numerous meritless boilerplate objections in response to each specific Interrogatory, in each case failing to provide any basis for any of the objections. As we noted in our letter dated October 30, 2020 ("October 30 Letter"), which identified deficiencies pursuant to Rule 37 for many of the same improper boilerplate objections that Defendants served in response to the United States' Rule 34 document requests, Defendants' use of such boilerplate objections is improper. *See* October 30 Letter at 4. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) ("objections [that] are general or boilerplate objections . . . are not proper objections"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (stating that "general or boilerplate objections"—including "broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection"—"are improper—especially when a party fails to submit any evidentiary declarations supporting such objections"); *cf. Travelers Indem. Co. v. Goldman*, No. 819CV01036PSGJDEX, 2020 WL 5372108, at *4 (C.D. Cal. May 8, 2020) (overruling boilerplate objections that were not specifically supported in discovery responses, and finding the failure to support them "suggest[ed] that those objections may not have been asserted for a proper purpose, but were instead interposed to delay").

Because Defendants' conclusory objections are not sufficiently specific to demonstrate why the requested discovery is objectionable, the United States requests that Defendants withdraw their boilerplate objections and provide full and complete responses to all of the Interrogatories, or else detail how each Interrogatory is objectionable and support those statements with evidence. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

In addition, Defendants' boilerplate objections contain the following deficiencies.

(a) Defendants' Boilerplate Objections Misstate and Misapply Relevance and Proportionality Standards

Defendants objected to many of the Interrogatories on the basis that they "seek[] discovery that is not reasonably calculated to lead to admissible evidence." County Responses at 4, 5, and 6; Sheriff's Department Responses at 4, 5, 6, and 9. This is not the current standard. As amended in 2015, Federal Rule of Civil Procedure 26 states that the parties "may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**," and explicitly states that "[i]nformation within this scope of discovery **need not be admissible** in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). Accordingly, Defendants' boilerplate objection—which refers to a standard retired and replaced in 2015—is outdated and improper. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *9 (C.D. Cal. Aug. 4, 2020) ("[T]hat is not the standard in federal court."); *Apple, Inc. v. Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD, 2018 WL 3861893, at *4 (S.D. Cal. Aug. 14, 2018) ("2015 Amendments to Rule 26 eliminated the 'reasonably calculated to lead to admissible' phrase as a definition for the scope of permissible

discovery. The test going forward is whether evidence is 'relevant to any party's claim or defense . . . .'" (internal citation omitted)). Defendants nowhere allege that the information sought by these Interrogatories is irrelevant.

Defendants also objected that the information sought by some of these Interrogatories was "overbroad and disproportionate" to the needs of the case. County Responses at 4; Sheriff's Department Responses at 4, 9, 12, and 13. However, they provided no support or basis for this objection either; that, too, is insufficient and improper. *See, e.g.*, Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("Nor is the [2015] change [to the Rule] intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. CV-16-300, 2017 WL 3275615, at *6-7 (C.D. Cal. Feb. 14, 2017) ("[Defendant's] assertion of undue burden and lack of proportionality, without more, are insufficient under FRCP 26.").

For these reasons, Defendants' objections that many of the Interrogatories "seek[] discovery that is not reasonably calculated to lead to admissible evidence" or are "overbroad and disproportionate" fail.

(b) <u>Defendants' Objections Based on Lack of Foundation and Vagueness Are Conclusory and Deficient</u>

Defendants object that many of the Interrogatories "lack[] foundation and assume[] disputed facts," County Responses at 4 and 7; Sheriff's Department Responses at 4, 7, 8, 9, 10, 11, 12, and 13, or contain terms that are "vague and ambiguous," County Responses at 5 and 6; Sheriff's Department Responses at 5, 6, 7, 9, 10, and 11. However, Defendants provide no information to support *any* of these objections. Defendants are required to construe the Interrogatories reasonably and cannot "conjure up ambiguity where there is none." *Gibson Brands Inc. v. John Hornby Skewes & Co*., Case No. CV 14-0609 DDP (SS), 2015 WL 12681376, at *2 (C.D. Cal. July 20, 2015) (internal quotations omitted); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014) ("the responding party, to comply with the Federal Rules, must, if possible, explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding"). Therefore, all these objections are conclusory and lack the specificity required by the Federal Rules. *See Ann Chae v. SLM Corp.*, No. CV-07-2319, 2008 WL 11343020, at *3 (C.D. Cal. Feb. 22, 2018) ("Generally, there is no merit to defendants' general or boilerplate objections of 'vague, overbroad [and] unduly burdensome,' and the Court disapproves of them." (quoting *A. Farber & Partners, Inc.*, 234 F.R.D. at 188)).

Defendants fail to detail how the Interrogatories lack foundation or are vague and ambiguous; such conclusory objections are not sufficiently specific to demonstrate why the Interrogatories are objectionable. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Polaris Innovations*, No. CV-16-300, 2017 WL 3275615, at *6-7; *Garber,* 234 F.R.D. at 188 (noting that general or boilerplate objections must be supported); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (rejecting boilerplate objections as "too general to merit consideration" and deeming them waived).

(c) Defendants Inappropriately Object to Every Interrogatory as Compound

Defendants object to every Interrogatory on the ground that they are purportedly compound. Defendants provide no support for this boilerplate objection for any Interrogatory. In addition, the Interrogatories do not contain multiple, discrete subparts. To the extent the Interrogatories list multiple items, these lists are intended to provide illustrative examples to clarify the scope of the request or specify the type of information requested. Therefore, they are "logically or factually subsumed within and necessarily related to the primary question" and so "counted as one interrogatory" and not compound. *MCC Controls v. Hal Hays Constr.*, No. EDCV191655ABKKX, 2020 WL 6034321, at *4 (C.D. Cal. July 23, 2020) (quoting *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006)); *see also Stamps.Com, Inc. v. Endicia, Inc., PSI Sys. Inc.*, No. CV 06-7499ODWCTX, 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) (finding that "requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting" particular contentions by a party).

2. Failure to State Whether Withholding Responsive Information Based on Objections

Additionally, Defendants fail to state for any Interrogatory whether they are withholding responsive information based on their objections. *See Grodzitsky v. Am. Honda Motor Co., Inc.*, No. CV-12-1142, 2017 WL 2616917, at *5 (C.D. Cal. June 13, 2017) (ordering party to provide a declaration attesting it was not withholding any information on the basis of a general objection as to the scope of instructions and definitions related to an interrogatory); *Scanlon v. Curtis Int'l, Ltd.*, No. 119CV00937NONESKO, 2020 WL 7360543, at *9 (E.D. Cal. Dec. 15, 2020) (citing *Grodzitsky* in determining a party was required to state whether it was withholding information in response to an interrogatory); *see also* Fed. R. Civ. P. 26(b)(5) (party must expressly indicate when withholding information based on claim of privilege, and describe the nature of the information withheld in a manner to allow other parties to assess the claim).

Accordingly, the United States requests that Defendants withdraw their boilerplate objections and provide full and complete responses to each Interrogatory, not limited to those addressed specifically *infra* Part II. To the extent Defendants wish to object to an individual Interrogatory, they should state (1) the grounds for the objections with specificity and supporting evidence, (2) whether responsive information is not being searched for, and (3) whether any responsive materials are being withheld based on the objections.

3. Defendants' Privilege-Based Objections Are Unsupported and Deficient

The County objects to Interrogatories 2–4 and the Sheriff's Department objects to Interrogatories 2–5, 8, and 10 "insofar as" they seek information protected by three purported privileges or immunities: attorney-client, work product, and deliberative process. These objections—all of which are completely unsupported in Defendants' responses—are deficient.

Courts construe the attorney-client privilege narrowly to protect only communications between attorneys and their clients that are made in confidence for the purpose of obtaining legal advice, which would not apply to any of the information requested by these Interrogatories. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (recognizing that the privilege

"contravene[s] the fundamental principle that the public has a right to every man's evidence," holding that "we construe [the attorney-client privilege] narrowly to serve its purposes") (internal quotations omitted); *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (setting forth eight-part test to determine if documents are covered by the privilege, and noting that the privilege is strictly construed). These Interrogatories seek factual information—including the identities of relevant data systems and personnel, as well as facts regarding the enforcement of the crime free rental housing program—that do not implicate communications to and from attorneys made in confidence for the purpose of obtaining legal advice, so the privilege does not apply. *In re Pac. Pictures Corp*., 679 F.3d at 1126. If Defendants truly have a basis for claiming the attorney-client privilege applies to these Interrogatories, they should state what that basis is for each Interrogatory, indicate whether they are withholding responsive information based on the privilege, and describe the nature of the responsive materials in sufficient detail to enable the United States to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5).

In addition, the work product doctrine only protects information prepared in anticipation of litigation for a party to that litigation. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (holding that, "to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared 'by or for another party or by or for that other party's representative") (citing *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (internal quotations omitted)). The information sought by these Interrogatories does not include documents prepared by or for attorneys in anticipation of litigation, and so the work product doctrine does not apply. If Defendants have some basis for asserting the doctrine for these Interrogatories, they should state that basis and indicate whether they are withholding responsive information.

The deliberative process privilege is also inapposite. For the deliberative process privilege to apply, Defendants must show that the disclosure would not only hamper the deliberative process, but also that the public interest in nondisclosure clearly outweighs the public interest in disclosure. *See Citizens for Open Gov't v. City of Lodi,* 205 Cal. App. 4th 296, 306–07 (2012) (noting that the burden is on the entity claiming the privilege to make this comparative showing, and finding that general assertion that disclosure would hamper candid dialogue is insufficient); *see also Golden Door Props., LLC v. Superior Ct. of San Diego Cty.*, 52 Cal. App. 5th 837 (2020), *as modified on denial of reh'g* (Aug. 25, 2020) (finding that public agency's general invocation of a "chilling effect" on "back and forth exchanges" between consultants and staff was inadequate where the agency failed to provide specific explanations for the 1,900 documents at issue). To assert the privilege, Defendants must demonstrate that a document is "both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (internal quotations omitted).

Furthermore, even where the deliberative process privilege is shown, it is qualified and can be overcome based on assessment of four factors: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding complicated policies and decisions." *F.T.C. v. Warner Comm'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). If

evidence of intent or motive is relevant and unavailable elsewhere, disclosure is favored. *See Valley Surgical Ctr. v. County of Los Angeles*, No. CV132265DDPAGRX, 2017 WL 10574239, at *4 (C.D. Cal. Sept. 22, 2017), *appeal filed*, No. 20-55744 (9th Cir. July 23, 2020). If the relevant deliberations were by "a party to the litigation, [this] weighs in favor of disclosure." *Id.* And, notwithstanding the fourth factor's focus on the potential chilling effects of disclosure, courts have emphasized that "subjecting members of a government agency to public scrutiny may be useful in encouraging frank and honest internal communications" and "'confidentiality may impede full and fair discovery of the truth.'" *Id.* (quoting *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1044 (E.D. Cal. 2010), *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010)). Furthermore, courts have held that, in civil rights cases, "'privileges designed to shield [municipalities] from public scrutiny must yield to the overriding public policies expressed in the civil rights laws.'" *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1123 (N.D. Cal. 2003) (quoting *Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989)); *cf. Noble v. City of Fresno*, No. 116CV01690DADBAM, 2018 WL 1381945, at *7 (E.D. Cal. Mar. 19, 2018) (holding the "deliberative process privilege is inappropriate for use in civil rights cases against police departments") (internal quotations omitted); *see also Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258, 268 (D.D.C. 1995); *Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 139 F.R.D. 295, 299 (S.D.N.Y. 1991); *United States v. AT&T*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981); *United States v. Proctor & Gamble Co.*, 25 F.R.D. 485, 490–91 (D.N.J. 1960). In addition, discussions that occur during closed sessions of decision-making bodies are not automatically protected. *See Rutherford v. PaloVerde Health Care Dist.*, No. EDCV131247JAKSPX, 2014 WL 12637191, at *4 (C.D. Cal. Oct. 28, 2014).

Here, Defendants have not attempted to make any showing that the deliberative process privilege applies to the information sought in any of the Interrogatories, and thus have failed to meet their burden. *See Valley Surgical Ctr.*, 2017 WL 10574239, at *3. Furthermore, even if Defendants demonstrated that the privilege could apply, the *Warner Comm'ns Inc.* factors would weigh in favor of disclosure. The information requested by the Interrogatories relates to the Defendants' intent and purported justification for adopting the crime free rental housing program, which are plainly relevant. *F.T.C. v. Warner Comm'ns Inc.*, 742 F.2d at 1161. In addition, such information concerning Defendants' intent and rationale for adopting the program is extremely unlikely to exist elsewhere. *See Valley Surgical Ctr.*, 2017 WL 10574239, at *4. Defendants are all municipal entities whose deliberations are at issue in this action, which also favors disclosure. *See id.* Any concerns Defendants might have about potential chilling effects are negated by the power of public scrutiny to encourage rather than discourage honest internal communications. *See id.* And because this is a civil rights action, the Defendants' interests in shielding communications carry less weight here than the interest in public scrutiny. *See N. Pacifica, LLC*, 274 F. Supp. 2d at 1123. Since the *Warner Comm'ns Inc.* factors plainly favor disclosure, Defendants cannot use the privilege to shield responsive information about their conduct that forms the basis for the claims and defenses in this case, especially since they have provided no specific basis for doing so.

Furthermore, Defendants objected only "insofar as" the Interrogatories implicate these privileges and did not indicate whether they withheld any responsive information based on them. Defendants should either withdraw their objections based on these purported privileges, or else indicate whether they are withholding responsive information based on these privileges and provide sufficient information for the United States and the Court to assess whether the

privileges apply. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *Smith v. Bank of Am., N.A.*, No. CV146668DSFPLAX, 2019 WL 7188571, at *7 (C.D. Cal. Sept. 20, 2019) (ordering party that withheld information from interrogatory responses based on privilege to produce a privilege log with sufficient information for the other party to assess the privilege assertions).

II.     Additional Deficiencies in Individual Interrogatory Responses

1.     Interrogatory 1 (both County and Sheriff's Department)

Interrogatory 1 asks Defendants to "identify all data systems, software, and databases that are or have been used by you to manage or track the following: police calls for service; police responses to calls for service; arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the crime free rental housing program; properties in Hesperia registered with the County's crime free multifamily housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the crime free rental housing program; communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia; evictions and notices to vacate given to tenants; fines levied, paid, or appealed in connection with the crime free rental housing program; tenants screened under the crime free rental housing program; and property inspections under the crime free rental housing program."

(a)     Defendants' Objections

Defendants objected on the grounds that "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of Federal Rule of Civil Procedure ("FRCP") 33(a); (b) it seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) the Interrogatory lacks foundation and assumes disputed facts; and (d) the Interrogatory is overbroad and disproportionate violating FRCP 26(b)(1)." County's Responses at 4; Sheriff's Department Responses at 4.

(b)     Deficiencies in Defendants' Responses

Defendants' boilerplate objections to Interrogatory 1 are unsupported and deficient. Interrogatory 1 is not compound. It seeks only the identification of the data systems, software, and databases that the County and the Sheriff's Department use to track information that is key to the claims and defenses in this case. The examples add specificity with respect to the types of data systems requested, they are not discrete subparts. *See supra* Part I.1.c.

The information requested in Interrogatory 1 is indisputably relevant, and Defendants provide no support or basis for their assertion that it is overbroad or disproportionate. *See supra* Part I.1.a; *see also* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). The First Amended Complaint contains allegations related to analyses of Sheriff's Department data, including that it showed a nexus between rental properties and increased crime, that Sheriff's Department staff made

statements about this data to justify evictions under the crime free rental housing program, and that Defendants enforced the crime free rental housing program more harshly against African American and Latino renters and in majority-minority areas of Hesperia. *See, e.g.*, First Am. Compl., ECF No. 31, at ¶¶ 30, 41, 42, 53–56, 64–65. Interrogatory 1 seeks identification of the data systems, software, and databases that the County and the Sheriff's Department use to track the types of information underlying these allegations, so the information sought is plainly relevant, and it is unclear how the *identification* of these relevant data systems could be overbroad or disproportionate to the needs of the case (the appropriate standard under the Federal Rules). *See supra* Part I.1.a. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b.

Notwithstanding their objections, both parties responded to Interrogatory 1 by stating: "the San Bernardino County Sheriff's Department uses the Crime Free Easy Tracking Software. Upon information and belief, Microsoft Excel spreadsheets were also created by unknown county employees to store information in connection with the Crime Free Housing Program." County's Responses at 4; Sheriff's Department Responses at 4–5. The Sheriff's Department also added to its response: "Unrelated to the Crime Free Ordinance, in the normal course of business, Defendant uses Tiburon to input and receive dispatch/911 information. Tiburon also gives access to State of California databases such as CLETS and CII." Sheriff's Department Responses at 5. Neither Defendant identified any other data systems, software, or databases. Notably, the Defendants did not identify the "Jail Information Management System" in response to Interrogatory 1, despite the Sheriff's Department's identifying it as a database it "may" access to screen potential tenants in response to Interrogatory 9.

Defendants are required to provide a complete response to this Interrogatory, which requested identification of *all* data systems, software, and databases they have used to manage or track the specific information requested. Defendants have failed to identify the data systems, software, and databases they have used to manage or track arrests; criminal charges or convictions; individuals' criminal history; residential properties in Hesperia; residential rental properties in Hesperia; properties in Hesperia registered with the County's crime free multifamily housing program; and communications with landlords, property owners, property managers, housing providers, residents, and tenants relating to the County's crime free multifamily housing program in Hesperia. And even for the limited information they did identify, Defendants' answers either provided only the manufacturer or developer (e.g., Tiburon) rather than the data system(s), or else failed to provide "the manufacturer or developer, and the administrator(s) of the data systems at all times relevant to this case." United States' Interrogatories to County at 5 (defining "identify" in connection with a data system); United States' Interrogatories to Sheriff's Department at 5 (same). None of Defendants' boilerplate objections shield them from providing full responses to Interrogatory 1, and their evasive and incomplete answers are treated as a failure to disclose, answer, or respond. *See, e.g.*, Fed. R. Civ. P. 37(a)(4); *Harden v. Darden Rests. Inc.*, No. CV-17-5298, 2019 WL 3021221, at *3 (C.D. Cal. April 18, 2009).

2. Interrogatory 6 (Sheriff's Department)

Interrogatory 6 asks the Sheriff's Department to "describe specifically all ways that persons enforcing the crime free rental housing program learn or have learned about arrests, calls

for service, and other police involvement related to properties in Hesperia, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed."

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); (d) 'persons enforcing the crime free rental housing program' and 'all ways . . . that persons . . . learn or have learned' are vague and ambiguous; (e) 'other police involvement related to properties in Hesperia' is vague and ambiguous; and (f) the Interrogatory lacks foundation and assumes disputed facts." Sheriff's Department Responses at 9.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 6 are unsupported and deficient. The Interrogatory is not compound because the examples of types of facts add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. In addition, the phrases "persons enforcing the crime free rental housing program," "all ways . . . that persons . . . learn or have learned," and "other police involvement related to properties in Hesperia" are not vague and ambiguous. It is unambiguous what the request seeks: all the sources from which people enforcing the crime free rental housing program learned about arrests or other police activity at properties in Hesperia. *See supra* Part I.1.b.

The information requested in Interrogatory 6 is indisputably relevant, and the Sheriff's Department provides no support or basis for their assertion that it is overbroad or disproportionate. *See supra* Part I.1.a; *see also* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). One of the main components of the crime free rental housing program involves Sheriff's Department staff notifying landlords about arrests and other police activity at or near their rental properties or involving their tenants, and those notifications trigger the crime free lease addendum's eviction requirement. *See, e.g.*, First Am. Compl., ECF No. 31, at ¶¶ 37-47. Interrogatory 6 seeks the sources of information from which the Sheriff's Department staff learns about those arrests and other police activity, which is critical to understanding how the Sheriff's Department actually enforced the crime free rental housing program. Further, it is unclear how the *identification* of those sources could be overbroad or disproportionate to the needs of the case (the appropriate standard under the Federal Rules). *See supra* Part I.1.a. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b.

In addition, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Interrogatory 6 requests that the Sheriff's Department "describe specifically" all the ways the crime free team learns about police activity related to properties in Hesperia. *See* United States' Interrogatories to Sheriff's Department at 8. Similar to Interrogatory 1, Interrogatory 6 specifically inquires about data systems used or accessed in connection with

Hesperia's crime free rental housing program and information about arrests, calls for service, and other police involvement in Hesperia. Defendant responded that "upon information and belief" it does not learn about police activity in Hesperia "in one specific manner" and that "[i]nformation regarding tenant properties is primarily reported by community members." Sheriff's Department Responses at 9. Despite stating that the Sheriff's Department does not receive or generate the type of information covered by the Interrogatory "in one specific manner," it failed to identify any relevant sources other than unspecified "community members." The response failed to identify any data systems or any staff of the three Defendants, which is contrary to the documentation produced by Defendants in this case. This deficient response is materially incomplete and must be supplemented.

3. Interrogatory 7 (Sheriff's Department)

Interrogatory 7 asks the Sheriff's Department to "describe specifically all ways that you determine or have determined whether arrests, calls for service, and other police involvement implicate or have implicated the crime free rental housing program, including but not limited to identifying all persons or sources consulted, to include all data systems used or accessed."

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory seeks discovery that is not reasonably calculated to lead to admissible evidence; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); (d) 'all ways . . . that you determine or have determined' and 'implicate or have implicated the crime free rental housing program' are vague and ambiguous; (e) [sic] and (f) the Interrogatory lacks foundation and assumes disputed facts." Sheriff's Department Responses at 9-10.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 7 are unsupported and deficient. The Interrogatory is not compound because the examples of types of facts add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. In addition, the phrases "all ways . . . that you determine or have determined" and "implicate or have implicated the crime free rental housing program" are not vague and ambiguous. It is unambiguous what the request seeks: all the ways the Sheriff's Department determined whether individual arrests, calls for service, or other police activity fell within the scope of the crime free rental housing program. *See supra* Part I.1.b.

The information requested in Interrogatory 7 is indisputably relevant, and the Sheriff's Department provides no support or basis for their assertion that it is overbroad or disproportionate. *See supra* Part I.1.a; *see also* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). One of the main components of the crime free rental housing program involves Sheriff's Department staff notifying landlords about arrests and other police activity at or near their rental properties or involving their tenants, and those notifications trigger the lease addendum's eviction

requirement. *See, e.g.*, First Am. Compl., ECF No. 31, at ¶¶ 37-47. Interrogatory 7 seeks the processes or policies by which the Sheriff's Department staff determines whether an arrest, call for service, or other police activity involves a rental property and warrants enforcement under the program, including the sources of information consulted when implementing those processes, so the information sought is plainly relevant, not overbroad, and proportionate to the needs of the case (the appropriate standard under the Federal Rules). *See supra* Part I.1.a. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b.

In addition, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Interrogatory 7 requests that the Sheriff's Department "describe specifically" all the ways the Sheriff's Department has determined whether purported criminal activity implicates the crime free rental housing program, including the sources of information and data systems consulted in these processes. United States' Interrogatories to Sheriff's Department at 8. Defendant responded that

> upon information and belief, Defendant does not cross-reference or check "whether arrests, calls for service, and other police involvement" implicate the Crime Free Ordinance. Defendant may come to "determine" the status of a rental property under the Ordinance upon an incident at or investigation of a specific property unrelated to its enforcement, including through police officers' patrol of neighborhoods in the normal course of business. Defendant may also come to "determine" the status of a rental property through communications with rental property owners, management companies, or other third parties about the Ordinance through registration, tenant screenings, or other information provided when requested of Defendant.

Sheriff's Department Responses at 10. The response failed to describe any way in which the Sheriff's Department determined whether purported criminal activity warrants enforcement under the program, or to identify any data systems or any staff of the three Defendants, which is contrary to the documentation produced by Defendants in this case. This deficient response is materially incomplete and must be supplemented.

4. <u>Interrogatory 9 (Sheriff's Department)</u>

Interrogatory 9 asks the Sheriff's Department to "describe all ways that persons enforcing the crime free rental housing program determine or have determined whether a tenant had 'previously violated rules of the Crime Free Rental Housing Program' when completing a tenant screening under the crime free rental housing program, including but not limited to identifying all sources consulted, to include all data systems used or accessed; all facts and/or factors that would result in determining a tenant had 'previously violated rules of the Crime Free Rental Housing Program'; and all arrests, charges, convictions, or crimes that would not result in determining a tenant 'previously violated rules of the Crime Free Rental Housing Program.'"

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) 'all ways that persons . . . determine or have determined' is vague and ambiguous; and (c) the Interrogatory lacks foundation and assumes disputed facts." Sheriff's Department Responses at 11.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 9 are unsupported and deficient. The Interrogatory is not compound because the examples of types of facts add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. In addition, the phrase "all ways that persons . . . determine or have determined" is not vague and ambiguous. It is unambiguous what the request seeks: the facts or factors that determine whether a tenant "passed" or "failed" the Sheriff's Department screening under the crime free rental housing program (with the Interrogatory using the terminology the Sheriff's Department used to communicate those decisions to landlords). *See supra* Part I.1.b; *see also* First Am. Compl., ECF No. 31, at ¶ 58. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b.

In addition, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Interrogatory 9 requests that the Sheriff's Department describe the facts or factors that would result in determining whether a tenant previously violated the rules of the crime free program. In response, the Sheriff's Department provided unresponsive information about citations under the program, then stated "Upon request of a rental property owner or manager, Defendant provides a screening service to provide basic publicly available information concerning a prospective tenant. Defendant may access CLETS and Jail Information Management System to screen potential tenants." Documentation produced by Defendants in this case suggests that a tenant could fail the screening based on prior "violations" of the program's rules even if they did not involve an arrest, and that a tenant could pass the screening despite a history of certain types of convictions. The Sheriff's Department has provided no information about whether the databases and spreadsheets the crime free team used to track "violations" were ever consulted during the screening process, nor any information about what types of calls for service, arrests, or other "criminal activity" might result in a tenant passing or failing the screening. This deficient response is materially incomplete and must be supplemented.

5. Interrogatory 10 (Sheriff's Department)

Interrogatory 10 asks the Sheriff's Department to "describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which person(s) made the determinations, the period in which those person(s) made the determinations, describing what factors were used to make such determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s)."

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) it is overbroad and disproportionate violating FRCP 26(b)(1)." Sheriff's Department Responses at 12.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 10 are unsupported and deficient. The Interrogatory is not compound because the examples of types of information add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b. The Sheriff's Department does not provide any support or basis for its objection that the Interrogatory is overbroad or disproportionate, which is insufficient and improper. *See e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). Because the manner in which the Sheriff's Department levied or waived fines under the crime free rental housing program bears on whether the program was enforced discriminatorily, the information sought is not overbroad and is proportionate to the needs of the case. *See supra* Part I.1.a.

The Sheriff's Department's objections based on attorney-client privilege, work product doctrine, and deliberative process privilege are also deficient. The Sheriff's Department has offered no basis to support its assertion of these privileges. *See supra* Part I.3. There is no reason any of these privileges would apply here to shield how the Sheriff's Department determined whether and when to levy or waive fines relating to the crime free rental housing program. The Interrogatory does not call for protected attorney-client communications, documents prepared in anticipation of litigation, or deliberative documents prepared by a decisional body made before the adoption of a policy. *See id.* Regardless, to the extent the Sheriff's Department is withholding responsive information based on these privileges, the Sheriff's Department should so indicate and provide sufficient information for the United States to assess how the asserted privilege applies.

In addition, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Although the Sheriff's Department claims that it "does not decide 'whether and when to levy or to waive fines under the crime free rental housing program,'" Sheriff's Department Responses at 12, those assertions are contrary to the documentation produced by Defendants in this case. *See, e.g.*, US00020713, US00021955, US00025450. Further, in response to an almost identical Interrogatory, the City provided no information about how decisions are made to levy or waive fines under the crime free rental housing program. *See* City's Responses at 10–11. It cannot be the case that neither the City nor the Sheriff's Department makes such decisions. If the Sheriff's Department makes decisions to levy or waive fines, as is suggested in documentation produced by Defendants in this case, it should provide a

full response describing how it makes such decisions. But if the Sheriff's Department does not do so and on the contrary the City does, the Sheriff's Department should plainly indicate this, and the City should revise its response to provide the requested information.

6. Interrogatory 11 (Sheriff's Department)

Interrogatory 11 asks the Sheriff's Department to "identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity."

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party." Sheriff's Department Responses at 13.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 11 are unsupported and deficient. The Interrogatory is not compound because the types of information listed—including the types of landlords and the nature of the alleged noncompliance—provide specificity as to the information requested and do not constitute discrete subparts. *See supra* Part I.1.c. The Interrogatory also does not assume disputed or disputable facts, and so does not lack foundation. *See supra* Part I.1.b. The Sheriff's Department does not provide any support or basis for its objection that the Interrogatory is overbroad or disproportionate, which is insufficient and improper. *See e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). Because the Sheriff's Department's belief as to which landlords failed to comply with the crime free rental housing program bears on whether its enforcement practices were discriminatory, the information sought is not overbroad and is proportionate to the needs of the case. *See supra* Part I.1.a.

In addition, the Sheriff's Department cannot reasonably assert it lacks control over the requested information. This Interrogatory asks for the identification of people "*you* believe . . . failed to . . . comply with the crime free rental housing program." United States' Interrogatories to the Sheriff's Department at 9 (emphasis added). It is unclear how the Sheriff's Department could lack custody or control over this type of information, or what person or entity other than the Sheriff's Department would have such information.

Furthermore, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Rather than provide a descriptive response, the Sheriff's Department referred generally to dozens of documents Defendants had previously provided, including citations given to landlords regarding the crime free rental housing program, documents associated with appeals of such citations, and two spreadsheets. Sheriff's Department Responses

at 13. However, it appears that these documents are a small subset of the total set of citation- and violation-related documents previously produced by Defendants. From these documents alone, it is impossible to glean which landlords the Sheriff's Department believed had failed to comply with the crime free rental housing program at any time. The Sheriff's Department must provide a specific response to this request rather than refer generally to dozens of documents without further explanation. If the Sheriff's Department means to assert that the landlords referenced in these specific citation- and violation-related documents it cited are the sole landlords it believes ever failed to comply with the program, it should state this clearly.

7. Interrogatory 12 (Sheriff's Department)

Interrogatory 12 asks the Sheriff's Department to, "[f]or each individual or entity listed in [its] response to Interrogatory No. 11, please identify any and all other property owners, property managers, property management companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance."

(a) Sheriff's Department's Objections

The Sheriff's Department objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party." Sheriff's Department Responses at 13.

(b) Deficiencies in Sheriff's Department's Response

The Sheriff's Department's boilerplate objections to Interrogatory 12 are unsupported and deficient. The Interrogatory is not compound because the types of information listed—which are the same as for Interrogatory 11—provide specificity as to the information requested and do not constitute discrete subparts. *See supra* Parts I.1.c.; II.8.b. The Interrogatory also assumes no disputed or disputable facts, and so does not lack foundation. *See supra* Part I.1.b. In addition, if the Sheriff's Department notified one person that it believed another person had violated the crime free rental housing program, this could constitute retaliation, which is one of the claims in this action. Therefore, the information sought is relevant and so not overbroad or disproportionate to the needs of the case. *See supra* Part I.1.a.

In addition, the Sheriff's Department cannot reasonably assert it lacks control over the requested information. This Interrogatory asks for the identification of people "*you* have notified" about another individual's non-compliance with the crime free rental housing program. United States' Interrogatories to the Sheriff's Department at 9-10 (emphasis added). It is unclear how the Sheriff's Department could lack custody or control over this type of information, or what person or entity other than the Sheriff's Department would have such information.

Furthermore, the response the Sheriff's Department provided notwithstanding its objections is incomplete. Rather than provide a descriptive response, the Sheriff's Department referred generally to dozens of documents Defendants had previously provided, including citations given to landlords regarding the crime free rental housing program, documents

associated with appeals of such citations, and two spreadsheets. Sheriff's Department Responses at 13-14. This list of documents appears to be non-responsive to this Interrogatory. The Sheriff's Department failed to state whether it ever reported any alleged noncompliance with the program to a third party. Therefore, this response is materially incomplete and must be supplemented.

III.   Discovery Regarding Defendants' Data Systems

A number of the deficiencies discussed in *supra* Part II relate to information about Defendants' data systems. *See supra* Part II.1.b, 2.b, 3.b, 5.b. The United States' First Sets of Interrogatories are not the first time the United States has sought this type of information. As Defendants are well aware, the United States has repeatedly sought to obtain information about Defendants' data systems for at least eight months—information that Defendants are required to provide pursuant to Rule 26(f)(3)(C). *See also* Fed. R. Civ. P. 26 advisory committee's note to 2006 amendment ("When a case involves discovery of electronically stored information, the issues to be addressed during the Rule 26(f) conference depend on the nature and extent of the contemplated discovery and of the parties' information systems. It may be important for the parties to discuss those systems, and accordingly important for counsel to become familiar with those systems before the conference. With that information, the parties can develop a discovery plan that takes into account the capabilities of their computer systems. In appropriate cases identification of, and early discovery from, individuals with special knowledge of a party's computer systems may be helpful."); Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("A portion of present Rule 26(b)(1) is omitted from the proposed revision. After allowing discovery of any matter relevant to any party's claim or defense, the present rule adds: 'including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.' Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. The discovery identified in these examples should still be permitted under the revised rule when relevant and proportional to the needs of the case. Framing intelligent requests for electronically stored information, for example, may require detailed information about another party's information systems and other information resources.").

On April 23, 2020, the United States informed Defendants that it wanted to discuss Defendants' data systems during the parties' Rule 26(f) conference. Specifically, when discussing scheduling for that conference, the United States wrote:

> In order to have a productive conversation, please consider inviting employees or representatives of your clients who are knowledgeable about Defendants' technical capabilities as well as their data systems and sources of information relevant to the claims and defenses in this case. Of course, we may need to have follow-up conversations, but if such individuals can be identified and included in our initial conversation, that would be helpful and avoid delays.

Att. A at p. 2. That same day, the United States served its first sets of Requests for Production on Defendants so that Defendants would be able to determine—in advance of the parties' Rule 26(f) conference—the types and sources of information the United States considered relevant to the claims and defenses in this case and thus be ready to discuss any relevant data systems. *See id.*;

*see also* Fed. R. Civ. P. 26(d)(2) advisory committee's note to 2015 amendment (explaining that allowing early document requests "is designed to facilitate focused discussion during the Rule 26(f) conference."). Since that time, the United States has repeatedly, in emails and during telephone conversations, renewed its request to discuss Defendants' data systems with knowledgeable employees or representatives, and Defendants still have not agreed to do so.

The discussions between counsel have not provided the United States with the information it needs to identify the data systems, software, and databases where Defendants store relevant information. As a result, the United States was forced to utilize its limited Interrogatories in this litigation to try to obtain this information. In their Responses, Defendants once again failed to provide the full information requested. As explained in *supra* Part II, the United States expects Defendants to respond "fully" to those Interrogatories. *See* Fed. R. Civ. P. 33(b)(3). But because of Defendants' delays, lack of cooperation, and incomplete Interrogatory responses, the United States also intended to notice and take deposition testimony from the County and the Sheriff's Department about data systems and electronically stored information.

As you know, Federal Rule 30(d)(1) provides: "Unless otherwise stipulated or ordered by the court, a deposition is limited to one day. . . ." Consistent with this rule, the United States requested Defendants' stipulation to allow the United States to obtain testimony from the County and the Sheriff's Department on these limited topics without objecting to conducting the remainder of those depositions at a later date and time, and pursuant to a separate Rule 30(b)(6) notice. The parties discussed this request by email and during telephonic meetings on January 12 and February 5, 2021. The United States provided Defendants with draft deposition notices for these depositions on February 3, 2021, so the County and Sheriff's Department could see the limited topics before stipulating.

During the February 5 telephonic meeting, Defendants represented that the Sheriff's Department rather than the County was the most appropriate Defendant to ask about all the topics set forth in both draft deposition notices. In light of these representations, the United States sent Defendants an email on February 10, 2021 accepting Defendants' proposal to take only a limited deposition of the Sheriff's Department at this time and withdrawing its request related to the County at this time. In its February 10 email, the United States requested Defendants' preferred date for the deposition. The United States is awaiting Defendants' response to that request.

## IV. Conclusion

To resolve these issues and avoid the unnecessary involvement of the Court, the United States asks that the County provide supplemental responses to Interrogatories 1–4 and the Sheriff's Department provide supplemental responses to Interrogatories 1–12 by **February 26, 2021**. In their supplemental responses, we specifically request that, for each Interrogatory, Defendants:

- withdraw their deficient boilerplate objections;
- provide specific support for any objections that are not withdrawn;

- indicate whether they are withholding information based on any objections they do not withdraw, and provide enough information for the United States to assess Defendants' basis for withholding such information;
- for any objections based on privileges not withdrawn, indicate whether they are withholding responsive information based on such privileges and provide sufficient information for the United States to assess the claims of privilege; and
- provide materially complete responses.

Please also consider this letter a request to confer in accordance with Local Rule 37-1, which requires the parties to discuss these discovery disputes within 10 days of the date of this letter. We are available to discuss between 8:00 am and 11:00 am PT on February 19 or 22, 2021. If you are not available either of those dates, please let us know what dates and times you are available to meet. We look forward to your prompt response.

Respectfully,

Tracy L. Wilkison
Acting United States Attorney

Matthew Nickell
Assistant U.S. Attorney
Civil Rights Section, Civil Division

Sameena Shina Majeed
Chief

Megan Whyte de Vasquez
Trial Attorney
Housing and Civil Enforcement Section

Attachment

**U.S. Department of Justice**

United States Attorney's Office
Central District of California

*U.S. Mail* *300 N. Los Angeles St., Suite 7516*
*Los Angeles, CA 90012*
*Telephone* *(213) 894-8805*
*Facsimile* *(213) 894-7819*

Civil Rights Division
Housing and Civil Enforcement Section

*U.S. Mail* *950 Pennsylvania Avenue, NW - 4CON*
*Washington, DC 20530*
*Overnight* *150 M Street, NE*
*Washington, DC 20002*
*Telephone* *(202) 514-4713*
*Facsimile* *(202) 514-1116*

DJ 175-12C-677
SSM:RTH:MKW

April 23, 2020

By First Class U.S. Mail and Electronic Mail

Eric Dunn, Esq.
Stephen Onstot, Esq.
Braden Holly, Esq.
Erika Green, Esq.
Aleshire & Wynder LLP
3880 Lemon Street
Suite 520
Riverside, CA 92501-3374
Email: EDunn@awattorneys.com, SOnstot@awattorneys.com, BHolly@awattorneys.com, EGreen@awattorneys.com

Re: *United States v. City of Hesperia, et al.*
Case No. 5:19-CV-2298 AB (SPx) (U.S.D.C. C.D. Cal.)
Rule 26(f) Conference and First Document Requests

Counsel:

First, and most importantly, we hope you and your families are safe and doing well during the unprecedented times that we all are experiencing. As discussed below, we expect that, like us, you and your clients are experiencing a range of issues related to the COVID-19 pandemic. We hope to work with you (and the Court) to find prudent ways to balance the current situation with the need to move forward with this litigation in a manner that aligns with the Court's instructions in its February 6, 2020 Order. ECF No. 16.

We received Ms. Green's email last Friday, April 17th, about possibly postponing the June 5, 2020, Scheduling Conference because "additional suits will be filed and related to this one." We do not believe that postponing the Scheduling Conference is necessary or appropriate at this time, but we are happy to discuss during our Rule 26(f) conference.

As Ms. Green acknowledged in her April 17th email, the deadlines for the parties to meet and confer and to file a joint Rule 26(f) report are approaching. The deadline for our Rule 26(f)

conference is May 15, 2020, and we must file our Rule 26(f) report by May 22, 2020. In order to meet those deadlines and the Court's requirements for the contents of the joint Rule 26(f) report, we suggest setting a time for an initial Rule 26(f) conference within the next two weeks. Please reply and let us know what days and times work for you. In order to have a productive conversation, please consider inviting employees or representatives of your clients who are knowledgeable about the Defendants' technical capabilities as well as their data systems and sources of information relevant to the claims and defenses in this case. Of course, we may need to have follow-up conversations, but if such individuals can be identified and included in our initial conversation, that would be helpful and avoid delays.

In light of the Court's encouragement to begin active discovery before the Scheduling Conference, *see* ECF No. 16 at 2, and pursuant to Federal Rule of Civil Procedure 26(d)(2), please find attached (1) the United States' First Set of Requests for Production Directed To Defendant City of Hesperia; (2) the United States' First Set of Requests for Production Directed To Defendant County of San Bernardino; and (3) the United States' First Set of Requests for Production Directed To Defendant San Bernardino County Sheriff's Department in connection with the above-referenced litigation. As you know, Rule 26(d)(2) permits a party to serve document requests before the parties' Rule 26(f) conference and its Advisory Committee Notes explain that it is designed to "facilitate focused discussion during the Rule 26(f) conference." That is our intent: we believe these initial requests highlight many of the types and sources of information relevant to the claims and defenses in this case. These requests also focus on higher priority topics and information most appropriate for the earlier stages of discovery. We are serving these discovery requests by first-class mail as well as by email, but, going forward, we propose that the parties consent to accept service of discovery and related correspondence by email.

Given the current circumstances, we are open to discussing options for conducting discovery efficiently in this case, including your clients' responses to these Requests. For example, we may want to consider rolling productions or breaking discovery into phases divided by particular issues or other means. We look forward to hearing your proposals along those lines.

To be clear, in light of the COVID-19 pandemic, we do not expect or want you or your clients to undertake any immediate efforts to collect or produce responsive information that would put anyone in danger. As you know, the deadline for responding to Rule 26(d)(2) requests does not begin to run immediately, and, thus, we look forward to discussing timing, safety, and logistics as part of our Rule 26(f) conference. We expect that many of the enclosed Requests may elicit responsive information that is stored electronically and will not require individuals who are otherwise working remotely to violate any stay at home order by going into offices. Also, we are requesting that responses be served via email and that responsive information be produced via electronic file transfer rather than manually preparing CDs and sending them by overnight delivery. Again, we look forward to hearing additional proposals on these issues.

We also propose that the parties jointly request entry of a protective order to protect confidential and sensitive information, to facilitate an efficient exchange of information, and to reduce the costs and burdens of extensive redaction. We are preparing a draft for your consideration, which aligns with the Court's template while also acknowledging some of the unique features of the public entities that are parties to this case. We can discuss some of those considerations when we hold our first Rule 26(f) conference.

We look forward to hearing from you soon. If you have any questions, you may contact Matthew Nickell at (213) 393-5196 or matthew.nickell@usdoj.gov, or Megan Whyte de Vasquez at (202) 353-4142 or megan.whyte.de.vasquez@usdoj.gov. Thank you for your anticipated courtesy and cooperation.

Sincerely,

NICOLA T. HANNA
United States Attorney

*/s/ Matthew Nickell*
MATTHEW NICKELL
Assistant United States Attorney
Civil Rights Section, Civil Division

SAMEENA SHINA MAJEED
Chief

*/s/ Megan K. Whyte de Vasquez*
MEGAN K. WHYTE DE VASQUEZ
Trial Attorney
Housing & Civil Enforcement Section,
Civil Rights Division

Encl.

**U.S. Department of Justice**

United States Attorney's Office
Central District of California

*U.S. Mail* *Federal Building, Suite 7516*
*300 North Los Angeles Street*
*Los Angeles, CA, 90012*

*Telephone* *(213) 894-8805*
*Facsimile* *(213) 894-7819*

Civil Rights Division
Housing and Civil Enforcement Section

*U.S. Mail* *950 Pennsylvania Avenue, NW - 4CON*
*Washington, DC 20530*

*Overnight* *150 M Street, NE*
*Washington, DC 20002*

*Telephone (202) 514-4713*
*Facsimile (202) 514-1116*

February 11, 2021

**VIA ELECTRONIC MAIL ONLY**

Mr. Stephen R. Onstot, Esq.
Mr. D. Dennis La, Esq.
Ms. Erika D. Green, Esq.
Mr. Braden J. Holly, Esq.
Aleshire & Wynder, LLP
3800 Lemon Street, Suite 550
Riverside, California 92501
sonstot@awattorneys.com
dla@awattorneys.com
egreen@awattorneys.com
bholly@awattorneys.com

Re: *United States v. City of Hesperia, et al.*, Case No. 5:19-CV-2298 AB (SPx)

Dear Counsel:

We are writing in accordance with Federal Rule of Civil Procedure 37(a) and Local Rule 37-1 to address particular deficient aspects of the responses provided on November 30, 2020, by Defendant City of Hesperia ("City") to the United States' First Set of Interrogatories directed to the City ("Responses"). As part of our good-faith effort to confer and resolve these discovery issues without court intervention, we outline below the deficiencies in the City's responses to these Interrogatories.

I. Deficiencies Across Multiple Interrogatories

1. Improper Use of Boilerplate Objections

The City asserts numerous meritless boilerplate objections in response to each specific Interrogatory, in each case failing to provide any basis for any of the objections. As we noted in our letter dated November 2, 2020 ("November 2 Letter"), which identified deficiencies pursuant to Rule 37 for many of the same improper boilerplate objections that the City served in response to the United States' Rule 34 document requests, the City's use of such boilerplate objections is

improper. *See* November 2 Letter at 3–4. *See U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007) ("objections [that] are general or boilerplate objections . . . are not proper objections"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (stating that "general or boilerplate objections"—including "broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection"—"are improper—especially when a party fails to submit any evidentiary declarations supporting such objections"); *cf. Travelers Indem. Co. v. Goldman*, No. 819CV01036PSGJDEX, 2020 WL 5372108, at *4 (C.D. Cal. May 8, 2020) (overruling boilerplate objections that were not specifically supported in discovery responses, and finding the failure to support them "suggest[ed] that those objections may not have been asserted for a proper purpose, but were instead interposed to delay").

Because the City's conclusory objections are not sufficiently specific to demonstrate why the requested discovery is objectionable, the United States requests that the City withdraw its boilerplate objections and provide full and complete responses to all of the Interrogatories, or else detail how each Interrogatory is objectionable and support those statements with evidence. Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.").

In addition, the City's boilerplate objections contain the following deficiencies.

(a) The City's Boilerplate Objections Misstate and Misapply Relevance and Proportionality Standards

The City objected to Interrogatories 1–3 on the basis that they "seek discovery that is not reasonably calculated to lead to admissible evidence." City Responses at 4, 6, 7. This is not the current standard. As amended in 2015, Federal Rule of Civil Procedure 26 states that the parties "may obtain discovery regarding any nonprivileged matter that is **relevant to any party's claim or defense and proportional to the needs of the case**," and explicitly states that "[i]nformation within this scope of discovery **need not be admissible** in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1) (emphasis added). Accordingly, the City's boilerplate objection—which refers to a standard retired and replaced in 2015—is outdated and improper. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *9 (C.D. Cal. Aug. 4, 2020) ("[T]hat is not the standard in federal court."); *Apple, Inc. v. Qualcomm Inc.*, No. 3:17-cv-00108-GPC-MDD, 2018 WL 3861893, at *4 (S.D. Cal. Aug. 14, 2018) ("2015 Amendments to Rule 26 eliminated the 'reasonably calculated to lead to admissible' phrase as a definition for the scope of permissible discovery. The test going forward is whether evidence is 'relevant to any party's claim or defense . . . .'" (internal citation omitted)). The City nowhere alleges that the information sought by these Interrogatories is irrelevant.

The City also objected that the information sought by Interrogatories 1 and 7–9 was "overbroad and disproportionate" to the needs of the case. City Responses at 4, 11, 12. However, it provided no support or basis for this objection either; that, too, is insufficient and improper. *See, e.g.*, Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("Nor is the [2015] change [to the Rule] intended to permit the opposing party to refuse

discovery simply by making a boilerplate objection that it is not proportional."); *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, No. CV-16-300, 2017 WL 3275615, at *6-7 (C.D. Cal. Feb. 14, 2017) ("[Defendant's] assertion of undue burden and lack of proportionality, without more, are insufficient under FRCP 26.").

For these reasons, the City's objections that these Interrogatories "seek discovery that is not reasonably calculated to lead to admissible evidence" or are "overbroad and disproportionate" fail.

(b) The City's Objections Based on Lack of Foundation and Vagueness Are Conclusory and Deficient

The City objects that Interrogatories 1 and 4–9 "lack[] foundation and assume[] disputed facts." City Responses at 4, 8–12. In addition, the City objects that Interrogatories 2–4 contain terms that are "vague and ambiguous." City Responses at 6–8. However, the City provides no information to support *any* of these objections. The City is required to construe the Interrogatories reasonably and cannot "conjure up ambiguity where there is none." *Gibson Brands Inc. v. John Hornby Skewes & Co*., Case No. CV 14-0609 DDP (SS), 2015 WL 12681376, at *2 (C.D. Cal. July 20, 2015) (internal quotations omitted); *see also Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014) ("the responding party, to comply with the Federal Rules, must, if possible, explain its understanding of the allegedly vague and ambiguous terms or phrases and explicitly state that its answer is based on that understanding"). Therefore, all these objections are conclusory and lack the specificity required by the Federal Rules. *See Ann Chae v. SLM Corp.*, No. CV-07-2319, 2008 WL 11343020, at *3 (C.D. Cal. Feb. 22, 2018) ("Generally, there is no merit to defendants' general or boilerplate objections of 'vague, overbroad [and] unduly burdensome,' and the Court disapproves of them." (quoting *A. Farber & Partners, Inc.*, 234 F.R.D. at 188)).

The City fails to detail how the Interrogatories lack foundation or are vague and ambiguous; such conclusory objections are not sufficiently specific to demonstrate why the Interrogatories are objectionable. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity.");; *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.* No. CV-16-300, 2017 WL 3275615, at *6-7; *Garber,* 234 F.R.D. at 188 (noting that general or boilerplate objections must be supported); *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 409 (C.D. Cal. 2005) (rejecting boilerplate objections as "too general to merit consideration" and deeming them waived).

(c) The City Inappropriately Objects to Every Interrogatory as Compound

The City objects to every Interrogatory on the ground that they are purportedly compound. The City provides no support for this boilerplate objection for any Interrogatory. In addition, the Interrogatories do not contain multiple, discrete subparts. To the extent the Interrogatories list multiple items, these lists are intended to provide illustrative examples to clarify the scope of the request or specify the type of information requested. Therefore, they are "logically or factually subsumed within and necessarily related to the primary question" and so "counted as one interrogatory" and not compound. *MCC Controls v. Hal Hays Constr.*, No.

EDCV191655ABKKX, 2020 WL 6034321, at *4 (C.D. Cal. July 23, 2020) (quoting *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006)); *see also Stamps.Com, Inc. v. Endicia, Inc., PSI Sys. Inc.*, No. CV 06-7499ODWCTX, 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) (finding that "requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting" particular contentions by a party).

(d) <u>The City Cannot Object That Information Within the Possession, Custody, or Control of Its Agent, the Sheriff's Department, Is Not Within Its Own Control</u>

The City objects to Interrogatories 1, 8, and 9 on the grounds that the information they seek is not within the City's control or custody. This objection is deficient to the extent it ignores the agency relationship between the City and Sheriff's Department. The City is responsible for producing all responsive information within its possession, custody, or control, which includes information within the possession of its agents. *See RMI Ins. Servs., Inc. v. AMCO Ins. Co.*, No. SACV131126FMOMRWX, 2014 WL 12577123, at *2 (C.D. Cal. Aug. 20, 2014) ("When the person in possession of the items may fairly be identified as an extension of the litigant—say, as an agent of or professional hired by the litigant—then the litigant properly may be compelled to obtain those materials from that source."); *see also A. Farber & Partners, Inc.*, 234 F.R.D. at 189 (a party's disclosure obligations include "'an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'" (quoting *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992))). Here, the Sheriff's Department provides police services for the City under a contract between the City and the County, and therefore is the City's agent with respect to its activities as the City's police department. Accordingly, the City's objection cannot shield it from producing responsive information within the possession of its agent the Sheriff's Department.

2. <u>Failure to State Whether Withholding Responsive Information Based on Objections</u>

Additionally, the City fails to state for any Interrogatory whether it is withholding responsive information based on its objections. *See Grodzitsky v. Am. Honda Motor Co., Inc.*, No. CV-12-1142, 2017 WL 2616917, at *5 (C.D. Cal. June 13, 2017) (ordering party to provide a declaration attesting it was not withholding any information on the basis of a general objection as to the scope of instructions and definitions related to an interrogatory); *Scanlon v. Curtis Int'l, Ltd.*, No. 119CV00937NONESKO, 2020 WL 7360543, at *9 (E.D. Cal. Dec. 15, 2020) (citing *Grodzitsky* in determining a party was required to state whether it was withholding information in response to an interrogatory); *see also* Fed. R. Civ. P. 26(b)(5) (party must expressly indicate when withholding information based on claim of privilege, and describe the nature of the information withheld in a manner to allow other parties to assess the claim).

Accordingly, the United States requests that the City withdraw its boilerplate objections and provide full and complete responses to each Interrogatory, not limited to those addressed specifically *infra* Part II. To the extent the City wishes to object to an individual Interrogatory, the City should state (1) the grounds for its objections with specificity and supporting evidence, (2) whether responsive information is not being searched for, and (3) whether any responsive materials are being withheld based on its objections.

3. <u>The City's Privilege-Based Objections Are Unsupported and Deficient</u>

The City objects to Interrogatories 2–7 "insofar as" they seek information protected by three purported privileges or immunities: attorney-client, work product, and deliberative process. These objections—all of which are completely unsupported in the City's responses—are deficient.

Courts construe the attorney-client privilege narrowly to protect only communications between attorneys and their clients that are made in confidence for the purpose of obtaining legal advice, which would not apply to any of the information requested by these Interrogatories. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (recognizing that the privilege "contravene[s] the fundamental principle that the public has a right to every man's evidence," holding that "we construe [the attorney-client privilege] narrowly to serve its purposes") (internal quotations omitted); *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (setting forth eight-part test to determine if documents are covered by the privilege, and noting that the privilege is strictly construed). Interrogatories 2–7 seek factual information—including the identities of relevant data systems and personnel, as well as facts leading up to the adoption and amendment of the crime free rental housing program—that do not implicate communications to and from attorneys made in confidence for the purpose of obtaining legal advice, so the privilege does not apply. *In re Pac. Pictures Corp*., 679 F.3d at 1126. If the City truly has a basis for claiming the attorney-client privilege applies to these Interrogatories, it should state what that basis is for each Interrogatory, indicate whether it is withholding responsive information based on the privilege, and describe the nature of the responsive materials in sufficient detail to enable the United States to assess the claim of privilege. Fed. R. Civ. P. 26(b)(5).

In addition, the work product doctrine only protects information prepared in anticipation of litigation for a party to that litigation. *See* Fed. R. Civ. P. 26(b)(3); *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (holding that, "to qualify for protection against discovery under [Rule 26(b)(3)], documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared 'by or for another party or by or for that other party's representative") (citing *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 780–81 (9th Cir. 1989) (internal quotations omitted)). The information sought by Interrogatories 2–7 does not include documents prepared by or for attorneys in anticipation of litigation, and so the work product doctrine does not apply. If the City has some basis for asserting the doctrine for these Interrogatories, it should state that basis and indicate whether it is withholding responsive information.

The deliberative process privilege is also inapposite. For the deliberative process privilege to apply, the City must show that the disclosure would not only hamper the deliberative process, but also that the public interest in nondisclosure clearly outweighs the public interest in disclosure. *See Citizens for Open Gov't v. City of Lodi,* 205 Cal. App. 4th 296, 306–07 (2012) (noting that the burden is on the entity claiming the privilege to make this comparative showing, and finding that general assertion that disclosure would hamper candid dialogue is insufficient); *see also Golden Door Props., LLC v. Superior Ct. of San Diego Cty.*, 52 Cal. App. 5th 837 (2020), *as modified on denial of reh'g* (Aug. 25, 2020) (finding that public agency's general invocation of a "chilling effect" on "back and forth exchanges" between consultants and staff was inadequate where the agency failed to provide specific explanations for the 1,900 documents

at issue). To assert the privilege, the City must demonstrate that a document is "both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (internal quotations omitted).

Furthermore, even where the deliberative process privilege itself is shown, it is qualified and be overcome based on an assessment of four factors: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding complicated policies and decisions." *F.T.C. v. Warner Comm'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). If evidence of intent or motive is relevant and only unavailable elsewhere, disclosure is favored. *See Valley Surgical Ctr. v. County of Los Angeles*, No. CV132265DDPAGRX, 2017 WL 10574239, at *4 (C.D. Cal. Sept. 22, 2017), *appeal filed*, No. 20-55744 (9th Cir. July 23, 2020). If the relevant deliberations were by "a party to the litigation, [this] weighs in favor of disclosure." *Id.* And, notwithstanding the fourth factor's focus on the potential chilling effects of disclosure, courts have emphasized that "subjecting members of a government agency to public scrutiny may be useful in encouraging frank and honest internal communications" and "'confidentiality may impede full and fair discovery of the truth.'" *Id.* (quoting *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1028 (E.D. Cal. 2010), *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010)). Furthermore, courts have held that, in civil rights cases, "'privileges designed to shield [municipalities] from public scrutiny must yield to the overriding public policies expressed in the civil rights laws.'" *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1123 (N.D. Cal. 2003) (quoting *Grossman v. Schwarz*, 125 F.R.D. 376, 381 (S.D.N.Y. 1989)); *cf. Noble v. City of Fresno*, No. 116CV01690DADBAM, 2018 WL 1381945, at *7 (E.D. Cal. Mar. 19, 2018) (holding the "deliberative process privilege is inappropriate for use in civil rights cases against police departments") (internal quotations omitted); *see also Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258, 268 (D.D.C. 1995); *Dep't of Econ. Dev. v. Arthur Andersen & Co.*, 139 F.R.D. 295, 299 (S.D.N.Y. 1991); *United States v. AT&T*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981); *United States v. Proctor & Gamble Co.*, 25 F.R.D. 485, 490–91 (D.N.J. 1960). In addition, discussions that occur during closed sessions of decision-making bodies are not automatically protected. *See Rutherford v. PaloVerde Health Care Dist.*, No. EDCV131247JAKSPX, 2014 WL 12637191, at *4 (C.D. Cal. Oct. 28, 2014).

Here, the City has not attempted to make any showing that the deliberative process privilege applies to the information sought in any of the Interrogatories, and thus has failed to meet its burden. *See Valley Surgical Ctr.*, 2017 WL 10574239, at *3. Furthermore, even if the City demonstrated that the privilege could apply, the *Warner Comm'ns Inc.* factors would weigh in favor of disclosure. The information requested by the Interrogatories relates to the City's intent and purported justification for adopting the crime free rental housing program, which are plainly relevant. *F.T.C. v. Warner Comm'ns Inc.*, 742 F.2d at 1161. In addition, such information concerning the City's intent and rationale for adopting the program is extremely unlikely to exist elsewhere. *See Valley Surgical Ctr.*, 2017 WL 10574239, at *4. The City is a municipal entity whose deliberations are at issue in this action, which also favors disclosure. *See id.* Any concerns the City might have about potential chilling effects are negated by the power of public scrutiny to encourage rather than discourage honest internal communications. *See id.* And because this is a civil rights action, the City's interest in shielding communications carry less weight here than the

interest in public scrutiny. *See N. Pacifica, LLC*, 274 F. Supp. 2d at 1123. Since the *Warner Comm'ns Inc.* factors plainly favor disclosure, the City cannot use the privilege to shield responsive information about its conduct that forms the basis for the claims and defenses in this case, especially since it has provided no specific basis for doing so.

Furthermore, the City objected only "insofar as" the Interrogatories implicate these privileges and did not indicate whether it withheld any responsive information based on them. The City should either withdraw its objections based on these purported privileges, or else indicate whether it is withholding responsive information based on these privileges and provide sufficient information for the United States and the Court to assess whether the privileges apply. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *Smith v. Bank of Am., N.A.*, No. CV146668DSFPLAX, 2019 WL 7188571, at *7 (C.D. Cal. Sept. 20, 2019) (ordering party that withheld information from interrogatory responses based on privilege to produce a privilege log with sufficient information for the other party to assess the privilege assertions).

II. Additional Deficiencies in Individual Interrogatory Responses

1. Interrogatory 4

Interrogatory 4 asks the City to "state all facts relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making that decision, all persons involved in identifying and compiling the data or information or performing the analyses relating to that decision, and all persons responsible for making that decision."

(a) City's Objections

The City objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) 'relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance' is vague and ambiguous; (c) the Interrogatory lacks foundation and assumes disputed facts; (d) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (e) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged." City Responses at 8.

(b) Deficiencies in City's Response

The City's boilerplate objections to Interrogatory 4 are unsupported and deficient. The Interrogatory is not compound because the examples of types of facts add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. In addition, the phrase "relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance" is not vague and ambiguous. The term "relating to" is specifically defined in the Interrogatories. *See* United States' Interrogatories to City at 5–6. And it is unambiguous what the request seeks: the facts that led the City to develop and enact the crime free rental housing program. *See supra* Part I.1.b. The Interrogatory does not assume disputed or disputable facts, so it does not lack foundation. *See id.*

The City's objections based on attorney-client privilege, work product doctrine, and deliberative process privilege are also deficient. The City has offered no basis to support its assertion of these privileges. *See supra* Part I.3. There is no reason any of these privileges would shield from discovery the *facts* leading the City to develop and enact the crime free rental housing program. The Interrogatory's request for facts does not implicate communications to and from attorneys made in confidence for the purpose of obtaining legal advice, as is required for the attorney-client privilege. *See id.* Similarly, the work product doctrine would not apply here because responsive information—i.e. facts predating the enactment of the crime free rental housing program—was not prepared in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3); *see also supra* Part I.3.

Finally, the City cannot invoke the deliberative process privilege to shield information responsive to this Interrogatory. The City has not offered any basis to support this objection or show that it applies. *See supra* Part I.3. And even if the privilege applied, it would be qualified and would yield to factors weighing in favor of disclosure. The information requested is plainly relevant because it concerns the City's intent and rationale for adopting the crime free rental housing program. *See id.* Such information concerning intent is unlikely to be available elsewhere. *See id.* In addition, disclosure is favored because the City is a municipal entity whose deliberations are at issue in this action. *See id.* The City has not alleged that disclosure would chill internal communications, and courts have found that public scrutiny generally encourages frank and honest deliberative discussions. *See id.* And the interest in shielding such information from scrutiny generally yields to the interest in public scrutiny in civil rights cases. *See id.* Therefore, disclosure is plainly favored here. Regardless, to the extent the City is withholding responsive information based on these privileges, the City should so indicate and provide sufficient information for the United States to assess how the asserted privilege applies.

In addition, the response the City provided notwithstanding its objections is incomplete. Interrogatory 4 requests that the City "state all facts relating to your decision to develop the crime free rental housing program and enact the 2015 Ordinance." The City responded that the crime free rental housing program was "designed for the purpose of addressing crime and illegal activity within the city limits of Hesperia," and referred to four documents previously produced by Defendants. City Responses at 8. This deficient response is materially incomplete and must be supplemented.

2.  Interrogatory 5

Interrogatory 5 asks the City to "state all facts relating to each change you made to the crime free rental housing program through the adoption and implementation of the 2017 Ordinance, including but not limited to identifying all data, information, and sources compiled, analyzed, and considered in making those changes, all persons involved in identifying and compiling the data or information or performing the analyses relating to those changes, and all persons responsible for making those changes."

(a)  City's Objections

The City objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the

Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; and (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged." City Responses at 9.

(b) Deficiencies in City's Response

The City's boilerplate objections to Interrogatory 5 are unsupported and deficient. The Interrogatory is not compound because the examples of types of facts—which are the same as for Interrogatory 4—add specificity to the request and do not constitute discrete sub-parts. *See supra* Parts I.1.c.; II.1.b. And the Interrogatory does not assume disputed or disputable facts—in fact, the City acknowledges in its response that the program was amended "on or about July 18, 2017"—and therefore does not lack foundation. *See supra* Part I.1.b.

The City's objections based on attorney-client privilege, work product doctrine, and deliberative process privilege are also deficient. The City has offered no basis to support its assertion of these privileges. *See supra* Part I.3. There is no reason any of these privileges would shield from discovery the *facts* relating to the City's changes to the crime free rental housing program. Just as for Interrogatory 4, this request for facts does not implicate communications to and from attorneys made in confidence for the purpose of obtaining legal advice, or documents prepared in anticipation of litigation, and also would not include pre-decisional information generated by the City Council that could be shielded from disclosure, especially considering the overriding public interest in averting discrimination. *See supra* Parts I.3; II.1.b. Regardless, to the extent the City is withholding responsive information based on these privileges, the City should so indicate and provide sufficient information for the United States to assess how the asserted privilege applies.

In addition, the response the City provided notwithstanding its objections is incomplete. Interrogatory 5 requests that the City "state all facts relating to each change you made to the crime free rental housing program through the adoption and implementation of the 2017 Ordinance." The City responded that "on or about July 18, 2017, the Hesperia City Council voted to amend the Ordinance and to make it nonmandatory." City Responses at 9. In addition, the City provided the names and titles of several City employees and referred to a single city council agenda that it had previously produced. *Id*. This response, and the document to which it refers, fails to state nearly any *facts* relating to the changes made to the crime free rental housing program, and one fact it does state—that the program was amended to "make it nonmandatory"—appears inaccurate. Therefore, the response is materially incomplete and must be supplemented.

3. Interrogatory 7

Interrogatory 7 asks the City to "describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program, including identifying which person(s) made the determinations, the period in which those person(s) made the determinations, describing what factors were used to make such

determinations and how use of such factors changed over time, and describing whether the consideration of such factors was documented and, if so, identifying the document(s)."

(a) City's Objections

The City objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) insofar as the Interrogatory seeks information protected by the attorney-client privilege and/or the work-product privilege, the discovery is privileged; (d) insofar as the Interrogatory requires the production of documents subject to the deliberative process privilege, the records are privileged; and (e) it is overbroad and disproportionate violating FRCP 26(b)(1)." City Responses at 10–11.

(b) Deficiencies in City's Response

The City's boilerplate objections to Interrogatory 7 are unsupported and deficient. The Interrogatory is not compound because the examples of types of information add specificity to the request and do not constitute discrete sub-parts. *See supra* Part I.1.c. The Interrogatory also does not assume disputed or disputable facts, so it does not lack foundation. *See supra* Part I.1.b. The City does not provide any support or basis for its objection that the Interrogatory is overbroad or disproportionate, which is insufficient and improper. *See e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). Because the manner in which the City levied or waived fines under the crime free rental housing program bears on whether the program was enforced discriminatorily, the information sought is not overbroad and is proportionate to the needs of the case. *See supra* Part I.1.a.

The City's objections based on attorney-client privilege, work product doctrine, and deliberative process privilege are also deficient. The City has offered no basis to support its assertion of these privileges. *See supra* Part I.3. There is no reason any of these privileges would apply here to shield how the City determined whether and when to levy or waive fines relating to the crime free rental housing program. The request does not call for protected attorney-client communications, documents prepared in anticipation of litigation, or deliberative documents prepared by a decisional body made before the adoption of a policy. *See id.* Regardless, to the extent the City is withholding responsive information based on these privileges, the City should so indicate and provide sufficient information for the United States to assess how the asserted privilege applies.

In addition, the response the City provided notwithstanding its objections is incomplete. Interrogatory 7 requests that the City "describe how you have determined, and currently determine, whether and when to levy or to waive fines under the crime free rental housing program." The City responded with a description of how citations are processed *after* they have been issued, and regarding the involvement of a City employee in processing such citations. City Responses at 10–11. However, the City provided no information about how decisions are made to levy or waive under the crime free rental housing program. The Sheriff's Department stated in a response to an almost identical interrogatory that it "does not decide whether and when to levy

or waive fines under the crime free rental housing program." Sheriff's Department Responses at 12 (internal quotations omitted). It cannot be the case that neither the City nor the Sheriff's Department makes such decisions. If the City makes decisions to levy or waive fines, it should provide a full response describing how it makes such decisions. But if the City does not do so and on the contrary the Sheriff's Department does, the City should plainly indicate this, and the Sheriff's Department should revise its response to provide the requested information.

4. Interrogatory 8

Interrogatory 8 asks the City to "identify all property owners, property managers, or property management companies you believe or believed at any time had failed to, or are failing or have failed to, comply with the crime free rental housing program, and identify the specific type of non-compliance for each individual or entity."

(a) City's Objections

The City objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records that are not in the control or custody of Responding Party." City Responses at 12.

(b) Deficiencies in City's Response

The City's boilerplate objections to Interrogatory 8 are unsupported and deficient. The Interrogatory is not compound because the types of information listed—including the types of landlords and the nature of the alleged noncompliance—provide specificity as to the information requested and do not constitute discrete subparts. *See supra* Part I.1.c. The Interrogatory also does not assume disputed or disputable facts, and so does not lack foundation. *See supra* Part I.1.b. The City does not provide any support or basis for its objection that the Interrogatory is overbroad or disproportionate, which is insufficient and improper. *See e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). Because the City's belief as to which landlords failed to comply with the crime free rental housing program bears on whether its enforcement practices were discriminatory, the information sought is not overbroad and is proportionate to the needs of the case. *See supra* Part I.1.a. It is unclear how the City could lack custody or control over this type of information, but regardless the City cannot assert it lacks control over information within the custody or control of the Sheriff's Department, its contractor for providing police services. *See supra* Part I.1.d.

In addition, the response the City provided notwithstanding its objections is incomplete. Rather than provide a descriptive response, the City referred generally to dozens of documents Defendants had previously provided, including citations given to landlords regarding the crime free rental housing program, as well as documents associated with appeals of such citations. City Responses at 12. However, it appears that these documents are a small subset of the total set of

citation-related documents previously produced by Defendants. From these documents alone, it is impossible to glean which landlords the City believed had failed to comply with the crime free rental housing program at any time. Nor does it provide any information about landlords the City believed were not in compliance but for which no citation was issued. The City must provide a specific response to this request rather than refer generally to dozens of documents without further explanation. If the City means to assert that the landlords referenced in these specific citation-related documents it cited are the sole landlords it alleges have ever failed to comply with the program, it should state this clearly.

5. Interrogatory 9

Interrogatory 9 asks the City to, "[f]or each individual or entity listed in [its] response to Interrogatory No. 8, please identify any and all other property owners, property managers, property management companies, residents, or tenants that you have notified, or plan to notify, about that individual's or entity's non-compliance."

(a) City's Objections

The City objected to this Interrogatory on the grounds that: "(a) the Interrogatory is compound, containing multiple discrete subparts in violation of FRCP 33(a); (b) the Interrogatory lacks foundation and assumes disputed facts; (c) it is overbroad and disproportionate violating FRCP 26(b)(1); and (d) the Interrogatory seeks records not in the control or custody of Responding Party." City Responses at 12.

(b) Deficiencies in City's Response

The City's boilerplate objections to Interrogatory 9 are unsupported and deficient. The Interrogatory is not compound because the types of information listed—which are the same as for Interrogatory 8—provide specificity as to the information requested and do not constitute discrete subparts. *See supra* Parts I.1.c.; II.4.b. The Interrogatory also assumes no disputed or disputable facts, and so does not lack foundation. *See supra* Part I.1.b. The City does not provide any support or basis for its objection that the Interrogatory is overbroad or disproportionate, which is insufficient and improper. *See e.g.*, Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (including proportionality in Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). If the City notified one person that it believed another person had violated the crime free rental housing program, this could constitute retaliation, which is one of the claims in this action. Therefore, the information sought is not overbroad and is proportionate to the needs of the case. *See supra* Part I.1.a. It is unclear how the City could lack custody or control over this type of information, but regardless the City cannot assert it lacks control over information within the custody or control of the Sheriff's Department. *See supra* Part I.1.d.

In addition, the response the City provided notwithstanding its objections is incomplete. The City stated, "upon information and belief, the City did not notify or 'plan to notify' any third party concerning a citation issued under the Ordinance." City Responses at 12. However, the City failed to state whether any other form of actual or alleged noncompliance with the program

was reported to a third party. Therefore, this response is materially incomplete and must be supplemented.

III. Conclusion

To resolve these issues and avoid the unnecessary involvement of the Court, the United States asks that the City provide supplemental responses to Interrogatories 1–9 by **February 26, 2021**. In its supplemental responses, we specifically request that, for each Interrogatory, the City:

- withdraw its deficient boilerplate objections;
- provide specific support for any objections that are not withdrawn;
- indicate whether it is withholding information based on any objections it does not withdraw, and provide enough information for the United States to assess the City's basis for withholding such information;
- for any objections based on privileges not withdrawn, indicate whether it is withholding responsive information based on such privileges and provide sufficient information for the United States to assess the claims of privilege; and
- provide materially complete responses.

Please also consider this letter a request to confer in accordance with Local Rule 37-1, which requires the parties to discuss these discovery disputes within 10 days of the date of this letter. We are available to discuss between 8:00 am and 11:00 am PT on February 19 or 22, 2021. If you are not available either of those dates, please let us know what dates and times you are available to meet. We look forward to your prompt response.

Respectfully,

Tracy L. Wilkison
Acting United States Attorney

Matthew Nickell
Assistant U.S. Attorney
Civil Rights Section, Civil Division

Sameena Shina Majeed
Chief

Megan Whyte de Vasquez
Trial Attorney
Housing and Civil Enforcement Section

EXHIBIT 4

# CRIME FREE RENTAL PROGRAM

Accountability For Renters and Owners

Hesperia Total CFS 2014

All Other
At Rentals

66,000 CALLS FOR SERVICE TOTAL.
22,000 CFS AT RENTAL PROPERTY 1/3.
44,000 CFS AT ALL OTHER LOCATIONS SUCH AS HOMES, BUSINESSES, GOVERNMENT OFFICES AND ROADWAYS.

10 Homicides

Other 1
Rental Property 9

# HESPERIA 2012 TO 2014 HOMICIDES

Ex. 24
Page 599

Non-Alarm Multi Response

Rentals 80%
All Others 20%

# MULTIPLE RESPONSE CASES

Ex. 24
Page 600

- The International Crime Free Programs have spread to nearly 2,000 cities in 48 U.S. States and Some Foreign Countries.
- Many Local Municipalities Participate in the Crime Free Program. San Bernardino County, Apple Valley, Victorville, Rancho Cucamonga, Upland, Highland, Rialto, San Bernardino, Hemet, Murrieta, Riverside, San Diego County and many others.
- Crime Free Programs have a Time and Court Tested Lease Addendum. Commit no Crimes. Federal, State and Local.

# THE CRIME FREE PROGRAM

1. Significant Crime Reduction.
2. Provide Resources for Owners to Attract and Retain Good Tenants.
3. Hold Tenants and Owners Accountable.
4. Give Homeowners the Ability to Effect Change in Neighborhoods.

# GOALS OF A HESPERIA PROGRAM

- Heavy on Requirements and Light on Enforcement.
- Inconsistent History.
- Most Programs Do Not Extend Down to Single Family Dwellings.
- Accountability for Tenants and Owners is Virtually Nonexistent.
- Inability to Gain Full Participation.
- Good Intentions but Poor Execution.

# PROBLEMS WITH CRIME FREE PROGRAMS

- Easy For Property Owners to Comply With Requirements.
- Administrative Fines Backed up by Criminal (Misdemeanor) Law.
- Law Enforcement Based. Higher Level of Compliance.
- True Crime Prevention.

# HOW HESPERIA'S PROGRAM WILL BE DIFFERENT

- At the Conclusion of the Former Rental Housing Program in July of 2012, the City had 899 Single Family Homes and 2,315 Multi-Family Units in the Program.
- Based on Property Tax Addresses and Administering the Program it is Estimated the City Had Less Than 50% Compliance on Single Family Homes and Just Over 50% Compliance on Multi-Family Units.
- It is Also Estimated the Number of Single Family Rental Homes are up Significantly Since 2012.
- A Reasonable Estimated is 4,000 Multi-Family Units and 2,000 Single Family Residential Units Currently.

# NUMBER OF RENTAL UNITS IN HESPERIA

- Any Property Where Money, Services or Goods are Exchanged for the Ability to Reside at a Property.
- This Would Include Commercial Property Where People are Allowed to Reside, Renting of Individual Rooms at a Home to a Non-Family Member and Trailer Parks Where the Trailer is not Owned by the Occupant.
- This Would Not Include Hotels, Motels, Businesses or Commercial Property.

# WHAT WILL BE CONSIDERED A RENTAL

Q. Do you remember if you put together this slide or the numbers that are on it?

A. I don't remember who put the PowerPoint together if that's what you're asking.

Or are you asking about the statistics? 12:18

Q. The statistics.

A. Those were a collaboration of headquarters at the sheriff's department as well as our own staff at the station.

Q. Do you remember any specific individuals who assisted with compiling these statistics? 12:18

A. I don't want to give you the wrong name because there was a number of clerical staff that worked in doing stat-ing, and a number of people have access to pull stats, and so I can't remember who exactly it was. So no, I can't give you a name. 12:19

Q. Was there a particular office? I think you mentioned there were clerical folks who did this, who pulled stats. Do you remember a specific office?

A. Well, let me describe it this way. At the station level, the clerical staff that does the statistical information rotates. And so there's a number of clerical staff that are involved in it, and they rotate in and out of that position. But most of them are capable of pulling certain types of statistics. 12:19 12:20

And then crime analysis at headquarters has, I think, four different folks that pull stats as well. And so I do know that it was a combination of everyone that put these together, including talking to a number of deputies, many of the deputies at the station, as well. 12:20

Q. Understanding you might not have been the person who pulled these stats, do you know what sources that folks were looking at to pull these? Were they -- were there databases they were looking at? Any other sources of information? 12:21

A. These would all be -- to the best of my knowledge, these would all be from the sheriff's system. I don't know that they had access to any other system for these type of stats. Certainly, I didn't. But because crime analysis was involved, there's the possibility they had some other access that I'm unaware of. So as far as I know, it's sheriff's department statistics. 12:21

Q. Do you know where those statistics were kept? Was there a particular application or folder? A name for where that information came from? 12:21

A. There's multiple ways to pull information from the sheriff's system. And so I don't know exactly what system was used to pull these stats. 12:22

GREGORY B. FRIEL
Deputy Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ABIGAIL A. NURSE (NY Bar No. 5244512)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
E-mail: Megan.Whyte.de.Vasquez@usdoj.gov
TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, et al.,<br><br>Defendants. | Case No. 5:19-CV-2298 AB (SPx)<br><br>**NOTICE OF TAKING DEPOSITION (Fed. R. Civ. P. 30(b)(6))**<br><br>[County of San Bernardino]<br><br>Honorable André Birotte Jr.<br>United States District Judge |

PLEASE TAKE NOTICE that Plaintiff United States of America will take the deposition of defendant County of San Bernardino ("the County"), on February __, 2021 at 9:30 a.m. Pacific time. The deposition will be taken by video teleconferencing software, per the parties' remote deposition stipulation, ECF No.37; *see also* ECF No. 38 (order approving the parties' stipulation). The deposition will be recorded by video and taken by stenographic means before a certified court reporter authorized by law to administer oaths and transcribe depositions. The court reporter may appear remotely for reporting the proceeding and may not be in the deponent's presence. The deposition will continue from time to time and place to place until concluded.

Pursuant to Fed. R. Civ. P. 30(b)(6), the County shall designate one or more officers, directors, managing agents, employees, and/or other persons who consent to testify on its behalf, setting forth in each of its designations which of the topic(s) listed below the person will testify about. Unless otherwise specified below, each topic relates to the period from January 1, 2014 to the date of the deposition noticed herein.

## Definitions

1. "Data systems" includes software, databases, or other sources of electronically stored information.

## Topics

1. The Property Information Management System (PIMS) and any data systems, software, and databases that contain data indicating the owners of real property in Hesperia, including the specific product(s) or package(s) (if applicable), and the version of each, purchased, licensed, or used during the time period specified above; how information is organized in such system or software; how, if at all, data can be edited or deleted, and what happens with such edited or deleted data; the capabilities to search data in such system or software; capabilities to export data from such system or software, including in what format(s); completed

searches or collection of data from such system or software in connection with the above-referenced case; and the persons responsible for maintaining PIMS.

2. The County's email system and electronic information systems or networks during the time period specified above.
3. The data retention policies, procedures, and schedules (including for email and data associated with departing staff) applicable to those email and electronic information systems or networks identified in topic 2 above and in effect during the time period specified above.
4. The timing and implementation of legal holds, litigation holds, or other preservation steps taken by the County in connection with the claims and defenses relevant to this case, including dates any such holds or preservation notices or instructions were issued, amended, and/or terminated; all persons to whom those holds or notices were issued; and all steps taken to preserve information in connection with any of the following:
    a. The above-captioned lawsuit;
    b. *Assistant Secretary of FHEO v. Hesperia*, HUD Nos. 09-16-4717-8 and 09-16-4717-6;
    c. *Dougherty v. Hesperia*, HUD No. 09-17-9122-8;
    d. *Haro v. Hesperia*, HUD No. 09-17-9325-8 and 09-17-9325-6;
    e. *Almeida v. Hesperia*, HUD No 09-17-9420-8;
    f. *Victor Valley Family Resource Center v. City of Hesperia*, 5:16-cv-00903-AB-SP (C.D. Cal.); and

/ /

/ /

/ /

/ /

/ /

/ /

g. Any other investigations or litigation related to the claims and defenses relevant to this case.

Respectfully,

Dated: February __, 2021

TRACY L. WILKISON
Acting United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

GREGORY B. FRIEL
Deputy Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
CHRISTOPHER D. BELEN
ABIGAIL A. NURSE
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

GREGORY B. FRIEL
Deputy Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ABIGAIL A. NURSE (NY Bar No. 5244512)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
U.S. Department of Justice, Civil Rights Division
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713, Facsimile: (202) 514-1116
E-mail: Megan.Whyte.de.Vasquez@usdoj.gov
TRACY L. WILKISON
Acting United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805, Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov
Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, et al.,<br>Defendants. | Case No. 5:19-CV-2298 AB (SPx)<br>**NOTICE OF TAKING DEPOSITION (Fed. R. Civ. P. 30(b)(6))**<br>[San Bernardino County Sheriff's Department]<br>Honorable André Birotte Jr.<br>United States District Judge |

PLEASE TAKE NOTICE that Plaintiff United States of America will take the deposition of defendant San Bernardino County Sheriff's Department ("the Sheriff's Department"), on February ___, 2021 at 9:30 a.m. Pacific time. The deposition will be taken by video teleconferencing software, per the parties' remote deposition stipulation, ECF No.37; *see also* ECF No. 38 (order approving the parties' stipulation). The deposition will be recorded by video and taken by stenographic means before a certified court reporter authorized by law to administer oaths and transcribe depositions. The court reporter may appear remotely for reporting the proceeding and may not be in the deponent's presence. The deposition will continue from time to time and place to place until concluded.

Pursuant to Fed. R. Civ. P. 30(b)(6), the Sheriff's Department shall designate one or more officers, directors, managing agents, employees, and/or other persons who consent to testify on its behalf, setting forth in each of its designations which of the topic(s) listed below the person will testify about. Unless otherwise specified below, each topic relates to the period from January 1, 2014 to the date of the deposition noticed herein.

## Definitions

1. "Data systems" includes software, databases, or other sources of electronically stored information.
2. "Easy Tracking" refers to the software identified in the Sheriff's Department's responses to the United States' Interrogatory No. 1.

## Topics

1. The data systems used by the Sheriff's Department to generate, record, or maintain information about potential and actual criminal activity in Hesperia, and the Sheriff's Department's response(s) to such activity. This topic will include identifying the data systems, including the specific product(s) or package(s), and

version of each, purchased, licensed, or used during the time period specified above; how the Sheriff's Department uses the data systems; the types, scope, and format of data entered into the data systems; how information is organized in the data systems; how, if at all, data can be edited or deleted, and what happens with such edited or deleted data; the capabilities to search and export data from the data systems, including in what format; completed searches or collection of data from the data systems in connection with the above-captioned case; and the persons responsible for maintaining each data system. At a minimum, the data systems will include:

a. Tiburon (identified in the Sheriff's Department's responses to the United States' Interrogatory No. 1);
b. CLETS (identified in the Sheriff's Department's responses to the United States' Interrogatory Nos. 1 and 9);
c. CII (identified in the Sheriff's Department's responses to the United States' Interrogatory No. 1);
d. Other computer assisted dispatch system(s) or software;
e. Data systems where data about calls for service in Hesperia are entered into, generated by, or maintained;
f. Data systems where data about arrests in Hesperia are entered into, generated by, or maintained;
g. Data systems where data about criminal citations or summonses in Hesperia are entered into, generated by, or maintained;
h. Data systems where data about multiple responses to, or multiple response forms for, properties in Hesperia are entered into, generated by, or maintained;
i. Data systems used to generate or produce "premise(s) history" reports;
j. Data systems used to generate or produce incident reports related to arrests, calls for service, or criminal citations or summonses;

      k. Data systems used to generate or produce periodic reports about calls for service;

l. Data systems used to generate or produce Deputy Reports or Uniform Crime Reports related to arrests or calls for service;

m. Data systems used to generate or produce District Attorney Submission forms related to arrests or calls for service;

n. Data systems used to generate or produce annual crime reports; and

o. Data systems used to generate or produce the Dispatch Call Log Media Summary for Hesperia.

2. In connection with Hesperia's crime free rental housing program, the Sheriff's Department's use of data systems (a term which includes software). This topic will include identifying the data systems, including the specific product(s) or package(s), and version of each, purchased, licensed, or used during the time period specified above; how the Sheriff's Department uses the data systems in connection with Hesperia's crime free rental housing program; the types, scope, and format of data entered into the data systems; how information is organized in the data systems; how, if at all, data can be edited or deleted, and what happens with such edited or deleted data; the capabilities to search and export data from the data systems, including in what format; completed searches or collection of data from the data systems in connection with the above-captioned case; and the persons responsible for maintaining each data system. At a minimum, the data systems will include:

a. Easy Tracking;

b. Data systems used or consulted by the Sheriff's Department's staff in connection with screening tenants' or housing-applicants' criminal history in connection with Hesperia's crime free housing program, including to inquire about the individuals' criminal history;

c. Data systems used or consulted by the Sheriff's Department's staff in connection with informing property owners or property managers about crime on or near their residential property/ies, including to determine whether calls for service or arrests occurred on or near a property, to identify the owner or manager of the property (including, but not limited to, the Property Information Management System (PIMS)), and to determine whether a property is a rental property; and

d. Data systems used to save, report, or maintain records about the information obtained as a result of such inquiries.

3. The Property Information Management System (PIMS) and the Sheriff's Department's use of PIMS; the Sheriff's Department's use of PIMS in connection with Hesperia's crime free rental housing program; how information is organized in PIMS; how, if at all, data can be edited or deleted, and what happens with such edited or deleted data; the capabilities to search data in PIMS available to the Sheriff's Department and, if different, to the public; if the Sheriff's Department searches by criteria other than street address (e.g., by parcel number, tract map information), the Sheriff's Department's source(s) of that information; the capabilities to export data from PIMS available to the Sheriff's Department and, if different, to the public, including in what format(s); completed searches or collection of data from PIMS in connection with the above-referenced case; and the persons responsible for maintaining PIMS.

4. The Jail Information Management System ("JIMS") and the Sheriff's Department's use of JIMS; the Sheriff's Department's use of JIMS in connection with Hesperia's crime free rental housing program; how information is organized in JIMS; how, if at all, data can be edited or deleted, and what happens with such edited or deleted data; the capabilities to search and export data from JIMS, including in what format(s); completed searches or collection of data from JIMS

in connection with the above-referenced case; and the persons responsible for maintaining JIMS.

5. The Sheriff's Department's email and electronic information systems or networks during the time period specified above.

6. The data retention policies, procedures, and schedules (including for email and data associated with departing staff) applicable to the email and electronic information systems or networks identified in topic 5 and in effect during the time period specified above.

7. The timing and implementation of legal holds, litigation holds, or other preservation steps taken by the Sheriff's Department in connection with the claims and defenses relevant to this case, including dates any such holds or preservation notices or instructions were issued, amended, and/or terminated; all persons to whom those holds or notices were issued; and all steps taken to preserve information in connection with any of the following:

   a. The above-captioned lawsuit;
   b. *Assistant Secretary of FHEO v. Hesperia*, HUD Nos. 09-16-4717-8 and 09-16-4717-6;
   c. *Dougherty v. Hesperia*, HUD No. 09-17-9122-8;
   d. *Haro v. Hesperia*, HUD No. 09-17-9325-8 and 09-17-9325-6;
   e. *Almeida v. Hesperia*, HUD No 09-17-9420-8;
   f. *Victor Valley Family Resource Center v. City of Hesperia*, 5:16-cv-00903-AB-SP (C.D. Cal.); and

/ /

/ /

/ /

/ /

/ /

/ /

g. Any other investigations or litigation related to the claims and defenses relevant to this case.

Respectfully,

Dated: February __, 2021

TRACY L. WILKISON
Acting United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

GREGORY B. FRIEL
Deputy Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
CHRISTOPHER D. BELEN
ABIGAIL A. NURSE
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

ANNA MEDINA
Acting Deputy Chief, Federal Coordination and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

*USA v. City of Hesperia, et al*

*Case No. 5:19-cv-02298 AB(SPx)*

**CITY OF HESPERIA'S SUPPLEMENTAL PRIVILEGE LOG RELATING TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1 TO CITY OF HESPERIA**

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 1. | 05/28/2020 | Eric Dunn, City Attorney ("CA") for the City of Hesperia | Nils Bentsen, City Manager ("CM") for the City of Hesperia | Email containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 2. | 05/28/2020 | Eric Dunn, CA | Nils Bentsen, CM | Document containing notes and legal research re: HUD and Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |
| 3. | 05/26/2020 | Cathy Green, San Bernardino County Sheriff's Department | Tina Bulgarelli, Administrative Analyst for the City of Hesperia | Email regarding request by the City Attorney's office for documents in relation to Crime Free litigation | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 4. | 05/26/2020 | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Eric Dunn, CA | Email responding to email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 5. | 05/26/2020 | Eric Dunn, CA | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 6. | 05/26/2020 | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Rod Yahnke, EDM; Jennifer Shove, City staff | Email forwarding and discussing email from city attorney containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 7. | 05/26/2020 | Rod Yahnke, EDM | Eric Dunn, CA; Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding; Jennifer Shove, City staff | Email responding to email from City attorney containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 8. | 05/26/2020 | Rod Yahnke, EDM | Eric Dunn, CA; Jennifer Shove, City staff | Email requesting legal advice/analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 9. | 05/25/2020 | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Rod Yahnke, EDM; Jennifer Shove, City staff | Email requesting legal advice/analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 10. | 05/22/2020 | Eric Dunn, City Attorney for the City of Hesperia | Nils Bentsen, CM; Rachel Molina, Deputy CM | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 11. | 04/21/2020 | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Eric Dunn, CA; Rod Yahnke, EDM; Jennifer Shove, City staff | Email responding to email from city attorney containing legal analysis/advice re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 12. | 04/21/2020 | Eric Dunn, CA | Rod Yahnke, EDM; Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding; Jennifer Shove, City staff | Email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 13. | 04/01/2020 | Eric Dunn, City Attorney for the City of Hesperia | Nils Bentsen, CM; Michael Blay, Asst. CM; Rachel Molina, Deputy CM; Rod Yahnke, City Economic Development Manager (“EDM”) | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 14. | 03/27/2020 | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding | Rod Yahnke, EDM; Jennifer Shove, City staff | Email containing discussion of legal analysis in forwarded email from city attorney re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 15. | 03/27/2020 | Rod Yahnke, EDM | Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding; Jennifer Shove, City staff | Email containing discussion of legal analysis in forwarded email from city attorney re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 16. | 03/26/2020 | Eric Dunn, CA | Rod Yahnke, EDM, Nils Bentsen, CM, Michael Blay, Asst. CM; Chris Borchert, Principal Planner; Jennifer Shove, City staff | Email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 17. | 03/26/2020 | Eric Dunn, City Attorney for the City of Hesperia | Nils Bentsen, CM; Michael Blay, Asst. CM; Chris Borchert, Principal Planner; Jennifer Shove, Administrative Analyst | Email requesting legal advice re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |
| 18. | 03/19/2020 | Eric Dunn, CA | Rod Yahnke, EDM, Nils Bentsen, CM, Michael Blay, Asst. CM; Chris Borchert, Principal Planner; Jennifer Shove, City staff | Email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 19. | 03/19/2020 | Rod Yahnke, EDM | Eric Dunn, CA; Nils Bentsen, CM, Michael Blay, Asst. CM; Chris Borchert, Principal Planner; Jennifer Shove, City staff | Email requesting legal advice/analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 20. | 03/19/2020 | Eric Dunn, City Attorney for the City of Hesperia | Rod Yahnke, EDM; Nils Bentsen, CM; Michael Blay, Asst. CM; Chris Borchert, Principal Planner | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 21. | 03/19/2020 | Rod Yahnke, EDM | Eric Dunn, CA; Nils Bentsen, CM; Michael Blay, Asst. CM; Chris Borchert, Principal Planner; Jennifer Shove, Administrative Analyst | Email requesting legal advice re: crime free ordinance litigation | Attorney-Client Privilege |
| 22. | 03/13/2020 | Rod Yahnke, EDM | Eric Dunn, CA; Casey Brooksher, City staff; Nils Bentsen, CM | Email responding to email from city attorney containing legal analysis/advice re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 23. | 03/12/2020 | Eric Dunn, CA | Rod Yahnke, EDM; Nils Bentsen, CM | Email containing legal analysis re: crime free ordinance as it relates to CDBG funding | Attorney-Client Privilege, Attorney Work Product |
| 24. | 02/24/2020 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 25. | 02/06/2020 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege |
| 26. | 01/28/2020 | Tina Bulgarelli, Administrative Analyst | Stephanie McClure, Asst. City Clerk; Melinda Sayre, City Clerk | Email forwarding email from City Attorney's office re: crime free ordinance litigation | Attorney-Client Privilege |
| 27. | 01/28/2020 | Tina Bulgarelli, Administrative Analyst | Stephanie McClure, Asst. City Clerk | Email forwarding email from City Attorney's office containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege |
| 28. | 01/28/2020 | Stephanie McClure, Asst. City Clerk | Tina Bulgarelli, Administrative Analyst | Email forwarding email from City Attorney's office containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege |
| 29. | 01/03/2020 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal analysis/strategy re: crime free ordinance litigation | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 30. | 11/27/2019 | Maria Munoz, Assistant to City Attorney | Laura Crane, County Counsel | Email containing legal strategy and forwarding letter from city attorney re: tender of defense | Attorney-Client Privilege, Attorney Work Product |
| 31. | 11/27/2019 | Eric Dunn, CA | Laura Crane, County Counsel | Letter regarding County's tender of defense to the City | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 32. | 11/04/2019 | Eric Dunn, CA | Nils Bentsen, CM; Rachel Molina, Asst. to CM; | Email containing legal strategy re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |
| 33. | 11/01/2019 | Eric Dunn, CA | Nils Bentsen, CM; Rachel Molina, Asst. to CM | Email containing legal strategy and advice re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 34. | 10/22/2019 | Eric Dunn, CA | Members of the City Council (“CC”), Larry Bird, Bill Holland, Rebekah Swanson; Nils Bentsen, CM | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |
| 35. | 10/16/2019 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: crime free ordinance litigation | Attorney-Client Privilege, Attorney Work Product |
| 36. | 03/01/2019 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Asst. CM; Chris Borchert, Principal Planner | Email containing legal analysis re: HUD investigations | Attorney-Client Privilege, Attorney Work Product |
| 37. | 09/06/2018 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Asst. CM | Email containing legal analysis re: HUD conciliation process | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 38. | 08/20/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal advice re: HUD regulations | Attorney-Client Privilege, Attorney Work Product |
| 39. | 08/16/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal advice re: HUD regulations | Attorney-Client Privilege, Attorney Work Product |
| 40. | 08/16/2018 | Eric Dunn, CA | Nils Bentsen, CM | Document containing notes and legal research re: HUD and Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 41. | 08/02/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: Hud conciliation proposal | Attorney-Client Privilege, Attorney Work Product, Settlement Communications Privilege |
| 42. | 07/09/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: Hud conciliation proposal | Attorney-Client Privilege, Attorney Work Product, Settlement Communications Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 43. | 06/25/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email soliciting legal advice re: HUD regulations | Attorney-Client Privilege |
| 44. | 06/23/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD regulations | Attorney-Client Privilege, Attorney Work Product |
| 45. | 06/21/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email containing discussion of legal analysis re: HUD conciliation efforts and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 46. | 06/21/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email containing discussion of legal analysis re: HUD conciliation efforts and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 47. | 06/12/2018 | Robert Khuu, Attorney | Nils Bentsen, CM | Email containing discussion of legal analysis re: HUD conciliation efforts and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 48. | 06/12/2018 | Eric Dunn, CA | Nils Bentsen, CM | Draft document containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 49. | 05/10/2018 | Tina Bulgarelli, Administrative Analyst | Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Email containing, forwarding, and discussing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 50. | 05/10/2018 | Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Tina Bulgarelli, Administrative Analyst; Eric Dunn, CA | Email containing, forwarding, and discussing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 51. | 05/10/2018 | Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Tina Bulgarelli, Administrative Analyst; Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Email containing, forwarding, and discussing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 52. | 05/10/2018 | Tina Bulgarelli, Administrative Analyst | Eric Dunn, CA | Email containing, forwarding, and discussing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product |
| 53. | 05/10/2018 | Eric Dunn, CA | Tina Bulgarelli, Administrative Analyst; Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Email containing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 54. | 05/10/2018 | Eric Dunn, CA | Tina Bulgarelli, Administrative Analyst; Paula Raihle, Office Specialist for Crime Free Rental Housing Program | Email containing legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 55. | 05/07/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: HUD allegations | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 56. | 05/07/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: HUD allegations | Attorney-Client Privilege |
| 57. | 05/07/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: HUD allegations | Attorney-Client Privilege |
| 58. | 05/04/2018 | Eric Dunn, CA | Nils Bentsen, CM | Document re: potential settlement with HUD | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 59. | 05/04/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 60. | 04/20/2018 | Eric Dunn, CA | Bill Holland, Councilmember; Larry Bird, Councilmember; Nils Bentsen, CM | Email containing legal strategy re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 61. | 04/20/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 62. | 04/20/2018 | Eric Dunn, CA | Nils Bentsen, CM; Larry Bird, City Councilmember; Bill Holland, City Councilmember | Document containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 63. | 04/19/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email responding to email from city attorney containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege |
| 64. | 04/19/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 65. | 04/12/2018 | Eric Dunn, CA | Michael Blay, Asst. CM | Email containing legal strategy and analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 66. | 04/12/2018 | Michael Blay, Asst. CM | Eric Dunn, CA | Email responding to email from city attorney containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 67. | 04/12/2018 | Nils Bentsen, CM | Michael Blay, Asst. CM | Email forwarding email from city attorney containing legal analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 68. | 04/10/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: Victor Valley Family Resource Center ("VVFRC") v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 69. | 04/09/2018 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: Victor Valley Family Resource Center ("VVFRC") v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 70. | 04/02/2018 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal strategy and analysis re: HUD case involving crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 71. | 08/08/2017 | Tina Bulgarelli, Administrative Analyst | Stephanie McClure, Asst. City Clerk; Sean Boal, IT manager; Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice/strategy re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 72. | 08/08/2017 | Stephanie McClure, Asst. City Clerk | Tina Bulgarelli, Administrative Analyst; Sean Boal, City IT Manager; Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice/strategy re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 73. | 07/25/2017 | Stephanie McClure, Asst. City Clerk | Nils Bentsen, CM; Michael Blay, Asst. CM; Tina Bulgarelli, Administrative Analyst | Email containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 74. | 07/24/2017 | Nicholas D. Papajohn, Associate with city attorney's office | Stephanie McClure, Asst. City Clerk; Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst | Email responding to email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 75. | 07/21/2017 | Stephanie McClure, Asst. City Clerk | Nicholas D. Papajohn, Associate with city attorney's office; Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst | Email responding to email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 76. | 07/21/2017 | Nicholas D. Papajohn, Associate with city attorney's office | Stephanie McClure, Asst. City Clerk; Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst | Email forwarding and discussing email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 77. | 07/21/2017 | Stephanie McClure, Asst. City Clerk | Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst; Nicholas D. Papajohn, Associate with city attorney's office; Stephanie McClure, Asst. City Clerk | Email discussing earlier email from city attorney's office containing legal advice/strategy re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 78. | 07/21/2017 | Stephanie McClure, Asst. City Clerk | Nicholas D. Papajohn, Associate with city attorney's office; Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst | Email discussing earlier email from city attorney's office containing legal advice/strategy re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 79. | 07/21/2017 | Nicholas D. Papajohn, Associate with city attorney's office | Stephanie McClure, Asst. City Clerk; Melinda Sayre, City Clerk; Robert Khuu, city attorney's office; Tina Bulgarelli, Administrative Analyst | Email containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 80. | 07/18/2017 | Melinda Sayre, City Clerk | Tina Bulgarelli, Administrative Analyst | Email forwarding email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 81. | 07/18/2017 | Tina Bulgarelli, Administrative Analyst | Melinda Sayre, City Clerk; Robert Khuu, attorney; Nicolas Papajohn, attorney; Stephanie McClure, Asst. City Clerk | Email responding to emails from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 82. | 07/18/2017 | Tina Bulgarelli, Administrative Analyst | Melinda Sayre, City Clerk; Robert Khuu, attorney; Nicolas Papajohn, attorney; Stephanie McClure, Asst. City Clerk | Draft of Email responding to emails from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 83. | 07/18/2017 | Melinda Sayre, City Clerk | Robert Khuu, attorney; Nicolas Papajohn, attorney; Stephanie McClure, Asst. City Clerk; Tina Bulgarelli, Administrative Analyst | Email responding to email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 84. | 07/18/2017 | Robert Khuu, attorney | Melinda Sayre, City Clerk; Nicolas Papajohn, attorney; Stephanie McClure, Asst. City Clerk; Tina Bulgarelli, Administrative Analyst | Email answering question from staff regarding earlier email containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 85. | 07/18/2017 | Melinda Sayre, City Clerk | Nicolas Papajohn, attorney; Stephanie McClure, Asst. City Clerk; Robert Khuu, attorney; Tina Bulgarelli, Administrative Analyst | Email requesting further information in response to earlier email from city attorney's office containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 86. | 07/18/2017 | Nicolas Papajohn, attorney | Melinda Sayre, City Clerk; Stephanie McClure, Asst. City Clerk; Robert Khuu, attorney; Tina Bulgarelli, Administrative Analyst | Email containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 87. | 07/18/2017 | Nicolas Papajohn, attorney | Melinda Sayre, City Clerk; Stephanie McClure, Asst. City Clerk; Robert Khuu, attorney; Tina Bulgarelli, Administrative Analyst | Email containing legal strategy and advice re: HUD complaints | Attorney-Client Privilege, Attorney Work Product |
| 88. | 05/23/2017 | Robert Khuu, attorney | Nils Bentsen, CM; Eric Dunn, CA | Email containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 89. | 05/23/2017 | Nils Bentsen, CM | Eric Dunn, CA | Email responding to email from CA containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 90. | 05/12/2017 | Nils Bentsen, CM | Eric Dunn, CA | Email discussing legal analysis and strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product |
| 91. | 05/12/2017 | Nils Bentsen, CM | Eric Dunn, CA | Document containing notes to document containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 92. | 05/11/2017 | Eric Dunn, CA | Nils Bentsen, CM | Document containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 93. | 05/11/2017 | Eric Dunn, CA | Nils Bentsen, CM | Email discussing legal analysis and strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product |
| 94. | 05/04/2017 | Nils Bentsen, CM | Eric Dunn, CA | Email requesting legal advice re: HUD complaint | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 95. | 04/13/2017 | Eric Dunn, CA | Nils Bentsen, CM | Email discussing legal analysis and strategy re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 96. | 04/13/2017 | Michael Blay, Asst. CM | Eric Dunn, CA; Stephanie Antunez, City staff; Nils Bentsen, CM | Email discussing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 97. | 04/13/2017 | Tina Bulgarelli, Administrative Analyst | Michael Blay, Asst. CM | Email forwarding previous email from city attorney containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 98. | 04/13/2017 | Eric Dunn, CA | Nils Bentsen, CM | Document containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 99. | 04/12/2017 | Michael Blay, Asst. CM | Tina Bulgarelli, Administrative Analyst | Email forwarding previous email from city attorney containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 100. | 04/12/2017 | Eric Dunn, CA | Michael Blay, Asst. CM; Nils Bentsen, CM | Email containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 101. | 03/31/2017 | Andrew J. Thomas, Jenner & Block, LLP | Stephen Onstot, attorney; Laura Crane, County Counsel | Letter re: settlement of VVFRC v. Hesperia | Settlement Discussion Privilege |
| 102. | 03/31/217 | Eric Dunn, CA | Nils Bentsen, CM | Email discussing legal analysis and strategy re: VVFRC v. Hesperia and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 103. | 03/24/2017 | Tina Bulgarelli, Administrative Analyst | Eric Dunn, CA | Email responding to previous email from the city attorney containing discussion of legal strategy re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 104. | 03/24/2017 | Eric Dunn, CA | Tina Bulgarelli, Administrative Analyst | Email from the city attorney containing discussion of legal strategy re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 105. | 02/24/2017 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 106. | 01/25/2017 | Joshua Min, attorney | Nils Bentsen, CM; Eric Dunn, CA | Email from city attorney's office containing legal strategy/advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 107. | 01/24/2017 | Stephanie McClure, Asst. City Clerk | Tina Bulgarelli, Administrative Analyst; Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal discussion re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 108. | 01/24/2017 | Stephanie McClure, Asst. City Clerk | Melinda Sayre, City Clerk | Draft email forwarding and discussing email from city attorney's office containing legal discussion re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 109. | 01/24/2017 | Stephanie McClure, Asst. City Clerk | Tina Bulgarelli, Administrative Analyst; Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal discussion re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 110. | 01/13/2017 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 111. | 12/22/2016 | Stephanie McClure, Asst. City Clerk | Nils Bentsen, CM | Email forwarding email from city attorney's office containing legal analysis and advice re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 112. | 12/15/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 113. | 12/15/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 114. | 11/30/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal discussion and analysis re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 115. | 11/29/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal discussion and analysis re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 116. | 11/29/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal strategy re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 117. | 11/28/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product |
| 118. | 11/28/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product |
| 119. | 11/22/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product |
| 120. | 11/22/2016 | Eric Dunn, CA | Nils Bentsen, CM | Document containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 121. | 11/01/2016 | Stephen Onstot, attorney | Michael Blay, Asst. CM | Email containing legal advice and strategy re: HUD VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 122. | 11/01/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 123. | 10/31/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email containing legal strategy re: HUD complaint | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 124. | 10/28/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal counsel re: VVFRC re: Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 125. | 09/30/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and counsel re: HUD complaint | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 126. | 09/29/2016 | Melinda Sayre, City Clerk | Mike Podegracz, CM; Stephanie Hernandez, Asst. City Clerk | Email forwarding email from city attorney containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 127. | 09/27/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and counsel re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 128. | 09/23/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services | Email containing legal analysis and counsel re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Settlement Discussion Privilege |
| 129. | 09/01/2016 | Melinda Sayre, City Clerk | Michael Blay, Director of Development Services; Dave Reno, Principal Planner; Theresa Mauger, Code Enforcement Supervisor | Email forwarding email from city attorney's office containing litigation hold letter and legal advice re: HUD complaint and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 130. | 08/29/2016 | Dave Reno, Principal Planner | Denise Bossard, City staff; Stephanie McClure, Asst. City Clerk; Daniel Alcayaga, Senior Planner; Erin Baum, City staff; Ryan Leonard, Senior Planner; Stan Liudahl, Senior Planner; Tina Bulgarelli, Administrative Analyst | Email forwarding email from the city attorney's office containing legal strategy and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product; Settlement Discussion Privilege |
| 131. | 08/29/2016 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Email forwarding and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 132. | 08/25/2016 | Melinda Sayre, City Clerk | Steve Van Norman, IT Administrator; Sean Boal, City staff | Email forwarding and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 133. | 08/25/2016 | Steve Van Norman, IT Administrator | Melinda Sayre, City Clerk; Sean Boal, City Staff | Email containing legal advice re: HUD and crime free | Attorney-Client Privilege, Attorney Work Product |
| 134. | 08/25/2016 | Joshua Min, attorney | Melinda Sayre, City Clerk; Maria Munoz, attorney assistant; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and instruction re: HUD and Crime Free | Attorney-Client Privilege, Attorney Work Product |
| 135. | 08/25/2016 | Joshua Min, attorney | Melinda Sayre, City Clerk; Maria Munoz, attorney assistant; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and instruction re: HUD and Crime Free | Attorney-Client Privilege, Attorney Work Product |
| 136. | 08/25/2016 | Joshua Min, attorney | Melinda Sayre, City Clerk; Maria Munoz, attorney assistant; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and instruction re: HUD and Crime Free | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 137. | 08/25/2016 | Joshua Min, attorney | Melinda Sayre, City Clerk; Maria Munoz, attorney assistant; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and instruction re: HUD and Crime Free | Attorney-Client Privilege, Attorney Work Product |
| 138. | 08/25/2016 | Melinda Sayre, City Clerk | Joshua Min, attorney; Maria Munoz, attorney assistant; Stephanie Hernandez, Asst. City Clerk | Draft Email responding to and requesting legal advice re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 139. | 08/25/2016 | Melinda Sayre, City Clerk | Steve Van Norman, IT Administrator; Sean Boal, City staff | Email forwarding and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 140. | 08/25/2016 | Melinda Sayre, City Clerk | Joshua Min, attorney; Maria Munoz, Attorney Asst.; Stephanie Hernandez, Asst. City Clerk | Email responding to and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 141. | 08/25/2016 | Melinda Sayre, City Clerk | Joshua Min, attorney; Maria Munoz, Attorney Asst.; Stephanie Hernandez, Asst. City Clerk | Email responding to and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 142. | 08/25/2016 | Melinda Sayre, City Clerk | Joshua Min, attorney; Maria Munoz, Attorney Asst.; Stephanie Hernandez, Asst. City Clerk | Email responding to and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 143. | 08/25/2016 | Melinda Sayre, City Clerk | Steve Van Norman, IT Administrator; Sean Boal, City staff | Email forwarding and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 144. | 08/25/2016 | Melinda Sayre, City Clerk | Joshua Min, attorney; Maria Munoz, Attorney Asst. | Email responding to and discussing email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 145. | 08/23/2016 | Eric Dunn, CA | Melinda Sayre, City Clerk | Letter containing legal advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 146. | 08/18/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services | Email containing legal strategy and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 147. | 08/11/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email acknowledging receipt of email from City Attorney containing legal analysis and counsel re: VVFRC v. Hesperia and HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 148. | 08/11/2016 | Eric Dunn, CA | Nils Bentsen, CM; Brian Johnson, Asst. CM, Michael Blay, Director of Development Services | Email containing legal analysis and advice re: VVFRC v. Hesperia and HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 149. | 08/11/2016 | Courtney Pascoe, Information Systems Tech. | Steven Van Norman, IT Administrator; Melinda Sayre, City Clerk; Sean Boal, City Staff; Paul Jung, Systems Tech. | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 150. | 08/11/2016 | Melinda Sayre, City Clerk | Steven Van Norman, IT Administrator; Courtney Pascoe, Information Systems Tech.; Sean Boal, City Staff; Paul Jung, Systems Tech. | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 151. | 08/11/2016 | Melinda Sayre, City Clerk | Steven Van Norman, IT Administrator; Courtney Pascoe, Information Systems Tech.; Sean Boal, City Staff; Paul Jung, Systems Tech. | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 152. | 08/11/2016 | Sean Boal, City Staff | Steven Van Norman, IT Administrator; Courtney Pascoe, Information Systems Tech.; Melinda Sayre, City Clerk; Paul Jung, Systems Tech. | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 153. | 08/11/2016 | Melinda Sayre, City Clerk | Steven Van Norman, IT Administrator; Courtney Pascoe, Information Systems Tech.; Sean Boal, City Staff; Paul Jung, Systems Tech. | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 154. | 08/11/2016 | Steven Van Norman, IT Administrator | Melinda Sayre, City Clerk | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 155. | 08/11/2016 | Steven Van Norman, IT Administrator | Courtney Pascoe, Information Systems Tech.; Melinda Sayre, City Clerk; Sean Boal, City Staff; Paul Jung, Systems Tech. | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 156. | 08/11/2016 | Steven Van Norman, IT Administrator | Melinda Sayre, City Clerk; Sean Boal; Courtney Pascoe - Information Systems Technician; Paul Jung - Information Systems Specialist | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 157. | 08/11/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 158. | 08/10/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 159. | 08/10/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 160. | 08/10/2016 | Melinda Sayre, City Clerk | Robert Khuu, attorney | Email forwarding email from the city attorney re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 161. | 08/10/2016 | Melinda Sayre, City Clerk | Robert Khuu, attorney | Email forwarding email from the city attorney re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 162. | 08/10/2016 | Melinda Sayre, City Clerk | Robert Khuu, attorney | Email forwarding email from the city attorney re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 163. | 08/10/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Deliberative Process Privilege |
| 164. | 08/10/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Deliberative Process Privilege |
| 165. | 08/10/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Deliberative Process Privilege |
| 166. | 08/10/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney; Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 167. | 08/10/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney; Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 168. | 08/09/2016 | Theresa Mauger, Code Enforcement Supervisor | G. Ross Trindle, attorney | Email responding to emails containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 169. | 08/09/2016 | Theresa Mauger, Code Enforcement Supervisor | G. Ross Trindle, attorney; Stephen Onstot, attorney; Eric Dunn, City Attorney | Email responding to emails containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 170. | 08/09/2016 | G. Ross Trindle, attorney | Theresa Mauger, Code Enforcement Supervisor; Stephen Onstot, attorney; Eric Dunn, City Attorney | Email containing discussion of legal analysis and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 171. | 08/08/2016 | Ernesto Montes, Code Enforcement | G. Ross Trindle, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 172. | 08/05/2016 | G. Ross Trindle, attorney | Theresa Mauger, Code Enforcement Supervisor; Stephen Onstot, attorney | Email containing legal analysis and attorney work product re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 173. | 08/05/2016 | G. Ross Trindle, attorney | Theresa Mauger, Code Enforcement Supervisor; Stephen Onstot, attorney | Document containing legal analysis and attorney work product re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 174. | 08/05/2016 | G. Ross Trindle, attorney | Theresa Mauger, Code Enforcement Supervisor; Stephen Onstot, attorney; Eric Dunn, City Attorney | Email containing discussion of legal analysis and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 175. | 08/04/2016 | G. Ross Trindle, attorney | Ernesto Montes, Code Enforcement; Stephen Onstot, attorney; Eric Dunn - City Attorney | Email – containing legal analysis and attorney work product re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 176. | 08/04/2016 | G. Ross Trindle, attorney | Ernesto Montes, Code Enforcement; Stephen Onstot, attorney | Document containing legal analysis and attorney work product re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 177. | 08/02/2016 | Stephanie Hernandez, Asst. City Clerk | Robert Khuu, attorney; Melinda Sayre, City Clerk; Nils Bentsen, City Manager | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 178. | 08/02/2016 | Stephanie Hernandez - Assistant City Clerk | Robert Khuu, attorney; Nils Bentsen - City Manager; Melinda Sayre - City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 179. | 08/01/2016 | Stephanie Hernandez, Asst. City Clerk | Robert Khuu, attorney | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 180. | 07/19/2016 | Melinda Sayre-Castro - City Clerk | Robert Khuu, attorney; Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Draft email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 181. | 07/18/2016 | Nils Bentsen, City Manager | Eric Dunn, City Attorney | Email containing legal counsel re: VVFRC re: Hesperia | Attorney-Client Privilege |
| 182. | 07/18/2016 | Steven Van Norman, IT Administrator | Melinda Sayre, City Clerk | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 183. | 07/18/2016 | Steven Van Norman, IT Administrator | Melinda Sayre, City Clerk; Sean Boal, City Staff | Email discussing legal advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege |
| 184. | 07/18/2016 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Email forwarding email from city attorney's office containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 185. | 07/14/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 186. | 07/14/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email responding to and discussing earlier email from attorney Robert Khuu containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 187. | 07/11/2016 | Robert Khuu, attorney | Nils Bentsen, CM; Eric Dunn, CA | Email containing legal analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 188. | 07/08/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email responding to email from the city attorney containing legal advice re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 189. | 07/08/2016 | Nils Bentsen - City Manager | Eric Dunn - City Attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 190. | 07/07/2016 | Eric Dunn, CA | Nils Bentsen, CM | Draft letter produced by city attorney re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 191. | 07/07/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal advice re: VVFRC v. Hesperia and HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 192. | 07/07/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email responding to email from the city attorney containing legal advice re: VVFRC v. Hesperia and HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 193. | 07/07/2016 | Nils Bentsen, City Manager | Eric Dunn, City Attorney | Email responding to and discussing email from city attorney's office containing legal counsel re: VVFRC re: Hesperia and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 194. | 07/06/2016 | Nils Bentsen, City Manager | Eric Dunn, City Attorney | Email requesting legal advice re: VVFRC v. Hesperia and crime free ordinance | Attorney-Client Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 195. | 07/06/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and advice re: VVFRC v. Hesperia and HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 196. | 07/06/2016 | Michael Leonard, Councilmember | Nils Bentsen, City Manager | Email forwarding and discussing legal analysis and advice from city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 197. | 07/05/2016 | Sean Boal, City Staff | Stephanie Hernandez, Asst. City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 198. | 07/05/2016 | Stephanie Hernandez, Asst. City Clerk | Sean Boal, City Staff | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 199. | 07/05/2016 | Nils Bentsen, City Manager | Theresa Mauger, Code Enforcement Supervisor; Michael Blay, Director of Development Servces; Gregg Wielenga, Sheriff's Dept. | Email forwarding legal advice and analysis from city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege; Joint Defense Privilege |
| 200. | 07/05/2016 | Eric Dunn, City Attorney | Theresa Mauger, Code Enforcement Supervisor; Michael Blay, Director of Development Servces; Dave Reno, Principal Planner; Nils Bentsen, City Manager | Email forwarding legal advice and analysis from city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege; Joint Defense Privilege |
| 201. | 07/05/2016 | Theresa Mauger, Code Enforcement Supervisor | Ernesto Montes, Code Enforcement | Email forwarding email from city attorney's office containing legal advice and analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 202. | 07/05/2016 | Theresa Mauger, Code Enforcement Supervisor | Ernesto Montes, Code Enforcement | Email forwarding email from city attorney's office containing legal advice and analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 203. | 07/05/2016 | Nils Bentsen, City Manager | City Council | Email forwarding email from City attorney containing legal analysis and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 204. | 07/05/2016 | Nils Bentsen, City Manager | City Council | Email forwarding and discussing legal analysis and advice from city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 205. | 07/01/2016 | Eric Dunn, City Attorney | Nils Bentsen, City Manager | Email containing legal analysis and advice from city attorney's office re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 206. | 07/01/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email responding to email from the city attorney containing legal advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 207. | 07/01/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services; Dave Reno, Principal Planner; Theresa Mauger, Code Enforcement Supervisor | Email containing legal analysis and advice re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 208. | 06/30/2016 | Stephanie Antunez, Human Resources | Rita Perez, Human Resources; Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 209. | 06/30/2016 | Stephanie Antunez, Human Resources | Rita Perez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 210. | 06/30/2016 | Rod Yahnke - Interim Economic Development Director | Melinda Sayre - City Clerk; Anne Duke - Deputy Finance Director; Casey Brooksher - Senior Accountant; Stephanie Hernandez - Assistant City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 211. | 06/30/2016 | Melinda Sayre - City Clerk | Rod Yahnke - Interim Economic Development Director; Anne Duke - Deputy Finance Director; Casey Brooksher - Senior Accountant; Stephanie Hernandez - Assistant City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 212. | 06/30/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; Stephanie Hernandez - Assistant City Clerk | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 213. | 06/30/2016 | Melinda Sayre - City Clerk | Stephanie Antunez - Human Resources Specialist | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 214. | 06/30/2016 | Melinda Sayre - City Clerk | Stephanie Antunez - Human Resources Specialist; Robert Khuu, attorney | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 215. | 06/30/2016 | Rod Yahnke - Interim Economic Development Director | Melinda Sayre - City Clerk; Anne Duke - Deputy Finance Director; Casey Brooksher - Senior Accountant; Stephanie Hernandez - Assistant City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 216. | 06/30/2016 | Casey Brooksher - Senior Accountant | George Pirsko - Senior Financial Analyst | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 217. | 06/28/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 218. | 06/28/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 219. | 06/22/2016 | Casey Brooksher - Senior Accountant | George Pirsko - Senior Financial Analyst | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 220. | 06/22/2016 | Melinda Sayre - City Clerk | Brian Johnson - Assistant City Manager; Casey Brooksher - Senior Accountant; Rod Yahnke - Interim Economic Development Director | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 221. | 06/22/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 222. | 06/22/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 223. | 06/22/2016 | Stephanie Antunez, Human Resources | Melinda Sayre, City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 224. | 06/22/2016 | Stephanie Antunez, Human Resources | Rita Perez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 225. | 06/22/2016 | Stephanie Antunez, Human Resources | Eric Dunn, City Attorney; Nils Bentsen, City Manager; Brian Johnson, Asst. City Manager | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 226. | 06/22/2016 | Stephanie Antunez, Human Resources | Rita Perez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 227. | 06/22/2016 | Melinda Sayre, City Clerk | Stephanie Antunez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 228. | 06/22/2016 | Rita Perez, Human Resources | Stephanie Antunez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 229. | 06/22/2016 | Melinda Sayre, City Clerk | Stephanie Antunez, Human Resources; Rita Perez, Human Resources | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 230. | 06/22/2016 | Rod Yahnke, Economic Development Director | Stephanie Antunez, Human Resources; Rita Perez, Human Resources; Eric Dunn, City Attorney; Nils Bentsen, City Manager; Brian Johnson, Asst. City Manager | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 231. | 06/22/2016 | Melinda Sayre, City Clerk | Brian Johnson - Assistant City Manager; Casey Brooksher - Senior Accountant; Rod Yahnke - Interim Economic Development Director; Stephanie Hernandez - Assistant City Clerk; | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 232. | 06/21/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 233. | 06/21/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 234. | 06/17/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 235. | 06/17/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 236. | 06/17/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 237. | 06/17/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 238. | 06/16/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney; Stephanie Hernandez - Assistant City Clerk | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 239. | 06/16/2016 | Melinda Sayre - City Clerk | Robert Khuu, attorney; Stephanie Hernandez - Assistant City Clerk | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 240. | 06/16/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 241. | 06/16/2016 | Robert Khuu, attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 242. | 06/16/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services; Robert Khuu, attorney | Email containing legal analysis and advice re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 243. | 06/16/2016 | Robert Khuu, attorney | Melinda Sayre, City Clerk; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 244. | 06/16/2016 | Robert Khuu, attorney | Melinda Sayre, City Clerk; Stephanie Hernandez, Asst. City Clerk | Email responding to email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 245. | 06/15/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and advice re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 246. | 06/15/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 247. | 06/07/2016 | Rod Yahnke - Interim Economic Development Director | Susie Flores – City Staff | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 248. | 06/06/2016 | Nils Bentsen, CM | Greg Wielenga, Sheriff's Dept. | Email forwarding email from city attorney containing legal advice and analysis re: crime free ordinance amendment | Attorney-Client Privilege, Attorney Work Product; Joint Defense Privilege |
| 249. | 06/03/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 250. | 06/03/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services | Document containing legal advice re: amendment of crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege |
| 251. | 06/03/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services | Document containing legal advice re: amendment of crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege |
| 252. | 06/02/2016 | Nils Bentsen - City Manager | Gregg Wielenga, SBCSD | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Joint Defense Privilege |
| 253. | 06/01/2016 | Stephanie Hernandez, Asst. City Clerk | Melinda Sayre, City Clerk; Eric Dunn, City Attorney | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 254. | 05/27/2016 | Eric Dunn, CA | Nils Bentsn, CM | Email containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 255. | 05/27/2016 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk; Rachel Molina, City PIO | Email forwarding email from the city attorney re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 256. | 05/27/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager; Melinda Sayre - City Clerk | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 257. | 05/27/2016 | Melinda Sayre - City Clerk | Stephanie Hernandez - Assistant City Clerk; Rachel Molina - PIO | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 258. | 05/26/2016 | Nils Bentsen, CM | Greg Wielenga, Sheriff's Dept. | Email forwarding email from city attorney regarding settlement discussion re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product; Joint Defense Privilege; Settlement Discussion Privilege |
| 259. | 05/26/2020 | Eric Dunn, CA | Rod Yahnke, EDM; Daniel Perez, MDG /LDM Associates, Inc., consultant assisting City with Consolidated Plan re: CDBG funding; Jennifer Shove, City staff | Document containing legal analysis re: Consolidated Plan and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 260. | 05/18/2016 | Nils Bentsen, CM | Greg Devereaux, County Staff | Email discussing legal analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product; Joint Defense Privilege |
| 261. | 05/18/2016 | Nils Bentsen, CM | Greg Devereaux, County Staff | Draft legal document prepared by city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product; Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 262. | 05/16/2016 | Eric Dunn, CA | Nils Bentsen, CM; Brian Johnson, Asst. CM; Michael Blay, Director of Development Services; Dave Reno, Principal Planner | Draft of document re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 263. | 05/16/2016 | Eric Dunn, CA | Nils Bentsen, CM; Brian Johnson, Asst. CM; Michael Blay, Director of Development Services; Dave Reno, Principal Planner | Email containing legal analysis and advice re: VVFRC v. Hesperia and crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 264. | 05/13/2016 | Katherine Herbert, Sheriff's Dept. | Ernesto Montes, City Code Enforcement Officer | Email forwarding email from county counsel containing legal analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege, Joint Defense Privilege |
| 265. | 04/28/2016 | Robert Khuu, attorney | Dave Reno, Principal Planner; Eric Dunn, City Attorney | Email containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 266. | 04/28/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email discussing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 267. | 04/28/2016 | Robert Khuu, attorney | Dave Reno, Principal Planner; Eric Dunn, City Attorney | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Deliberative Process Privilege |
| 268. | 04/28/2016 | Robert Khuu, attorney | Dave Reno, Principal Planner; Eric Dunn, City Attorney | Document containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege; Deliberative Process Privilege |
| 269. | 04/28/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager; Michael Blay - Director of Development Services; Dave Reno - Principal Planner | Email – containing legal analysis and attorney work product re: CAA and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 270. | 04/28/2016 | Dave Reno - Principal Planner | Eric Dunn - City Attorney; Michael Blay - Director of Development Services; Dave Reno - Principal Planner | Email responding to and discussing containing legal analysis and attorney work product re: CAA and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 271. | 04/12/2016 | Theresa Mauger, Code Enforcement Supervisor | Eric Dunn, City Attorney; Ernesto Montes, Code Enforcement | Email forwarding email from city attorney's office containing legal advice and analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 272. | 04/11/2016 | Eric Dunn, City attorney | Theresa Mauger, Code Enforcement Supervisor; Nils Bentsen, City Manager; Michael Blay, Director of Development Services; Brian Johnson, Asst. City Manager; Elena Gerli, attorney | Email containing legal analysis and advice from city attorney's office re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 273. | 04/07/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email acknowledging receipt of email from city attorney's office containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 274. | 04/07/2016 | Eric Dunn, CA | Nils Bentsen, CM; Michael Blay, Director of Development Services; Robert Khuu, attorney; Dave Reno, Principal Planner | Email containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 275. | 03/23/2016 | Nils Bentsen, CM | Eric Dunn, CA; Paul Russ, City Councilmember | Email acknowledging receipt of email from city attorney's office containing legal analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 276. | 03/23/2016 | Nils Bentsen - City Manager | Eric Dunn - City Attorney; Paul Russ - Mayor Pro Tem | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 277. | 03/23/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager; Paul Russ - Mayor Pro Tem | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 278. | 03/23/2016 | Eric Dunn - City Attorney | Nils Bentsen - City Manager; Paul Russ - Mayor Pro Tem | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 279. | 03/23/2016 | Paul Russ - Mayor Pro Tem | Nils Bentsen - City Manager | Email acknowledging receipt of email forwarding email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 280. | 03/01/2016 | Eric Dunn - City Attorney | Melinda Sayre - City Clerk; Jeff Malawy, attorney | Email from city attorney's office containing legal advice and analysis re: council meeting | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 281. | 03/01/2016 | Eric Dunn - City Attorney | Melinda Sayre - City Clerk; | Email from city attorney's office containing legal advice and analysis re: council meeting | Attorney-Client Privilege, Attorney Work Product Privilege |
| 282. | 03/01/2016 | Melinda Sayre - City Clerk | Eric Dunn - City Attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 283. | 03/01/2016 | Melinda Sayre - City Clerk | Eric Dunn - City Attorney | Email requesting legal advice re: council meeting | Attorney-Client Privilege, Attorney Work Product Privilege |
| 284. | 02/26/2016 | Eric Dunn, CA | Rachel Molina, City PIO; Nils Bentsen, CM; Brian Johnson, Asst. CM; Robert Khuu, attorney | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 285. | 02/22/2016 | Eric Dunn - City Attorney | Eric Schmidt – City Council | Email containing legal advice and analysis re: CAA and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 286. | 02/22/2016 | Eric Schmidt – City Council | Eric Dunn - City Attorney | Email responding to email containing legal advice and analysis re: CAA and crime free ordinance | Attorney-Client Privilege |
| 287. | 02/10/2016 | Eric Schmidt – City Council | Eric Dunn - City Attorney | Email requesting advice and analysis re: CAA and crime free ordinance | Attorney-Client Privilege |
| 288. | 02/09/2016 | Eric Schmidt – City Council | Eric Dunn - City Attorney | Email requesting advice and analysis re: CAA and crime free ordinance | Attorney-Client Privilege |
| 289. | 02/05/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 290. | 02/04/2016 | Nils Bentsen, CM | Eric Dunn, CA | Email discussion of legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 291. | 02/04/2016 | Eric Dunn, CA | Nils Bentsen, CM | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product |
| 292. | 02/02/2016 | Eric Schmidt – City Council | Eric Dunn - City Attorney | Email requesting advice and analysis re: CAA and crime free ordinance | Attorney-Client Privilege |
| 293. | 02/02/2016 | Eric Dunn, CA | Nils Bentsen, CM; Eric Schmidt, City Councilmember | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 294. | 10/23/2015 | Scott Priester - Director of Development Services | Eric Dunn - City Attorney; Mike Podegracz - City Manager; Nils Bentsen - Captain SBCSD | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 295. | 10/23/2015 | Scott Priester - Director of Development Services | Eric Dunn - City Attorney; Mike Podegracz - City Manager; Nils Bentsen - Captain SBCSD | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 296. | 10/19/2015 | Eric Dunn - City Attorney | Melinda Sayre - City Clerk; Stephanie Hernandez - Assistant City Clerk | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 297. | 10/13/2015 | Eric Dunn - City Attorney | Mike Podegracz - City Manager; Nils Bentsen - Captain; Scott Priester - Director of Development Services; Stephanie Hernandez - Assistant City Clerk; Brian Johnson - Assistant City Manager; Melinda Sayre-Castro - City Clerk | Email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 298. | 10/13/2015 | Mike Podegracz - City Manager | Eric Dunn - City Attorney; Nils Bentsen - Captain; Scott Priester - Director of Development Services; Stephanie Hernandez - Assistant City Clerk; Brian Johnson - Assistant City Manager; Melinda Sayre-Castro - City Clerk | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 299. | 10/13/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept.; Stephanie Hernandez, Asst. City Clerk | Email containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |
| 300. | 10/13/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept.; Stephanie Hernandez, Asst. City Clerk | Document containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 301. | 10/13/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept.; Stephanie Hernandez, Asst. City Clerk | Document containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |
| 302. | 09/30/2015 | Eric Dunn, City Attorney | Theresa Mauger, Code Enforcement Supervisor; Scott Priester, Director of Development Services; Mike Podegracz, City Manager; Dave Reno, Principal Planner; Ernesto Montes, Code Enforcement | Email containing legal advice and analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 303. | 09/30/2015 | Theresa Mauger, Code Enforcement Supervisor | Scott Priester, Director of Development Services; Mike Podegracz, City Manager; Dave Reno, Principal Planner; Ernesto Montes; Eric Dunn, City Attorney | Email forwarding email from city attorney's office containing legal advice and analysis re: VVFRC v. Hesperia | Attorney-Client Privilege, Attorney Work Product Privilege |
| 304. | 09/29/2015 | Melinda Sayre - City Clerk | Stephanie Hernandez - Assistant City Clerk | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 305. | 09/29/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept. | Email containing legal analysis and advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 306. | 09/29/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept. | Draft document containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |
| 307. | 09/29/2015 | Eric Dunn, CA | Mike Podegracz, CM; Brian Johnson, Asst. CM; Scott Priester, Director of Development Services; Melinda Sayre, City Clerk; Nils Bentsen, Sherriff's Dept. | Draft document containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege; Joint Defense Privilege |
| 308. | 09/29/2015 | Melinda Sayre, City Clerk | Mike Podegracz, CM; Stephanie Hernandez, Asst. City Clerk | Draft document containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 309. | 09/29/2015 | Melinda Sayre, City Clerk | Mike Podegracz, CM; Stephanie Hernandez, Asst. City Clerk | Draft document containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 310. | 09/16/2015 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Email forwarding email from city attorney containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 311. | 09/16/2015 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Draft document containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 312. | 09/08/2015 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Email forwarding email from city attorney containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |
| 313. | 09/02/2015 | Melinda Sayre, City Clerk | Stephanie Hernandez, Asst. City Clerk | Email forwarding email from city attorney containing attorney work product re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product, Deliberative Process Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 314. | 09/02/2015 | Eric Dunn, CA | Melinda Sayre, City Clerk | Email containing legal advice and analysis re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege |
| 315. | 09/02/2015 | Eric Dunn, CA | Melinda Sayre, City Clerk | Document containing legal advice re: crime free ordinance | Attorney-Client Privilege, Attorney Work Product; Deliberative Process Privilege |
| 316. | 08/31/2015 | Melinda Sayre - City Clerk | Stephanie Hernandez - Assistant City Clerk; Eric Dunn - City Attorney | Email responding to and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |
| 317. | 08/20/2015 | Melinda Sayre - City Clerk | Mike Podegracz - City Manager | Email forwarding and discussing email from city attorney's office containing legal advice and analysis re: HUD and crime free ordinance | Attorney-Client Privilege, Attorney Work Product Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 318. | 06/02/2015 | Nour A. Rizvi, attorney | Lisa Viera, Senior Office Assistant | Email containing legal advice and analysis re: eviction | Attorney-Client Privilege, Attorney Work Product Privilege |

***USA v. City of Hesperia, et al***

***Case No. 5:19-cv-02298 AB(SPx)***

**CITY OF HESPERIA'S SUPPLEMENTAL PRIVILEGE LOG RELATING TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1 TO CITY OF HESPERIA**

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 319. | 11/24/2020 | Tina Bulgarelli | Braden Holly | Email regarding request for information about Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |
| 320. | 11/24/2020 | Tina Bulgarelli | Braden Holly; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 321. | 11/24/2020 | Braden Holly | Tina Bulgarelli; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 322. | 11/23/2020 | Braden Holly | Tina Bulgarelli; Melinda Sayre; D. Dennis La | Email regarding request for information about Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |
| 323. | 11/23/2020 | Tina Bulgarelli | Braden Holly; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding request for information about Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |
| 324. | 11/23/2020 | Braden Holly | Tina Bulgarelli; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 325. | 11/23/2020 | Tina Bulgarelli | Braden Holly; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 326. | 11/23/2020 | Braden Holly | Tina Bulgarelli; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding Data Ticket | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 327. | 11/23/2020 | Tina Bulgarelli | Braden Holly; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding Data Ticket | Attorney-Client Privilege, Attorney Work Product |
| 328. | 11/23/2020 | Braden Holly | Tina Bulgarelli; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 329. | 11/23/2020 | Tina Bulgarelli | Braden Holly; Ernesto Montes; Melinda Sayre; D. Dennis La | Email regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 330. | 11/23/2020 | Tina Bulgarelli | Victor Knight | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 331. | 11/20/2020 | Braden Holly | Tina Bulgarelli; Theresa Mauger; D. Dennis La | Email regarding request for information about Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 332. | 11/20/2020 | Braden Holly | Tina Bulgarelli; Ernesto Montes; D. Dennis La | Email regarding request for information about Crime Free Ordinance | Attorney-Client Privilege, Attorney Work Product |
| 333. | 11/10/2020 | Melinda Sayre | Tina Bulgarelli | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 334. | 11/10/2020 | Theresa Mauger | Braden Holly; Melinda Sayre; Stephen R. Onstot; Erika D. Green; D. Dennis La; Tina Bulgarelli | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 335. | 11/10/2020 | Braden Holly | Tina Bulgarelli | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 336. | 11/10/2020 | Tina Bulgarelli | Braden Holly; Melinda Sayre; Stephen R. Onstot; Erika D. Green; D. Dennis La; Theresa Mauger | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 337. | 11/06/2020 | Braden Holly | Melinda Sayre; Stephen R. Onstot; Erika D. Green; D. Dennis La; Tina Bulgarelli; Theresa Mauger | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 338. | 11/05/2020 | Tina Bulgarelli | Melinda Sayre | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 339. | 11/05/2020 | Melinda Sayre | Tina Bulgarelli; Theresa Mauger | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 340. | 05/13/2020 | Melinda Sayre | Tina Bulgarelli; Rita Perez; Victor Knight; Mike Browne | Email forwarding and discussing email from city attorney's office regarding discovery in USA v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 341. | 05/09/2018 | Tina Bulgarelli | Eric Dunn; Stephanie Antunez; Paula Raihle | Email regarding legal advice re: appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 342. | 05/09/2018 | Paula Raihle | Mike Browne; Shelley Krusbe; Crystal McCormack; Tina Bulgarelli | Email forwarding and discussing email with city attorney's office regarding an appeal of crime free citation | Attorney-Client Privilege, Attorney Work Product, Joint Defense Privilege |
| 343. | 07/25/2017 | Nicholas Papajohn | Stephanie McClure; Melinda Sayre; Robert Khuu; Tina Bulgarelli | Email regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 344. | 07/25/2017 | Stephanie McClure | Nicholas Papajohn; Melinda Sayre; Robert Khuu; Tina Bulgarelli | Email regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 345. | 07/21/2017 | Nicholas Papajohn | Stephanie McClure; Melinda Sayre; Robert Khuu; Tina Bulgarelli | Email regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 346. | 07/25/2017 | Stephanie McClure | Nicholas Papajohn; Melinda Sayre; Robert Khuu; Tina Bulgarelli | Email regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

| | DATE | FROM | TO | DOCUMENT | BASIS FOR PRIVILEGE |
|---|---|---|---|---|---|
| 347. | 07/21/2017 | Nicholas Papajohn | Stephanie McClure; Melinda Sayre; Robert Khuu; Tina Bulgarelli | Email regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |
| 348. | 07/21/2017 | Stephanie McClure | Nils Bentsen; Michael Blay; Tina Bulgarelli | Email forwarding and discussing email with city attorney's office regarding email searches in Dougherty v. Hesperia | Attorney-Client Privilege, Attorney Work Product |

***USA v. City of Hesperia, et al***
***Case No. 5:19-cv-02298 AB(SPx)***

**COUNTY OF SAN BERNARDINO PRIVILEGE LOG RELATING TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. 1 TO COUNTY OF SAN BERNARDINO**

Privilege Log For Email Belonging to **gwielenga@sbcsd.org**

| Item No. | Document | Author | Recipients/Holds Of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: May 27, 2016, 1:44 PM | Laura Crane | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 2. | Email date: May 27, 2016, 1:47 PM | Stephen Onstot | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: May 27, 2016, 2:39 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 4. | Email dated: June 2, 2016, 3:03 PM | Toms Brad | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 5. | Email dated: June 2, 2016, 3:22 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| | Email dated: June 2, 2016, 3:33 PM | Robert Khuu | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 6. | Email dated: June 3, 2016, 3:38 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 7. | Email dated: June 6, 2016, 8:07 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 8. | Email dated: June13, 2016, 3:09 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 9. | Email dated: June 15, 2016, 7:51 AM | Joseph Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 10. | Email dated: July 1, 2016 | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 11. | Email dated: July 5, 2016, 8:13 AM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 12. | Email dated: July 13, 2016, 6:35 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 13. | Email dated: July 18, 2016, 3:48 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 14. | Email dated: July 18, 2016, 4:03 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 15. | Email dated: July 18, 2016, 4:06 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 16. | Email dated; July 18, 2016, 4:28 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 17. | Email date: August 1, 2016, 4:56 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| 18. | Email dated: August 3, 2016, 3:54 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
|---|---|---|---|---|---|
| 19. | Email dated: August 4, 2016, 3:27 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 20. | Email dated: August 4, 2016, 3:28 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 21. | Email dated: August 5, 2016, 2:25 PM | Shelley Krusbe | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 22. | Email dated: July 5, 2016, 7:44 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 23. | Email dated: May 26, 2016, 1:36 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 24. | Email dated: July 5, 2016 | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 25. | Email dated: August 1, 2016, 4:57 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 26. | Email dated: July 18, 2016, 1:21 PM | Shelly Krusbe | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 27. | Email dated: November 29, 2016, 2:30 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 28. | Email dated: July 5, 2016, 7:44 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 29. | Email dated: November 28, 2016, 2:30 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 30. | Email dated: August 10, 2016, 9:21 AM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 31. | Email dated: August 9, 2016, 11:03 AM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 32. | Email dated: August 9, 2016, 10:25 AM | Melinda Sayer | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 33. | Email dated: June 2, 2016, 3:45 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 34. | Email dated: June 2, 2016, 2:01 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 35. | Email dated: June 2, 2016, 3:44 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 36. | Email dated: June 2, 2016, 3:11 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 37. | Email dated: June 2, 2016, 3:00 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Privilege Log For Email Belonging **jnecochea@sbcsd.org**

| Item No. | Document | Author | Recipients/Holds Of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: February 13, 2017 | Joe Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 2. | Email dated: December 22, 2016, 11:49 AM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: August 4, 2016, 3:28 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 4. | Email dated: August 4, 2016, 3:27 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 5. | Email dated: July 5, 2016, 8:13 AM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| | Email dated: June 15, 2016, 8:23 AM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 6. | Email dated: June 13, 2016, 3:09 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 7. | Email dated: September 15, 2016, 1:08 PM | Joseph Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 8. | Email dated: June 15, 2016, 7:51 AM | Joseph Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 9. | Email dated: August 10, 2016, 9:21 AM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 10. | Email dated: August 3, 2016, 3:54 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 11. | Email dated: December 14, 2016, 7:42 AM | Joseph Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Privilege Log For Email Belonging **kherbert@sbcsd.org**

| Item No. | Document | Author | Recipients/Holds Of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: December 13, 2016, 12:32 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 2. | Email dated: July 21, 2016, 8:33 AM | Karen Hunt | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: December 14, 2016, 1:32 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 4. | Email dated: September 15, 2016, 1:08 PM | Joseph Necochea | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 5. | Email dated: December 15, 2016, 4:04 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 6. | Email dated: August 4, 2016, 3:28 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 7. | Email dated: August 4, 2016, 3:27 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 8. | Email dated: July 20, 2016, 8:18 AM | Jeremy Martinez | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 9. | Email dated: August 5, 2016, 4:32 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 10. | Email dated: July 21, 2016, 7:59 AM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 11. | Email dated: December 22, 2016, | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 12. | Email dated: October 4, 2016 | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 13. | Email dated: October 3, 2016 | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 14. | Email dated: August 3, 2016 | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 15. | Email dated: August 1, 2016 | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 16. | Email dated: December 13, 2016, 11:20 AM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 17. | Email dated: August 10, 2016, 9:10 AM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 18. | Email dated: August 4, 2016, 4:40 PM | Shelley Krusbe | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 19. | Email dated: August 5, 2016, 2:27 PM | Shelley Krusbe | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 20. | Email dated: August 4, 2016, 8:20 AM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Privilege Log For Email Belonging **khunt@sbcsd.org**

| Item No. | Document | Author | Recipients/Holds Of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: July 21, 2016, 8:33 AM | Karen Hunt | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 2. | Email dated: August 4, 2016, 3:28 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: August 4, 2016, 3:27 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 4. | Email dated: July 21, 2016, 7:59 AM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 5. | Email dated: August 3, 2016, 3:54 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Privilege Log For Email Belonging to **nbentsen@sbcsd.org**

| Item No. | Document | Author | Recipients/ Holders of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: January 8, 2016, 6:33 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 2. | Email date: January 8, 2015, 3:11 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: December 3, 2015, 4:58 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| 4. | Email dated: December 8, 2015, 3:10 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
|---|---|---|---|---|---|
| 5. | Email dated: December 8, 2015, 5:21 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 6. | Email dated: November 23, 2015, 1:53 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 7. | Email dated: November 23, 2015, 9:04 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 8. | Email dated: November 10, 2015, 2:30 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 9. | Email dated: November 10, 2015, 1:50 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 10. | Email dated: November 10, 2015, 3:34 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 11. | Email dated: November 9, 2015, 10:01 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 12. | Email dated: November 9, 2015, 3:05 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 13. | Email dated: November 9, 2015, 2:10 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 14. | Email dated: November 9, 2015, 9:01 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 15. | Email dated: November 5, 2015, 3:34 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| 16. | Email dated; October 23, 2015, 9:09 AM | Scott Priester | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
|---|---|---|---|---|---|
| 17. | Email date: October 23, 2015, 9:03 AM | Scott Priseter | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 18. | Email dated: October 21, 2015, 3:10 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 19. | Email dated: October 23, 2015, 9:21 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 20. | Email dated: October 23, 2015, 9:10 AM | Tina Bulgarelli | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 21. | Email dated: October 21, 2015, 3:57 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 22. | Email dated: October 21, 2015, 3:10 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 23. | Email dated: October 21, 2015, 4:18 PM | Stephanie Hernandez | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 24. | Email dated: October 21, 2015, 4:13 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 25. | Email dated: October 19, 2015, 4:05 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 26. | Email dated: October 19, 2015, 3:45 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 27. | Email dated: October 16, 2015, 12:07 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 28. | Email Dated: October 16, 2015, 10:45 AM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 29. | Email dated: October 14, 2015, 8:51 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 30. | Email dated: October 14, 2015, 8:25 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 31. | Email dated: October 13, 2015, 2:42 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 32. | Email dated: October 13, 2015, 2:39 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 33. | Email dated: October 13, 2015, 2:37 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 34. | Email dated October 13, 2015, 2:16 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 35. | Email dated; October 7, 2015, 10:36 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 36. | Email dated: October 7, 2015, 10:31 AM | Scott Priester | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 37. | Email dated: October 7, 2015, 7:55 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 38. | Email dated: October 7, 2015, 7:51 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 39. | Email dated: October 7, 2015, 10:08 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 40. | Email dated: October 6, 2015, 9:22 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 41. | Email dated: October 2, 2015, 12:08 PM | Monica Lopez | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 42. | Email dated: October 8, 2015, 3:37 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 43. | Email dated: October 7, 2015, 7:51 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 44. | Email dated: October 7, 2015, 7:55 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 45. | Email dated: October 7, 2015, 7:51 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 46. | Email dated: September 29, 2015, 3:06 PM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 47. | Email dated: September 24, 2015, 3:45 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 48. | Email dated: September 23, 2015, 3:02 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 49. | Email dated: September 23, 2015, 2:50 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 50. | Email dated: September 23, 2015, 2:47 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 51. | Email dated: September 23, 2015, 2:34 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 52. | Email dated: September 23, 2015, 2:33 | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 53. | Email dated: September 23, 2015, 11:00 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 54. | Email dated: September 23, 2015, 10:48 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 55. | Email dated: September 23, 2015, 8:19 AM | Scott Priester | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 56. | Email dated: September 22, 2015, 4:14 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 57. | Email dated: September 11, 2015, 2:08 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 58. | Email dated: September 2, 2015, 8:49 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 59. | Email dated: August 31, 2015, 2:13 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 60. | Email dated: August 28, 2015, 9:28 AM | Melinda Sayre-Castro | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 61. | Email dated: August 26, 2015, 11:54 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 62. | Email dated: August 26, 2015, 11:49 AM | Maria Munoz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 63. | Email dated: August 25, 2015, 10:59 AM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 64. | Email dated: August 25, 2015, 10:48 AM | Eric Dunn | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 65. | Email dated: August 25, 2015, 10:16 AM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 66. | Email dated: August 24, 2015, 11:39 AM | Mike Podegracz | City of Hesperia | Work Product Attorney Client Privilege | County of San Bernardino |
| 67. | Email dated: August 21, 2015, 3:28 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 68. | Email dated: August 20, 2015, 4:07 PM | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

| | | | | | |
|---|---|---|---|---|---|
| 69. | Email dated: August 20, 2015, 3:33 PM | Melinda Sayre-Castro | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 70. | Email dated: August 20, 2015, 3:24 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 71. | Email dated: August 20, 2015, 4:54 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 72. | Email dated August 20, 2015, 4:35 | Mike Podegracz | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 73. | Email dated: August 20, 2015, 4:32 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 74. | Email dated: June 26, 2015, 2:29 PM | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 75. | Email dated: November 25, 2015 | Kelly Kesler | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 76. | Email dated: June 26, 2015 | Nils Bentsen | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Privilege Log For Email Belonging **praihle@sbcsd.org**

| Item No. | Document | Author | Recipients/Holds Of Privilege | Privilege Claim | Location |
|---|---|---|---|---|---|
| 1. | Email dated: August 3, 2016, 3:54 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 2. | Email dated: August 4, 2016, 3:28 PM | Gregg Wielenga | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 3. | Email dated: August 1, 2016, 4:57 PM | Katherine Herbert | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 4. | Email dated: July 20, 2016, 8:18 AM | Jeremy Martinez | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |
| 5. | Email dated: August 4, 2016, 3:27 PM | Miles Kowalski | City of Hesperia | Work Product Attorney-Client Privilege | County of San Bernardino |

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 1 of 20 Page ID #:133

ERIC S. DREIBAND
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
MEGAN K. WHYTE DE VASQUEZ (DC Bar No. 1000419)
MICHELLE A. MCLEOD (DC Bar No. 1032704)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – 4CON
Washington, D.C. 20530
Telephone: (202) 514-4713
Facsimile: (202) 514-1116
Email: Megan.Whyte.de.Vasquez@usdoj.gov
NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
MATTHEW NICKELL (CA State Bar No. 304828)
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-8805
Facsimile: (213) 894-7819
E-mail: Matthew.Nickell@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CITY OF HESPERIA, et al.<br>Defendants. | Case No. 5:19-cv-02298 AB (SPx)<br>**STIPULATED PROTECTIVE ORDER**<br>Honorable Sheri Pym<br>United States Magistrate Judge |

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 2 of 20 Page ID #:156

**1. A. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of information covered by the Privacy Act, 5 U.S.C. § 552a ("the Privacy Act"), as well as other confidential or private information for which special protection from public disclosure may be warranted. Accordingly, the parties to this civil action hereby stipulate to and petition the Court to enter the following Protective Order. This Stipulated Protective Order does not confer blanket heightened treatment as "CONFIDENTIAL" Information on all disclosures or responses to discovery, and the protection it affords from full public disclosure and use extends only to the limited information or items that are entitled to heightened protection under applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle anyone to file confidential information under seal; Civil Local Rule 79-5 and Section 12.3 of this Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. Nothing in this Stipulated Protective Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information. Nor does this Stipulated Protective Order supersede Federal Rule of Civil Procedure 5.2 or Civil Local Rule 5.2-1 (requiring redactions when filing material with the Court): the parties must comply with those separate requirements notwithstanding, and in addition to, compliance with this Stipulated Protective Order. Nothing in this Stipulated Protective Order creates or expands rights or obligations under the Privacy Act.

**B. GOOD CAUSE STATEMENT**

This action, in which the United States is a party, is likely to involve some or all of the following: (a) information protected by the Privacy Act; personally identifiable information ("PII"), including names, residential addresses, Social Security numbers, taxpayer identification numbers, and personal phone numbers; (b) financial information; (c) information about medical conditions or treatment; (d) records of law enforcement activity, including calls for service and arrest records that identify by name, and/or by other PII, persons alleged or implied to have committed criminal conduct, or witnesses

to, victims of, or persons who reported conduct to law enforcement; (e) PII of victims of domestic violence; (f) the identity of and contact information for persons the United States identifies in this Action as aggrieved under the Fair Housing Act, 42 U.S.C. § 3614; and (g) other information that is generally unavailable to the public. Disclosure and use of such information should be limited to what is reasonably necessary to prosecute, defend, and settle this Action or to enforce federal laws or other civil rights laws.

Accordingly, to expedite the flow of relevant information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to minimize or avoid unnecessary costs and burdens of discovery, to focus the parties' efforts on protecting the most sensitive non-public materials while affording sufficient protection for other materials, to ensure that the parties are permitted reasonably necessary uses of confidential material in preparation for and in the conduct of hearings and trial, to address the handling of confidential material at the end of this litigation, and to serve the ends of justice, a protective order for such information is justified in this case. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case or otherwise made public outside this case.

**C. SUMMARY OF TWO-TIERED APPROACH**

As defined more specifically below (e.g., Sections 2.3, 2.6, and 7), this Stipulated Protective Order intends to and does create two tiers of confidentiality for materials in this case. First, due to the policy goals of the Privacy Act and the relative sensitivity of the information the Parties expect to exchange, all information produced or exchanged in the course of this litigation that contains sensitive information of the sort described in Section 1(B), above, shall not be used for any purpose other than prosecuting, defending, or settling this civil action or to enforce federal laws or other civil rights laws; it shall not be disclosed or distributed beyond those individuals who reasonably must receive the

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 4 of 20 Page ID #:158

information in order to prosecute, defend, or settle this litigation or to enforce federal laws or other civil rights laws, in a manner consistent with Federal Rule of Civil Procedure 1.

Second, particularly sensitive, private, or non-public information designated and marked as "CONFIDENTIAL" Information under this Stipulated Protective Order shall be more protected both in terms of who can access such information and how such information may be used in this matter (see, e.g., Section 7).

**2. DEFINITIONS**

2.1 Action: this pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" Information under this Order or that challenges a Producing Party's failure to designate information that should be protected as "CONFIDENTIAL" Information under this Order.

2.3 "CONFIDENTIAL" Information: information (regardless of how it is generated, stored or maintained) or tangible things that are designated under Section 5 of this Order because they both qualify for protection under Federal Rule of Civil Procedure 26(c) and are particularly sensitive, private, or non-public to an extent that the Designating Party has a good faith reason to limit more strictly access and use to such material.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staffs).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" Information.

2.6 Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, electronically stored information, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this Action.

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 5 of 20 Page ID #:159

Some Discovery Material may be designated as "CONFIDENTIAL" Information, which is defined above.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Outside Counsel of Record to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a Party, except that U.S. Department of Justice personnel are considered Outside Counsel of Record, which is defined in Section 2.10, below. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action but who/that produces or discloses information to a Party or appears through counsel in this Action.

2.10 Outside Counsel of Record: For Plaintiff the United States, Outside Counsel of Record refers to U.S. Department of Justice attorneys, staff, and contractors assigned to the United States' interests in connection with the facts underlying this Action, including their supervisors and in-house litigation support personnel. For Defendants, Outside Counsel of Record refers to attorneys (including their support staff) who are not employees of a Defendant but are retained to represent or advise a Defendant and who have appeared in this Action or are affiliated with a law firm that has appeared on behalf of that Defendant.

2.11 Party: any party named as a plaintiff or defendant in this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.12 PDF: information in Portable Document Format.

2.13 Producing Party: a Party or Non-Party that produces Discovery Material in this Action.

2.14 Professional Vendors: persons or entities retained by a Party or Non-Party to provide ad hoc litigation support services in connection with this Action (e.g.,

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 6 of 20 Page ID #:160

photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Receiving Party: a Party that receives Discovery Material from a Producing Party (including "CONFIDENTIAL" Information).

2.16 TIFF: information saved in Tagged Image File Format.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Discovery Material and "CONFIDENTIAL" Information (as defined above), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Discovery Material or "CONFIDENTIAL" Information.

Any use of "CONFIDENTIAL" Information at hearings or at trial shall be governed by separate Orders. This Stipulated Protective Order does not govern the use of "CONFIDENTIAL" Information at hearings or at trial.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law; or (3) expiration of a settlement agreement or consent order that resolved the claims in this Action.

**5. DESIGNATING "CONFIDENTIAL" INFORMATION**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates "CONFIDENTIAL" Information under this Order must

take care to limit any such designation to specific Discovery Material that is particularly sensitive, private, or non-public, or otherwise qualifies under the appropriate standards. The Designating Party must designate for protection only those documents that contain such "CONFIDENTIAL" Information. A Designating Party may designate only a portion of a document as "CONFIDENTIAL" Information if it can do so without obscuring or degrading responsive information, including context or the relationship between documents or portions of Discovery Material.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated as "CONFIDENTIAL" Information do not qualify for such protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation and, unless otherwise agreed, the Designating Party must provide replacement copies to the Receiving Party that are free from any endorsement or markings that indicate the material is "CONFIDENTIAL" Information.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, "CONFIDENTIAL" Information that qualifies for protection under this Stipulation must be clearly so designated before or when the material is disclosed or produced.

Designation in conformity with this Order requires:

a. Information in hard-copy paper, PDF, or TIFF format: (but excluding transcripts of depositions or other pretrial proceedings, which are discussed in 5.2(c) below), the Producing Party must affix the phrase "CONFIDENTIAL – Subject to Protective Order" to each page of a document that contains "CONFIDENTIAL"

Information. If affixing such a label will obscure or alter relevant or otherwise responsive information, the Producing Party must notify the other Parties, it must propose a reasonable alternative form of production, and the Parties must meet-and-confer in good faith to facilitate production of the information as well as the protection required by this Order. If only a portion of the material in a document qualifies for such protection, the Producing Party may affix such phrase only to the page containing the "CONFIDENTIAL" Information and may clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" Information. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party also may clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. Information produced in native electronic form or that otherwise cannot feasibly be endorsed with a label: for native electronic files or other Discovery Material that contain "CONFIDENTIAL" Information and that reasonably cannot be marked or endorsed with a label "CONFIDENTIAL – Subject to Protective Order," the Parties will meet-and-confer to consider and discuss reasonable options for the form of production that maintains the protections required by this Order. For example, the Parties in good faith should consider (a) changing the filename of native electronic files to include "CONFIDENTIAL –" as a prefix to the existing filename, and (b) producing native electronic files containing "CONFIDENTIAL" Information in separate electronic folders

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 9 of 20 Page ID #:163

adequately labeled to indicate the confidential nature of the contents and/or on separate media (e.g., DVD).

c. Testimony given in deposition or in other pretrial proceedings: the Designating Party should make reasonable efforts to identify on the record testimony that included "CONFIDENTIAL" Information before the close of the deposition or other pretrial proceeding. Nonetheless, any Party or Non-Party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript and/or exhibits thereto as "CONFIDENTIAL" Information by writing to Outside Counsel of Record for the Parties (and any Non-Parties present at the deposition or appearing at the pretrial proceeding) and by coordinating the creation and distribution of replacement transcripts by the court reporter. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" Information must be separately bound by the court reporter and may not be disclosed except as permitted under this Stipulated Protective Order.

d. Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container or containers in which the "CONFIDENTIAL" Information or item is stored the phrase "CONFIDENTIAL – Subject to Protective Order."

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified "CONFIDENTIAL" Information or items does not, standing alone, waive the Designating Party's right to secure such protection under this Order for such material. Absent other agreement or order, the Producing Party is responsible for providing replacement copies of the material, correctly designated. Upon notice from the Designating Party and until timely replacement, the Receiving Party must make reasonable efforts to ensure that the material is treated as "CONFIDENTIAL" Information in accordance with the provisions of this Order. Upon receipt of the replacement materials, the Receiving Party should return or destroy the material that was not properly endorsed or labeled, but nothing in this provision requires a Party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of

Case 5:19-cv-02298-AB-SP Document 23-1 Filed 05/27/20 Page 10 of 20 Page ID #:164

"CONFIDENTIAL" Information until it is overwritten or destroyed in the ordinary course of records management.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS OR LACK THEREOF**

6.1 Timing of Challenges. A Challenging Party may challenge a designation of confidentiality (or lack of such a designation) at any time that is consistent with the Court's Scheduling Order in this Action.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3 Where the dispute concerns Discovery Material that was designated as "CONFIDENTIAL" Information, the burden of persuasion shall be on the Designating Party. Where the dispute concerns Discovery Material that was not designated as "CONFIDENTIAL" Information, the burden of persuasion shall be on the Challenging Party that believes the material should be designated as such. Frivolous challenges by Challenging Parties or refusals to change by Producing Parties, or either of those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose such Party or Parties to sanctions. Unless and until the dispute is resolved, all parties shall treat the subject material as "CONFIDENTIAL" Information.

**7. ACCESS TO AND USE OF DISCOVERY MATERIAL AND "CONFIDENTIAL" INFORMATION**

7.1 Basic Principles. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or to enforce federal laws or other civil rights laws. Due to the expected nature of the information that will be exchanged in this case and the fact that the Parties to this case are governmental entities employing many individuals who lack any reasonable need to access or use the Discovery Material, access to Discovery Material is limited as described in Section 7.2 below. Moreover, the subset of "CONFIDENTIAL" Information designated by a Producing Party

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 11 of 20 Page ID #:165

is even more limited in terms of who may access it and under what conditions. "CONFIDENTIAL" Information may be disclosed only to the categories of persons and under the conditions described in Section 7.3 below.

"CONFIDENTIAL" Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose or make available Discovery Material only to:

a. the Receiving Party's Outside Counsel of Record, as well as employees and contractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. officials, employees, or other staff (including House Counsel) of the Receiving Party to whom disclosure of the particular Discovery Material to those particular individuals is reasonably necessary to prosecute, defend, or settle this Action. Specifically, Defendants and their Counsel acknowledge some of their employees' roles as active law enforcement officers in the City of Hesperia and San Bernardino County requires a diligent, prudent, and careful approach to disclosing information only to those who have a reasonable need to know the information;

c. the Court, Court personnel and staff, and jurors;

d. any Special Master, mediator, arbitrator, or settlement officer (including his/her/their support personnel) appointed by the Court or jointly selected by the Parties in connection with this litigation;

e. court reporters and/or videographers retained in connection with this litigation, and their staff;

f. Experts or other consultants to whom disclosure is reasonably necessary to prosecute, defend, or settle this Action;

g. Professional Vendors, provided that, in addition to other requirements

in this Stipulation, Counsel for the Party or the Non-Party retaining such a vendor instructs it/them not to disclose any Discovery Material to third-parties, not to retain any copies, and to return all Discovery Material to the Counsel immediately upon completion of the performance of the necessary work;

h.     witnesses, potential witnesses, and their counsel to whom disclosure is reasonably necessary; and

i.     the author or recipient of, a person named or described in, or a custodian or other person who otherwise possessed or knew the particular Discovery Material that will be disclosed under this provision.

7.3     Disclosure of "CONFIDENTIAL" Information. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any "CONFIDENTIAL" Information only to:

a.     the Receiving Party's Outside Counsel of Record;

b.     the Receiving Party's House Counsel only if such disclosure is reasonably necessary for this Action;

c.     the Defendants' then-current officers (e.g., City Manager, county Chief Executive Officer) or other decision-makers (e.g., members of the City Council, members of the county Board of Supervisors) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Nothing in this provision prevents the Parties from conferring and agreeing to treat and designate particular Discovery Material as "Attorney's Eyes Only," in which case, the Receiving Party's Outside Counsel of Record may not disclose such material, including to persons in this sub-provision;

d.     the Court, Court personnel and staff, and jurors;

e.     any Special Master, mediator, arbitrator, or settlement officer (including his/her/their support personnel) appointed by the Court or jointly selected by the Parties in connection with this litigation;

f.     court reporters and/or videographers retained in connection with this

litigation, and their staff(s);

g. Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

h. Professional Vendors, provided that, in addition to other requirements in this Stipulation, Counsel for the Party or the Non-Party retaining such a vendor instructs it/them not to disclose any "CONFIDENTIAL" Information to third-parties, not to retain any copies, and to immediately return all "CONFIDENTIAL" Information to the Counsel upon completion of the performance of the necessary work;

i. witnesses, potential witnesses, and their counsel to whom disclosure is reasonably necessary, including during or in order to prepare for depositions or a hearing in this Action, unless otherwise agreed by the Designating Party or ordered by the Court; and

j. the author or recipient of a document containing the "CONFIDENTIAL" Information, a person named or described in the "CONFIDENTIAL" Information, or a custodian or other person who otherwise possessed or knew the "CONFIDENTIAL" Information.

7.4 Prior to disclosing or displaying Discovery Material or "CONFIDENTIAL" Information to any individuals or firms described in 7.2(f), (g), (h), and (i) and/or 7.3(e), (f), (h), (i), and (j) above, Counsel shall inform the person of the confidential nature of the information and inform the person that this Court has prohibited their use of the information for any purpose other than this litigation and has prohibited their disclosure of the information to any other person or firm.

**8. "CONFIDENTIAL" INFORMATION SUBPOENAED, ORDERED PRODUCED IN OTHER LITIGATION, OR REQUESTED UNDER APPLICABLE PUBLIC RECORDS STATUTES**

If a Party is served with a subpoena or a court order issued in other litigation, or a perfected request for public records (e.g., under the federal Freedom of Information Act or California Public Records Act), that compels disclosure of any information or items

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 14 of 20 Page ID #:168

designated in this Action as "CONFIDENTIAL" Information, that Party must:

a. promptly notify the Designating Party and any Receiving Parties in writing and include a copy of the subpoena, court order, or public records request;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or who submitted the perfected request for public records, that some or all of the material is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order and shall "carbon copy" other Outside Counsel of Record; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose "CONFIDENTIAL" Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with a subpoena, court order, or perfected request for public records shall not produce any "CONFIDENTIAL" Information before a determination by the court from which the subpoena or order issued, or—in the case of a public records request—a court of competent jurisdiction, unless the Party served with the subpoena has obtained the Designating Party's permission to produce it. The Designating Party shall bear the burden and expense of seeking protection of its "CONFIDENTIAL" Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or to violate applicable statutes.

**9. A NON-PARTY'S "CONFIDENTIAL" INFORMATION SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" Information. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

Case 5:19-cv-02298-AB-SP Document 23-1 Filed 05/27/20 Page 15 of 20 Page ID #:169

seeking additional protections.

**10. UNAUTHORIZED DISCLOSURE OF DISCOVERY MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" Information or other Discovery Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "CONFIDENTIAL" Information or other Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. NOTIFICATION AFTER PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain produced Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this provision requires a party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of privileged or protected material until it is overwritten or destroyed in the ordinary course of records management. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), disclosure of material that is subject to a claim of privilege or other protection does not operate as a waiver of such privilege or protection in this Action or any other federal or state proceeding.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 16 of 20 Page ID #:170

Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

12.3 Filing Discovery Material or "CONFIDENTIAL" Information. In addition to the specific requirements of Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.2-1, when filing Discovery Material in this Action, Outside Counsel of Record shall take reasonable steps to omit or to redact identifying information unless its open disclosure is necessary to the Court's consideration of the claims and defenses in this Action, or the particular issues the filing intends to address. This shall include anonymizing the information and exhibits filed with the Court to the extent reasonably possible, and protecting wherever possible the personal, private, and sensitive information of persons identified in documents filed on the public record in this Action. This applies not only to exhibits but also to descriptions thereof in briefs and other filings drafted by Counsel. In addition, a Party that seeks to file under seal any "CONFIDENTIAL" Information must comply with Civil Local Rule 79-5. "CONFIDENTIAL" Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific material at issue. A Party that is contemplating filing "CONFIDENTIAL" Information in this Action, or discussing or referencing such material in court filings, shall confer with all Parties and the Designating Party to determine whether the confidential designation can be removed, whether the document can be redacted in a way to protect the "CONFIDENTIAL" Information in a public filing, or whether a motion to seal or stipulation and proposed order is warranted. All Parties and the Designating Party must engage in this discussion in good faith and attempt to avoid unnecessary delays or burdens on the Court. The filing Party must raise the issue as soon as practicable with all Parties and the Designating Party, and allow a reasonable time to meet-and-confer before an applicable filing deadline.

**13. FINAL DISPOSITION**

Within 60 days after the termination of this Action (as described in Section 4 above),

Case 5:19-cv-02298-AB-SP Document 23-1 Filed 03/27/20 Page 17 of 20 Page ID #:171

including all appeals, each Receiving Party must return all "CONFIDENTIAL" Information to the Producing Party or destroy such material. This requirement includes copies, extracts from, and summaries of "CONFIDENTIAL" Information. Whether the "CONFIDENTIAL" Information is returned or destroyed, the Receiving Party must confirm in writing to the Designating Party (and, if they are not the same, the Producing Party) that it has complied with this provision.

Nothing in this Stipulated Protective Order requires a Receiving Party to delete manually any data from disaster recovery or backup systems even if that data may contain copies or fragments of "CONFIDENTIAL" Information until it is overwritten or destroyed in the ordinary course of records management.

Notwithstanding this provision, this Stipulated Protective Order does not displace or override applicable legal or statutory obligations regarding record retention and maintenance. Moreover, Outside Counsel of Record are entitled to retain an archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; Expert reports (including drafts); attorney work product; and consultant and Expert work product, even if such materials contain "CONFIDENTIAL" Information. Any such archival copies that contain or constitute "CONFIDENTIAL" Information remain subject to this Stipulated Protective Order as set forth in Section 4 (Duration).

**14. DISCLOSURE OF INFORMATION SUBJECT TO THE PRIVACY ACT**

During the course of this litigation, the United States will need to disclose documents or other information protected from disclosure by the Privacy Act. Such information may identify alleged victims, witnesses, and/or other individuals or otherwise intrude upon their privacy and confidentiality interests. Specifically, documents or other information may be produced that contain information subject to protection under the Privacy Act, 5 U.S.C. § 552a, such as "information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying

Case 5:19-cv-02298-AB-SP Document 23-1 Filed 05/27/20 Page 18 of 20 Page ID #:172

number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph . . . ." 5 U.S.C. § 552a(4). Notwithstanding and in addition to other potential exemptions or justifications for disclosing information protected by the Privacy Act, pursuant to 5 U.S.C. § 552a(b)(11), the United States is hereby authorized to disclose information protected by the Privacy Act in accordance with this Stipulated Protective Order without obtaining prior written consent of the individuals to whom the records pertain. Documents or other information may also be produced that contain information covered by Federal Rule of Civil Procedure 5.2 and Civil Local Rule 5.2-1.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

//

//

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 19 of 20 Page ID #:173

The confidentiality obligations imposed by this Order shall remain in effect until otherwise agreed by the parties in writing, or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 22, 2020

NICOLA T. HANNA
United States Attorney
Central District of California

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

/s/ Matthew Nickell
MATTHEW NICKELL*
KATHERINE M. HIKIDA
Assistant United States Attorneys
Civil Rights Section, Civil Division

*I attest that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section

R. TAMAR HAGLER
Deputy Chief, Housing and Civil Enforcement Section

/s/ Megan K. Whyte de Vasquez
MEGAN K. WHYTE DE VASQUEZ
MICHELLE MCLEOD
CHRISTOPHER D. BELEN
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

*Attorneys for the United States of America*

Dated: May 22, 2020

ALESHIRE & WYNDER, LLP

/s/ Stephen R. Onstot
STEPHEN R. ONSTOT
ERIKA D. GREEN
BRADEN J. HOLLY
*Attorneys for Defendants City of Hesperia, County of San Bernardino, and San Bernardino County Sheriff's Department*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED,

DATED: May 27, 2020

Honorable Sheri Pym
United States Magistrate Judge

Case 5:19-cv-02298-AB-SP Document 23 Filed 05/27/20 Page 20 of 20 Page ID #:174

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________ [print or type full name], of ________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *United States v. City of Hesperia, County of San Bernardino, and San Bernardino Sheriff's Department*, Case No. 5:19-cv-02298 AB (SPx) ("the Protective Order"). I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature: