1  Shannon L. Gustafson (SBN 228856)
   sgustafson@lynberg.com
2  Amy R. Margolies (SBN 283471)
   amargolies@lynberg.com
3  **LYNBERG & WATKINS**
   A Professional Corporation
4  1100 Town & Country Road, Suite #1450
   Orange, California 92868
5  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
6
7  Attorneys for Defendants, COUNTY OF SAN BERNARDINO and SAN
   BERNARDINO COUNTY SHERIFF'S DEPARTMENT
8
9            **UNITED STATES DISTRICT COURT**
10   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| 11  UNITED STATES OF AMERICA, | CASE NO. 5:19-cv-02298-AB-SPx |
| 12  Plaintiff, | *Assigned for All Purposes to:* *Hon. Andre Birotte, Jr. – Courtroom 7B* |
| 13 | |
| 14  vs. | **DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFEDANT CITY OF HESPERIA'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHANNON L. GUSTAFSON, AMY R. MARGOLIES, LAURA CRANE, AND RICHARD LUCZAK AND EXHIBITS** |
| 15  CITY OF HESPERIA, COUNTY OF SAN BERNARDINO, and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, | |
| 16 | |
| 17 | |
| 18  Defendants. | |
| 19 | |
| 20 | |
| 21 | Date:       September 17, 2021 |
| 22 | Time:       10:00 a.m. |
| 23 | Crtrm.:     7B |
| 24 | *Complaint filed: December 2, 2019* |

25
26
27
28

**1**
**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 17, 2021, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7B of the above-entitled court located at 350 West First Street, Los Angeles, CA 90012, Defendants County of San Bernardino and San Bernardino County Sheriff's Department ("County Defendants") will, and hereby do, move the Court for an order disqualifying City Defendant of Hesperia's ("City Defendant") counsel, Aleshire & Wynder, LLP ("Aleshire") and for ancillary relief.  County Defendants make their Motion on the grounds that City Defendant's counsel has violated <u>California Rule of Professional Conduct</u> 3-310 by failing to obtain the informed written consent of each client as there was a potential conflict of interest from the beginning of the representation and for creating an actual conflict of interest in violation of <u>California Rule of Professional Conduct</u> 1.7, which resulted in City Defendant's counsel abruptly dropping County Defendants as clients, after 19-months of litigation. Accordingly, County Defendants request relief in the form of the following orders:

1.  An order immediately disqualifying Aleshire & Wynder, LLP ("Aleshire"), City Defendant's counsel; and

2.  A protective order preventing any employee of Aleshire & Wynder, LLP ("Aleshire") from disclosing any of the information obtained from the previous representation of County Defendants to anyone; and

3.  An order requiring Aleshire & Wynder, LLP ("Aleshire") to provide the original and all copies of any statements, notes, memoranda, recordings, correspondence, facsimile cover sheets, and all other recordings and documents generated as a result of Aleshire & Wynder, LLP ("Aleshire") attorney client contacts with County Defendants to the County Defendants to prevent further use by City Defendant of this material and not to retain any such documentation in its possession.

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

1    This Motion will be based upon this Notice, the attached Memorandum of

2  Points and Authorities, the Declarations of Shannon L. Gustafson, Amy R. Margolies,

3  Deputy County Counsel Laura Crane and Deputy County Counsel Richard Luczak,

4  the exhibits submitted therewith and upon such other and further matters as may

5  properly come before the Court.

6    This Motion follows meet and confer efforts between the County Defendants

7  and City Defendant which commenced on July 28, 2021, and concluded on August 5,

8  2021, when it became clear that the parties would be unable to resolve the conflict as

9  addressed more fully in this briefing. (Gustafson Decl. ¶11, Exhibit "B", Margolies

10  Decl. ¶2).

11  DATED:  August 18, 2021            **LYNBERG & WATKINS**
                                      A Professional Corporation

12

13

14                          By:

15                                   **SHANNON L. GUSTAFSON**
                                     **AMY R. MARGOLIES**
16                                   Attorneys for Defendant, County of San
                                     Bernardino and San Bernardino County
17                                   Sheriff's Department

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY**
**SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY**
**DEFENDANT CITY OF HESPERIA'S COUNSEL**

# <u>TABLE OF CONTENTS</u>

I.   BACKGROUND..................................................................................7

II.   LEGAL STANDARD .........................................................................9

III.   ARGUMENT ....................................................................................10

    A.   Rules Applicable to Disqualification....................................10

    B.   Disqualification of City Defendant's Counsel, Aleshire, is Required Under California Rules of Professional Conduct Rule 3-310(C)(2) as Aleshire Failed to Obtain Informed Written Conflict Waivers from Each Client......................................................11

        1.   Rule 3-310(C)(2) Prohibits an attorney from representing multiple clients when there exists a potential conflict of interest unless the attorney first obtains informed written consent of each client................................................................11

        2.   Since the initial Complaint, Aleshire was on notice that Plaintiff intended to argue both City and County Defendants were at fault: City for the enactment and County for the enforcement. .........................................12

    C.   Disqualification of City Defendant's Counsel, Aleshire, is Required Under California Rules of Professional Conduct Rule 1.7..................................................................................17

    D.   There is an Actual Conflict of Interest that Cannot be Resolved .........20

    E.   Appearance of Impropriety Alone Warrants Disqualification..............22

    F.   Timeliness of Bringing Motion to Disqualify......................................23

IV.   CONCLUSION ................................................................................26

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

# TABLE OF AUTHORITIES

Page(s)

## Cases

Anderson v. Eaton,
211 Cal. 113, 293 P. 788 (1930)...............................................................15, 21

Ballew v. City of Pasadena,
2020 WL 4919384 (C.D. Cal. 2020) ........................................................9, 18, 19

Blecher v. Northwest Airlines. Inc.,
858 F.Supp. 1442 (C.D. Cal. 1994) ...................................................................14

Flatt v. Super. Ct.,
9 Cal.4th 275 (1994) ...........................................................................................17

Forrest et al. v. Baeza,
58 Cal.App.4th 65, 67 Cal.Rptr.2d 857 (1997) ..................................................24

In re Jaeger,
213 B.R. 578 (C.D.Cal. 1994) .....................................................................15, 16

In re Sklar,
1993 WL 518336 (1993) ..............................................................................14, 15

In Re: Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,
658 F.2d 1355 (9th Cir. 1981) ...........................................................................22

Industrial Indem. Co. v. Great American Ins. Co.,
73 Cal.App.3d 529 (1977) .................................................................................21

Kennedy v. Eldridge,
201 Cal.App.4th 1197 (2011) ........................................................................9, 14

Klemm v. Superior Court,
75 Cal.App.3d 893 (1977) .................................................................................21

Miller v. Alagna,
138 F.Supp.2d 1252 (C.D. Cal. 2000) ...............................14, 15, 16, 17, 21, 22

Optyl Eyewear Fashion Int'l Corp. v. Companies, Ltd.,
760 F.2d 1045 (9th Cir. 1985) ...........................................................................22

People ex rel Dep't Of Corps. v. SpeeDee Oil Change Sys., Inc.,
20 Cal.4th 1135 (1999) .................................................................................9, 18

Radcliffe v. Hernandez,
818 F.3d 537 (9th Cir. 2016) ......................................................................9, 17, 18

Richards v. Jain,
168 F.Supp.2d 1195 (W.D. Wash. 2001) ...........................................................23

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

River West, Inc. et al. v. Nickel,
    188 Cal.App.3d 1297, 234 Cal.Rptr. 33 (1987) .......................................24

Terrebonne, Ltd. v. Murray,
    1 F.Supp.2d 1050 (E.D.Cal. 1998) ........................................................22

Unified Sewerage Agency of Wash. Cty., Or. v. Jelco Inc.,
    646 F.2d 1339 (9th Cir. 1981) ...............................................................18

United States v. Catalanotto,
    468 F.Supp. 503 (D.Ariz. 1978) ............................................................23

Western Sugar Coop. v. Archer-Daniels-Midland Co.,
    98 F.Supp.3d 1074 (C.D. Cal. 2015) .....................................................22

Wheat v. United States,
    486 U.S. 153 (1988) ...............................................................................20

Zador Corp. v. Kwan,
    31 Cal. App. 4th 1285 (1994) ...........................................................16, 24

## **STATUTES**

42 U.S.C. §§ 3601-3631 ...................................................................................7

## **RULES**

California Rules of Professional Conduct 1.7(a), (b), & (d) .....................................11

California Rule of Professional Conduct 3-310(C)(1)(2)....................9, 11, 12, 14, 15

## **OTHER AUTHORITIES**

Central District Local Rule 7-3...........................................................................8

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BACKGROUND**

In its original complaint filed December 2, 2019, and in subsequent amended complaints, Plaintiff asserts, and continues to assert, federal claims under the federal Fair Housing Act, 42 U.S.C.  §§ 3601-3631 ("the FHA"), for enactment and enforcement of two City of Hesperia "crime-free rental housing" ordinances – the ordinance's original enactment in 2015 and an amendment in 2017 against the City of Hesperia ("City Defendant"), the County of San Bernardino and San Bernardino County Sheriff's Department (collectively, "County Defendants"). Plaintiff brings the action following an investigation by the Department of Housing and Urban Development ("HUD") and an election by Defendants to proceed in federal district court. Plaintiff seeks actual damages, as well as civil penalties against Defendants.

On October 22, 2019, prior to the initiation of this lawsuit, but after the HUD issued its charge of discrimination, a precursor to this lawsuit, the County Defendants tendered their defense pursuant the contract between the City and the County for Law Enforcement Services in the City of Hesperia. (Crane Decl. ¶4, Exhibit "E").  Defendant City accepted the tender setting forth that, "The City will accept the tender of defense of the County of San Bernardino in the matter of the Discrimination Charge in HUD OAH No. 09-16-4717-8, and in any subsequently filed matter in federal civil court arising out of the Discrimination Charge to the extent required by the Amended Law Enforcement Services Contract dated August 30, 1994 between the City and County ("Contract")." (Crane Decl. ¶5, Exhibit "F"). Thereafter, all defendants (City, County and Sheriff) were collectively represented by City Defendant's attorneys, the law firm Aleshire & Wynder, LLP ("Aleshire") since the filing of this action by Plaintiff. (Crane Decl. ¶6).

However, on July 6, 2021, (more than 19-months into this litigation) Aleshire notified the County Defendants that an actual conflict of interest exists between the

**7**

City and the County and abruptly dropped County Defendants as clients indicating that Aleshire would no longer represent the County or the Sheriff's Department due to the conflict; but, elected to remain as counsel for City Defendants.  (Luczak Decl. ¶ 7).  Based on Aleshire's position that it would no longer represent them, the County Defendants were forced to retain new counsel and a Request for Approval of Substitution of Counsel was filed on July 14, 2021, and approved by the Court on July 22, 2021. (Gustafson Decl. ¶4, Exhibit "A").

On July 28, 2021, shortly after being confirmed as counsel of record, new Defense counsel pursuant to Central District Local Rule 7-3 initiated the meet and confer process with Aleshire setting forth the County Defendants' position that the conflict of interest required the disqualification of Aleshire. (Gustafson Decl. ¶11, Exhibit "B").  The parties met and conferred several times between July 28, 2021, and August 5, 2021, to attempt to resolve the conflict and were unable to do so. (Margolies Decl. ¶2.)  Aleshire therefore requested time to meet with the Hesperia City Council to request permission to voluntarily withdraw and indicated that they would do so at the next available meeting on August 17, 2021. (Margolies Decl. ¶3). The County Defendants therefore agreed to wait until after this meeting with the sincere hope that Aleshire would do the right thing, given its former representation of the County. (Margolies Decl. ¶4, Ex. "G"). However, on August 18, 2021, San Bernardino County Counsel was informed that a voluntary withdrawal would not be filed. (Margolies Decl. ¶5). The County Defendants have therefore made a good faith effort pursuant to Local Rule 7-3 to request that Aleshire voluntarily withdraw given its ethical obligations to its former client.  It is now evident that this Motion is the only recourse the County Defendants have to seek disqualification of Aleshire for the reasons stated herein.

County Defendants make their Motion on the grounds that City Defendant's counsel has violated <u>California Rule of Professional Conduct 3-310</u> by failing to

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

obtain the informed written consent of each client as there was a potential conflict of interest from the beginning of the representation. And, for creating an actual conflict of interest in violation of <u>California Rule of Professional Conduct 1.7</u> when it ceased representation of the County Defendants.  Here, by electing to represent all defendants (City, County and Sheriff's Department) at the outset, and, for the last nineteen months, Aleshire created an actual conflict of interest and sought to avoid this conflict by abruptly dropping County Defendants like a hot potato, something the law prohibits.  This tactic is a violation of Aleshire's most sacred duties of confidentiality and loyalty. Furthermore, these violations have interfered with the orderly administration of justice and the progress of this case.

Accordingly, County Defendants request that Aleshire be disqualified from continuing to represent any party in this case and for ancillary relief set forth in the Notice of this Motion.

## II.   LEGAL STANDARD

As noted in <u>Ballew v. City of Pasadena</u>, 2020 WL 4919384 (C.D. Cal. 2020), "A [court's] authority to disqualify an attorney derives from the power inherent in every court [t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." <u>Kennedy v. Eldridge</u>, 201 Cal.App.4th 1197, 1204 (2011) (alterations in original; internal quotation marks omitted).

Although "disqualification motions involve a conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility[,]" <u>People ex rel Dep't Of Corps. v. SpeeDee Oil Change Sys., Inc.</u>, 20 Cal.4th 1135, 1145 (1999), "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." <u>Id.</u> In other words, "[t]he important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial

1 | process." <u>Id.</u>

2 | **III.  ARGUMENT**

3 |     **A.  Rules Applicable to Disqualification**

4 |     California law governs questions of conflicts of interest and disqualification.

5 | <u>Radcliffe v. Hernandez</u>, 818 F.3d 537, 541 (9th Cir. 2016) Pursuant to Local Rule

6 | 83-3.1.1, the United States District Court for the Central District of California has

7 | adopted California's Rules of Professional Conduct. The following California Rules

8 | of Professional Conduct apply here:

9 |     <u>Rule 3-310(C)(2)</u> of the California Rules of Professional Conduct provides, in

10 | pertinent part:

> A member shall not, without the informed written consent
> of each client:
>
> (C)(1) Accept representation of more than one client in a
> matter in which the interests of the client potentially
> conflict; or
>
> (C)(2) Accept or continue representation of more than one
> client in a matter in which the interests of the clients
> actually conflict... (Cal. R. of Prof 1 Conduct 3-
> 310(C)(2)(emphasis added).
>
> "'Disclosure' means informing the client of the relevant
> circumstances and of the actual and reasonably foreseeable
> adverse consequences to the client." Cal. R. of Prof 1
> Conduct 3-310(A)(1). "'Informed written consent' means
> the client's written agreement to the representation
> following written disclosure." Cal. R. of Prof 1 Conduct 3-
> 310(A)(2).

21 |     In addition to <u>Rule 3-310</u>, disqualification is required under <u>Rule 1.7</u> which

22 | states, in relevant part:

> (a) A lawyer shall not, without informed written consent
> from each client and compliance with paragraph (d),
> represent a client if the representation is directly adverse to
> another client in the same or a separate matter.
>
> (b) A lawyer shall not, without informed written consent
> from each affected client and compliance with paragraph
> (d), represent a client if there is a significant risk the

lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person, or the lawyer's own interest.

...

(d) Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law; and

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

Cal. R. Prof. Conduct 1.7(a), (b), & (d) (State Bar of Cal. 2018).

If the client is a private, public, or governmental organization, then

[a] lawyer representing [the] organization may also represent any of its constituents, subject to the provisions of rules 1.7, 1.8.2, 1.8.6, and 1.8.7. If the organization's consent to the dual representation is required by any of these rules, the consent shall be given by an appropriate official, constituent, or body of the organization other than the individual who is to be represented, or by the shareholders.

Id. at R. 1.13(g).

**B.      Disqualification of City Defendant's Counsel, Aleshire, is Required Under California Rules of Professional Conduct Rule 3-310(C)(2) as Aleshire Failed to Obtain Informed Written Conflict Waivers from Each Client**

1.      Rule 3-310(C)(2) prohibits an attorney from representing multiple clients when there exists a potential conflict of interest unless the attorney first obtains informed written consent of each client.

"California Rules of Professional Conduct Rule 3-310(C)(2) prohibits an

**11**

attorney from representing multiple clients when those clients have potential conflicts of interest unless the attorney first obtains the informed written consent of the client." <u>Miller v. Alagna</u>, 138 F.Supp.2d 1252, 155 (C.D. Cal. 2000). "A potential conflict of interest exists when there is a possibility of an actual conflict arising in the future, resulting from developments that have not yet occurred or facts that have not yet become known." <u>Miller</u>, 138 F.Supp.2d at 1256 (C.D. Cal. 2000). "A conflict is actual if the representation of one client may be rendered less effective by reason of the shared attorney representing the other client." <u>Id.</u>

The duty to avoid conflicts of interest arises at the beginning of the representation. <u>Id</u>. It is designed to protect the client from "sharing confidences without realizing the potential impact or consequences of doing so." <u>Id.</u> Therefore, an attorney's failure to obtain informed written consent when s/he accepts representation "exposes the clients to the risk of sharing confidences without realizing the impact of doing so." <u>Id.</u>

"The failure of an attorney to obtain the informed written consent of clients when there is a potential conflict of interest is grounds for disqualification by either client." <u>Id.</u> "Accordingly, the informed consent by clients is critical to any joint representation, and it is the absence thereof or scope of any such informed consent which determines whether an attorney should be disqualified." <u>Id.</u>  Failure of the attorney to obtain informed written consent subjects the attorney "and the attorney's law firm" to disqualification "from the entire case." <u>Id.</u>

Applied here, Aleshire never obtained informed written consent from the County in light of a potential conflict.  (Crane Decl. ¶7).

   2.   <u>Since the initial Complaint, Aleshire was on notice that Plaintiff intended to argue both City and County Defendants were at fault: City for the enactment and County for the enforcement.</u>

This dispute began in 2016 with a U.S. Department of Housing and Urban

Development (HUD) investigation into the City of Hesperia's Crime Free Rental Housing ordinance. On October 16, 2019, the Secretary of HUD issued a charge of discrimination. (Gustafson ¶13, Exhibit "C"-Complaint ¶65).  Anticipating a lawsuit, the County Defendants served its tender of defense on October 22, 2019, which was accepted on November 26, 2019. (Crane Decl. ¶¶4-5, Ex. "D" and "E"). It was at this time, once Aleshire elected to represent more than one party in this action, they were required to obtain informed written consent of each client advising of a potential conflict of interest. The failure of Aleshire to obtain the informed written consent of client County Defendants, when there was a clear potential conflict of interest, is grounds for disqualification. <u>Miller</u> at 1256. Even to the extent that Aleshire did not fully appreciate the nature of the potential conflict when they accepted the tender, the original complaint in this action as filed on December 2, 2019, setting forth the allegations by Plaintiff with respect to both the City and County Defendants provided notice that there could be a conflict. In particular, the Complaint alleges improper enforcement of the ordinance by the County Defendants.

In <u>Miller,</u> family of a citizen who was killed by police officers sued city and officers for civil rights violations, among other claims. In January of 1999, the Riverside City Attorney's Office and a private law firm Christensen, Miller began representing the city and the five officers involved in the shooting. On July 12, 1999, two of the officers were fired by the city. They in turn hired The Peterson Law Firm to defend them. The Peterson Law Firm then filed a motion to disqualify the City Attorney's Office from representing any of the individual officers and Christensen, Miller from representing any party in the lawsuit. <u>Miller</u> at 1255. The Peterson Law Firm argued that the section 1983 claims against the individual officers and the city created a potential conflict of interest which required the City Attorney's Office and Christensen, Miller to obtain informed written consent from

1  the officers pursuant to Rule 3-310(C)(2) before representing any of the officers. Id.

2  The City Attorney's Office and Christensen, Miller argued that there was no

3  potential conflict of interest until the officers were fired and, in the alternative, that

4  "a potential conflict of interest does not justify their disqualification." Id.

5      The Miller court started its analysis by noting that "the duty to avoid conflicts

6  of interest arises at the beginning of the representation. Id. at 1245, quoting, In re

7  Sklar, 1993 WL 518336 (1993). "Whether the attorney ***believes there is no conflict***

8  ***of interest*** between joint clients is ***irrelevant***." Id. (emphasis added). "Because

9  obtaining a written waiver requires little effort, informs and protects clients, and

10 avoids costly evidentiary and credibility disputes, the rule is ***inflexible***." Miller at

11 1256, quoting Blecher v. Northwest Airlines. Inc., 858 F.Supp. 1442, 1451 (C.D.

12 Cal. 1994)(emphasis added).

13     In Miller, the conflict alleged by The Peterson Law Firm was created by the

14 Monell claim. Under Monell, an advocate for the city would argue that the shooters

15 did not follow city policies and practices on the use of lethal force. Therefore, city

16 cannot be found liable for a policy or procedure causing constitutional harm. Miller

17 at 1257. The shooters would argue that they did follow city policies and practices on

18 the use of lethal force and, alternatively, that their training provided by the city was

19 inadequate for them to properly respond to the situation. Id.

20     In the case at bar, the conflicts are analogous. Here, Aleshire, in advocating

21 for the City Defendant could argue that the County Defendants did not enforce the

22 ordinance as written and enacted by the City and therefore it was the County's

23 enforcement of the ordinance and not the ordinance itself that caused the civil rights

24 violations alleged by Plaintiff. In turn, County Defendants could argue that they did

25 follow the ordinance as enacted by the City and only took the actions as directed by

26 the City. As such, it was the City's enactment and not the County's enforcement that

27 caused the civil rights violations alleged by Plaintiff. Because the allegations

28

**14**

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

1 | pertaining to the City's enactment and the County's enforcement have been present
2 | since the Complaint was filed, the potential for conflict in this case has always been
3 | present since its inception and yet Aleshire did not advise of this conflict or seek
4 | written consent. (See generally, Complaint, Ex. "C"; Crane Decl. ¶¶6-7).

5 |      In the Miller decision, the Central District relied on In re Jaeger, 213 B.R.
6 | 578, 584 (C.D.Cal. 1994). "Rule 3–310(C)(1)") prohibits an attorney from
7 | representing multiple clients when those clients have a potential conflict of interest
8 | unless the attorney first obtains the informed written consent of the clients. 'The rule
9 | against representing conflicting interests is designed not only to prevent the
10 | dishonest lawyer from fraudulent conduct, but also to prevent the honest lawyer
11 | from having to choose between conflicting duties, rather than to enforce to their full
12 | extent the legal rights of each client.'" In re Jaeger, 213 B.R. 578, 584
13 | (C.D.Cal.1997), citing Anderson v. Eaton, 211 Cal. 113, 116, 293 P. 788
14 | (1930); see, In re Sklar,  1993 WL 518336 (1993). A potential conflict of interest
15 | exists when "there is a possibility of an actual conflict arising in the future, resulting
16 | from developments that have not yet occurred or facts that have not yet become
17 | known." Id. A conflict is actual if the representation of one client may be rendered
18 | less effective by reason of the shared attorney representing the other client. See id.

19 |      As Jaeger explains, "[t]he failure to obtain a written consent to a potential
20 | conflict of interest ... in effect gives a wild card to each of the clients. At any time
21 | thereafter during the representation, any of the clients may play the wild card and
22 | require the withdrawal of the attorney (and the attorney's law firm) entirely from the
23 | case." Id. at 586.

24 |      Both as a matter of law and by examining the relevant facts here, it is clear
25 | there was a potential conflict of interest at the outset of Aleshire's representation of
26 | City Defendant and County Defendants simultaneously in this action. Miller citing
27 | Jaeger, 213 B.R. at 584 ("California rules always require the informed written

28 |

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

1    consent of each client before an attorney may jointly represent two or more clients

2    in the same lawsuit."); <u>see also</u>, <u>Zador Corp. v. Kwan</u>, 31 Cal. App. 4th 1285, 1295

3    (1994) ("[I]nformed consent is required before an attorney can jointly represent

4    clients in the same matter.")

5         The circumstances of the instant action demonstrate that there were potential

6    conflicts of interests at the instant Aleshire accepted the representation of City

7    Defendant and County Defendants. Yet, for the period November 2019, to July

8    2021, while Aleshire represented both City Defendant and County Defendants,

9    County employees have cooperated with Aleshire in its defense by providing the

10   firm with whatever information it requested and deemed necessary to respond to

11   discovery in this matter and to adequately represent its interest, as well as engaged

12   in discussions regarding the legal strategy to be employed in this matter and the

13   available defenses. (Luczak Decl. ¶¶2-6).  These communications were the ultimate

14   sharing of confidences by County Defendants with Aleshire, a process that had

15   occurred between the County Defendants and its attorneys for nineteen months.

16   And then suddenly on July 6, 2021, Aleshire notified the County Defendants that it

17   would no longer represent the County because it had determined there was a

18   conflict. (Luczak Decl. ¶7).

19        Just as in <u>Miller</u>, the Court should find sufficient basis to support a reasonable

20   apprehension that City Defendant's counsel, Aleshire—contrary to their fiduciary

21   duty of loyalty to County Defendants, but by reason of a similar obligation of

22   loyalty to City Defendant, may use such shared County confidences to their

23   detriment, but to the benefit of the City. This is especially true where the City is

24   clearly the favored client.

25        In short, the moment Aleshire embarked on multiple representation of City

26   Defendant and County Defendants, there existed potential conflicts of interest

27   between City and County giving rise to the firm's obligation to obtain the informed

28

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

1    written consent of the City and County Defendants, which would have required little

2    effort, to inform and protect all clients throughout the joint representation.

3          Moreover, there is significant risk that moving forward Aleshire may breach

4    its duty of confidentiality to its previous client County Defendants in its zealous

5    advocacy and duty of loyalty to City Defendant. As in Miller and Jaeger, there is

6    also a significant risk that continued representation of City Defendant could be

7    materially limited by Aleshire's responsibility of confidentiality to its previous

8    client County Defendants. Therefore, in order to ensure the orderly administration of

9    justice and that the integrity of the proceedings is not compromised, Aleshire must

10   be disqualified from the entire case.

11   **C.    Disqualification of City Defendant's Counsel, Aleshire, is Required**

12          **Under California Rules of Professional Conduct Rule 1.7**

13   As recently stated in Ballew v. City of Pasadena,

14          California law distinguishes between two types of conflicts of

15          interest. See Radcliffe, 818 F.3d at 541-42. "Where the potential

16          conflict is one that arises from the successive representation of

17          clients with potentially adverse interests, the courts have

18          recognized that the chief fiduciary value jeopardized is that of

19          client confidentiality." Id. at 542 (quoting Flatt v. Super. Ct., 9

20          Cal.4th 275, 283 (1994)). However, where, as here, the alleged

21          conflict is "simultaneous" representation, the conflict "do[es] not

22          primarily implicate the duty of confidentiality but rather the

23          attorney's duty – and the client's legitimate expectation –

24          of loyalty." Id. (internal quotation marks omitted). "[A]

25          concurrent or simultaneous conflict of interest under California

26          Rule of Professional Conduct [1.7] generally leads to automatic

27

28
**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

1    disqualification." <u>Id. at 541</u>.

2

3    The California Supreme Court has stated that "[a]ttorneys have a

4    duty to maintain undivided loyalty to their clients to avoid

5    undermining public confidence in the legal profession and the

6    judicial process…. The effective functioning of the fiduciary

7    relationship between attorney and client depends on the client's

8    trust and confidence in counsel." <u>SpeeDee Oil</u>, 20 Cal.4th at

9    1146 (citations omitted). Indeed, "[t]he most egregious conflict

10   of interest is representation of clients whose interests are directly

11   adverse in the same litigation.... Such patently improper dual

12   representation suggests to the clients – and to the public at large

13   – that the attorney is completely indifferent to the duty of loyalty

14   and the duty to preserve confidences." <u>Id. at 1147</u> (citation

15   omitted); <u>see Unified Sewerage Agency of Wash. Cty., Or. v.</u>

16   <u>Jelco Inc.</u>, 646 F.2d 1339, 1345 (9th Cir. 1981) (discussing

17   concurrent representation under prior ABA Code of

18   Responsibility and stating that "representation adverse to a

19   present client must be measured not so much against the

20   similarities in litigation, as against the duty of undivided loyalty

21   which an attorney owes to each of his clients").

22   <u>Ballew</u>, <u>supra</u>, 2020 WL 4919384 at *4 (emphasis original).

23       In <u>Ballew v. City of Pasadena</u>, 2020 WL 4919384 *4 (C.D. Cal. 2020)

24   plaintiff sought to disqualify the city attorney from representing both the city and

25   individual officers in an action involving federal and state civil rights claims.

26   "According to plaintiff, by representing both the entity and the individual

27   defendants, the Firm and the City Attorney created a conflict of interest that is

28
                                          **18**

1  interfering with the orderly administration of justice and the progress of this case."

2  Id. Ultimately, the court found, "under the circumstances here, there is, at minimum,

3  a potential conflict of interest that may undermine the court's ability to ensure the

4  orderly administration of justice and the progress of this case. Defense counsel owe

5  a duty of loyalty to each defendant in this case, regardless of how diametrically

6  opposed a particular defendant's litigation position and strategy may be compared to

7  the other defendants defense counsel represent." Id.

8      Just as in Ballew, this Court, can and should find at a minimum, a potential

9  conflict of interest between the City and County Defendants. Therefore,

10 disqualification is also warranted under Rule 1.7.  The County Defendants have very

11 real concerns that either by accident or intent, in its effort to zealously represent the

12 City, Aleshire may disclose information that it learned through its protracted

13 nineteen month defense of the County Defendants.  Once that occurs, the damage

14 cannot be undone.  This is not a situation where the "potential" conflict was

15 addressed early in the litigation and resolved by the immediate substitution of new

16 counsel.  Rather, the City has represented the County for a significant period of

17 time, during which time depositions of former County employees were conducted

18 and Aleshire responded to multiple discovery requests on the County's behalf,

19 including a significant document production request that resulted in a June 17, 2021,

20 order by the Magistrate. (Gustafson Decl. ¶15, Exhibit "D"). All of this discovery

21 required coordination between Aleshire and the County, especially with respect to

22 the electronically stored information at the Sheriff's Department. There is no way

23 that Aleshire can guarantee it can unlearn over a year's worth of confidential

24 communications with respect to the litigation of this case and that it will not use any

25 such information against the County Defendants, if to do so would benefit the City

26 and especially in light of their recently expressed view that an actual conflict in fact

27 exists.

28

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

**D.      There is an Actual Conflict of Interest that Cannot be Resolved**

Even if this Court were to overlook Aleshire's failure to obtain written consent and representations that it will maintain attorney client confidentiality, it should still be disqualified as there still exists an ***actual conflict*** of interest. In Wheat, counsel was disqualified even though the conflict was waived. Wheat v. United States, 486 U.S. 153 (1988). In Wheat, the attorney and client had what was characterized as a potential conflict of interest. However, the client waived the conflict after informed consent. In addition, the client had a constitutional right under the Sixth Amendment to counsel of his choosing. Regardless, the United States Supreme Court noted that there are some conflicts that cannot be waived. The court held that an "actual conflict" or "serious potential for conflict" overrides even the Sixth Amendment's guarantee of a defendant's right to choose counsel. Wheat, 486 U.S. at 164.

Further, as set forth in Klemm v. Superior Court,

> Though an informed consent be obtained, no case we have been able to find ***sanctions dual representation of conflicting interests*** if that representation is in conjunction with a trial or hearing where there is an actual, present, existing conflict and the discharge of duty to one client conflicts with the duty to another. As **a matter of law**, a purported consent to dual representation of litigants with adverse interests at a contested hearing would be neither intelligent nor informed. Such representation would be per se inconsistent with the adversary position of an attorney to assume a position at a trial or hearing where he could not advocate the interests of one client without adversely injuring those of the other.

Klemm v. Superior Court, 75 Cal.App.3d 893, 898 (1977), citing, Anderson v. Eaton, 211 Cal. 113 (1930)(emphasis added).

Unlike here, the Court in Klemm, found that there existed written consent which was both knowing and informed after full disclosures by the attorney *and* that both parties agreed on issues; there existed mere speculation of a future potential

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

1   conflict and no actual conflict existed. Yet disqualification was still warranted.

2       In the present case, Aleshire has actually expressed its view that there exists

3   an actual conflict, but that it can somehow safely continue in its representation of

4   the City by simply dismissing its other client the County. However, in <u>Klemm</u>, the

5   Court noted that should an actual conflict arise, the attorney would need to be

6   disqualified from representation. "There would then exist an actual conflict between

7   them, and an attorney's duty to maintain the confidence of each would preclude

8   such representation." <u>Klemm</u> at 899-900 citing <u>Industrial Indem. Co. v. Great</u>

9   <u>American Ins. Co.</u>, 73 Cal.App.3d 529 (1977). Likewise given the expression of an

10  actual conflict by Aleshire on July 6, 2021, it cannot continue in its representation of

11  any party in this matter.

12      Of note, the <u>Miller</u> court was only asked to disqualify the City Attorney's

13  Office from representing any of the officers. Apparently, the attorneys had no

14  objection to the City Attorney's Office continuing its representation of the

15  City. However, the court found that the City Attorney's Office represented the

16  shooters without an informed written consent. Therefore, the court disqualified the

17  City Attorney's Office from representing "any party in the defense of the civil

18  lawsuit filed by the Millers or in any related cross or counter-claims." <u>Miller</u>, 138

19  F.Supp.2d at 1260.

20      Even with informed consent, which is absent here, <u>Wheat</u> still compels

21  disqualification. The conflict in this case is actual. By way of Aleshire's July 6,

22  2021, letter to County Defendants, it abruptly dropped County Defendants declaring

23  a sudden and actual conflict, refusing to continue in its defense of the County

24  Defendants. (Luczak Decl. ¶7).

25      However, Aleshire cannot avoid complete disqualification by simply

26  dropping one client like a hot potato, as this does nothing to cure the actual conflict.

27  <u>Western Sugar Coop. v. Archer-Daniels-Midland Co.</u>, 98 F.Supp.3d 1074, 1084

28

**21**

1  (C.D. Cal. 2015) ("The 'hot potato rule' bars an attorney and law firm from curing

2  the dual representation of clients by expediently severing the relationship with the

3  preexisting client… Accordingly, the automatic disqualification rule applicable to

4  concurrent representations cannot be avoided by unilaterally converting a present

5  client into a former client.").

6          **E.**    **Appearance of Impropriety Alone Warrants Disqualification**

7        Even absent an actual or potential conflict, the appearance of impropriety alone

8  warrants disqualification here. Indeed, the Ninth Circuit has repeatedly held that the

9  "appearance of impropriety", standing alone, warrants disqualification. <u>See</u>, <u>In Re:</u>

10  <u>Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation</u>, 658 F.2d

11  1355 (9th Cir. 1981), <u>cert denied</u>, 455 U.S. 990, 102 S.Ct. 1615 (1982)("[T]he first

12  issue the court must decide is whether [the appearance of impropriety] alone can be

13  the basis for a disqualification motion.  Strong policy reasons support an affirmative

14  answer."); <u>Optyl Eyewear Fashion Int'l Corp. v. Companies, Ltd.</u>, 760 F.2d 1045,

15  1049 (9th Cir. 1985) ("The appearance of impropriety" alone provides grounds for

16  disqualification); <u>see also</u>, <u>Terrebonne, Ltd. v. Murray</u>, 1 F.Supp.2d 1050, 1065

17  (E.D.Cal. 1998)(Disqualifying counsel for potential violation of the anti-contact rule

18  and for "failing to avoid the appearance of impropriety".); <u>Richards v. Jain</u>, 168

19  F.Supp.2d 1195 (W.D. Wash. 2001) (When uncertain as to what confidential

20  information was obtained, courts order disqualification because an "appearance of

21  impropriety" taints the proceedings whenever potential access to confidential

22  information existed.); <u>United States v. Catalanotto</u>, 468 F.Supp. 503 (D.Ariz. 1978)

23  (Disqualification ordered where "appearance of impropriety" exists even when it is

24  uncertain if any confidential information was actually revealed).

25        Here there is clearly an appearance of impropriety.  Aleshire engaged in the

26  representation of the County Defendants for an extended period of time which

27  involved meeting with and obtaining information from County employees. (Luczak

28

1  Decl. ¶¶2-6).  Then, suddenly on July 6, 2021, Aleshire declares that "the City finds
2  that a conflict exists" and that "discovery of this conflict prevents our firm's further
3  representation of the County." (Luczak Decl. ¶7). In other words, Aleshire has
4  declared that Co-Defendant City has determined there is a conflict, but then expects
5  the County Defendants and this Court to accept that it will not use any confidential
6  information against its former client the County to benefit its current and favored
7  client, the City.  The appearance is very real, that the County Defendants former
8  attorneys will take a position adverse to them moving forward given the conflict and
9  that in doing so will use confidential information to benefit the current client.   By way
10 of example, after declaring a conflict on July 6, 2021, and claiming they could no
11 longer represent the interests of County Defendants, Aleshire apparently proceeded in
12 defending the deposition of former Mayor Eric Schmidt on July 7, 2021, essentially
13 having this deposition of this key witness proceed without the County Defendants
14 having a representative there to protect their interest. (Margolies Decl. ¶6).

15      Disqualification is therefore warranted under Rule 3-310, Rule 1.7, and for
16 strong policy reasons, as there is at a minimum, the palpable appearance of
17 impropriety.

18      **F.      Timeliness of Bringing Motion to Disqualify**

19      Because there is the potential for abuse in bringing forward disqualification
20 motions, courts carefully consider the timeliness of such a motion.  However, only
21 when "a party opposing the motion can demonstrate prima facie evidence of
22 ***unreasonable delay*** in bringing the motion causing prejudice to the present client"
23 should disqualification not be ordered. Zador, 31 Cal.App.4th at 1302, 37
24 Cal.Rptr.2d at 764 (emphasis added). Under such circumstances, "[t]the burden then
25 shifts back to the party seeking disqualification to justify the delay. However, a
26 disqualification motion should be denied ***only if*** the delay and ensuing prejudice are
27 ***extreme***. See Id., (emphasis added)*; see also* Forrest et al. v. Baeza et al., 58

28

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

Cal.App.4th 65, 77, 67 Cal.Rptr.2d 857, 865 (1997) ("[T]he delay must be extreme in terms of time and consequence.") (citation and internal quotations omitted); River West, Inc. et al. v. Nickel, 188 Cal.App.3d 1297, 1309, 234 Cal.Rptr. 33 (1987) (describing the delay exception for denying disqualification as "narrow").

Here, there has been no delay as the County Defendants have acted promptly in bringing this Motion upon discovery of the basis for disqualifying Aleshire. Specifically, on July 6, 2021, Aleshire declared a conflict and first notified County Defendants of their inability to continue representing the County Defendants. (Luczak Decl. ¶7) Almost immediately, the County Defendants retained new counsel and informed Aleshire of the same on July 8, 2021. (Gustafson Decl. ¶¶2-3). On July 12, 2021, new counsel and Aleshire discussed how to best transition this matter given the volume of discovery that had been exchanged over the last 19-months. (Gustafson Decl.¶4).  In the ensuing weeks, County Defendants' new counsel had several communications with Aleshire seeking to obtain a complete copy of its files pertaining to the representation of the County Defendants in this action. (Gustafson Decl. ¶8). New Defense counsel did not receive its first file transfer until July 15, 2021. (Gustafson Decl. ¶15).  And even then, several of the files were corrupted or incompletely transferred and needed to be resent.  (Gustafson Decl ¶5). In particular, the documentation that Aleshire indicated supported the conflict, was not provided until July 28, 2021. (Gustafson Decl. ¶¶6-7).

Despite, these challenges in receiving the file information and determining how to best proceed, the County Defendants promptly requested a substitution on July 14, 2021, which was approved on July 22, 2021.  Thereafter new defense counsel undertook efforts to obtain the appropriate client authority for this Motion and promptly initiated the meet and confer process on July 28, 2021, as required by Local Rule 7-3. (Gustafson Decl. ¶¶9-11). The parties therefore engaged in communications from July 28, 2021, through August 5, 2021, in an effort to avoid

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL**

1 this Motion, if possible. (Margolies Decl. ¶2). When these efforts failed, the County

2 Defendants immediately prepared this Motion and were prepared to file it on August

3 9, 2021.  However, Aleshire requested an additional week so that it could seek

4 permission from its client, the City, to voluntarily withdraw at the next available

5 City Council meeting scheduled for August 17, 2021, to which the County agreed in

6 the hopes of avoiding this Motion. (Margolies, Decl. ¶¶3-4, Exhibit "G").  The

7 County Defendants, however, learned on August 18, 2021, that after meeting with

8 the City Council, Aleshire was not agreeable to a voluntary withdrawal and

9 therefore this Motion was filed the very same day.  (Margolies, Decl. ¶5).

10      Ultimately, this Motion comes within a month of the County Defendants

11 learning of the conflict, obtaining and evaluating the information that Aleshire

12 claimed caused the conflict and completing the required meet and confer process

13 before seeking court intervention.

14      Finally, the court should not deny this motion on the grounds that Defendant

15 City is prejudiced due to the costs it will incur in obtaining new counsel. While

16 additional costs are certainly undesirable, they are unavoidable at this point into the

17 conflict. Because County Defendants did not unreasonably delay bringing this

18 motion for tactical reasons, the prejudice (cost to retain new counsel) City will

19 suffer is irrelevant. The County Defendants were informed that their counsel would

20 no longer represent them due to a conflict.  Upon learning of that information, the

21 County Defendants investigated the claim and promptly filed this Motion.

22      The County Defendants did not ask for this change in counsel, but now that it

23 has occurred, it would be extremely prejudicial to the County Defendants to permit

24 their former counsel to continue in this litigation with the benefit of nineteen months

25 of confidential communications which they can then use to take positions adverse to

26 the County based on the "conflict" declared by the City.

27

28

**DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY
DEFENDANT CITY OF HESPERIA'S COUNSEL**

## IV.   CONCLUSION

For nearly two years, County Defendants have confided in Aleshire and have had every reasonable expectation their counsel would honor the most basic duties of confidentiality and loyalty. It is difficult to imagine a greater appearance of impropriety or likelihood of revelation of client confidences than Aleshire continuing to represent City after gaining County confidences so far into a litigation. Aleshire must be disqualified from representing any party to ensure that the integrity of the proceedings is not compromised.

For the foregoing reasons, County Defendants' Motion should be granted, and Aleshire should be disqualified from further representation of City Defendant in this case and in any future related action. Further, additional prophylactic measures should be adopted as set forth herein to protect the County Defendants against future improper exploitation of their client confidences.

DATED:  August 18, 2021

LYNBERG & WATKINS
A Professional Corporation

By: _____
SHANNON L. GUSTAFSON
AMY R. MARGOLIES
Attorneys for Defendants, County of San Bernardino and San Bernardino County Sheriff's Department

DEFENDANTS COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL

Case Name:      *United States of America v. City of Hesperia, et al.*
Case No.:       5:19-cv-02298-AB-SPx

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

On **August 18, 2021**, I served the foregoing document(s) described as **DEFENDANT COUNTY OF SAN BERNARDINO AND SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT'S NOTICE OF MOTION AND MOTION TO DISQUALIFY DEFENDANT CITY OF HESPERIA'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SHANNON L. GUSTAFON, DECLARATION OF LAURA CRANE, DECLARATION OF AMY R. MARGOLIES, DECLARATION OF RICHARD LUCZAK AND EXHIBITS** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

## SEE SERVICE LIST

☐    **BY MAIL**: As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, I deposited such envelope in the mail at Orange, California.

☒    **BY E-SERVE:** The above listed document(s) were electronically served via the USDC Central District's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above documents.

☐    **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted at the respective email address(es) indicated.

☐    **BY FEDERAL EXPRESS/OVERNIGHT MAIL**:  I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 18, 2021**, at Orange, California.

*/s/ Maria Garcia*
**Maria Garcia**

Case Name:    *United States of America v. City of Hesperia, et al.*
Case No.:     5:19-cv-02298-AB-SPx

| **Party:** | **Represented by:** |
|---|---|
| Plaintiff, UNITED STATES OF AMERICA | Aurora Bryant<br>Christopher D. Belen<br>Alyssa C. Laureau<br>Trial Attorneys<br>US Department of Justice<br>Civil Rights Division – Housing and Civil Enforcement Section<br>950 Pennsylvania Avenue NW-4CON<br>Washington, DC 20530<br>Tel:    202-514-4713<br>Fax:   202-514-1116<br>Email: Aurora.Bryan@usdoj.gov;<br>Christopher.belen@usdoj.gov;<br>alyssa.lareau@usdoj.gov;<br>Matthew Nickell<br>Katherine M. Hikida<br>AUSA – Office of US Attorney<br>Civil Rights Section<br>Federal Building, Suite 7516<br>300 North Los Angeles Street<br>Los Angeles, CA  90012<br>Tel.:   213-894-2285<br>Tel.:   213-894-8805<br>Fax:   213-894-7819<br>Email: matthew.nickell@usdog.gov;<br>katherine.hikida@usdoj.gov |
| Defendant, CITY OF HESPERIA | Stephen R. Onstot<br>Eric Lawrence Dunn<br>D. Dennis La<br>Erika Danielle Green<br>ALESHIRE & WYNDER LLP<br>3880 Lemon Street, Suite 520<br>Riverside, CA 92501<br>Tel.:   951-241-7338<br>Tel.:   310-527-6660<br>Fax:   951-300-0985<br>Email: sonstot@awattorneys.com;<br>dla@awattorneys.com;<br>egreen@awattorneys.com |

**PROOF OF SERVICE**