KRISTEN CLARKE
Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
R. TAMAR HAGLER (CA State Bar No. 189441)
Deputy Chief, Housing and Civil Enforcement Section
ANNA MEDINA (DC Bar No. 483183)
Acting Deputy Chief, Federal Coordination and Compliance Section
AURORA BRYANT (LA Bar No. 33447)
CHRISTOPHER D. BELEN (VA Bar No. 78281)
ABIGAIL A. NURSE (NY Bar No. 5244512)
JOHN R. FOWLER (DC Bar 1017595)
ALYSSA C. LAREAU (DC Bar No. 494881)
Trial Attorneys
    U.S. Department of Justice, Civil Rights Division
    950 Pennsylvania Ave. NW – 4CON
    Washington, D.C. 20530
    Telephone: (202) 598-5242, Facsimile: (202) 514-1116
    E-mail: John.Fowler@usdoj.gov
TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Chief, Civil Division
KAREN P. RUCKERT (CA State Bar No. 315798)
Chief, Civil Rights Section, Civil Division
KATHERINE M. HIKIDA (CA State Bar No. 153268)
Assistant United States Attorneys
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2285, Facsimile: (213) 894-7819
    E-mail: Katherine.Hikida@usdoj.gov
Attorneys for Plaintiff United States of America

[Counsel for Defendants listed on next page]

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HESPERIA, et al.,<br><br>Defendants. | Case No. 5:19-CV-2298 AB (SPx)<br><br>**STIPULATION TO EXTEND ALL REMAINING DEADLINES**<br><br>Complaint Filed: December 2, 2019<br>Fact Discovery Cut-Off: May 9, 2022<br>Motion Cut-off: June 17, 2022<br>Trial Date: September 20, 2022<br><br>Honorable André Birotte Jr.<br>United States District Judge |

01071.0047/689835.1

SHANNON L. GUSTAFSON (SBN 228856)
sgustafson@lynberg.com
AMY R. MARGOLIES (SBN 283471)
amargolies@lynberg.com
LYNBERG & WATKINS
A Professional Corporation
1100 Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants County of San Bernardino and San Bernardino County Sheriff's Department

J. PAT FERRARIS, ESQ. (SBN: 267223)
JULIET K. MUSHET, ESQ. (SBN: 247968)
DANIELLE KIELER, ESQ. (SBN: 292658)
HOMAN, STONE & ROSSI
1461 Ford Street, Suite 201
Redlands, CA 92373
(909) 307-9380
(909) 793-0210 – Fax
jpferraris@homan-stone.com
jmushet@homan-stone.com
dkieler@homan-stone.com

Attorneys for Defendant City of Hesperia

## STIPULATION

It is hereby stipulated by and between the parties, through their respective counsel, and subject to approval of this Court, that all remaining deadlines should be continued and/or specified as follows:

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Fact Discovery Cut-Off | May 9, 2022 | September 27, 2022 |
| Initial Expert Exchange | March 2, 2022 | August 4, 2022 |
| Rebuttal Expert Exchange | March 23, 2022 | August 25, 2022 |
| Expert Cut-off | June 13, 2022 | November 15, 2022 |

2

| Event | Previous Deadline | New Deadline |
|---|---|---|
| Motions for Summary Judgment[1] | May 13, 2022 | December 2, 2022 |
| Opposition(s) to Motion(s) for Summary Judgment | May 27, 2022 | January 20, 2023 |
| Replies to Motion(s) for Summary Judgment | June 3, 2022 | February 3, 2023 |
| Motion Hearing Cut-Off | June 17, 2022 | February 17, 2023 |
| ADR Cut-Off | October 15, 2021 | November 23, 2022 |
| Trial Filings (first round) | August 12, 2022 | April 3, 2023 |
| Trial Filings (second round) | August 19, 2022 | April 10, 2023 |
| Final Pre-Trial Conference | September 2, 2022 | May 8, 2023 |
| Trial Date Trial Estimate 10-15 days | September 20, 2022 8:30 a.m. | May 30, 2023 8:30 a.m. |

Good cause exists to grant this stipulation:

1. The United States filed this action on December 2, 2019. ECF No 1. Defendants answered on January 30, 2020. ECF No. 12. The United States filed an amended complaint with leave of the Court on September 10, 2020. ECF No. 30. Defendants answered the amended complaint on September 24, 2020. ECF Nos. 32, 33.

2. The Court issued a Scheduling Order in this action on June 3, 2020. ECF No. 26. At the request of the parties, the Court has amended its Scheduling Order twice, most recently in July 2021. *See* ECF No. 55; *see also* ECF No. 40. The current deadline for the close of fact discovery is May 9, 2022, and the trial date currently is September 20, 2022. ECF No. 55 at 3.

3. The parties seek this extension for good cause, including because of the

---

[1] Although the current Scheduling Order in this case does not specify deadlines for filing motions for summary judgment and related filings, the parties agree and request that the Court specify such deadlines in this case to provide clarity. *See also* ¶ 17, *infra* (explaining the need for deviating from the Court's typical timeframes in this complex, multi-party case).

1 disqualification of prior counsel for all Defendants and the effects that process and

2 substitution of counsel has had and continues to have on the discovery process and other

3 aspects of this case, as well as issues relating to the COVID-19 pandemic. *See*

4 Declaration of Christopher D. Belen ("Decl.") ¶ 2. Defendants' counsel, including for

5 the City who joined this case more recently, are getting up to speed and attempting to

6 address the multiple discovery issues that were pending before or at the time of the

7 substitution of counsel in this complex case. *See id.* ¶¶ 5-35. Recent developments make

8 it clear to the parties that the current schedule will not be sufficient—for example, to

9 complete adequate discovery before expert reports are due—as a result of some of the

10 challenges in this case in the past.

11       4.      Discovery in this case was slowed by the events that led to the Court's June

12 17, 2021, Order on the United States' Motion to Compel, ECF No. 48. *See also* ECF

13 Nos. 43-1 and 43-2 (Joint Stipulation Re Plaintiff United States' Motion to Compel and

14 the Declaration in support); ECF No. 50 (parties' Stipulation seeking an extension of

15 deadlines and recounting discovery efforts and meet-and-confer process). The Court

16 ordered Defendants to take several actions in order to allow the discovery process to

17 move forward. ECF No. 48. A few weeks later, the United States filed a Stipulation to

18 File Supplemental Complaint based on ordinances enacted by the City during this

19 litigation, ECF No. 49, which the Court granted on July 21, 2021, ECF No. 53.

20       5.      After the Court's June 17, 2021 Order directing Defendants to complete

21 several forms of discovery, the parties asked this Court on July 14, 2021, to extend the

22 discovery deadlines. ECF No. 50. As stated then, the pending discovery disputes were

23 preventing the United States from moving forward with several aspects of discovery

24 relevant to the claims and defenses in the case, including depositions and providing

25 information to potential expert witnesses. *Id.* The extension requested at the time was

26 necessary, in part, in order for the Court's June 17, 2021 Order to have its full effect: to

27 give Defendants time to comply with the Order and to allow sufficient time for

28 depositions and follow-up discovery after the Defendants complied. *Id.* The extension

1   also was based on the Defendants' desire to begin taking depositions of individuals the

2   United States identified as aggrieved persons, which, at the time, the parties were

3   aiming to schedule on dates in July through September 2021. *Id.* at 7 n.8.

4        6.        But the schedule in this case changed dramatically shortly thereafter when

5   prior defense counsel's conflict of interest was not quickly resolved. Approximately

6   two weeks after the Court's June 17, 2021 Order, counsel for all three Defendants

7   notified two of their clients—Defendants County of San Bernardino and Defendant San

8   Bernardino County Sheriff's Department (collectively, "County Defendants")—that

9   counsel had a conflict of interest necessitating counsel's withdrawal from continuing to

10  represent County Defendants. *See* ECF No. 51, 63; *see also* Decl. ¶ 3. This conflict of

11  interest also resulted in a Motion to Disqualify the same firm from continuing to

12  represent Defendant City of Hesperia, filed on August 18, 2021, ECF No. 63, and a

13  formal stay of depositions, ECF No. 70 at 3. The circumstances also resulted in an

14  informal and effective stay of other discovery while prior counsel attempted to secure

15  replacement counsel for the City, *see, e.g.,* ECF Nos. 66 and 72, and while then-new

16  counsel for the County Defendants began to get up to speed and began facilitating the

17  County Defendants' efforts to comply with the Court's June 17, 2021 Order, *see* Decl.

18  ¶¶ 6, 8-9. The Court granted the Motion to Disqualify on September 16, 2021, directing

19  the City to have new counsel enter an appearance by October 26, 2021. ECF No. 75.

20       7.        Prior to substitution of counsel for the City, the parties exchanged

21  settlement communications and participated in the October 14, 2021, settlement

22  conference. ECF No. 81.

23       8.        The substitution of counsel for the City was filed on October 27, 2021,

24  finally replacing counsel who had represented all three Defendants throughout this

25  litigation and a preceding HUD investigation. ECF No. 82; *see also* ECF No. 85

26  (amended request to withdraw and substitute counsel). Thus, while the parties' July

27  2021 request for a discovery extension noted prior counsel for Defendants' conflict of

28  interest, which had just come to light, *see* ECF No. 50 at 7 n.6, there was no indication

then that the resolution would cause much, if any, delay, nor that replacing counsel for the City and resuming discovery would not occur until the end of October or that the substitution would have lingering effects. *See, e.g.*, Decl. ¶¶ 3-23, 28-29, 31-32, 34-35.

9.      The unexpected transfer of multi-party representation, mid-stream in ongoing discovery in this complex case was not accomplished seamlessly. Current counsel for the Defendants have needed time to gather information from prior counsel and their clients and be able to facilitate production of information or serve responses to pending discovery requests or other pending issues. *Id.* ¶¶ 6, 8-9, 14-15, 17-21, 24, 28-29, 31-32, 34-35. Counsel for the Defendants, and more recently counsel for the City in particular, have requested several extensions from the United States. *See id.* ¶¶ 6, 8, 14-15, 17-19, 21, 26, 29.

10.      But the delays have had a real impact. For example, after several extensions of the City's deadline to respond to a set of document requests served by the United States on September 16, 2021, the United States and the City are still working together to accomplish the City's production of a complete and usable set of the responsive documents. *Id.* ¶¶ 14, 17-18, 20, 22-27. The most recent attempted production occurred on January 21, 2022, and data from that production is being reviewed and processed by the United States to determine if the prior technical issues have been resolved. *Id.* ¶ 27. On January 13, 2022, the parties had to adjourn the deposition of a witness, Melinda Sayre, when it became apparent that documents relevant to the witness' testimony had not yet been produced to the United States in a usable format and had not yet been produced to County Defendants in any format. *Id.* ¶ 33. On December 30, 2021, the United States took the deposition of Linda Bell, a witness identified by Defendants in response to the United States' Interrogatory No. 4, which asked for the identities of persons with knowledge relating to the basis of information presented to the City as part of the City's enactment of the 2015 crime-free rental housing ordinance. *Id.* ¶ 32; *see* ECF No. 48 at 16-19, 21 (Court's Order, addressing this aspect of the Motion to Compel). Unfortunately, Ms. Bell's deposition

testimony about her role and the scope of her knowledge did not resolve that issue. *Id.* Her deposition testimony and the Defendants' supplemental responses to Interrogatory No. 4 indicate that yet more discovery about that critically relevant issue likely will still be needed. Decl. ¶ 32. In addition, the United States is currently reviewing the City's recent, December 20, 2021 responses to the United States' Requests for Admissions, and, based on an initial review, it appears that the parties may need to engage in the Local Rule 37-1 process in connection with at least some of the responses. *Id.* ¶ 24.

11.   The efforts of counsel for the Defendants to get up to speed and to address pending discovery issues were initially affected by the process of receiving and processing the voluminous files from prior counsel. *E.g.*, *id.* ¶ 15. More recently, the City's counsel's efforts have been hampered, in part, by unfortunate circumstances affecting their client. *Id.* ¶ 28. On January 14, 2022, the City's counsel reported to the United States that, around the Thanksgiving holiday, the City apparently experienced a cybersecurity incident or technological failure that prevented City personnel's use of email, telephone, and facsimile. *Id.* In addition, on January 14, 2022, the City's counsel reported to the United States that, due to a COVID-19 outbreak among staff, there was at least a partial shutdown of some operations, which apparently affected counsel's ability to gather key information relating to pending issues. *Id.*

12.   As a result of these and other challenges, on January 14, 2022, the United States and the City met and conferred to try to prioritize and address the pending discovery issues. *Id.* ¶¶ 26-29. In addition, the City requested a further one-month extension—which the United States granted—to update its Rule 26(a) disclosures and its responses to Interrogatories to provide sufficient detail about the role and knowledge of potential witnesses. *Id.*at ¶ 29. During that call, the City also indicated that it is in the process of supplementing its responses and productions regarding the United States' requests for production. *Id.* The United States awaits this important information, including so that depositions can be scheduled and taken in an efficient and productive manner. *See id.* ¶ 34.

13.     The parties acknowledge that additional fact discovery must be completed before any experts they retain will have the data needed to perform full and accurate analyses related to the claims and defenses in this action. *Id.* ¶ 35. Thus, in light of the current state of discovery, the current March 2, 2022, deadline for disclosure of experts and expert reports poses a significant problem to the just resolution of the claims and defenses in this case. Along with other aspects of discovery, scheduling and conducting depositions has been, and the parties anticipate that it will continue to be, more difficult due to the COVID-19 pandemic. *See, e.g.*, *id.* ¶ 28.

14.     In sum, the parties have been unable to make substantial progress in conducting discovery over the last several months. This substantial delay is why the parties propose a timeframe that pushes back most dates by several months.

15.     The parties also seek this extension because of the current status of settlement discussions. The parties have had fruitful discussions on components of a settlement. *Id.* ¶ 36. Additional time to continue those discussions, as the parties also conduct discovery informing potential settlement, will assist the parties in moving the case forward. *Id.*

16.     In light of past delays, logistical challenges, and anticipated future delays caused by the ongoing COVID-19 pandemic, in order to enable the parties to continue working collaboratively to resolve ongoing discovery disputes, and to continue to pursue constructive settlement discussions, the parties agree and respectfully submit to the Court that extending all pending litigation and discovery dates in this action is warranted. *See id.* ¶ 39.

17.     Because of the complexity of this case, which is similar to a class-action suit if brought by private litigants, the parties propose deviating from the Court's typical timeframes that are calculated backward in time from the final pretrial conference. *See* ECF No. 26 at 3 (worksheet outlining typical timeframes); *id.* n.1 (noting that "[c]lass actions and parent and ERISA cases in particular may need to vary from" those timeframes). Among other things, the parties propose (1) additional time between the

1   close of fact and expert discovery and the filing of motions for summary judgment,

2   (2) additional time to prepare oppositions to motions for summary judgment, and

3   (3) additional time between the filing of motions for summary judgment and the filing

4   of trial briefs. The parties acknowledge the complexity of the case and propose

5   providing both the litigants and the Court sufficient time to resolve issues and claims

6   prior to the expenditure of additional time and resources.

7         18.    This is the third continuance the parties have sought in this matter

8   pertaining to discovery, pre-trial, and trial deadlines. Decl. ¶ 40. The Court granted the

9   two prior requests. *Id.*

10         19.    The parties agree that no prejudice will result if the Court grants the

11   stipulated extension. *Id.* ¶ 41. The stipulated extension is not sought for any improper

12   purpose, or to cause unnecessary delay. *Id.*

13         Accordingly, the parties respectfully request that the Court grant this stipulation

14   and continue the deadlines as outlined above.

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

SO STIPULATED AND AGREED BY:

Dated: January 26, 2022

TRACY L. WILKISON
United States Attorney
Central District of California

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

SAMEENA SHINA MAJEED
Chief, Housing and Civil
Enforcement Section

KAREN P. RUCKERT
Assistant United States Attorney
Chief, Civil Rights Section, Civil Division

R. TAMAR HAGLER
Deputy Chief, Housing and Civil
Enforcement Section

/s/ Katherine M. Hikida
KATHERINE M. HIKIDA*
Assistant United States Attorney
Civil Rights Section, Civil Division
United States Department of Justice

 /s/ John R. Fowler
AURORA BRYANT
CHRISTOPHER B. BELEN
ABIGAIL A. NURSE
JOHN R. FOWLER
Civil Rights Division
Housing and Civil Enforcement Section

* I, Katherine M. Hikida, hereby attest
that all other signatories listed, and on
whose behalf the filing is submitted,
concur in the filing's content and
have authorized the filing.

ANNA MEDINA
Acting Deputy Chief, Federal Coordination
and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and Compliance Section

*Attorneys for the United States of America*

//
//
//
//
//
//
//
//
//
//
//

10

Dated: January 26, 2022

LYNBERG & WATKINS
A Professional Corporation

/s/ Shannon L. Gustafson
SHANNON L. GUSTAFSON
AMY R. MARGOLIES

*Attorneys for Defendants County of San Bernardino and San Bernardino County Sheriff's Department*

Dated: January 26, 2022

HOMAN, STONE & ROSSI

/s/ J. Pat Ferraris
J. PAT FERRARIS, ESQ.
JULIET K. MUSHET, ESQ.
DANIELLE KIELER, ESQ.

*Attorneys for Defendant City of Hesperia*

11