STAY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>             Plaintiff,<br>                    v.<br>CITY OF HESPERIA, et al.,<br>             Defendants. | Case No. 5:19-cv-02298 AB (SPx)<br><br>CONSENT ORDER<br><br>Honorable André Birotte Jr.<br>United States District Judge |

## I.  Introduction

1.      This Consent Order ("Order") resolves all allegations contained in the United States' Supplemental Complaint  (ECF No. 54), specifically: (1) that Defendants City of Hesperia ("City"), County of San Bernardino ("County") and San Bernardino County Sheriff's Department ("Sheriff's Department") (collectively "Defendants"), violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631, by engaging in a pattern or practice of discrimination on the basis of race or national origin through the enactment and enforcement of a "crime-free" rental housing program ("Crime-Free Rental Housing Program"), with the intent, effect, and impact of driving African-American and Hispanic or Latinx ("Latinx") residents out of Hesperia; and (2) that, through this conduct, the City violated Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. §§ 2000d-2000d7; the Title VI implementing regulation issued by the United States Department of

Housing and Urban Development ("HUD"), 24 C.F.R. Part 1; and the City's Title VI contractual assurances.

2. Defendants deny the United States' allegations. By agreeing to entry of this Consent Order, Defendants do not admit any liability.

3. In November 2015, the City created the Crime-Free Rental Housing Program, requiring rental property owners to: (1) register their properties with the City and pay an annual fee; (2) conduct a criminal background check of prospective adult tenants and submit the names of prospective adult tenants to the Sheriff's Department for background screening; (3) include a "Crime-Free Lease Addendum" in all new and renewed residential leases, stating that any criminal activity "on or near" the rental property would result in an eviction notice for all household tenants, regardless of whether the alleged criminal activity resulted in an arrest or conviction; and (4) submit to annual inspections of rental properties and correct any perceived risks related to potential criminal activity. The Crime-Free Rental Housing Program imposed fines for property owners who failed to meet these requirements. The Program went into effect on January 1, 2016. In 2017, the City amended the Crime-Free Rental Housing Program by removing the mandatory nature of certain requirements.

4. The United States alleges that Defendant Sheriff's Department, a law enforcement agency that is part of Defendant County (collectively "County Defendants"), assisted in the creation of the Crime-Free Rental Housing Program, and was tasked by the City with its enforcement pursuant to a contractual agreement between Defendant City and Defendant County for the provision of local police services to the City by the Sheriff's Department. The United States alleges that the Sheriff's Department determined that tenants should be evicted under the Crime-Free Rental Housing Program, even where there was no arrest or conviction, and pressured property owners to evict tenants.

5. The United States alleges that statements by City and Sheriff's Department

officials indicate that the Crime-Free Rental Housing Program was enacted with the discriminatory intent of evicting and deterring African-American and Latinx renters from living in Hesperia. Additionally, the United States alleges that, as a result of the enforcement of the Crime-Free Rental Housing Program, African-American and Latinx renters were evicted at disproportionately high rates when compared to non-Hispanic white renters in Hesperia.

6. In 2021, the City enacted an ordinance requiring any property owner renting or intending to rent residential property within the City to obtain business licenses ("Business License Ordinance"). The United States alleges that the Business License Ordinance requires such persons to pay annual fees described during public comment as "exorbitant," and submit to annual property inspections. The City was permitted to withhold a business license if a rental property owner or landlord did not register their property in the Crime-Free Rental Housing Program.

7. The City amended this ordinance in June 2022 to provide an option for self-certification inspections. The City represents that these self-certifications have lower fees than full inspections.

8. Defendant City is a recipient of federal financial assistance from HUD. As a condition of receiving federal financial assistance, the City certified that it agreed to comply with all requirements imposed by Title VI and HUD's regulation implementing Title VI, which prohibit discrimination on the grounds of race or national origin in any of a grant recipient or subrecipient's operations.

9. On June 2, 2016, HUD's Assistant Secretary for Fair Housing and Equal Opportunity filed a complaint with HUD against the City under 42 U.S.C. § 3610(a)(1)(A)(iii), alleging violations of the Fair Housing Act and Title VI and, on November 17, 2016, filed a First Amended Complaint adding the County and Sheriff's Department as respondents. On October 16, 2019, after completing its investigation, HUD charged Defendants with unlawful discrimination in violation of the Fair Housing

3

Act. On November 1, 2019, the City elected to have the case heard in a civil action, and the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o). On February 27, 2020, HUD notified the City that it had failed to comply with Title VI and its implementing regulation. On April 9, 2020, HUD concluded that it was unable to resolve the Title VI allegations voluntarily and therefore referred the Title VI matter to the United States Department of Justice for enforcement, pursuant to 24 C.F.R. § 1.8(a) and 28 C.F.R. § 50.3.

## II.  Jurisdiction

10.    The United States and Defendants (collectively "Parties") agree that the Court has jurisdiction over this action, and may grant the relief sought herein, under 28 U.S.C. §§ 1331 and 1345, 42 U.S.C. §§ 3612(o), 3614(a), 2000d to 2000d-7, 24 C.F.R. § 1.8(a), 28 C.F.R. § 42.108, and 28 U.S.C. §§ 2201 and 2202.  The Court agrees that it has jurisdiction over this action.

Accordingly, it is hereby ORDERED:

**A.  <u>Consent Order Terms Applying to Defendant County of San Bernardino and Defendant San Bernardino County Sheriff's Department</u>**

### III.       General Injunction and Nondiscrimination Provision

11.    The San Bernardino County Sheriff's Department, its agents, employees, and all persons acting for or with them, will not:

a.      Discriminate in the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person, in violation of the Fair Housing Act;

b.      Discriminate in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, in violation of the Fair Housing Act;

c.      Adopt, maintain, enforce, or implement any laws, regulations, policies, procedures or practices that discriminate, in violation of the Fair Housing Act; or

4

d.      Interfere with or retaliate against any person in the exercise or enjoyment of, or on account of any person exercising or enjoying, or aiding or encouraging another person in exercising or enjoying, any right protected by the Fair Housing Act.

### IV.  Nonenforcement of the Crime-Free Ordinance

12.    The Sheriff's Department will immediately cease enforcing Hesperia's Crime-Free Rental Housing Program and cease performing any activities under Hesperia's Crime-Free Rental Housing Program, including screening of applicants for rental housing in the City of Hesperia.

13.    Within 30 days of the effective date of this Order, the Sheriff's Department will notify, in writing, all of its agents, employees, and anyone acting for or with them related to the County's contract with the City for the provision of local police services to the City by the Sheriff's Department, that they are no longer enforcing Hesperia's Crime-Free Rental Housing Program or performing any activities under it.

14.    Within 30 days of the effective date of this Order, the Sheriff's Department will post and publicly display a written statement, in both English and Spanish, stating that discrimination in housing is illegal and that, in accordance with fair housing laws, they do not discriminate and that they are no longer enforcing Hesperia's Crime-Free Rental Housing Program or screening applications for rental housing. The statements will appear on the Sheriff's Department's websites in an accessible electronic format[1] that is easily accessed, including on the home page of the Sheriff's Department's "Crime-Free Multi-Housing" website,[2] and the Hesperia Patrol Station website[3]; as well

---

[1] An accessible electronic format (e.g., HTML or MS Word—not PDF) means a format that allows for increasing font size in a word processor or web browser that can be recognized and read by software commonly used by individuals who are blind or have low vision to read digital information.

[2] Available at: https://wp.sbcounty.gov/sheriff/divisions/public-affairs/crime-free-multi-housing/.

[3] Available at: https://wp.sbcounty.gov/sheriff/patrol-stations/hesperia/.

as at locations in the Hesperia Patrol Station in which legal notices, announcements, or vacancies are posted. The statements will include, or provide links to, an "Equal Housing Opportunity" statement, in English and Spanish. Defendants may use HUD Form 928, available in English at:

https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf, and in Spanish at: https://www.hud.gov/sites/documents/FHEOPOSTER928SPANISH.PDF. The statements will remain posted for the duration of the Order.

15.     Within 30 days of the effective date of this Order, the Sheriff's Department will notify all rental housing business owners and landlords with residential properties in Hesperia, and all property management companies conducting business in Hesperia, that are currently or were previously registered with Hesperia's Crime-Free Rental Housing Program or that currently have properties registered in the City of Hesperia through the County's Crime-Free Multi-Housing Program, that the Sheriff's Department is no longer enforcing Hesperia's Crime-Free Rental Housing Program by sending the letter appearing at Attachment A and including a copy of HUD's 2016 Office of General Counsel Guidance on Application of Fair Housing Act standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions.[4] The letter includes statements indicating that rental housing business owners, landlords, and property management companies are not required to conduct criminal background checks of current or prospective tenants or required to include any lease terms or addenda related to crime, and that they should seek to vacate and seal the eviction records of any former tenant, including those identified by the Department of Justice as Aggrieved Persons, whose eviction was related to Hesperia's Crime-Free Rental Housing Program and take steps to repair any resulting damage on former tenants' credit reports. The Sheriff's Department will send this information to all addresses they have on file, including to physical addresses and email addresses, for rental housing business

---

[4] Available at:
https://www.hud.gov/sites/documents/HUD_OGCGUIDAPPFHASTANDCR.PDF.

owners and landlords with residential rental properties in Hesperia, and property management companies conducting business in Hesperia that are currently or were previously registered with Hesperia's Crime-Free Rental Housing Program or that currently have properties registered in the City of Hesperia through the County's Crime-Free Multi-Housing Program.

## V.   Future Policies and Procedures Related to Housing

16.    At least 30 days prior to its proposed adoption, the Sheriff's Department will submit to the United States for prior review and approval any Sheriff's Department policy or procedure under consideration that relates to rental housing in Hesperia or that may affect the availability of rental housing in Hesperia. Any such policy or procedure must be based on data or other empirical analysis showing the need for the enactment, be narrowly tailored to meet the stated goal, and include a process to measure its effectiveness. Upon the United States' request, the Sheriff's Department will provide all studies and analyses performed concerning the proposed policy or procedure.

## VI.  Sheriff's Department's Civil Rights Coordinator

17.    Within 60 days of the effective date of this Order, the Sheriff's Department will designate or hire a Civil Rights Coordinator ("Sheriff's Department's Civil Rights Coordinator"), approved in advance by the United States as described below in Paragraph 18. The Sheriff's Department's Civil Rights Coordinator will be responsible for ensuring compliance with this Order, and for receiving, reviewing, managing, and responding to civil rights complaints related to housing that arise from, or are related to, the actions of the Sheriff's Department. Their contact information will be listed on the Sheriff's Department websites in a readily accessible location. The individual serving as the Sheriff's Department's Civil Rights Coordinator may be changed only with prior approval of the United States.

18.    Within 30 days of the effective date of this Order, the Sheriff's Department will inform the United States of its preferred candidate for the position of the Sheriff's

Department's Civil Rights Coordinator and provide their resume, including contact information, to the United States. The United States will respond with any objections to the proposed County Civil Rights Coordinator within 15 days of receipt of this information from County Defendants. If the United States does not approve the proposed Sheriff's Department's Civil Rights Coordinator, the County Defendants and the United States will follow the process outlined in Paragraph 107.

## VII. Sheriff's Department Nondiscrimination Policy and Complaint Procedure

19.    Within 120 days of the effective date of this Order, the Defendant Sheriff's Department will adopt a written Nondiscrimination Policy and Complaint Procedure ("Sheriff's Department Nondiscrimination Policy and Complaint Procedure"), available in English and Spanish and approved in advance by the United States as described below in Paragraph 20. The Sheriff's Department Nondiscrimination Policy and Complaint Procedure will be developed in conjunction with the Sheriff's Department's Civil Rights Coordinator, will prohibit discrimination related to housing, and will include a formal complaint procedure. The Sheriff's Department Nondiscrimination Policy and Complaint Procedure may not be modified, unless the modification has been approved in advance by the United States.

20.    Within 90 days of the effective date of this Order, the Sheriff's Department will, through its Civil Rights Coordinator, submit the proposed Sheriff's Department Nondiscrimination Policy and Complaint Procedure to the United States for approval. The Sheriff's Department will cooperate with the United States' review of the Sheriff's Department Nondiscrimination Policy and Complaint Procedure and the Sheriff's Department and the United States will work in good faith to reach agreement on its language. When the United States has approved the Sheriff's Department Nondiscrimination Policy and Complaint Procedure in English, the Sheriff's

Department will translate it into Spanish by a certified or licensed professional translator and submit the Spanish language translation to the United States for approval.

21.     The Sheriff's Department Nondiscrimination Policy and Complaint Procedure must designate the Sheriff's Department's Civil Rights Coordinator to receive and review all complaints of discrimination related to housing made against the Sheriff's Department or any of its agents, employees, or anyone acting for or with them. If the complaint is made verbally, the Sheriff's Department's Civil Rights Coordinator or their designee will ask the complainant to file a written complaint or, if that is not possible or the complainant requires assistance, the Sheriff's Department's Civil Rights Coordinator or their designee will make a written record of the complaint or assist the complainant in doing so. Any complaint made to the Sheriff's Department related to housing will be directed to the Sheriff's Department's Civil Rights Coordinator and subject to this complaint process.

22.     The Sheriff's Department Nondiscrimination Policy and Complaint Procedure must provide contact information for the Sheriff's Department's Civil Rights Coordinator and provide the website address for HUD's information about making a complaint: https://www.hud.gov/program_offices/fair_housing_equal_opp/online-complaint.

23.     Within 130 days of the effective date of this Order, the Sheriff's Department will post and publicly display its Nondiscrimination Policy and Complaint Procedure, in English and Spanish on Defendant Sheriff's Department's websites, including the "Crime-Free Multi-Housing" website and the Hesperia Patrol Station website described above, in an accessible electronic format that is easily accessed; as well as locations in the Hesperia Patrol Station in which legal notices, announcements, or vacancies are posted. The Sheriff's Department Nondiscrimination Policy and Complaint Procedure will remain posted and publicly displayed in these locations for the duration of the Order.

24.     The Sheriff's Department's Civil Rights Coordinator will maintain copies of this Order, the Sheriff's Department Nondiscrimination Policy and Complaint Procedure in English and in Spanish, and the HUD complaint form entitled "Are you a victim of housing discrimination?" in English and in Spanish,[5] and make these materials freely available to anyone, upon request and without charge, including any person making a complaint.

## VIII. Fair Housing Training

25.     Within 120 days of the effective date of this Order, and at least annually thereafter, the Sheriff's Department will provide training(s) on: (1) the Fair Housing Act, with a particular focus on discrimination on the basis of race and national origin and nondiscrimination in government policies and programs; (2) the requirements of this Order; and (3) the Sheriff's Department Nondiscrimination Policy and Complaint Procedure described in Section VII. The training(s) will be in-person, delivered either face-to-face or via video conferencing with synchronous instruction. The training(s) will be conducted by an independent, qualified third party, approved in advance by the United States as described below in Paragraph 27 and not associated with any Defendant or their counsel. The training(s) will be video recorded.

26.     The training(s) will be provided annually to: (1) all Sheriff's Department employees or agents assigned to the Hesperia Patrol Station or who are assigned to, or supervise employees or agents assigned to, the Sheriff's Department's Crime-Free Multi-Housing program; (2) at least one attorney within the County Counsel's office; and (3) the Sheriff's Department's Civil Rights Coordinator.

27.     At least 30 days prior to the proposed training date(s), the Sheriff's Department will submit to the United States the name(s) of the person(s) or

---

[5] The English version is available here:
https://www.hud.gov/sites/documents/DOC_12150.PDF
        The Spanish version is available here:
https://www.hud.gov/sites/documents/DOC_12153.PDF

organization(s) proposed to provide the training, together with their contact information and copies of their professional qualifications, a substantive outline of the content of the training, and any materials that will be used for the training, including any handouts and slides. The United States will respond with any objections to the proposed training within 15 days of receipt of this information from the Sheriff's Department. If the United States does not approve the proposed training, the Sheriff's Department and the United States will follow the process outlined in Paragraph 107.

28.     Each newly-hired individual covered by the training requirements will first receive training within 30 days of the date they begin employment, either by attending the next regularly scheduled annual live training if it occurs within the 30-day period or by viewing the video recording of the most recent live training and receiving copies of any written materials provided for that training.

29.     As part of the training(s), the Sheriff's Department will provide a copy of this Order, the Sheriff's Department Nondiscrimination Policy and Complaint Procedure described in Section VII, and the text of the Fair Housing Act to each person trained.

30.     The Sheriff's Department will require each trainee to execute a Certification of Training, Attachment B, confirming their attendance and receipt of materials, and the date of the training(s). All trainees will complete the certifications at the conclusion of each training session.

31.     The Sheriff's Department will be responsible for any expenses associated with these trainings.

## IX.  Community Partnerships and Marketing

32.     The Sheriff's Department will partner with at least five community-based organizations that are significantly involved in promoting fair housing or otherwise advocating for the well-being of African-American and Latinx residents and communities in and around Hesperia, which may include community service organizations, legal services organizations, organizations serving immigrant populations,

fair housing organizations, civil rights organizations, and other similar groups and organizations, to strengthen relationships between the Sheriff's Department, County, and community, and to facilitate the promotion of fair housing in and around Hesperia. These partnerships will be in addition to any partnerships the Sheriff's Department has established as of the date of this Order. The Sheriff's Department will develop these partnerships in a manner consistent with achieving the goals of the Order. Through these partnerships, the Sheriff's Department will spend a minimum of $10,000 annually, in addition to funds the Sheriff's Department currently spends, if any, on activities that promote fair housing in Hesperia or the County, which may include outreach, trainings, workshops, community meetings related to fair housing, distribution of materials related to fair housing at community events, meetings with these organizations, and other relationship-building activities with these organizations.

33.     Within 180 days of the effective date of the Order, the Sheriff's Department will submit a proposal to the United States describing how they will implement the requirements of Paragraph 32. The proposal will include an explanation of the Sheriff's Department's proposed partner(s) and details relating to the scope of the proposed partnerships. The proposal will be subject to the approval of the United States. The United States will respond with any objections to the proposal within 15 days of receipt of this information from the Sheriff's Department. If the United States does not approve the proposal, the Sheriff's Department and the United States will follow the process outlined in Paragraph 107.

34.     The Sheriff's Department will evaluate the partnerships outlined in Paragraph 32 annually, in order to identify any needed changes to the partnerships or better promote strong relationships between the Sheriff's Department, County, and community, or promote fair housing in and around Hesperia. Any proposed changes to the Sheriff's Department's partnerships will be subject to the approval of the United States.

35.     The Sheriff's Department will engage in an affirmative marketing plan to promote fair housing in Hesperia, to encourage the development of housing opportunities in Hesperia, and to emphasize that all housing in Hesperia is available and accessible to all individuals regardless of race or national origin, with a focus on African-American and Latinx communities. The Sheriff's Department will spend at least $5,000 annually, in addition to funds the Sheriff's Department spends as of the date of this Order, if any, on this marketing. Between 30 and 50 percent of the marketing funds will be spent on Spanish-language marketing to the Latinx community.

36.     Within 180 days of the effective date of the Order, the Sheriff's Department will submit a proposal to the United States describing how they will implement the requirements of Paragraph 35. The proposal will be subject to the approval of the United States. The United States will respond with any objections to the proposal within 15 days of receipt of this information from the Sheriff's Department. If the United States does not approve the proposal, the Sheriff's Department and the United States will follow the process outlined in Paragraph 107.

37.     The Sheriff's Department will evaluate the marketing plan outlined in Paragraph 35 annually, in order to identify any needed changes to the plan or better promote fair housing in Hesperia, encourage the development of housing opportunities in Hesperia, and emphasize that all housing in Hesperia is available and accessible to all individuals regardless of race or national origin. Any proposed changes to the Sheriff's Department's partnerships will be subject to the approval of the United States.

## X.   Monetary Payments

38.     Within 30 days of the effective date of this Order, County Defendants will deposit in an interest-bearing escrow account $370,000, for the sole purpose of compensating Aggrieved Persons. This money, combined with the City's contribution, described in paragraph 82, will be referred to as "the Settlement Fund," and will be administered as described in Section XXVI.

39.     Within 30 days of the effective date of this Order, County Defendants will pay $50,000 to the United States pursuant to 42 U.S.C. § 3614(d)(1)(C). The payment will be in the form of an electronic fund transfer in accordance with written instructions to be provided by the United States.

## XI.  Reporting to the United States

40.     Within 90 days of the effective date of this Order, the Sheriff's Department will submit proof to the United States that they have ceased enforcing and performing any activities under the Crime-Free Rental Housing Program, and made all the required notifications, in accordance with Section IV.

41.     Within 15 days of making their contribution to the Settlement Fund, County Defendants will submit proof to the United States that the account has been established, that it is an interest-bearing account, and that the funds were deposited.

42.     The Sheriff's Department will provide to the United States[6] notification and documentation of the following events no later than 10 days after they occur:

a.     Any proposed change to the Sheriff's Department's Civil Rights Coordinator, in accordance with Paragraph 17;

b.     Any proposed change to the Sheriff's Department Nondiscrimination Policy and Complaint Procedure, in accordance with Paragraph 19;

c.     Any information indicating that the Sheriff's Department, or any of its agents, employees, or any person acting for or with them, may be in violation of this Order or the Fair Housing Act; and

d.     Any complaint relating to housing against the Sheriff's Department, or any of its agents, employees, or any person acting for or with it, regarding discrimination, harassment, retaliation, or other violation of this Order, including any complaints made under the Sheriff's Department Nondiscrimination Policy and

---

[6] All documents or other communications required by the Order will be sent by email to John Fowler at john.fowler@usdoj.gov, or as otherwise directed by the United States.

14

Complaint Procedure. Notification will include a copy of the complaint. The Sheriff's Department will also provide the United States all information it may request concerning any complaints, and will inform the United States of any resolution within 15 days of reaching any such resolution.

43.     Within 180 days of the entry of this Order and every six months thereafter, the Sheriff's Department will deliver to the United States a compliance report containing information about Sheriff's Department's compliance with the terms of this Order during the preceding reporting period, including[7]:

a.     Confirmation that the Sheriff's Department has submitted to the United States any Sheriff's Department policy or procedure under consideration that relates to rental housing in Hesperia or that may affect the availability of rental housing in Hesperia, in accordance with Paragraph 16;

b.     Copies of the Sheriff's Department Nondiscrimination Policy and Complaint Procedure and certification that it has been implemented and is in effect, in accordance with Section VII;

c.     Certification that the Sheriff's Department has published on the required websites a written statement that they are no longer enforcing Hesperia's Crime-Free Rental Housing Program, in accordance with Paragraph 14 and the Sheriff's Department Nondiscrimination Policy and Complaint Procedure, in accordance with Paragraph 23, and that this information has remained posted during the reporting period;

d.     Certification that the Sheriff's Department Nondiscrimination Policy and Complaint Procedure has been posted in the required locations in accordance with Paragraph 23 and have remained posted during the reporting period, and photographs of each location where it is posted;

---

[7] If, as discussed above in the applicable sections of this Order, the deadline for implementing one or more provisions of this Order falls after the first reporting deadline, the Sheriff's Department will include the relevant information beginning with the first report to the United States following the implementation deadline.

e.     Certification that all of the Sheriff's Department's employees, including any new employees hired during the reporting period, required to undergo training(s) have attended the required trainings and have received copies of this Order, the Sheriff's Department Nondiscrimination Policy and Complaint Procedure, and the Fair Housing Act, in accordance with Section VIII, and a list including the name and position of each individual required to complete this training;

f.     Copies of all training certifications, in accordance with Paragraph 30;

g.     Certification that all complaints subject to the complaint procedure established by Section VII have been reported to the United States, as required by Paragraph 42;

h.     Summaries of the annual evaluations of County Defendants' community partnerships, as required by Paragraph 34, and County Defendants' marketing plan, as required by Paragraph 37; and

i.     Certification that County Defendants have completed the marketing required by Paragraph 35, including a description of how the marketing funds were spent during the reporting period.

44.     The final report due under the preceding paragraph shall be delivered to the United States no later than 60 days prior to the expiration of this Order.

## XII.  Document Preservation, Production, and Record Keeping

45.     The Sheriff's Department will preserve, and will cause its Civil Rights Coordinator to preserve, all records that are the source of, contain, or relate to any of the information pertinent to their obligations under this Order. Upon reasonable notice, representatives of the United States will be permitted to inspect and copy all such records at any and all reasonable times or, upon request by the United States, the Sheriff's Department will provide copies of such documents.

46.     Upon reasonable notice, the Sheriff's Department will produce or permit the United States to make copies of any rental or tenancy records, or any other records in the

possession, custody, or control of the Sheriff's Department, that the Sheriff's Department has not previously provided and that the United States believes will be useful in identifying persons who may be entitled to relief under this Order, unless such records are protected from disclosure by the laws of the United States of America and/or the State of California, in which case those records will be produced with a CONFIDENTIAL designation and will be treated in accordance with the Protective Order entered by the Court. *See* ECF No. 23.

## XIII. Enforcement

47.     The United States may monitor the Sheriff's Department's compliance with this Order by conducting tests of the complaint process described in Section VII. The Sheriff's Department will cooperate with the United States' monitoring of compliance through such tests.

**B. Consent Order Terms Applying to Defendant City of Hesperia**

### XIV.     General Injunction and Nondiscrimination Provision

48.     Defendant City, its agents, employees, and all persons acting for or with them, will not:

a.     Discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any person, in violation of the Fair Housing Act;

b.     Discriminate in the terms, conditions, or privileges of the sale or rental of a dwelling, or in the provision of services or facilities in connection with a dwelling, in violation of the Fair Housing Act;

c.     Adopt, maintain, enforce, or implement any laws, regulations, policies, procedures or practices that discriminate, in violation of the Fair Housing Act;

d.     Interfere with or retaliate against any person in the exercise or enjoyment of, or on account of any person exercising or enjoying, or aiding or encouraging another person in exercising or enjoying, any right protected by the Fair Housing Act; or

e.     Discriminate as a recipient of federal funding assistance in violation of Title VI.

## XV.  Repeal of the Crime-Free Ordinance

49.     On November 15, 2022, the City repealed the Crime-Free Rental Housing Ordinance as amended in 2017, codified at Chapter 8.20 *et seq.* of the Hesperia Municipal Code prior to repeal. Defendant City ceased enforcing Hesperia's Crime-Free Rental Housing Program, including requesting and inspecting lease agreements, as of this date.

50.     Within 30 days of the effective date of this Order, Defendant City will notify, in writing, all of its agents, employees, and anyone acting for or with them, that the Crime-Free Rental Housing Program is no longer in effect and that registration in the Program is no longer a requirement of registering for the Rental Housing Business License Program.

51.     Within 45 days of the effective date of this Order, Defendant City will remove all requirements related to Hesperia's Crime-Free Rental Housing Program and references to any such requirements in its policies and programs. Defendant City will remove all references related to requesting or inspecting lease agreements, or related to lease agreement compliance with Hesperia's Crime-Free Rental Housing Program, in all written or published materials, including in its "Frequently Asked Questions" section of the City's Rental Housing Business License and Inspection Program website[8] and in its Rental Housing Business License and Inspection Program Checklist,[9] and will remove all references related to Hesperia's Crime-Free Rental Housing Program in all written or published materials, including the question related to Hesperia's Crime-Free Rental Housing Program in its Rental Housing Business License and Inspection Application.[10]

---

[8] Available at: https://www.cityofhesperia.us/1431/Rental-Housing-Business-License-and-Insp.

[9] Available at: http://ca-hesperia.civicplus.com/DocumentCenter/View/16990/Rental-Housing-Business-License-and-Inspection-Program-Checklist?bidId=.

[10] Available at: https://www.cityofhesperia.us/RentalHousingApplication.

52.     Within 30 days of the effective date of this Order, Defendant City will post and publicly display a written statement, in both English and Spanish, stating that discrimination in housing is illegal and that, in accordance with fair housing laws, it does not discriminate and that it is no longer enforcing Hesperia's Crime-Free Rental Housing Program. The statement will appear on Defendant City's website in an accessible electronic format[11] that is easily accessed, including on the home page of the City's Building & Safety Department website,[12] the City's Rental Housing Business License and Inspection Program website,[13] and the Rental Housing Business License and Inspection Application;[14] at the offices of Defendant City in which legal notices, announcements, or vacancies are posted; and at all counters where applications are made or information is provided regarding residential housing. The statements will include, or provide links to, an "Equal Housing Opportunity" statement, in English and Spanish. Defendants may use HUD Form 928, available in English at: https://portal.hud.gov/hudportal/documents/huddoc?id=928.1.pdf, and in Spanish at: https://www.hud.gov/sites/documents/FHEOPOSTER928SPANISH.PDF. The statements will remain posted for the duration of the Order.

53.     Within 45 days of the effective date of this Order, Defendant City will notify all rental housing business owners and landlords with residential rental properties in Hesperia, and all property management companies conducting business in Hesperia, that Hesperia's Crime-Free Rental Housing Program is no longer in effect by sending the letter appearing at Attachment D and including a copy of HUD's 2016 Office of General

---

[11] An accessible electronic format (e.g., HTML or MS Word—not PDF) means a format that allows for increasing font size in a word processor or web browser that can be recognized and read by software commonly used by individuals who are blind or have low vision to read digital information.

[12] Available at: https://www.cityofhesperia.us/92/Building-Safety.

[13] Available at: https://www.cityofhesperia.us/1431/Rental-Housing-Business-License-and-Insp.

[14] If this application is also available in paper copy, the paper copy will also include the statement.

Counsel Guidance on Application of Fair Housing Act Standards to the Use of Criminal Records by Providers of Housing and Real Estate-Related Transactions.[15] The letter includes statements indicating that rental housing business owners, landlords, and property management companies are not required to conduct criminal background checks of current or prospective tenants or required to include any lease terms or addenda related to crime, and that they should seek to vacate and seal the eviction records of any former tenant, including those identified by the Department of Justice as Aggrieved Persons, whose eviction was related to Hesperia's Crime-Free Rental Housing Program and take steps to repair any resulting damage on former tenants' credit reports. Defendant City will send this information to all addresses it has on file, including to physical addresses and email addresses, for rental housing business owners and landlords with residential rental properties in Hesperia, and property management companies conducting business in Hesperia, including to any rental housing business owner, landlord, or property management company associated with a person the United States identifies as an Aggrieved Person who was evicted in relation to Hesperia's Crime-Free Rental Program.

### XVI. Modification of the Rental Housing Business License Ordinance

54.    On June 7, 2022, Defendant City amended the Rental Housing Business License Ordinance, currently codified at Chapter 5.72 *et seq.* of the Hesperia Municipal Code, to reduce certain fees for property owners renting or intending to rent residential properties, including permitting self-certifications for certain property owners in lieu of inspections.

55.    On October 12, 2022, Defendant City amended the fee schedule for rental housing business licenses by reducing the maximum fees charged for license processing (for both new and existing leases) and inspections. These maximum fees now track the fees reflected in the City's "FEE WORKSHEET FOR RENTAL HOUSING BUSINESS

---

[15] Available at: https://www.hud.gov/sites/documents/HUD_OGCGUIDAPPFHASTANDCR.PDF.

LICENSE AND INSPECTION PROGRAM," provided to the United States on August 25, 2022. Defendant City will not raise the maximum fees charged for license processing (for both new and existing leases), inspections, or self-certifications related to rental housing business licenses at a rate that is disproportionate to increases in other fees charged by the City or a rate that is otherwise unreasonable.

56.     On November 15, 2022, Defendant City amended the Rental Housing Business License Ordinance to remove the requirement of registration in Hesperia's Crime-Free Rental Housing Program.

57.     Within 30 days of the effective date of this Order, Defendant City will notify, in writing, all of its agents, employees, and anyone acting for or with them, that the Rental Housing Business License Ordinance, as well as the corresponding fee structure, has been amended to remove the requirement of registration in Hesperia's Crime-Free Rental Housing Program and to reduce certain fees.

58.     Within 30 days of the effective date of this Order, Defendant City will post and publicly display a written statement stating that the fee structure under the Rental Housing Business License Ordinance has changed and posting the current fee structure under the Ordinance. The statement will appear on Defendant City's website in an accessible electronic format that is easily accessed, including on the City's Rental Housing Business License and Inspection Program website and the City's Business Licenses website;[16] at the offices of Defendant City in which legal notices, announcements, or vacancies are posted; and at all counters where applications are made or information is provided regarding residential housing.

## XVII. Current and Future Policies and Procedures Related to Housing

59.     At least 30 days prior to its proposed adoption, Defendant City will submit to the United States for prior review and approval any City ordinance, law, policy or procedure under consideration that relates to rental housing in Hesperia or that may

---

[16] Available at: http://cityofhesperia.us/129/Business-Licenses.

affect the availability of rental housing in Hesperia. Any such policy or procedure must be based on data or other empirical analysis showing the need for the enactment, be narrowly-tailored to meet the stated goal, and include a process to measure its effectiveness. Upon the United States' request, Defendant City will provide all studies and analyses performed concerning the proposed policy or procedure.

60.     Within 15 days of the effective date of this Order, Defendant City will provide the United States copies of all ordinances, laws, policies, and procedures currently in effect related to rental housing or that may have an effect on the availability of rental housing, including all zoning laws concerning the density of residential housing units, as well as all studies and analyses performed concerning all such ordinances, laws, policies, and procedures, in order for the United States to assess their compliance with federal law.

### XVIII.        City Civil Rights Coordinator

61.     Within 60 days of the effective date of this Order, Defendant City will hire or designate a Civil Rights Coordinator ("City Civil Rights Coordinator"), approved by the United States as described below in Paragraph 62. The City Civil Rights Coordinator will be responsible for ensuring compliance with this Order, and for receiving, reviewing, managing, and responding to civil rights complaints related to housing within the City. Their contact information will be listed on Defendant City's website in the same manner as other City employees. The individual serving as the City Civil Rights Coordinator may be changed only with prior approval of the United States.

62.     Within 30 days of the effective date of this Order, Defendant City will inform the United States of its preferred candidate for the position of the City Civil Rights Coordinator and provide their resume, including contact information, to the United States. The United States will respond with any objections to the proposed City Civil Rights Coordinator within 15 days of receipt of this information from Defendant

City. If the United States does not approve the proposed City Civil Rights Coordinator, Defendant City and the United States will follow the process outlined in Paragraph 107.

### XIX. City Nondiscrimination Policy and Complaint Procedure

63.     Within 120 days of the effective date of this Order, Defendant City will adopt a written Nondiscrimination Policy and Complaint Procedure ("City Nondiscrimination Policy and Complaint Procedure"), related to housing or City programs receiving federal funds, available in English and Spanish and approved by the United States as described below in Paragraph 64. The City Nondiscrimination Policy and Complaint Procedure will be developed in conjunction with the City Civil Rights Coordinator and will prohibit discrimination related to housing or in violation of Title VI, and will include a formal complaint procedure. The City Nondiscrimination Policy and Complaint Procedure may not be modified, unless the modification has been approved by the United States.

64.     Within 90 days of the effective date of this Order, Defendant City will, through its Civil Rights Coordinator, submit the proposed City Nondiscrimination Policy and Complaint Procedure to the United States for approval. The City Civil Rights Coordinator will cooperate with the United States' review of the Nondiscrimination Policy and Complaint Procedure and Defendant City and the United States will work in good faith to reach agreement on its language. When the United States has approved the City Nondiscrimination Policy and Complaint Procedure in English, Defendant City will translate it into Spanish by a certified or licensed professional translator and submit the Spanish language translation to the United States for approval.

65.     The City Nondiscrimination Policy and Complaint Procedure must designate the City Civil Rights Coordinator to receive and review all complaints of discrimination related to housing or programs receiving federal funds made against the City or any of its agents, employees, or anyone acting for or with them. If the complaint

is made verbally, the City Civil Rights Coordinator or their designee will ask the complainant to file a written complaint or, if that is not possible or the complainant requires assistance, the City Civil Rights Coordinator or their designee will make a written record of the complaint or assist the complainant in doing so. The City Nondiscrimination Policy and Complaint Procedure must provide contact information for the City Civil Rights Coordinator and provide the website address for HUD's information about making a complaint:

https://www.hud.gov/program_offices/fair_housing_equal_opp/online-complaint

66.     Within 130 days of the effective date of this Order and throughout the Order's term, Defendant City will post and publicly display its Nondiscrimination Policy and Complaint Procedure, in English and Spanish. The City Nondiscrimination Policy and Complaint Procedure will appear on Defendant City's website, including the home page of the City's Building & Safety Department website, the City's Rental Housing Business License and Inspection Program website, and the Rental Housing Business License and Inspection Application[17] described above, as well as the City Planning Department's homepage,[18] the City Planning Department's General Information page,[19] the City Planning Department's Forms / Fees / Handouts page,[20] the City Code Enforcement homepage,[21] and the City Building & Safety homepage,[22] in an accessible electronic format that is easily accessed; at the offices of Defendant City in which legal notices, announcements, or vacancies are posted; and at all counters where applications are made or information is provided regarding residential housing. The City Nondiscrimination Policy and Complaint Procedure will remain posted and publicly

---

[17] If this application is also available in paper copy, the paper copy will also include the City Nondiscrimination Policy and Complaint Procedure.

[18] Available at: http://www.cityofhesperia.us/312/Planning.

[19] Available at: http://www.cityofhesperia.us/1434/General-Information.

[20] Available at: http://www.cityofhesperia.us/407/Forms-Fees-Handouts.

[21] Available at: http://www.cityofhesperia.us/136/Code-Enforcement.

[22] Available at: http://www.cityofhesperia.us/92/Building-Safety.

1   displayed for the duration of the Order.

2        67.    The City Civil Rights Coordinator will maintain copies of this Order, the

3   City Nondiscrimination Policy and Complaint Procedure in English and in Spanish, and

4   the HUD complaint form entitled "Are you a victim of housing discrimination?" in

5   English and in Spanish,[23] and make these materials freely available to anyone, upon

6   request and without charge, including any person making a complaint.

7   ## XX.  Fair Housing and Title VI Training

8        68.    Within 120 days of the effective date of this Order, and at least annually

9   thereafter, the Defendant City will provide training(s) on all: (1) aspects of the Fair

10  Housing Act and Title VI, with a particular focus on discrimination on the basis of race

11  and national origin and nondiscrimination in government policies and programs; (2) the

12  requirements of this Order; and (3) the City Nondiscrimination Policy and Complaint

13  Procedure described in Section XIX. The training(s) will be in-person, delivered either

14  face-to-face or via video conferencing with synchronous instruction. The training(s) will

15  be conducted by an independent, qualified third party, approved by the United States as

16  described below in Paragraph 70 and not associated with any Defendant or their counsel.

17  The training(s) will be video recorded.

18       69.    The training(s) will be provided to: (1) all City officers, elected and

19  appointed officials, or employees who, based on their job description or in practice, have

20  duties or authority related to residential housing or federally funded housing programs,

21  including the ability to adopt, interpret, enforce, or supervise the enforcement of laws,

22  policies, or programs related to residential housing; (2) at least one attorney within the

23  City Attorney's office;[24] (3) all City officers, elected and appointed officials, and

---

24  [23] The English version is available here:
25  https://www.hud.gov/sites/documents/DOC_12150.PDF
     The Spanish version is available here:
26  https://www.hud.gov/sites/documents/DOC_12153.PDF

27  [24] Additionally, if the City retains outside counsel in connection with the obligations of this Order, at least one attorney from such counsel will receive the
28  training(s).

employees who, based on their job description or in practice, have duties or authority related to implementing the City Nondiscrimination Policy and Complaint Procedure; and (4) the City Civil Rights Coordinator.

70. At least 30 days prior to the proposed training date(s), Defendant City will submit to the United States the name(s) of the person(s) or organization(s) proposed to provide the training, together with their contact information and copies of their professional qualifications, a substantive outline of the content of the training, and any materials that will be used for the training, including any handouts and slides. The United States will respond with any objections to the proposed training within 15 days of receipt of this information from Defendant City. If the United States does not approve the proposed training, Defendant City and the United States will follow the process outlined in Paragraph 107.

71. Each newly-hired individual covered by the training requirements will first receive training within 30 days of the date they begin employment, either by attending the next regularly scheduled annual live training if it occurs within the 30-day period or by viewing the video recording of the most recent live training and receiving copies of any written materials provided for that training.

72. As part of the training(s), Defendant City will provide a copy of this Order, the City Nondiscrimination Policy and Complaint Procedure described in Section XIX, and the text of the Fair Housing Act and Title VI to each person trained.

73. Defendant City will require each trainee to execute a Certification of Training, Attachment E, confirming their attendance and receipt of materials, and the date of the training(s). All trainees will complete the certifications at the conclusion of each training session.

74. Defendant City will be responsible for any expenses associated with these trainings.

**XXI. Needs Assessment, Community Partnerships and Marketing**

75.     Within 120 days of the effective date of this Order, Defendant City, working with the City Civil Rights Coordinator, will conduct a fair housing needs assessment to identify barriers to fair housing choice in Hesperia and to inform education, outreach, and marketing decisions going forward. The City Civil Rights Coordinator will evaluate this assessment annually to consider whether it requires updating.

76.     Defendant City will partner with at least five community-based organizations that are significantly involved in promoting fair housing or otherwise advocating for the well-being of African-American and Latinx residents and communities in Hesperia, which may include community service organizations, legal services organizations, organizations serving immigrant populations, fair housing organizations, civil rights organizations, and other similar groups and organizations, to strengthen relationships between the City and community, and to facilitate the promotion of fair housing in Hesperia. These partnerships will be in addition to any partnerships Defendant City has established currently. Defendant City will develop these partnerships in a manner consistent with achieving the goals of the Order. Through these partnerships, Defendant City will spend a minimum of $7,000 annually, in addition to funds Defendant City currently spends, if any, on activities that promote fair housing in Hesperia, which may include outreach, trainings, workshops, community meetings related to fair housing, distribution of materials related to fair housing at community events, meetings with these organizations, and other relationship-building activities with these organizations.

77.     Within 180 days of the effective date of the Order, Defendant City will submit a proposal to the United States describing how it will implement the requirements of Paragraph 76. The proposal will include an explanation of its proposed partner(s) and details relating to the scope of the proposed partnerships. The proposal will be subject to the approval of the United States. The United States will respond with any objections to

the proposal within 15 days of receipt of this information from Defendant City. If the United States does not approve the proposal, Defendant City and the United States will follow the process outlined in Paragraph 107.

78.     Defendant City will evaluate the partnerships outlined in Paragraph 76 annually, in order to identify any needed changes to the partnerships or better promote strong relationships between the City and community, or promote fair housing in Hesperia. Any proposed changes to Defendant City's partnerships will be subject to the approval of the United States. The United States will respond with any objections to the proposed changes within 15 days of receipt of this information from Defendant City. If the United States does not approve the proposed changes, Defendant City and the United States will follow the process outlined in Paragraph 107.

79.     Defendant City will engage in an affirmative marketing plan to promote fair housing in Hesperia, to encourage the development of housing opportunities in Hesperia, and to emphasize that all housing in Hesperia is available and accessible to all individuals regardless of race or national origin, with a focus on African-American and Latinx communities. Defendant City will spend at least $14,000 annually, in addition to any funds Defendant City currently spends, on this marketing. Between 30 and 50 percent of the marketing funds will be spent on Spanish-language marketing to the Latinx community.

80.     Within 180 days of the effective date of the Order, Defendant City will submit a proposal to the United States describing how it will implement the requirements of Paragraph 79. The proposal will be subject to the approval of the United States. The United States will respond with any objections to the proposal within 15 days of receipt of this information from Defendant City. If the United States does not approve the proposal, Defendant City and the United States will follow the process outlined in Paragraph 107.

81. Defendant City will evaluate the marketing plan outlined in Paragraph 79 annually, in order to identify any needed changes to the plan or better promote fair housing in Hesperia, encourage the development of housing opportunities in Hesperia, and emphasize that all housing in Hesperia is available and accessible to all individuals regardless of race or national origin. Any proposed changes to Defendant City's partnerships will be subject to the approval of the United States. The United States will respond with any objections to the proposed changes within 15 days of receipt of this information from Defendant City. If the United States does not approve the proposed changes, Defendant City and the United States will follow the process outlined in Paragraph 107.

## XXII. Monetary Payments

82. Within 30 days of the effective date of this Order, Defendant City will deposit in an interest-bearing escrow account $300,000, for the sole purpose of compensating Aggrieved Persons. This money, combined with County Defendants' contribution, described in Paragraph 38, will be referred to as "the Settlement Fund," and will be administered as described in Section XXVI.

83. Within 30 days of the effective date of this Order, Defendant City will pay $50,000 to the United States, pursuant to 42 U.S.C. § 3614(d)(1)(C). The payment will be in the form of an electronic fund transfer in accordance with written instructions to be provided by the United States.

## XXIII.        Reporting to the United States

84. Within 60 days of the effective date of this Order, Defendant City will submit proof to the United States that it has made all required notifications, in accordance with Section XV, and proof that all requirements related to the Crime-Free Rental Housing Program or lease agreements, and any references to such requirements in its policies and programs, have been removed, in accordance with Section XV.

85.     Within 60 days of the effective date of this Order, Defendant City will submit proof to the United States that it has notified, in writing, all of its agents, employees, and all persons acting for or with them, all rental housing business owners and landlords with residential rental properties in Hesperia, and all property management companies conducting business in Hesperia, that Hesperia's Business License Ordinance has been amended, in accordance with Section XVI.

86.     Within 60 days of the effective date of this Order, Defendant City will certify to the United States that it has provided copies of all ordinances, laws, policies, and procedures currently in effect related to rental housing or that may have an effect on the availability of rental housing, in accordance with Paragraph 60.

87.     Within 15 days of making its contribution to the Settlement Fund, Defendant City will submit proof to the United States that the account has been established, that it is an interest-bearing account, and that the funds were deposited.

88.     Defendant City will provide to the United States[25] notification and documentation of the following events no later than 10 days after they occur:

      a.     Any proposed change to the City Civil Rights Coordinator, in accordance with Paragraph 61;

      b.     Any proposed change to the City Nondiscrimination Policy and Complaint Procedure, in accordance with Paragraph 63;

      c.     Any information indicating that Defendant City, or any of its agents, employees, or any person acting for or with them, may be in violation of this Order, the Fair Housing Act, or Title VI; and

      d.     Any complaint against Defendant City, or any of its agents, employees, or any person acting for or with them, regarding discrimination, harassment, retaliation, or other violation of this Order, including any complaints made under the

---

[25] All documents or other communications required by the Order will be sent by email to John Fowler at john.fowler@usdoj.gov, or as otherwise directed by the United States.

City Nondiscrimination Policy and Complaint Procedure. Notification will include a copy of the complaint. If the complaint is written, Defendant City will provide a copy of it with the notification. Defendant City will also provide the United States all information it may request concerning any complaints, and will inform the United States of any resolution within 15 days of reaching any such resolution.

89.     Within 180 days of the entry of this Order and every three months thereafter, Defendant City will deliver to the United States a compliance report containing information about Defendant City's compliance with the terms of this Order during the preceding reporting period, including:[26]

a.     Confirmation that Defendant City has submitted to the United States any City policy or procedure under consideration that relates to rental housing in Hesperia or that may affect the availability of rental housing in Hesperia, in accordance with Section XVII;

b.     Copies of the City Nondiscrimination Policy and Complaint Procedure and certification that it has been implemented and is in effect, in accordance with Paragraph 63;

c.     Certification that Defendant City has published on its websites a written statement that Hesperia's Crime-Free Rental Housing Program is no longer in effect, in accordance with Paragraph 52; a written statement posting the current fee structure under the Rental Housing Business License Ordinance, in accordance with Paragraph 58; and the City Nondiscrimination Policy and Complaint Procedure, in accordance with Paragraph 66; and that this information has remained posted during the reporting period;

d.     Certification that the City Nondiscrimination Policy and Complaint Procedure has been posted in each office or location in accordance with Paragraph 66

---

[26] If, as discussed above in the applicable sections of this Order, the deadline for implementing one or more provisions of this Order falls after the first reporting deadline, Defendant City will include the relevant information beginning with the first report to the United States following the implementation deadline.

and has remained posted during the reporting period, and photographs of each office or location where it is posted;

    e. Certification that all of Defendant City's employees, including any new employees hired during the reporting period, required to undergo training(s) have attended the required trainings and have received copies of this Order, the Nondiscrimination Policy and Complaint Procedure, the Fair Housing Act, and Title VI, in accordance with Section XX, and a list including the name and position of each individual required to complete this training;

    f. Copies of all training certifications, in accordance with Paragraph 73;

    g. Confirmation that all complaints, written or oral, against Defendant City or any of its agents, employees, or anyone acting for or with them, have been reported to the United States, as required by Paragraph 88;

    h. A copy of Defendant City's fair housing needs assessment and certification that it has been evaluated annually, as required by Paragraph 75;

    i. Summaries of the annual evaluations of Defendant City's community partnerships, as required by Paragraph 78, and Defendant City's marketing plan, as required by Paragraph 81; and

    j. Certification that Defendant City has completed the marketing required by Paragraph 79, including a description of how the marketing funds were spent during the reporting period.

  90. The final report due under the preceding paragraph shall be delivered to the United States no later than 60 days prior to the expiration of this Order.

    **XXIV.**  **Document Preservation, Production, and Record Keeping**

  91. Defendant City will preserve, and will cause its Civil Rights Coordinator to preserve, all records that are the source of, contain, or relate to any of the information pertinent to its obligations under this Order. Upon reasonable notice, representatives of the United States will be permitted to inspect and copy all such records at any and all

reasonable times or, upon request by the United States, Defendant City will provide copies of such documents.

92.    Upon reasonable notice, Defendant City will produce or permit the United States to make copies of any rental or tenancy records, or any other records in the possession, custody, or control of Defendant City, that Defendant City has not previously provided and that the United States believes will be useful in identifying persons who may be entitled to relief under this Order.

## XXV. Enforcement

93.    The United States may monitor Defendant City's compliance with this Order, including by conducting fair housing tests at any location(s) in which Defendant City, its agents, employees or anyone acting for or with Defendant City, conduct activities that relate to rental housing, that may affect the availability of rental housing, or that otherwise relate to implementation of this Order. Defendant City will cooperate with the United States' monitoring of compliance.

94.    If Defendant City engages in any future violation(s) of the Fair Housing Act, such violation(s) will constitute a "subsequent violation" under 42 U.S.C. § 3614(d)(1)(C)(ii).

**C.  Consent Order Terms Applying to All Defendants**

## XXVI.      Settlement Fund

95.    Any interest accruing to the Settlement Fund described in Paragraphs 38 and 82 will become a part of the Settlement Fund.

96.    Defendants will be solely responsible for any taxes assessed or owed on any interest earned on money deposited into the account, and for any costs for opening or maintaining the account.

97.    The United States will investigate the claims of any potential victims of housing discrimination and determine if they are Aggrieved Persons harmed in violation of the Fair Housing Act. The United States will inform Defendants in writing of its

determinations as to which individuals are Aggrieved Persons and an appropriate amount of damages (plus accrued interest) that should be paid to each. This process will conclude within 24 months of the effective date of this Order.

98.    The United States' determinations with respect to Aggrieved Persons will be final. Defendants will not contest the United States' determinations in this or any other proceeding.

99.    The entire Settlement Fund will be distributed to Aggrieved Persons identified by the United States and the Parties expect that there will be no monies remaining in the Settlement Fund after such distribution.

100.    Within 10 days of receiving the United States' determinations, Defendants will deliver to counsel for the United States separate checks payable to each Aggrieved Person for the designated amount by overnight delivery to:

> Chief
> c/o John Fowler
> Housing and Civil Enforcement Section
> Civil Rights Division
> United States Department of Justice
> 150 M St. NE, 8th Floor
> Washington, D.C. 20002
> Re: DJ #175-12C-677

101.    When counsel for the United States has received a check from Defendants for an Aggrieved Person and received a signed release in the form of Attachment F from the Aggrieved Person, counsel for the United States will deliver the check to the Aggrieved Person and a copy of the signed release to counsel for Defendants. No Aggrieved Person will be paid until they have executed and delivered the release at Attachment F.

102.    If any check sent to the United States is not cashed, deposited, or otherwise negotiated within six months of its issue, Defendants agrees to cancel any such check and issue one or more new checks as directed by the United States, either in the name of the same individual, or to other Aggrieved Persons.

**XXVII.       Reporting to the Court**

103.    Within one year of the effective date of this Order and annually thereafter, the Parties will file a joint report with the Court confirming that Defendants are in compliance with the terms of this Order, or otherwise reporting on the status of Defendants' compliance with its terms.

**XXVIII.       Implementation and Duration of Order**

104.    This Order is effective on the date it is entered by the Court, and will be in effect for five years.

105.    The Court will retain jurisdiction to enforce the terms of this Order for its duration. The case will be dismissed with prejudice upon its expiration. The United States may move the Court to extend the duration of this Order in the event of noncompliance with any of its terms, whether intentional or not, or if it believes the interests of justice so require.

**XXIX.       Enforcement**

106.    The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing matters to the Court for resolution. However, in the event the United States contends that any Defendant, whether willfully or otherwise, has failed to comply with the requirements of this Order, or if the interests of justice so require, the United States may move the Court to impose any remedy authorized by law or equity. Such remedies may include an order of civil contempt, an order requiring performance, and/or an award of any damages, costs, and reasonable attorneys' fees that may have been caused by the violation of the Order.

107.    If the United States does not grant approval to a Defendant related to a provision that requires such approval under this Order, the Defendant will propose an alternative within 15 days of notification that its initial proposal has not been approved. The United States will respond with any objections to the new proposal within 15 days.

This process will continue until the Defendant's proposal has been approved by the United States and adopted by the Defendant. If the Parties cannot reach agreement, any Party may seek the Court's assistance.

108.   Failure of the United States to insist on strict performance of any provision of this Order is not a waiver of the United States' rights or remedies or of any noncompliance by any Defendant with the terms of this Order.

## XXX. Modifications

109.   Any time limits for performance imposed by this Order may be extended by mutual written agreement of the Parties. Any other modifications to the provisions of this Order must be approved by the Court.

## XXXI.     Costs of Litigation

110.   Except as provided in Paragraph 106, the Parties will bear their own costs and attorneys' fees associated with this litigation. This provision does not constitute a waiver by Defendants to seek contractual or equitable indemnification from any other Defendant in a separate action for its incurred costs and fees, where permitted by law.

## XXXII.   Termination of Litigation Hold

111.   The Parties agree that, as of the effective date of this Order, litigation is not "reasonably foreseeable" concerning the matters described in this Order. If any party has implemented a litigation hold to preserve documents, electronically-stored information, or things related to the matters described above, that party is no longer required to maintain it. Nothing in this paragraph relieves any party of any other obligations under this Order, including Defendants' obligation to preserve documents under Paragraphs 45 and 91.

It is **FURTHER ORDERED** that all Remaining Deadlines set forth in the Court's November 1, 2022 Order (Dkt. No. 100) are **VACATED** and that the above-captioned

case is **STAYED.** The Court will retain jurisdiction over this matter in order to monitor compliance as set forth in this Consent Order, (*See* ¶ 105.)

SO ORDERED, this 22nd day of December, 2022.

_____
The Honorable André Birotte Jr.
United States District Judge

The undersigned hereby apply for and consent to the entry of the Order:

For the United States of America:

Dated: December 14, 2022

| | |
|---|---|
| E. MARTIN ESTRADA<br>United States Attorney<br>Central District of California | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division |
| DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division | SAMEENA SHINA MAJEED<br>Chief, Housing and Civil<br>Enforcement Section |
| RICHARD M. PARK<br>Assistant United States Attorney<br>Chief, Civil Rights Section, Civil Division | R. TAMAR HAGLER<br>Deputy Chief, Housing and Civil<br>Enforcement Section |
|   /s/ Katherine M. Hikida    <br>KATHERINE M. HIKIDA*<br>Assistant United States Attorney<br>Civil Rights Section, Civil Division<br>United States Department of Justice |   /s/ John R. Fowler    <br>JOHN R. FOWLER<br>ABIGAIL A. NURSE<br>ORLY T. MAY<br>Civil Rights Division<br>Housing and Civil Enforcement Section |
| * I, Katherine M. Hikida hereby attest that<br>all other signatories listed, and on whose | COTY MONTAG<br>Deputy Chief, Federal Coordination |

37

behalf the filing is submitted, concur in the filing's content and have authorized the filing.

and Compliance Section

/s/ Alyssa C. Lareau
ALYSSA C. LAREAU
Trial Attorney
United States Department of Justice
Civil Rights Division
Federal Coordination and
Compliance Section

*Attorneys for the United States of America*

Dated: December 13, 2022

LYNBERG & WATKINS
A Professional Corporation

_____
SHANNON L. GUSTAFSON
AMY R. MARGOLIES

*Attorneys for Defendants County of San Bernardino and San Bernardino County Sheriff's Department*

Dated: December 7, 2022

HOMAN, STONE & ROSSI

_____
J. PAT FERRARIS
JULIET K. MUSHET
DANIELLE KIELER

*Attorneys for Defendant City of Hesperia*

38

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Attachment A

## <u>Notification to Rental Housing Business Owners, Landlords, and Property Management Companies</u>

**[THIS LETTER WILL APPEAR ON COUNTY LETTERHEAD]**

Dear Rental Housing Business Owner, Landlord, or Property Manager:

As of [EFFECTIVE DATE OF CONSENT ORDER], the County of San Bernardino and San Bernardino County Sheriff's Department are no longer enforcing the City of Hesperia's Crime-Free Rental Housing Ordinance, adopted in 2015 and amended in 2017.

You are not required to conduct criminal background checks of current or prospective tenants or submit their names to the San Bernardino County Sheriff's Department. Additionally, you are not required to include any lease terms or addenda related to crime, and you will not be required to undergo annual police inspections of rental properties.

If you are aware or become aware of any former tenant of yours whose eviction was related to the City of Hesperia's Crime-Free Rental Housing Ordinance, including any former tenant whom the United States Department of Justice informs you may have been evicted because of the City of Hesperia's Crime-Free Rental Housing Ordinance, please file a motion in the Superior Court of the State of California, San Bernardino County, to vacate and seal the eviction record and dismiss the case. Please contact the Court, or any organization in California that provides legal aid or advice, if you have any questions about this process. Please take reasonable steps to verify that the Court has granted your motion and, once granted, provide written notification to credit bureaus Equifax, Experian, and TransUnion that the judgment has been vacated.

Any former tenant may also contact the Housing and Civil Enforcement Section of the Civil Rights Division of the United States Department of Justice at: (202) 514-4713

or fairhousing@usdoj.gov.

All rental housing business owners, landlords, and property managers are required to comply with federal laws, including the Fair Housing Act, which prohibits discrimination in housing based on seven protected classes: race, color, religion, sex, disability, familial status (having children under the age of 18) or national origin. Treating tenants or prospective tenants differently on the basis of any of these protected classes, or implementing policies that have an unjustifiable discriminatory effect on any of these protected classes, violates the Fair Housing Act. Making decisions related to housing based on an individual's criminal history, including decisions relating to renting to a prospective tenant or terminating a current tenant's lease, may violate the Fair Housing Act if it discriminates on the basis of race, national origin, or other protected classes. We have enclosed the United States Department of Housing and Urban Development's ("HUD") guidance describing how the Fair Housing Act applies to the use of criminal records in relation to decisions impacting housing.

If you have questions about the Fair Housing Act, you may contact the United States Department of Housing and Urban Development at (800) 669-9777, or visit them online at: www.hud.gov/topics/housing_discrimination.

**Attachment B**

**County of San Bernardino and San Bernardino Sheriff's Department**

**Certification of Training**


  I hereby acknowledge that on _____, 202_, I completed training conducted by _____on the requirements of the Fair Housing Act, the Consent Order entered by the United States District Court for the Central District of California in *United States v. Hesperia, et al.*, Case No. 5:19-cv-02298 AB (SPx), and the Sheriff's Department Nondiscrimination Policy and Complaint Procedure described in the Consent Order. I have also received and read a copy of the Consent Order, the Sheriff's Department Nondiscrimination Policy and Complaint Procedure, and the Fair Housing Act.

  I understand my obligation not to discriminate against any person related to residential rental housing because of sex, race, color, religion, national origin, disability, or familial status (having children under age 18).

  I also understand my obligation not to retaliate against any individual for exercising a right protected by the Fair Housing Act.


_____        _____
Signature                                                    Job Title/Position



_____        _____
Print Name                                                  Date

**Attachment C**

**Full and Final Release of Claims against the County of San Bernardino and the San Bernardino Sheriff's Department**

In consideration for the parties' agreement to the terms of the Consent Order entered into in the case of *United States v. States v. Hesperia, et al.*, Case No. 5:19-cv-02298 AB (SPx) (C.D. Cal.), and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge the Defendant County of San Bernardino and Defendant San Bernardino Sheriff's Department, as well as their insurers, attorneys, agents, employees, former employees, heirs, and executors from any and all fair housing claims based on the facts alleged in the Supplemental Complaint in this lawsuit that I may have had against the County of San Bernardino or the San Bernardino Sheriff's Department for any of their actions or statements related to those claims through the date of the entry of the Consent Order.

Executed this \_\_\_\_\_ day of _____, 202\_\_.


_____
Signature


_____
Print Name


_____
Home Address


_____
Home Address Continued

**Attachment D**

**<u>Notification to Rental Housing Business Owners, Landlords, and Property
Management Companies</u>**

**[THIS LETTER WILL APPEAR ON CITY LETTERHEAD]**

Dear Rental Housing Business Owner, Landlord, or Property Manager:

On November 15, 2022, the City of Hesperia repealed the City of Hesperia's
Crime-Free Rental Housing Ordinance, adopted in 2015 and amended in 2017. The
Crime-Free Rental Housing Ordinance is no longer in effect and its requirements no
longer apply.

Additionally, on June 7, 2022, the City of Hesperia's Rental Housing Business
License Ordinance was amended to permit self-certifications for certain rental property
owners in lieu of inspections. On October 12, 2022, the City of Hesperia amended the
fee schedule for rental housing business licenses by reducing the maximum fees charged
for license processing (for both new and existing leases) and inspections. A copy of the
new fee schedule is included here. On November 15, 2022, the Rental Housing Business
License Ordinance was amended to remove the requirement of registration in the Crime-
Free Rental Housing Program.

You are not required to conduct criminal background checks of current or
prospective tenants or submit their names to the San Bernardino County Sheriff's
Department. Additionally, you are not required to include any lease terms or addenda
related to crime, and you will not be required to undergo annual police inspections of
rental properties.

If you are aware or become aware of any former tenant of yours whose eviction
was related to the City of Hesperia's Crime-Free Rental Housing Ordinance, including
any former tenant whom the United States Department of Justice informs you may have
been evicted because of the City of Hesperia's Crime-Free Rental Housing Ordinance,

please file a motion in the Superior Court of the State of California, San Bernardino County, to vacate and seal the eviction record and dismiss the case. Please contact the Court, or any organization in California that provides legal aid or advice, if you have any questions about this process. Please take reasonable steps to verify that the Court has granted your motion and, once granted, provide written notification to credit bureaus Equifax, Experian, and TransUnion that the judgments have been vacated.

Any former tenant may also contact the Housing and Civil Enforcement Section of the Civil Rights Division of the United States Department of Justice at: (202) 514-4713 or fairhousing@usdoj.gov.   All rental housing business owners, landlords, and property managers are required to comply with federal laws, including the Fair Housing Act, which prohibits discrimination in housing based on seven protected classes: race, color, religion, sex, disability, familial status (having children under the age of 18) or national origin. Treating tenants or prospective tenants differently on the basis of any of these protected classes, or implementing policies that have an unjustifiable discriminatory effect on any of these protected classes, violates the Fair Housing Act. Making decisions related to housing based on an individual's criminal history, including decisions relating to renting to a prospective tenant or terminating a current tenant's lease, may violate the Fair Housing Act if it discriminates on the basis of race, national origin, or other protected classes. We have enclosed the United States Department of Housing and Urban Development's ("HUD") guidance, available at https://www.hud.gov/sites/documents/HUD_OGCGUIDAPPFHASTANDCR.PDF, describing how the Fair Housing Act applies to the use of criminal records in relation to decisions impacting housing.

If you have questions about the Fair Housing Act, you may contact the United States Department of Housing and Urban Development at (800) 669-9777, or visit them online at: www.hud.gov/topics/housing_discrimination.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Attachment E**

**<u>City of Hesperia Certification of Training</u>**

     I hereby acknowledge that on _____, 202\_, I completed training conducted by _____on the requirements of the Fair Housing Act, Title VI, the Consent Order entered by the United States District Court for the Central District of California in *United States v. Hesperia, et al.*, Case No. 5:19-cv-02298 AB (SPx), and the City Nondiscrimination Policy and Complaint Procedure described in the Consent Order. I have also received and read a copy of the Consent Order, the City Nondiscrimination Policy and Complaint Procedure, the Fair Housing Act, and Title VI.

     I understand my obligations under the Fair Housing Act and Title VI. Specifically, I understand that I may not: (1) discriminate against any person related to residential rental housing because of sex, race, color, religion, national origin, disability, or familial status (having children under age 18); (2) retaliate against any individual for exercising a right protected by the Fair Housing Act; or (3) expend federal funds on any ordinance or program that discriminates in violation of Title VI.

_____      _____
Signature                             Job Title/Position

_____      _____
Print Name                            Date

**Attachment F**

**<u>Full and Final Release of Claims against City of Hesperia</u>**

In consideration for the parties' agreement to the terms of the Consent Order entered into in the case of *United States v. States v. Hesperia, et al.*, Case No. 5:19-cv-02298 AB (SPx) (C.D. Cal.), and in consideration for the payment of $_____, I, _____, do hereby fully release and forever discharge the City of Hesperia, as well as its insurers, attorneys, agents, employees, former employees, heirs, and executors from any and all claims under the Fair Housing Act or Title VI, based on the facts alleged in the Supplemental Complaint in this lawsuit that I may have had against the City of Hesperia for any of its actions or statements related to those claims through the date of the entry of the Consent Order.

Executed this _____ day of _____, 202__.

_____
Signature

_____
Print Name

_____
Home Address

_____
Home Address Continued